Donald S. Zakarin
dzakarin@pryorcashman.com
Ilene S. Farkas
ifarkas@pryorcashman.com
Andrew M. Goldsmith
agoldsmith@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569

*Attorneys for Defendants Edward Christopher Sheeran,*
*p/k/a Ed Sheeran, Atlantic Recording Corporation, d/b/a*
*Atlantic Records, and Sony/ATV Music Publishing LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,<br><br>             *Plaintiffs*,<br><br>        -against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>             *Defendants*. | ECF CASE<br><br>17-cv-5221 (RJS)<br><br>**ANSWER** |

Defendants Edward Christopher Sheeran, p/k/a Ed Sheeran ("Sheeran"), Atlantic

Recording Corporation, d/b/a Atlantic Records ("Atlantic"), and Sony/ATV Music Publishing

LLC ("SATV," together with Sheeran and Atlantic, the "Defendants"), respond to the Complaint

dated June 24, 2017 (the "Complaint") of plaintiffs Kathryn Townsend, Helen McDonald and the

Estate of Cherrigale Townsend (collectively, the "Plaintiffs") and state as follows:

1.      Deny the allegations set forth in Paragraph 1 of the Complaint and any allegations of infringement, except admit that Plaintiffs purport to bring an action for copyright infringement, that Amy Wadge ("Wadge") and Edward Christopher Sheeran ("Sheeran") are the credited authors of the musical composition Thinking Out Loud ("TOL"), that Sheeran recorded the sound recording "TOL," and deny knowledge or information sufficient to form a belief as to whether Plaintiffs own any rights in the composition Let's Get It On ("LGO").

2.      Aver that the allegations set forth in Paragraph 2 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Plaintiffs purport to base jurisdiction on the statutes alleged therein.

3.      Aver that the allegations set forth in Paragraph 3 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, deny the allegations set forth in Paragraph 3 of the Complaint except as to aver that Atlantic and SATV do not contest this Court's personal jurisdiction over them for purposes of this Action.

4.      Aver that the allegations set forth in Paragraph 4 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, deny the allegations set forth in Paragraph 4 of the Complaint and, as to Sheeran, deny that he targeted any activities in and to the State of New York or to New York residents.

5.      Admit that Sheeran has performed "TOL" in New York, but otherwise deny the allegations set forth in Paragraph 5 of the Complaint.

6.      Deny the allegations set forth in Paragraph 6 of the Complaint.

7.      Admit that Defendants have generated revenues from the exploitation of "TOL" in the United States, including New York, but otherwise deny the allegations set forth in Paragraph 7 of the Complaint, including but not limited to any allegations of infringement.

8.      Aver that the allegations set forth in Paragraph 8 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, deny the allegations set forth in Paragraph 8 of the Complaint.

9.      Deny the allegations set forth in Paragraph 9 of the Complaint.

10.     Deny any allegations of infringement and deny any basis for personal jurisdiction exists over any "Defendants primarily based out of the U.K."

11.     Aver that the allegations set forth in Paragraph 11 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, deny the allegations set forth in Paragraph 11 of the Complaint as they pertain to Defendants, except admit that Plaintiffs purport to base venue on the statutes alleged therein.

12.     Deny knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 12 of the Complaint.

13.     Deny the allegations of Paragraph 13 of the Complaint, except admit that Sheeran is a musician, singer, songwriter and producer who has won various Grammy awards and has performed his music in New York and throughout the world at various times and has not targeted his activities to New York State or to residents of New York State.

14.     Admit that Atlantic has exploited TOL in the United States, admit that Atlantic is a Delaware corporation with a place of business in the State of New York, but otherwise deny the allegations set forth in Paragraph 14 of the Complaint.

15.     Admit that SATV is a subpublisher for TOL in the United States, has exploited TOL in the United States, and is a Delaware limited liability company with a place of business in the State of New York, but otherwise deny the allegations set forth in Paragraph 15 of the Complaint, specifically including the allegation that SATV is the music publisher or subpublisher in the United States for LGO.

16.     In response to Paragraph 16, Warner Music Group Corp. has been dismissed from this action and, accordingly, no response is necessary.

17.     Deny knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 17 of the Complaint.

18.     Deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 19 of the Complaint, including what Plaintiffs mean by a "famous song" and refer the Court to the relevant charts for the true and complete contents thereof.

20.     Deny the allegations set forth in Paragraph 20 of the Complaint and the legal conclusions stated therein.

21.     Admit that the recording of TOL was released commercially on or about September 24, 2014, admit that certain of the Defendants exploited the recorded version of TOL and certain of the Defendants exploited the composition TOL in the United States since that time, but otherwise deny the allegations set forth in Paragraph 21 of the Complaint.

22.     Deny the allegations set forth in Paragraph 22 of the Complaint and respectfully refer the Court to the relevant charts referenced therein for the true and complete contents thereof.

23.     Deny knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 23 of the Complaint, deny that the success of either the recorded version of

TOL or the success of the composition TOL in any country other than the United States has any pertinence to any claim in this action which is for alleged infringement of the United States copyright in LGO in the United States and respectfully refer the Court to the relevant charts referenced therein for the true and complete contents thereof.

24.     Admit that Atlantic and SATV have issued certain licenses, including master use licenses and synchronization licenses, respectively, for TOL in the United States but otherwise deny the allegations set forth in Paragraph 24 of the Complaint as they pertain to Defendants.

