

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

**Ilene S. Farkas**
Partner
Direct Tel: 212-326-0188
Direct Fax: 212-798-6306
ifarkas@pryorcashman.com

October 3, 2017

**VIA ECF**

Hon. Richard J. Sullivan
United States District Judge
40 Foley Square
New York, NY 10007

    Re:    <u>Griffin, et. al. v. Sheeran, et. al.</u>, No. 17-cv-5221(RJS)

Dear Judge Sullivan:

    We are counsel for defendants Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corp. ("Atlantic") and Sony/ATV Music Publishing LLC ("SATV," together with Sheeran and Atlantic, the "Defendants"), and write jointly with counsel to Plaintiffs in accordance with the Order of July 24, 2017.

## 1.    Nature of The Action & Principle Defenses

    Plaintiffs claim to be the heirs of the late Ed Townsend, one of the writers, along with the late Marvin Gaye, of the musical composition, "Let's Get It On" ("LGO"). Plaintiffs have brought suit for copyright infringement,[1] alleging that the platinum-selling song entitled "Thinking Out Loud" ("TOL"), recorded and co-written by Sheeran, a Grammy Award-winning songwriter and recording artist, infringes the copyright in LGO. TOL was released in 2014 as the third single from Sheeran's highly successful album, ***x***. Atlantic, a recording company, is the United States distributor of the sound recording of TOL and SATV is the United States publisher for Mr. Sheeran's share of the musical composition of TOL.

    Defendants categorically reject and deny the allegations of infringement. Defendants' principle defenses to this action are (i) that the alleged similarities between the two songs are actually not similar and that any remaining alleged similarities consist of unproctectable musical elements, (ii) that TOL is not substantially similar to LGO as a matter of law, (iii) that Sheeran and his co-writer independently created TOL, and (iv) that any alleged use, which is denied in any event, would be *de minimis*.

---

[1] Plaintiffs voluntarily dismissed the Third, Fourth and Fifth Causes of Action, alleging violation of the Lanham Act and common law unjust enrichment. Plaintiffs also voluntarily dismissed Warner Music Group Corp. from this case.



Hon. Richard J. Sullivan
October 3, 2017
Page 2

**2.     Jurisdiction & Venue**

Subject matter jurisdiction lies in this Court under 28 U.S.C. § 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101. Plaintiffs contend that personal jurisdiction exists over the Defendants, among other reasons, because they allegedly have directed unlawful activities to New York. Although Defendants do not agree with Plaintiffs on this point, they have not objected to this Court's jurisdiction over them for purposes of this action. Finally, venue lies in this district because, according to Plaintiffs, some of the Defendants maintain offices in New York and because each is subject to personal jurisdiction in this district. Again, Defendants have not objected to venue in this district for purposes of this action.

**3.     Outstanding Motions**

There are no outstanding motions, and there are no outstanding requests to file motions.

**4.     Discovery That Has Taken Place & Discovery Necessary for Settlement Negotiations**

To date, the parties have not conducted any discovery. As alluded to in the proposed Case Management Plan, the parties believe that the exchange of expert musicologist reports — regarding whether the alleged similarities between TOL and LGO involve protectable elements of expression and whether TOL is substantially similar to LGO — is necessary for the parties to potentially engage in meaningful discussions to resolve this case short of dispositive motions or trial. Moreover, the parties have taken into account Mr. Sheeran's current world tour schedule (in support of his new album, entitled ÷) when jointly proposing the dates in the proposed Case Management Plan.

**5.     Prior Settlement Discussions, Including The Date, Parties Involved & Duration**

To date, the parties have not engaged in meaningful settlement discussions.

**6.     Estimated Length of Trial**

The parties have conferred and their present best estimate of the length of trial is 5-7 days.

Respectfully submitted,

*/s/ Ilene S. Farkas*

cc:     Counsel of Record (via ECF)