# Hillel I. Parness

(Cell) 646-526-8261 • (Office) 212-447-5299 • (Fax) 646-722-3301
Parness Law Firm, PLLC • www.hiplaw.com • hip@hiplaw.com
136 Madison Avenue, 6th Floor • New York, New York  10016

May 10, 2018                                                                                           **VIA ECF**

Hon. Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>Griffin, et al. v. Sheeran, et al.</u>, 1:17-cv-05221 (RJS) (AJP)

Dear Judge Sullivan:

I am counsel to Structured Asset Sales, LLC ("SAS"), which seeks to intervene as an additional plaintiff in this matter.  In accordance with Rule 2.A. of Your Honor's Individual Rules and Practices, I am submitting this pre-motion letter in connection with SAS's motion to intervene.

SAS is the beneficial owner of a one-third interest in the writer's share of the copyright rights to the works of Edward Townsend Jr., including those arising from the copyrighted work "Let's Get it On" (the "Work"), which is at issue in this matter.  The remaining rights to the writer's share of the Work are held by members of the Marvin Gaye family.  These facts are not in dispute.  Indeed, Defendants pled that "Plaintiff have failed to join necessary and/or indispensable parties" as an Affirmative Defense.  ECF 23 ¶ 73.  In view of the status of the case, SAS respectfully seeks to intervene on the following basis:

(i)     SAS will intervene immediately;

(ii)     SAS's claims, which are substantively identical to those of the existing Plaintiffs, should relate back to the same date as the claims already in the case;

(iii)     All deadlines regarding fact discovery to remain unchanged;

(iv)     All deadlines regarding expert discovery to remain unchanged with the following exception: To the extent that a date by which certain categories of experts were required to be disclosed has passed, SAS should be allowed to immediately disclose its own expert(s) if it so chooses, and to serve any reports of said expert(s) within one week of intervention.  Defendants should have as much additional time as they require, if any, to deal with any such additional expert reports.

Hon. Richard J. Sullivan
May 10, 2018

Prior to the submission of this pre-motion letter, we contacted counsel for the parties. Plaintiffs' counsel has no objection to the proposed motion. Over the last several days, Defendants' counsel and I have been discussing the contours of SAS's proposed intervention, but in the end Mr. Zakarin has indicated that Defendants will oppose it. For the reasons set forth below, upon which we are prepared to elaborate, we believe that the motion should be granted.

Fed. R. Civ. P. 24 allows intervention of right under subsection (a), and permissive intervention under subsection (b):

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:….(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
>> (1) *In General.* On timely motion, the court may permit anyone to intervene who:…(B) has a claim or defense that shares with the main action a common question of law or fact.
>>
>> ….
>>
>> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

It is SAS's position that both standards – intervention as of right and permission intervention – are satisfied here.

As Your Honor explained,

> an intervener must show that: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party.

*In re Tribune Co. Fraudulent Conveyance Litigation*, 291 F.R.D. 38, 41 (S.D.N.Y. 2013) (quoting *Restor–A–Dent Dental Labs., Inc. v. Cert'd Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir. 1984)). As discussed above, factor (2) is satisfied by SAS's beneficial

Hon. Richard J. Sullivan
May 10, 2018

ownership interest in the Work.  Factor (3) is also satisfied – this case will determine whether the defendants infringed upon the Work, and the answer to that question will have ramifications of one kind or another on the remaining owners of the rights in the Work.  Factor (4) also favors intervention.  Although the current plaintiffs are aligned in most respects with SAS, if SAS is not allowed to intervene, and its separate counsel to participate, the risk remains that the case will generate results that do not satisfy SAS.  The only real question – as in *Tribune* – is timeliness:

> Beyond chronology, a court should consider: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."

*In re Tribune*, 291 F.R.D. at 41 (*quoting United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).

The timeliness factors are also all satisfied.  The case was filed in July 2017 (ECF 1), but the Case Management Order was not issued until October (ECF 32), and the case was immediately referred to mediation (ECF 33).  According to the docket, a mediation session was held in January 2018 (note between ECF 37 & 38), and in March 2018 the parties twice asked for additional time to complete fact discovery, which the Court granted (ECF 39 & 42).  Assuming everything went as scheduled, fact discovery closed with the completion of the remaining depositions on April 27, 2018.  SAS has no wish to reopen fact discovery, but to join the case in progress as it stands, moving forward with the other parties into expert discovery, only as modified above to allow SAS to introduce its own experts if it so chooses.

Thus, timeliness Factor 1 is satisfied because there were no entries on the docket between January 23 (between ECF 37 & 38, noting that the mediation had occurred) and March 13 (ECF 38, the first request for extension of deadlines).  SAS now moves less than two months later to join the case.[1]  Timeliness Factor 2 is satisfied because SAS does not wish to reopen fact discovery, but rather join the existing plaintiffs' case alongside them, leading to no prejudice to the defendants.  Timeliness Factor 3 is satisfied as well – if the motion is denied SAS will have to commence an entirely new action and, among other things, redo all of the

---

[1] These two months included the time that SAS spent trying to find counsel both willing and able to take on this matter, as well as the time that the undersigned spent getting up to speed on the matter once he and SAS made contact, and reaching out to the parties to seek their consent.

Hon. Richard J. Sullivan
May 10, 2018

discovery that has already been conducted here – this would prejudice SAS <u>and</u> defendants, as well as unnecessarily burden the judicial system.  As for timeliness Factor 4, no special circumstances appear to exist here that would dictate a different result than the other factors.

The standards for permissive intervention are also satisfied, as Mag. Judge Francis decided in a factually similar case in 2007, using an approach similar to the test for intervention as of right:

> First, Ms. Mason has a direct interest in the purported copyright infringement because she claims to be the sole author of the Composition and the owner of its copyright….There are common questions of law because Ms. Mason raises the same copyright infringement claims against the defendant Universal Music Group, Inc. as do the plaintiffs….
>
> Second, there is no reason to believe that Ms. Mason's concerns are coextensive with those of the plaintiffs such that her interests would be adequately represented by plaintiffs' counsel….
>
> Finally, intervention by Ms. Mason should not impede the progress of the litigation. A plaintiff bringing a copyright infringement claim must prove ownership of a valid copyright in the allegedly infringed-upon work….As the plaintiffs and defendants were engaged in discovery focusing on these factors, Ms. Mason's intervention should not require extensive additional discovery….

*Jamie Music Publishing Co. v. Roc-A-Fella Records, LLC*, No. 05 Civ.9922, 2007 WL 1129333, *2-3 (S.D.N.Y. 2007).  To be sure, the disputed ownership issue in *Jamie Music* contributed to the court's conclusion that intervention was appropriate, but SAS's case for intervention is even more straightforward and simple.  All of the parties agree that SAS is a beneficial owner of a portion of the work at issue, and SAS does not want to reopen, interrupt or slow the progress of the case.  Intervention – whether of right or permissive – should be granted.

There is one final issue that I wish to bring to the Court's attention, as Mr. Zakarin raised it with me yesterday.  From July through November 2014, and again from February through April 2016, I worked at Warner Music Group in a temporary capacity as Acting/Interim Head of Litigation.  In that role I supervised litigations with which WMG and its affiliated companies were involved.  The *Griffin* matter, however, was not filed until after I left WMG (the original case was filed in August 2016 and terminated in February 2017, and the current case was filed in July 2017).  I do not believe that my past work with WMG presents any conflict issues of any kind, but I am of course happy to provide whatever additional information the

Hon. Richard J. Sullivan
May 10, 2018

Court or counsel require to satisfy any concerns they may have.

Respectfully submitted,

Hillel I. Parness