

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

**Donald S. Zakarin**
**Partner**
Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

May 11, 2018

**VIA ECF**

Hon. Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

Re:  **Griffin, et al. v. Sheeran, et al., 17-cv-5221 (RJS)**

Dear Judge Sullivan:

We represent all of the named Defendants in the above- referenced case.  I write in response to Mr. Parness's May 10, 2018 letter on behalf of Structured Asset Sales, LLC ("SAS"), which claims to have a fractional songwriter royalty interest in the Ed Townsend share of "Lets Get It On."  SAS seeks a pre-motion conference seeking to intervene in this case.

Defendants oppose SAS's attempt to intervene in this case because, as shown below, (i) SAS's motion is not timely – SAS has known of its "claim" for over three years and has known of this lawsuit since it was filed; (ii) intervention would prejudice the rights of Defendants – Plaintiffs' musicology report was submitted more than six months ago and that is the report to which Defendants' expert responded in January 2018; and, (iii) the "rights" of SAS are fully protected by the Plaintiffs whose interests are indistinguishable from those of SAS.

Mr. Parness acknowledges the factors considered by the Court on an intervention motion, foremost among which are "timeliness."  *See Catanzano v. Wing*, 103 F.3d 223 (2d Cir. 1996).  In *Catanzano*, the Second Circuit upheld the denial of intervention, noting that among the most important factors in a timeliness decision is "the length of time the applicant knew or should have known of his interest before making the motion."  *Id.* at 232; *see also Floyd v. City of New York*, 770 F.3d 1051 (2d Cir. 2014) (intervention motion denied as untimely when proposed intervenors knew or should have known of their alleged interest in the matter well before seeking intervention).

**PRYOR CASHMAN LLP**

Judge Richard J. Sullivan
May 11, 2018
Page 2

      Measured against these standards, Mr. Parness offers only conclusions, not facts. Unmentioned by Mr. Parness is the fact that SAS and its principal, David Pullman were fully aware of the pendency of this case since it was originally filed on August 9, 2016 (nearly two years ago).[1] In fact, on August 20, 2016, just days after this case was first filed, I had a long telephone conversation with David Pullman – I had been dealing with Mr. Pullman for years on matters unrelated to this case – in which he expressed his interest in the case.[2] He claimed he had expert reports supporting a claim of infringement. I told him, consistent with the Defendants' position in this case, that the alleged infringing elements were common chords which have long been in use in prior art. Thereafter, Mr. Pullman and I exchanged correspondence in which he sent me articles from the press about the case – again, underscoring just how public and prominent this matter has been. Yet SAS did not seek to intervene in this case in 2016 or bring its own case in 2016 or thereafter.

      In July 2017, right after this case was re-filed, a lawyer in another case told me that he had been contacted by David Pullman about either filing an independent infringement case or seeking to intervene in this case. Yet again, SAS did not either commence its own case or seek to intervene in this case, instead waiting until after all fact discovery was closed and long after the time for the submission of expert musicologist reports had come and gone.

      Mr. Parness mentions none of this. Instead, simply looking at the docket sheet, Mr. Parness assumes that not much has happened. The opposite is true. Initial disclosures were exchanged on October 20, 2017. The Plaintiffs' expert musicologist's report was provided to Defendants on December 8, 2017 and the Defendants' responsive expert musicologist's report was provided to Plaintiffs on January 12, 2018, thus completing the musicology reports some five months ago. As Mr. Parness admits, fact discovery is closed. In fact, with the exception of the scheduled deposition of Plaintiffs' musicologist at the end of this month and the submission of any non-musicologist expert reports by Defendants next week, discovery in this case is completed and Defendants intend to move for summary judgment following the deposition of Plaintiffs' musicologist expert.

      Mr. Parness's assessment of timeliness thus ignores the facts. Timeliness looks to when SAS knew of its rights and the facts show it has known of its rights for over three years and has known of this case since inception. Nothing stopped SAS from intervening or filing its own case. SAS made a conscious choice and it now wants to be relieved of any "prejudice" caused by its conscious choice (by having its claims relate back to when this case was filed).

      Mr. Parness also ignores the patent prejudice to Defendants: this case has been litigated based on the musicology expert report provided by Plaintiffs some six months ago to which

---

[1] This case was originally filed on August 9, 2016 and subsequently it was dismissed by stipulation after Plaintiffs had failed to complete service of process. The case was then refiled in July 2017.

[2] In fact, Mr. Pullman told me about a potential copyright claim he had in March 2015, over three years ago, which was this very claim.



**PRYOR CASHMAN LLP**

Defendants' musicologist responded in January. There is no provision for reply. Now SAS wants to submit its own musicologist's report, effectively obtaining the opportunity to reply to Defendants' musicologist's report. Defendants would also be prejudiced by SAS's "relation back" request. The alleged infringing acts that occurred more than three years ago – May 11, 2015 as of today's date – are outside the statute of limitations. SAS, having knowingly chosen to remain aloof from this case for nearly two years wants this Court to eliminate any statutory bar to its assertion of claims in granting intervention.

Mr. Parness contends that SAS would be prejudiced if it has to commence its own case because it would have to redo discovery – actually it could agree to use the discovery already concluded – and it would burden the judicial system. There is no prejudice to SAS precisely because it has always been free to commence its own action. What SAS wants is to not suffer any penalty for not suing or seeking to intervene years ago. If part of its claim is time barred, that is a result of its own actions, not anything done by Defendants.

Finally, Mr. Parness tries to argue that this case will affect SAS's rights and that its interests are supposedly not fully aligned with Plaintiffs. Here again, the Second Circuit has rejected the arguments advanced by Mr. Parness. For example, in *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale*, 922 F.2d 92, 98 (2d Cir. 1990), the Second Circuit rejected the contention that the proposed intervenor's rights would not be adequately protected where, as here, there was no persuasive evidence that the Plaintiff would not vigorously pursue its claim. *See also Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186, 191 (1970). Indeed, the Second Circuit requires "a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001), citing, *Wash. Elec. Coop*, 922 F.2d at 98; *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).

We respectfully submit that SAS should not be permitted to intervene in this case because it cannot satisfy the timeliness standard. Its self-created conditions for intervention would prejudice Defendants. SAS cannot show that its interests have not been and would not be adequately represented by Plaintiffs (and it can always bring its own action). At the very least, if the Court is inclined to entertain such a motion by SAS, it should condition it on SAS not being permitted to upend the musicologist discovery, requiring it to be bound by the existing Plaintiffs' expert report submitted over six months ago and denying it relation back status for its claims.

Respectfully submitted,

Donald S. Zakarin