

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036  Tel: 212-421-4100  Fax: 212-326-0806          www.pryorcashman.com

**Donald S. Zakarin**
**Partner**
Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

May 17, 2018

**VIA ECF**

Hon. Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  Griffin, et. al. v. Sheeran, et. al., 17-cv-5221 (RJS)

Dear Judge Sullivan:

    We represent all of the named Defendants in the above-referenced case. I write in response to the May 16, 2018 letter of Mr. Frank, who represents the Plaintiffs. Mr. Frank's letter states that Plaintiffs do not oppose the application of SAS to enter this case. As Defendants have previously advised Your Honor in my letter of May 11, 2018, Defendants do oppose for the reasons stated in my letter.

    I do, however, want to briefly address some of the statements contained in Mr. Frank's letter which are both irrelevant and inaccurate. It appears clear that Mr. Frank views the prospect of SAS entering this case as a means of trying to reopen fact discovery that was closed since March 28, 2018 pursuant to this Court's October 10, 2017 Case Management and Scheduling Order. Mr. Frank announces that there are supposedly several pending discovery disputes, which he admits he did not bother to bring to the attention of the Court at any time prior to the close of fact discovery, plainly hoping that if SAS is permitted to enter this case, perhaps the Court will reopen fact discovery (despite the fact that SAS itself expressly stated that its requested intervention will not reopen fact discovery). The two supposed "discovery disputes" identified by Mr. Frank relate to merchandising income from Mr. Sheeran's touring and his touring income.

    In fact, as Mr. Frank knows but fails to mention, Defendants made clear to Plaintiffs some six months ago, at least four months before the close of fact discovery – in our discovery responses in November 2017 and again in written correspondence on December 20, 2017 – that there was no basis on which they had any entitlement to Mr. Sheeran's touring income or merchandising income. We explained in detail why they had no such entitlement (including providing applicable case authority for our position) and reiterated that none would be provided. As I said above, fact discovery, with the exception of three depositions, closed in this matter on March 28, 2018. *See*

# PRYOR CASHMAN LLP

Judge Richard J. Sullivan
May 17, 2018
Page 2

Dkt. No. 39.[1]  Thus, Plaintiffs had ample opportunity for more than four months to take some action if they believed they had any entitlement to the information (which they do not).

With respect to Mr. Frank's reference to the original recording of "Thinking Out Loud," it is deeply disappointing that Mr. Frank would engage in such an elaborate and inaccurate rendition of the facts (all of which are utterly irrelevant in any event).  The undisputed testimony and evidence establishes that Mr. Sheeran recorded the very original version of "Thinking Out Loud" at his home the evening it was written by him and Amy Wadge.  He recorded it on his then existing iPhone.  Mr. Sheeran subsequently transferred this recording to an iPad and that was the version of the original recording we provided to Plaintiffs (it is identical to the original).  The studio version of the recording was recorded some two days later and Plaintifs also have that version.  Mr. Sheeran has looked for the original iPhone but as yet has not located it.  Nevertheless, the undisputed testimony and evidence establishes that the recording we provided to Plaintiffs from Mr. Sheeran's iPad is exactly the same recorded version as the original he recorded on his iPhone when he and Amy Wadge wrote the song.[2]

And what is the basis for Mr. Frank's questions about the authenticity and provenance of the recording we provided to Plaintiffs?  There is none.  He has not provided or even identified a single solitary basis for disputing the undisputed evidence that the recording we provided to him is precisely the same recording made by Mr. Sheeran when he and Ms. Wadge wrote the song.  He has not identified a single piece of evidence that even questions the fact that the song was written at Mr. Sheeran's home a couple of days before it was recorded in the studio.  Mr. Frank's statement about contemplating a "spoliation motion" is offensive, foolishly *in terrorem,* and, quite frankly, only confirms that he does not understand spoliation.  He is free, of course, to make such a motion and while I have studiously avoided making Rule 11 motions in four decades of practicing law, I have advised him that I will make an exception for him in this case.

Nothing that Mr. Frank has addressed in his letter really bears at all on the issues regarding SAS's application to make a motion to intervene.  Rather, Mr. Frank apparently believed that SAS's application was a good opportunity for him to try to reopen fact discovery and to malign Mr. Sheeran with a fatuous spoliation claim.  This case is very nearly completed (only the deposition of Plaintiffs' expert musicologist remains) and Defendants then intend to move for summary judgment based on the lack of any actionable similarity between the two songs.  Mr. Frank's letter is simply a prayer to the Court to allow him to keep the balls in the air as long as

---

[1] Due to a snowstorm that affected the travel plans of plaintiffs and their counsel, the Court granted an extension of time to complete the depositions of plaintiffs and defendant Atlantic Recording Corporation until April 27, 2018, but the Court expressly ordered (pursuant to the stipulation of the parties) that "[t]he existing deadlines for all other discovery shall remain the same."  *See* Dkt. No. 42.

[2] I would also note that the date when "Thinking Out Loud" was written and first recorded is not an issue in the case.  There is no dispute when it was written, or where it was written.  There is no dispute when it was first recorded.

## PRYOR CASHMAN LLP

Judge Richard J. Sullivan
May 17, 2018
Page 3

Frank's letter is simply a prayer to the Court to allow him to keep the balls in the air as long as possible, hoping to seize the victory of an unwarranted settlement from the jaws of the defeat of a dismissal.

    Respectfully, SAS's application should be denied for the reasons stated in my May 11, 2018 letter and Mr. Frank, who has done nothing to pursue any supposed (but non-existent) discovery deficiencies for months, should not be permitted to reopen discovery. If Mr. Frank wishes to make a spoliation motion without any basis – and he has no basis – we will address it appropriately as it will deserve to be addressed.

Respectfully submitted,

Donald S. Zakarin