UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, HELEN McDONALD, the Estate of CHERRIGALE TOWNSEND,

                  Plaintiffs,

-v-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORP., d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC GROUP CORP., d/b/a ASYLUM RECORDS,

                  Defendants.

No. 17-cv-5221 (RJS)
ORDER



RICHARD J. SULLIVAN, District Judge:

    Plaintiffs Kathryn Griffin, Helen McDonald, and the Estate of Cherrigale Townsend bring this action alleging copyright infringement against Edward Sheeran, Atlantic Recording, and Sony/ATV Music Group. Now before the Court is a motion to intervene filed by Structured Asset Sales, LLC ("SAS"). For the reasons that follow, SAS's motion is denied.

## I. BACKGROUND

    Plaintiffs originally commenced this action on August 9, 2016, alleging that Defendants violated 17 U.S.C. §§ 101, *et seq*, through their unauthorized reproduction, distribution, and public performance of the Plaintiffs' copyrighted musical composition "*Let's Get it On.*" (*See Griffin et al. v. Sheeran et al.*, No. 16-cv-6309 (RJS), Doc. No. 1.) Ultimately, that case was dismissed for failure to complete service of process. (No. 16-cv-6309, Doc. No. 51.) Thereafter, Plaintiffs commenced a new action on July 11, 2017, alleging the same causes of action against the same

Defendants. (Doc. No. 1 ("Compl.") ¶ 1.) Since the initiation of this widely-publicized action,[1] fact discovery has closed (Doc. No. 41 at 1), and Defendants have signaled their intention to move for summary judgment (Doc. No. 45 at 2). On May 10, 2018, SAS submitted a letter to the Court seeking leave to move to intervene in this matter. (Doc. No. 43.) Plaintiffs thereafter filed a letter supporting SAS's proposed motion (Doc. No. 46), and Defendants filed two responsive letters opposing the proposed motion (Doc. Nos. 45, 47). Based on these submissions, and the fact that additional briefing on the issue is not necessary, the Court deems SAS's contemplated motion to intervene made.

## II. DISCUSSION

SAS moves to intervene pursuant to Federal Rule of Civil Procedure 24. As an initial matter, SAS argues that it *must* be permitted to intervene, as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), because it is a beneficial owner of a one-third interest in the writer's share of the copyright to "*Let's Get It On.*" (Doc. No. 43 at 1-2.) Under Rule 24(a), a movant seeking to intervene in an action must show that: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party." *Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984) (internal quotation marks omitted). All four parts of this test must be satisfied for the movant to intervene as a matter of right. *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990).

---

[1] *See, e.g.*, Jon Blistein, *Ed Sheeran Sued for Allegedly Copying Marvin Gaye's 'Let's Get It On,'* Rolling Stone (Aug. 9, 2016), https://www.rollingstone.com/music/news/ed-sheeran-sued-for-allegedly-copying-lets-get-it-on-w433632; Melissa Chan, *Ed Sheeran Sued for Allegedly Copying Marvin Gaye's Let's Get It On*, Time (Aug. 10, 2016).

In the alternative, SAS also seeks to intervene pursuant to Federal Rule of Civil Procedure 24(b) – the permissive intervention provision – which authorizes a court to permit a party to intervene after timely application if the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The analysis under Rule 24(b) differs only slightly from that under Rule 24(a), and district courts are vested with "considerable discretion" to decide whether to permit intervention under this rule. *Greenridge v. Allstate Ins. Co.*, 82 Fed. App'x 728, 729 (2d Cir. 2003); see also *Restor–A–Dent Dental Labs., Inc.*, 725 F.2d at 876 ("A district court's discretion under Rule 24(b) is broad."). Relevant here, a court is to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also In re Initial Pub. Offering Sec. Litig.*, 499 F. Supp. 2d 415, 417–18 (S.D.N.Y. 2007) ("A motion for permissive intervention must be timely."). The court may also weigh other factors that are similar to those considered under Rule 24(a), including (1) the nature and extent of the proposed intervenor's interests; (2) whether the existing parties adequately represent those interests; and (3) whether allowing intervention would "significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978) (internal quotation marks omitted).

Here, SAS does not satisfy the requirements of either Rule 24(a) or Rule 24(b) because its motion is clearly untimely. "The determination of the timeliness of a motion to intervene is within the discretion of the district court, 'evaluated against the totality of the circumstances before the court.'" *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (quoting *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric. and Markets*, 847 F.2d 1038, 1043–44 (2d Cir.1988). Considerations include "(1) the length of time the applicant knew or should have known of his

interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness." *Id.* (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).

None of the timeliness factors favors SAS. First, SAS is a sophisticated party that, according to Defendants, was aware of this dispute (and its interest in this litigation) at least as early as 2016. (Doc. No. 45 at 2.) Indeed, SAS does not deny such knowledge and yet offers no explanation for its delay in filing this motion to intervene nearly two years after the original complaint was filed, one year after the commencement of this action, and almost two months after fact discovery ended. Second, intervention would prejudice Defendants, since it appears that Plaintiffs intend to use SAS's intervention as a basis for reopening fact discovery (Doc. No. 46), and SAS itself acknowledges that it would need to file an expert report of its own in order to respond to the months-old expert reports already exchanged between Plaintiffs and Defendants (Doc. No. 43). Forcing the Court and the parties to retrace steps in a scheduling order issued nearly eight months ago is clearly prejudicial and, when considered in light of SAS's delay, unjustified. (Doc. No. 32.) By contrast, SAS also does not identify any prejudice that it would face should the motion be denied. Finally, the Court concludes that certain additional circumstances counsel against intervention in this case. Specifically, Defendants suggest that they might make the additional affirmative defense that the statute of limitations has run on SAS's claim, which would spawn further motion practice that would be irrelevant to the current litigation, which, as discussed, is already nearing the final stages of discovery. (Doc. No. 45 at 3.)

### III. Conclusion

Because SAS's motion to intervene is clearly untimely, the Court deems the motion to be

made and denies it. The parties are reminded that expert discovery shall be completed by June 15, 2018, the parties shall file premotion letters, if any, by June 15, 2018, and the Court will conduct a post-discovery conference on June 29, 2018 at 10:00 a.m.

SO ORDERED.

Dated:      June 11, 2018
               New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE