**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

June 15, 2018

**VIA ECF**
The Honorable Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *Griffin, et.al. v. Sheeran, et.al.;*
             Case Number: 2017-CV-5221 (RJS)

Dear Judge Sullivan:

      Our office represents the three (3) enumerated Plaintiffs attendant to the above-referenced case. The instant correspondence is proffered in comport with His Honor's Individual Rules & Practices with the intent of arranging a pre-motion conference in regard to the Plaintiffs' anticipated Motion to Compel with respect to two (2) distinct categories of documentation. First, the Plaintiffs intend on requesting the entry of an Order Compelling materials/ documentation evidencing the international revenues garnered by the Defendants attendant to the dissemination of the infringing work identified as "Thinking Out Loud". Second, the Plaintiffs request the entry of an Order Compelling the production of the materials/generated in connection with the Defendants' engagement of their musicologist.

### A. FOREIGN/INTERNATIONAL REVENUES.

      On or about October 14, 2017, the Plaintiffs propounded production requests to each of the enumerated Defendants herein. Notably, each of the three (3) separate requests asked for information and/or materials evidencing **ALL** profits derived from the infringing song, "Thinking Out Loud". By way of response, the Defendants unilaterally tailored the request and provided only information solely related to domestic revenues. The purported premise and/or rationale for the Defendants' limited proffer was, apparently, based on the proposition that no infringing acts occurred by the Defendants in the territorial United States which would give rise to the availability of international profits within the context of the instant case.

      As the Court is aware, the Second Circuit was the first Court to adopt the "predicate acts doctrine" in the case of *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67 (2nd Cir. 1988) which held, in pertinent part, that a predicate act of infringement in the United States has the

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

operative legal effect of making international profits accrued which are connected to said infringement, a recoverable component of damages.

The Defendants position on this matter is that the song, "Thinking Out Loud", was written overseas and, accordingly, no infringing act occurred in the United States giving rise to international profits. The Plaintiffs would, respectfully, contend that there are several problems with the Defendants' position—to wit, the Defendants' current narrative with respect to the writing and recording of the work suggests that the song was written in the family home of the Defendant, Mr. Sheeran, with a another individual that has been identified as Ms. Amy Wadge. The Defendant, Mr. Sheeran, has testified in his deposition attendant to this action, the song was originally written and, during the same session, apparently recorded on the Mr. Sheeran's, telephone while sitting in his kitchen with Ms. Wadge and passing one (1) guitar back and forth between the two (2) individuals.

Almost two (2) years before the instant case was even filed, Mr. Sheeran's, manager—a Mr. Stuart Camp—exchanged a series of e-mails with the Defendant, Mr. Sheeran, inquiring as to the genesis of the song. On April 1, 2015, at 11:46, the Defendant, Mr. Sheeran, sent an e-mail to his Manager, Mr. Camp, explicitly stating that he had the "**original demo**" of the song that was allegedly recorded his family's kitchen.[1]

The Plaintiffs formally requested the cell phone recording of the song. What was received responsive thereto was a recording that was identified as the original demo but, pursuant to an evaluation by the Plaintiffs' musicologist, appears to be far from 'original'. There are at least **two (2) guitars**, as well as a variety of production effects and/or harmonies which are unlikely to have been able to be produced with one (1) guitar and a telephone, much less in the family kitchen, as the Defendant, Mr. Sheeran, has testified.

When the Plaintiffs made multiple inquiries as to the disposition of the original demo (the most recent inquiry having occurred yesterday), the Defendants have asserted that the recording they provided was taken from a tablet device onto which Mr. Sheeran had allegedly loaded the original recording from his cellular phone. Herein again, given the facial implausibility of the recording that the Defendant provided having been created in the Defendant's, Mr. Sheeran's, family kitchen with one (1) guitar, in conjunction with the fact that while previously telling his manager via e-mail three (3) years ago that he had the original demo, the Defendants are now

---

[1] It is also abundantly worthy of note that in another series e-mails Mr. Camp expresses some skepticism as to the veracity of an account of the alleged song-writing session given by Ms. Wadge to a magazine, asking for written summaries from both Ms. Wadge and the Defendant, Mr. Sheeran—neither of which have been provided in the context of this litigation.

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

claiming that the cellular phone in question is unable to located, the Plaintiffs have been given some measure of pause as to the legitimacy of the claims as to the origin (location) and creation of the song. The original cellular telephone carrying the demo of the song would have metadata which would demonstrate where the phone was located at the time of the recording and provide definitive proof of the same. Curiously, despite having the telephone three (3) years ago when they were first made aware of a potential infringement claim, that crucial piece of evidence has been lost with no legitimate explanation related thereto.

As the Court is aware, discovery is generally construed broadly in favor of disclosure. There are serious questions as to the circumstances attendant to the creation of "Thinking Out Loud". The disappearance of evidence from the time when the Defendant, Mr. Sheeran, told his manager he had the original demo, should militate toward the presumption of discoverability of international profits by virtue of the fact that the Court has yet to adjudicate the ultimate predicate infringement issue. The Plaintiffs would posit that the Defendants would not, by any measure, be prejudiced by producing the information because they have recourse *vis a vis* filing a motion *in limine* prior to trial with respect to the recoverability of that particular category of damages.

### B. MATERIALS PERTAINING TO DEFENDANTS' MUSICOLOGIST.

On or about May 5, 2018, the Plaintiffs propounded an expert production request which requested, in pertinent part, transmittal documents, contracts, invoices, and any materials conveyed to the Defendants' musicologist in connection with his work on this case. These materials are relevant because they demonstrate the terms of the engagement, the materials he relied upon in forming his opinion, how much time he spent preparing his opinions, and his methodology. The Defendants have—at least—tacitly acknowledged the relevance and/or applicability of these materials to the case given that a.) they specifically asked for the Plaintiffs' musicologist invoices only to peremptorily withdraw the request when the Plaintiffs asked for the Defendants' musicologist invoices; and b.) the Defendants actually attached transmittal correspondence that was provided to the Plaintiffs' musicologist as an exhibit to his deposition.

Sincerely,

Patrick R. Frank, Esq.

Keisha D. Rice, Esq.