Harper/Harper S1 SCAN
Case 1:17-cv-05221-RJS Document 51 Filed 06/19/18 Page 1 of 3

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

June 19, 2018



**VIA ECF**
The Honorable Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Griffin, et.al. v. Sheeran, et.al.;*
            *Case Number: 2017-CV-5221 (RJS)*

Dear Judge Sullivan:

    Our office represents the three (3) enumerated Plaintiffs attendant to the above-referenced case. The instant correspondence is proffered responsive to the Defendants' pre-motion conference letter, dated June 15, 2018, in which the Defendants communicated their collective intention of filing a motion for summary judgment based on two (2) purported bases—first, the Defendants claim that there is no actionable similarity between "Let's Get It On" and "Thinking Out Loud". Second, the Defendants assert that the Plaintiff, Kathy Griffin, purportedly lacks standing as a party herein under California probate law. Both of the Defendants' arguments will be addressed in the order they present below.

### A. ACTIONABLE SIMILARITIES.

    It would appear that, in suggesting that the two (2) musical works at issue herein have no actionable similarities, counsel(s) for the Defendants and, of course, their paid expert musicologist, have adopted a position that is both tenuous and intellectually dishonest, while requiring an admirably hardy suspension of disbelief.

    To wit, and as outlined in the Plaintiffs' operative Complaint to this action, the Defendant, Edward Christopher Sheeran, prior to the inception of this lawsuit, had seamlessly segued into performing "Let's Get It On" while performing the infringing song, "Thinking Out Loud". The video is available on the website, "YouTube" and aptly demonstrates the Defendant's full and overt acknowledgment of the manifest similarities between the songs at issue.

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

During the course of discovery attendant to the instant litigation, the Plaintiffs have been furnished with e-mail correspondence between Mr. Sheeran and his manager in which he affirms/acknowledges similarities between the songs at issue.

Billboard Magazine, in describing "Thinking Out Loud", refers to the same as a slick update of "Let's Get It On".

Spin Magazine has dedicated an entire article previously to the fact that "Thinking Out Loud" plagiarized "Let's Get It On".

In fact, the popular group, Boyz to Men, as well as the singer, Michael Buble, have also performed medleys of both songs together; however, the former enthusiastically exclaims during the performance that "Thinking Out Loud" is simply a remake of "Let's Get It On."

Notwithstanding the foregoing, and, more importantly, the Plaintiffs have engaged the services of musicologist, Dr. Alexander Stewart, who has opined at great length both in his deposition to this action, as well as his written report, as to the similarities between both the recorded versions of the respective songs, as well as the deposit copy of "Let's Get It On" and the recording of "Thinking Out Loud".

At the heart of this dispute, is a fundamental disagreement between two (2) musicologists with respect to actionable copying and/or elements of the respective pieces at issue herein. On the Defendants' proverbial "best day" within the context of its attempt to secure summary judgment they are confronted with a battle of expert opinions which would preclude summary judgment as this matter requires submission to a jury for the purpose of weighing the evidence and/or credibility of the experts proffered by the respective sides.

In the interest of judicial economy, as well as saving an abundance of time and resources by the enumerated parties herein, the Plaintiffs would, respectfully, submit that this Court should deem the prospective motion for summary judgment the Defendants seek to file as unfounded and deny any further consideration of the same.

### B. KATHY GRIFFIN'S STANDING.

The Defendants now claim that the Plaintiff, Kathy Griffin, lacks standing within the context of this case based on the State of California probate code. What the Defendants fail to present and/or disclose to the Court is the fact that the Plaintiff, Ms. Griffin, was previously determined to be a lawful and/or legally-cognizable heir to the Decedent, Ed Townsend, more

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

than a decade ago and, by Order of said probate court, the Plaintiff, Ms. Kathy Griffin, was awarded an interest/shares in Ed Townsend's music catalogue.

The Defendants have, at no time, challenged that Court Order and—perhaps most significant by virtue of its conspicuous/strategic omission attendant to the Defendants' argument—is the fact that the Defendant, Sony/ATV, <u>has been paying the Plaintiff, Ms. Griffin, royalties on "Let's Get It On" for in excess of a decade</u> and, presumably, earning fees for itself associated with the administration of such royalties.

This bears repeating—the Defendant, Sony/ATV, has been paying royalties to Ms. Griffin for in excess of a decade because she is a legal owner of "Let's Get It On" and now the Defendants are, implausibly, and in contravention of their own actions, suggesting that she does not have the requisite standing to pursue a claim associated therewith

Accordingly, even assuming—*arguendo*—that the Defendants' argument with respect to the standing issue was valid (which the Plaintiffs do not concede), said Defendants would be legally estopped from raising said argument given the fact that her previous standing and/or ownership interest in the "Let's Get It On" has never been challenged, and it has been legally acknowledged and/or honored innumerable times for in excess of a decade by 2 of the Defendants.

### C. CONCLUSION.

The Plaintiffs would, respectfully, submit that the Defendants' arguments herein in an effort to secure summary judgment are not well-taken and should be summarily denied by this Court.

The Court will hold a premotion conference on the parties' contemplated motions for summary judgment on Friday, June 29, 2018 at 10:00 a.m. In advance of that conference, IT IS HEREBY ORDERED THAT Defendants shall respond in writing to the factual assertions and arguments presented in <u>Part B</u> of this letter no later than Wednesday, June 27, 2018.

Sincerely,

Patrick R. Frank, Esq.

Keisha D. Rice, Esq.

SO ORDERED
Dated: 6/25/18
RICHARD J. SULLIVAN
U.S.D.J.