

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036  Tel: 212-421-4100  Fax: 212-326-0806   www.pryorcashman.com

**Donald S. Zakarin**
Partner
Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

June 27, 2018

**VIA ECF**

Hon. Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   **Griffin, et al. v. Sheeran, et al., 17-cv-5221 (RJS)**

Dear Judge Sullivan:

In accordance with the Court's Order of June 26, 2018, we write to briefly respond to the contentions set forth in Section B of Plaintiffs' letter dated June 19, 2018.

As Defendants have explained, while they intend to move for summary judgment dismissing the entirety of the Complaint for lack of any actionable similarity in the works, they also intend to seek partial summary judgment dismissing the claims of Kathryn Townsend Griffin ("Kathryn")[1] for lack of standing in the event that Plaintiffs' claim survive dismissal. While Kathryn claims to be a biological daughter of Ed Townsend ("Townsend"), the co-author of *Let's Get It On*, she was adopted at birth by others and under California's law of intestate succession (where Townsend died intestate), she does not succeed to Townsend's interest in the song. *See* California Probate Code §§ 6402 (intestate succession) and 6451 (effect of adoption).

Kathryn's lack of standing due to her adoption was first confirmed at her deposition dated April 24, 2017. Based largely on hearsay, Kathryn testified as follows: (a) while she believes Townsend is her biological father, no DNA or paternity testing was performed (and Plaintiffs have failed and refused to produce Kathryn's birth certificate), (b) Townsend supposedly conceived Kathryn with an unknown woman of the Catholic faith who refused to raise her, (c) the physician who delivered Kathryn supposedly cared for Kathryn during the first few months of her life (which sounds improbable at best) until Shirley and Earnest Griffin adopted Kathryn and moved with her to Mississippi where they raised her until she reached the age of majority, and (d) Kathryn was approximately 26 years old when she first learned that she had been adopted and that Townsend allegedly was her biological father.

---

[1] Despite naming herself in this lawsuit as a "Townsend," Kathryn admitted at her deposition that her legal name is not now, and has never been, "Townsend."

PRYOR CASHMAN LLP

Judge Richard J. Sullivan
June 27, 2018
Page 2

      Because an adopted child has no right to inherit from his or her biological parents under California laws of intestacy, we examined the California probate court records to ascertain how the California probate court could have issued an Order – the Order cited by Plaintiffs in their letter – declaring "Kathryn Griffin Townsend" an intestate heir of Townsend.  We believe that the facts confirm that these Plaintiffs withheld information from the probate court and thereby tainted the determination made.  Under California law, our clients may not have standing to challenge the determination of the probate court, but we believe that Kathryn's standing to pursue a copyright infringement claim is a matter of copyright succession under 17 U.S.C. § 201(d), which refers to the laws of intestate succession.  Under California's law of intestate succession, notwithstanding the determination of the probate court (which, as described below, we believe was improperly procured), Kathryn is not entitled to pursue a copyright infringement claim.

      In particular, plaintiff Helen McDonald ("McDonald"), who initially served as the "Personal Representative" of Townsend's estate in the probate proceedings, concealed Kathryn's adoption from the Court.  In fact, she specifically represented to the Court that Kathryn had not been adopted.  In the initial Notice of Petition filed with the probate court (a pre-printed form that contains a series of items to "check off" or leave blank), McDonald identified Kathryn as an adult daughter of Townsend.  The box that would have identified Kathryn as having been "adopted by a third party" was left blank (despite the fact that both Kathryn and McDonald knew that Kathryn had been adopted).  McDonald also submitted at least two sworn declarations in the probate proceedings in which she swore that Kathryn was a "natural" child of Townsend and an "heir" of Townsend, never mentioning that Kathryn had been adopted.  Kathryn too submitted numerous sworn declarations in which she averred that she was the daughter of Townsend – about which she has admitted she has no personal knowledge – and never mentioned her adoption, which would have been fatal to her claim.[2]

      The foregoing are undisputed facts and California law is clear on the issue.  As such, at least as to the Defendants in this case, we believe that the probate Order should not be binding because it was procured only by the purposeful omission of facts that would have barred Kathryn from inheriting anything from Townsend's intestate estate.

      Plaintiffs' contention that defendant Sony/ATV Music Publishing LLC ("SATV") allegedly "has been paying" Kathryn royalties for *Let's Get It On* for more than a decade, is both false and irrelevant.  First, SATV does not own any rights in *Let's Get It On*.  Rather, Jobete Music Co. (an entity owned by EMI Music Publishing, which is a separate group of corporations in which SATV has no interest) is the copyright owner of *Let's Get It On*.  SATV has administered the

---

[2] In fact, the sole reference anywhere in the record of the probate court to any adoption is in a fee application of the attorney for McDonald, as Personal Representative.  One line-item in the invoices states:  "Lengthy telephone call with Kathy Griffin regarding her paternity and proof thereof and various elements of her background including who her mother might be and the circumstances of her adoption and advice to her regarding advice in this regard."  This reference shows that the exclusion of information about her adoption in the relevant documents submitted to the Court was purposeful.

**PRYOR CASHMAN LLP**

Judge Richard J. Sullivan
June 27, 2018
Page 3

catalogues of the EMI companies since 2012 (when the EMI companies were acquired by a consortium of investors, including Sony Corporation of America) and Jobete (like all music publishers) simply pays in accordance with information provided and represented as accurate by purported heirs. Jobete presumably relied upon the information supplied by McDonald and Kathryn in undertaking to pay them as the putative heirs of Townsend.

While the standing summary judgment motion is secondary to (and would be rendered moot by) the motion for summary judgment seeking the dismissal of the entirety of the case, Defendants do contend that, consistent with the facts and applicable California law of intestate succession, Kathryn has no standing and what appears to have been the purposeful gulling of the California probate court should not stand as a bar to the standing motion.

Nevertheless, we are mindful that the Court may view this as an issue to be addressed in the California probate court. Based on our examination of the law, we believe that our clients may not themselves have standing to challenge the determination in probate court (because there was not a claim against them by any putative heirs at the time of the probate Order). Thus, we believe that this Court may be the only forum in which Kathryn's status and standing as a putative heir to assert a copyright infringement claim against our clients can be addressed under Section 201.

Respectfully submitted,

Donald S. Zakarin