

**PRYOR CASHMAN LLP**

New York | Los Angeles

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806

www.pryorcashman.com

**Donald S. Zakarin**
Partner
Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

June 28, 2018

**VIA ECF**

Hon. Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>Griffin, et al. v. Sheeran, et al., 17-cv-5221 (RJS)</u>

Dear Judge Sullivan:

    We represent all of the named Defendants in the above-referenced case. I write in response to the June 28, 2018 letter to Your Honor from Mr. Parness on behalf of Structured Asset Sales, LLC ("SAS"). Having unsuccessfully sought to intervene in this case, more than three years after SAS was fully aware of its alleged infringement claim, SAS then filed an appeal, which we believe is completely frivolous given the undisputed facts underpinning this Court's rejection of SAS's application. As Mr. Parness tacitly admits, SAS fully recognizes that the Second Circuit will undoubtedly affirm this Court's determination and therefore has filed its own independent action (something it could have done at any time in the past three years).

    While Mr. Parness lauds the quality of the complaint he has drafted, it is simply a pleading and has no evidentiary value. We will respond to it when and if it is served (to my knowledge, it has not been served on anyone). It names a number of foreign companies and foreign individuals who are not defendants in this case. Based on the facts of which we are well aware, we fully intend to move to dismiss the complaint for lack of personal jurisdiction over the foreign companies and individuals. Consequently, assuming that SAS truly intends to pursue the action it has filed, I fully expect that it will be many months before issue will have been joined.

    Ignoring the differences between the two cases – among which include the fact that, with all discovery concluded, Defendants intend to move for summary judgment dismissing this case promptly, a motion that will be made long before SAS's appeal will be heard and determined and before issue will be joined in the new case SAS has filed – Mr. Parness blithely offers this Court a "proposition:" issue a "short stay" of this case. It is a proposition that is for the sole and exclusive benefit of SAS and to the detriment and prejudice of Defendants.

**PRYOR CASHMAN LLP**

Judge Richard J. Sullivan
June 28, 2018
Page 2

Mr. Parness's proposal is just a different label affixed to his prior request for intervention. Having voluntarily chosen to do nothing for three years while Defendants have defended against what we consider to be baseless infringement claims asserted against them, conducting and concluding both fact and expert discovery matter at considerable expense, without any standing in this case, SAS offers its "proposition" as if SAS's interests are the only thing that matters. As to the fact that Plaintiffs support Mr. Parness' proposal, it is hardly surprising. They also supported his request for intervention for the same reason: they want a second bite at the discovery apple and the expert apple that they hope SAS's case will provide. This Court denied SAS's motion for intervention. Its stay request is simply a thinly veiled request for the same relief.

To be clear, Defendants will deal with SAS's case in the ordinary course as and when the complaint is served. Discovery in this case has concluded and Defendants are now prepared to move for summary judgment. Defendants are entitled to the disposition of the claims Plaintiffs in this case have asserted against them and not on the schedule proposed by a stranger to this case (again, a stranger that could have, but chose not to, join in this case for nearly three years).

Respectfully, SAS's latest application should be denied for the same reasons stated in my May 11, 2018 letter to Your Honor. The facts and the law have not changed and SAS's appeal and its filing of a new case change nothing.

Respectfully submitted,

Donald S. Zakarin