# EXHIBIT 15

DE-121

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
(949) 833-1066   (949) 833-1292
RICHARD L. HEATON, ESQ.
CHEADLE, GARRETT & HEATON, LLP
4041 MacARTHUR BLVD., SUITE 360
NEWPORT BEACH, CA 92660

ATTORNEY FOR *(Name):*   DAVID TOWNSEND

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   RIVERSIDE
STREET ADDRESS: 4050 MAIN STREET
MAILING ADDRESS:
CITY AND ZIP CODE: RIVERSIDE, CALIFORNIA 92501-3704
BRANCH NAME: RIVERSIDE PROBATE DIVISION

ESTATE OF *(Name):*   EDWARD B. TOWNSEND

DECEDENT

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 12 2003

K. Hanwes

| NOTICE OF PETITION TO ADMINISTER ESTATE | CASE NUMBER: |
|---|---|
| OF *(Name):*  ESTATE OF EDWARD B. TOWNSEND | 084914 |

1. To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both, of *(specify all names by which decedent was known):*   **EDWARD B. TOWNSEND**

2. A *PETITION FOR PROBATE* has been filed by *(name of petitioner):* HELEN TOWNSEND McDONALD
   in the Superior Court of California, County of *(specify):*   RIVERSIDE

3. THE *PETITION FOR PROBATE* requests that *(name):* HELEN TOWNSEND McDONALD
   be appointed as personal representative to administer the estate of the decedent.

4. ☐ THE *PETITION* requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.

5. ☒ THE *PETITION* requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

6. A HEARING on the petition will be held on

   a. Date: JANUARY 27, 2004    Time: 9:00 A.M.    Dept.: 1    Room:

   b. Address of court:  ☒ same as noted above    ☐ other *(specify):*

7. IF YOU OBJECT to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

8. IF YOU ARE A CREDITOR or a contingent creditor of the deceased, you must file your claim with the court and mail a copy to the personal representative appointed by the court within four months from the date of first issuance of letters as provided in Probate Code section 9100. The time for filing claims will not expire before four months from the hearing date noticed above.

9. YOU MAY EXAMINE the file kept by the court. If you are a person interested in the estate, you may file with the court a *Request for Special Notice* (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A *Request for Special Notice* form is available from the court clerk.

10. ☐ Petitioner ☒ Attorney for petitioner *(name):* RICHARD L. HEATON, ESQ.
    *(Address):*                                   GARRETT & HEATON, LLP
    4041 MacARTHUR BOULEVARD, SUITE 360
    NEWPORT BEACH, CA 92660
    *(Telephone):* (949) 833-1066            ► *Richard L. Heaton*
                                              (SIGNATURE OF  ☐ PETITIONER  ☒ ATTORNEY FOR PETITIONER)

**NOTE:** If this notice is published, print the caption, beginning with the words NOTICE OF PETITION, and do not print the information from the form above the caption. The caption and decedent's name must be printed in at least 8-point type and the text in at least 7-point type. Print the case number as part of the caption. Print items preceded by a box only if the box is checked. Do not print the *italicized* instructions in parentheses, the paragraph numbers, the mailing information, or the material on the reverse.
(Continued on reverse)

Form Approved by the
Judicial Council of California
DE-121 [Rev. January 1, 1998]
Mandatory Use [1/1/2000]

**NOTICE OF PETITION TO ADMINISTER ESTATE**
**(Probate)**

Legal
Solutions
Plus

Probate Code, § 8100

01492

DE-111

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state, .number, and address)*: | FOR COURT USE ONLY |
|---|---|

RICHARD L. HEATON, ESQ.   SBN: 71149
GARRETT & HEATON, LLP
4041 MacARTHUR BLVD., SUITE 360
NEWPORT BEACH, CA 92660

TELEPHONE NO.: (949) 833-1066    FAX NO. *(Optional)*: (949) 833-1292
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: HELEN TOWNSEND McDONALD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 MAIN STREET
MAILING ADDRESS:
CITY AND ZIP CODE: RIVERSIDE, CALIFORNIA 92501-3704
BRANCH NAME: RIVERSIDE PROBATE DIVISION

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**DEC 08 2003**

DS

ESTATE OF *(Name)*:   EDWARD B. TOWNSEND

**DECEDENT**

| PETITION FOR | | CASE NUMBER: |
|---|---|---|
| | ☐ Probate of Will and for Letters Testamentary | 084914 |
| | ☐ Probate of Will and for Letters of Administration with Will Annexed | HEARING DATE: |
| | ☒ Letters of Administration | 1-27-04 |
| | ☐ Letters of Special Administration ☐ with general powers | DEPT.: 1   TIME: 9:00AM |
| | ☒ Authorization to Administer Under the Independent Administration of Estates Act ☐ with limited authority | |

1. Publication will be in *(specify name of newspaper)*:
  a. ☒ Publication requested.  b. ☐ Publication to be arranged.

2. Petitioner *(name of each)*:    HELEN TOWNSEND McDONALD          requests
  a. ☐ decedent's will and codicils, if any, be admitted to probate.
  b. ☒ *(name)*: HELEN TOWNSEND McDONALD
      be appointed  (1) ☐ executor     (3) ☒ administrator
              (2) ☐ administrator with will annexed  (4) ☐ special administrator ☐ with general powers
      and Letters issue upon qualification.
  c. ☒ that ☒ full ☐ limited  authority be granted to administer under the Independent Administration of Estates Act.
  d. (1) ☐ bond not be required for the reasons stated in item 4d.
      (2) ☒ $300,000.00 bond be fixed. It will be furnished by an admitted surety insurer or as otherwise provided by law.
           *(Specify reasons in Attachment 2 if the amount is different from the maximum required by Prob. Code § 8482.)*
      (3) ☐ $0.00          in deposits in a blocked account be allowed. Receipts will be filed. *(Specify institution and location)*:

