UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,

*Plaintiffs*,

-against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS

*Defendants*.

ECF CASE

17-cv-5221 (RJS)

**DECLARATION OF AUDREY ASHBY**

I, Audrey Ashby, declare as follows:

1. I am a Vice President, Business Affairs, employed by defendant Sony/ATV Music Publishing LLC ("SATV"), which administers all of the United States publishing companies that collectively operate under the name of EMI Music Publishing.[1] In that capacity, in addition to other duties, I supervise copyright research and have knowledge of and supervisory control over the books and records containing the historical songwriter agreements and other documents associated with such songwriter agreements. I also have supervisory authority over the copyright files, which contain copyright registrations and renewals. As such, I have personal knowledge of the facts set forth in this Declaration.

---

[1] There is actually no legal entity known as EMI Music Publishing. Rather, it is simply a short-hand name used to refer to the approximately 100 or so United States music publishing companies that were formerly owned by EMI Group, Plc (which was a United Kingdom public company) and which are currently owned by a consortium of investors including Sony Corporation of America. SATV itself owns no interest whatsoever in any of the EMI Music Publishing companies.

3139631 v1
20903.00001

2.  According to the records under my control, Edward B. Townsend ("Townsend") was credited as a co-author of the musical composition titled *Let's Get It On* in 1973 (the "LGO Composition").

3.  Further, according to our records, in return for the payment of royalties, Townsend's company, Cherritown, was the original legal owner of the Townsend interest in the copyright in the LGO Composition. In 1973, it sold 50% of its ownership interest in the LGO Composition (and other songs) to Stone Diamond Music Corp. ("Stone Diamond") (which is an affiliate of Jobete Music Co. Inc. ("Jobete"), both of which were part of the Motown organization then owned by Berry Gordy). In 1988, Cherritown sold and assigned the remaining 50% of its legal ownership of the copyright in the LGO Composition to Stone Diamond/Jobete and reconfirmed that sale in 1991. In or around 1997, Berry Gordy sold an interest in Stone Diamond/Jobete (and other affiliated music publishing companies) to EMI Music Publishing. Several years thereafter, EMI Music Publishing acquired the remaining ownership interest in Stone Diamond/Jobete from Berry Gordy.

4.  Accordingly Stone Diamond/Jobete, which are under the EMI Music Publishing umbrella, is, and since 1988 has been, publisher and sole and exclusive worldwide legal owner of the Townsend share of the copyright in the LGO Composition. (EMI also owns the legal copyright outside of the United States with respect to the Marvin Gaye authorship share of the LGO Composition and administers the United States share of the legal copyright owned by the heirs of Marvin Gaye). As publisher, Stone Diamond/Jobete retains 100% of the publisher's interest attributable to the Townsend share of LGO Composition in the income attributable to the exploitation of the LGO Composition. Subject to the terms of the specific contract, as a general proposition, the publisher's economic interest in a composition is equal to 50% of the total

domestic income earned by a musical composition and that is the case with respect to the LGO Composition.

5. Neither Townsend (who is deceased) nor his heirs own any interest in the legal copyright to the LGO Composition anywhere in the world. SATV, which has administered the catalogues of the EMI Music Publishing companies since 2012, when those companies were acquired by a consortium of investors, including Sony Corporation of America, administers the rights in the LGO Composition on behalf of Stone Diamond/Jobete. Again, as I have said, SATV has no ownership interest in any of the EMI companies.

6. According to the records under my supervision and control, what Townsend retained after selling full ownership of the copyright in the LGO Composition to Stone Diamond/Jobete was the right to be paid royalties in accordance with the songwriter agreement. Prior to his death, according to our records, Townsend retained the right to be paid two-thirds of the songwriter royalties attributable to the LGO Composition (i.e. two-thirds of 50% of the income earned by the LGO Composition).[2] Subject to the terms of certain administration and loan agreements between individual heirs of Marvin Gaye and certain EMI Music Publishing companies, the heirs of Marvin Gaye had the right to receive the remaining one-third of the songwriter royalties attributable to the LGO Composition (i.e. one-third of 50% of the income earned by the LGO Composition) and also obtained a publishing interest, in the United States only, attributable to the Marvin Gaye authorship share of the LGO Composition, which is administered by EMI Music Publishing.

---

[2] In 2002, Townsend entered into an agreement reducing his royalty rate to 40% in exchange for an advance payment which would be recouped from 50% of his reduced royalties. That agreement was still in place at the time of his death in 2003.

3

7. Presently, SATV as the administrator for Stone Diamond/Jobete of the LGO Composition, causes Stone Diamond/Jobete to pay one-third of the songwriter royalties and a portion of the United States publisher's share of income attributable to the LGO Composition (less certain administration fees payable pursuant to the terms of administration agreements and recoupment of certain loans and advances) to the heirs of Marvin Gaye. In regard to the remaining two-thirds of the songwriter royalties attributable to the LGO Composition, one-third of the remaining two-thirds (i.e. some 11.11% of 100% of the income) is paid to Structured Asset Sales, LLC and, based on information provided to the EMI companies and represented as accurate by the putative heirs of Townsend, two-thirds of the remaining two-thirds (i.e. some 22.22% of 100% of the income earned by the LGO Composition) is paid to the Plaintiffs. Thus, assuming the Plaintiffs were truly the legal heirs of Townsend, they have a 22.22% beneficial interest in the LGO Composition (or, stated otherwise, they are entitled to some 44.44% of the total songwriter royalties attributable to the LGO Composition).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 27, 2018

*Audrey Ashby*
AUDREY ASHBY