UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,

        *Plaintiffs*,

-against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS

        *Defendants*.

ECF CASE

17-cv-5221 (RJS)

**REPLY DECLARATION OF ILENE S. FARKAS**

I, Ilene S. Farkas, declare as follows:

1.    I am a member of Pryor Cashman LLP, counsel for Defendants. I have personal knowledge of, and am fully familiar with, the facts set forth in this Reply Declaration, which I respectfully submit in further support of Defendants' motion for summary judgment. In particular, I submit this Reply Declaration to address certain misleading and inaccurate factual statements set forth in the opposition papers of Plaintiffs (the "Opposition"), and to put before the Court additional documentation germane to this motion.[1]

**A.**    **Misleading and Inaccurate Factual Claims**

*Plaintiffs Do Not Own Rights In The LGO Recording, Nor Would It Matter If They Did*

2.    In response to Paragraph 33 of the Rule 56.1 Statement – which states that "Plaintiffs do not claim to have any right, title or interest of any kind in the sound recording copyright to the LGO Recording, nor do they claim to have any right, title or interest in the LGO

---

[1] Undefined capitalized terms have the meanings given to them in Defendants' Rule 56.1 Statement of Undisputed Facts.

Recording" – Plaintiffs, citing the liner notes of the Let's Get It On LP, claim they "are beneficial owners of Ed Townsend's producer interest and related royalties in the sound recording because Ed Townsend is the producer of the recording." However, it does not matter whether Plaintiffs may or may not receive a portion of Townsend's producer royalties based on his supposed role as "producer" of the LGO Recording because Plaintiffs are claiming TOL infringes the LGO composition, not the recording of LGO. Assuming Plaintiffs had rights in the recording, the only way Plaintiffs could sue for infringement of the recording would be if the Defendants copied or reproduced the actual sounds embodied in the recording itself, which is not what is claimed here. *See Erickson v. Blake*, 839 F. Supp. 2d 1132, 1135 n.3 (D. Or. 2012) (citing, 17 U.S.C. § 114(b)).[2]

*The Demo Recording of TOL Is Not At Issue*

3.  Plaintiffs make a few references to a demo recording of TOL that Sheeran and Amy Wadge recorded in Sheeran's kitchen in England (which evidences the independent creation of TOL). Plaintiffs have sued claiming that the commercially released version of TOL (as embodied on the commercially released sound recording) wrongfully copies LGO. There is no claim of infringement based on the early demo of TOL (nor could there be). Moreover, nothing contained in the demo recording changes the simple fact that none of the allegedly similar elements between the two works at issue are protectible as a matter of law.

*Stewart's "Draft" Report dated June 9, 2015*

4.  In their Opposition, Plaintiffs refer to a supposed "draft report" of Stewart dated June 9, 2015 (the "June 9 Report"). *See* Frank Decl. Ex. 7. The only 2015 report that had been

---

[2] Regardless, although not relevant to this motion, the fact that Townsend is credited as a "producer" does not establish that he owned a "producer interest" in LGO at any point in time, let alone at the time of his death, and Plaintiffs have not adduced competent evidence otherwise establishing his "producer interest," although such information would have been responsive to Defendants' discovery requests.

provided to Defendants was a report dated June 3, 2015 (the "June 3 Report"), which Plaintiffs did provide to Defendants in June 2015. A copy of the June 3 Report is annexed as Visual Exhibit H to Exhibit 4 of my moving declaration. It was only after Defendants pointed out material contradictions between Stewart's June 3 Report and the report he provided in December 2017 that Stewart offered, for the first time at his deposition, the existence of the June 9 Report which supposedly "corrected" these contradictions. The June 9 Report was then provided upon request to Defendants on or about May 30, 2018.

5. Suspicious of the authenticity of the June 9 Report, after Plaintiffs provided the June 9 Report to Defendants, Defendants repeatedly asked Plaintiffs – asking at least six times in writing – to provide metadata for the document to corroborate that the June 9 Report was actually drafted in 2015. To date, Plaintiffs have not provided the metadata, despite repeatedly promising that they would do so.

**B.    Additional Documentation Germane to This Motion**

6. Annexed hereto as **Exhibit 17** are true and correct highlighted excerpts of *Copyright: Its History and Its Law* (1912), authored by Richard Rogers Bowker.

7. Annexed hereto as **Exhibit 18** are true and correct highlighted excerpts of the 1960 Copyright Office Study cited by the parties.

8. Annexed hereto as **Exhibit 19** are true and correct transcriptions that Dr. Ferrara provided to me, which my firm then provided to counsel to the Plaintiffs during expert discovery.

9. Annexed hereto as **Exhibit 20** are true and correct additional excerpts of Stewart's deposition transcript. Defendants provided Plaintiffs with a copy of Stewart's deposition transcript on June 13, 2018; Plaintiffs never provided an errata sheet or otherwise "corrected" Stewart's testimony.

10.    As alluded to in the accompanying Reply Ferrara Declaration, "True Love Ways" by Peter & Gordon (1965) is one of many examples of songs that "anticipate" chord changes on the second and fourth chords of a 4-chord progression. Musical Example 6 in the Ferrara Report inadvertently refers to the Buddy Holly version of "True Love Ways," and not the Peter & Gordon version. Annexed hereto as **Exhibit 21** is a true and correct copy of email correspondence in which Defendants advised Plaintiffs of that inadvertent error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 28, 2018

ILENE S. FARKAS