UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,

        *Plaintiffs*,

-against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS

        *Defendants*.

ECF CASE

17-cv-5221 (RJS)

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

      Defendants respectfully submit this Notice of Supplemental Authority in further support of their Motion for Summary Judgment to place before the Court the recent decision of the United States Court of Appeals for the Ninth Circuit in *Skidmore v. Led Zeppelin, et. al.*, No. 16-56057, issued on September 28, 2018, a copy of which is annexed hereto as **Exhibit A**.

      In *Skidmore*, the Ninth Circuit, analyzing an unpublished musical composition under the 1909 Act, ruled that "the deposit copy of [the plaintiff's work], rather than a sound recording, defined the scope of the protectable copyright." *Id.* p. 25. In doing so, the Ninth Circuit addressed and rejected several of the arguments that Plaintiffs made in this case in their opposition papers regarding the proper scope of copyright.

      For example, the Ninth Circuit rejected the argument made by Skidmore (and repeated by Plaintiffs here) that the 1909 Act was intended to overturn *White-Smith Music Publishing Co. v. Apollo Co.*, ruling that while the 1909 Act extended copyright law to protect against infringing works in different forms beyond sheet music (*e.g.*, piano rolls), the 1909 Act did not extend the scope of protection for copyrighted works beyond "published sheet music or the musical

composition transcribed in the deposit copy." *Id.* p. 28.  The Ninth Circuit also distinguished *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000) and *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267 (6th Cir. 2009) – the two cases cited by Plaintiffs in their opposition papers – noting that the former addressed the "complete copy" requirement under the 1909 Act (which addresses subject matter jurisdiction, not the scope of protection), and that the latter addressed a composition subject to the 1976 Act.  *See Skidmore*, pp. 28-30.  Finally, the Ninth Circuit rejected Skidmore's public policy arguments.  *Id.* pp.32-33.

In contrast, the Ninth Circuit found "[m]ore persuasive" one of the cases that Defendants cited in support of their motion, which "opine[s] that one of the purposes of the deposit copy requirement is to provide 'sufficient material to identify the work in which the registrant claims a copyright.'"  *Id.* p. 30 (citing, *Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 367 F. Supp. 2d 514, 520 (S.D.N.Y. 2005) (other citation & quotation omitted)).  Ultimately, the Ninth Circuit concluded that "the structure of the 1909 Act demonstrates that the deposit copy encompasses the scope of the copyright for unpublished works, as the deposit copy must be filed not only to register the copyright, but for the copyright to even exist."  *Id.* p. 31.

The same logic applies – and the same result necessarily follows – with respect to published works under the 1909 Act.  Under Section 12 of the 1909 Act, "after copyright has been secured by publication of the work with the notice of copyright as provided in section nine of this Act, <u>there shall be promptly deposited</u> in the copyright office … two complete copies of the best edition thereof then published."  (Emphasis added).

Thus, under the 1909 Act, a claimant could register an unpublished work with a deposit copy or, alternatively, could obtain copyright protection through publication of copies (with requisite notices on the copies).  But to obtain copyright protection on a work published with the

copyright notice affixed to it, the claimant was still required to promptly deposit copies of the best edition of the work then published with the Copyright Office.  To be clear, publication could not be accomplished by the distribution of phonorecords under the 1909 Act because phonorecords were not accepted as intelligible written notation under the 1909 Act.  Publication of a musical work under the 1909 Act was by the distribution of sheet music (or other written notation), and that was the form of deposit copy required.

Accordingly, for published works under the 1909 Act, the scope of copyright is necessarily defined by either the deposit copy accompanying registration of an unpublished work or the sheet music the claimant first published and then deposited with the Copyright Office (again, the deposit copies must be copies of the "best edition" of the work then published).  In this case, according to the copyright application (Farkas Decl. Ex. 12), LGO was first published on February 14, 1973 (again, publication was only by sheet music or comparable written notation, not by distribution of phonorecords), and two copies of the best edition of LGO (the sheet music) were then deposited with the Copyright Office on or about July 17, 1973.  The LGO Deposit Copy defines the scope of protection.[1]

Dated: New York, New York
October 2, 2018

                                                        PRYOR CASHMAN LLP

                                                        By: */s/ Ilene S. Farkas*
                                                             Donald S. Zakarin
                                                             Ilene S. Farkas
                                                             Andrew M. Goldsmith
                                                        7 Times Square
                                                        New York, NY 10036
                                                        (212) 421-4100
                                                        *Attorneys for Defendants*

---

[1] The Ninth Circuit also ruled that the District Court erred in failing to allow the recording of the composition at issue "to be played to prove access" at the time of trial.  *See Skidmore*, p. 33.  In this case, Defendants have admitted access.

3