UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**KATHRYN TOWNSEND GRIFFIN,** *et.al.*,

    **Plaintiffs,**

**vs.**                                        **CASE NO: 17-CF-5221 (RJS)**

**EDWARD CHRISTOPHER SHEERAN,** *et.al.*,

    **Defendants.**

_____/

### PLAINTIFFS' RESPONSE TO DEFENDANTS'
### NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, respectfully, submit this Response to Defendants' October 2, 2018 Notice of

Supplemental Authority ("Defendants' Notice"), in which Defendants advised the Court of the

September 28, 2018 decision of the Ninth Circuit Court of Appeals in *Skidmore v. Led Zeppelin,*

*et. al.*, No. *16-56057* ("Skidmore"), a copy of which was annexed to Defendants' Notice as

Exhibit "A".  In *Skidmore*, Plaintiff alleged that rock music group Led Zeppelin copied the

opening measures of "Stairway to Heaven" from the song "Taurus," written by Spirit band

member Randy Wolfe.  After a jury ruled for the Defendants, the Ninth Circuit reversed and

remanded for a new trial due to several errors of copyright law made by the District Court and

erroneously conveyed in or omitted from instructions to the jury.

Chief among the errors forcing a new trial was the Ninth Circuit's finding that the District

Court had failed to instruct the jury that "there can be copyright protection on the basis of a

sufficiently original combination of otherwise non-protectable music elements."  The Ninth

Circuit explained just how serious this omission was in the context of that case:

The district court's failure to so instruct the jury was especially problematic in this case, because Skidmore's expert, Dr. Stewart, testified that there was extrinsic substantial similarity based on the combination of five (5) elements—some of which were protectable and some of which were in the public domain….Without a selection and arrangement instruction, the jury instructions severely undermined Skidmore's argument for extrinsic similarity, which is exactly what the jury found lacking.

*Skidmore* at 15, 17 (*Emphasis Supplied*).  Likewise:

When considered in the absence of a selection and arrangement instruction, Jury Instruction No. 16 could have led the jury to believe that even if a series of three notes or a descending chromatic scale were used in combination with other elements in an original manner, it would not warrant copyright protection….This error was not harmless as it undercut testimony by Skidmore's expert that Led Zeppelin copied a chromatic scale that had been used in an original manner.

*Id.* at 20-21 (*Emphasis Supplied*).  And similarly:

Nowhere did the jury instructions include any statements clarifying that the selection and arrangement of public domain elements could be considered original. Jury Instruction No. 20 compounded the errors of that omission by furthering an impression that public domain elements are not protected by copyright in any circumstances. This is in tension with the principle that an original element of a work need not be new; rather, it need only be created independently and arranged in a creative way.

*Id.* at 22 (*Emphasis Supplied*).

The case before this Court also concerns allegations of copying from one (1) work of popular music to the other, where the similarity is found in a combination of elements, some of which are argued by Defendants to be unprotectable if considered in a vacuum, such as the chord progression, rhythmic pattern and tempo that the two (2) songs share.  Without conceding that the individual elements are not protectable and protected, Plaintiffs argue that substantial similarity is found in the combination of those and other elements, and the combination of such elements is absolutely protectible, as Plaintiffs have already pled and as reinforced by the leading *Skidmore* case from the Ninth Circuit.  The questions of whether that

combination of elements in LGIO is protected, and <u>whether</u> TOL copies that combination from

LGIO, is a question of material fact that cannot be resolved through summary judgment.  Rather

– as in *Skidmore* – the answers to these questions must await trial.  For this additional reason,

Defendants' motion for summary judgment must be denied.

Defendants brought *Skidmore* to the Court's attention for the sole purpose of bolstering

their erroneous argument that the Court cannot look beyond the sheet music comprising the

deposit copy of LGIO.  However, *Skidmore* does not say that, and, in fact, assigned <u>error</u> to the

District Court for its failure to allow the jury to hear the <u>recorded copy</u> of "Stairway to Heaven"

while Defendant James Page was on the stand:

> Although Skidmore's counsel was permitted to play recordings for Page outside
> the presence of the jury, who was then questioned about them in front of the
> jury, Skidmore argues that the jury could not assess Page's credibility without
> observing him listening to the recordings and then answering questions about
> the recordings….allowing the jury to observe Page listening to the recordings
> would have enabled them to evaluate his demeanor while listening to the
> recordings, as well as when answering questions. Limiting the probative value of
> observation was not proper here, as the risk of unfair prejudice or jury confusion
> was relatively small and could have been reduced further with a proper
> admonition.

*Skidmore* at 33-34.

Obviously concerned by this ruling, the Defendants in the case before this Court try to

brush the foregoing away with a footnote, writing: "The Ninth Circuit also ruled that the District

Court erred in failing to allow the recording of the composition at issue 'to be played to prove

access' at the time of trial. *See Skidmore*, p. 33. In this case, Defendants have admitted access."

Defendants' Notice at 3 n. 1.  But that is not a fair reading of the *Skidmore* decision.  As the

more complete quote above shows, the Ninth Circuit found that the jury was entitled to watch

the defendant react to the recorded version of the song to test the veracity of his testimony.

While this came up in the context of his testimony regarding access ("the district court could have instructed the jury that the recordings were limited to the issue of access and that they were not to be used to judge substantial similarity," *Skidmore* at 34), one can envision a slew of other completely plausible scenarios in which one would want to play the recorded versions of songs when examining key witnesses.

Indeed, as the Court well knows in the current case, Defendant Sheeran is shown in a video available on YouTube shifting to a performance of LGIO in the middle of a performance of TOL, before shifting back to TOL. While Plaintiffs have made no decisions about how they plan to present their evidence at trial, it would shock nobody familiar with this case if they wished to play recorded versions of the two songs, as well as the YouTube video showing Sheeran himself performing the two works together, so that the jury could gauge Sheeran's reaction to hearing and seeing those pieces of evidence, regardless of whether they contain elements that are not found in the sheet music. Thus, while Plaintiffs are gratified that Defendants concede access to LGIO, that does not foreclose use of the recorded versions of the works for their probative value on other non-similarity issues. For this additional reasons, the material questions of fact simply overwhelm Defendants' arguments in favor of summary judgment.

Dated: October 9, 2018

**FRANK & RICE, P.A.**

By: /s/ Patrick R. Frank, Esq.
Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184