UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, HELEN
MCDONALD, and THE ESTATE OF CHERRIGALE
TOWNSEND,

          *Plaintiffs*,

        -against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED
SHEERAN, ATLANTIC RECORDING
CORPORATION, d/b/a ATLANTIC RECORDS,
SONY/ATV MUSIC PUBLISHING, LLC, and
WARNER MUSIC GROUP CORPORATION, d/b/a
ASYLUM RECORDS

          *Defendants*.

ECF CASE

17-cv-5221 (RJS)

**REPLY IN FURTHER SUPPORT
OF DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this Reply solely to respond to Plaintiffs' assertions in their "Response" dated October 9, 2018.

*First*, Plaintiffs incorrectly contend that *Skidmore* "does not say" that "the Court cannot look beyond the sheet music comprising the deposit copy" for a musical work copyrighted under the 1909 Act. *Skidmore* states clearly and unequivocally that the deposit copy "define[s] the scope of the protectable copyright" for unpublished copies under the 1909 Act. *See* p. 25. The same reasoning applies to published copies. Plaintiffs ignore these points entirely.

*Second*, the Ninth Circuit's discussion regarding the District Court's failure to allow the jury to hear sound recordings of *Taurus*, the plaintiff's unpublished work, is irrelevant to this case.[1] The "assigned error" was because the authors of *Stairway to Heaven* denied that they had access to *Taurus* and thus the Court held the jury should have been able to observe the defendant author's reaction to hearing *Taurus* in the courtroom. *Id.* p. 33-34. The Ninth Circuit reiterated that the

---

[1] Plaintiffs incorrectly state that the District Court erred in failing to play the recording of *Stairway To Heaven* (the defendants' work).

jury's consideration of the *Taurus* recordings should have been "limited to the issue of access and … not to be used to judge substantial similarity." *Id.* p. 34.  Here, access is conceded, making the reason the Ninth Circuit would have allowed the jury to hear the sound recording of *Taurus* inapplicable. In any event, Plaintiffs' speculation as to how or whether the sound recording of LGO might be used at trial is premature at best.

*Third*, *Skidmore* did not alter the Ninth Circuit's (more lax) standards on the "combination" of unprotectible elements in any respect.  To obtain protection in the Ninth Circuit, it remains the plaintiff's burden to establish that the unprotectible elements are "numerous" and their "selection and arrangement" original. *Id.* p. 15.  Even then, the plaintiff still must prove wrongful copying.

The unprotectible elements at issue in the deposit copy (the chord progression and harmonic rhythm), whether standing alone or combined, would not satisfy the Ninth Circuit standard to receive protection, much less the more rigorous Second Circuit standard, as the combination of these two commonplace elements is not "numerous" enough or "original" enough (and Defendants identified numerous examples of prior art using this "combination").   More important, the combination of these elements do not support a finding of <u>wrongful</u> copying, as the combination of elements in TOL is not "very close" or "near identical" to the combination of elements in LGO, and objective differences exist between these elements in each work.

*Finally*, contrary to the claim of Plaintiffs, the Ninth Circuit did not hold, or even suggest, that the question whether a defendant's work wrongfully copies a combination of unprotectible elements in a plaintiff's work raises an issue of fact that precludes summary judgment.  Defendants have cited ample authority in their papers to demonstrate that this issue can be determined as a matter of law on a motion to dismiss or on summary judgment.

Dated:  New York, New York
       October 11, 2018

PRYOR CASHMAN LLP

By: */s/ Ilene S. Farkas*
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith
7 Times Square
New York, NY 10036
(212) 421-4100
*Attorneys for Defendants*