UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,<br><br>       *Plaintiffs*,<br><br>     -against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>       *Defendants*. | ECF CASE<br><br>17-cv-5221 (LLS) |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR REARGUMENT OR, IN THE ALTERNATIVE, CERTIFICATION OF AN INTERLOCUTORY APPEAL

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony/ATV Music Publishing LLC*

*Of Counsel:*
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT .................................................................................................................... 1

I.      RECONSIDERATION SHOULD BE GRANTED ............................................. 1

        A.      The Motion Is Timely .............................................................................. 1

        B.      Plaintiffs Fail to Rebut the Fact That the Court Overlooked Controlling Law ............ 1

                1.      Unprotectable Elements ............................................................. 1

                2.      The Objective, Undisputed Evidence Negates a Finding of Infringement ............ 6

        C.      Summary Judgment Should Be Awarded to Defendants .............................. 8

II.     IN THE ALTERNATIVE, CERTIFICATION SHOULD BE GRANTED ......................... 9

CONCLUSION .............................................................................................................. 11

## **TABLE OF AUTHORITIES**

**CASES**                                                                 **PAGE(s)**

*Alli v. Steward-Bowden*,
   No. 11-cv-4952(PKC), 2013 WL 208907 (S.D.N.Y. Jan. 15, 2013)........................ 1

*Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*,
   No. 12-cv-8852(JMF), 2014 WL 1881075 (S.D.N.Y. May 9, 2014) ..................................... 10

*Beaudin v. Ben & Jerry's Homemade, Inc.*,
   95 F.3d 1 (2d Cir. 1996).......................................................................................... 4

*Boisson v. Banian, Ltd.*,
   273 F.3d 262 (2d Cir. 2001)...................................................................................... 6

*In re Del–Val Fin. Corp. Sec. Litig.*,
   874 F. Supp. 81 (S.D.N.Y.1995) .............................................................................. 10

*Glatt v. Fox Searchlight Pictures Inc.*, 11-cv-6784 (WHP), 2013 WL 5405696
   (S.D.N.Y. Sept. 17, 2013)....................................................................................... 10

*Klinghoffer v. S.N.C. Achille Lauro*,
   921 F.2d 21 (2d Cir. 1990)...................................................................................... 10

*Knitwaves, Inc. v. Lollytogs Ltd.*,
   71 F.3d 996 (2d Cir. 1995)........................................................................................ 6

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
   729 F.3d 99 (2d Cir. 2013)........................................................................................ 1

*Lessem v. Taylor*,
   766 F. Supp. 2d 504 (S.D.N.Y. 2011)................................................................... 6, 8

*Levine v. McDonald's Corp.*,
   735 F. Supp. 92 (S.D.N.Y. 1990) ............................................................................. 8

*Matthew Bender & Co. v. West Publ'g Co.*,
   158 F.3d 674 (2d Cir. 1998)...................................................................................... 2

*McDonald v. West*,
   138 F. Supp. 3d 448 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016)................. 1, 2, 5

*Nobile v. Watts*,
   289 F. Supp. 3d 527 (S.D.N.Y. 2017), *aff'd*, -- F. App'x --, No. 17-3752,
   2018 WL 4523112 (2d Cir. Sept. 21, 2018) ............................................................ 2

**CASES**                                                                      **PAGE(s)**

*Odegard Inc. v. Safavieh Carpets, Inc.*,
    398 F. Supp. 2d 275 (S.D.N.Y. 2005) ........................................................................ 3

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010) ................................................................................... 1, 2

*Peters v. West*,
    776 F. Supp. 2d 742 (N.D. Ill. 2011), *aff'd*, 692 F.3d 629 (7th Cir. 2012) ............................. 4

*Tin Pan Apple, Inc. v. Miller Brewing Co.*,
    No. 88-cv-4085(CSH), 1994 WL 62360 (S.D.N.Y. Feb. 24, 1994) ......................................... 3

*In re Trace Int'l Holdings, Inc.*,
    No. 04-cv-1295(KMW), 2009 WL 3398515 (S.D.N.Y. Oct. 21, 2009) ................................. 10

*Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*,
    338 F.3d 127 (2d Cir. 2003) ................................................................................... 4, 5

*Ulloa v. Universal Music & Video Distrib. Corp.*,
    303 F. Supp. 2d 409 (S.D.N.Y. 2004) ....................................................................... 8

