# MANDATE

18-1862-cv

*Structured Asset Sales, LLC v. Edward Christopher Sheeran, Personally Known as Ed Sheeran, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

Present:     ROBERT A. KATZMANN,
                        *Chief Judge*,
             JOHN M. WALKER, JR.,
             JOSÉ A. CABRANES,
                        *Circuit Judges*.

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 07 2019

KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD,
THE ESTATE OF CHERRIGALE TOWNSEND,

                        *Plaintiffs*,

                        v.                                          No. 18-1862-cv

EDWARD CHRISTOPHER SHEERAN, PERSONALLY
KNOWN AS ED SHEERAN, ATLANTIC RECORDING
CORPORATION, SONY/ATV MUSIC PUBLISHING, LLC,

                        *Defendants-Appellees*,

WARNER MUSIC GROUP CORP., DBA ASYLUM
RECORDS,

                        *Defendant*,

STRUCTURED ASSET SALES, LLC,

_Movant-Appellant._[*]

_____

For Movant-Appellant: HILLEL I. PARNESS, Parness Law Firm, PLLC, New York, NY.

For Defendants-Appellees: ILENE S. FARKAS (Donald S. Zakarin, Andrew M. Goldsmith, _on the brief_), Pryor Cashman LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Sullivan, _J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Movant-Appellant Structured Asset Sales ("SAS") appeals from an order of the United States District Court for the Southern District of New York (Sullivan, _J._)[1] entered June 11, 2018 denying its motion to intervene. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On August 9, 2016, the alleged heirs of Ed Townsend (the "Townsend Plaintiffs") sued Defendants-Appellees, claiming that Ed Sheeran's recent hit _Thinking Out Loud_ infringed _Let's Get It On_, which was co-written by Ed Townsend and Marvin Gaye, and asserting a beneficial interest in two-thirds of Townsend's share of the songwriter share of the _Let's Get It On_ composition ("_Griffin I_"). There was widespread press coverage of this suit. On February 15, 2017, _Griffin I_ was dismissed without prejudice. About five months later, on July 11, 2017, the Townsend Plaintiffs filed this copyright infringement action, reasserting the same claims

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

[1] The case has since been reassigned to the Hon. Louis L. Stanton.

2

("*Griffin II*"). On October 9, 2017, the District Court entered a Case Management and Scheduling Order that, *inter alia*, set June 15, 2018 as the close of all fact and expert discovery.

On May 10, 2018, in accordance with the District Court's Individual Rules and Practices ("Individual Rules"), SAS filed a pre-motion letter seeking a conference to discuss its planned motion to intervene in *Griffin II*. SAS asserted a beneficial interest in the remaining third of Townsend's share of the *Let's Get It On* composition. In its letter, SAS noted that, though the case had been filed nearly a year earlier, in July 2017, there were no entries on the docket between January 23, 2018, when a docket entry reflected that a mediation session had been held, and March 13, 2018, when the parties filed a joint request for an extension of a discovery deadline. SAS represented that it did not wish to reopen fact discovery but would seek to introduce its own expert. Defendants objected, arguing that SAS's motion was untimely because, among other things, SAS was aware of *Griffin I* and *Griffin II* soon after each suit was filed. Per the District Court's Individual Rules, SAS did not respond to Defendants' opposition. On June 11, 2018, the District Court issued a five-page order in which it *sua sponte* converted SAS's request for a conference into a "deemed made" motion to intervene and denied that motion as untimely. On appeal, SAS argues that the District Court erred both in converting its pre-motion letter into a motion and in denying that motion as untimely.

This Court reviews "a District Court's denial of a motion to intervene, whether as of right or by permission, for abuse of discretion." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197 (2d Cir. 2000).[2] A "district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a

---

[2] Unless otherwise indicated, case quotations omit all internal citations, alterations, and quotation marks.

legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

## I. Whether the District Court Erred in Deeming SAS's Pre-Motion Letter a Made-Motion

"Absent extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation, or a failure to comply with sanctions imposed for such conduct, a court has no power to prevent a party from filing pleadings [or] motions . . . authorized by the Federal Rules of Civil Procedure," *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987), such as motions to intervene under Federal Rules of Civil Procedure 24(a) and (b). Although the District Court did not technically preclude SAS from moving to intervene, it acted outside the scope of its powers under the Federal Rules when it converted SAS's letter request for a conference into a motion and denied that motion without allowing SAS to respond to Defendants' opposition. This case is unlike others where this Court has previously approved of district courts' treating a pre-motion conference request as a motion. In those cases, the district court allowed the movant to offer reply letters, exhibits, and/or oral argument in support of its request. *See, e.g.*, *KJ Roberts & Co. v. MDC Partners, Inc.*, 605 F. App'x 6, 8 n.4 (2d Cir. 2015) (summary order); *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (summary order). By contrast, SAS was not allowed any such opportunity. Moreover, here, unlike in those cases, SAS has identified "additional argument[s] it would have made had it filed full motion papers." *In re Best Payphones, Inc.*, 450 F. App'x at 15. Specifically, SAS would principally have argued that the relevant question is when it became aware of *Griffin II*, not *Griffin I*, and that it was not aware of *Griffin II* until late 2017. However, because we find that SAS's motion would be untimely even if the District Court had considered this proffered argument, the error is not reversible.

