UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
KATHRYN TOWNSEND GRIFFIN, HELEN :
MCDONALD, and The Estate of CHERRIGALE :
TOWNSEND, :
 :
                       Plaintiffs, :     Docket No. 17-cv-5221 (LLS)
 :
   -against- :
 :
EDWARD CHRISTOPHER SHEERAN, p/k/a :
ED SHEERAN, ATLANTIC RECORDING :
CORPORATION, d/b/a ATLANTIC RECORDS, :
SONY/ATV MUSIC PUBLISHING, LLC and :
WARNER MUSIC GROUP CORPORATION :
d/b/a ASYLUM RECORDS, :
 :
                       Defendants. :
----------------------------------------x

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
## IN OPPOSITION TO DEFENDANTS' FIRST MOTION *IN LIMINE*

The Plaintiffs, collectively, submit the instant Notice of Supplemental Authority by way of further opposition to the Defendants' First Motion *in Limine* pertaining to the recent Order of the United States Court of Appeals for the Ninth Circuit in *Skidmore v. Led Zeppelin, et.al.*, No. *16-56057*, as issued on June 10, 2019, which granted Rehearing *En Banc*, a copy of which is appended immediately hereto and marked as **Exhibit "A"**.

Notably, in the Order, it is stated that "The three-judge panel disposition in this case **shall not be cited as precedent** by or to any court of the Ninth Circuit (*Emphasis Supplied*)".

On Page Nine (9) of the Defendants' First Motion *in Limine* (Doc. 111), the Defendants conceded that the only decision which they construed to be directly on point with respect to the deposit copy allegedly defining the scope of copyright protection for a musical composition was that of the Ninth Circuit Court in the *Skidmore* case which, by operation of the appended Order,

has now been disavowed/rescinded.

Given that the Ninth Circuit has, as of yesterday, determined that the case opinion upon which the Defendants would seek to rely is no longer valid precedent—even in the Ninth Circuit—the Defendants, by their own admission on Page Nine (9) of their Motion *in Limine*, no longer have any pertinent/applicable case law precedent which supports their legal posture at this time and, as such, the Defendants' First Motion *in Limine* should be summarily denied.

Dated: June 11, 2019

                                                **FRANK & RICE, P.A.**

                                      By: /s/ Patrick R. Frank, Esq.
                                             Patrick R. Frank, Esq.
                                             Keisha D. Rice, Esq.
                                             Katherine L. Viker, Esq.
                                             325 West Park Avenue
                                             Tallahassee, Florida 32301
                                             Telephone: (850) 629-4168
                                             Facsimile: (850) 629-4184
                                             Attorney(s) for Plaintiffs

# EXHIBIT A

FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL SKIDMORE, AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORPORATION; WARNER CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>　　　　　Defendants-Appellees. | No.   16-56057<br><br>D.C. No.<br>2:15-cv-03462-RGK-AGR<br>Central District of California,<br>Los Angeles<br><br>**ORDER** |

| | |
|---|---|
| MICHAEL SKIDMORE, AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST,<br><br>        Plaintiff-Appellee,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC,<br><br>        Defendant-Appellant.<br><br>and<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORPORATION, ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>        Defendants, | No.  16-56287<br><br>D.C. No.<br>2:15-cv-03462-RGK-AGR |

**THOMAS**, Chief Judge:

    Upon the vote of a majority of nonrecused active judges, it is ordered that these cases be reheard en banc pursuant to Federal Rule of Appellate Procedure 35(a) and Circuit Rule 35-3. The three-judge panel disposition in this case shall not be cited as precedent by or to any court of the Ninth Circuit.

    Judge Collins did not participate in the deliberations or vote in these cases.