UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,<br><br>        *Plaintiffs*,<br><br>        -against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>        *Defendants*. | ECF CASE<br><br>17-cv-5221 (LLS) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' "NOTICE OF SUPPLEMENTAL AUTHORITY"

Defendants respectfully submit this response to Plaintiffs' "Notice of Supplemental Authority" to address a material misstatement made by Plaintiffs:  Plaintiffs claim that the Ninth Circuit's June 10, 2019 decision to rehear "the cases" in *Skidmore* requires denial of Defendants' First Motion *In Limine* because *Skidmore* is the "only decision" on point that Defendants cited in support of their motion.  That assertion is wrong.[1]

Contrary to the complete absence of any authority cited by Plaintiffs, Defendants cited ample authorities (including the 1909 Act itself) establishing that the deposit copy of a musical composition defines the scope of copyrighted protection, and that a copyright under the 1909 Act only includes elements that were expressly notated in the "complete copy" of the "best edition" of the work deposited with the Copyright Office.  *See, e.g.*, U.S. Copyright Office, *Compendium of*

---

[1] Both sides in *Skidmore* sought rehearing *en banc* – including rehearing on the decision by the Ninth Circuit to reverse and remand the jury's finding of no infringement.  There were thus multiple issues presented for rehearing.  After the Ninth Circuit directed rehearing *en banc*, the Plaintiff sought to confirm that the deposit copy issue was the sole issue subject to review.  The Ninth Circuit swiftly rejected that notion.  Copies of a letter from the plaintiff's counsel and the Ninth Circuit's ensuing Order are attached hereto as Exhibit A.

*U.S. Copyright Office Practices*, § 504.2 (3d ed. 2017) ("a registration for a work of authorship **only covers the material that is included in the deposit copy(ies)**," and "does not cover authorship that does not **appear in** the deposit copy(ies), even if the applicant expressly claims that authorship in the application.") (emphases added); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1161 (1st Cir. 1994) (deposit requirement serves "purpose of providing the Library's Copyright Office with sufficient material to identify the work in which the registrant claims a copyright") (citations omitted); *Merrell v. Tice*, 104 U.S. 557, 561 (1881) (deposit requirement "enable[s] other authors to inspect [copyright records] in order to ascertain precisely what was the subject of copyright"); Report of the Register of Copyrights on the General Revision of U.S. Copyright Law, House Comm. on the Judiciary, 87th Cong., 1st Sess. (Comm. Print 1961) ("Under [the 1909 Act], the deposit of copies of copyrighted works is required for two purposes: (1) to identify the work being registered, and (2) to enrich the collections of the Library of Congress"); *Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 367 F. Supp. 2d 514, 520 (S.D.N.Y. 2005) ("a copyright does not encompass [elements] that vary in essential respects from what was presented to the Copyright Office.  Otherwise, the purposes of the deposit requirement would be nullified"); *Unistrut Corp.*, 280 F.2d at 23 (claimant under the 1909 Act precluded from claiming ownership over elements not expressed in deposit copy); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1161 (1st Cir. 1994) (deposit requirement serves "purpose of providing the Library's Copyright Office with sufficient material to identify the work in which the registrant claims a copyright") (citations omitted). *See also* authorities cited at pp. 4-6, 12-13 of Defendants' moving memorandum and at pp. 2-8 of Defendants' reply memorandum.

In short, while *Skidmore* most certainly conformed to established law, Plaintiffs' contention that it was the sole support for Defendants' motion *in limine* is untrue.[2]

In contrast to the authority cited by Defendants, Plaintiffs' opposition fails to cite a single authority in support of their argument that a copyrighted work can or should be defined by something other than the deposit copy.  Nor have Plaintiffs cited any authority for their argument that the copyright in a musical work under the 1909 Act can be defined by one particular recorded interpretation of that work (one of many recorded performances of that work).  Nor have Plaintiffs cited a single authority for their argument that elements not expressed in the deposit copy can somehow be "implied" to exist where they are nowhere expressed in the registered deposit copy (especially when those "implied" elements are themselves simply one of many alternative elements that one could theoretically imply into the actual expressed work as reflected in the deposit copy).  In fact, Plaintiffs do not provide any explanation for how a copyright could possibly be identified and identifiable if it were subject to expansion by a multitude of alternative, unexpressed but theoretically implied elements.

It is respectfully submitted that Defendants' First Motion *In Limine* be granted.

