USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/24/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

KATHRYN TOWNSEND GRIFFIN, HELEN
MCDONALD, and THE ESTATE OF
CHERRIGALE TOWNSEND,

          Plaintiffs,

  - against -

EDWARD CHRISTOPHER SHEERAN, p/n/a
ED SHEERAN, ATLANTIC RECORDING
CORPORATION, d/b/a ATLANTIC RECORDS,
SONY/ATV MUSIC PUBLISHING, LLC, and
WARNER MUSIC GROUP CORPORATION, d/b/a
ASYLUM RECORDS,

          Defendants.
------------------------------X

17 Civ. 5221 (LLS)

OPINION & ORDER ON
DEFENDANTS' FIRST
MOTION IN LIMINE

      The issues raised by defendants' application for in limine rulings are disposed of as follows.

1.
The Deposit Copy

      On July 17, 1973, in compliance with the then - applicable 1909 Copyright Act Sections 9 and 12, 17 U.S.C. §§ 5(e), 9, 10, 12 (1964), plaintiffs' predecessor in interest Ed Townsend filed with the Copyright Office (through music publishers) the application for registration of the musical composition Let's Get It On, and deposited two copies of the sheet music he had authored. The copyright was registered as No. EP 314589, and the sheet music deposited with the Copyright Office ("Deposit Copy") defines "precisely what was the subject of copyright." Merrell v. Tice, 104 U.S. 557, 561 (1881). "[T]he scope of the copyright is limited by the deposit copy." Skidmore v. Led Zeppelin, No. 16-56057, March 9, 2020 p. 20 (9th Cir. 2020) (en

banc). The Deposit Copy is the sole definition of the elements included in the protection of copyright, which does not include other embellishments, even if they were added by Townsend himself - because they have not undergone the copyright process. The Copyright Office cautions that "a registration for a work of authorship only covers the material that is included in the deposit copy(ies)" and "does not cover authorship that does not appear in the deposit copy(ies), even if the applicant expressly claims that authorship in the application." U.S. Copyright Office, Compendium of U.S. Copyright Office Practices. §504.2 (3d ed. 2017).

Nor is the field of protected elements enlarged on the theory they are consistent, and harmonize with the work as articulated in the Deposit Copy, and are implied by the way the articulated elements are expressed. If what is implied is not in the Deposit Copy, it does not have the protection of copyright.

Thus, defendants first in limine request, "for an order limiting Plaintiffs to comparing Thinking Out Loud with the musical composition Let's Get It On as reflected in the deposit copy filed with the Copyright Office for that work" is granted.

## 2.
## The Sound Recording

A clear understanding that only the Deposit Copy has copyright protection is important in this case because Marvin Gaye, who co-wrote Let's Get It On with Townsend, recorded the song for its first commercially released sound recording on March 22, 1973. The Gaye sound recording contains many elements: percussion/drums, bass-guitar, guitars, Gaye's vocal performances, horns, flutes, etc., which do not appear in the simple melody of the Deposit Copy. These additional elements - at least some of which appear in Think Out Loud in more or less similar form - are not protected by copyright, because they are not in the Deposit Copy.

Thus the Gaye sound recording is inadmissible in any way which might confuse the jury into thinking it represents what is protected by copyright. For example, comparisons of elements in Thinking Out Loud which are similar to elements in the Gaye sound recording (but not the Deposit Copy) will not be allowed.

To that extent, defendants' second and third in limine requests are granted.

3.

Rulings on whether portions, or the whole Gaye sound recording may be played or otherwise referred to at trial, are deferred until trial. At present it seems those would be barred by Fed. R. Evid. 403, but there may arise circumstances or arguments under which they may be admissible.

Counsel are directed to give advance notice to their adversary and the Court before making such submissions.

So Ordered.

Dated: March 24, 2020

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J