

PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806    www.pryorcashman.com

**Donald S. Zakarin**
**Partner**
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

July 10, 2020

**VIA ECF**

Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, NY 10007-1312

      Re:     **Griffin v. Sheeran, 17-cv-5221 (LLS)**

Dear Judge Stanton:

      We represent the Defendants in the above-referenced case and write in response to the letter of July 9, 2020 from Plaintiffs' counsel, Patrick Frank, in which he seeks permission to make a motion to compel discovery of touring and merchandising information. Discovery in this case closed on March 28, 2018. Plaintiffs did not seek to compel such discovery before or after the close of discovery.

      Unmentioned by Mr. Frank, Plaintiffs did seek to reopen discovery in May 2018, arguing in support of the motion of Structured Asset Sales, LLC ("SAS") to intervene. In denying intervention, Judge Sullivan also refused to reopen discovery, a ruling that is law of the case. Plaintiffs have no excuse for their failure to pursue such discovery prior to the close of discovery nor any explanation for waiting until after the trial of this matter has been scheduled to raise the issue again. A brief timeline confirms Plaintiffs' failure to show good cause:

- Nearly three year ago, in October 2017, Plaintiffs served document demands requesting all documents concerning touring and merchandising revenues.

- On November 13, 2017, Defendants objected to those demands and stated that they would not provide any touring or merchandising information.

- In December 2017, when Plaintiff again raised the issue, I sent Mr. Frank a detailed note explaining why Plaintiff was not entitled to the information (a copy of which is attached as Exhibit 1).

- Fact discovery closed more than three months thereafter (more than **two years ago**) without Plaintiffs ever moving to compel production.

**PRYOR CASHMAN LLP**

On May 16, 2018, two months after the close of discovery in this case, Mr. Frank wrote to Judge Sullivan supporting the motion made by SAS to intervene. In his letter (which I attach as Exhibit 2), he argued that, despite the fact that discovery had closed, he intended to move to compel discovery of touring and merchandising information and also information relating to foreign income from "Thinking Out Loud" ("TOL"), an argument offered to rebut our contention that allowing intervention would be prejudicial to Defendants.[1]

On May 17, 2018, I responded in a letter to Judge Sullivan and explained that Defendants had objected to Plaintiffs' request in their discovery responses in November 2017 and again in a letter sent to Mr. Frank on December 20, 2017. (*See* Exhibit 3). On June 11, 2018, Judge Sullivan issued an Order denying SAS's motion to intervene. The Order specifically addressed – and rejected – Mr. Frank's attempt to use SAS's motion as a basis for reopening discovery:

> Second, **intervention would prejudice Defendants, since it appears that Plaintiffs intend to use SAS's intervention as a basis for reopening fact discovery** … **Forcing the Court and the parties to retrace steps in a scheduling order issued nearly eight months ago is clearly prejudicial** and, when considered in light of SAS's delay, unjustified.

(*See* Exhibit 4 at p. 4; emphases added). It is law of the case that Plaintiffs cannot reopen fact discovery to permit them to discover touring revenues.

On June 15, 2018, despite the close of discovery, Mr. Frank sought to compel further discovery solely on the topic of foreign income. (*See* Exhibit 5). He did not seek any further discovery respecting touring or merchandising. We responded on June 20, 2018. (*See* Exhibit 6). Judge Sullivan called a pre-motion conference during which he noted that, "[w]ith respect to the … fact discovery … related to international sales, it seems to me that **this is way out of time**." (*See* Exhibit 7 at 3:19-4:4; emphasis added). Plaintiffs then did not file a motion seeking foreign income.

The law is clear that a party seeking to reopen fact discovery must show good cause, and good cause only exists where the moving party has been diligent in seeking discovery <u>during</u> the discovery period. *E.g.*, *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05-cv-8936 (RJS), 2007 WL 3275918, at*1-2 (S.D.N.Y. Nov. 5, 2007); *Ellis v. City of New York*, 243 F.R.D. 109, 112 (S.D.N.Y. 2007) (rejecting application to reopen discovery due to the moving party's "lack of diligence in failing to either follow up on the request or move to compel" during the fact discovery period); *Kulkarni v. City Univ. of New York*, No. 01-cv-10628(DLC), 2003 WL 23319, at *4 (S.D.N.Y. Jan. 3, 2003) ("Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery") (citation omitted).

---

[1] Mr. Frank wrote to Judge Sullivan exactly one day after we provided Mr. Frank with the damages expert report of Barry Massarsky. That report was based on all of the financial information we had provided to Mr. Frank – which did not include any touring or merchandise information – and, as such, the report does not provide any analysis of touring or merchandising income.

**PRYOR CASHMAN LLP**

Here, Plaintiffs had more than ample opportunity to pursue touring and merchandising information during the discovery period and failed to do so. They raised the issue again in May 2018 and Judge Sullivan rejected their attempt to reopen discovery. Plaintiffs threatened to seek to compel the production of such information and never did so, failing even to include such a request in their post-close of discovery letter request to compel production of foreign revenues, a request they then abandoned.

Mr. Frank implies that because SAS obtained touring and merchandising information, so should Plaintiffs here. But SAS sought touring and merchandising information <u>prior</u> to the close of discovery (and, unlike here, SAS arguably pleaded a causal nexus with the alleged infringement and the revenues at issue).[2] Nor does it matter that Plaintiffs asked Defendants for such information during fact discovery because in response to Defendants' objection, "the appropriate response would have been to make a motion to compel at that time." *McKay*, 2007 WL 3275918, at *2 (citations omitted); *see also Playboy Enterprises Int'l Inc. v. On Line Entm't, Inc.*, No. 00-cv-6618 (RJD), 2003 WL 1567120, at *1 (E.D.N.Y. Mar. 13, 2003) ("Plaintiffs complain that defendants were asked during discovery to provide information about the volume of traffic at their website, but failed to do so. The appropriate response to a failure of a party to comply with discovery demands is a timely motion to compel").[3]

In sum, Plaintiffs have not even attempted to show good cause to reopen fact discovery, nor have they provided any explanation for their failure to compel production of discovery during the discovery period. Discovery has been closed in this case for over two years. Expert reports have been completed for more than two years. The case is scheduled for trial in November, and there is a great deal of work to be done before then. Plaintiffs' application is untimely in the extreme and reopening discovery at this juncture would be prejudicial. Plaintiffs' application should be denied.

Respectfully submitted,

Donald S. Zakarin

---

[2] After Your Honor granted SAS's motion on January 15, 2020, Mr. Frank sent me an email on January 17, 2020, again demanding access to the touring and merchandising information. I rejected his request in an email response the same day, recounting the history and very different facts in this case. (*See* Exhibit 8).

[3] Plaintiffs incorrectly claim that producing touring income to them would not be burdensome since Defendants already have done so in the SAS matter. First, Defendants' damages expert report was provided in this case over two years ago and does not address touring and merchandising information as Defendants' objections went unchallenged. Second, the SAS information is limited to June 28, 2015 forward. There is a different statute of limitations applicable to this case, and the information is therefore different, which would require Defendants to compile an entirely new accounting of domestic touring and merchandising revenues. Further, Plaintiffs' suggestion that Defendants intend to "supplement" financial information is purposely misleading – as Plaintiffs know, Defendants have simply been updating financial information to account for revenues earned since fact discovery closed.