# EXHIBIT 2

Harper/Harper S1 SCAN 18/5/161  
Case 1:18-cv-07834-RJS Document 130-2 Filed 07/10/20 Page 2 of 5  
Case 1:17-cv-05221-RJS Document 46 Filed 05/16/18 Page 1 of 4

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

May 16, 2018

**VIA ECF**

The Honorable Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Griffin, et.al. v. Sheeran, et.al.;*
      Case Number: *2017-CV-5221 (RJS)*

Dear Judge Sullivan:

  Our office represents the three (3) enumerated Plaintiffs attendant to the above-referenced case. We write in response to both the initiating letter on behalf of Structured Asset Sales, LLC, by Mr. Parness, as well as the subsequent responsive letter on behalf of the collective Defendants by Mr. Zakarin on May 11, 2018.

  Having had the opportunity to review all of the submitted documentary positions at length, in conjunction with being well-apprised of the procedural status of this case, please be advised that the Plaintiffs do not oppose the entry of Structured Asset Sales, LLC, as a Co-Plaintiff at this time.

  While we are not in possession of first-hand knowledge as to the various allegations and/or "facts" set forth in the previously correspondence by Mr. Parness and Mr. Zakarin, respectively, we do believe that there are several salient points of which the Court should be aware which would/should bear upon the determination as to whether or not to allow Structure Asset Sales, LLC to participate in the instant proceedings at this juncture.

  First, while it is believed that all current parties to the instant litigation have engaged in diligent efforts to effectuate discovery in connection with this matter, the reality is that there are several pending disputes which have yet to be resolved which the Plaintiffs have yet to bring before the Court—to wit, the Plaintiffs have requested documentation and/or information with respect to touring revenue for the Defendant, Mr. Sheeran, during the time frame in which his massive international hit, "Thinking Out Loud" (*i.e.*, the alleged infringing work at issue herein) was enjoying the peak of its commercial success. The Defendants have objected to providing

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

those materials. Accordingly, the Plaintiffs intend on filing a motion to compel but, given the fact that discovery and the materials responsive thereto has been meted out in installment proffers thoughout the last several months, it was the Plaintiffs intention of affording the Defendants maximum opportunity to furnish these materials before seeking Court intervention on the matter.[1]

In addition to the profit information sought attendant to touring, the Plaintiffs have also sought targeted information related to income and/or revenue streams deriving from merchandising activities. During the course of the Defendant's, Mr. Sheeran's, deposition, it was suggested that the record company, the Defendant, Atlantic Records, was the appropriate party to provide that information. As such, a deposition was recently taken of the corporate representative and, quite literally, only within the last forty-eight (48) hours have we received a copy of the transcript of the same and determined that sufficient information relating to merchandising revenue has still not been made available.

Second, during the course of discovery in this case, the Plaintiffs had occasion to ask for a copy of the original recording of the purported "demo" of the song, "Thinking Out Loud", at the time it was recorded by the Defendant, Mr. Sheeran. For obvious reasons, the "demo" of the subject song is an important piece of evidence because it would provide information as to the time, place, and manner in which the song was originally written and recorded.

Responsive to the discovery request, the Defendants have furnished the Plaintiffs with a recording that has been identified and/or represented as the "demo" only to, subsequently, learn that, while the original "demo" was supposedly recorded on an iPhone in by the Defendant, Mr. Sheeran, in his home's kitchen, the version of the "demo" which has been furnished to the Plaintiffs was actually a recording of the original recording and that the iPhone which was utilized to record the song originally is missing.

By virtue of the fact that the Defendant, Mr. Sheeran, has been on tour for a large portion of the period coinciding with the discovery in this action to date, the Plaintiffs have been told by the Defendants' representatives that the Defendant, Mr. Sheeran, has not been in a position in which he could look for and furnish the original "demo" of "Thinking Out Loud".

---

[1] In the Plaintiffs' experience during the course of discovery in connection with the instant case, it has been found that while the Defendants have previously objected to certain items and/or information at one (1) time, they have relented and, in good faith, allowed for the information at issue to be provided at a later date—by way of illustration, while the Plaintiffs' initial interrogatories to the Defendant, Mr. Sheeran, met with a host of objections, at the time the deposition was taken of the Defendant, Mr. Sheeran, he was graciously allowed to answer many of the questions which had previously been met with objection earlier on in the process.

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

Within recent weeks, the Plaintiffs had been advised that the Defendant, Mr. Sheeran, had completed his tour and was returning home and, presumably, would be in a better position in which to search for the recording device that holds the original "demo". The Plaintiffs were advised that the search for the recording would go on and that, if and when found, it would be furnished to the Plaintiffs. Unfortunately, however, to this day the search continues. As a result, the Plaintiffs are evaluating the propriety of initiating an evidentiary spoliation motion at this time.

As might be reasonably gleaned from the foregoing, there are various unresolved evidentiary and/or discovery issues that remain pending at this time. Indeed, as of the drafting of the instant correspondence, the Plaintiffs have proffered expert discovery to the Defendants which remains pending and, in turn, the Defendants, have only within the last day provided the Plaintiffs with a valuation report from a previously-undisclosed financial expert.[2]

Given the fact of the incomplete proffer of discovery, as well as the troublesome disappearance of the original recording of "Thinking Out Loud" which the Plaintiffs reasonably anticipate asking this Court to address, in conjunction with the fact that this matter has not even been set for a trial date as of yet[3], the Plaintiffs do not believe that Structured Asset Sales, LLC being afforded leave to enter the case and participate in some measure of limited additional discovery would unduly prejudice any of the parties herein.

To the contrary, given that the all of the parties herein acknowledge Structured Asset Sales, LLC's, legitimate interest in the outcome of these proceedings, it would reasonable to assert that the basic principles of *stare decisis* and judicial economy would militate toward the unassailable conclusion that allowing Structured Asset Sales, LLC to participate in this matter is the preferred course of action in an effort to present future duplicative litigation with potentially inconsistent results.[4]

Thank you for your kind attention to the foregoing.

---

[2] The Plaintiffs' musicologist is not scheduled to be deposed until the end of the current month.
[3] The Court previously scheduled a status conference for June 26, 2018.
[4] Indeed, from an objective standpoint, one (1) might presume that the Defendants, themselves, would prefer to resolve this matter in its entirety and/or obtain some measure of finality attendant to the claims at issue herein *vis a vis* having all parties claiming an interest in the proceedings to join the same.

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

Sincerely,

_____
Patrick R. Frank, Esq.

_____
Keisha D. Rice, Esq.