# EXHIBIT 6



# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036  Tel: 212-421-4100  Fax: 212-326-0806  www.pryorcashman.com

**Donald S. Zakarin**
Partner
Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

June 20, 2018

**VIA ECF**

Hon. Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>Griffin, et al. v. Sheeran, et al., 17-cv-5221 (RJS)</u>

Dear Judge Sullivan:

We write in response to Plaintiffs' letter dated June 15, 2018 regarding their anticipated motion to compel discovery. As Defendants have advised Plaintiffs on numerous prior occasions, the anticipated motion would be frivolous if made for multiple independent reasons, all of which will be addressed below.

**A.   Plaintiffs' Proposed Motion To Compel Fact Discovery As To
       Foreign/International Revenues Is Untimely And Legally Baseless**

Fact discovery closed on March 28, 2018. Plaintiffs now belatedly propose to file a motion to compel compliance with a request for documents pertaining to foreign revenue earned by *Thinking Out Loud* ("TOL") that was served on October 14, 2017 and objected to by Defendants on November 13, 2017 (seven months ago).[1]

Plaintiffs' proposed motion is untimely in the extreme. Defendants produced all information pertaining to US revenues and costs for TOL but objected to foreign revenue requests. Plaintiffs never raised any issue about TOL's foreign revenue until April 24, 2018 – nearly one month after fact discovery closed and five months after Defendants objected to the requests for foreign revenues. Plaintiffs had ample time and opportunity to address this issue months prior to the close of fact discovery. Their time to raise this issue with the Court and to move to compel has long since expired.[2]

---

[1] Due to a snowstorm that affected the travel plans of plaintiffs and their counsel, the Court granted an extension of time to complete the depositions of plaintiffs and defendant Atlantic Recording Corporation until April 27, 2018, but the Court expressly ordered (pursuant to the stipulation of the parties) that "[t]he existing deadlines for all other discovery shall remain the same," *i.e.*, March 28, 2018. *See* Dkt. No. 42.

[2] As detailed below, Plaintiffs now pretend that there is a link between their belated request for foreign revenues and Sheeran's inability to locate the iPhone on which he recorded a demo for TOL when it was originally written at his home in England. There is no linkage and Plaintiffs' attempt to create one is legally nonsensical. Moreover, on January 3, 2018, Sheeran provided Plaintiffs with a copy of the demo recorded in the UK the day TOL was written,

**PRYOR CASHMAN LLP**

Judge Richard J. Sullivan
June 20, 2018
Page 2

      Beyond being untimely, the proposed motion would still be utterly frivolous. As a general proposition, the recovery of profits in an infringement action is limited to profits earned from infringing acts in the US. There is a limited exception – the "predicate act exception" – which has three requirements: (1) a defendant must commit a predicate act of infringement in the United States; (2) the predicate act must lead to or enable infringement abroad; and (3) the recoverable profits must actually flow into the US from the foreign infringement. *See Sheldon v. Metro-Goldwyn Pictures*, 106 F.2d 45, 52 (2d Cir. 1939), *aff'd*, 309 U.S. 390 (1944); *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 73 (1988).

      So what is the predicate act in the US identified by the Plaintiffs? There is none. The one "act" they point to – the writing of TOL – indisputably occurred in the UK (and the act of writing a song does not satisfy the "predicate act" exception under the law in any event). The undisputed evidence establishes that Ed Sheeran and Amy Wadge ("Wadge") co-authored TOL on February 4, 2014 at Sheeran's home in Suffolk, England. The evidence establishes that Sheeran recorded a demo of TOL on his iPhone when it was written on that same day. The evidence establishes that on February 5, 2014 – one day after TOL was written – Sheeran recorded the commercially released version of TOL at Sticky Studios in Surrey, England. And Plaintiffs have received the original demo that Sheeran transferred to his iPad as well as the Sticky Studios recording.

