# EXHIBIT 8

**From:** Zakarin, Donald S.
**Sent:** Friday, January 17, 2020 1:17 PM
**To:** 'Patrick R. Frank '
**Cc:** keisha.rice@gmail.com; Farkas, Ilene S.; Goldsmith, Andrew M.
**Subject:** RE: Ms. McDonald

Pat:

Our position on indirect profits, including any concert revenue, has been consistent since the inception of this case.  More than two years ago, in October 2017, you served your "First Request to Produce," requesting among other things, all documents concerning touring revenues and merchandising revenues.  We responded – more than two years ago – on November 13, 2017, clearly and unequivocally setting forth our objections and stating that we would not provide any touring or merchandising information.  Then, in December 2017 – still, more than two years ago – you and I exchanged good-faith correspondence regarding your request for touring revenues.  We provided you with a detailed explanation for why we disagreed with your demand and would not produce any concert or merchandise revenue and expenses.  In response, while fact discovery remained open in the case, you did nothing.  You did not seek relief from the Court.  You made no motion to compel.

Months later, on March 7, 2018, before the close of fact discovery, Keisha again raised the issue of touring revenues, and we promptly responded to remind you that "our position on touring and merchandise has been consistent from the outset of this case and consistently communicated to you," *i.e.*, that we would not be providing any such information to you, and if you wanted to obtain such information, you would need to make a motion to compel with the Court.  Again, you never moved to compel.

Fact discovery then closed in this case on March 28, 2018 (with the exception of remaining open only to permit the completion of depositions that had to be adjourned due to a snow storm).  In other words, fact discovery closed without you having made any motion to compel.

Less than a month later, you again raised the issue of touring revenues in an email dated April 24, 2018 which we again rejected.  Again, you made no motion to compel (even assuming you could have made such a motion after the close of fact discovery).

On June 15, 2018, when Judge Sullivan was still sitting, you *did* file a pre-motion letter seeking to compel fact discovery relating to international profits, and you also moved to discover certain expert documentation.  Notably, you did not raise the issue of concert revenues or merchandising.  At the pre-motion conference on that motion, the Court stated as follows:

> So for the plaintiffs' motion to compel, the plaintiffs are seeking to compel the production of documents relating to international profits that were derived from the song "Let's Get It On," as well as documents related to the defendant's expert.  With respect to the first of those, the fact discovery, what I would call fact discovery related to international sales, it seems to me that **this is way out of time**.

*See* Transcript at 3:19-4:4.

After this conference, you did not proceed further.  Moreover, as noted, you did not even bother to include any request for concert revenues and costs or merchandising revenue and costs.  And, if you were "way out of time" in June 2018 (three months after fact discovery closed), you are vastly more "out of time" now, nearly two years later.

Finally, in June 2019, in the run up toward trial (before Judge Stanton deferred trial to see how the Ninth Circuit came out on the Deposit Copy issue), you again sought to discover touring revenues from us in the context of a contemplated trial subpoena.  We again made clear that, having failed to pursue this information in discovery before the close of discovery, you could not now pursue it for trial in the guise of a trial subpoena.

That Judge Stanton has made a ruling in a different case in which fact discovery has not closed – a decision with which we respectfully disagree for both legal and policy reasons which we believe could have fundamental unintended consequences not considered by the Judge – does not open the door to you to seek to seek discovery you could have but did not pursue two years ago.  In fact, we believe that if you were to now make a motion, it would be frivolous and subject to sanctions.


*Donald S. Zakarin*
Pryor Cashman, LLP
7 Times Square
New York, NY 10036
212-326-0108 (P)
212-798-6306 (F)
dzakarin@pryorcashman.com




**From:** Patrick R. Frank [mailto:lawatf@aol.com]
**Sent:** Wednesday, January 15, 2020 3:56 PM
**To:** Zakarin, Donald S. <DZakarin@PRYORCASHMAN.com>
**Cc:** keisha.rice@gmail.com; Farkas, Ilene S. <IFarkas@PRYORCASHMAN.com>; Goldsmith, Andrew M. <AGoldsmith@PRYORCASHMAN.com>
**Subject:** Re: Ms. McDonald

Hi Don.  I hope this finds you well in the new year.  It is our understanding that the court has granted the motion to compel on indirect profits relating to touring and merchandise in the structured assets case.  As you will recall, we had asked for these items in our discovery but they were met with objection.

