UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

KATHERINE TOWNSEND
GRIFFIN, *et.al.*,

    Plaintiffs,

vs.

EDWARD CHRISTOPHER
SHEERAN, *et.al.*,

    Defendants.
_____/

CASE NO: 1:17-CV-05221

DECLARATION OF DR.
ALEXANDER STEWART

Dr. Alexander Stewart declares that the following statements are true:

1. I am over eighteen (18) years of age and I am, otherwise, competent to testify, and I have personal knowledge of the information contained in this Declaration. I am Professor of Music, Director of Jazz Studies and former Director of Latin American and Caribbean Studies at the University of Vermont.

2. I was originally engaged by the Law Offices of Frank & Rice, P.A. on or about April 21, 2015, to provide a pre-suit analysis of the similarities between the compositions identified as "Let's Get It On" and "Thinking Out Loud".

3. In connection with that that preliminary pre-suit analysis, I was furnished with the audio recordings of the respective compositions as well as preliminary analyses conducted on behalf of the enumerated Defendants by both Anthony Ricigliano and Lawrence Ferrara which included ten (10) separate examples of what was contended to be so-called prior art by the Defendants.

4. I analyzed and specifically transcribed each and every example of supposed prior art proffered by the Defendants in connection with my preliminary pre-suit analysis

1

and provided the same to counsel(s) on or about June 4, 2015.

5. In addition to undertaking a rigorous analysis of the ten (10) alleged examples of prior art provided by the Defendant prior to the inception of the instant lawsuit, on my own initiative I undertook a separate prior art investigation which included consulting with various musicians with whom I perform, as well as fellow members of the faculty in the Music Department of University of Vermont.

6. In the deposition that I gave attendant to this litigation, on or about May 30, 2018, I was asked extensively about the issue of my prior art analysis and discussed the matter at length between pages Two-Hundred and Sixty-One (261) through Two-Hundred and Seventy-Four (274). (Please refer to a true copy of said full deposition, as appended immediately hereto and marked as **Exhibit "1"**).

7. During the aforementioned deposition, I identified consulting with approximately five (5) fellow musicians and/or music professors regarding prior art (please refer to Page Two-Hundred and Seventy (270), **Exhibit "1"**) including, but not limited to, the head of the Guitar Department at the University of Vermont.

8. After litigation was commenced, I requested—and received—a true copy of the "deposit copy" of the song entitled "Let's Get It On" on November 9, 2017.

9. The next month, on or about December 8, 2017, a report was submitted to the Defendants regarding my findings pursuant to the *Federal Rules of Civil Procedure, Rule 26*. (Please refer to a true copy of said report, as appended immediately hereto and marked as **Exhibit "2"**).

10. Said report contained an analysis of prior art and also took into consideration of the similarities between the respective song's compositions (as

embodied in the audio recordings), as well as the sheet music of the same (including the deposit copy of "Let's Get It On").

11. Herein again, I was asked extensively by the legal representatives of the enumerated Defendants regarding my analysis of the deposit copy at my deposition of May 30, 2018, in excess of two (2) years ago. (Please refer again to **Exhibit "1"**, Pages Twenty-Eight (28), Thirty (30), Eighty-One (81), Eighty-Two (82), Eighty-Three (83), Eighty-Four (84), Eighty Five (85), Eighty-Six (86), Eighty-Eight (88), Eighty-Nine (89), One-Hundred and Eighteen (118), One-Hundred and Twenty-Two (122), One-Hundred and Twenty-Seven (127), One-Hundred and Thirty (130), One-Hundred and Thirty-One (131), One-Hundred and Thirty-Three (133), One-Hundred and Thirty-Four (134), One-Hundred and Thirty-Five (135), and One-Hundred and Forty-Six (146)).

12. Following my deposition on May 30, 2018, the Defendants filed a motion for summary judgment in this case to which I was requested to provide a declaration in opposition thereto. (Please refer to a true copy of my Declaration, as appended immediately hereto and marked as **Exhibit "3"**).

13. Within the context of my Declaration, as proffered on or about September 8, 2018, I again discussed both prior art and the deposit copy, both of which played a significant role in my analysis of the similarity between the works at issue herein.

14. While I am aware that the Defendants in this case, concurrent with their musicologist, Lawrence Ferrara, apparently take issue with my findings and/or the methodology that served as the basis for said findings, said methodology that was utilized by my person and informed the subject findings in this case were wholly consistent with the time-honored and accepted practices in the field of musicological analysis.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 22, 2020

_____
Alexander Stewart, Ph.D.