# EXHIBIT 2

**FACTS AND LAW UNDISPUTED IN PLAINTIFFS' OPPPOSITION**

**1)   Dr. Stewart Improperly Compares TOL to the LGO Recording And His Testimony Should Therefore Be Excluded**

| Page(s) of Moving Memorandum | Unrebutted Statement of Fact or Law | Record Citation / Case Support |
|---|---|---|
| 1 | The Stewart Report compares TOL with a recorded studio performance of LGO by Marvin Gaye (the "LGO Recording"), one of dozens of recorded performances of LGO | • Stewart Report at 1 (Dr. Stewart explains that he compared TOL to "'Let's Get It On' (LGIO) <u>performed</u> by Marvin Gaye," *i.e.*, the LGO Recording)<br><br>• *Id.* (Dr. Stewart explains that he assessed "[r]ecordings" of LGO and TOL provided to him by Plaintiffs' counsel);<br><br>• *Id.* at 2 (comparing TOL to the "single" and "deluxe" versions of the LGO Recording). |
| 1-2 | The Stewart Report devotes lengthy analysis to elements in the LGO Recording that are nowhere found in the Deposit Copy – *e.g.*, the "bass line" and "drums" in the LGO Recording | • Stewart Report at 4, 6 |
| 2 | The Stewart Report does not even mention the Deposit Copy, nor does it transcribe, analyze or compare the Deposit Copy with TOL | • Stewart Report |
| 2 | Dr. Stewart admitted that, when he compares two compositions, he simply assumes the compositional elements on the commercial recording correspond to what is protected by copyright, rather than looking to what actually has been registered for copyright by the copyright owner | • Zakarin Decl. at Exhibit 3, 30:10-32:8 |
| 2 | Dr. Stewart also admitted that he does not transcribe the actual copyrighted work as reflected in the Deposit Copy but instead listens to a particular, commercially-released recording of the songs at issue and then transcribes the commercial recordings (or portions of them) into musical notation | • Zakarin Decl. at Exhibit 3, 22:3-24:5 |

| 3 | Dr. Stewart admitted that he "didn't include [the Deposit Copy] explicitly in [his] analysis" in the Stewart Report | • Zakarin Decl. at Exhibit 3, 80:15-82:24 |
|---|---|---|
| 5 | Where an expert offers an opinion that compares "apples to oranges," the opinion must be excluded as irrelevant and unreliable | • *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202, 208 (2d Cir. 1984); *Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 354 (S.D.N.Y. 2003). |
| 10-11 | Because the Stewart Report fails to compare TOL to the allegedly infringed work, the Stewart Report is irrelevant, unreliable, prejudicial and likely to confuse the jury | • *Shatkin*, 727 F.2d at 208; *Baker*, 254 F. Supp. 2d at 354; *Raskin v. Wyatt Co.*, 125 F.3d 55, 67 (2d Cir. 1997); *In re Wright Med. Tech. Inc., Conserve Hip Implant Prod. Liab. Litig.*, 127 F. Supp. 3d 1306 (N.D. Ga. 2015). |

**2)   Dr. Stewart Cannot Offer Legal Conclusions Regarding Substantial Similarity And Protectable Expression**

| Page(s) of Moving Memorandum | Unrebutted Statement of Fact or Law | Record Citation / Case Support |
|---|---|---|
| 11-12 | Expert musicologists may opine on probative or objective similarities between the works and they can provide guidance by translating musical notation and musical concepts into plain English, but they may not opine that a defendant's work is substantially similar to the plaintiff's work. | • *Griffin v. Sheeran*, 351 F. Supp. 3d 492, 496 (S.D.N.Y. 2019); *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 140 (2d Cir. 1992); *Sheldon Abend Revocable Trust v. Spielberg*, 748 F. Supp. 2d 200, 204 n.4 (S.D.N.Y. 2010) |
| 12 | An expert musicologist cannot opine that isolated elements within a given musical composition qualify as "protectable expression" because this, too, embraces an ultimate legal question. | • *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 105-106 (2d Cir. 2014); *McDonald v. West*, 138 F. Supp. 3d 448, 456 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016) |
| 14 | Dr. Stewart should be precluded from offering any testimony that LGO, or constituent elements within it, are "protectable" expression, or that TOL is "substantially similar" to the Deposit copy of LGO | • (See Above) |

**3)   Dr. Stewart Should Be Precluded From Offering Testimony That LGO Is "Unique," "Distinctive," "Uncommon," "Unusual" or the Like**

**A)   None Of Dr. Stewart's Opinions Appears In The Stewart Report**

| Page(s) of Moving Memorandum | Unrebutted Statement of Fact or Law | Record Citation / Case Support |
|---|---|---|
| 15 | None of the above opinions appears in the Stewart Report | • Stewart Report |

**B)   Dr. Stewart's Opinions Are Unreliable Because He Did Not Conduct An Appropriate Musicological Prior Art Search**

| Page(s) of Moving Memorandum | Unrebutted Statement of Fact or Law | Record Citation / Case Support |
|---|---|---|
| 15 | The Stewart Report does not identify or discuss any search that Dr. Stewart made for prior art. | • Stewart Report |
| 15-16 | Dr. Stewart asked "around three to five" of his "musician friends" if they could think of "other songs like these." <br><br> Dr. Stewart has not provided any detail regarding the identities of these "friends," the substance of their discussions, nor of the manner by which his "friends" searched for prior art | • Zakarin Decl. at Exhibit 3, at 261:13-267:15, 272:8-11 |
| 16, 18 | Dr. Stewart's did not ask his "friends" about prior art on an element by element basis, nor did he eliminate elements that appear only in the LGO Recording <br><br> Instead, Dr. Stewart asked his "friends" whether they could think of other songs that had the same claimed elements in common, as heard in the LGO Recording – *i.e.*, including the drums and bass-line not included in the Deposit Copy <br><br> Dr. Stewart thus admitted that he never conducted a proper prior art search addressed to the harmonic progression and harmonic rhythm but only a search that specifically included elements not found in the Deposit Copy. | • Zakarin Decl. at Exhibit 3, at 261:13-267:15, 272:8-11 |

