Donald S. Zakarin
dzakarin@pryorcashman.com
Ilene S. Farkas
ifarkas@pryorcashman.com
Andrew M. Goldsmith
agoldsmith@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KATHRYN TOWNSEND GRIFFIN, THE ESTATE OF CHERRIGALE TOWNSEND and THE HELEN CHRISTINE TOWNSEND MCDONALD TRUST,

*Plaintiffs*,

-against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, and SONY/ATV MUSIC PUBLISHING, LLC,

*Defendants*.

ECF CASE

17-cv-5221 (LLS)

---

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THEIR MOTION TO PRECLUDE
DR. ALEXANDER STEWART FROM TESTIFYING AT TRIAL**

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Edward Christopher Sheeran,
Atlantic Recording Corporation and
Sony/ATV Music Publishing LLC*

**TABLES OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT .............................................................................................................................2

   I.   DR. STEWART SHOULD BE EXCLUDED AS A TRIAL WITNESS ..............................2

      A.  Plaintiffs Admit That The Stewart Report Is Irrelevant And Inadmissible .....................2

      B.  Dr. Stewart's Testimony Also Should Be Barred
          For Failure To Conduct A Reliable Prior Art Search .........................................................3

      C.  Plaintiffs' Arguments Are False, Misleading Or Entirely Irrelevant...............................4

          1.  Plaintiffs Misstate The Basis For Defendants' Motion................................................4

          2.  Plaintiffs Bear The Burden Of Demonstrating Admissibility.....................................4

          3.  Plaintiffs' "Weight" Argument Is Baseless .................................................................5

          4.  Plaintiffs' Speculation Regarding LGO's Creation Is Irrelevant................................5

          5.  Plaintiffs' "Prejudice" Argument Is Baseless .............................................................6

          6.  Defendants Do Not Seek To Relitigate Summary Judgment......................................8

          7.  Defendants Identified The Stewart Report's Infirmities.............................................9

   II.  IN THE ALTERNATIVE, DR. STEWART'S TESTIMONY MUST BE LIMITED ...........9

      A.  Dr. Stewart Should Be Precluded From Offering Legal Conclusions .............................9

      B.  Dr. Stewart Should Be Precluded From Offering Testimony That LGO
          Is "Unique," "Distinctive," "Uncommon," "Unusual" Or The Like .............................10

      C.  Dr. Stewart's Testimony Regarding The Vocal Melodies Should Be Excluded............10

CONCLUSION.........................................................................................................................10

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                           **PAGE(s)**

*Allen v. Dairy Farmers of America, Inc.*,
   No. 09-cv-230 (D. Vt. May 16, 2014) ........................................................................................ 7

*Castaldi v. Land Rover North America, Inc.*,
   No. 06-cv-1008 (KAM), 2007 WL 4165283 (E.D.N.Y. Nov. 21, 2007) ................................. 7

*Friedman v. Cunard Line Ltd.*,
   No. 95-cv-5232(CSH), 1997 WL 698184 (S.D.N.Y. Nov. 10, 1997) ...................................... 8

*Griffin v. Sheeran*,
   351 F. Supp. 3d 492 (S.D.N.Y. 2019) ......................................................................................... 9

*Griffin v. Sheeran*,
   No. 17-cv-5221(LLS), 2020 U.S. Dist. LEXIS 52908 (S.D.N.Y. Mar. 24, 2020) .................... 8

*Iacangelo v. Georgetown University*,
   272 F.R.D. 233 (D.D.C. 2011) .................................................................................................... 8

*Johannsongs-Publishing Ltd. v. Rolf Lovland*,
   No. 18-cv-100009(AB), 2020 WL 2315805 (C.D. Cal. Apr. 3, 2020) ..................................... 4

*Kolt v. United States*,
   No. 94-cv-0293(TE), 1998 WL 214826 (W.D.N.Y. Apr. 24, 1998) ........................................ 7

