

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

**Donald S. Zakarin**
**Partner**
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

August 10, 2020

**VIA ECF**

Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, NY 10007-1312

    Re:    **Griffin v. Sheeran, 17-cv-5221 (LLS)**

Dear Judge Stanton:

    We represent the Defendants in the above matter and write in accordance with Rule 2.A of Your Honor's Individual Practices to arrange a pre-motion conference, as Defendants propose to move for an Order bifurcating the trial of this action between liability and damages phases pursuant to Fed. R. Civ. 42(b).[1]

    Bifurcation is appropriate where the liability and damages issues to be tried are distinct and where damages evidence could impact a jury's assessment of liability.  It is settled that "[b]ifurcating a trial into a liability and damages phase may be appropriate where doing so would be economical and efficient, and where there is little overlap in the evidence that would be presented at each phase."  *Fahmy v. Jay Z*, No. 07-cv-05715 (CAS), 2015 WL 5680299, at *24 (C.D. Cal. Sept. 24, 2015) (citations & quotations omitted); *see also Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984) (affirming bifurcation of trial into liability and damages phases since "the two phases involved different types of evidence"); *Zofcin v. Dean*, 144 F.R.D. 203, 205 (S.D.N.Y. 1992) (bifurcating trial into liability and damages phases because the "introduction of evidence offered only to prove damages poses a substantial risk of impairing the jury's objectivity on the liability issue in this case").

    Bifurcation between liability and damage phases is particularly common in copyright infringement trials because there is little or any overlap in the evidence.  *E.g.*, *Fahmy*, 2015 WL 5680299, at *24; *Walker v. Carter*, 210 F. Supp. 3d 487, 497-98 (S.D.N.Y. 2016); *In Design v. K-Mart Apparel Corp.*, No. 87-cv-8397 (AGS), 1996 WL 4122, at *1 (S.D.N.Y. Jan. 3, 1996); *Loussier v. Universal Music Grp., Inc.*, 214 F.R.D. 174, 178 (S.D.N.Y. 2003); *Apple Computer, Inc. v. Microsoft Corp.*, 821 F. Supp. 616, 630 (N.D. Cal. 1993), *aff'd & rev'd in part,* 35 F. 3d 1435 (9th Cir. 1994).

---

[1] Consistent with Your Honor's instruction at the pre-trial conference held in the summer of 2019, Defendants did not file a pre-motion letter in advance of filing their second motion *in limine*.

**PRYOR CASHMAN LLP**

To prevail on their claim of infringement, Plaintiffs must prove that Defendants actually copied from LGO in authoring TOL, and that the copying was wrongful because a substantial similarity exists between TOL and protectable elements of LGO. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010). The liability issues to be tried include: (i) whether Defendants actually copied from LGO in authoring TOL, or whether the authors of TOL independently created TOL, (ii) whether, and the extent to which, objective musical similarities exist between LGO and TOL, (iii) whether, and the extent to which, the allegedly infringed material comprises unprotectable subject matter, and (iv) whether substantial similarities exist between TOL and protectable expression in LGO. The documentary evidence and aural evidence as to infringement is narrow, and the number of witnesses, inclusive of expert witnesses, is limited. Further, there is neither documentary nor testimonial evidence that would be necessary from defendants Atlantic or SATV on the question of liability as they had no involvement in the creation of TOL.

In contrast, the damages issues to be tried, if and only if there were a finding of liability, are far more complicated than liability, involving extensive documentary and testimonial evidence addressed to revenues over a period of years from multiple sources, the deductible expenses incurred to generate each source of revenues (as well as taxes imposed on Defendants' income) and apportionment between allegedly infringing and non-infringing elements. The damages phase of trial will require testimony, at the very least, from Atlantic representatives, SATV representatives and Sheeran's accountants regarding the income each defendant has earned from the United States exploitation of TOL. That United States income derives from a broad array of sources including, without limitation, physical sales, digital sales, digital streaming, public performance income and synchronization income. The damages phase of trial also will require expert testimony regarding, among other thing, the percentage of Ed Sheeran album sales that can be fairly attributed to TOL.

This case is thus consistent with the above-cited copyright cases. Bifurcation of the liability phase from the damages phase of trial serves the interests of judicial economy, reduces the prospect of jury confusion and, importantly, minimizes the potential prejudice to Defendants from having their private financial affairs placed before the same jury that first must assess whether there is any liability to begin with. Bifurcation simplifies the trial of this action by focusing, in the first instance, solely on whether TOL infringes LGO. Limiting the presentation of evidence to liability issues in the first instance also will reduce or even eliminate potential juror confusion that could arise from presenting complex damages evidence while also asking the jury to evaluate the merit of the infringement claims against Defendants. Limiting the issue to be tried by the jury in the first instance to whether there is any infringement would avoid the prejudice to Defendants of having a jury that, in considering liability, could be influenced by the financial success of TOL.

Finally, because damages discovery is complete, in the event that the jury were to conclude that TOL infringed LGO, the damages phase of the case could be immediately tried to the same jury. As such, bifurcation will not prejudice any of Plaintiffs' rights or interests.



      In these circumstances, bifurcation should be granted.  *E.g.*, *Fahmy*, 2015 WL 5680299, at *24; *Walker*, 210 F. Supp. 3d at 497-98; *In Design*, 1996 WL 4122, at *1; *Loussier*, 214 F.R.D. at 178; *Apple Computer*, 821 F. Supp. at 630.

      The California District Court's holding in *Fahmy* is instructive and on all fours with this case.  In *Fahmy*, the plaintiff sued Jay-Z for copyright infringement, alleging that his well-known musical composition *Big Pimpin'* infringed the plaintiff's copyright in a musical composition titled *Khosara*.  On Jay-Z's motion seeking bifurcation, the Court ruled that "bifurcating the liability and damages phases of the trial is appropriate," among other reasons, because "the liability and damages portions of the trial involve separate and distinct issues."  *Fahmy*, 2015 WL 5680299, at *24.  As the Court explained, whereas "[t]he liability portion of the trial centers on whether defendants infringed a copyright owned by plaintiff," "the damages portion of the trial involves calculating plaintiff's actual damages and any profits of defendants attributable to infringement of the *Khosara* copyright."  *Id.*  Given the wholly distinct nature of the liability and damages issues, the Court in *Fahmy* bifurcated trial into liability and damages phases.  The analysis and reasons for bifurcation are no different here and fully support bifurcation in this case.

                                                    Respectfully submitted,

                                                    Donald S. Zakarin