# FRANK & RICE, P.A.
A Professional Association
325 West Park Avenue
Tallahassee, Florida 32301
Telephone (850) 629-4168
Facsimile (850) 629-4184

August 20, 2020

**VIA ECF**

Hon. Louis L. Stanton
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: <u>*Griffin , et. al. v. Sheeran, et. al.* // Case Number 2017-cv-5221 (LLS)</u>

Dear Judge Stanton:

  We represent the Plaintiffs in the above-captioned matter. The instant correspondence is intended to serve by way of a response to the Defendants' collective Motion for Bifurcation (Doc. 137), as filed with this Court on August 10, 2020. The Plaintiffs strongly object to the bifurcation of the forthcoming trial in this case, as scheduled for November of 2020 for a litany of both legal—and pragmatic—reasons to be set forth below.

  As a preliminary matter, it should be noted that the cases invoked by the Defendants in support of the premise that "Bifurcation between liability and damage phases is particularly common in copyright infringement trials" have very little, if any, utility as it relates to evaluating the circumstances which present herein.

  Specifically, the Defendant references *Fahmy*, 2015 WL 5680299, at *24, as a case which is, purportedly, "instructive and on all fours with this case". However, in point of fact, a review of the issues presented to the Court in *Fahmy* reveal a highly complex scenario involving international law (specifically Egyptian law) and whether or not the Plaintiff in that litigation maintained the requisite standing pursuant to Egyptian law interpretation in light of an earlier assignment of rights to the copyrighted works by the Plaintiff to a third party.

  Because there was a threshold issue of legal standing and/or ownership at issue therein, the Court determined that it was appropriate to bifurcate the trial of the case. See *Id.* No such issues as to international law interpretation, standing, or ownership are before this Court which would serve to justify the bifurcation of this case in comport with the *Fahmy* precedent proffered by the Defendants.

The Defendants also cite *Walker v. Carter*, 210 F.Supp.3d 487 (S.D.N.Y. 2016)—herein again, a review of the *Walker* case reveals it to be distinguishable from this case in three (3) significant ways. First, the respective Parties in the *Walker* case actually all agreed to bifurcation at the beginning of the case; second, the bifurcation was initially agreed to relating to **all** aspects of the case including discovery and a prospective trial based on concerns of expense related to damages-related discovery prior to the resolution of the liability issue; third, the *Walker* case was resolved via summary judgment motion and never, in fact, actually went to trial. See *Id.*

Unlike the *Walker* case, the Parties in this case have already conducted damages discovery so the arguments related to prospective litigation expense are unavailing and/or moot. Had the concern as to litigation expense been a legitimate motivation for the Defendants in this litigation, they—presumably—would have formally moved for an Order from this Court bifurcating discovery at the inception of this case similar to the Parties in the *Walker* case.[1]

While *Rule 42(b)* of the *Federal Rules of Civil Procedure* confers the Court with some measure of discretion as it relates to the matter of bifurcation, the Federal Courts in this jurisdiction have previously opined that bifurcation "**is the exception, not the rule** (*Emphasis Supplied*)". *Wedding-Channel.Com, Inc. v. The Knot, Inc.*, 2004 WL 2984305, at *1 (S.D.N.Y. December 23, 2004) (quoting *Gaus v. Conair Corporation*, 2000 WL 1277365, at *3 (S.D.N.Y. September 7, 2000).

Notwithstanding the marked distinction in the above-referenced cases—as cited by the Defendants in support of their request for bifurcation—and the facts/circumstances which present in this case,[2] contrary to the Defendants' assertions, there is commonality in the types of evidence to be presented *vis a vis* the liability and damages components of the subject trial.

