UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, THE ESTATE
OF CHERRIGALE TOWNSEND and THE HELEN
CHRISTINE TOWNSEND MCDONALD TRUST,

                  *Plaintiffs*,

           -against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED
SHEERAN, ATLANTIC RECORDING
CORPORATION, d/b/a ATLANTIC RECORDS, and
SONY/ATV MUSIC PUBLISHING, LLC,

                  *Defendants*.

ECF CASE

17-cv-5221 (LLS)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR THIRD MOTION
*IN LIMINE* FOR AN ORDER EXCLUDING ANY ARGUMENT OR EVIDENCE
RELATING TO PRIOR ALLEGATIONS OF INFRINGEMENT**

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward
Christopher Sheeran, Atlantic Recording
Corporation and Sony/ATV Music
Publishing LLC*

*Of Counsel:*
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ..............................................................................................................................4

   I.  ALLEGATIONS OF PRIOR INFRINGEMENT SHOULD BE EXCLUDED .....................4

      A.  Prior Allegations of Copying or Infringement Are Irrelevant .........................................4

      B.  Rule 404 Also Bars Admission of Prior Allegations of Copying or Infringement...........6

      C.  Prior Allegations of Copying or Infringement Are Also Inadmissible Hearsay...............7

      D.  Rule 403 Also Bars Admission of Prior Allegations of Copying or Infringement...........7

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**                                                                                      **PAGE(s)**

*Aristocrat Leisure Limited v. Deutsche Bank Trust Co. Americas*,
  No. 04-cv-10014(PKL), 2009 WL 3111766 (S.D.N.Y. Sept. 28, 2009) ................................. 10

*Beastie Boys v. Monster Energy Co.*,
  983 F. Supp. 2d 369 (S.D.N.Y. 2014) ..................................................................................... 10

*Bonilla v. H&M Hennes & Mauritz L.P.*,
  No. 12-cv-6919 (MHD), 2014 WL 12661621 (S.D.N.Y. Apr. 16, 2014) ............................ 4, 7

*Buric v. Kelley*,
  157 Fed. App'x 391 (2d Cir. 2005) ........................................................................................... 6

*Collister Alley Music, Inc. v. Warner Bros. Records Inc.*,
  No. 96-cv-1762 (HBP), 1997 WL 198081 (S.D.N.Y. Apr. 22, 1997) ....................................... 5

*Compaq Computer Corp. v. Ergonome, Inc.*,
  387 F.3d 403 (5th Cir. 2004) .................................................................................................. 10

*Daubert v. Merrell Dow Pharmaceutical, Inc.*,
  509 U.S. 579 (1993) .................................................................................................................. 1

*ESPN, Inc. v. Office of Commissioner of Baseball*,
  76 F. Supp. 2d 383 (S.D.N.Y. 1999) ...................................................................................... 10

*Hartman v. Snelders*,
  No. 04-cv-1784(CLP), 2010 WL 11626508 (E.D.N.Y. Jan. 28, 2010) .................................... 8

*Instinet Inc. v. Ariel (UK) Ltd.*,
  No. 08-cv-7141 (JFK), 2012 WL 4195391 (S.D.N.Y. Sept. 20, 2012) .................................... 7

*Katt v. City of New York*,
  151 F. Supp. 2d 313 (S.D.N.Y. 2001) ...................................................................................... 9

*Knight v. State University of New York at Stony Brook*,
  No. 13-cv-0481(JS), 2016 WL 7046765 (E.D.N.Y. Dec. 2, 2016) .......................................... 4

*Louissier v. Universal Music Group, Inc.*,
  No. 02-cv-2447(KMW), 2005 WL 5644420 (S.D.N.Y. Aug. 30, 2005) .............................. 4, 6

*Plymack v. Copley Pharma., Inc.*,
  No. 93-cv-2655(KMW), 1997 WL 122801 (S.D.N.Y. Mar. 17, 1997) .................................... 5

# TABLE OF AUTHORITIES, (*cont'd*)

**CASES**                                                                 **PAGE(s)**

*Porous Media Corp. v. Pall Corp.*,
   173 F.3d 1109 (8th Cir. 1999) ..................................................... 9

