UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, THE ESTATE
OF CHERRIGALE TOWNSEND and THE HELEN
CHRISTINE TOWNSEND MCDONALD TRUST,

       *Plaintiffs*,

       -against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED
SHEERAN, ATLANTIC RECORDING
CORPORATION, d/b/a ATLANTIC RECORDS, and
SONY/ATV MUSIC PUBLISHING, LLC,

       *Defendants*.

ECF CASE

17-cv-5221 (LLS)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR FOURTH
MOTION *IN LIMINE* FOR AN ORDER EXCLUDING ANY ARGUMENT
OR EVIDENCE RELATING TO (A) THE SPIN AND BILLBOARD ARTICLES
AND (B) THE *LET'S GET IT ON (DELUXE)* ALBUM LINER NOTES**

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward
Christopher Sheeran, Atlantic Recording
Corporation and Sony/ATV Music
Publishing LLC*

*Of Counsel:*
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 4

CONCLUSION............................................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**<u>CASES</u>**                                                                                        **<u>PAGE(s)</u>**

*Board of Trustees of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*,
  860 F. Supp. 2d 251 (S.D.N.Y. 2012) ........................................................................ 7

*Bonilla v. H&M Hennes & Mauritz L.P.*,
  No. 12-cv-6919 (MHD), 2014 WL 12661621 (S.D.N.Y. Apr. 16, 2014), *report and*
  *recommendation adopted by*, 2014 WL 12661274 (S.D.N.Y. June 10, 2014) .......................... 5

*Chapman v. Universal Motown Records Grp.*,
  No. 08-cv-3255 (LAP), 2010 WL 517480 (S.D.N.Y. Feb. 4, 2010) ......................................... 5

*Design Basics, LLC v. Forrester Wehrle Homes, Inc.*,
  380 F. Supp. 3d 692 (N.D. Ohio 2019) ...................................................................... 5

*Instinet Inc. v. Ariel (UK) Ltd.*,
  No. 08-cv-7141 (JFK), 2012 WL 4195391 (S.D.N.Y. Sept. 20, 2012) ................................... 6

*Knight v. State Univ. of N.Y. at Stony Brook*,
  No. 13-cv-0481 (GRB), 2016 WL 7046765 (E.D.N.Y. Dec. 2, 2016) ................................... 4

*La Resolana Architects, PA v. Reno, Inc.*,
  555 F.3d 1171 (10th Cir. 2009) .................................................................................. 5

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
  602 F.3d 57 (2d Cir. 2010) ....................................................................................... 5

*Tokio Marine & Fire Ins. Co. v. Rosner*,
  206 F. App'x 90 (2d Cir. 2006) ................................................................................. 6

**<u>RULES</u>**

Fed. R. Evid. 401 .......................................................................................................... 4

Fed. R. Evid. 403 .......................................................................................................... 6

Fed. R. Evid. 802 .......................................................................................................... 5

Defendants Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corporation ("Atlantic") and Sony/ATV Music Publishing LLC ("SATV," together with Atlantic and Sheeran, the "Defendants" and each a "Defendant"), respectfully submit this memorandum of law in support of their Fourth Motion *In Limine* for an Order (1) excluding any argument or evidence relating to the Spin Article (as defined below), the Billboard Article (as defined below) and (2) the "liner notes" from the *Let's Get It On* (Deluxe) Album.

## PRELIMINARY STATEMENT

Plaintiffs' infringement claim requires that they prove that protectable musical elements contained in the musical composition at issue, *Let's Get It On* ("LGO") were infringed by *Thinking Out Loud* ("TOL"). On August 18, 2020 (ECF 138), this Court substantially granted Defendants' Second Motion *In Limine,* which sought to exclude or limit the expert report of Dr. Alexander Stewart and any testimony by him at trial. This Court's ruling required Dr. Stewart to abide by rulings 1 and 2 in this Court's March 24, 2020 Opinion and Order (the "Deposit Copy Order"). It barred him from testifying whether any part of LGO is protected by copyright or original or is substantially similar to TOL. It barred him from characterizing LGO, or any portion of LGO, specifically including the chord progression and harmonic rhythm, as unique, distinctive, unusual or the like (because no such opinions were in his report and his prior art search does not support such opinions and the uncontradicted evidence establishes that such elements are "common musical techniques").

