UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, THE ESTATE
OF CHERRIGALE TOWNSEND and THE HELEN
CHRISTINE TOWNSEND MCDONALD TRUST,

              *Plaintiffs*,

       -against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED
SHEERAN, ATLANTIC RECORDING
CORPORATION, d/b/a ATLANTIC RECORDS, and
SONY/ATV MUSIC PUBLISHING, LLC,

              *Defendants.*

ECF CASE

17-cv-5221 (LLS)


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR FIFTH MOTION
*IN LIMINE* FOR AN ORDER EXCLUDING ANY ARGUMENT OR EVIDENCE
RELATING TO MR. SHEERAN'S GENERAL WEALTH**


PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Edward Christopher Sheeran,
Atlantic Recording Corporation and
Sony/ATV Music Publishing LLC*

*Of Counsel:*
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ..................................................................................................................................1

CONCLUSION ...............................................................................................................................4

# TABLE OF AUTHORITIES

**CASES**                                   **PAGE(s)**

*Gray v. Perry*,
   No. 15-cv-5642(CAS), 2019 WL 2992007 (C.D. Cal. July 5, 2019) .......................................... 2

*Knight v. State University of New York at Stony Brook*,
   No. 13-cv-0481(JS), 2016 WL 7046765 (E.D.N.Y. Dec. 2, 2016) ............................................ 1

*Reilly v. NatWest Markets Group Inc.*,
   181 F.3d 253 (2d Cir. 1999).................................................................................................... 2

*TXO Production Corp. v. Alliance Resources Corp.*,
   509 U.S. 443 (1993).................................................................................................................. 3

*Tyco International Ltd. v. Walsh*,
   No. 02-cv-4633(DLC), 2010 WL 3000179 (S.D.N.Y. July 30, 2010) ....................................... 3

*Viacom International Inc. v. Youtube, Inc.*,
   540 F. Supp. 2d 461 (S.D.N.Y. 2008)....................................................................................... 2

*Zoll v. Ruder Finn, Inc.*,
   No. 02-cv-3652 (CSH), 01-cv-1339 (CSH),
   2004 WL 527056 (S.D.N.Y. Mar. 16, 2004)..............................................................................3

**STATUTE**

17 U.S.C. § 504(b) ........................................................................................................................ 2

**RULES**

Fed. R. Evid. 401 ................................................................................................................... 1, 2

Fed. R. Evid. 403 ................................................................................................................... 1, 3

Defendants Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corporation ("Atlantic") and Sony/ATV Music Publishing LLC ("SATV," together with Atlantic and Sheeran, the "Defendants" and each a "Defendant"), respectfully submit this memorandum of law in support of their Fifth Motion *In Limine* for an Order excluding any argument or evidence relating to Mr. Sheeran's general wealth, beyond the revenues he has generated and costs he has incurred relative to United States exploitation of *Thinking Out Loud* ("TOL").

## PRELIMINARY STATEMENT

Plaintiffs' proposed Pre-Trial Order does not expressly identify or reference evidence of Ed Sheeran's general wealth. However, to the extent Plaintiffs intend or otherwise attempt to introduce evidence regarding Sheeran's general wealth, such evidence is utterly irrelevant to Plaintiffs' copyright infringement claim because it does not make any fact of consequence more or less probable. Further, such evidence would be highly prejudicial to Sheeran and distract from the actual issues in dispute. Plaintiffs should be precluded from offering any argument or evidence relating to Sheeran's general wealth, beyond the revenues he has generated and the costs he has incurred relative to United States exploitation of TOL.