25.     Admit that as of the date of this Answer, according to YouTube, the music video for TOL has been viewed over 1 billion times on YouTube, but otherwise deny the allegations set forth in Paragraph 25 of the Complaint and respectfully refer the Court to the website referenced therein for the true and complete contends thereof.

26.     Admit that Sheeran is a successful musical artist but otherwise deny the allegations set forth in Paragraph 26 of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and aver that the musical elements alleged as to LGO were not unique, original or protectable by the authors and/or owners of the United States copyright in LGO.

28.     Deny the allegations set forth in the first sentence of Paragraph 28 of the Complaint; deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 28 of the Complaint.

29.     Admit that Sheeran publicly performed TOL and LGO, but otherwise deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Admit that Defendants did not license LGO in connection with their exploitation of TOL, but expressly deny that any such license is or was required.

36.     Deny the allegations set forth in Paragraph 36 of the Complaint, and respectfully refer the Court to all actual and relevant correspondence for its true and correct contents.

37.     Deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Deny the allegations set forth in Paragraph 38 of the Complaint.

39.     Deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Deny the allegations set forth in Paragraph 40 of the Complaint.

41.     In response to Paragraph 41 of the Complaint, repeat and reallege the foregoing Paragraphs 1 through 40 set forth above as if fully set forth herein.

42.     Admit that Defendants have exploited TOL in the United States and have not compensated Plaintiffs, because no compensation is warranted or required, and otherwise deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Deny the allegations set forth in Paragraph 45 of the Complaint.

46.     In response to Paragraph 46 of the Complaint, repeat and reallege the foregoing Paragraphs 1 through 40 and 42 through 45 set forth above as if fully set forth herein.

47.     Deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Deny the allegations set forth in Paragraph 48 of the Complaint.

49.     In response to Paragraph 49, Warner Music Group has been dismissed from this action and, accordingly, no response is necessary. .

50.     Deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Deny the allegations set forth in Paragraph 53 of the Complaint.

54.     In response to Paragraph 54 through and including Paragraph 66, Defendants respond that Plaintiffs have dismissed the Third, Fourth and Fifth Claims in the Complaint voluntarily, and accordingly, these paragraphs of the Complaint having been dismissed, no response is necessary.

55.     In response to Paragraph 67 of the Complaint, repeat and reallege the foregoing Paragraphs 1 through 40, 42 through 45, 47 through 53 and 54 set forth above as if fully set forth herein.

56.     Deny the allegations set forth in Paragraph 68 of the Complaint.

57.     Admit that Defendants have generated revenues from their exploitation of TOL in the United States, but otherwise deny the allegations set forth in Paragraph 69 of the Complaint.

58.     Deny the allegations set forth in Paragraph 70 of the Complaint.

59.     Deny the allegations set forth in Paragraph 71of the Complaint.

60.     In response to Paragraph 72 of the Complaint, repeat and reallege the foregoing Paragraphs 1 through 40, 42 through 45, 47 through 53, 54 and 56 through 59 set forth above as if fully set forth herein.

61.     Deny the allegations set forth in Paragraph 73 of the Complaint.

62.     Deny the allegations set forth in Paragraph 74 of the Complaint.

63.     Deny the allegations set forth in Paragraph 75 of the Complaint.

64.     In response to Paragraph 75, admit that Plaintiffs have requested a trial by jury but deny their right to one to the extent their claims sound in equity.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations set forth in the Complaint and without admitting or suggesting that Defendants bear the burden of proof on any of the following defenses, as separate and independent affirmative defenses, Defendants state as follows:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

65.     The Complaint, and each claim set forth therein, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

66.     Plaintiffs' claims are barred, in whole or in part, by documentary evidence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

67.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

68.     The Sixth and Seventh Claims are preempted by Section 301 of the US Copyright Act.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

69.     Plaintiffs' claims are barred, in whole or in part, under the applicable statutes of limitation.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

70.     The request for injunctive relief must be rejected because Plaintiffs have an adequate remedy at law, they cannot establish irreparable harm, they cannot establish a likelihood of success on the merits, and they cannot establish that the equities balance in their favor.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

71.     Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

72.     Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages, if any.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

73.     Plaintiff have failed to join necessary and/or indispensable parties.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

74.     The Complaint is barred, in whole or in part, because the alleged use, which is not admitted, was a fair use under 17 U.S.C. § 107.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

75.     The Complaint is barred because TOL was created independently.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

76.     The Complaint is barred because the alleged use, which is not admitted, is *de minimis*.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

77.     The Complaint is barred because LGO and TOL are not substantially similar.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

78.    The Complaint is barred because the elements of LGO that TOL allegedly infringe are not protectable and are not original.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

79.    The Complaint is barred because Plaintiffs lack standing.

## RESERVATION

80.    Defendants reserve the right to assert additional affirmative defense in the event that a further investigation or discovery in this action reveals them to be proper.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety and that Defendants be awarded such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        September 18, 2017

                                        PRYOR CASHMAN LLP

                                        By:*/s/ Donald S. Zakarin*
                                             Donald S. Zakarin
                                             dzakarin@pryorcashman.com
                                             Ilene S. Farkas
                                             ifarkas@pryorcashman.com
                                             Andrew M. Goldsmith
                                             agoldsmith@pryorcashman.com
                                        7 Times Square
                                        New York, New York 10036-6569
                                        Telephone:  (212) 421-4100

                                        *Attorneys for Defendants Edward*
                                        *Christopher Sheeran, p/k/a Ed Sheeran,*
                                        *Atlantic Recording Corporation, d/b/a*
                                        *Atlantic Records, and Sony/ATV Music*
                                        *Publishing LLC*