3. a. Estimated value of the estate for filing fee purposes *(Complete in all cases. The estimated value of the estate is the fair market value of the real and personal property of the estate at the date of the decedent's death, without reduction for encumbrances. See Gov. Code, § 26827.)*:
    (1) ☒ Less than $250,000         (6) ☐ At least $1.5 million and less than $2 million
    (2) ☐ At least $250,000 and less than $500,000  (7) ☐ At least $2 million and less than $2.5 million
    (3) ☐ At least $500,000 and less than $750,000  (8) ☐ At least $2.5 million and less than $3.5 million
    (4) ☐ At least $750,000 and less than $1 million  (9) ☐ $0.00   *
    (5) ☐ At least $1 million and less than $1.5 million     * *(Specify total estimated value of estate.)*
  b. ☐ This petition is not the first petition for appointment of a personal representative with general powers filed in this proceeding. The first petition was filed on *(date)*:

4. a. Decedent died on *(date)*: 8/13/2003   at *(place)*: SAN BERNARDINO HOSPITAL
    (1) ☒ a resident of the county named above.
    (2) ☐ a nonresident of California and left an estate in the county named above located at *(specify location permitting publication in the newspaper named in item 1)*:
  b. Street address, city, and county of decedent's residence at time of death *(specify)*:  26824 OLE LANE, ROMOLAND, RIVERSIDE COUNTY

Form Adopted for Mandatory Use
Judicial Council of California
DE-111 [Rev. August 17, 2003]

**PETITION FOR PROBATE**

Legal
Solutions
& Plus

Probate Code, §§ 8002, 10450
Government Code, § 26827

01494

| ESTATE OF *(Name)*: EDWARD B. TOWNSEND | CASE NUMBER: |
|---|---|
| DECEDENT | 084914 |

4. c.  Character and estimated value of the property of the estate for bond purposes:

    (1) Personal property:        $   119,900.00

    (2) Annual gross income from

        (a) real property:       $       0.00

        (b) personal property:   $   50,000.00

             **Total:**   $   169,900.00

    (3) Real property: $ 130,000.00   *(If full authority under the Independent Administration of Estates Act is requested, state the fair market value of the real property less encumbrances.)*

  d. (1) ☐ Will waives bond.  ☐ Special administrator is the named executor and the will waives bond.

     (2) ☐ All beneficiaries are adults and have waived bond, and the will does not require a bond. *(Affix waiver as Attachment 4d(2).)*

     (3) ☐ All heirs at law are adults and have waived bond. *(Affix waiver as Attachment 4d(3).)*

     (4) ☐ Sole personal representative is a corporate fiduciary or an exempt government agency.

  e. (1) ☒ Decedent died intestate.

     (2) ☐ Copy of decedent's will dated:     ☐ codicils dated:     are affixed as Attachment 4e(2).

        *(Include in Attachment 4e(2) a typed copy of a handwritten will and a translation of a foreign language will.)*

        ☐ The will and all codicils are self-proving (Prob. Code, § 8220).

  f. **Appointment of personal representative** *(check all applicable boxes):*

     (1) Appointment of executor or administrator with will annexed:

        (a) ☐ Proposed executor is named as executor in the will and consents to act.

        (b) ☐ No executor is named in the will.

        (c) ☐ Proposed personal representative is a nominee of a person entitled to Letters. *(Affix nomination as Attachment 4f(1)(c).)*

        (d) ☐ Other named executors will not act because of ☐ death ☐ declination ☐ other reasons *(specify in Attachment 4f(1)(d)).*

     (2) Appointment of administrator:

        (a) ☐ Petitioner is a person entitled to Letters. *(If necessary, explain priority in Attachment 4f(2)(a).)*

        (b) ☒ Petitioner is a nominee of a person entitled to Letters. *(Affix nomination as Attachment 4f(2)(b).)*

        (c) ☒ Petitioner is related to the decedent as *(specify)*: PETITIONER IS DECEDENT'S SISTER

     (3) ☐ Appointment of special administrator requested. *(Specify grounds and requested powers in Attachment 4f(3).)*

  g. Proposed personal representative is a ☒ resident of California ☐ nonresident of California *(affix statement of permanent address as Attachment 4g).* ☐ resident of the United States ☐ nonresident of the United States.

5. ☒ Decedent's will does not preclude administration of this estate under the Independent Administration of Estates Act.

6. a. The decedent is survived by *(check at least one box in each of items (1)-(4)).*

    (1) ☐ spouse ☒ no spouse as follows: ☒ divorced or never married ☐ spouse deceased

    (2) ☐ domestic partner ☒ no domestic partner *(See Prob. Code, §§ 37(b), 6401(c), and 6402.)*

    (3) ☒ child as follows: ☒ natural or adopted ☐ natural adopted by a third party ☐ no child

    (4) ☐ issue of a predeceased child ☒ no issue of a predeceased child

  b. Decedent ☐ is ☒ is not survived by a stepchild or foster child or children who would have been adopted by decedent but for a legal barrier. *(See Prob. Code, § 6454.)*

7. *(Complete if decedent was survived by (1) a spouse or domestic partner but no issue (only a or b apply), or (2) no spouse, domestic partner, or issue. Check the **first** box that applies):*

  a. ☐ Decedent is survived by a parent or parents who are listed in item 9.

  b. ☐ Decedent is survived by issue of deceased parents, all of whom are listed in item 9.

  c. ☐ Decedent is survived by a grandparent or grandparents who are listed in item 9.

  d. ☐ Decedent is survived by issue of grandparents, all of whom are listed in item 9.

  e. ☐ Decedent is survived by issue of a predeceased spouse, all of whom are listed in item 9.

  f. ☐ Decedent is survived by next of kin, all of whom are listed in item 9.

  g. ☐ Decedent is survived by parents of a predeceased spouse or issue of those parents, if both are predeceased, all of whom are listed in item 9.

  h. ☐ Decedent is survived by no known next of kin.