*Zalewski v. Cicero Builder Dev., Inc.*,
    754 F.3d 95 (2d Cir. 2014) ............................................................................ 1, 2, 4, 5

**RULES & REGULATIONS**

Local Civil Rule 6.3 ........................................................................................... 1

## ARGUMENT

## I.     RECONSIDERATION SHOULD BE GRANTED

### A.     The Motion Is Timely

Plaintiffs' first argument, that Defendants' motion was untimely, is baseless.  Local Civil Rule 6.3 requires the motion be made fourteen days "after the **entry** of the Court's determination of the original motion."  (Emphasis added).  The date the Decision was signed – January 2, 2019 – is not the date of entry; it was "entered" when it was "filed" – January 3, 2019 – and the fourteen days are measured from that date.  As such, the motion is timely.  *See Alli v. Steward-Bowden*, No. 11-cv-4952 (PKC), 2013 WL 208907, at *1 (S.D.N.Y. Jan. 15, 2013) (measuring time under Local Rule 6.3 from date "the Memorandum and Order was filed").

### B.     Plaintiffs Fail to Rebut the Fact That the Court Overlooked Controlling Law

Controlling Second Circuit precedent establishes that: (1) the Court is to determine whether the allegedly infringed elements of a work are protectable and to remove those unprotectable elements from consideration; and (2) a material issue of fact is not created by the naked conclusions of an expert that are contrary to the unrefuted record evidence.  Plaintiffs' opposition ignores or misstates the applicable standard on this motion.[1]

#### 1.     Unprotectable Elements

Unable to challenge clear Second Circuit law,[2]  Plaintiffs argue that three of the cases cited by Defendants (*Zalewski*, *Gaito* and *Nobile*) have "nominal precedential value" since they address

---

[1] Plaintiffs claim that "[s]ome case law precedent … suggest[s] that the required showing" on a reconsideration motion "contemplates an actual intervening change of controlling law."  Opp. Mem. at 3 n.2 (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).  Plaintiffs are wrong.  As *Kolel* itself makes clear, reconsideration is appropriate when a Court "need[s] to correct a clear error," *i.e.*, when it has overlooked controlling law or dispositive facts.

[2] *See* Mov. Mem. at 8 (citing *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95 (2d Cir. 2014); *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57 (2d Cir. 2010); *McDonald v. West*, 138 F. Supp.

non-musical works and that the fourth case (*McDonald*) should be ignored since one of the attorneys for Defendants in this case appeared as counsel in that case.   These proffered "distinctions" are no distinctions at all.  Rather, the principles enunciated in *Zalewski*, *Gaito* and *Nobile* are broadly applicable principles of copyright law.  They are not specific to the nature of the work.  Indeed, Plaintiffs rely on non-music copyright cases throughout their opposition.  Moreover, *McDonald* confirms the applicability of these principles to musical works (and the Second Circuit's holdings in *Zalewski*, *Gaito* and *Nobile* relied on copyright cases addressing many different types of works).  Plaintiffs' objection to *McDonald*, because Defendants' counsel was also counsel in that case, is as bewildering as it is baseless.

Plaintiffs' further contention, that *McDonald* only addressed similarities regarding titles, lyrics and references to famous people, is untrue.  While the Court did address such similarities, the Court also addressed musical similarities concerning commonplace musical techniques used in each song, melodic similarities during the eight-bar introductions of each song, allegedly similar percussion elements in each song, and allegedly similar tempos in each song.  *See* 138 F. Supp. 3d at 458.  The alleged similarities were not actionable because they were too "commonplace … to be protectable," or because the alleged similarities embraced "ideas," not expression.  *Id.*  The Second Circuit affirmed.  *See* 669 F. App'x 59.