4

**II.     Whether the District Court Erred in Denying SAS's Motion to Intervene**

To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, *and* (4) show that the interest is not protected adequately by the parties to the action." *Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (emphasis added). Federal Rule of Civil Procedure 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

Thus, whether intervention is sought by right or permission, it must be timely. *See Catanzano*, 103 F.3d at 232; Fed. R. Civ. P. 24(a), (b)(1). In assessing timeliness, this Court considers, among other things, "(1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstance militating in favor of or against intervention." *In re Holocaust Victim Assets Litig.*, 225 F.3d at 198. "A district court has broad discretion in assessing the timeliness of a motion to intervene, which defies precise definition." *Id.*

The District Court erred, in two respects, in denying SAS's motion as untimely. The District Court held that SAS's notice of its interest in the "dispute" weighed against finding the motion timely, explaining that "according to Defendants," SAS was "aware of this dispute (and its interest in this litigation) at least as early as 2016," when *Griffin I* was filed. App. at 62 (citing S.D.N.Y. Dkt. No. 45 at 2). The District Court further stated that "SAS does not deny such knowledge and yet offers no explanation for its delay in filing this motion to intervene nearly two years after the original complaint was filed, one year after the commencement of this action,

5

and almost two months after fact discovery ended." *Id.* This conclusion was erroneous in two

respects. *First*, the timeliness of SAS's motion should be measured from its notice of *Griffin II*,

not *Griffin I. See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001)

(treating movant's interest "in the ongoing action" as relevant). Though *Griffin I* and *Griffin II*

are related, they are discrete actions, and SAS sought to intervene only in the latter. *Second*, the

District Court erroneously relied on Defendants' assertions in their letter that David Pullman, the

principal of SAS, had a "long telephone conversation" with defense counsel "just days after th[e]

case was first filed" in which Pullman "expressed his interest in the case." App. at 50. This

reliance was erroneous because "[a]n attorney's unsworn statements in a brief are not evidence."

*Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (per curiam). Moreover, it is particularly

problematic that the District Court relied on such unsworn statements (and faulted SAS for

failing to deny them) given that its Individual Rules barred SAS from denying the statements in a

reply letter or affidavit.

However, "[w]e may, of course, affirm on any basis for which there is a record sufficient

to permit conclusions of law, including grounds upon which the district court did not rely.'"

*Name.Space, Inc. v. Network Sols., Inc.*, 202 F.3d 573, 584 (2d Cir. 2000). Here, the record

reflects that SAS had constructive notice of *Griffin II* when it was filed in July 2017. *Griffin I*

was the subject of considerable national media coverage, which establishes constructive notice of

that action. *See NAACP v. New York*, 413 U.S. 345, 366-67 (1973). SAS also does not genuinely

dispute on appeal that it had actual notice of *Griffin I* when it was filed. Notice of *Griffin I*, in

turn, gives rise to constructive notice of *Griffin II*, since the actions asserted the same claims

against the same defendants and, further, were formally related. That SAS was constructively

aware of *Griffin II* for nearly a year before it filed its motion to intervene weighs against finding its motion timely.[3]

As the District Court correctly held, none of the other timeliness considerations favor SAS. Intervention would prejudice Defendants because it would lead to the reopening of discovery. SAS concedes that its expert report would have required the parties to engage in further expert discovery. On the other hand, denial of intervention would not prejudice SAS. Its interests and the Townsend Plaintiffs' interests are aligned, since neither disputes the others' alleged share of the *Let's Get It On* composition, and SAS "remain[ed] free to"—and did in fact—"file a separate action." *In re Holocaust Victim Assets Litig.*, 225 F.3d at 199. In addition, the possibility that a portion of the damages SAS sought to recover were time-barred, which would spawn further motion practice, further militated against allowing SAS to intervene. Lastly, the denial of SAS's motion did not give rise to undue inefficiencies.

We have considered all of SAS's remaining contentions and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[3] On appeal, SAS asserts that it learned that *Griffin II* had been filed in late 2017, *i.e.* more than five months before it filed its pre-motion letter request.