Dated:  New York, New York
        June 12, 2019

                                PRYOR CASHMAN LLP

                                By: */s/ Donald S. Zakarin*
                                    Donald S. Zakarin
                                    Ilene S. Farkas
                                    Andrew M. Goldsmith
                                7 Times Square
                                New York, NY 10036
                                (212) 421-4100
                                *Attorneys for Defendants*

---

[2] Plaintiffs made this same demonstrably false argument – that Defendants only cited *Skidmore* to support their position – in opposition to the motion.  *See* Opp. Mem. at 5.  Defendants then refuted that assertion on Reply.  *See* Reply Mem. at 7.  Nevertheless, Plaintiffs continue to press this false assertion.

# EXHIBIT A



FRANCIS ALEXANDER LLC

June 11, 2019

Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

RE:   SKIDMORE V. LED ZEPPELIN | No. 16-56057
Appellant Skidmore's Letter for Clarification of Scope of Rehearing En Banc

To the Clerk,

This Circuit ordered a rehearing en banc on June 10, 2019 in the above-captioned case. Appellant seeks clarification that the scope of the rehearing en banc is limited to Appellant's petition for rehearing en banc.

Both Appellant Michael Skidmore and the Led Zeppelin appellees filed for rehearing en banc. Appellant Skidmore filed for rehearing on a single, narrow issue of national importance (the deposit copy issue), while the Appellees' petition asked for reconsideration on all the many discrete legal and factual issues on which the panel had ruled against them.

Ninth Circuit Rule 35-2 provides that:

> "Where a party petitions for hearing or rehearing en banc, the Court will not order a hearing or rehearing en banc without giving the other parties an opportunity to express their views whether hearing or rehearing en banc is appropriate."

See Ninth Circuit Rule 35-2. No party has the ability to answer a petition for rehearing unless expressly authorized by this Circuit. FRAP 35(e) ("No response may be filed to a petition for an en banc consideration unless the court orders a response.").

This Circuit ordered the Led Zeppelin appellees on November 19, 2018, to answer Appellant Skidmore's petition for rehearing on the deposit copy issue, and it was briefed. This Circuit, however, never ordered Appellant Skidmore to respond to any issue in the Led Zeppelin appellees' petition for rehearing or any other matter in the case.

The plain language of the rules indicates that the rehearing en banc will be limited to the issue identified in Appellant's petition, and that the relief requested in the Led Zeppelin appellees' petition is not properly before the court because the required briefing was never ordered.

However, Appellant's counsel was told by a reporter who claimed to have spoken with court staff that the rehearing would in fact address both petitions. Other court staff then told

PAGE 2

Appellant's counsel that the order speaks for itself, that court staff cannot interpret court orders, and that any such comment to a reporter should not have been made.

   Therefore, Appellant asks that this Circuit clarify that the rehearing en banc ordered on June 10, 2019 is limited in scope to the issue in Appellant's petition for rehearing en banc.

Respectfully, I am,

Francis Malofiy, Esquire

   cc:  Peter Anderson, Esquire
        Helene Freeman, Esquire

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellant Skidmore's Letter for Clarification has been served upon all counsel of record identified below via electronic filing.

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
865 S Figueroa Street | Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
Direct : (310) 260-6030
Fax: (213) 633-6899
Email: peteranderson@dwt.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****

*Respectfully submitted,*

Francis Alexander, llc
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Alfred Joseph Fluehr, Esquire
280 N. Providence Rd. | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com
*Law Firm / Lawyers for Michael Skidmore*

*/d/ June 11, 2019*

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JUN 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL SKIDMORE, AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST, <br><br>            Plaintiff-Appellant, <br><br>  v. <br><br> LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORPORATION; WARNER CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY, <br><br>            Defendants-Appellees. | No.   16-56057 <br><br> D.C. No. <br> 2:15-cv-03462-RGK-AGR <br> Central District of California, <br> Los Angeles <br><br> **ORDER** |

| | |
|---|---|
| MICHAEL SKIDMORE, AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST, | No.   16-56287 |
| Plaintiff-Appellee, | D.C. No.<br>2:15-cv-03462-RGK-AGR |
| v. | |
| WARNER/CHAPPELL MUSIC, INC, | |
| Defendant-Appellant. | |
| and | |
| LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORPORATION, ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY, | |
| Defendants, | |

**THOMAS**, Chief Judge and En Banc Coordinator:

In order to clarify the scope of en banc rehearing in these cases, "[w]hen a case is heard or reheard en banc, the en banc [court] assumes jurisdiction over the entire case, see 28 U.S.C. § 46(c), regardless of the issue or issues that may have caused any member of the Court to vote to hear the case en banc." Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 995 (9th Cir. 2003) (quoting Summerlin v. Stewart, 309 F.3d 1193, 1193 (9th Cir. 2002)). Although "the en

banc [court] may, in its discretion, choose to limit the issues it considers, . . . the en banc [court] is under no obligation to do so." Id.