      Plaintiffs' house of cards argument is thus based solely on the loss of Sheeran's iPhone. But they fail to explain how that loss somehow transports the writing of TOL to the US when all of the evidence establishes it was written in the UK and recorded in the UK (including Sheeran's sworn deposition testimony). Plaintiffs also fail to mention that Sheeran's recording and songwriting agreements are with United Kingdom companies (Wadge, who is not a defendant, was also signed to a UK publisher). Plaintiffs omit mentioning that Sheeran and Wadge both gave public interviews long before Plaintiffs filed their claim describing how they wrote TOL at Sheeran's house in England.[3] Critically, Plaintiffs also fail to mention that Defendants produced Sheeran's travel diary for February 2014 confirming he was scheduled for "Studio with Jake" on February 5, 2014, and also produced the original audio file for the recording of TOL that Sheeran made at Sticky Studios, with corresponding metadata, confirming that the audio file was created on "05 February 2014, 23:36:12" along with an invoice from Sticky Studios dated February 11, 2014 for Jake Gosling's services relating to TOL.

      In short, Plaintiffs offer no evidence against a mountain of undisputed evidence that TOL was written and recorded in the UK. Instead, Plaintiffs argue that because Sheeran's iPhone has been lost (or misplaced), the Court should somehow ignore all of the evidence and conclude that

---

and we advised Plaintiffs as early as February 1, 2018 that we had not located the original iPhone (albeit, we provided the very same original recording that Sheeran had transferred to his iPad).

[3] *See* https://bit.ly/2ylVDtF and https://bit.ly/2K60VxQ, last accessed June 20, 2018.

# PRYOR CASHMAN LLP

Judge Richard J. Sullivan
June 20, 2018
Page 3

TOL was written in the US. That is the supposed predicate act entitling Plaintiffs to foreign revenues. The argument is nonsensical on its face.[4]

### B. Motion to Compel "Expert" Discovery

Plaintiffs also seek to compel the production of "transmittal documents, contracts, invoices, and any materials" that Defendants conveyed to Dr. Lawrence Ferrara, PhD., their musicologist in this action. Dr. Ferrara's expert report (the "Report") includes all of the required, discoverable information under Rule 26(a)(2)(B) and Defendants have offered to disclose the total compensation that Dr. Ferrara has received to date, as well as musical transcriptions he prepared and other sheet music he considered in conjunction with drafting his Report. Plaintiffs – who declined to take the deposition of Dr. Ferrara – are not entitled to the materials they seek as they are immunized from disclosure on the basis of, among other things, the attorney-client privilege and the work product doctrine.

In support of their application, Plaintiffs make two assertions, neither of which has any basis. First, they claim that Defendants sought such invoices from their musicologist. This request was withdrawn (and it sought only to test certain testimony of Dr. Stewart regarding the preparation of his report). Second, Defendants questioned Plaintiffs' musicologist regarding "transmittal correspondence" from Plaintiffs' counsel because Plaintiffs voluntarily produced it. But their production does not create a corresponding obligation on Defendants' part to produce the same information. The content and substance of communications among and between counsel and Dr. Ferrara are immunized from disclosure under Rule 26.[5]

The real question is why are Plaintiffs seeking obviously privileged and irrelevant information? The answer is that Dr. Ferrara's report conclusively establishes that nothing protectable in *Let's Get It On* ("LGO") has been infringed and Plaintiffs are desperate to find some basis to exclude Dr. Ferrara. Their thesis is that he is employed by Sony/ATV, that Sony/ATV owns LGO and that Dr. Ferrara is therefore conflicted. They are wrong on both counts, and they have been advised of such on numerous prior occasions and through sworn deposition testimony. Dr. Ferrara is a full-time Professor of Music at NYU. Sony/ATV is not the publisher of LGO and has no interest in its copyright. There is no conflict, and the discovery sought is not only privileged, it is entirely irrelevant.

Respectfully submitted,

Donald S. Zakarin

---

[4] Plaintiffs also argue about two guitars and singers on the "demo" provided from Sheeran's iPad. Whether there is one or two guitars and whether Wadge sang along with Sheeran or not is simply irrelevant. There is no dispute where and when TOL was written.
[5] To the extent Dr. Ferrara, in forming his opinions, relied upon any facts, data or information provided by counsel, that has been disclosed through his Report.