If I recall, your previous position was that because we had not moved to compel in the case, we were not entitled to the discovery in question.

In light of the court's ruling on this issue, I wondered if you might consider sharing this discovery with us as well to obviate the necessity of motion practice on this issue.

If your position remains the same and you will not voluntarily produce the records, that is ok.  We just wanted to check with you before pursuing a motion in the event that this could be resolved without doing so.

Thanks so much for your attention and anticipated assistance with the foregoing.

Sincerely,

Pat Frank

Sent from my iPhone

On Apr 14, 2019, at 5:17 PM, "Zakarin, Donald S." <DZakarin@PRYORCASHMAN.com> wrote:

> Mr. Frank:
>
> First, we did produce to you the SoundExchange information. So you have it. We are working on obtaining updated information for all and will provide it as soon as it is compiled. You could have, but did not, issue any subpoenas as far as I know to SoundExchange but in any event, it was provided to you by us.
>
> *Donald S. Zakarin*
> Pryor Cashman, LLP
> 7 Times Square
> New York, NY 10036
> 212-326-0108 (P)
> 212-798-6306 (F)
> dzakarin@pryorcashman.com
>
> **From:** lawatf@aol.com [mailto:lawatf@aol.com]
> **Sent:** Saturday, April 13, 2019 4:25 PM
> **To:** Zakarin, Donald S. <DZakarin@PRYORCASHMAN.com>
> **Cc:** keisha.rice@gmail.com; Farkas, Ilene S. <IFarkas@PRYORCASHMAN.com>; Goldsmith, Andrew M. <AGoldsmith@PRYORCASHMAN.com>
> **Subject:** Re: Ms. McDonald
>
> Hi Mr. Zakarin. I hope this finds you well. I wanted to follow up to determine the status of refreshing the damages discovery in the
> Sheeran matter covering the revenue from the song in the time that has elapsed since the last disclosures.
>
> Also, it is our understanding that Mr. Parness issued a subpoena to Sound Exchange for revenue information. A review of our
> records indicates that we do not have any information or documentation relating to profits from Sound Exchange. Could you
> advise as to your disposition on this matter?
>
> Thanks so much in advance for your anticipated assistance with this.
>
>
> Sincerely,
>
> Pat Frank
>
>
> -----Original Message-----
> From: Patrick R. Frank <lawatf@aol.com>
> To: Zakarin, Donald S. <DZakarin@PRYORCASHMAN.com>
> Cc: keisha.rice@gmail.com <keisha.rice@gmail.com>; Farkas, Ilene S.
> <IFarkas@PRYORCASHMAN.com>; Goldsmith, Andrew M. <AGoldsmith@PRYORCASHMAN.com>
> Sent: Mon, Apr 8, 2019 10:13 pm
> Subject: Re: Ms. McDonald

3

That is exactly right.

Sent from my iPhone

On Apr 8, 2019, at 3:04 PM, "Zakarin, Donald S." <DZakarin@PRYORCASHMAN.com> wrote:

So you will be repping the trust and the human client, the trustee, will be whom you are reporting to but the trust is the party.  If that is the case, we have no problem.

---

**From:** Patrick R. Frank [mailto:lawatf@aol.com]
**Sent:** Monday, April 08, 2019 3:03 PM
**To:** Zakarin, Donald S. <DZakarin@PRYORCASHMAN.com>
**Cc:** keisha.rice@gmail.com; Farkas, Ilene S. <IFarkas@PRYORCASHMAN.com>; Goldsmith, Andrew M. <AGoldsmith@PRYORCASHMAN.com>
**Subject:** Re: Ms. McDonald


The trust will be the party.  That trustee will not be a party at all.