3

| Page(s) of Moving Memorandum | Unrebutted Statement of Fact or Law | Record Citation / Case Support |
|---|---|---|
| 16 | Quizzing several friends if prior art comes to mind does not qualify as a "reliable" methodology | • *Playtex Prods., Inc. v. P&G*, No. 02-cv-8046 (WHP), 2003 WL 21242769, at *10 (S.D.N.Y. May 28, 2003), *aff'd*, 126 F. App'x 32 (2d Cir. 2005); *Koppell v. New York State Bd. of Elections*, 97 F. Supp. 2d 477, 481 (S.D.N.Y. 2001); *In re Zyprexa Prod. Liab. Litig.*, 489 F. Supp. 2d 230, 284 (E.D.N.Y. 2007). |
| 17 | Dr. Stewart's reliance on his self-described instant recall of all music is not a reliable principle or methodology | • *Zenith Electronics Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 418 (7th Cir. 2005); *Goodness Films, LLC v. TV One, LLC*, No. 12-cv-8688 (GHW), 2014 WL 12780291, at *2 (C.D. Cal. May 19, 2014) |
| 17-18 | Courts in this Circuit routinely exclude as unreliable expert opinions based on mere "expertise" or "experience" since such opinions cannot be tested or verified | • *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 49 (2d Cir. 2004); *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 514 F. Supp. 2d 571, 576 (S.D.N.Y. 2007); *Lippe v. Bairnco Corp.*, 288 B.R. 678, 686 (S.D.N.Y. 2003), *aff'd*, 99 F. App'x 274 (2d Cir. 2004) |

4

### C) Dr. Stewart's Opinions Are Classic *Ipse Dixit*

| Page(s) of Moving Memorandum | Unrebutted Statement of Fact or Law | Record Citation / Case Support |
|---|---|---|
| 6 | Even otherwise qualified experts may not simply offer conclusory opinions" because "[c]onclusory opinions are a form of '*ipse dixit*,' and often provide an insufficient basis upon which to assess reliability. | • *Estate of Jaquez v. City of N.Y.*, 104 F.Supp.3d 414, 426 (S.D.N.Y. 2015), *aff'd*, 706 F. App'x. 709 (2d Cir. 2017); *Major League Baseball Props. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008); *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127-28 (2d Cir. 2013) |
| 19 | Dr. Stewart's opinions lack any foundation and instead represent pure *ipse dixit*, providing no objective basis for testing their reliability. | • Stewart Summary Judgment Declaration |

### D) Dr. Stewart Has Admitted The Harmonic Progression Is "A Common Progression"

| Page(s) of Moving Memorandum | Unrebutted Statement of Fact or Law | Record Citation / Case Support |
|---|---|---|
| 20 | The basic I-iii-IV-V harmonic progression in LGO is such a common, basic building block of music that it is taught in elementary guitar method books | • Zakarin Decl. at Exhibit 5 |
| 20 | One of those elementary guitar method books states that "dozens of other I-iii-IV-V songs" predated LGO and that the authors of LGO were "simply writing a song using a <u>common progression</u>, just like every other professional songwriter does."<br><br>At his deposition, Dr. Stewart admitted he agreed with this passage from the guitar method book. | • Zakarin Decl. at Exhibit 5<br><br>• Zakarin Decl. at Exhibit 3, 139:16-141:6 |

### E) The Harmonic Rhythm At Issue – The "Anticipation" Of Chord Changes – Is An Unprotectable Musical Technique

| Page(s) of Moving Memorandum | Unrebutted Statement of Fact or Law | Record Citation / Case Support |
|---|---|---|
| 21 | The rhythmic anticipation of chord changes is a centuries-old, well-worn musical technique. | • Zakarin Decl. at Exhibits 6, 7 |
| 21 | Commonplace musical methods and techniques are not protected by copyright | • *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020); *Gray v. Perry*, No. 15-cv-05642 (CAS), 2020 WL 1275221, at *4-5 (C.D. Cal. Mar. 16, 2020); *McDonald v. West*, 138 F. Supp. 3d 448, 456 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016) |

### 4) Dr. Stewart's Testimony Regarding Alleged Similarities Between The Vocal Melodies Should Be Precluded Because It Is Based On A Faulty Methodology

| Page(s) of Moving Memorandum | Unrebutted Statement of Fact or Law | Record Citation / Case Support |
|---|---|---|
| 22 | In comparing the vocal melodies at issue, Dr. Stewart deleted pitches and altered the melodic sequences in order to create the appearance of similarity | • Zakarin Decl. at Exhibit 8, ¶¶ 81, 84-87, 95-97 |
| 22 | Dr. Stewart failed to provide any analysis of the rhythmic durations of the pitches in the vocal melodies, presumably because the rhythmic durations of the pitches are significantly different as transcribed in the Stewart Report | • Zakarin Decl. at Exhibit 8, 88-92, 99, 113 |
| 22 | Dr. Stewart's analysis of the vocal melodies should be rejected, as his analysis is not the product of reliable methods and principles | • *Francescatti v. Germanotta*, No. 11-cv-5270 (MEA), 2014 WL 2767231, at *13 (N.D. Ill. Jun. 17, 2014); *Johnson v. Gordon*, 409 F.3d 12, 21 (1st Cir. 2005); *Warner Bros. Inc. v. American Broad. Cos.*, 654 F.2d 204, 211 (2d Cir. 1981) |

6