*LaMarca v. United States*,
   31 F. Supp. 2d 110 (E.D.N.Y. 1998) .......................................................................................... 7

*R.F.M.A.S., Inc. v. Mimi So*,
   748 F. Supp. 2d 244 (S.D.N.Y. 2010) ........................................................................................ 5

*Skidmore v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) ..................................................................................................... 6

*Smith v. The Weeknd*,
   Case No. 19-cv-2507 (MRWx), 2020 U.S. Dist. LEXIS 130549 (C.D. Cal. July 22,
   2020) ........................................................................................................................................ 2, 4

*Wantanabe Realty Corp. v. City of New York*,
   No. 01-cv10137(LAK), 2004 WL 2112566 (S.D.N.Y. Sept. 23, 2004) ), *aff'd*, 159 F.
   App'x 235 (2d Cir. 2005) ............................................................................................................ 8

## **TABLE OF AUTHORITIES**, *cont'd*

*Zaremba v. GMC*,
  360 F.3d 355 (2d Cir. 2004) .................................................................................................. 5

## **RULES AND REGULATIONS**

Fed. R. Civ. P. 26 ................................................................................................................... *passim*

Fed. R. Civ. P. 56 .......................................................................................................................... 9

Fed. R. Evid. 702 ............................................................................................................... 5, 6, 8. 9

## **TREATISE**

David F. Herr, Annotated Manual for Complex Litigation, § 23.353 (4th ed.) ............................. 8

**PRELIMINARY STATEMENT**

Rule 26 specifically requires that an expert report include a "complete statement" of an expert's opinions. Dr. Stewart's Report contains his "complete statement" but, as shown in Defendants' moving papers and below, his Report is inadmissible and he should not be permitted to testify because his Report: (i) improperly compares TOL to the LGO Recording, not the Deposit Copy; (ii) fails to consider prior art; and, (iii) fails to screen out unprotectable elements.[1] In fact, this Court's March 2020 deposit copy decision bars Dr. Stewart's testimony and Report, as they are indisputably based on the LGO Recording. As Rule 26 also bars Dr. Stewart from testifying as to what is not in his Report, Defendants' motion to exclude Dr. Stewart's testimony and his Report should be granted.

Plaintiffs' opposition admits: (i) that the Stewart Report improperly compares TOL to the LGO Recording; and, (ii) that Dr. Stewart's supposed prior art searches were confined to songs that shared the same harmony, bass-line and drum-pattern.[2] But the bass-line and drum-pattern are only in the LGO Recording.

Dr. Stewart's failed prior art search resulted in his failure to screen out unprotectable commonplace musical building blocks – the allegedly similar chord progression and a centuries-old syncopated rhythmic device known as "anticipation." When one strips out the drum-pattern and bass-line, found only in the LGO Recording, the only remaining alleged similarities are the unprotectable chord progression and the equally unprotectable rhythmic device (both of which are actually different).[3] Dr. Stewart's failure to conduct a reliable prior art search is not some anomaly.

---

[1] The fact that Defendants questioned Dr. Stewart about his Report's failure to compare TOL to the Deposit Copy and the absence of any prior art in his Report does not make an inadmissible Report admissible.

[2] Dr. Stewart's supposed "method" of searching for prior art – wracking his mind for similar songs and consulting unidentified musician "friends" – is patently an unreliable and unacceptable methodology.

[3] As discussed below, Dr. Stewart also contends that there are some alleged similarities in the vocal melodies. However, it is undisputed that he manufactured those alleged similarities by deleting pitches and altering the melodic sequences. Dr. Stewart's comparison required him to rewrite the two songs, which render his opinion inadmissible.