As the Defendants accurately set forth in their motion, part of the liability calculus entails establishing "whether Defendants actually copied from LGO in authoring TOL, or whether the authors of TOL independently created TOL". In order to reach the facts attendant to proving this aspect of the liability claim, the Plaintiffs reasonably anticipate eliciting testimony from the self-same members of the Defendant's, Ed Sheeran's, management team upon whom the Defendants have indicated their intention of relying with respect to the damages component of the litigation. The issue of independent creation and/or the Defendants' knowledge of LGO will similarly be the subject of examination with respect to the testimony of the corporate representatives and/or executives of the Defendants, Sony/ATV Publishing and Atlantic Records.

Similarly, the Plaintiffs' own witnesses are expected to have testimony relevant to both the liability and damages components of the trial—by way of practical illustration, not only is it anticipated that the Plaintiffs' expert musicologist, Dr. Alexander Stewart, will be testifying in the area of liability, he will also be opining as to the overall percentage of TOL he concludes to have been "appropriated" from LGO. This anticipated "percentage" testimony would, inevitably, tend to bear on the calculation of damages.

---

[1] The Defendants also cite the case of *Loussier v. Universal Music Group, Inc.*, 258 F.Supp.2d 308 (S.D.N.Y. 2003) in support of bifurcation but omit the fact that that case, too, was bifurcated in the beginning for discovery purposes pursuant to an agreement of the Parties and, significantly, in that instance, the Parties also agreed from the onset that there would be two (2) separate trials.

[2] The absence of standing issues; the completion of damages discovery; and the absence of a global agreement to bifurcate from the inception of the case.

By virtue of the fact that the Defendant, Ed Sheeran, and the list of witnesses he has indicated an intention of calling hale from abroad, in conjunction with the fact that the Plaintiffs' own anticipated witnesses will be traveling to the Court from out-of-state, the Defendants are hard-pressed to suggest that this case would be more efficiently tried (or cost effective, for that matter) by inconveniencing these Parties and related witnesses by having them appear multiple times over in what would be, in essence, two (2) separate trials.

Moreover, even assuming—*arguendo*—that, despite the continuing looming nature of the Covid-19 epidemic, the Court allows for the Parties to proceed with trial in November of 2020, as ordained, the bifurcation of any such prospective trial would be unduly prejudicial to the Plaintiffs—specifically, it would seem reasonable to presume that many, if not all, of the jurors ultimately to be seated at trial will be leery of the potential for contracting Covid-19 by way of participation in the same.

Under those daunting circumstances, if presented with a jury verdict form that allowed for them to answer one (1) simple question as to liability in the negative and, in so doing, be allowed to complete their civic duties on an expedited basis without further health risk and/or potential exposure, it is a very real and tangible risk that the jurors, if only out of self-preservation, would find no liability so as to avoid having to sit through a potential second trial on damages and mitigating their risk thereby.

Virtually all civil trials turn on the dual inquiry of liability and damages. In the instances in which bifurcation is sought, "[T]he moving party bears the burden of establishing that bifurcation is warranted". *WeddingChannel.Com, Inc. v. The Knot, Inc.*, 2004 WL 2984305, at *1 (S.D.N.Y. Dec. 23, 2004) (quoting *Gaus v. Conair Corporation*, 2000 WL 1277365) (S.D.N.Y. Sept. 7, 2000). This case contemplates a proverbial "garden variety" civil trial and the Defendants have failed to identify any facts and/or circumstances unique to this litigation which would have the operative legal effect of substantiating the premise that bifurcating the same would promote cost and/or temporal efficiency.

By way of addendum, the Defendants' oblique reference to some manner of mercurial prejudice deriving from the jury being apprised of the fact that the Defendants actually made money in connection with the creation and subsequent dissemination of TOL does not reasonably present as a "revelation" which would affect said jury's perception of liability for infringement. Considering the Defendant's, Ed Sheeran's, popularity and his co-Defendants being well-known multi-million dollar corporations, bifurcation would not successfully produce the relief contemporaneously sought, nor ameliorate the Defendants' trepidation as to the jury's perception of the Defendants' wealth.

Respectfully Submitted,

_____
Patrick R. Frank, Esq.