*Ricketts v. City of Hartford*,
   74 F.3d 1397 (2d Cir. 1996)....................................................... 10

*Righthaven LLC v. Wolf*,
   813 F. Supp. 2d 1265 (D. Colo. 2011)........................................ 6

*United States v. Bailey*,
   696 F.3d 794 (9th Cir. 2012) ............................................. 4, 5, 6, 8

*United States v. Ring*,
   513 F.2d 1001 (6th Cir. 1975) ....................................................6

*Rivera v. Metropolitan Transit Authority*,
   750 F. Supp. 2d 456 (S.D.N.Y. 2010)........................................ 7

*Svege v. Mercedes-Benz Credit Corp.*,
   329 F. Supp. 2d 285 (D. Conn. 2004)........................................ 9

*Trebor Sportswear Co. v. The Limited Stores, Inc.*,
   865 F.2d 506 (2d Cir.1989)........................................................ 5

*Weiss v. Allstate Inc.*,
   512 F. Supp. 2d 463 (E.D. La. 2007)...................................... 4, 9

*Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.*,
   491 F.2d 1239 (5th Cir. 1974) ................................................... 9

**RULES**

Fed. R. Evid. 401 .......................................................................... 4

Fed. R. Evid. 403 ................................................................. *passim*

Fed. R. Evid. 404(a)................................................................. 3, 6

Fed. R. Evid. 404(b)................................................................. 3, 6

Fed. R. Evid. 408(a) ................................................................................................................... 3, 5

Fed. R. Evid. 702 ......................................................................................................................... 1

## **LAW JOURNAL**

M. Landau & D. Biederman, *The Case For A Specialized Copyright Court: Eliminating The Jurisdictional Advantage*, 21 Hastings Comm/Ent L.J. 717 (Summer 1999) .................................2

Defendants Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corporation ("Atlantic") and Sony/ATV Music Publishing LLC ("SATV," together with Atlantic and Sheeran, the "Defendants" and each a "Defendant"), respectfully submit this memorandum of law in support of their Third Motion *In Limine* for an Order excluding: (1) any argument or evidence relating to prior allegations of infringement against Defendants; and (2) any argument or evidence relating to prior settlements of claims asserted against Defendants.

## PRELIMINARY STATEMENT

This Court's March 24, 2020 Order held that the deposit copy of *Let's Get It On* ("LGO") defines the outside metes and bounds of LGO's copyright protection.  (ECF 121).  Yet, Plaintiffs' claim of infringement is entirely based on an expert report that itself is improperly based on the Marvin Gaye recording of LGO rather than the deposit copy of LGO.[1]  The alleged musical similarities between LGO, as evidenced by the deposit copy, and *Thinking Out Loud* ("TOL") consist solely of a chord progression, widely used long before LGO, and a rhythmic syncopation device known as "anticipation" that has been in common use for hundreds of years (and this Court's August 18, 2020 Order has held that both of these elements are commonplace musical techniques).  In addition, Plaintiffs' expert, Dr. Stewart, has identified isolated snippets of objectively different vocal melodies that he admitted to having altered in order to create "similarities" that do not actually exist.

Although Plaintiffs' proposed Pre-Trial Order does not specifically identify evidence regarding prior claims of infringement that have been lodged against Ed Sheeran, their prior

---

[1] Because the report of Dr. Alexander Stewart is based entirely on the Marvin Gaye recording ("Gaye Recording") and not the deposit copy, Defendants' Second Motion *in Limine* moved to exclude Dr. Stewart's report and to exclude or limit any testimony he might offer pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  This Court's August 18, 2020 Order (ECF 138) substantially granted Defendants' motion.  Nevertheless, Plaintiffs' proposed Pre-Trial Order includes as "evidence" elements that appear only in the Gaye Recording.

submissions filed with this Court have made reference to such allegations.  Further, Defendants

reasonably anticipate that Plaintiffs – who no doubt recognize that their infringement claim,

limited to two commonplace unprotectable musical techniques that are not even the same in TOL

as in LGO, is flimsy in the extreme – will attempt to substitute such prior accusations of

infringement for the evidence of infringement in this case that they sorely lack, hoping to confuse

a jury into believing that other unfounded, never proven accusations against Sheeran somehow

validate their infringement claim in this case.  It is for this same reason that Plaintiffs have

disregarded this Court's March 24, 2020 Order and its August 18, 2020 Order in their proposed

Pre-Trial Order (repeatedly invoking and relying on elements only in the Gaye Recording and

testimony and evidence relating to the Gaye Recording that this Court has already ruled is not part

of Plaintiffs' copyright and cannot be relied upon at trial).  In any event, while Sheeran, who has

authored or co-authored scores of hugely successful musical compositions, has been subjected to

other claims of infringement, he has never been found liable for copyright infringement.