Plaintiffs have now provided Defendants with their draft Pre-Trial Order, which completely disregards this Court's August 18, 2020 Order and its March 24, 2020 Order. Specifically, Plaintiffs propose not only to rely on Dr. Stewart's Report and an earlier draft report, as well as the Declaration he submitted in opposition to summary judgment – all of which rely on

musical elements found only in the Marvin Gaye Recording of LGO ("Gaye Recording") – but they also seek to reference as "evidence" the supposedly implied "bass line" and "drum pattern," neither of which appear in the LGO Deposit Copy and were already excluded by the Deposit Copy Order.[1]

Once elements found only in the Gaye Recording are excluded (as this Court has already ruled they are), Plaintiffs' infringement claim is reduced to two alleged similarities between LGO and TOL: (1) the chord progression, which this Court's August 18, 2020 Order has found is a "common musical technique" and hence is unprotectable (and which is not, in any event, the same in both works); and (2) the harmonic rhythmic technique of "anticipation," which the August 18, 2020 Order also found to be commonplace and hence unprotectable (and which has been in common use in music for hundreds of years).[2]  These two alleged unprotectable similarities are thus neither "numerous" nor "virtually identical" to the corresponding elements in TOL.

Precisely because their infringement claim is so tenuous, Plaintiffs' draft of the Pre-Trial Order now makes clear that they hope to not only ignore this Court's rulings by trying to introduce evidence this Court has already excluded, but they also want to introduce extraneous (and patently inadmissible) evidence that they seemingly conceive might substitute for their lack of any evidence of wrongful copying of protectable expression.

---

[1] Plaintiffs also propose to introduce as "evidence" other documents which reference either the bass line or drum pattern, despite the fact that those elements appear nowhere in the Deposit Copy and have already been excluded by the Deposit Copy Order.  It is as if the principle of law of the case does not exist for Plaintiffs.

[2] As discussed in Defendants' Second Motion *In Limine*, while Dr. Stewart contends that there are also similarities in portions of the vocal melodies, Dr. Stewart manufactured those alleged similarities by improperly deleting pitches and altering the melodic sequences to feign the existence of melodic similarities that do not exist.  The August 18, 2020 Order allows such testimony, subject to cross examination about the deletions and alterations Dr. Stewart made to produce or enhance those alleged similarities.

2

Thus, Plaintiffs have cited in their Complaint, and in their opposition to Defendants' motion to exclude Dr. Alexander Stewart as a trial witness and now in their proposed Pre-Trial Order, a March 11, 2015 *Spin* magazine article authored by Andrew Unterberger.  Mr. Unterberger, who, on information and belief, is not an attorney or a musicologist, opines in the article that TOL is a "ripoff" of the Marvin Gaye recorded performance of LGO (the "Spin Article").

In addition, for the very same reason and purpose, in their opposition to Defendants' motion to exclude Dr. Stewart and again in their proposed Pre-Trial Order, Plaintiffs cited a June 23, 2014 *Billboard* magazine article authored by Jason Lipshutz – who like Mr. Unterberger, on information and belief, is not an attorney, not a musician and not a musicologist – in which Mr. Lipshutz offers that TOL is a "sleek update" of Marvin Gaye's LGO Recording (the "Billboard Article," together with the Spin Article, the "Articles").

Third, Plaintiffs' proposed Pre-Trial Order also includes as proposed evidence the "liner notes" to the "Deluxe Edition" of the *Let's Get It On* album ("Liner Notes").  While it is unclear what purpose could possibly be served by the Liner Notes, whatever they say is obviously rank hearsay regardless of the purpose for which Plaintiffs propose to use them.