## ARGUMENT

To be admissible, evidence must be relevant, *i.e.*, it must have a tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401; *see also Knight v. State Univ. of N.Y. at Stony Brook*, No. 13-cv-0481 (JS), 2016 WL 7046765, at *1 (E.D.N.Y. Dec. 2, 2016). Further, under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

1

The sole question to be decided regarding liability in this case is whether TOL infringes the musical composition *Let's Get It On* ("LGO"). Manifestly, evidence concerning Sheeran's wealth does not remotely weigh on that question, and such evidence must be excluded under Rule 401. Indeed, when confronted with this exact issue in a recent infringement case involving the alleged infringement of a musical composition by renowned recording artist Katy Perry, the California District Court concluded that Ms. Perry's "wealth or success [was] irrelevant to plaintiffs' claim for copyright infringement" and thus excluded such evidence. *Gray v. Perry*, No. 15-cv-5642 (CAS), 2019 WL 2992007, at *11 (C.D. Cal. July 5, 2019).

Nor does evidence of Sheeran's general wealth bear on the question of damages. If Plaintiffs ultimately prevail on liability, the Copyright Act permits them to recover "the actual damages suffered by [them] as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Of course, Sheeran's general wealth has nothing at all to do with "damages suffered [by plaintiffs] … as a result of the infringement." Only Sheeran's profits "attributable to the infringement" are relevant, and thus revenues he has received from unrelated sources or endeavors (including foreign income and touring and merchandising income) are not remotely relevant to proving the revenues or profits he has received from TOL, which are identifiable, song-specific and discrete.[1]

Moreover, it is settled that evidence of a defendant's wealth "is generally <u>inadmissible</u> in trials <u>not</u> involving punitive damages," and that "punitive damages <u>cannot</u> be recovered under the Copyright Act." *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 266 (2d Cir. 1999) (emphases added); *Viacom Int'l Inc. v. Youtube, Inc.*, 540 F. Supp. 2d 461, 464 (S.D.N.Y. 2008) (emphasis

---

[1] Plaintiffs never pursued discovery relating to Ed Sheeran's touring income and merchandising income and, as the Court has ruled, waived any right to seek such information or recovery.

added) (citation omitted); *see also Tyco Int'l Ltd. v. Walsh*, No. 02-cv-4633 (DLC), 2010 WL 3000179, at *1 (S.D.N.Y. July 30, 2010) ("A defendant's net worth is only relevant if there is a finding that punitive damages should be awarded") (citation omitted).  Accordingly, evidence of Sheeran's general wealth is utterly irrelevant.

In addition to failing to meet the threshold of relevance, the admission of evidence regarding Sheeran's general wealth would be unfairly prejudicial.  Moreover, allowing evidence of Sheeran's wealth that is unrelated to his gross revenues and expenses from the exploitation of TOL in the United States could lead to jury confusion regarding what is and what is not recoverable as damages and profits under the Copyright Act.  Thus, such evidence also should be excluded under Rule 403.  *See, e.g.*, *TXO Prod. Corp. v. Alliance Resources Corp.,* 509 U.S. 443, 464 (1993) ("[T]he emphasis on the wealth of the wrongdoer increase[s] the risk that the award may have been influenced by prejudice against large corporations"); *Zoll v. Ruder Finn, Inc.*, No. 02-cv-3652 (CSH), 01-cv-1339 (CSH), 2004 WL 527056, at *5 (S.D.N.Y. Mar. 16, 2004) ("Presentation at trial of [defendants'] sales numbers, some of which are quite impressive, would also be highly and unfairly prejudicial to Defendants.  Evidence of wealth alone invites the jury to award Plaintiff sums based on the depth of [defendants'] pockets, rather than on the value contributed to Defendants' businesses by the use of the 1978 images or actual losses suffered by Plaintiff").

## **CONCLUSION**

It is respectfully submitted that Defendants' Fifth Motion *In Limine* should be granted in its entirety.

Dated: New York, New York
September 18, 2020

PRYOR CASHMAN LLP

By: */s/ Donald S. Zakarin*
Donald S. Zakarin
Ilene S. Farkas
Andrew M. Goldsmith
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Edward Christopher Sheeran, Atlantic Recording Corporation and Sony/ATV Music Publishing LLC*

4