01495

| ESTATE OF *(Name)*: EDWARD B. TOWNSEND | CASE NUMBER: |
|---|---|
| DECEDENT | 084914 |

8. *(Complete only if no spouse or issue survived decedent.)* Decedent ☐ had no predeceased spouse ☐ had a predeceased spouse who   (1) ☐ died not more than 15 years before decedent owning an interest in **real property** that passed to decedent, (2) ☐ died not more than five years before decedent owning **personal property** valued at $10,000 or more that passed to decedent, (3) ☐ neither (1) nor (2) apply. *(If you checked (1) or (2), check only the first box that applies):*

   a. ☐ Decedent is survived by issue of a predeceased spouse, all of whom are listed in item 9.
   b. ☐ Decedent is survived by a parent or parents of the predeceased spouse who are listed in item 9.
   c. ☐ Decedent is survived by issue of a parent of the predeceased spouse, all of whom are listed in item 9.
   d. ☐ Decedent is survived by next of kin of the decedent, all of whom are listed in item 9.
   e. ☐ Decedent is survived by next of kin of the predeceased spouse, all of whom are listed in item 9.

9. Listed below are the names, relationships, ages, and addresses, so far as known to or reasonably ascertainable by petitioner, of (1) all persons named in decedent's will and codicils, whether living or deceased; (2) all persons named or checked in items 2, 6, 7, and 8; and (3) all beneficiaries of a devisee trust in which the trustee and personal representative are the same person.

| Name and Relationship | Age | Address |
|---|---|---|
| DAVID TOWNSEND, SON | ADULT | 10101 AMIGO STREET<br>NORTHRIDGE, CA 91324 |
| KATHRYN GRIFFIN, DAUGHTER | ADULT | 3841 GERTIN STREET<br>HOUSTON, TX 77004 |
| MICHAEL TOWNSEND, SON | ADULT | 27307 EL PUENTE<br>SUN CITY, CA 92586 |

☐ Continued on Attachment 9.

10. Number of pages attached: ___1___

Date:  NOVEMBER 20, 2003

► *Richard L. Heaton.*
(SIGNATURE OF ATTORNEY*)

* (Signature of all petitioners also required. (Prob. Code, § 1020, California Rules of Court, rule 7.103).)

RICHARD L. HEATON, ESQ.   SBN: 71149

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  NOVEMBER 20, 2003

HELEN TOWNSEND McDONALD
(TYPE OR PRINT NAME)

► *Helen C. Townsend M. Donely*
(SIGNATURE OF PETITIONER)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PETITIONER)

DE-111 [Rev. August 17, 2003]     **PETITION FOR PROBATE**     Page 3 of 3

01496

1   Richard L. Heaton, Esq.  SBN: 71149
     Garrett & Heaton, LLP
2   4041 MacArthur Blvd., Suite 360
     Newport Beach, CA 92660
3   Telephone: (949) 833-1066
     Teelcopier: (949) 833-1292
4

5   Attorneys for Petitioner,
     Helen Townsend McDonald

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 05 2007

K. Rahlwes

6           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7           **COUNTY OF RIVERSIDE, CENTRAL JUDICIAL DISTRICT**

8                           **PARTIAL FAX FILING**

9   Re Estate of              )   **CASE NO. 084914**
                               )
10   Edward B. Townsend,      )  **PETITION TO DETERMINE TITLE TO AND**
                             )  **REQUIRE TRANSFER OF PERSONAL**
11           Deceased.    )  **PROPERTY TO ESTATE**
                             )  [Prob. C. §850(a)(2)(A)]
12                              )
13                              )  DATE:  4-18-07
                             )  TIME:  8:30
14                              )  DEPT:  10
15

16      Petitioner, Helen Townsend McDonald, alleges:

17        1.     Petitioner is the Personal Representative of the estate of Edward B.

18   Townsend (hereinafter "Ed") and is Ed Townsend's sister.

19        2.     During the life of Ed Townsend, he had a close and loving relationship with

20   his sister, Helen McDonald. Ed was a talented musician who composed a substantial

21   catalog of songs which were sung by the likes of the famed American soul and Rhythm &

22   Blues singer, Marvin Gaye. Especially well known among his songs were Marvin Gaye's

23   1973 hit "Let's Get It On," along with his 1958 hit "For Your Love" which was covered by

24   the singing group of Peaches & Herb. Accordingly, the value of the catalog that Ed left

25   behind was quite substantial, and the songs are still so popular that the royalties each

26   year from the catalog approach half a million dollars.

27        3.     In 1995, Ed approached his sister, Helen, and told her that he wished to sell

28   her a small portion of his catalog for the sum at that time of $10,000. At that time, the

1    5.    Ed died on August 13, 2003, of a heart attack and was a resident of Sun City
2    in Riverside County, where his sister was also a resident. They had maintained a close
3    relationship right through the moment of his death.