Presumably because the Court relied on *Bender*, Plaintiffs' opposition repeats it.  *See* Opp. Mem. at 7 (citing *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 674, 681 (2d Cir. 1998)).  But, as noted in Defendants' motion, *Bender* is inapposite as it addressed whether a work as a whole was copyrightable, not whether allegedly infringed elements were protectable, a different inquiry.  Moreover, *Bender* is inconsistent with subsequent Second Circuit jurisprudence to the

---

3d 448 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016); *Nobile v. Watts*, 289 F. Supp. 3d 527 (S.D.N.Y. 2017), *aff'd*, -- F. App'x --, No. 17-3752, 2018 WL 4523112 (2d Cir. Sept. 21, 2018)).

extent it can be read to hold that the factfinder determines protectability of allegedly infringed elements.[3]

Tacitly admitting (a) that they have no effective challenge to applicable Second Circuit law and (b) that the harmonic progression and harmonic rhythm in LGO, as individual elements, are not protectable because they are commonplace musical building blocks and techniques in popular use before and after LGO, Plaintiffs advance two points that are not disputed by Defendants but do not address the issues raised in Defendants' motion: (1) that a unique "combination" of unprotectable elements can be sufficiently original to qualify for protection; and (2) that the Court must compare the "total concept and feel" of the works without "dissect[ing]" the works to compare only the copyrightable elements.

On summary judgment, Defendants did not challenge the copyrightability of LGO as a whole or otherwise dispute that a combination of unprotectable elements can merit copyright protection for a work as a whole.  But, as Defendants' summary judgment motion explained, "copyright protection in the selection, coordination and arrangement of otherwise uncopyrightable elements is 'thin,'" and "a subsequent author remains free to use the public domain elements to aid in preparing a competing work, so long as the competing work does not feature the <u>same</u> selection and arrangement."  *Odegard Inc. v. Safavieh Carpets, Inc.*, 398 F. Supp. 2d 275, 279 (S.D.N.Y. 2005) (citations, quotations & brackets omitted; emphasis added).  In such cases, "infringement will be established only by <u>very close</u> copying because the majority of the

_____

[3] Plaintiffs also cite *Tin Pan Apple, Inc. v. Miller Brewing Co.*, No. 88-cv-4085 (CSH), 1994 WL 62360, at *4 (S.D.N.Y. Feb. 24, 1994), which holds that "[w]hen the originality of a copyrighted work is at issue, it becomes a question of fact for the jury to resolve."  As with *Bender*, whether a work as a whole is copyrightable may be bound up in factual issues (*e.g.*, whether the plaintiff independently created the work). But whether individual, constituent elements of an otherwise protectable work are protectable or commonplace building blocks available for use by all is a question for the Court.  Moreover, even if "originality" were the issue here (as opposed to protectability), an expert "conclusion" divorced from the actual evidence does not create an issue of fact.

[plaintiff's] work is unprotectable." *Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996) (citation omitted; emphasis added); *see also Zalewski*, 754 F.3d at 107 (because the plaintiff owned a "very thin" copyright, "[o]nly <u>very close</u> copying would have taken whatever actually belonged to Plaintiff") (citation omitted; emphasis added); *Peters v. West*, 776 F. Supp. 2d 742, 750-51 (N.D. Ill. 2011), *aff'd*, 692 F.3d 629 (7th Cir. 2012) (dismissing claim because, even assuming the "combination of unprotectable elements" in the plaintiff's song qualified for protection, the defendant's song did "not use the contested combination of unprotectable elements … in their entirety in a <u>nearly identical</u> format") (emphasis added).

This fallback argument does not save Plaintiffs from Defendants' motion just as it should not have saved them from summary judgment because Dr. Stewart admitted that the two works, as a whole, are not "identical" or "virtually identical." *See* Farkas Decl. Ex. 7 at 275:17-25.  The existence of two unprotectable elements does not satisfy the "nearly identical" requirement.[4]

Furthermore, Plaintiffs misunderstand the cases they cite.  As the Court held in *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 134 (2d Cir. 2003), "[e]ssentially, the total-concept-and-feel locution functions as a reminder that, while the infringement analysis must <u>begin</u> by dissecting the copyrighted work into its component parts in order to clarify precisely what is not original, infringement analysis is not <u>simply</u> a matter of ascertaining similarity between components viewed in isolation."  Rather, "[t]he court, confronted with an allegedly infringing work, must analyze the two works closely to figure out in what respects, if any, they are similar, and then determine whether these similarities are due to protected

---

[4] Smearing Ed Sheeran, a hugely successful singer/songwriter with an amazing body of hit songs to his credit, because he has been sued for infringement is both offensive and has nothing to do with this motion (and nothing to do with this case).  The issue here is whether the commonplace musical elements used in LGO, elements that were used in multiple other songs before and after LGO, can be monopolized by Plaintiffs.  Plaintiffs may wish to substitute mud for evidence, but it's just mud.