Sent from my iPhone

On Apr 8, 2019, at 1:43 PM, "Zakarin, Donald S." <DZakarin@PRYORCASHMAN.com> wrote:

>Mr. Frank:
>
>
>I am not sure I am clear on the distinction you draw.  Will the trustee be separately represented in the case or will the trust be the party?  If the trustee is the party, is it your intention to have another lawyer come into the case at this point to represent the trustee?  If so, who is that going to be.
>
>
>I am just trying to understand whether the substitution is going to involve changes to the case before we consent.
>
>
>
>Donald S. Zakarin
>
>Pryor Cashman, LLP
>
>7 Times Square
>
>New York, NY 10036
>
>212-326-0108 (P)

4

212-798-6306 (F)

dzakarin@pryorcashman.com

---

**From:** Patrick R. Frank [mailto:lawatf@aol.com]
**Sent:** Monday, April 08, 2019 1:37 PM
**To:** Zakarin, Donald S. <DZakarin@PRYORCASHMAN.com>
**Cc:** keisha.rice@gmail.com; Farkas, Ilene S. <IFarkas@PRYORCASHMAN.com>; Goldsmith, Andrew M. <AGoldsmith@PRYORCASHMAN.com>
**Subject:** Re: Ms. McDonald

The trustee is Ms. McDonald's nephew, Sedrick Harris. We will not be representing him but will be representing the trust.

Sent from my iPhone

On Apr 8, 2019, at 10:31 AM, "Zakarin, Donald S." <DZakarin@PRYORCASHMAN.com> wrote:

> Mr. Frank:
>
> Can you advise who the trustee will be and whether you will also be representing the trustee? We generally have no issue with the substitution but we do want to have an understanding of how, if at all, the substitution may affect the existing status of the case.
>
> Thanks.
>
> Donald S. Zakarin
>
> Pryor Cashman, LLP
>
> 7 Times Square
>
> New York, NY 10036

212-326-0108 (P)

212-798-6306 (F)

dzakarin@pryorcashman.com

**From:** lawatf@aol.com [mailto:lawatf@aol.com]
**Sent:** Thursday, April 04, 2019 8:21 PM
**To:** Zakarin, Donald S. <DZakarin@PRYORCASHMAN.com>; keisha.rice@gmail.com
**Cc:** Farkas, Ilene S. <IFarkas@PRYORCASHMAN.com>; Goldsmith, Andrew M. <AGoldsmith@PRYORCASHMAN.com>
**Subject:** Re: Ms. McDonald

Mr. Zakarin,

I hope this finds you well.  I wanted to, briefly, follow up regarding the matter of Ms. McDonald, as previously discussed below.  We are now in receipt of the pertinent estate planning documents and it would appear that all of Ms. McDonald's copyright interests were placed in a trust in an apparent effort to obviate the necessity of undertaking a probate proceeding.  Therefore, the appropriate party-in-interest to be substituted into the
case would actually be Ms. McDonald's trust, as opposed to the estate of Ms. McDonald.

I think it is likely a distinction without a difference as it relates to our purposes but I wanted to make sure that everyone was on the same page and that we could accurately represent your clients' position.  It is our intention of substituting Ms. McDonald's trust for Ms. McDonald personally.
Therefore, could you advise as time permits as to whether you object to the proffered substitution?

Thank you for your attention to the foregoing.

Pat Frank

-----Original Message-----
From: Zakarin, Donald S. <DZakarin@PRYORCASHMAN.com>
To: 'Patrick R. Frank ' <lawatf@aol.com>; keisha.rice@gmail.com <keisha.rice@gmail.com>
Cc: Farkas, Ilene S. <IFarkas@PRYORCASHMAN.com>; Goldsmith, Andrew M. <AGoldsmith@PRYORCASHMAN.com>
Sent: Mon, Mar 25, 2019 5:30 pm
Subject: Ms. McDonald

We do not object to your providing the Court with notice of Ms. McDonald's death and the associated request that her Estate be substituted in her stead as a plaintiff.


Donald S. Zakarin

Pryor Cashman, LLP

7 Times Square

New York, NY 10036

212-326-0108 (P)

212-798-6306 (F)

dzakarin@pryorcashman.com

---

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

---

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

---

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.