Last week a California District Court rejected his opinions when he failed to conduct a prior art search.[4]

Because these facts are indisputable and the law under Rule 26 is well-settled, Plaintiffs ignore them. Instead, as detailed below in Section I.C., Plaintiffs offer a series of irrelevant and factually baseless arguments which provide no basis on which the Stewart Report or any testimony by Dr. Stewart could be admitted in this case.[5]

However, were this Court to permit Dr. Stewart to testify at all, Plaintiffs' opposition concedes Dr. Stewart should be barred from offering any testimony that: (1) LGO, or constituent elements in it, are "protectable" expression; (2) TOL is "substantially similar" to the Deposit Copy; (3) LGO, or constituent elements in it, are "unique," "distinctive," "uncommon," "unusual" or the like; and (4) the vocal melodies share similarities given that (Dr. Stewart improperly deleted pitches and altered the melodic sequences to feign the existence of melodic similarities that do not exist.

**ARGUMENT**

I. **DR. STEWART SHOULD BE EXCLUDED AS A TRIAL WITNESS**

   A. **Plaintiffs Admit That The Stewart Report Is Irrelevant And Inadmissible**

It is undisputed that the Stewart Report compares TOL to the LGO Recording. It is undisputed that the Stewart Report did not screen out the unprotectable commonplace chord progression and the unprotectable anticipation technique. Plaintiffs' opposition pretends that Dr. Stewart took the Deposit Copy "into consideration." He did not and his Report confirms that he

---

[4] *See Smith v. The Weeknd*, Case No. 19-cv-2507 (PA) (MRWx), 2020 U.S. Dist. LEXIS 130549, at *8, *18-21 (C.D. Cal. July 22, 2020). A copy of this opinion is annexed as Exhibit 1 to the Reply Zakarin Declaration. The *Smith* Court also faulted Dr. Stewart for failing to filter out commonplace elements from his comparison, a failure accentuated by the absence of a proper prior art search.

[5] The Reply Zakarin Declaration, at Exhibit 2, includes a non-exhaustive chart illustrating the many points of fact and law that Plaintiffs either have admitted or wholly failed to address, much less rebut.

did not, as his Report does not even list the Deposit Copy as one of the materials considered.

Dr. Stewart's Report would only sow jury confusion, prejudicing Defendants by forcing them to address alleged similarities that do not exist in the Deposit Copy (which are limited to unprotectable elements) or testimony that has not been the subject of a Rule 26 compliant expert report. Dr. Stewart should be excluded as a trial witness. *See* Mov. Mem. at 10-11 (citing cases).

### B. Dr. Stewart's Testimony Also Should Be Barred For Failure To Conduct A Reliable Prior Art Search

Dr. Stewart's Report does not even mention prior art. At his deposition he "invented" an anecdotal prior art inquiry in which he supposedly searched his memory for similar songs and polled some unidentified musician "friends" (whom he could not recall). But this unreliable "search" (if it occurred) focused on songs that included elements only in the LGO Recording. Thus, two of the three elements Dr. Stewart allegedly searched for in his supposed prior art inquiry – the drum-pattern and the bass-line – are not even at issue in this case (and the third element of this "combination," the chord progression, is unprotectable). Even assuming he performed such a search, it was totally improper and irrelevant. *See* Mov. Mem. at 16-18 (citing cases). Plaintiffs' opposition ignores the manifest infirmities of Dr. Stewart's alleged prior art search.[6]

Underscoring that Dr. Stewart's Report improperly focused on the LGO Recording, the only discussion of prior art in his Report is his misguided criticism of Dr. Ferrara for failing to consider prior art that combined the harmony with the drum-pattern and bass-line which appear only in the LGO Recording. Dr. Ferrara's prior art search was properly based on the Deposit Copy, confirming that Plaintiffs were fully aware of the Deposit Copy issue by no later than January 2018 (the date of Dr. Ferrara's Report).

---

[6] As to Plaintiffs' claim that Dr. Stewart transcribed the prior art identified by Dr. Ferrara, that is no substitute for a proper prior art search. Dr. Stewart also only transcribed 4 of the 13 prior art works mentioned by Dr. Ferrara.