The fact is that accusations of infringement, especially against successful artists, are

increasingly common.  Studies have shown that the most successful musical artists, such as

Sheeran, are confronted with as many as <u>six or more</u> allegations of infringement <u>each year</u>.[2]  Thus,

Plaintiffs may attempt to substitute naked, unproven claims of infringement in other cases for

evidence of infringement in this case.  That the introduction of such "allegations" would be

prejudicial is obvious.  Indeed, that would be exactly why Plaintiffs would try to interject such

---

[2] *See* M. Landau & D. Biederman, *The Case For A Specialized Copyright Court: Eliminating The Jurisdictional Advantage*, 21 Hastings Comm/Ent L.J. 717, 729-30 (Summer 1999) ("A prominent artist/songwriter such as Michael Jackson, Lionel Richie, or The Artist Formerly Known as Prince, in such artist/songwriter's heyday, was often sued for copyright infringement a half dozen times or more per year"). This pattern has undoubtedly increased in the wake of the widely criticized (including by Ninth Circuit Judge Nguyen) "Blurred Lines" decision.

allegations into this case.  But not only would such "evidence" be prejudicial, the fact that Sheeran has been subjected to other accusations of infringement has no evidentiary value.

Rules 404(a) and 404(b) of the Federal Rules of Evidence unambiguously proscribe Plaintiffs from offering such evidence to prove that Sheeran supposedly has a propensity to infringe or that he "acted in accordance" with a particular "character" trait when he co-authored TOL.  In addition, to the extent Sheeran has settled prior infringement claims, Rule 408(a) of the Federal Rules of Evidence also unambiguously proscribes evidence of prior settlements (or even prior offers of settlement) to prove the validity of those prior disputed claims.

Prior unproven accusations of infringement have no probative value and no relevance to any issue in this case.  However, even if one assumed, purely for the sake of argument, that they had some minimal arguable sliver of relevance, they would still be properly excluded under Rule 403 of the Federal Rules of Evidence because their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

It is undisputed that Sheeran has never been found liable for infringement.  The Federal Rules of Evidence squarely prohibit the introduction of "evidence" that would enable a jury to speculate that Sheeran could have infringed here simply because he has been previously accused of infringement in the past.[3]  For all of these reasons, as well as those set forth below, Defendants' Third Motion *In Limine* should be granted.

---

[3] In addition, because no infringement claims against Sheeran have ever been adjudicated, were "evidence" of such accusations permitted here, it would open the door to trying issues relating to such accusations in this case, issues that have nothing to do with this case or the claim of infringement here.  That would require several mini "cases within a case" and cause unnecessary confusion, prejudice and delay.

## ARGUMENT

### I.   ALLEGATIONS OF PRIOR INFRINGEMENT SHOULD BE EXCLUDED

#### A.   Prior Allegations of Copying or Infringement Are Irrelevant

To be admissible, evidence must be relevant, *i.e.*, it must have a tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401; *see also Knight v. State Univ. of N.Y. at Stony Brook*, No. 13-cv-0481 (JS), 2016 WL 7046765, at *1 (E.D.N.Y. Dec. 2, 2016).