Plaintiffs Pre-Trial Order now provides indisputable evidence that Plaintiffs hope to introduce these hearsay articles and the Liner Notes in some fashion at trial.  As detailed below, the Articles and Liner Notes should be excluded because they are not relevant, they are inadmissible hearsay, they are inadmissible opinion testimony, and their admission would cause substantial prejudice.

## ARGUMENT

The Articles and Liner Notes should be excluded for at least four independent reasons.

*First*, the Articles and Liner Notes fail to meet the relevance standard set forth in Rule 401 of the Federal Rules of Evidence.  To be admissible, evidence must be relevant – it must have a tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence.  *See* Fed. R. Evid. 401; *see also Knight v. State Univ. of N.Y. at Stony Brook*, No. 13-cv-0481 (JS) (GRB), 2016 WL 7046765, at *1 (E.D.N.Y. Dec. 2, 2016).

Here, the lay opinions of Mr. Unterberger and Mr. Lipshutz – for which Plaintiffs provide no foundation and which represent inadmissible hearsay – do not make any fact of consequence more or less probable.  Indeed, much like Plaintiffs' improper continued attempt to introduce alleged elements that nowhere appear in the copyrighted work at issue, the Articles do not compare TOL to the deposit copy registered with the Copyright Office in 1973.  Rather, the Articles compare TOL to the Marvin Gaye *recording* of LGO, which this Court already has ruled to be an improper, impermissible comparison.[3]  Similarly, the Liner Notes, written by someone who is not a witness and who has never been identified as a witness, are hearsay.  And the Liner Notes, whatever they may contain, relate to the Gaye Recording and not the copyright at issue in this case.

*Second*, the Articles improperly embrace – notably without the slightest evidence – the ultimate issue to be decided by the jury: whether the authors of TOL copied from LGO and whether TOL is substantially similar to protectable elements in LGO.  Thus, the Articles consist wholly of

---

[3] While not relevant to this case, Defendants submit that Mr. Unterberger's and Mr. Lipshutz's expressed views regarding the supposed similarity between TOL and Marvin Gaye's recorded performance of LGO are completely wrong.  The allegedly similar elements in the two works, as this Court has already found, embrace unprotectable musical building blocks (and are different in any event).  The additional elements in the Gaye Recording not present in the deposit copy (a bass part and a drum-pattern) are also commonplace and not sufficiently original to even be subject to copyright protection (and there is no evidence that Ed Townsend or Marvin Gaye, as distinguished from the session musicians, authored these elements).

inadmissible conclusory lay opinion testimony.  The jury must decide those questions as instructed by their "good eyes and common sense" (*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010) (citation & quotations omitted)), and they must do so without reference to hearsay opinion testimony of lay witnesses with no identified musical qualifications.

In this regard, lay opinion testimony regarding alleged similarities between two musical works is routinely excluded by courts because such opinion testimony "is of no assistance to the jury and, indeed, usurps the jury's role."  *Chapman v. Universal Motown Records Grp.*, No. 08-cv-3255 (LAP), 2010 WL 517480, at *3 (S.D.N.Y. Feb. 4, 2010); *see also La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1181 (10th Cir. 2009) (excluding lay opinion testimony regarding alleged similarities "[s]ince it was the responsibility of the district court [as the factfinder in a bench trial] to decide" that question); *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 380 F. Supp. 3d 692, 699 (N.D. Ohio 2019) (excluding lay opinion regarding alleged similarities as it "would not be helpful to the jury because it would merely tell the jury what result to reach") (citation & quotation omitted).