4    6.    Ed died intestate, leaving three natural children as the heirs of his estate:
5    namely, Edward David Townsend, Clef Michael Townsend, and Kathryn Griffin. As is
6    shown by the facsimile transmittal dated August 19, 2002, from Ed to David Pullman, a
7    copy of which is attached hereto as Exhibit "C," Mr. Pullman had extensive information
8    about the underlying nature of the catalog. Furthermore, as is shown by the e-mail sent
9    Monday, September 9, 2002, from Ed to David Pullman, a copy of which is attached
10   hereto as Exhibit "D," Mr. Pullman had offered "a couple of million dollars" for the catalog
11   in 2002, which would make 10% of the catalog worth $200,000.00 even based on his
12   prior offer. In addition, because of activity after that date, the catalog increased further in
13   value and is worth even more presently. After Ed's death, each of the foregoing three
14   beneficiaries was shown the letter agreement and affirmed and ratified their acceptance
15   of it and agreed that it should be upheld as valid in the context of administering the
16   estate. Furthermore, declarations were filed  with the court in this action on March 29,
17   2006, by KATHRYN GRIFFIN and CHERRIGALE TOWNSEND, who is the successor in
18   interest to EDWARD DAVID TOWNSEND who died during the estate administration;
19   those declarations, once again, confirm their acceptance of the letter agreement and their
20   desires that it be considered valid and upheld by this court.  Copies of those declarations
21   are attached hereto as Exhibits "E" and "F," respectfully.

22   7.    Michael affirmed his acceptance of it and agreed that Helen should have the
23   10% of the catalog that Ed had failed to transfer to her.

24   8.    After Michael affirmed the agreement, he was contacted by a certain David
25   Pullman, who offered to purchase his interest in the estate. Mr. Pullman had, prior to Ed's
26   death, engaged in intense negotiations to purchase Ed's catalog and had extensive
27   knowledge of the catalog. Mr. Pullman knew what the catalog was producing by way of
28   royalty income and, as an expert in the field of royalty interests, well knew the substantial

1    the estate but that that did not include the interest that went to Helen, since he had

2    already committed to honor his father's wishes.

3          10.    Petitioner, Helen Townsend McDonald, requests that pursuant to Probate

4    Code §850(a)(2)(A) this Court determine that she, as a Personal Representative, execute

5    the terms of the aforesaid agreement and transfer to herself as a claimant, the aforesaid

6    interest of "10% of Ed Townsend Productions and all things involved therewith," and

7    specifically to include but not be limited to 10% of Ed Townsend's music catalog. In

8    addition, she requests that the terms of the letter agreement be honored in that she

9    would also have the right to 25% of the net profit earned (although to date there has been

10   no net profit) from the two songs "Somehow My Fear (Just Disappear)" and "In The

11   Morning (We'll Know)" as well as 15% of the ownership of the copyrights of those songs.

12   Such ownership would begin as set forth in the letter agreement starting January 11,

13   1995, and would include all the royalties paid after that date

14         WHEREFORE, Petitioner prays for an order enforcing the January 11, 1995 letter

15   agreement as follows:

16         1.    25% of the royalties earned after January 11, 1995 from the two songs.

17   "Somehow My Fear (Just Disappear)" and "In The Morning (We'll Know)" be paid to her

18   and that she be granted 15% owner in the copyrights for those two songs. In addition,

19   that she be adjudged a 10% owner of Ed Townsend Productions and all of its assets,

20   including but not limited to the music catalog of the decedent, Edward B. Townsend, and

21   that title to the foregoing assets be ordered to be conveyed by her, as Personal

22   Representative of the estate, to her, as an individual, and for such other relief as this

23   Court deems appropriate.

24   Dated: _March 1_, 2007                    _HELEN TOWNSEND McDONALD_

25

26

27   GARRETT & HEATON, LLP

28   _RICHARD L. HEATON_

5

1  Richard L. Heaton, Esq.  SBN: 71149
2  Garrett & Heaton, LLP
3  4041 MacArthur Blvd., Suite 360
   Newport Beach, CA 92660
   Telephone:  (949) 833-1066
4  Telecopier:  (949) 833-1292

5  Attorneys for Petitioner,
6  Helen Townsend McDonald



F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 2 0 2005

7

8              **SUPERIOR COURT OF CALIFORNIA**

9                 **COUNTY OF RIVERSIDE**

10                      **FAX FILING**

11  Re Estate of                    )   **CASE NO. O84914**
                                    )
12  EDWARD B. TOWNSEND,             )   **FIRST AND FINAL ACCOUNT AND REPORT
                                    )   OF STATUS OF ADMINISTRATION AND**
13              Decedent.           )   **PETITION FOR SETTLEMENT THEREOF; FOR
                                    )   ALLOWANCE OF STATUTORY ATTORNEY'S**
14                                  )   **AND ADMINISTRATOR'S COMPENSATION;
                                    )   FOR EXTRAORDINARY ATTORNEY'S AND**
15                                  )   **ADMINISTRATOR'S COMPENSATION; FOR
                                    )   REIMBURSEMENT OF COSTS ADVANCED;**
16                                  )   **AND FOR FINAL DISTRIBUTION**
                                    )   [Prob. C. §§1060 et. seq., 10800, 10810, 10811,
17                                  )   12201]
                                    )
18                                  )
                                    )   DATE: 3-1-06
19                                  )   TIME:  8:30 AM
                                    )   DEPT:
20                                  )        10 ac
                                    )
21  ──────────────────────────────── )

22       HELEN TOWNSEND McDONALD, the administrator of the estate of Edward

23  B. Townsend, respectfully presents her First and Final Account and Report of

24  Status of Administration and Petition for Settlement Thereof, for Allowance of

25  Statutory Attorney's and Administrator's Compensation; for Extraordinary Attorney's

26  and Administrator's Compensation; for Reimbursement of Costs Advanced; and for

27  Final Distribution, as follows.

28

                                    1
     **FIRST & FINAL ACCT. & REPT. OF STATUS OF ADMIN.; PET FOR ITS SETTLEMENT, FOR
     COMP. & COSTS REIMB.; FOR FINAL DISTRIBUTION**
                                                              01233

1   of this accounting period on December 1, 2005, is $1,541,023.00 of which

2   $475,000.00 is cash.  A list of the property on hand is attached as Schedule F to

3   Exhibit "A" and incorporated by this reference.

4         15.     **Cash Invested in Interest-Bearing Accounts** -- During the period of

5   the accounting, the Petitioner kept all cash, other than such amounts as were

6   reasonably necessary for the estate's administration, invested in interest-bearing

7   accounts or other investments authorized by law.