aesthetic expressions original to the allegedly infringed work, or whether the similarity is to something in the original that is free for the taking." *Id.* at 134-35. Critically, however, "copying is not unlawful if what was copied from the allegedly infringed work was not protected," and "[t]his principle applies, moreover, whether the copied, unprotected expression at issue is a selection, coordination, or arrangement of elements, or whether it is the exact design itself." *Id.* at 135.[5]

The "total concept and feel" test does not mandate that the Court abdicate its role in excluding unprotectable elements alleged to be infringed from consideration. Rather, where a claim is also based on the alleged unique selection and arrangement of otherwise unprotectable elements, after factoring out the non-protectable elements alleged to be infringed, the Court will engage in a holistic comparison of the combination of unprotectable elements in the plaintiff's and defendant's works. *See McDonald*, 138 F.3d at 458 (a "holistic comparison" is required because "[e]ven if the individual elements that make up Plaintiff's song are uncopyrightable, they may represent a protected selection and arrangement of unprotectable elements"). However, to then survive summary judgment, the Plaintiff must satisfy the standard that infringement will be found only where the copying is "very close" or "nearly identical." *Zalewski*, 754 F.3d at 107; *Peters*, 776 F. Supp. 2d at 750-51. Here, Plaintiffs have admitted they cannot make that showing.

Even the cases cited by Plaintiffs confirm that infringement will be found in "combination" cases only in rare circumstances. *See Tufenkian*, 338 F.3d at 136 (finding "overwhelming" amount of copying, that the elements were "essentially the same in both designs" and concluding, "this is

---

[5] Significantly, in *Tufenkian*, the district court factored out those elements that it held were not protectable in the first instance. The appellant contended this was improper, but the Second Circuit specifically rejected that contention, holding the district court was correct in factoring out elements that were not protectable. *See* 338 F.3d at 135 ("The appellant charges that, in comparing the two designs' total concept and feel, the district court improperly factored out public domain elements from the Heriz and the Bromley. As the above discussion of doctrine indicates, however, the court was surely correct to factor such elements out").

one of those <u>relatively unusual cases</u> in which the infringing work has copied the original and 'particular' or 'same' selections embodied in the allegedly infringed upon work") (emphasis added); *Boisson v. Banian, Ltd.*, 273 F.3d 262, 274 (2d Cir. 2001) (finding "enormous amount of sameness"); *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1004 (2d Cir. 1995) (defendant used the elements at issue "in virtually the same manner" as plaintiff).[6]

Finally, as for Plaintiffs' assertion that no Second Circuit music copyright cases were cited, they are wrong. *McDonald* is a Second Circuit music copyright case fully supporting this motion.

## 2.    The Objective, Undisputed Evidence Negates a Finding of Infringement

Plaintiffs also ignore the controlling Second Circuit precedent cited in Defendants' motion that "[a] party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory," and that "[a]n expert's opinions that are without factual basis and are based on speculation or conjecture are similarly inappropriate material for consideration on a motion for summary judgment." *See* Mov. Mem. at 11-12. Instead, without a single citation, Plaintiffs conclude that it is supposedly a "fictive premise" that "objective, undisputed evidence" exists to show that the harmonic progression and rhythm in LGO are "commonplace."

Pretending that evidence does not exist does not erase it. On their summary judgment motion and again on the present motion, Defendants cited "objective, undisputed evidence" and

---

[6] Nor does this Court's opinion in *Lessem v. Taylor*, 766 F. Supp. 2d 504 (S.D.N.Y. 2011), dictate a contrary result. *Lessem* recites the uncontroversial rule that a "work may be copyrightable even though it is entirely a compilation of unprotectible elements," and ruled that the plaintiff's song, as a whole, qualified for protection. *Id.* at 513 (citation & quotation omitted). While such a work as a whole may be copyrightable, the resulting copyright is "thin." The proper infringement test, where a plaintiff claims infringement of a combination of constituent unprotectable elements, requires a showing of "very close" or "near identical" copying. Rather than apply that test, the Court in *Lessem* ruled that the defendants failed to show that the plaintiff's song was "unoriginal." *Id.* Again, that only addresses whether the plaintiff had a copyright, not whether the defendant infringed the plaintiff's copyright.