3

Dr. Stewart's Report is entirely infected by his failure to conduct a proper prior art search, resulting in his failure to screen out unprotectable commonplace musical elements from his analysis. As the authority Defendants cited in their moving papers makes plain – and as the California District Court ruled just last week in *Smith* – Dr. Stewart's failure to conduct a reliable prior art search renders his Report defective and his testimony inadmissible. *See, e.g.*, *Johannsongs-Publishing Ltd. v. Rolf Lovland*, No. 18-cv-100009 (AB), 2020 WL 2315805, at *5 (C.D. Cal. Apr. 3, 2020) (excluding opinions as unreliable because "critically, the Report expressly admits that [the expert] had 'not yet conducted a prior art investigation.'"); *Smith*, 2020 U.S. Dist. LEXIS 130549, at *8, *18-21 (finding Dr. Stewart's Rule 26 Report deficient, among other reasons, because it failed to "provide any information about prior art or how common it is for songs" to share the alleged similarities in issue).

### C.  **Plaintiffs' Arguments Are False, Misleading Or Entirely Irrelevant**

Plaintiffs' opposition seeks to obscure that the manifest flaws in Dr. Stewart's Report render it irrelevant and his testimony inadmissible.

#### 1.  **Plaintiffs Misstate The Basis For Defendants' Motion**

Plaintiffs recharacterize Defendants' motion as faulting Dr. Stewart for "omitting" certain opinions from his "preliminary expert report." (Opp. Mem. ¶ 2). Plaintiffs' inexplicable label of Dr. Stewart's Rule 26 Report as a "preliminary report" is irrelevant. Dr. Stewart's Rule 26 Report improperly compares TOL to the LGO Recording, performs no proper prior art search and does not screen out unprotectable elements. If these are the supposed "omitted opinions," they are fundamental and exactly what should have been addressed in the Stewart Report but were not.

#### 2.  **Plaintiffs Bear The Burden Of Demonstrating Admissibility**

Plaintiffs try to explain away Dr. Stewart's fundamentally flawed Report as merely an

4

"inherent disagreement in methodology" and argue that Defendants supposedly failed to identify any "standards from which Dr. Stewart" has "deviated." (Opp. Mem. ¶¶ 9, 52). Neither assertion is true. Dr. Stewart failed to adhere to the most basic requirements of a proper infringement analysis: he did not compare the allegedly infringing work to what is copyrighted and his supposed prior art analysis also ignored what is copyrighted - the Deposit Copy. Defendants specifically identified these standards and Dr. Stewart's failure to adhere to these standards.

Plaintiffs also ignore that, as the proponents of Dr. Stewart's testimony, the burden rests on them to demonstrate its relevance and to show that Dr. Stewart adhered to reliable methods and principles. *E.g.*, *Zaremba v. GMC*, 360 F.3d 355, 358 (2d Cir. 2004). Defendants have shown Plaintiffs' failure in both regards, and Plaintiffs have not provided any evidence to the contrary.

### 3. Plaintiffs' "Weight" Argument Is Baseless

In a "hail Mary" attempt to salvage Dr. Stewart's Report, Plaintiffs suggest its infirmities go to its weight, not its admissibility. The pervasive flaws of Dr. Stewart's Report go to its admissibility, not its weight. Dr. Stewart's Report, which focuses on allegedly infringed elements that are not within the copyright (and then doubles down on those elements as part of an alleged prior art analysis) is wholly irrelevant and inadmissible under Rule 26, *Daubert* and Rule 702. *E.g.*, *R.F.M.A.S., Inc. v. Mimi So*, 748 F. Supp. 2d 244, 252 (S.D.N.Y. 2010) ("Minor flaws … generally go to the weight," but "when an expert opinion is based on data, a methodology or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony").