Here, the unproven, untried allegations of prior infringement are not relevant for the obvious reason that they do not make it any more or less likely that Sheeran copied or infringed LGO when he co-authored TOL.  *See, e.g.*, *Louissier v. Universal Music Group, Inc.*, No. 02-cv-2447 (KMW), 2005 WL 5644420, at *2 (S.D.N.Y. Aug. 30, 2005) (in action for infringement of a musical composition, rejecting as "not relevant" evidence concerning prior copyright infringement claims made against the defendant); *Bonilla v. H&M Hennes & Mauritz L.P.*, No. 12-cv-6919 (LAK) (MHD), 2014 WL 12661621, at *16 (S.D.N.Y. Apr. 16, 2014) (holding, in a trademark infringement action, that prior "lawsuits against the defendant alleging trademark or copyright infringement" were "irrelevant to the case before us"); *United States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012) ("a complaint is merely an accusation of conduct and not, of course, proof that the conduct alleged occurred"); *id.* at 800 ("Admitting [into evidence] prior conduct charged but settled with no admission of liability is not probative of whether the defendant committed the prior conduct, much less whether he committed the conduct in question. There is no logical relevancy to admitting this type of evidence"); *Weiss v. Allstate Ins. Co..*, 512 F. Supp. 2d 463, 472 (E.D. La. 2007) (granting motion to exclude evidence of "unproven allegations" made in prior lawsuits because it was "irrelevant to the underlying issues in this case").

4

Moreover, as the cases make clear, whether or not Sheeran settled any prior accusations of infringement provides no evidence that any prior allegations of infringement had any validity. The settlement of a prior infringement claim is utterly irrelevant to the wholly distinct infringement claim in this case. Indeed, Rule 408(a) of the Federal Rules of Evidence specifically bars evidence of prior settlements to prove the validity of settled claims. *See, e.g.*, *Collister Alley Music, Inc. v. Warner Bros. Records Inc.*, No. 96-cv-1762 (LMM) (HBP), 1997 WL 198081, at *1 (S.D.N.Y. Apr. 22, 1997) ("Rule 408 of the Federal Rules of Evidence clearly provides that the settlement agreement itself is not proof that the infringement alleged in [the prior action] did in fact occur. In other words, the settlement in [the prior action] simply does not prove, and by virtue of Rule 408 is not relevant to, the strength of the claims asserted in that matter"); *Bailey*, 696 F.3d at 800 ("A defendant may settle a case for a variety of reasons. He may have committed the conduct alleged in the complaint or he may not have – but having settled the claim, there is no way to know"); Fed. R. Evid. 408, Advisory Committee Notes ("The evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position").

To admit evidence regarding unrelated settlements would also undermine public policy favoring the settlement of disputes by dissuading copyright defendants from settling claims because such settlements could then be used against them in future litigation. *See, e.g.*, *Plymack v. Copley Pharm., Inc.*, No. 93-cv-2655 (KMW), 1997 WL 122801, at *3 (S.D.N.Y. Mar. 17, 1997) ("A court considering the admissibility of a settlement for 'another purpose' must take into account the public policy in favor of the settlement of disputes that underlies Rule 408") (citing *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 510-11 (2d Cir.1989)).

It is axiomatic that copyright defendants – like all defendants – settle disputes for a multitude of reasons having nothing to do with the merits of their defense, including the

disproportionate costs of litigating versus the costs of resolution.  *See Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265, 1271 n.2 (D. Colo. 2011) (due to, among other things, "the burdensome costs of litigation, a party sued for infringement, even a party with a meritorious defense, will often agree to settlement"); *see also Buric v. Kelley*, 157 F. App'x 391, 393 (2d Cir. 2005) ("The district court also did not abuse its discretion in excluding the stipulation of settlement arising from Buric's 2001 arrest for impersonating a police officer because Buric plainly sought to use the evidence to establish liability, the exact purpose that Rule 408 of the Federal Rules of Evidence forbids").

### B.        Rule 404 Also Bars Admission of Prior Allegations of Copying or Infringement

Rules 404(a) and 404(b) of the Federal Rules of Evidence provide that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait," and that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Assuming that Plaintiffs would try to justify the introduction of "evidence" of prior infringement claims to show an alleged propensity to infringe, such evidence would be inadmissible to prove that Sheeran has a propensity to copy from others, or that he acted "in accordance" with an alleged "character" trait for copying from others.  *E.g.*, *Louissier*, 2005 WL 5644420, at *1-2 (rejecting admission of prior allegations of copyright infringement under Rule 404); *Bailey*, 696 F.3d. at 800-02 (rejecting admission of prior allegations of wrongdoing under Rule 404); *see also United States v. Ring*, 513 F.2d 1001, 1007 (6th Cir. 1975) ("evidence of prior bad acts may not be introduced unnecessarily as a pretext for placing highly prejudicial evidence of a defendant's bad character before the jury").