*Third*, the Articles (and presumably the Liner Notes, as to which the Plaintiffs have not identified any nexus to any issue in this case), constitute classic hearsay offered by Plaintiffs to prove the truth of the matter asserted – *i.e.*, that TOL copies from LGO.  *See* Fed. R. Evid. 802; *see also Bonilla v. H&M Hennes & Mauritz L.P.*, No. 12-cv-6919 (LAK) (MHD), 2014 WL 12661621, at *16 (S.D.N.Y. Apr. 16, 2014) ("plaintiff has proffered newspaper articles reporting other instances in which [defendant] was previously accused of copying others' designs … as well as other lawsuits against the defendant alleging trademark or copyright infringement … the evidence on which plaintiff relies is irrelevant to the case before us and, moreover, comprises inadmissible hearsay"), *report and recommendation adopted by*, 2014 WL 12661274 (S.D.N.Y.

5

June 10, 2014); *Instinet Inc. v. Ariel (UK) Ltd.*, No. 08-cv-7141 (JFK), 2012 WL 4195391, at *6 (S.D.N.Y. Sept. 20, 2012) (finding that two articles from news sites were inadmissible hearsay because the statements were made "by declarants while not testifying at the current trial or hearing, and are offered to prove the truth of the matter asserted in those articles") (citations & quotations omitted); *Tokio Marine & Fire Ins. Co. v. Rosner*, 206 F. App'x 90, 95 (2d Cir. 2006) (newspaper article held to be "inadmissible hearsay").

*Fourth*, even assuming the Articles possessed some marginal degree of relevance and that they otherwise were admissible – and they do not and they are not – they still should be excluded because their probative value is substantially outweighed by, among other things, unfair prejudice and undue delay.   *See* Fed. R. Evid. 403.   Admitting the Articles would unduly prejudice Defendants because it would lend inappropriate credence and legitimacy to the position of Plaintiffs – that TOL infringes LGO – based on the untested, conclusory and out of court opinion of lay witnesses.   That Mr. Unterberger and Mr. Lipshutz write for well-known music periodicals does not endow them with any qualifications, but it will enhance the probable prejudice of permitting the Articles to be presented to the jury, as the jury is likely to ascribe them undue weight. Mr. Unterberger and Mr. Lipshutz have not been identified or qualified as experts,[4] and they are not subject to cross-examination.[5]   The Articles should be excluded from the trial of this action.

---

[4] Notably, Mr. Unterberger goes out of his way to eschew any methodology for his conclusions, instead merely citing the "embrace-insistent lyrics and general candlelit-bedroom feel" that the songs purportedly share.   Of course, expert evidence is only admissible where it is the "product of reliable principles and methods" which have been "reliably applied."   Mr. Unterberger's opinion regarding the supposed "general candle-lit bedroom feel" of the two song fails both of these criteria.   As for Mr. Lipshutz, he provides nothing but a naked conclusion that TOL supposedly is a "sleek update" of the LGO recording.

[5] The Spin Article also would cause unnecessary prejudice – and substantial delay – because it purports to compare the degree of similarity between the two songs in this case to the degree of similarity between two songs at issue in a prior lawsuit that pitted the estate of Marvin Gaye against Pharrell and Robin Thicke, offering the conclusory and musicologically baseless statement that TOL is a bigger "ripoff" of LGO than the infringing song at issue in the prior, unrelated lawsuit.   The "Blurred Lines" case has nothing to do with this case, Defendants were not involved in the "Blurred Lines" case and any reference or comparison to

## **CONCLUSION**

It is respectfully submitted that Defendants' Fourth Motion *In Limine* should be granted in its entirety.

Dated:  New York, New York
         September 18 2020

                                  PRYOR CASHMAN LLP

                                  By: */s/ Donald S. Zakarin*
                                      Donald S. Zakarin
                                      Ilene S. Farkas
                                      Andrew M. Goldsmith
                                  7 Times Square
                                  New York, NY 10036
                                  (212) 421-4100

                                  *Attorneys for Defendants Edward*
                                  *Christopher Sheeran, Atlantic Recording*
                                  *Corporation and Sony/ATV Music*
                                  *Publishing LLC*

---

that case would cause unnecessary prejudice and substantial delay.  *See, e.g.*, *Board of Trustees of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254 (S.D.N.Y. 2012).