8

9         16.     **Graduated Filing Fee Adjustment** -- The corrected filing fee

10  ($2,276.00) is greater than the estimated filing fee paid ($280.00). The difference

11  ($1,996.00) has been paid to the clerk of this court.  The Graduated Filing Fee

12  Information schedule and a true and correct copy of the receipt for that payment is

13  attached as Exhibit "C." P D 12/7/06

14

15        17.     **Paternity** -- The decedent had three children: Edward David

16  Townsend, Clef Michael Townsend, and Kathryn Griffin. Edward David Townsend

17  and Clef Michael Townsend were children born of the marriage between decedent

18  and Cherrigale Townsend. Kathryn Griffin was born out of wedlock to the decedent

19  and an unknown mother. The reason that the mother is unknown is that the records

20  have been sealed in Los Angeles County. However, it is known personally to Clef

21  Michael Townsend and was know to Edward David Townsend that Kathryn Griffin

22  was delivered by Dr. David Owens, and this was also known by Cherrigale

23  Townsend, the mother of Clef Michael Townsend and Edward David Townsend. Dr.

24  David Owens' name was shown on the birth certificate as the delivering doctor and

25  Dr. Owens confirmed that Kathryn Griffin was, indeed, the natural child of Edward

26  B. Townsend. Furthermore, both Clef Michael Townsend and Cherrigale Townsend,

27

28

5

FIRST & FINAL ACCT. & REPT. OF STATUS OF ADMIN.; PET FOR ITS SETTLEMENT, FOR
COMP. & COSTS REIMB.; FOR FINAL DISTRIBUTION

01237

who is the personal representative of Edward David Townsend's estate and the former spouse of Edward B. Townsend, have specifically stated that they wish to acknowledge Kathryn Griffin as the natural child and heir of Edward B. Townsend. It is therefore requested of this Court that it confirm the paternity of Kathryn Griffin as the daughter of Edward B. Townsend for purposes of inheriting her one-third intestate share of Edward B. Townsend's estate.

18. **Loan to Clef Michael Townsend** - On January 16, 2004, Sharon J. Thornton loaned to beneficiary, Clef Michael Townsend, the amount of $5,000.00. Attached hereto as Exhibit "D" is an Assignment of Interest in Estate and the related promissory note. Accordingly, from the distributive share of the distribution that would otherwise go to Clef Michael Townsend, there should be deducted $5,000.00 plus interest thereon at the rate of seven percent (7%) simple interest from January 16, 2004 until the date of payment, and that should be paid to Sharon J. Thornton in full payment of her loan and in exchange for her release of the Assignment of Interest in Estate.

19. **Death of Edward David Townsend** - During the estate's settlement, on October 27, 2005, Edward David Townsend deceased. A diligent search was made of his home and no will was found for him. He died an unmarried man without children. His mother, Cherrigale Townsend, is in the process of petitioning the Court for Letters of Administration of his estate. Accordingly, his share should be paid to his estate.

20. **Eviction Proceedings and Attorney's Fees** - The estate owned property at 19446 Wyandotte Street in Reseda, California. At the time of the Decedent's death, there were non-rent paying tenants in the property. Attorney

FIRST & FINAL ACCT. & REPT. OF STATUS OF ADMIN.; PET FOR ITS SETTLEMENT, FOR COMP. & COSTS REIMB.; FOR FINAL DISTRIBUTION

01238

Griffin, Estate of Edward David Townsend, and either David Pullman or Clef

Michael Townsend, depending on the Court's decision regarding the assignment of

Clef Michael Townsend's interest.

12.   For such other and further orders as the Court may deem proper.

Dated: Dec. 16, 2005

HELEN TOWNSEND McDONALD
Petitioner

GARRETT & HEATON, LLP

By:

RICHARD L. HEATON,
Attorney for Petitioner

## VERIFICATION

I, HELEN TOWNSEND McDONALD, am the petitioner in the above-entitled matter. I have read the foregoing FIRST AND FINAL ACCOUNT AND REPORT OF STATUS OF ADMINISTRATION AND PETITION FOR SETTLEMENT THEREOF; FOR ALLOWANCE OF STATUTORY ATTORNEY'S AND ADMINISTRATOR'S COMPEN-SATION; FOR EXTRAORDINARY ATTORNEY'S AND ADMINISTRATOR'S COMPENSA-TION; FOR REIMBURSEMENT OF COSTS ADVANCED; AND FOR FINAL DISTRIBUTION and know the contents thereof. The petition is true of my knowledge, except as to those matter that are stated on information and belief, and as to those matters, I believe them to be true.

13

FIRST & FINAL ACCT. & REPT. OF STATUS OF ADMIN.; PET FOR ITS SETTLEMENT, FOR
COMP. & COSTS REIMB.; FOR FINAL DISTRIBUTION

1       I declare under penalty of perjury under the laws of the State of California

2  that the foregoing is true and correct.