Plaintiffs offered only Dr. Stewart's naked conclusions, contrary to the undisputed evidence (and contrary to his prior admissions). *See* Mov. Mem. at 14, 18 (citing Farkas Decl. Ex. 4 at Visual Ex. E; *id.* at Ex. 7 at 139:16-141:6; *id.* at Ex. 4 at Visual Ex. A); *see also* Ferrara Decl. ¶¶ 7-8.[7]

Plaintiffs misstate the law and misframe the issue, arguing "it is inappropriate … to decide the issue of summary judgment in the Defendants' favor where the experts disagree as to whether the composition of 'Let's Get It On' is, in fact, original." But, the questions on summary judgment were: (1) whether the harmonic progression and rhythm, as constituent elements, qualified for protection and (2) whether Defendants infringed LGO by copying the alleged unique combination of unprotectable elements in a "very close" or "near identical" manner.[8]

Dr. Stewart's bald conclusions were not based on fact (and were contrary to the undisputed facts) and were therefore not even admissible evidence. Disputed issues of material fact cannot be based on expert opinions unmoored to facts (and Plaintiffs offer no law to the contrary). Dr. Stewart's "opinion" – contrary to the undisputed evidence – that the harmonic progression and rhythm in LGO were not commonplace creates no issue of fact.[9] Plaintiffs' further assertion about Defendants' alleged attack on Dr. Stewart's "methodology" (flawed though it was) is untrue. Defendants' point is that Dr. Stewart's naked conclusion, divorced from the facts, does not create an issue of fact.

---

[7] By referring the Court to page 8 of Defendants' memorandum, Plaintiffs claim (Opp. Mem. at 6) that Defendants failed to "demonstrate[e]/identify[] the existence … of any such legitimate 'objective, undisputed evidence.'" That is because page 8 addresses a wholly distinct issue. Defendants cited the "objective, undisputed evidence" on pages 14 and 18 of their moving memorandum.

[8] Although Defendants maintain that the combination of the unprotectable harmonic progression and the unprotectable harmonic rhythm in LGO is also unprotectable, particularly as this combination exists in prior art, the Court need not address or answer that question to award summary judgment to Defendants.

[9] To reiterate, the thirteen examples of prior art cited by Dr. Ferrara more than suffice to establish the commonplace nature of the LGO harmonic progression. Indeed, Defendants cited cases finding as few as three examples of prior art sufficient. *See* Mov. Mem. at 16.

Finally, Plaintiffs also ignore the legion of copyright cases granting defendants summary judgment despite the existence of dueling experts.  *See* Mov. Mem. at 12-13.  Plaintiffs try to sidestep these precedents by citing *Ulloa v. Universal Music & Video Distrib. Corp.*, 303 F. Supp. 2d 409, 413-14 (S.D.N.Y. 2004); *Lessem*, 766 F. Supp. 2d at 512; and *Levine v. McDonald's Corp.*, 735 F. Supp. 92 (S.D.N.Y. 1990).  In *Ulloa*, the Court did not address whether the constituent elements within a copyrightable work are protectable in order to support a claim of substantial similarity, and the Court in no way held that dueling experts necessarily bars summary judgment in that context – and ample precedent mandates otherwise.  An expert opinion must be based on actual facts.  In *Lessem*, as noted above, in considering whether the defendant had copied the unique selection and arrangement of Plaintiffs' work, the Court did not apply the "very close" or "near identical" copying requirement, as mandated by Second Circuit precedent, for claims based on a combination of unprotectable elements.  And *Levine* actually supports Defendants motion: there, the Court rejected the defense expert's conclusory opinion, advanced without factual support, and held that, even were the progression commonplace, the plaintiff held a valid copyright in the work as a whole (again, the question of copyrightability of the work as a whole is not at issue here, and is distinct from an infringement analysis concerning a unique combination of specific, unprotectable elements; in *Levine*, the Court did not answer the latter question).[10]

## C.    <u>Summary Judgment Should Be Awarded to Defendants</u>

Defendants submit that the Court should have, but did not, extract unprotectable elements from consideration.  Defendants further submit that the Court inadvertently credited Dr. Stewart's naked conclusions, overlooking that the undisputed evidence established that the harmonic

---

[10] Plaintiffs also cite three Ninth Circuit cases for the proposition that a "mere indicia of a dispute pertaining to the issue of substantial similarity" requires a trial.  Such a "dispute," however, must be based on actual facts in evidence, not unsupported conclusions.

progression and harmonic rhythm in LGO are commonplace, unprotectable elements.  Further, if the Court considered the non-protectable elements in a "combination of unprotectable elements" claim, Plaintiffs admitted that Defendants did not copy the supposedly unique selection and arrangement of elements, protectable or unprotectable, in LGO in a "very close" or "near identical manner" (Dr. Stewart admitted that the two works are not "identical" or "virtually identical").  As such, the Court should grant reconsideration and, upon granting reconsideration, award summary judgment to Defendants.