### 4. Plaintiffs' Speculation Regarding LGO's Creation Is Irrelevant

Plaintiffs argue that the LGO Recording preceded the Deposit Copy's creation, that the Deposit Copy is "based on" the LGO Recording, and that Dr. Stewart "necessarily" considered the

Deposit Copy by analyzing the LGO Recording. (Opp. Mem. ¶¶ 36-37, 39). This is sophistry.

First, this argument, based solely on Dr. Stewart's summary judgment Declaration, is rank speculation. It is conclusively refuted by Helen McDonald's sworn testimony that her brother, Ed Townsend, wrote LGO at the piano in her home and later prepared the Deposit Copy (or had it prepared by Rene Hall, who was Townsend's arranger). (Reply Zakarin Decl. Ex. 3, 23:4-24:18, 87:25-91:20).[7] There is no other admissible evidence regarding the creation of LGO.

Second, the argument is also irrelevant and self-defeating. If the LGO Recording were first, it is undisputed that the Deposit Copy did not include the bass-line and drum-pattern, and what is in the Deposit Copy is all that is protected by copyright. Because the Stewart Report conducts an analysis focusing only on alleged similarities between the "aggregate" – *i.e.*, combination – of the "bass melody, drum parts, and harmonies" (Stewart Report at 16), it relies on uncopyrighted elements and is therefore irrelevant, inadmissible and should be excluded.[8]

### 5.  **Plaintiffs' "Prejudice" Argument Is Baseless**

Plaintiffs opine that Dr. Stewart's testimony would not prejudice Defendants. But what testimony are they addressing? He cannot testify to an inadmissible Report, which compares TOL to the LGO Recording rather than the Deposit Copy and lacks a proper prior art search, and he cannot testify to opinions untethered to a Report without violating Rule 26 and Rule 702.

Defendants have consistently argued that LGO's copyright is limited to the Deposit Copy: (i) in Dr. Ferrara's January 2018 Report; (ii) in Defendants' July 2018 summary judgment motion; and (iii) in Defendants' May 2019 first motion *in limine*. It was so held in *Skidmore v. Led Zeppelin*,

---

[7] Contrary to Plaintiffs' claim, Defendants disputed Dr. Stewart's rank conjecture on this point. (Dkt. No. 88 at 4). Notably, assuming, *arguendo*, that the Deposit Copy were "based on" the LGO Recording, Ed Townsend's publishing company, Cherritown, was a co-owner of the copyright (until 1984) and he never sought to include the drum-pattern or bass-line in any registered copyright.

[8] Dr. Stewart also identifies alleged similarities in the vocal melodies. Yet, as alluded to above and demonstrated below, these opinions must be stricken, as Plaintiffs have admitted that Dr. Stewart improperly distorted the melodies.

952 F.3d 1051, 1064 (9th Cir. 2020), and it was determined in this case in March 2020. At each point, Plaintiffs could have, but did not, seek to submit a report from Dr. Stewart comparing TOL to the Deposit Copy.[9]

For nearly three years, Defendants have defended against claims based on the Stewart Report. Dr. Stewart cannot now shed the totality of his Report to testify to different opinions unbound by any report or prior art analysis. It would place this case, on the virtual eve of trial, back at square one with Plaintiffs advancing wholly new opinions as to what is infringing and why, requiring Defendants and their experts to respond (and to do so on the fly).

Indeed, "[t]he failure to disclose [] opinions in a report is not harmless, as it deprives the defendants of the benefit of written explanations and justifications of these key pieces of opinion testimony." *Castaldi v. Land Rover N. Am., Inc.*, No. 06-cv-1008 (JG) (KAM), 2007 WL 4165283, at *5 (E.D.N.Y. Nov. 21, 2007). Further, and contrary to Plaintiffs' suggestion, "[t]his is so even though [an expert has been] deposed regarding these questions." *Id.* (citations omitted); *see also LaMarca v. United States*, 31 F. Supp. 2d 110, 123 (E.D.N.Y. 1998) (the fact that adverse party "asked numerous questions about the [omitted opinions] and had every opportunity to question [the expert] about" those opinions at his deposition did not cure defects in Rule 26 Report); *Kolt v. United States*, No. 94-cv-0293 (TE), 1998 WL 214826, at *3 (W.D.N.Y. Apr. 24, 1998) (opinions not contained in Rule 26 report stricken because "deposition testimony does not cure deficiencies in the plaintiff's [Rule 26 Report]").