**C.      Prior Allegations of Copying or Infringement Are Also Inadmissible Hearsay**

Prior allegations of copying or infringement also represent classic hearsay offered to prove the truth of the matter asserted – *i.e.*, that Sheeran has authored or co-authored other compositions that copy from other songs.  *E.g.*, *Rivera v. Metro. Transit Auth.*, 750 F. Supp. 2d 456, 461 (S.D.N.Y. 2010) ("An unsworn statement by a non-party in a complaint in another lawsuit is hearsay when offered to prove the truth of that statement"); *Bonilla*, 2014 WL 12661621, at *16 ("plaintiff has proffered newspaper articles reporting other instances in which [defendant] was previously accused of copying others' designs … as well as other lawsuits against the defendant alleging trademark or copyright infringement … the evidence on which plaintiff relies is irrelevant to the case before us and, moreover, comprises inadmissible hearsay") (citation omitted); *Instinet Inc. v. Ariel (UK) Ltd.*, No. 08-cv-7141 (JFK), 2012 WL 4195391, at *6 (S.D.N.Y. Sept. 20, 2012) (finding that two articles from news sites were inadmissible hearsay because the statements were made "by declarants while not testifying at the current trial or hearing, and are offered to prove the truth of the matter asserted in those articles") (citations & quotations omitted).[4]

**D.      Rule 403 Also Bars Admission of Prior Allegations of Copying or Infringement**

Assuming, *arguendo,* that prior infringement allegations possessed some marginal relevance and that they otherwise were admissible – and they do not and are not – they should still be excluded because their probative value is substantially outweighed by unfair prejudice, undue delay and time-wasting regarding collateral issues.

This is a case where Plaintiffs' claim of infringement is based on an expert report that this Court has already ruled improperly relies upon the Gaye Recording.  In fact, Dr. Stewart's Report,

---

[4] Plaintiffs have repeatedly referenced press articles respecting Sheeran's success, his financial well-being and prior accusations of infringement.  Thus, Defendants reasonably anticipate that Plaintiffs will again try to introduce such articles as evidence despite the fact that they are patently hearsay and inadmissible.

which Plaintiffs propose to introduce into evidence in complete disregard for this Court's March

24, 2020 Order and its August 18, 2020 Order, does not actually provide any comparison between

the deposit copy of LGO and TOL.[5]  This is a case where the alleged infringing elements in TOL

consist of two musical building blocks – a chord progression and "anticipation" – that this Court

has ruled, in its August 18, 2020 Order, are commonplace musical techniques.  This is a case where

those two unprotectable elements are neither "numerous" nor are they even the same in TOL as in

LGO, nor are they virtually the same.  And this is also a case where the primary musical elements

of all musical compositions – lyrics and melody – are objectively and indisputably dissimilar.[6]

These indisputable facts portend precisely why Plaintiffs have signaled that they hope to try this

case by substituting other claims of infringement against Sheeran for the evidence of infringement

that they lack here.  Defendants should not have to wait for Plaintiffs to improperly attempt to

introduce such evidence to seek its exclusion.

Plaintiffs understand, and indeed are banking on the fact, that the admission of such

evidence – indeed, even the mention of such evidence – would create a substantial risk that the

jury will draw impermissible inferences and "succumb to the simplistic reasoning that if the

defendant was accused of the conduct, it probably or actually occurred."  *Bailey*, 696 F.3d at 801.

And the admission, indeed, even the attempted introduction, of such prejudicial and irrelevant

evidence would be highly improper.  *E.g.*,  *Hartman v. Snelders*, No. 04-cv-1784 (CLP), 2010 WL

11626508, at \*25 (E.D.N.Y. Jan. 28, 2010) (excluding under Rule 403 prior "incident reports"

---

[5] Not content to try to introduce a Report that, front to back, violates this Court's Orders, Plaintiffs' proposed Pre-Trial Order also seeks to introduce into evidence a preliminary "draft" report by Dr. Stewart that also is entirely based on the Gaye Recording and his Declaration in opposition to Defendants' summary judgment motion that similarly is based almost entirely on the Gaye Recording.