3       Executed on __Dec    16__, 2005 at Sun City, California.

4

5

6                             HELEN TOWNSEND McDONALD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

**FIRST & FINAL ACCT. & REPT. OF STATUS OF ADMIN.; PET FOR ITS SETTLEMENT, FOR COMP. & COSTS REIMB.; FOR FINAL DISTRIBUTION**

1 | HAROLD S. NELSON
Attorney at Law
2 | State Bar # 77565
24422 Avenida de la Carlota, Suite 200
3 | Laguna Hills, California 92653
Phone: (949) 770-6788
4 | Fax:   (949) 768-6402

5 | Attorney for Vilmore J. Schexnader

6

7

8 |               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                    FOR THE COUNTY OF RIVERSIDE

10

11 | RE ESTATE OF:                  )   CASE NO. RIP 084914
                                   )
12 |     EDWARD B. TOWNSEND,        )   DATE: May 31 , 2006
                                   )   TIME: 8:30 A.M.
13 |                                )   DEPT: 10AC
                                   )
14 |              Decedent.         )
                                   )   DECLARATION OF KATHRYN
15 | _____ )   GRIFFIN

16 |     I, Kathryn Griffin, also known as Kathryn Griffin Townsend,

17 | declare as follows:

18 |     1.   I am the daughter of Edward B. Townsend, deceased.

19 |     2.   I am also a half-sister of Clef Michael Townsend.  I

20 | submit this declaration in support of an action being taken to

21 | set aside the transfer of the inheritance of Clef Michael

22 | Townsend to David Pullman and Structured Asset Sales, LLC in

23 | approximately June of 2004.  Clef Michael Townsend has told me

24 | that he did not read the document he signed and did not

25 | understand that he was transferring his entire inheritance

26 | interest.

27 |     3.   Approximately one year ago I was also contacted by

28 | David Pullman.  He wanted to purchase my interest in my father's

                               1

                  DECLARATION OF KATHRYN GRIFFIN

00060

1  catalog of music and offered me $300,000.  I believed this offer
2  was less than the true value of the music.  I refused to accept
3  his   offer.     He   continued   to   call   me   over   a   period   of
4  approximately six months.  His calls became harassment as he
5  aggressively and persistently tried to convince me to sell to
6  him.   Here are some of his statements: "You know you need some
7  money now."  "I'll take care of you."  He knew I was a recovering
8  drug and alcohol abuser like my brother Michael and continued to
9  try to persuade me to sell to him.

10     4.    Later   in   the   year,   after   Hurricane   Katrina,   he
11  contacted me and said he knew I needed money and I should sell.
12  I felt very pressured by him.  However, my father had told me
13  that he wanted us to keep his catalog of music in the family.  I
14  also believed his offer of $300,000 for my interest in the
15  catalog of music was very inadequate.

16     5.    As a beneficiary daughter of the decedent and one
17  familiar with my father's music, it is my opinion that the
18  payment by David Pullman and Structured Asset Sales, LLC of
19  $100,000 for my brother's inheritance was grossly inadequate.

20     6.    I consent to the appointment of Vilmore J. Schexnader
21  as conservator of the estate of my brother Clef Michael Townsend.

22         I have personal knowledge of the above and, if sworn
23  to, could testify competently thereto.  I declare under penalty
24  of perjury pursuant to the laws of the State of California that
25  the foregoing is true and correct.

26     Executed this ___ day of ~~March~~, 2006, at Houston, Texas.

27

28
                              KATHRYN GRIFFIN

                                    2

─────────────────────────────────────────────
                    DECLARATION OF KATHRYN GRIFFIN

FROM :Council Member Peter Br  ~    FAX NO. :7132473519          Mar. 29 2006 04:30PM  P3
03/28/2006  23:17   S    J402                   LAWOFFICE                        PAGE  03/04

1 | HAROLD S. NELSON
    Attorney at Law
2 | State Bar # 77565
    24422 Avenida de la Carlota, Suite 200
3 | Laguna Hills, California 92653
    Phone: (949) 770-6788
4 | Fax:   (949) 768-6402

5 | Attorney for Vilmore J. Schexnader

6

7

8 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                 FOR THE COUNTY OF RIVERSIDE

10

11 | RE ESTATE OF:                 )  CASE NO. RIP 084914
                                   )
12 |      EDWARD B. TOWNSEND,      )  DATE: April 6, 2006
                                   )  TIME: 8:30 A.M.
13 |                               )  DEPT: 10AC
             Decedent.             )
14 |                               )  DECLARATION OF KATHRYN
                                   )  GRIFFIN
15 | _____ )

16 |     I, Kathryn Griffin, also known as Kathryn Griffin Townsend,

17 | declare as follows:

18 |     1.    I am the daughter of Edward B. Townsend, deceased.

19 |     2.    I am also a half-sister of Clef Michael Townsend.  I

20 | submit this declaration in support of an action being taken to

21 | set aside the transfer of the inheritance of Clef Michael

22 | Townsend to David Pullman and Structured Asset Sales, LLC in

23 | approximately June of 2004.  Clef Michael Townsend has told me

24 | that he did not read the document he signed and did not

25 | understand that he was transferring his entire inheritance

26 | interest.

27 |     3.    Approximately one year ago I was also contacted by

28 | David Pullman.  He wanted to purchase my interest in my father's

                                  1

                    DECLARATION OF KATHRYN GRIFFIN

1  catalog of music and offered me $300,000.  I believed this offer
2  was less than the true value of the music.  I refused to accept
3  his offer.     He continued  to  call  me  over  a  period  of
4  approximately six months.  His calls became harassment as he
5  aggressively and persistently tried to convince me to sell to
6  him.  Here are some of his statements: "You know you need some
7  money now."  "I'll take care of you."  He knew I was a recovering
8  drug and alcohol abuser like my brother Michael and continued to
9  try to persuade me to sell to him.

10      4.    Later  in  the  year,  after  Hurricane  Katrina,  he
11  contacted me and said he knew I needed money and I should sell.
12  I felt very pressured by him.  However, my father had told me
13  that he wanted us to keep his catalog of music in the family.  I
14  also believed his offer of $300,000 for my interest in the
15  catalog of music was very inadequate.