## II.      IN THE ALTERNATIVE, CERTIFICATION SHOULD BE GRANTED

Whether the LGO Deposit Copy defines the scope of protection (as well as the question of whether the Court, and not the factfinder, determines protectability) present controlling questions of law that will "importantly affect" the conduct of this action.  Allowing a jury to compare elements in TOL that are not in the LGO Deposit Copy – elements in TOL which this Court has noted "may be … most similar to the sound recording of LGO, although they are not present in the deposit copy" (Decision at 16) – could improperly cloud the jury's determination should it ultimately be determined that the Deposit Copy defines and limits the scope of protection.  Hence, whether the jury may consider these potentially irrelevant elements will "importantly affect" this case.[11]  Whatever the Court may decide on this issue, the Second Circuit has never ruled on this question and if the Second Circuit disagrees with this Court's conclusion, it could require a new trial.  To avoid substantial resources being unnecessarily expended by the parties and this Court, certification should be granted.

Plaintiffs' opposition is a diversion.  They argue these questions do not present "controlling questions of law" because the Second Circuit's decision will not result in the "termination" of this

---

[11] The inverse is also true.  Should this Court rule that the deposit copy defines the scope of protection and should the Second Circuit ultimately disagree, that, too, could require a new trial.

action.  But that is not the sole standard, as "Section 1292(b) can be met even where reversal would not result in termination of the action."  *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, No. 12-cv-8852 (JMF), 2014 WL 1881075, at *1 (S.D.N.Y. May 9, 2014) (citing, *In re Del–Val Fin. Corp. Sec. Litig.*, 874 F. Supp. 81, 83 (S.D.N.Y.1995)).  All Defendants need show is that reversal would "importantly affect the conduct of this action." *Id.* (citation & quotation omitted).  Further, a "controlling question of law" exists, for example, where the "application of a standard different from the one adopted by th[e] Court could result in the reversal of a final judgment," which is precisely the case here.  *Glatt v. Fox Searchlight Pictures Inc.*, 11-cv-6784 (WHP), 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013).

Plaintiffs' second argument also misstates the law.  They claim Defendants must identify "actual conflicting authority among the Courts in this jurisdiction" to show that "substantial grounds for [a] difference of opinion" exists.  Yet, the very case they cite says the opposite: "[t]he requirement of § 1292(b) that there be a 'substantial ground for difference of opinion' is satisfied where (1) there is conflicting authority on the issue, **or** (2) the issue is particularly difficult, and **one of first impression** in the Second Circuit."  *In re Trace Int'l Holdings, Inc.*, No. 04-cv-1295 (KMW), 2009 WL 3398515, at *3 (S.D.N.Y. Oct. 21, 2009) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) (other citation omitted; emphasis added)).  Certification is appropriate here.

## CONCLUSION

It is respectfully submitted that the Court should grant reconsideration and that, upon granting reconsideration, the Court should award summary judgment to Defendants.  In the alternative, in the event the Court does not grant reconsideration and award summary judgment to Defendants, it is respectfully submitted that the Court should certify an interlocutory appeal to the Second Circuit to determine whether the LGO Deposit Copy defines the scope of copyright protection and whether protectability should have been determined by the Court.

Dated: New York, New York
       February 5, 2019


                              PRYOR CASHMAN LLP

                              By: */s/ Donald S. Zakarin*
                                  Donald S. Zakarin
                                  Ilene S. Farkas
                                  Andrew M. Goldsmith
                              7 Times Square
                              New York, NY 10036
                              (212) 421-4100

                              *Attorneys for Defendants Edward*
                              *Christopher Sheeran, Atlantic Recording*
                              *Corporation and Sony/ATV Music*
                              *Publishing LLC*