The flaws in Dr. Stewart's Report are also not cured by his summary judgment Declaration,

---

[9] Doing so after the first motion *in limine* was decided would have been improper in any event, as one cannot "'correct' an expert opinion in response to an adverse evidentiary ruling." *Allen v. Dairy Farmers of Am., Inc.*, No. 09-cv-230, at *5 2014 WL 2040133, at *5 (D. Vt. May 16, 2014); *see also id.* at *7 ("The prejudice to Defendants in allowing the [opinions not appearing in the Rule 26 Report] is substantial, unwarranted, and at this point not easily remediable without considerable burden upon both Defendants and the court").

7

which admits that "[a]ll references herein to LGO are to the single version recording by Marvin Gaye." (Zakarin Decl. Ex. 2, ¶ 1 n.1). Beyond Dr. Stewart's speculation that the Deposit Copy was based on the LGO Recording, his references to the Deposit Copy in his Declaration primarily concern the vocal melodies (which are independently inadmissible owing to Dr. Stewart's improper manipulation of the pitch sequences). (*Id.* ¶¶ 57-58, 61, 69, 73, 80-86). His Declaration also asserts that the Deposit Copy "implies" a bass line (*id.* ¶¶ 3, 25, 44), an argument already rejected by this Court (*Griffin v. Sheeran*, No. 17-cv-5221 (LLS), 2020 U.S. Dist. LEXIS 52908, at *2-3 (S.D.N.Y. Mar. 24, 2020)), and refers to the Deposit Copy in conjunction with LGO's "matrix" – *i.e.*, his claim regarding the "combination" of the harmony, bass-line and drum-pattern in LGO – notwithstanding that two of these elements are nowhere found in the Deposit Copy. (Zakarin Decl. Ex. 2, ¶ 76).

Finally, as to Plaintiffs' claim that Defendants could have "clarified" Dr. Stewart's opinion, (Opp. Mem. ¶ 3), Rule 26 places the burden to do so on Plaintiffs, as the proponents of his report, not on Defendants. *Iacangelo v. Georgetown Univ.*, 272 F.R.D. 233, 234 (D.D.C. 2011).

### 6.    Defendants Do Not Seek To Relitigate Summary Judgment

Contrary to the assertion that Defendants are relitigating summary judgment (Opp. Mem. ¶¶ 4, 54), this is a Rule 702 motion, properly made as a motion *in limine*. *See* David F. Herr, *Annotated Manual for Complex Litigation*, § 23.353 (4th ed.) (a *Daubert* "challenge may take the form of a motion to strike or exclude evidence during any pretrial phases or a motion in limine immediately before or during trial"); *see also Friedman v. Cunard Line Ltd.*, No. 95-cv-5232 (CSH), 1997 WL 698184, at *3 (S.D.N.Y. Nov. 10, 1997); *Wantanabe Realty Corp. v. City of N.Y.*, No. 01-cv10137 (LAK), 2004 WL 2112566, at *1 (S.D.N.Y. Sept. 23, 2004), *aff'd*, 159 F. App'x

235 (2d Cir. 2005).[10]

While Defendants' summary judgment motion challenged Dr. Stewart's reliance on the LGO Recording, the Court declined to address the Deposit Copy issue at that time. *Griffin v. Sheeran*, 351 F. Supp. 3d 492, 496-97 (S.D.N.Y. 2019).[11] Defendants therefore raised the issue in their first motion *in limine*, which this Court granted in March 2020.