[6] Again, while Dr. Stewart has asserted that there are similarities in the vocal melodies, he does so only by altering the pitches sequences.  There are no vocal melody similarities.

regarding alleged wrongdoing of the defendants because "[i]ntroducing such evidence would

unfairly prejudice defendants by inviting the jury to consider these past actions for the purpose of

showing that defendants acted in conformity therewith") (citation omitted); *Yellow Bayou*

*Plantation, Inc. v. Shell Chemical, Inc.*, 491 F.2d 1239, 1243 (5th Cir. 1974) (affirming exclusion

of evidence regarding prior lawsuits against the defendant because the evidence was of "faint

probative value" and had a "high potential for unfair prejudice"); *Weiss*, 512 F. Supp. 2d at 472

(excluding under Rule 403 evidence of prior lawsuits filed against an engineering firm engaged by

the defendant because "any probative value [the evidence] may have is substantially outweighed

by unfair prejudice and considerations of delay and time-wasting on collateral issues"); *Svege v.*

*Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 285, 289 (D. Conn. 2004) (excluding under Rule

403 evidence of prior complaints lodged against the defendant because "the prejudicial effect of

admitting the complaints outweighs their probative value") (citation omitted).

In this case, the jury should not be allowed (indeed, encouraged by Plaintiffs) to draw an

impermissible inference that Sheeran "must have" infringed merely because he has been accused

of infringement in the past.  Plaintiffs should not be permitted to substitute irrelevant and

prejudicial unproven accusations of infringement for the evidence they lack of infringement in this

case.

Admission of prior accusations of infringement also would impermissibly "invite the jury

to base its decision upon sheer hostility toward" Sheeran.  *Porous Media Corp. v. Pall Corp.*, 173

F.3d 1109, 1117 (8th Cir. 1999); *see also Katt v. City of N.Y.*, 151 F. Supp. 2d 313, 360 (S.D.N.Y.

2001) ("The Court must be careful to exclude evidence that unfairly prejudices the defense, by (for

example) inflaming the jurors to hostility to the individual defendant … or by suggesting that the

defendant is a bad person who has likely engaged in other forms of misconduct for which he should

9

be punished, regardless of the merits of this case") (emphasis in original); *Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 409 (5th Cir. 2004) ("the district court concluded that Ergonome's true reason for seeking to introduce the evidence was to paint Compaq as a 'bad' company. The court did not abuse its discretion by concluding that any probative value the RSI evidence might hold was outweighed by its prejudicial and inflammatory nature and by its tendency to confuse the jury with tangential litigation"); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04-cv-10014 (PKL), 2009 WL 3111766, at *6 (S.D.N.Y. Sept. 28, 2009) (excluding evidence under Rule 403 due to "its potential to bias the jury" against the defendant).

Finally, as noted above, in a case with an extremely tenuous claim of infringement (based on the alleged copying of two commonplace unprotectable musical building blocks), the trial on liability would have to be massively expanded to engage in side-show trials of prior claims of infringement that were never pursued or were amicably resolved. The jury confusion that would result from addressing prior claims of infringement, involving different songs, is patent. This, too, requires that the prior allegations be excluded under Rule 403. *E.g.*, *Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996) ("the district court did not abuse its broad discretion in determining that a trial within a trial … would have been more confusing than helpfully probative") (citations omitted); *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 369, 375 (S.D.N.Y. 2014) (excluding evidence under Rule 403 because its admission would require a trial within a trial and thus cause confusion and delay); *ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F. Supp. 2d 383, 407 (S.D.N.Y. 1999) (same).

## CONCLUSION

It is respectfully submitted that Defendants' Third Motion *In Limine* should be granted in its entirety.

Dated:  New York, New York
        September 18, 2020

PRYOR CASHMAN LLP

By: */s/ Donald S. Zakarin*
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward*
*Christopher Sheeran, Atlantic Recording*
*Corporation and Sony/ATV Music*
*Publishing LLC*