16      5.    As a beneficiary daughter of the decedent and one
17  familiar with my father's music, it is my opinion that the
18  payment by David Pullman and Structured Asset Sales, LLC of
19  $100,000 for my brother's inheritance was grossly inadequate.

20      6.    I consent to the appointment of Vilmore J. Schexnader
21  as conservator of the estate of my brother Clef Michael Townsend.

22          I have personal knowledge of the above and, if sworn
23  to, could testify competently thereto.  I declare under penalty
24  of perjury pursuant to the laws of the State of California that
25  the foregoing is true and correct.

26      Executed this 29th day of March, 2005, at Houston, Texas.

27

28                              KATHRYN GRIFFIN

                                    2

DECLARATION OF KATHRYN GRIFFIN

00129

2/14/2006
9:16 AM

**GARRETT & HEATON, LLP**
Pre-Bill Worksheet

Page    27

## MCDONALD/TOWNSEND.002:HELEN TOWNSEND MCDONALD (continued)

| Date ID | Professional Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 10/29/2004 | RLH 96660 LEGAL | 400.00 | 0.30 | 120.00 | Billable |

TELEPHONE CALL WITH HELEN REGARDING PATERNITY ISSUES
TO GET ADEQUATE ASSURANCE THAT KATHRYN GRIFFIN REALLY
IS THE HEIR OF ED TOWNSEND

| 11/2/2004 | RLH 96842 LEGAL | 400.00 | 0.70 | 280.00 | Billable |
|---|---|---|---|---|---|

LENGTHY TELEPHONE CALL WITH KATHY GRIFFIN REGARDING
HER PATERNITY AND PROOF THEREOF AND VARIOUS ELEMENTS
OF HER BACKGROUND INCLUDING WHO HER MOTHER MIGHT BE
AND THE CIRCUMSTANCES OF HER ADOPTION AND ADVICE TO
HER REGARDING ADVICE IN THIS REGARD

| TOTAL | Billable Fees | | 4.90 | | $1,960.00 |
|---|---|---|---|---|---|

Total of billable expense slips — $0.00

| | | | | Amount | Total |
|---|---|---|---|---|---|
| Total of Fees (Time Charges) | | | | | $1,960.00 |
| Total of Costs (Expense Charges) | | | | | $0.00 |
| Total new charges | | | | | $1,960.00 |
| Total New Balance | | | | | $1,960.00 |

### Professional Summary

| Professional | Rate | Hours | Charges | Slip Value | Adjustment |
|---|---|---|---|---|---|
| RLH | 400.00 | 4.60 | $1,840.00 | $1,840.00 | 0.00 |
| TBG | 400.00 | 0.30 | $120.00 | $120.00 | 0.00 |

01103

11/20
P201

1    Toni Eggebraaten, Esq. (SBN 164351)
     77-564A Country Club Drive, #191
2    Palm Desert, CA  92211
     Telephone:  (760) 772-4292
3    Facsimile:  (760) 772-4293

4    Attorney for Riverside County
     Public Administrator

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF RIVERSIDE

10

11   In the Matter of the Estate of  )  Case No.  RIP 084914
                                      )
12   EDWARD B. TOWNSEND,              )  [PROPOSED] ORDER GRANTING EX
                                      )  PARTE APPLICATION FOR APPROVAL
13                                    )  OF SCHEDULE OF DISTRIBUTION
                                      )
14        Deceased.                   )
                                      )
15                                    )  Date:  September 25, 2008
                                      )  Time:  10:00 a.m.
16                                  . )  Dept:  P201
                                      )
17

18

19        Riverside County Public Administrator, as administrator of

20   the estate of Edward B. Townsend, deceased, having filed his Ex

21   Parte Application For Approval of Schedule of Distribution, and

22   good cause appearing therefor,

23

24        IT IS ORDERED AND ADJUDGED THAT:

25

26        1.   The "Schedule N: Proposed Distributions," as

27   incorporated in the amended final accounting that has previously

28   been approved and settled by the Court, accurately sets out the

                              1                    ORDER RE
                                                   SCHEDULE FOR
                                                   FINAL DISTRIBUTION

                                                   00217


FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
SEP 25 2008

1 | distributions that were to be made pursuant to the order entered
2 | in this matter on August 14, 2008.  In addition, the court having
3 | now ruled on the petition for additional extraordinary fees
4 | requested by Garrett & Heaton, LLC, and the parties having
5 | stipulated that the estate should pay attorney fees of $3,873.50
6 | incurred by beneficiary Structured Asset Sales, LLC in opposition
7 | to that petition, the special reserve of $59,000 created to cover
8 | the petition by Garrett & Heaton, LLC for additional extraordinary
9 | fees may now be distributed.  Accordingly, the administrator is
10 | authorized and ordered to make distribution consistent with the
11 | "Schedule N: Proposed Distributions" incorporated in the amended
12 | final accounting and, further, to distribute the $59,000 special
13 | reserve shown therein.  Such distribution shall include the
14 | following distributions, offsets and adjustments:

16 |     A.  **As to Structured Asset Sales, LLC, assets valued**
17 | **at $125,867.89, calculated as follows:**

18 |     i.  The sum of $67,499.83, representing
19 | distribution of 33-1/3 percent of the balance of cash in the net
20 | estate at the conclusion of the accounting period;

21 |     ii.  The additional sum of $2,440.84 reflecting
22 | the beneficiary's one-third interest in the income accruing to the
23 | estate on the 10 percent interest in decedent's Music Catalog
24 | retained by the estate during the accounting period ending June 9,
25 | 2008;

26 |     iii. Distribution shall be reduced by the sum of
27 | $4,702.41 reflecting a prior partial assignment of the assignor's
28 | interest in the estate;

1            iv.   An equalizing payment of $25,629.63 for

2    additional sums owing on prior preliminary distributions; and

3            v.    Distribution of an additional 3-1/3% interest

4    in decedent's Music Catalog with a carry value of $35,000.00.