### 7. Defendants Identified The Stewart Report's Infirmities

Finally, Plaintiffs falsely assert that Defendants have "not even attempt[ed] to identify" the "particular opinions and/or findings from Dr. Stewart's reports, deposition, and previous declarations they actually seek to exclude." (Opp. Mem. ¶ 7). First, there is only one Rule 26 Stewart Report. Rule 26 bars Dr. Stewart from testifying to any opinions not in his Report. Second, pages 11-22 of Defendants' moving papers and below in Section II, clearly identify the flawed opinions in Dr. Stewart's Report and why they should be excluded.[12]

## II. IN THE ALTERNATIVE, DR. STEWART'S TESTIMONY MUST BE LIMITED

### A. Dr. Stewart Should Be Precluded From Offering Legal Conclusions

Defendants demonstrated that Dr. Stewart should be precluded from testifying (a) that LGO, or constituent elements within it, are "protectable" expression, and (b) that TOL is "substantially similar" to the LGO Deposit copy. (Moving Mem. at 11-14). Plaintiffs have not disputed that these are legal conclusions to which no expert may testify.

---

[10] The cases Plaintiffs cite at Paragraph 54 of their opposition stand for the unremarkable proposition that the Court should not decide factual issues on a *Daubert* challenge. There are no factual issues in dispute on this motion. Dr. Stewart's opinions indisputably violate Rule 702.

[11] Defendants also were not required to object to or "move to strike" Dr. Stewart's summary judgment Declaration. *See* Fed. R. Civ. P. 56, advisory committee note to 2010 amendments ("If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial").

[12] Confirming they lack actual, admissible evidence to support their claim but instead seek to impugn Sheeran's reputation with inadmissible, irrelevant hearsay, Plaintiffs also cite *Spin* and *Billboard* articles. These articles are not evidence, and Defendants will address Plaintiffs' improper attempt to use them in separate *in limine* motions.

9

### B. Dr. Stewart Should Be Precluded From Offering Testimony That LGO Is "Unique," "Distinctive," "Uncommon," "Unusual" Or The Like

Defendants established that Dr. Stewart should be precluded from offering any testimony that LGO, or constituent elements in it (*i.e.*, the chord progression and harmonic rhythm), are "unique," "distinctive," "uncommon," "unusual" or the like. (Moving Mem. at 14-21). This is so because: (1) no such opinions appear in the Stewart Report; (2) these opinions are unreliable because Dr. Stewart failed to conduct a reliable prior art search; (3) these opinions are classic *ipse dixit*; and (4) these opinions are contradicted by Dr. Stewart's prior statements or belied by indisputable proof establishing that (a) the chord progression in issue is "common," and (b) that the harmonic rhythm in issue is a common musical technique. Plaintiffs' opposition does not dispute the foregoing, conceding that Dr. Stewart should not be permitted to offer the aforementioned opinions at trial.

### C. Dr. Stewart's Testimony Regarding The Vocal Melodies Should Be Excluded

Defendants established that Dr. Stewart should be precluded from testifying regarding alleged similarities between the vocal melodies because (a) Dr. Stewart deleted pitches and altered the melodic sequences, and (b) Dr. Stewart failed to provide any analysis of the rhythmic durations of the pitches in the vocal melodies. (Moving Mem. at 22). Defendants also cited multiple authorities supporting that Dr. Stewart's testimony should be excluded on this basis. Plaintiffs' opposition fails to address this point, conceding that Dr. Stewart's testimony regarding the vocal melodies should be excluded.

## CONCLUSION

It is respectfully submitted that Defendants' Second Motion *In Limine* should be granted.

Dated: New York, New York
       July 29, 2020

          PRYOR CASHMAN LLP

          By: */s/ Donald S. Zakarin*
              Donald S. Zakarin
              Ilene S. Farkas
              Andrew M. Goldsmith
          7 Times Square
          New York, NY 10036
          (212) 421-4100

*Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony/ATV Music Publishing LLC*