5    Combined with a prior preliminary distribution of a 30% interest,

6    this further distribution will result in Structured Asset Sales,

7    LLC holding a total 33-1/3% interest in the Music Catalog.

8

9            B.   **As to Helen Townsend McDonald, assets valued at**

10   **$273,712.90, calculated as follows:**

11           i.    The sum of $13,499.97, representing

12   distribution of 6-2/3 percent of the balance of cash in the net

13   estate at the conclusion of the accounting period;

14           ii.   The additional sum of $4,881.67 reflecting

15   her two-thirds interest in the income accruing to the estate on

16   the 10 percent interest in decedent's Music Catalog retained by

17   the estate during the accounting period ending June 9, 2008;

18           iii. An equalizing payment of $51,259.26 for sums

19   owing consistent with prior preliminary distributions made to

20   other beneficiaries;

21           iv.   Distribution of a 6-2/3% interest in

22   decedent's Music Catalog with a carry value of $70,000.00;

23           v.    The sum of $67,036.00 assigned by Kathryn

24   Griffin Townsend; and

25           vi.   The sum of $67,036.00 assigned by Cherrigale

26   Townsend, the personal representative of the Estate of David

27   Townsend.

28

<br>

3

ORDER RE
SCHEDULE FOR
FINAL DISTRIBUTION

1         C.    **As to Kathryn Griffin Townsend, a negative balance**

2 **of <$6,786.15>, calculated as follows:**

3         i.    Distribution of decedent's personal property,

4 held at an appraised carry value of $500.00;

5         ii.    The sum of $60,249.85, representing 30

6 percent of the balance of cash in the net estate at the end of the

7 accounting period, less an offset of $500.00 for the in-kind

8 distribution of the personal property;

9         iii. Less the sum of $67,036.00 previously

10 assigned to Helen Townsend McDonald.  Deduction of this sum

11 results in a negative balance owed to the estate, which balance

12 shall be repaid out of the beneficiary's share of the unused

13 portion of the reserve.

14

15         D.    **As to Cherrigale Townsend, Personal Representative**

16 **of the Estate of David Townsend, a negative balance of**

17 **<$6,286.15>:**

18         i.    The sum of $60,749.85, representing 30

19 percent of the balance of cash in the net estate at the end of the

20 accounting period;

21         ii.    Less the sum of $67,036.00 previously

22 assigned to Helen Townsend McDonald. Deduction of this sum results

23 in a negative balance owed to the estate, which balance shall be

24 repaid out of the beneficiary's share of the unused portion of the

25 reserve.

26

27     2.    Additionally, the Court now having ruled on the request

28 for extraordinary fees to be paid to Garrett & Heaton, LLP, the

ORDER RE
SCHEDULE FOR
FINAL DISTRIBUTION

00220

1  administrator may disburse the additional sum of $59,000.00,

2  previously set aside as a reserve for said fees, as follows:

3          A.    Garrett & Heaton, LLP has received the sum of

4  $25,749.75, representing final payment for all services rendered

5  with respect to this estate and/or its administrator(s).

6          B.    The sum of $3,873.50 shall be paid to Horspool &

7  Parker, APC, counsel for Structured Asset Sales, LLC, as

8  compensation for its services in opposing the petition by Garrett

9  & Heaton, LLP for additional extraordinary fees;

10         C.    The sum of $29,376.75 (the balance of the special

11 $59,000 reserve) shall be distributed as follows:

12              i.    33-1/3% to Structured Asset Sales, LLC

13 ($9,792.25);

14              ii.   30% to Kathryn Griffin Townsend ($8,813.03),

15 to first be applied toward the negative balance owed to the estate

16 as referenced above;

17              iii.  30% to Cherrigale Townsend, Personal

18 Representative of the Estate of David Townsend ($8,813.03), to

19 first be applied toward the negative balance owed to the estate as

20 referenced above; and

21              iv.   6-2/3% to Helen Townsend McDonald

22 ($1,958.44).

23

24      3.    The administrator shall instruct all royalty payors

25 included in decedent's Music Catalog to hereafter make

26 distribution of all income as follows:

27         A.    30% to Kathryn Griffin Townsend;

28

5

ORDER RE
SCHEDULE FOR
FINAL DISTRIBUTION

1    B.    30% to Cherrigale Townsend, Personal,
2 Representative of the Estate of David Townsend;
3    C.    33-1/3% to Structured Asset Sales, LLC; and
4    D.    6-2/3% to Helen Townsend McDonald.
5
6    4.    Any income paid to the administrator after the
7 accounting period ending June 9, 2008 which accrued on the 10
8 percent interest in the Music Catalog previously held by the
9 estate shall be distributed one-third to Structured Asset Sales,
10 LLC and two-thirds to Helen Townsend McDonald.
11
12    5.    Any other estate income or assets paid to or received
13 by the administrator after the accounting period ending June 9,
14 2008, shall be distributed as follows:
15    A.    30% to Kathryn Griffin Townsend
16    B.    30% to Cherrigale Townsend, Personal
17 Representative of the Estate of David Townsend;
18    C.    33-1/3% to Structured Asset Sales, LLC; and
19    D.    6-2/3% to Helen Townsend McDonald.
20
21    6.    This Order supplements, but does not supersede, the
22 order entered in this matter on August 14, 2008.
23
24 DATED:    09-25-2008
25                              Hon. Joan F. Burgess
26                              Judge of the Superior Court
27
28

6

ORDER RE
SCHEDULE FOR
FINAL DISTRIBUTION

00222