UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**KATHY TOWNSEND GRIFFIN**, *et.al.*,

**Plaintiffs,**

**vs.**

**EDWARD CHRISTOPHER SHEERAN**, *et.al.*,

**Defendants.**

**ECF CASE**
**17-CV-5221 (LLS)**

**OBJECTION AND COMPANION**
**MEMORANDUM IN**
**OPPOSITION TO**
**DEFENDANTS' THIRD**
**MOTION *IN LIMINE***

_____/

     **THE ENUMERATED PLAINTIFFS**, collectively, Object to the Defendants' Third

Motion *in Limine* and, as basis therefore, would state as follows:

     1.   Among the Defendants' latest efforts to restrict the evidence to be presented at

trial in the instant case is the Defendants' Third Motion *in Limine* which, in pertinent part,

seeks to prohibit any reference to and/or admission of evidence touching upon the Defendant's,

Ed Sheeran's, previous allegations of copyright infringement, as well as the settlement of

lawsuits related thereto.

     2.   The Plaintiffs, collectively, would—respectfully—contend that the Defendants'

arguments in support of their Third Motion *in Limine* are unavailing.

## THE DEFENDANT'S, ED SHEERAN'S, COPYRIGHT
## INFRINGEMENT BACKGROUND

     3.   For the purposes of clarification, it would seem inherently reasonable to attempt to

identify the specific evidence and/or information of which it appears the Defendants would

seek to exclude at trial—the Defendant, Ed Sheeran, has a particularly robust history of

copyright infringement allegations and litigation, particularly given his relatively short-lived career to date and young age.

4.   Almost at the very inception of his fledgling career he was accused of copyright infringement as it relates to one (1) of his very first songs—"The A Team".[1]

5.   While writing one (1) of his more recent songs, "Shape of You", the Defendant, Ed Sheeran, acknowledged in his deposition to this action that the song was similar to the group, TLC's song, "No Scrubs". The Defendant, Ed Sheeran, even went so far as to disclose that his song (*i.e.*, "Shape of You"), was actually originally called "TLC"—

> "A.  **TLC "No Scrubs", "Shape of You" was
> originally called TLC**".[2]

6.   The Defendant, Ed Sheeran, ultimately, settled the matter of "Shape of You"'s similarity to "No Scrubs" prior to a lawsuit being filed.

7.   Notwithstanding allegations of infringement that are currently known, it is a matter of public record that the Defendant, Ed Sheeran, has been sued in this jurisdiction in the case of *Carey, et.al. v. Sheeran, et.al.*, Case Number: *1:18-CV-00214-JPO*, for copyright infringement in connection with his song, "The Rest of Our Lives", and settled the case. (Please refer to a true copy of the docket in *Carey, et.al.*, as appended immediately hereto and marked as **Exhibit "2"**).

8.   The Defendant, Ed Sheeran, was also sued in Federal Court in California in the case of *HaloSongs, Inc., et.al. v. Sheeran, et.al.*, Case Number: *8:16-CV-01062-JVS-JCG*, for copyright infringement in connection with his song, "Photograph", and also settled that case. (Please refer to a true copy of the docket in *HaloSongs, Inc., et.al.*, as appended immediately hereto and marked as **Exhibit "3"**).

---

[1] Please refer to a true copy of the relevant Defendant's, Ed Sheeran's, deposition excerpt, as filed contemporaneously herewith as **Exhibit "1"**).
[2] Please refer again to a true copy of the relevant Defendant's, Ed Sheeran's, deposition excerpt, as filed contemporaneously herewith as **Exhibit "1"**).

9.  Presumably, the foregoing and/or enclosed materials/references are the specific items which the Defendants seek to prevent from admission and/or allusion at trial.

## THIS CASE

10.  In the instant case, the Defendant, Ed Sheeran, acknowledged in an e-mail he shared with his management at the outset that the drum parts/arrangements in "Thinking Out Loud" sounded like Marvin Gaye.  (Please refer to a true copy of said e-mail, as appended immediately hereto and marked as **Exhibit "4"**).

11.  Curiously in this instance, the Defendant, Ed Sheeran, has gone on to claim that he referred to "Thinking Out Loud" as "The Van Morrison song"—

"A.  **It was always called the Van Morrison song, Always**.

Q.  Okay.

MR. FRANK:  Why was it called the Van Morrison song?

Q.  Yeah, why was it called the Van Morrison song?

A.  **It emulates the sounds, I guess:  piano, drums**, song about love".[3]

12.  The Defendant, Ed Sheeran, went on to identify the Van Morrison song to which he believes "Thinking Out Loud" is most similar—

"Q.  **In regards to Van Morrison, what song is "Thinking Out Loud" similar to?**

A.  **"Crazy Love".**[4]

---

[3] Please refer to a true copy of the relevant excerpt of the deposition of the Defendant, Ed Sheeran, as appended immediately hereto and marked as **Exhibit "5"**).
[4] Please refer to a true copy of the relevant excerpt of the deposition of the Defendant, Ed Sheeran, as appended immediately hereto and marked as **Exhibit "6"**).

## WHY THE DEFENDANT'S, ED SHEERAN'S, HISTORY OF COPYRIGHT ALLEGATIONS AND/OR LITIGATION MATTERS HEREIN

13.   In all of the actual instances in which the allegations of copyright against the Defendant, Ed Sheeran, have evolved into litigation to the point in which he was required to file an Answer and Affirmative Defenses, he has pled that the song at issue was a product of independent creation.

14.   In the aforementioned case of *Carey, et.al. v. Sheeran, et.al.*, Case Number:  *1:18-CV-00214-JPO*, as filed in this jurisdiction, the Defendant, Ed Sheeran, raised independent creation as his eleventh affirmative defense.  (Please refer to a true copy of said Answer and Affirmative Defenses, as appended immediately hereto and marked as **Exhibit "7"**).

15.   Similarly, in this case, the Defendant, Ed Sheeran, has again raised independent creation as an affirmative defense.  (Doc. 23, Page Ten (10)).

16.   Previous case law precedent has held that pursuant to instances in which a copyright Defendant pleads independent creation as an affirmative defense, pleading the same has the operative legal effect of making prior copyright infringement litigation and allegations relevant because part of the criteria for demonstrating independent creation is, unequivocally, a Defendant's history of songwriting. See *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000); see also *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 721 (9th Cir. 1976).

17.   Thus, in other words, the manner in which a copyright Defendant writes and collaborates and/or the history thereof bears upon the validity of the independent creation affirmative defense upon which the Defendant, Ed Sheeran, would seek to rely.

18.   In this instance, we have an established history of the Defendant, Ed Sheeran, identifying works in progress as resembling an/or invoking similarities to other known

copyrighted works, even going so far as to identify/name said songs after the copyrighted

artists in question (*i.e.*, "TLC", "Van Morrison", etc.).[5]

19.    The acknowledgement of these purported similarities in his songs to others while

in the actual process of writing the same (as opposed to engaging in a "de facto" revelation

as to similarities) is a demonstrated component of the Defendant's, Ed Sheeran's, history and

methodology of songwriting and, as such—under compelling Federal Case law precedent—

places the previous allegations of copyright infringement and/or litigation related thereto

squarely at issue as that evidence flows/derives directly from the songwriting history and/or

process he has placed at issue by pleading independent creation as an affirmative defense.

20.    By way of addendum, it is also abundantly worthy of note that the Plaintiffs have

a standing claim before the Court for injunctive relief—under Title 17 of the United States Code,

Section 502(a), a Court may "grant temporary and final injunctions on such terms as it may deem

reasonable to prevent or restrain infringement of a copyright".

21.    In evaluating the propriety of the entry of an injunction a Court may look to a

copyright Defendant's prior conduct, including past litigation, in weighing an award of

injunctive relief.  See *Flyte Tyme Tunes v. Miszkiewicz*, 715 F.Supp. 919, 921 (E.D. Wis.

1989); see also *Broad. Music, Inc. v. McDade & Sons, Inc.*, 928 F.Supp.2d 1120 (D. Ariz.

2013).

## CONCLUSION

22.    The Plaintiffs would, respectfully, disagree with the Defendants' contention  that

allowing reference and/or allusion to prior claims of infringement at trial would result in said

trial being "massively expanded to engage in side-show trial of prior claims of infringement".

---

[5] Although, quixotically, within the context of the instant case, the Defendant's, Ed Sheeran's, ever-evolving
defensive theory(ies) herein appear to be that he is not liable in this particular case because he believed that he
was actually infringing on Van Morrison's "Crazy Love", and not "Let's Get It On".

23.   Indeed, while the evidence of prior claims of copyright infringement against the Defendant, Ed Sheeran, is significant, if the prospective evidence were narrowly-tailored as it relates to the Defendants' independent creation affirmative defense and the Plaintiffs' request for injunctive relief, said evidentiary holding would comport with previous long-established precedent and would not serve to prejudice the Defendants, nor would it confuse and/or visit bias upon the jury.[6]

**WHEREFORE**, the Plaintiffs, collectively, Object to the Defendants' third motion *in limine* and Motion this Court for the entry of an Order Denying said motion, as well as providing for any such other relief as this Court should deem equitable and just.

**DATED** this 24th day of September, 2020.

**FRANK & RICE, P.A.**

Respectfully Submitted,

_____
Patrick R. Frank, Esq.
Florida Bar Number:  0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida  32301
Telephone:  (850) 629-4168
Facsimile:  (850) 629-4184
Attorney(s) for Plaintiffs

---

[6] Given the Defendants' previously-avowed inherent confidence "in the good faith of jurors in trying to reach the proper result in a case" (Doc. 140, Page Three (3), they are now hard-pressed herein to plausibly contend that the self-same jurors would not possess the requisite threshold competency to be able to properly evaluate relevant evidence within the context it is proffered, as presented at trial, or, alternatively, to suggest that jurors would become unduly/unwittingly prejudiced by the same and, as such, predicate a decision on '"sheer hostility toward" Sheeran', as the Defendants so whimsically suggest in their motion to which the instant pleading is addressed. (Doc. 146, Page Fourteen (14)).

# EXHIBIT ONE (1)

Page 89

1      Edward Christopher Sheeran
2    A.   No, I don't.
3    Q.   Besides these other two cases
4  that we've discussed, have you or your
5  corporate interests been sued anywhere else
6  for copyright infringement in the world?
7    A.   (No verbal response.)
8         MR. ZAKARIN: You have to answer
9  out loud, Ed.
10   A.   Oh, no.  No.  Sorry.
11   Q.   You are fine.
12   A.   Not to my knowledge.
13   Q.   And apart from actual formalized
14 lawsuits, have you ever been involved in any
15 dispute involving a scenario where you have
16 been accused of plagiarizing or any other
17 copyright that either settled or dropped
18 without a formal lawsuit being filed?
19   A.   I remember someone approaching me
20 saying that "The A Team" had ripped off
21 something and then we found out he'd written
22 it four years after "The A Team" had come out,
23 so stuff like that.
24   Q.   Anything else?
25   A.   I don't know.

Page 90

1      Edward Christopher Sheeran
2    Q.   Any other agreements or
3  settlements other than the ones we previously
4  discussed?
5         MS. FARKAS: Objection to form.
6    A.   Not that wouldn't have been done
7  pre the song coming out, so "Shape Of You",
8  for instance.
9    Q.   Okay.
10   A.   The balls -- the ball was already
11 in motion by the time the song came out, so we
12 had approached them before the song had even
13 come out.
14   Q.   The song?
15   A.   "Shape Of You".
16   Q.   "Shape Of You"?
17   A.   Yeah.
18   Q.   And the other song was written by
19 TLC --
20   A.   TLC "No Scrubs", "Shape Of You"
21 was originally called TLC. Then we approached
22 them and said this song is a homage, can we
23 work something out. We worked something out
24 and it got finalized after the song came out.
25   Q.   Were the writers of "Scrubs"

Page 91

1  given a percentage of "Shape Of You"?
2    A.   Yes.
3    Q.   Do you know what the nature of
4  that percentage was?
5    A.   No.
6    Q.   Were they provided, the writers,
7  with any past royalties or song writing
8  shares?
9    A.   The song had literally come out,
10 so they would have got the same royalties as
11 me from the get go.
12   Q.   Okay.
13        Did you personally sign any of
14 the agreements in connection with the "Scrubs
15 matter?
16   A.   I don't know.
17   Q.   Do you recall who represented you
18 in connection with negotiating and resolving
19 that matter?
20   A.   No.
21   Q.   Did anyone else assist you when
22 you were writing "Shape Of You"?
23   A.   Yes.
24   Q.   Okay.

Page 92

1      Edward Christopher Sheeran
2      Who was that?
3    A.   Steve Mac and Johnny McDaid.
4    Q.   Steve Mac?
5    A.   Yeah, and Johnny McDaid.
6    Q.   Is that just M-A-C?
7    A.   M-A-C, yeah, short for
8  McCutcheon. I don't know how to spell that so
9  please don't ask.
10   Q.   And what was the other one?
11   A.   Johnny McDaid.
12   Q.   Johnny Mc -- okay.
13        When you are determining, I'm
14 gonna refer back to your second album, which
15 songs are going to be released as singles, is
16 there a process that you go through to try to
17 determine -- do you work with staff, do you
18 listen to them and make a decision; how do you
19 decide?
20        MS. FARKAS: Objection to form.
21   A.   Differs song to song.
22   Q.   Okay.
23        With regards to your second
24 album, do you remember any process, and I may
25 have already asked you that, I apologize if I

# EXHIBIT TWO (2)

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:18-cv-00214-JPO

Carey et al v. Sheeran et al
Assigned to: Judge J. Paul Oetken
Cause: 17:101 Copyright Infringement

Date Filed: 01/10/2018
Date Terminated: 11/09/2018
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Sean Carey**                    represented by    **Michael A Ransom**
                                                    King & Ballow
                                                    315 Union Street Suite 1100
                                                    Nashville, TN 37201
                                                    (615)-726-5431
                                                    Email: mransom@kingballow.com
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Richard Steven Busch**
                                                    King & Ballow
                                                    1100 Union Street Plaza, 315 Union Street
                                                    Nashville, TN 37201
                                                    (615) 259-3456
                                                    Fax: (615) 726-5417
                                                    Email: rbusch@kingballow.com
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Beau Golden**                   represented by    **Michael A Ransom**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Richard Steven Busch**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Edward Christopher Sheeran**    represented by    **Donald S. Zakarin**
*personally known as*                               Pryor Cashman LLP
Ed Sheeran                                          7 Times Square
                                                    New York, NY 10036
                                                    212 326 0108
                                                    Fax: 212 326 0806
                                                    Email: DZakarin@pryorcashman.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

ACCO,(JCGx),CLOSED,DISCOVERY,MANADR,PROTORD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:16-cv-01062-JVS-JCG

| | |
|---|---|
| HaloSongs, Inc. et al v. Edward Christopher Sheeran | Date Filed: 06/08/2016 |
| Assigned to: Judge James V. Selna | Date Terminated: 04/10/2017 |
| Referred to: Magistrate Judge Jay C. Gandhi | Jury Demand: Plaintiff |
| Cause: 17:101 Copyright Infringement | Nature of Suit: 820 Copyright |
| | Jurisdiction: Federal Question |

**Plaintiff**

**HaloSongs, Inc.**　　　　　　　　　represented by　**Paul H Duvall**
King and Ballow Law Offices
1999 Avenue of the Stars Suite 1100
Century City, CA 90067
424-253-1255
Fax: 888-688-0482
Email: pduvall@kingballow.com
*ATTORNEY TO BE NOTICED*

**Richard Steven Busch**
King and Ballow
315 Union Street Suite 1100
Nashville, TN 37201
615-259-3456
Fax: 615-726-5417
Email: rbusch@kingballow.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark L Block**
Wargo and French LLP
601 S. Figueroa St, Suite 4625
Los Angeles
Los Angeles, CA 90017
310-853-6300
Fax: 310-553-6333
Email: mblock@wargofrench.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Martin Harrington**　　　　　　　represented by　**Paul H Duvall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Steven Busch**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark L Block**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Thomas Leonard**                    represented by    **Paul H Duvall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Steven Busch**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark L Block**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>

**Ed Sheeran Limited**                represented by    **Andrew M Goldsmith**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212-326-0419
Fax: 212-798-6925
Email: agoldsmith@pryorcashman.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ilene S Farkas**
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6965
212-326-0188
Fax: 212-798-6382
Email: ifarkas@pryorcashman.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
Pryor Cashman LLP
1801 Century Park East 24th Floor
Los Angeles, CA 90067-2302
310-556-9608
Fax: 310-556-9670
Email: mniborski@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nathan Cable Touring LLP**          represented by **Andrew M Goldsmith**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ilene S Farkas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Johnny McDaid**          represented by **Andrew M Goldsmith**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ilene S Farkas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sony/ATV Songs LLC**          represented by **Andrew M Goldsmith**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ilene S Farkas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Polar Patrol Music Limited**
*doing business as*
Polar Patrol Music Publishing        represented by **Andrew M Goldsmith**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ilene S Farkas**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warner Music UK Ltd.**                    represented by  **Andrew M Goldsmith**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ilene S Farkas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warner Music Group Corporation**          represented by  **Andrew M Goldsmith**
*doing business as*                                         (See above for address)
Asylum Records                                              *PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ilene S Farkas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Atlantic Recording Corporation**          represented by  **Andrew M Goldsmith**
*doing business as*                                         (See above for address)
Atlantic                                                    *PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ilene S Farkas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Edward Christopher Sheeran**        represented by **Andrew M Goldsmith**
*also known as*                                      (See above for address)
Ed Sheeran                                           *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Ilene S Farkas**
                                                     (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Michael J Niborski**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Sony/ATV Music Publishing (UK)**    represented by **Andrew M Goldsmith**
**Limited**                                          (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Ilene S Farkas**
                                                     (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Michael J Niborski**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Kobalt Music Publishing America, Inc.**  represented by **Michael J Niborski**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Andrew M Goldsmith**
                                                     (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2016 | 1 | COMPLAINT Receipt No: 0973-17958025 - Fee: $400. (Attorney Mark L Block added to party HaloSongs, Inc.(pty:pla), Attorney Mark L Block added to party Martin Harrington(pty:pla), Attorney Mark L Block added to party Thomas Leonard(pty:pla)) (Block, Mark) (Entered: 06/08/2016) |
| 06/08/2016 | 2 | CIVIL COVER SHEET filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Block, Mark) (Entered: 06/08/2016) |
| 06/08/2016 | 3 | *CERTIFICATION AND* NOTICE of Interested Parties (Block, Mark) (Entered: 06/08/2016) |
| 06/08/2016 | 4 | DISCLOSURE *Corporate Disclosure Statement* filed by Plaintiffs HaloSongs, Inc., Martin |

Harrington, Thomas Leonard (Block, Mark) (Entered: 06/08/2016)

| 06/08/2016 | 5 | REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard re: Complaint (Attorney Civil Case Opening), 1 (Block, Mark) (Entered: 06/08/2016) |
| 06/08/2016 | 6 | SUMMONS filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard (Block, Mark) (Entered: 06/08/2016) |
| 06/08/2016 | 7 | APPLICATION of Non-Resident Attorney Richard Steven Busch to Appear Pro Hac Vice on behalf of Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-17959306) HaloSongs, Inc., Martin Harr ington, Thomas Leonard. (Attachments: # 1 Proposed Order On Application of Non-Resident Attorney to Appear in a Specific Case Pro Hac Vice) (Block, Mark) (Entered: 06/08/2016) |
| 06/09/2016 | 8 | NOTICE OF ASSIGNMENT to District Judge James V. Selna and Magistrate Judge Jay C. Gandhi. (jtil) (Entered: 06/09/2016) |
| 06/09/2016 | 9 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (jtil) (Entered: 06/09/2016) |
| 06/09/2016 | 10 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening), 1 as to Defendants Atlantic Recording Corporation, Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Edward Christopher Sheeran, Sony/ATV Music Publishing (UK) Limited, Sony/ATV Songs LLC, Warner Music Group Corporation, Warner Music UK Ltd. (jtil) (Entered: 06/09/2016) |
| 06/20/2016 | 11 | *[WAIVER OF SERVICE OF SUMMONS and PROOF OF SERVICE]* WAIVER OF SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon Ed Sheeran Limited waiver sent by Plaintiff on 6/15/2016, answer due 8/15/2016. Waiver of Service signed by Donald S. Zakarin, Esq. (Duvall, Paul) (Entered: 06/20/2016) |
| 06/20/2016 | 12 | *[WAIVER OF SERVICE OF SUMMONS and PROOF OF SERVICE]* WAIVER OF SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon Edward Christopher Sheeran waiver sent by Plaintiff on 6/15/2016, answer due 8/15/2016. Waiver of Service signed by Donald S. Zakarin, Esq. (Duvall, Paul) (Entered: 06/20/2016) |
| 06/20/2016 | 13 | *[WAIVER OF SERVICE OF SUMMONS and PROOF OF SERVICE]* WAIVER OF SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon John Johnny McDaid waiver sent by Plaintiff on 6/15/2016, answer due 8/15/2016. Waiver of Service signed by Donald S. Zakarin, Esq. (Duvall, Paul) (Entered: 06/20/2016) |
| 06/20/2016 | 14 | *[WAIVER OF SERVICE OF SUMMONS and PROOF OF SERVICE]* WAIVER OF SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon Nathan Cable Touring LLP waiver sent by Plaintiff on 6/15/2016, answer due 8/15/2016. Waiver of Service signed by Donald S. Zakarin, Esq. (Duvall, Paul) (Entered: 06/20/2016) |
| 06/20/2016 | 15 | *[WAIVER OF SERVICE OF SUMMONS and PROOF OF SERVICE]* WAIVER OF SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon Polar Patrol Music Limited waiver sent by Plaintiff on 6/15/2016, answer due 8/15/2016. Waiver of Service signed by Donald S. Zakarin, Esq. (Duvall, Paul) (Entered: 06/20/2016) |
| 06/20/2016 | 16 | *[WAIVER OF SERVICE OF SUMMONS and PROOF OF SERVICE]* WAIVER OF |

| | | SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon Sony/ATV Music Publishing (UK) Limited waiver sent by Plaintiff on 6/15/2016, answer due 8/15/2016. Waiver of Service signed by Donald S. Zakarin, Esq. (Duvall, Paul) (Entered: 06/20/2016) |
|---|---|---|
| 06/20/2016 | 17 | *[WAIVER OF SERVICE OF SUMMONS and PROOF OF SERVICE]* WAIVER OF SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon Sony/ATV Songs LLC waiver sent by Plaintiff on 6/15/2016, answer due 8/15/2016. Waiver of Service signed by Donald S. Zakarin, Esq. (Duvall, Paul) (Entered: 06/20/2016) |
| 06/23/2016 | 18 | INITIAL ORDER FOLLOWING FILING OF COMPLAINT ASSIGNED TO JUDGE SELNA. (jlen) (Entered: 06/23/2016) |
| 06/23/2016 | 19 | ORDER SETTING RULE 26(F) SCHEDULING CONFERENCE by Judge James V. Selna. Rule 26 Meeting Report due by 9/6/2016. Scheduling Conference set for 9/12/2016 at 11:30 AM before Judge James V. Selna. (jlen) (Entered: 06/23/2016) |
| 06/24/2016 | 20 | *[WAIVER OF SERVICE OF SUMMONS and PROOF OF SERVICE]* WAIVER OF SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon Warner Music Group Corporation waiver sent by Plaintiff on 6/15/2016, answer due 8/15/2016. Waiver of Service signed by Donald S. Zakarin, Esq. (Duvall, Paul) (Entered: 06/24/2016) |
| 06/24/2016 | 21 | *[WAIVER OF SERVICE OF SUMMONS and PROOF OF SERVICE]* WAIVER OF SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon Warner Music UK Ltd. waiver sent by Plaintiff on 6/15/2016, answer due 8/15/2016. Waiver of Service signed by Donald S. Zakarin, Esq. (Duvall, Paul) (Entered: 06/24/2016) |
| 06/24/2016 | 22 | *[WAIVER OF SERVICE OF SUMMONS and PROOF OF SERVICE]* WAIVER OF SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon Atlantic Recording Corporation waiver sent by Plaintiff on 6/15/2016, answer due 8/15/2016. Waiver of Service signed by Donald S. Zakarin, Esq. (Duvall, Paul) (Entered: 06/24/2016) |
| 06/24/2016 | 23 | PROOF OF SERVICE filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard, re Initial Order Setting R26 Scheduling Conference - form only 19 served on June 24, 2016. (Duvall, Paul) (Entered: 06/24/2016) |
| 06/24/2016 | 24 | PROOF OF SERVICE filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard, re Initial Order upon Filing of Complaint - form only 18 served on June 24, 2016. (Duvall, Paul) (Entered: 06/24/2016) |
| 06/27/2016 | 25 | ORDER by Judge James V. Selna: Granting 7 Non-Resident Attorney Richard S. Busch APPLICATION to Appear Pro Hac Vice on behalf of Plaintiffs HaloSongs Inc, Martin Harrington and Thomas Leonard, designating Mark L. Block as local counsel. (lwag) (Entered: 06/27/2016) |
| 08/11/2016 | 26 | STIPULATION Extending Time to Answer the complaint as to All Defendants, filed by Defendants Sony/ATV Songs LLC, Nathan Cable Touring LLP, Sony/ATV Music Publishing (UK) Limited, Polar Patrol Music Limited, Warner Music Group Corporation, Atlantic Recording Corporation, Ed Sheeran Limited, Warner Music UK Ltd., John Johnny McDaid, Edward Christopher Sheeran.(Attorney Michael J Niborski added to party Atlantic Recording Corporation(pty:dft), Attorney Michael J Niborski added to party Ed Sheeran Limited(pty:dft), Attorney Michael J Niborski added to party John Johnny McDaid(pty:dft), Attorney Michael J Niborski added to party Nathan Cable Touring LLP(pty:dft), Attorney Michael J Niborski added to party Polar Patrol Music |

| | | |
|---|---|---|
| | | Limited(pty:dft), Attorney Michael J Niborski added to party Edward Christopher Sheeran(pty:dft), Attorney Michael J Niborski added to party Sony/ATV Music Publishing (UK) Limited(pty:dft), Attorney Michael J Niborski added to party Sony/ATV Songs LLC(pty:dft), Attorney Michael J Niborski added to party Warner Music Group Corporation(pty:dft), Attorney Michael J Niborski added to party Warner Music UK Ltd. (pty:dft))(Niborski, Michael) (Entered: 08/11/2016) |
| 08/25/2016 | 27 | JOINT REPORT Rule 26(f) Discovery Plan *and EXHIBIT A* ; estimated length of trial 8 to 10 days, filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard.. (Attachments: # 1 Exhibit A)(Duvall, Paul) (Entered: 08/25/2016) |
| 09/07/2016 | 28 | APPLICATION of Non-Resident Attorney Ilense S. Farkas to Appear Pro Hac Vice on behalf of Defendants Atlantic Recording Corporation, Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Edward Christopher Sheeran, Sony/ATV Music Publishing (UK) Limited, Sony/ATV Songs LLC, Warner Music Group Corporation, Warner Music UK Ltd. (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-18505132) filed by Defendants Atlantic Recording Corporation, Ed Sheeran Li mited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Edward Christopher Sheeran, Sony/ATV Music Publishing (UK) Limited, Sony/ATV Songs LLC, Warner Music Group Corporation, Warner Music UK Ltd.. (Attachments: # 1 Proposed Order) (Niborski, Michael) (Entered: 09/07/2016) |
| 09/08/2016 | 29 | STIPULATION to FILE FIRST AMENDED Complaint (Attorney Civil Case Opening), 1 filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Attachments: # 1 Exhibit First Amended Complaint, # 2 Proposed Order Re Stipulation for Plaintiffs to File an Amended Complaint)(Duvall, Paul) (Entered: 09/08/2016) |
| 09/09/2016 | 30 | ORDER Re Stipulation for Plaintiffs to File an Amended Complaint 29 by Judge James V. Selna: The Court has considered the Stipulation For Plaintiffs To File An Amended Complaint and the facts and averments contained therein. IT IS ORDERED AND ADJUDGED that the First Amended Complaint shall be e-filed by plaintiff as soon as this Order is signed and Defendants have up to andincluding October 7, 2016 to answer, move or otherwise respond to the First Amended Complaint. (lwag) (Entered: 09/09/2016) |
| 09/09/2016 | 31 | FIRST AMENDED COMPLAINT against Defendants Atlantic Recording Corporation, Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Edward Christopher Sheeran, Sony/ATV Music Publishing (UK) Limited, Sony/ATV Songs LLC, Warner Music Group Corporation, Warner Music UK Ltd., Kobalt Music Publishing America, Inc. amending Complaint (Attorney Civil Case Opening), 1 , filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.(Duvall, Paul) (Entered: 09/09/2016) |
| 09/09/2016 | 32 | ORDER GRANTING APPLICATION of Non-Resident Attorney Ilense S. Farkas to Appear Pro Hac Vice on behalf of Defendants Atlantic Recording Corporation, Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Edward Christopher Shee 28 on behalf of ALL DEFENDANTS, designating NIBORSKI, MICHAEL J. as local counsel, by Judge James V. Selna. (dv) (Entered: 09/09/2016) |
| 09/12/2016 | 33 | MINUTES OF Scheduling Conference held before Judge James V. Selna. The Court and counsel confer. The Court sets the following case management dates with the agreement of counsel: Interim Status Conference set for 4/10/2017 at 11:30 AM; Discovery cut-off 8/22/2017; Final Pretrial Conference set for 11/27/2017 at 11:00 AM; and the Jury Trial set for 12/12/2017 at 8:30 AM before Judge James V. Selna. (SEE DOCUMENT FOR ADDITIONAL DETAILS & DEADLINES) Court Reporter: Sharon Seffens. (Attachments: # 1 Supplement) (kt) (Entered: 09/22/2016) |
| 09/23/2016 | 34 | APPLICATION of Non-Resident Attorney Andrew M. Goldsmith to Appear Pro Hac Vice |

| | | |
|---|---|---|
| | | on behalf of Defendants Atlantic Recording Corporation, Ed Sheeran Limited, Kobalt Music Publishing America, Inc., John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Edward Christopher Sheeran, Sony/ATV Music Publishing (UK) Limited, Sony/ATV Songs LLC, Warner Music Group Corporation, Warner Music UK Ltd.. (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-18608660) filed by Defendants Atl antic Recording Corporation, Ed Sheeran Limited, Kobalt Music Publishing America, Inc., John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Edward Christopher Sheeran, Sony/ATV Music Publishing (UK) Limited, Sony/ATV Songs LLC, Warner Music Group Corporation, Warner Music UK Ltd.. (Attachments: # 1 Proposed Order) (Attorney Michael J Niborski added to party Kobalt Music Publishing America, Inc.(pty:dft)) (Niborski, Michael) (Entered: 09/23/2016) |
| 09/26/2016 | 35 | ORDER FOR JURY TRIAL SETTING DATES; PREPARATION FOR TRIAL; AND GOVERNING ATTORNEY AND PARTY CONDUCT AT TRIAL before Judge James V. Selna. (See Document for Details and Deadlines) (kt) (Entered: 09/26/2016) |
| 10/07/2016 | 36 | ORDER by Judge James V. Selna: granting 34 Non-Resident Attorney Andrew M. Goldsmith APPLICATION to Appear Pro Hac Vice on behalf of all defendants, designating MIchael J. Niborski as local counsel. (dro) (Entered: 10/07/2016) |
| 10/07/2016 | 37 | NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. Motion set for hearing on 12/19/2016 at 01:30 PM before Judge James V. Selna. (Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 38 | MEMORANDUM in Support of NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 37 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Attachments: # 1 Exhibit, # 2 Exhibit)(Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 39 | DECLARATION of Ilene S. Farkas in Support of NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 37 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 40 | DECLARATION of Stephanie Hardwick in Support of NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 37 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 41 | DECLARATION of Mark Krais in Support of NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 37 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 42 | DECLARATION of Timothy William Major in Support of NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 37 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 43 | DECLARATION of John McDaid in Support of NOTICE OF MOTION AND MOTION |

| | | |
|---|---|---|
| | | to Dismiss for Lack of Jurisdiction 37 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 44 | DECLARATION of Jonathan Graham Quinn in Support of NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 37 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 45 | DECLARATION of Charlotte Saxe in Support of NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 37 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 46 | DECLARATION of Beth Wrenn in Support of NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 37 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 47 | NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint Pursuant To FRCP 8, Or, In The Alternative, To Strike Portions Of The First Amended Complaint Pursuant To FRCP 12(f) filed by Defendants Atlantic Recording Corporation, Kobalt Music Publishing America, Inc., Edward Christopher Sheeran, Sony/ATV Songs LLC, Warner Music Group Corporation. Motion set for hearing on 12/19/2016 at 01:30 PM before Judge James V. Selna. (Niborski, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 48 | MEMORANDUM in Support of NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint Pursuant To FRCP 8, Or, In The Alternative, To Strike Portions Of The First Amended Complaint Pursuant To FRCP 12(f) 47 filed by Defendants Atlantic Recording Corporation, Kobalt Music Publishing America, Inc., Edward Christopher Sheeran, Sony/ATV Songs LLC, Warner Music Group Corporation. (Attachments: # 1 Exhibit)(Niborski, Michael) (Entered: 10/07/2016) |
| 10/15/2016 | 49 | WAIVER OF SERVICE Returned Executed filed by Plaintiffs Thomas Leonard, Martin Harrington, HaloSongs, Inc.. upon Kobalt Music Publishing America, Inc. waiver sent by Plaintiff on 9/26/2016, answer due 11/25/2016. Waiver of Service signed by Donald S. Zakarin. (Duvall, Paul) (Entered: 10/15/2016) |
| 11/07/2016 | 50 | NOTICE OF MOTION AND MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* HaloSongs, Inc., Martin Harrington, Thomas Leonard. Motion set for hearing on 12/5/2016 at 01:30 PM before Judge James V. Selna. (Attachments: # 1 Memorandum, # 2 Declaration Armen Boladian, # 3 Exhibit A, # 4 Exhibit B, # 5 Declaration Gary Cohen, # 6 Declaration Howard Hertz, # 7 Declaration Jeremy D. Ray) (Block, Mark) (Entered: 11/07/2016) |
| 11/07/2016 | 51 | DECLARATION of Joel Martin MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* 50 filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Attachments: # 1 Declaration A, # 2 Declaration B)(Block, Mark) (Entered: 11/07/2016) |
| 11/07/2016 | 52 | DECLARATION of Martin Harrington MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* 50 filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit |

| | | B; # 5 Exhibit F, # 6 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J) (Block, Mark) (Entered: 11/07/2016) |
|---|---|---|
| 11/07/2016 | 53 | DECLARATION of Paul H. Duvall MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss 50* filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Attachments: # 1 Exhibit A)(Duvall, Paul) (Entered: 11/07/2016) |
| 11/07/2016 | 54 | DECLARATION of Richard S. Busch MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss 50* filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Busch, Richard) (Entered: 11/07/2016) |
| 11/07/2016 | 55 | NOTICE of Manual Filing filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard of DVD. (Attachments: # 1 Proof of Service)(Busch, Richard) (Entered: 11/07/2016) |
| 11/07/2016 | 56 | Proposed Order filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard re: MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss 50* (Block, Mark) (Entered: 11/07/2016) |
| 11/14/2016 | 57 | STIPULATION to Continue Hearing Dates on Defendants Motion to Dismiss for Lack of Personal Jurisdiction [Docket No. 37], Defendants' Motion to Dismiss Pursuant to FRCP 8 [Docket No., 47], and Plaintiffs' Motion for Discovery and to Stay [Docket No. 50] from December 19, 2016, December 19, 2016, and December 5, 2016, respectively to January 9, 2017 filed by Defendants Atlantic Recording Corporation, Ed Sheeran Limited, Kobalt Music Publishing America, Inc., John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Edward Christopher Sheeran, Sony/ATV Music Publishing (UK) Limited, Sony/ATV Songs LLC, Warner Music Group Corporation, Warner Music UK Ltd.. (Attachments: # 1 Declaration of Michael J. Niborski, # 2 Proposed Order)(Niborski, Michael) (Entered: 11/14/2016) |
| 11/15/2016 | 58 | ORDER by Judge James V. Selna Granting Stipulation 57 to Continue Hearing Dates and Setting Briefing Schedule on Motions 37 47 50 .(see document for details). (dro) Modified on 11/15/2016 (dro). (Entered: 11/15/2016) |
| 11/16/2016 | 59 | Joint STIPULATION for Protective Order filed by Defendants Atlantic Recording Corporation, Kobalt Music Publishing America, Inc., Edward Christopher Sheeran, Sony/ATV Songs LLC, Warner Music Group Corporation.(Niborski, Michael) (Entered: 11/16/2016) |
| 11/18/2016 | 60 | STIPULATION to Continue Deadlines for Plaintiffs to: (1) make a motion to further amend the First Amended Complaint, including to join other parties, and (2) Notice for Hearing such a Motion from November 28, 2016 and December 28, 2016, respectively, under the Scheduling Order (Dkt. 35) to either (i) 14 days after the Courts determination of Parties Motions being heard on January 9th, and 45 days after the Courts determination of Parties Motions being heard on January 9th; or, alternatively, (ii) should the Court grant limited jurisdictional discovery, 14 days after the production of any such limited jurisdictional discovery, and 45 days after the production of any such limited jurisdictional discovery filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Attachments: # 1 Declaration of Paul H. Duvall in Support of Stipulation, # 2 Proposed Order Granting Stipulation)(Duvall, Paul) (Entered: 11/18/2016) |
| 11/21/2016 | 61 | Opposition re: MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss 50* filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, |

| | | |
|---|---|---|
| | | Warner Music UK Ltd.. (Attachments: # 1 Exhibit 1)(Niborski, Michael) (Entered: 11/21/2016) |
| 11/21/2016 | 62 | DECLARATION of James Arnay In Opposition To MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* 50 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 11/21/2016) |
| 11/21/2016 | 63 | DECLARATION of Ilene S. Farkas In Opposition To MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* 50 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music Group Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Niborski, Michael) (Entered: 11/21/2016) |
| 11/21/2016 | 64 | DECLARATION of Timothy William Major In Opposition To MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* 50 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 11/21/2016) |
| 11/21/2016 | 65 | DECLARATION of John McDaid In Opposition To MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* 50 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 11/21/2016) |
| 11/21/2016 | 66 | DECLARATION of Jonathan Graham Quinn In Opposition To MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* 50 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 11/21/2016) |
| 11/21/2016 | 67 | DECLARATION of Charlotte Saxe In Opposition To MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* 50 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 11/21/2016) |
| 11/21/2016 | 68 | OPPOSITION to NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint Pursuant To FRCP 8, Or, In The Alternative, To Strike Portions Of The First Amended Complaint Pursuant To FRCP 12(f) 47 filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Attachments: # 1 Declaration of Jeremy D. Ray in Support of Plaintiffs' Response in Opposition to Defendants' Motion)(Duvall, Paul) (Entered: 11/21/2016) |
| 11/21/2016 | 69 | OPPOSITION to NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 37 filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Duvall, Paul) (Entered: 11/21/2016) |
| 11/21/2016 | 70 | STIPULATED PROTECTIVE ORDER by Magistrate Judge Jay C. Gandhi re Stipulation for Protective Order 59 . (kh) (Entered: 11/22/2016) |
| 11/21/2016 | 71 | ORDER by Judge James V. Selna Granting Stipulation Requesting Modification of Scheduling Order 60 . WHEREAS good cause is shown, IT IS HEREBY ORDERED, based on the concurrently filed Stipulation of the parties thereto, as follows: 1. The |

| | | deadlines for Plaintiffs to: (1) make a motion to further amend the First Amended Complaint, including to join other parties, and (2) notice for hearing such a motion, currently November 28, 2016 and December 28, 2016, respectively, under the Scheduling Order (Dkt. 35), will be extended to either: (i) 14 days after the Court's determination of Parties Motions (Dkt. 37), (Dkt. 47), and (Dkt. 50), and 45 days after the Court's determination of Parties' Motions; but however, (ii) should the Court grant limited jurisdictional discovery, 14 days after the production of any such limited jurisdictional discovery, and 45 days after the production of any such limited jurisdictional discovery. IT IS SO ORDERED. (dro) (Entered: 11/22/2016) |
|---|---|---|
| 12/21/2016 | 72 | RESPONSE IN SUPPORT of MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* 50 filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Attachments: # 1 Declaration of Paul H. Duvall in Further Support of Plaintiffs' Motion for Limited Jurisdictional Discovery and To Stay Defendants' Pending Motion to Dismiss with Exhibits A through D attached, # 2 Declaration of Gary Cohen in Further Support of Plaintiffs' Motion for Limited Jurisdictional Discovery and To Stay Defendants' Pending Motion to Dismiss)(Duvall, Paul) (Entered: 12/21/2016) |
| 12/21/2016 | 73 | STATEMENT of of Evidentiary Objections in Support of Plaintiffs' Motion for Limited Jurisdicational Discovery and to Stay Defendants' Pending Motion to Dismiss MOTION for Discovery *and to Stay Defendants' Pending Motion to Dismiss* 50 filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Duvall, Paul) (Entered: 12/21/2016) |
| 12/21/2016 | 74 | REPLY In Support Of NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 37 filed by Defendants Ed Sheeran Limited, John Johnny McDaid, Nathan Cable Touring LLP, Polar Patrol Music Limited, Sony/ATV Music Publishing (UK) Limited, Warner Music UK Ltd.. (Niborski, Michael) (Entered: 12/21/2016) |
| 12/21/2016 | 75 | REPLY In Support Of NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint Pursuant To FRCP 8, Or, In The Alternative, To Strike Portions Of The First Amended Complaint Pursuant To FRCP 12(f) 47 filed by Defendants Atlantic Recording Corporation, Kobalt Music Publishing America, Inc., Edward Christopher Sheeran, Sony/ATV Songs LLC, Warner Music Group Corporation. (Niborski, Michael) (Entered: 12/21/2016) |
| 01/09/2017 | 76 | MINUTES OF Motion Hearing Re: Defendants Motion to Dismiss for Lack of Jurisdiction (fld 10-7-16) Defendants Motion to Dismiss Pursuant to FRCP 8(a)(2) and 9(d)(1), or, in the Alternative, to Strike Portions of the First Amended Complaint ( fld 10-7-16) Plaintiffs Motion for Limited Jurisdictional Discovery and to Stay Defendants Pending Motion to Dismiss (fld 11-7-16) held before Judge James V. Selna. Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court takes the above referenced motions under submission. Court Reporter: Sharon Seffens. (dro) (Entered: 01/10/2017) |
| 01/13/2017 | 77 | TRANSCRIPT ORDER as to Defendant Edward Christopher Sheeran for Court Reporter. Court will contact Andrew Goldsmith at agoldsmith@pryorcashman.com with any questions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Niborski, Michael) (Entered: 01/13/2017) |
| 01/13/2017 | 78 | MINUTES (IN CHAMBERS) by Judge James V. Selna: Order Denying Defendants' Motion to Dismiss Pursuant to FRCP 8(a)(2) and 9(d)(1), or, in the Alternative, to Strike Portions of the First Amended Complaint (fld 10-7-16) 47 ; Granting Plaintiffs' Motion for Limited Jurisdictional Discovery and to Stay Defendants' Pending Motion to Dismiss (fld 11-7-16) 50 ; and STAYING Defendants' Motion to Dismiss for Lack of Jurisdiction (fld 10-7-16) 37 . (mt) (Entered: 01/14/2017) |

| 02/28/2017 | 79 | Joint STIPULATION to Continue Deadline to Conduct Limited Jurisdictional Discovery and to Submit a Joint Proposal for Further Briefing and a Hearing Date from March 29, 2017 to April 28, 2017 Re: Order on Motion to Dismiss/Lack of Jurisdiction,,,, Order on Motion for Discovery, 78 filed by Plaintiffs HaloSongs, Inc., Martin Harrington, Thomas Leonard. (Attachments: # 1 Declaration of Paul H. Duvall in Support of Stipulation Extending Deadline to Conduct Limited Jurisdictional Discovery and to Submit a Joint Proposal for Further Briefing and a Hearing Date (Dkt. 78), # 2 Proposed Order Granting Stipulation Extending Deadline to Conduct Limited Jurisdictional Discovery and to Submit a Joint Proposal for Further Briefing and a Hearing Date (Dkt. 78))(Duvall, Paul) (Entered: 02/28/2017) |
|---|---|---|
| 03/01/2017 | 80 | ORDER by Judge James V. Selna, Granting Stipulation to Extending Deadline to Conduct Limited Jurisdictional Discovery and to Submit a Joint Proposal for Further Briefing and a Hearing Date 79 . WHEREAS good cause is shown, IT IS HEREBY ORDERED, based on the concurrently filed Stipulation of the Parties thereto, as follows: 1. The deadline for the Parties to: (1) conduct limited jurisdictional discovery, and (2) submit a joint proposal for further briefing and a hearing date, currently March 29, 2017, by Order of this Court on January 13, 2017 (Dkt. 78), will be extended 30 days. Upon Stipulation of the Parties, and this Order, the Parties have up to and including April 28, 2017 to conduct limited jurisdictional discovery consistent with this Court's January 13, 2017 Order and to submit a joint proposal for further briefing and a hearing date. IT IS SO ORDERED. (dro) (Entered: 03/01/2017) |
| 04/07/2017 | 81 | STIPULATION to Dismiss Case pursuant to FRCP 41(a)(1) filed by Defendants Atlantic Recording Corporation, Kobalt Music Publishing America, Inc., Edward Christopher Sheeran, Sony/ATV Songs LLC, Warner Music Group Corporation. (Attachments: # 1 Proposed Order)(Niborski, Michael) (Entered: 04/07/2017) |
| 04/10/2017 | 82 | ORDER OF DISMISSAL by Judge James V. Selna, The Court rules as follows: The claims asserted by Plaintiffs in the above captioned matter, as against all named defendants (including any that have not appeared in this action) are hereby DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(1), and without costs to any party. 81 Case Terminated. Made JS-6. (es) (Entered: 04/10/2017) |

### PACER Service Center
#### Transaction Receipt
09/24/2020 11:48:14

| PACER Login: | 325WestPark | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 8:16-cv-01062-JVS-JCG End date: 9/24/2020 |
| Billable Pages: | 15 | Cost: | 1.50 |

# EXHIBIT THREE (3)

ACCO,(JCGx),CLOSED,DISCOVERY,MANADR,PROTORD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:16-cv-01062-JVS-JCG

HaloSongs, Inc. et al v. Edward Christopher Sheeran
Assigned to: Judge James V. Selna
Referred to: Magistrate Judge Jay C. Gandhi
Cause: 17:101 Copyright Infringement

Date Filed: 06/08/2016
Date Terminated: 04/10/2017
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**HaloSongs, Inc.**                     represented by   **Paul H Duvall**
King and Ballow Law Offices
1999 Avenue of the Stars Suite 1100
Century City, CA 90067
424-253-1255
Fax: 888-688-0482
Email: pduvall@kingballow.com
*ATTORNEY TO BE NOTICED*

**Richard Steven Busch**
King and Ballow
315 Union Street Suite 1100
Nashville, TN 37201
615-259-3456
Fax: 615-726-5417
Email: rbusch@kingballow.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark L Block**
Wargo and French LLP
601 S. Figueroa St, Suite 4625
Los Angeles
Los Angeles, CA 90017
310-853-6300
Fax: 310-553-6333
Email: mblock@wargofrench.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Martin Harrington**                   represented by   **Paul H Duvall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Steven Busch**
(See above for address)

**Andrew Mark Goldsmith**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
(212)-326-0419
Fax: (212)-798-6925
Email: agoldsmith@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**Ilene Susan Farkas**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212-421-4100
Fax: 212-326-0806
Email: ifarkas@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John "Johnny" McDaid**                represented by   **Donald S. Zakarin**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Andrew Mark Goldsmith**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ilene Susan Farkas**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Steve McCutcheon**                    represented by   **Andrew Mark Goldsmith**
*personally known as*                                     (See above for address)
Steve Mac                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Amy Victoria Wadge**                  represented by   **Andrew Mark Goldsmith**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Sony Music Entertainment**            represented by   **Eric Joel Feder**
                                                          Davis Wright Tremaine LLP
                                                          1301 K Street NW
                                                          Suite 500 East
                                                          Washington, DC 20005
                                                          202-973-4200
                                                          Email: ericfeder@dwt.com
                                                          *ATTORNEY TO BE NOTICED*

**James Eric Rosenfeld**
Davis Wright Tremaine LLP (NYC)
1251 Avenue of the Americas
New York, NY 10020
212-603-6455
Fax: 212-489-8340
Email: jamesrosenfeld@dwt.com
*ATTORNEY TO BE NOTICED*

**Marcia Beth Paul**
Davis Wright Tremaine LLP (NYC)
1251 Avenue of the Americas
New York, NY 10020
(212) 603-6427
Fax: (212) 489-8340
Email: marciapaul@dwt.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kobalt Music Services America, Inc.**                represented by    **Donald S. Zakarin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Mark Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ilene Susan Farkas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bucks Music Group Limited**

**Defendant**

**McGraw Music, LLC**                represented by    **Eric Joel Feder**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Eric Rosenfeld**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marcia Beth Paul**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Samuel Timothy McGraw**                represented by    **Eric Joel Feder**
*personally known as*                        (See above for address)
Tim McGraw                                   *ATTORNEY TO BE NOTICED*

**James Eric Rosenfeld**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marcia Beth Paul**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Audrey Faith Hill**
*personally known as*
Faith Hill

represented by **Eric Joel Feder**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Eric Rosenfeld**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marcia Beth Paul**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sony/ATV Songs, LLC**

represented by **Donald S. Zakarin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Mark Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ilene Susan Farkas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rokstone Music Ltd.**

represented by **Andrew Mark Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Universal Polygram International Publishing, Inc.**

represented by **Donald S. Zakarin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Mark Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ilene Susan Farkas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cookie Jar Music LLP**                    represented by  **Andrew Mark Goldsmith**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*


**Defendant**

**WB Music Corp.**                          represented by  **Donald S. Zakarin**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Andrew Mark Goldsmith**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ilene Susan Farkas**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/10/2018 | 1 | COMPLAINT against Bucks Music Group Limited, Cookie Jar Music LLP, Audrey Faith Hill, Kobalt Music Services America, Inc., Steve McCutcheon, John McDaid, Samuel Timothy McGraw, McGraw Music, LLC, Rokstone Music Ltd., Edward Christopher Sheeran, Sony Music Entertainment, Sony/ATV Songs, LLC, Universal Polygram International Publishing, Inc., WB Music Corp., Amy Wadge. (Filing Fee $ 400.00, Receipt Number 0208-14562061)Document filed by Sean Carey, Beau Golden.(Busch, Richard) (Entered: 01/10/2018) |
| 01/10/2018 | 2 | CIVIL COVER SHEET filed. (Busch, Richard) (Entered: 01/10/2018) |
| 01/10/2018 | 3 | AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review.(Busch, Richard) (Entered: 01/10/2018) |
| 01/10/2018 | 4 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to Edward Christopher Sheeran; John "Johnny" McDaid; Steven McCutcheon; Amy Victoria Wadge; Sony Music Entertainment; McGraw Music, LLC; Samuel Timothy McGraw; Audrey Faith Hill; Sony/ATV Songs, LLC; Kobalt Music Services America, Inc.; Bucks Music Group Limited; Rokstone Music Ltd.; Universal Polygram International Publishing, Inc.; Cookie Jar Music LLP; WB Music Corp., re: 1 Complaint,. Document filed by Sean Carey, Beau Golden. (Busch, Richard) Modified on 1/11/2018 (jgo). (Entered: 01/10/2018) |
| 01/11/2018 | | ***NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Richard Steven Busch. The following case opening statistical information was erroneously selected/entered: County code New York;. The following correction(s) have been made to your case entry: the County code has been modified to XX Out of State;. (jgo) (Entered: 01/11/2018) |
| 01/11/2018 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Richard Steven Busch. The party information for the following party/parties has been modified: Edward Christopher Sheeran; John "Johnny" McDaid; Steve McCutcheon; Amy Victoria Wadge; Samuel Timothy McGraw; |

| | | |
|---|---|---|
| | | Audrey Faith Hill. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; alias party name was omitted;. (jgo) (Entered: 01/11/2018) |
| 01/11/2018 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge J. Paul Oetken. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (jgo) (Entered: 01/11/2018) |
| 01/11/2018 | | Magistrate Judge Robert W. Lehrburger is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (jgo) (Entered: 01/11/2018) |
| 01/11/2018 | | Case Designated ECF. (jgo) (Entered: 01/11/2018) |
| 01/11/2018 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Richard Steven Busch to RE-FILE Document No. 4 Request for Issuance of Summons. The filing is deficient for the following reason(s): If including all defendants in 'as to', a rider must be attached listing all defendant's name and address. Otherwise, each summons must be filed separately for each defendant;. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo) (Entered: 01/11/2018) |
| 01/12/2018 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to Edward Christopher Sheeran p/k/a Ed Sheeran, John Johnny McDaid, Steven McCutcheon p/k/a Steve Mac, Amy Victoria Wadge, Sony Music Entertainment, McGraw Music, LLC, Samuel Timothy McGraw p/k/a Tim McGraw, Audrey Faith Hill p/k/a Faith Hill, Sony/ATV Songs, LLC, Kobalt Music Services America, Inc., Bucks Music Group Limited, Rokstone Music Ltd., Universal Polygram International Publishing, Inc., Cookie Jar Music LLP, WB Music Corp., re: 1 Complaint,. Document filed by Sean Carey, Beau Golden. (Busch, Richard) (Entered: 01/12/2018) |
| 01/16/2018 | 6 | ELECTRONIC SUMMONS ISSUED as to Bucks Music Group Limited, Cookie Jar Music LLP, Audrey Faith Hill, Kobalt Music Services America, Inc., Steve McCutcheon, John "Johnny" McDaid, Samuel Timothy McGraw, McGraw Music, LLC, Rokstone Music Ltd., Edward Christopher Sheeran, Sony Music Entertainment, Sony/ATV Songs, LLC, Universal Polygram International Publishing, Inc., WB Music Corp., Amy Victoria Wadge. (vf) (Entered: 01/16/2018) |
| 02/01/2018 | 7 | AO 121 FORM COPYRIGHT - CASE OPENING - SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (jgo) (Entered: 02/01/2018) |
| 04/02/2018 | 8 | NOTICE OF APPEARANCE by Donald S. Zakarin on behalf of Kobalt Music Services America, Inc., John "Johnny" McDaid, Edward Christopher Sheeran, Sony/ATV Songs, LLC, Universal Polygram International Publishing, Inc., WB Music Corp.. (Zakarin, Donald) (Entered: 04/02/2018) |
| 04/02/2018 | 9 | NOTICE OF APPEARANCE by Andrew Mark Goldsmith on behalf of Kobalt Music Services America, Inc., John "Johnny" McDaid, Edward Christopher Sheeran, Sony/ATV |

| | | Songs, LLC..Universal Polygram International Publishing, Inc.;WB Music Corp.. (Goldsmith, Andrew) (Entered: 04/02/2018) |
|---|---|---|
| 04/02/2018 | 10 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Sony Corporation (Japan) for Sony/ATV Songs, LLC. Document filed by Sony/ATV Songs, LLC.(Goldsmith, Andrew) (Entered: 04/02/2018) |
| 04/02/2018 | 11 | **FILING ERROR NOT ALL CORPORATE PARENTS/OTHER AFFILIATES WERE ADDED -** FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent AI Entertainment Holdings LLC (formerly known as Airplanes Music LLC), Other Affiliate Access Industries, Inc. for WB Music Corp.. Document filed by WB Music Corp..(Goldsmith, Andrew) Modified on 4/3/2018 (lb). (Entered: 04/02/2018) |
| 04/02/2018 | 12 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Kobalt America Holdings, Inc., Corporate Parent Kobalt London Limited for Kobalt Music Services America, Inc.. Document filed by Kobalt Music Services America, Inc..(Goldsmith, Andrew) (Entered: 04/02/2018) |
| 04/02/2018 | 13 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Vivendi, S.A., Corporate Parent Universal Music Group, Inc. for Universal Polygram International Publishing, Inc.. Document filed by Universal Polygram International Publishing, Inc..(Goldsmith, Andrew) (Entered: 04/02/2018) |
| 04/02/2018 | 14 | ANSWER to 1 Complaint,. Document filed by Edward Christopher Sheeran.(Goldsmith, Andrew) (Entered: 04/02/2018) |
| 04/02/2018 | 15 | ANSWER to 1 Complaint,. Document filed by John "Johnny" McDaid.(Goldsmith, Andrew) (Entered: 04/02/2018) |
| 04/02/2018 | 16 | ANSWER to 1 Complaint,. Document filed by Sony/ATV Songs, LLC.(Goldsmith, Andrew) (Entered: 04/02/2018) |
| 04/02/2018 | 17 | ANSWER to 1 Complaint,. Document filed by Kobalt Music Services America, Inc.. (Goldsmith, Andrew) (Entered: 04/02/2018) |
| 04/02/2018 | 18 | ANSWER to 1 Complaint,. Document filed by Universal Polygram International Publishing, Inc..(Goldsmith, Andrew) (Entered: 04/02/2018) |
| 04/02/2018 | 19 | ANSWER to 1 Complaint,. Document filed by WB Music Corp..(Goldsmith, Andrew) (Entered: 04/02/2018) |
| 04/03/2018 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Andrew Mark Goldsmith to RE-FILE Document 11 Rule 7.1 Corporate Disclosure Statement,. ERROR(S): Not All Corporate Parents were added. Please re-file this document and when prompted: Are there any corporate parents or other affiliates?, select the YES radio button and enter the Corporate Parent(s) or Affiliate(s) one party name at a time. (lb)** (Entered: 04/03/2018) |
| 04/03/2018 | 20 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent AI Entertainment Holdings LLC (formerly known as Airplanes Music LLC), Corporate Parent Warner Music Group Corp., Corporate Parent WMG Holdings Corp., Corporate Parent WMG Acquisition Corp., Other Affiliate Access Industries, Inc. for WB Music Corp.. Document filed by WB Music Corp..(Goldsmith, Andrew) (Entered: 04/03/2018) |
| 04/03/2018 | 21 | ORDER: Counsel for all parties are directed to appear for an initial pretrial conference with the Court on April 18, 2018, at 11:15 a.m. The conference will be held in Courtroom |

| | | |
|---|---|---|
| | | 706 of the Thurgood Marshall United States Court House, 40 Foley Square, New York, New York. Counsel who appear at the pretrial conference must be authorized to negotiate terms of settlement. And as set forth herein. SO ORDERED. Initial Conference set for 4/18/2018 at 11:15 AM in Courtroom 706, 40 Centre Street, New York, NY 10007 before Judge J. Paul Oetken. (Signed by Judge J. Paul Oetken on 4/03/2018) (ama) (Entered: 04/03/2018) |
| 04/04/2018 | 22 | LETTER MOTION to Adjourn Conference addressed to Judge J. Paul Oetken from Richard S. Busch dated 4/4/18. Document filed by Sean Carey, Beau Golden.(Busch, Richard) (Entered: 04/04/2018) |
| 04/06/2018 | 23 | NOTICE OF APPEARANCE by Ilene Susan Farkas on behalf of Kobalt Music Services America, Inc., John "Johnny" McDaid, Edward Christopher Sheeran, Sony/ATV Songs, LLC, Universal Polygram International Publishing, Inc., WB Music Corp.. (Farkas, Ilene) (Entered: 04/06/2018) |
| 04/09/2018 | 24 | ORDER granting 22 Letter Motion to Adjourn Conference. GRANTED. THE CONFERENCE CURRENTLY SCHEDULED FOR APRIL 18, 2018, IS ADJOURNED TO APRIL 26, 2018, AT 11:00 A.M. SO ORDERED. (HEREBY ORDERED by Judge J. Paul Oetken)(Text Only Order) (Oetken, J.) (Entered: 04/09/2018) |
| 04/12/2018 | 25 | MOTION for Michael Alexandre Ransom to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-14935758. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Sean Carey, Beau Golden.(Ransom, Michael) (Entered: 04/12/2018) |
| 04/13/2018 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 25 MOTION for Michael Alexandre Ransom to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-14935758. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 04/13/2018) |
| 04/16/2018 | 26 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by McGraw Music, LLC.(Paul, Marcia) (Entered: 04/16/2018) |
| 04/16/2018 | 27 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Sony Corporation for Sony Music Entertainment. Document filed by Sony Music Entertainment.(Paul, Marcia) (Entered: 04/16/2018) |
| 04/16/2018 | 28 | ANSWER to 1 Complaint,. Document filed by McGraw Music, LLC.(Paul, Marcia) (Entered: 04/16/2018) |
| 04/16/2018 | 29 | ANSWER to 1 Complaint,. Document filed by Sony Music Entertainment.(Paul, Marcia) (Entered: 04/16/2018) |
| 04/16/2018 | 30 | ANSWER to 1 Complaint,. Document filed by Samuel Timothy McGraw.(Paul, Marcia) (Entered: 04/16/2018) |
| 04/16/2018 | 31 | ANSWER to 1 Complaint,. Document filed by Audrey Faith Hill.(Paul, Marcia) (Entered: 04/16/2018) |
| 04/19/2018 | 32 | NOTICE OF APPEARANCE by Marcia Beth Paul on behalf of Audrey Faith Hill, Samuel Timothy McGraw, McGraw Music, LLC, Sony Music Entertainment. (Paul, Marcia) (Entered: 04/19/2018) |
| 04/19/2018 | 33 | NOTICE OF APPEARANCE by James Eric Rosenfeld on behalf of Audrey Faith Hill, Samuel Timothy McGraw, McGraw Music, LLC, Sony Music Entertainment. (Rosenfeld, James) (Entered: 04/19/2018) |

| | | |
|---|---|---|
| 04/19/2018 | 34 | NOTICE OF APPEARANCE by Eric Joel Feder on behalf of Audrey Faith Hill, Samuel Timothy McGraw, McGraw Music, LLC, Sony Music Entertainment. (Feder, Eric) (Entered: 04/19/2018) |
| 04/23/2018 | 35 | JOINT PRE-CONFERENCE STATEMENT *Proposed Case Management Plan*. Document filed by Sean Carey, Beau Golden.(Busch, Richard) (Entered: 04/23/2018) |
| 04/26/2018 | | Minute Entry for proceedings held before Judge J. Paul Oetken: Initial Pretrial Conference held on 4/26/2018. Status report regarding settlement due by 6/30/2018. Next conference scheduled for 12/14/2018 at 10:00 a.m. (bh) (Entered: 04/26/2018) |
| 04/26/2018 | 36 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 60 days from the date of this Order. Non-Expert Deposition due by 12/24/2018. Expert Deposition due by 2/7/2019. Fact Discovery due by 12/24/2018. Expert Discovery due by 2/7/2019. Case Management Conference set for 12/14/2018 at 10:00 AM before Judge J. Paul Oetken. The parties shall be ready for trial on within two weeks following the submission of the Final Pretrial Order. This case is to be tried to a jury. Counsel for the parties have conferred and their present best estimate of the length of trial is 5-7 trial days. Status Letter by 6/30/18. (Signed by Judge J. Paul Oetken on 4/26/2018) (jwh) (Entered: 04/26/2018) |
| 05/24/2018 | 37 | CERTIFICATE OF SERVICE of Summons and Complaint served on Amy Victoria Wadge on May 2nd, 2018. Document filed by Sean Carey, Beau Golden. (Busch, Richard) (Entered: 05/24/2018) |
| 05/24/2018 | 38 | CERTIFICATE OF SERVICE of Summons and Complaint served on Cookie Jar Music, LLP on May 2nd, 2018. Service was accepted by Stephen Conford, partner of SRLV Accountants. Document filed by Sean Carey, Beau Golden. (Busch, Richard) (Entered: 05/24/2018) |
| 05/24/2018 | 39 | CERTIFICATE OF SERVICE of Summons and Complaint served on Steve McCutcheon pka Steve Mac on May 1st, 2018. Service was accepted by Steven McCutcheon. Document filed by Sean Carey, Beau Golden. (Busch, Richard) (Entered: 05/24/2018) |
| 05/24/2018 | 40 | CERTIFICATE OF SERVICE of Summons and Complaint served on Rokstone Music Limited on May 1st, 2018. Service was accepted by Steven McCutcheon. Document filed by Sean Carey, Beau Golden. (Busch, Richard) (Entered: 05/24/2018) |
| 05/29/2018 | 41 | ORDER granting 25 Motion to Appear Pro Hac Vice. Granted. (HEREBY ORDERED by Judge J. Paul Oetken)(Text Only Order) (Oetken, J.) (Entered: 05/29/2018) |
| 06/20/2018 | 42 | ANSWER to 1 Complaint,. Document filed by Amy Victoria Wadge.(Goldsmith, Andrew) (Entered: 06/20/2018) |
| 06/20/2018 | 43 | ANSWER to 1 Complaint,. Document filed by Steve McCutcheon.(Goldsmith, Andrew) (Entered: 06/20/2018) |
| 06/20/2018 | 44 | ANSWER to 1 Complaint,. Document filed by Rokstone Music Ltd..(Goldsmith, Andrew) (Entered: 06/20/2018) |
| 06/26/2018 | 45 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Rokstone Music Ltd..(Goldsmith, Andrew) (Entered: 06/26/2018) |
| 06/26/2018 | 46 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Cookie Jar Music LLP.(Goldsmith, Andrew) (Entered: 06/26/2018) |

| 06/26/2018 | 47 | ANSWER to 1 Complaint,. Document filed by Cookie Jar Music LLP.(Goldsmith, Andrew) (Entered: 06/26/2018) |
| 06/26/2018 | 48 | AMENDED ANSWER to 1 Complaint,. Document filed by Amy Victoria Wadge. (Goldsmith, Andrew) (Entered: 06/26/2018) |
| 07/02/2018 | 49 | FIRST LETTER addressed to Judge J. Paul Oetken from Donald S. Zakarin dated July 2, 2018 re: Joint-Status Letter re: Settlement. Document filed by Cookie Jar Music LLP, Kobalt Music Services America, Inc., Steve McCutcheon, John "Johnny" McDaid, Rokstone Music Ltd., Edward Christopher Sheeran, Sony/ATV Songs, LLC, Universal Polygram International Publishing, Inc., WB Music Corp., Amy Victoria Wadge. (Goldsmith, Andrew) (Entered: 07/02/2018) |
| 11/08/2018 | 50 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** LETTER MOTION to Stay *Conditionally Discontinue* addressed to Judge J. Paul Oetken from Richard S. Busch dated November 8, 2018. Document filed by Sean Carey, Beau Golden. (Busch, Richard) Modified on 12/27/2018 (db). (Entered: 11/08/2018) |
| 11/09/2018 | 51 | ORDER: The Court has been informed that the parties have reached a settlement in principle of this case. Accordingly, it is hereby ORDERED that this action is DISMISSED without costs and without prejudice to restoring the action to the Court's calendar, provided the application to restore the action is made within thirty days. All filing deadlines and conference dates are adjourned sine die. SO ORDERED. (Signed by Judge J. Paul Oetken on 11/09/2018) (ama) (Entered: 11/09/2018) |
| 11/09/2018 | 52 | AO 121 FORM COPYRIGHT - CASE TERMINATED- SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a final decision was rendered on 11/09/2018 in a court action filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (Attachments: # 1 Supplement Copyrights Information) (ama) (Entered: 11/09/2018) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 09/24/2020 14:43:27 | | |
| **PACER Login:** | 325WestPark | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-00214-JPO |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

# EXHIBIT FOUR (4)

**From:** Stuart Camp <stuart@rocketmusic.com>
**Sent:** Wed, 1 Apr 2015 01:08:46 +0000 (UTC)
**To:** Ed Sheeran ███████████████████████████
**Subject:** Re: "Thinking Out Loud" -

Yep, I know?it was always ?that Van Morrison song? to me?

Still, need to have brief description of when you wrote it/who did what?  Amy did an interview where she talked about being in a house with you and you went upstairs and she came up with chords etc.

thanks
**Stuart Camp**
**Rocket Music Entertainment Group**

1 Blythe Road, London W14 0HG, UK / tel: +44 (0) 20 7348 4800
skype: stuart-camp
AUS mobile (+61) 476 157 826 - ACTIVE
UK mobile (+44) 7867 783 480
US mobile (+1) 347 324 9335


**From:** Ed Sheeran ██████████████████████████
**Date:** Wednesday, 1 April 2015 11:33
**To:** Stuart Camp <stuart@rocketmusic.com>
**Subject:** Re: "Thinking Out Loud" -

Simon cowell thins is absolutely bollocks, I hadn't even met him by that point

And it's more van than Marvin, the drums just make it sound Marvin

Sent from my iPhone

On 1 Apr 2015, at 11:18, Stuart Camp <stuart@rocketmusic.com> wrote:

> Do NOT worry about this as it?s a bit of premature chest beating from someone connected to the Marvin Gaye estate who made simply made an enquiry as to whether we?d ever got a musicologist to compare thinking to lets get it on?

no one haas made any claim or threat to make a claim.

Oxendale has done an informal assessment as says there is no case but we have to be careful and prepared in light of the pharrell/thicke case

Jim spoke to sony straight away to go over all possible eventualities last night and details below.

What I do need from you is highlighted below : - I?ll speak to lizzie re Amy?that simon cowell thing is bollocks, did you even ever say that?

"From our side, we do urgently need Ed and Amy to give us their written recollections with dates as to how the song came about. Clearly, if Amy's

interview last year is not correct then we need to know sooner rather than later. We will also need to counter the apparent on-line claim (which I have not seen) that the song was written at the request of Simon Cowell based on Marvin Gaye"


thanks


On 01/04/2015 06:34, "Jim Doyle" <jim@responsivemusic.com> wrote:

>Hi Stu
>
>An interesting call. The main conclusion being that they will get written
>reports from the two US musicologists mentioned in the previous
>correspondence. They are hoping/expecting favourable conclusions. They
>are more inclined to wait for a formal written claim before presenting
>them to the Gaye or co-writer Estates. They feel that we are right to
>hold back Oxendale to counter any report from either Estate.
>
>I do want to be able present a report to Marvin Gaye III if he contacts
>you therefore I pushed them to get them completed ASAP.
>
>From our side, we do urgently need Ed and Amy to give us their written
>recollections with dates as to how the song came about. Clearly, if Amy's
>interview last year is not correct then we need to know sooner rather
>than later. We will also need to counter the apparent on-line claim
>(which I have not seen) that the song was written at the request of Simon
>Cowell based on Marvin Gaye.
>
>There was concern expressed about there being footage on line of Ed
>performing a medley of both songs because counsel for Gaye used that type
>of thing very well.
>
>There was a mention about settlement but as William Booth pointed out, it
>was too early to think about this until we see the extent of the claim. I
>also pointed out that if there is an appeal then things can change in our
>favour + I had great reservations about any contact with the other side
>that even hinted about settlement. There is a fear of a jury trial but
>it seems that things were not handled well by Pharrell's side and there
>are lessons to be learned in dealing with this. When the jurors were
>interviewed, it appeared that they preferred to believe Gaye's
>musicologist rather than Pharrell's but the feeling was that Pharrell had
>engaged a poor musicologist. Our choices got widespread approval and it
>was felt would have been a far better choice from Pharrell.
>Interestingly, the jurors may not have liked Thicke but, in the after
>trial interviews, they did not say that his evidence/demeanour made any
>difference to their judgement.
>
>I got a bit of info on the family - M G. III was actually adopted when
>Gaye was with his first wife and his siblings were from Gaye's second
>marriage and 2nd wife seems to be and still is a dominant figure. M G III
>does not appear to be close to second wife or siblings.
>

>Best,
>
>Jim
>Sent from my IPhone
>


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the
recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any
disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited
and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an
innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human
generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

# EXHIBIT FIVE (5)

KATHRYN TOWNSEND GRIFFIN, ET AL. v.
EDWARD CHRISTOPHER SHEERAN, ET AL.

EDWARD CHRISTOPHER SHEERAN
February 01, 2018

Page 77

Edward Christopher Sheeran

1  was very familiar with love?
3  **A.   Yeah.  It's a collaborative song,**
4  **that's why there's two writers on the song.**
5  **MS. FARKAS:** Objection.
6  Objection.
7  Q.   Who wrote the other portions of
8  the music, the prechorus, the bridge; do you
9  recall?
10 **A.   No.**
11 Q.   At the time of the writing of
12 "Thinking Out Loud", do you know if you've
13 ever personally heard the song "Let's Get It
14 On"?
15 **A.   Of course.**
16 Q.   At the time of the writing of
17 "Thinking Out Loud", do you know if Ms. Wadge
18 had ever heard the song "Let's Get It On"?
19 **A.   I can't speak for Amy, but, yeah,**
20 **I would assume so.**
21 Q.   When the two of you were finished
22 writing the song, was there any discussion
23 about who would take ownership of the same or
24 who would have the right to release it?
25 **A.   I think it was assumed that it**

Page 78

1  **Edward Christopher Sheeran**
2  **would be me.**
3  Q.   Do you recall how you decided it
4  would be you?
5  **MS. FARKAS:** Objection.  No
6  foundation.
7  **A.   I mean, I'm an artist, so...**
8  Q.   Is she sort of more of like a
9  support, like a writer?
10 **A.   Yeah, she's a writer.**
11 Q.   Okay.  Thank you.
12 Did either one of you, either
13 when you were writing or at any time
14 thereafter, discuss or recognize any potential
15 perception that the song "Let's Get It On"
16 sounded reminiscent of "Thinking Out Loud",
17 vice versa, "Thinking Out Loud" and "Let's Get
18 It On"?
19 **MS. FARKAS:** Objection to form.
20 I would ask you to rephrase that
21 question.
22 **MS. VIKER:** Okay.
23 Q.   At the time that Ms. Wadge and
24 you were writing "Thinking Out Loud", was
25 there any discussion about any similarities or

Page 79

Edward Christopher Sheeran

1  possible perceptions to that and "Let's Get It
3  On"?
4  **A.   No.**
5  Q.   Okay.
6  Any time after that, before it
7  was released?
8  **A.   No.**
9  Q.   Okay.
10 **A.   It was always called the Van**
11 **Morrison song, always.**
12 Q.   Okay.
13 **MR. FRANK:** Why was it called the
14 Van Morrison song?
15 Q.   Yeah, why was it called the Van
16 Morrison song?
17 **A.   It emulates the sounds, I guess;**
18 **piano, guitar, drums, song about love.**
19 Q.   What's your favorite Van Morrison
20 song?
21 **A.   "Into The Mystic".  Told you we'd**
22 **get on.**
23 Q.   That's mine.
24 Yeah, I like you.
25 **MS. FARKAS:** Let's just --

Page 80

1  Edward Christopher Sheeran
2  **MR. ZAKARIN:** Let's just do the
3  questions.
4  Q.   What was it about "Thinking Out
5  Loud" that made you want to add it to your
6  second album; was there anything in particular
7  that struck you?
8  **A.   I don't know.  I liked it.**
9  Q.   During that time frame that you
10 and Ms. Wadge were writing "Thinking Out Loud"
11 and the earlier song you discussed, song
12 number 15 for her, were there any other songs
13 that were written in that session?
14 **A.   Yes.**
15 Q.   Okay.
16 And what were those, please?
17 **A.   I don't know.**
18 Q.   Have any of them been released,
19 to your knowledge, by Ms. Wadge, Wadge?
20 **A.   No.**
21 **There was a song called "Young**
22 **Love".  I remember that, just the title.**
23 Q.   Just the title, okay.
24 Before releasing "Thinking Out
25 Loud" formally, did you, by chance, make a

# EXHIBIT SIX (6)

KATHRYN TOWNSEND GRIFFIN, ET AL. v.
EDWARD CHRISTOPHER SHEEREN, ET AL.

EDWARD CHRISTOPHER SHEEREN
February 01, 2018

Page 121

Edward Christopher Sheeran

1   Have you hired a musicologist
2   personally to analyze these two songs?
3   **MS. FARKAS:** Objection to form.
4   **A.   There's been a musicologist**
5   **hired, but that's got nothing to do with me.**
6   Q.   Have you read the report?
7   **A.   No.**
8   Q.   Do you know who Dr. Alex Stewart
9   is?
10  **A.   No.**
11  Q.   Dr. Alex Stewart, I will tell
12  you, is a musicologist the plaintiffs have
13  hired.
14  Have you ever been given a copy
15  of the plaintiff's report?
16  **A.   No.**
17  **MS. VIKER:** Can you pull that out
18  for me?
19  We'll call this Exhibit 4
20  (handing).
21  (Sheeran Exhibit 4, Plaintiff's
22  Rule 26 Disclosure, marked for
23  identification.)
24  **MS. VIKER:** Plaintiff's expert

Page 122

Edward Christopher Sheeran

1   disclosure.
2   Q.   For the record, what I'm handing
3   you is the Plaintiff's Rule 26 Disclosure
4   pertaining to Dr. Stewart's expert opinion
5   regarding the similarities between the songs.
6   And for the record, have you ever seen this
7   report?
8   **A.   (Witness reviewing.)**
9   **No.  I also don't read music so**
10  **this doesn't really mean -- mean a lot to me.**
11  Q.   Were you aware that this report
12  existed?
13  **A.   No.**
14  Q.   Okay.
15  **MS. VIKER:** I'm gonna move that
16  into evidence.
17  **MR. ZAKARIN:** There is no
18  evidence.
19  **MS. VIKER:** I'm sorry, as an
20  exhibit.
21  **MR. ZAKARIN:** It's okay.  He
22  hasn't identified it, but you have
23  already given it to us so I don't think
24  it's actually even necessary.

Page 123

Edward Christopher Sheeran

1   **MS. VIKER:** Okay.  It's now
2   Exhibit 4.
3   I believe Ms. Ferarra (sic) is
4   conducting the deposition.  If you'd
5   like to change your seat, otherwise I'm
6   going to ask you to keep your comments
7   to yourself, please sir.
8   **MR. ZAKARIN:** I'm going to object
9   to you asking that and I will respond.
10  **MS. VIKER:** Move to strike,
11  please.
12  Q.   As a professional musician, do
13  you have an opinion one way or the other
14  whether there is anything unique about
15  "Thinking Out Loud" or original?
16  **MS. FARKAS:** Objection.  Lacks
17  foundation.
18  **A.   I have literally no idea what**
19  **that means.**
20  Q.   Okay.
21  You are aware that we are gonna
22  be meeting with the Court in June to decide on
23  a trial date for this matter.  We don't have
24  it scheduled yet, but do you intend on

Page 124

Edward Christopher Sheeran

1   attending and testifying?
2   **A.   Absolutely.  I've got nothing to**
3   **hide.**
4   Q.   I believe you referred earlier to
5   a song "A Team", that someone had accused you
6   of a copyright infringement, but it was, in
7   fact, written four years after "A Team"; do
8   you recall the name of that song?
9   **A.   No.  No.**
10  Q.   In regards to Van Morrison, what
11  song is "Thinking Out Loud" similar to?
12  **A.   "Crazy Love".**
13  **MS. FARKAS:** Objection.
14  Q.   "Crazy Love".  Thank you.
15  **A.   Which also came about five years**
16  **before "Let's Get It On", but that's neither**
17  **here nor there.**
18  Q.   Don't the root notes for
19  "Thinking Out Loud" match "Let's Get It On"
20  bass line?
21  **MS. FARKAS:** Objection.  Lacks
22  foundation.
23  **A.   The baseline follows the chords,**
24  **which are the same four chords that every song**

# EXHIBIT SEVEN (7)

Donald S. Zakarin
dzakarin@pryorcashman.com
Ilene S. Farkas
ifarkas@pryorcashman.com
Andrew M. Goldsmith
agoldsmith@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN CAREY, and BEAU GOLDEN, <br><br> *Plaintiffs*, <br><br> -against- <br><br> EDWARD CHRISTOPHER SHEERAN p/k/a ED SHEERAN, JOHN "JOHNNY" MCDAID, STEVE MCCUTCHEON p/k/a STEVE MAC, AMY VICTORIA WADGE, SONY MUSIC ENTERTAINMENT, KOBALT MUSIC SERVICES AMERICA, INC., BUCKS MUSIC GROUP LIMITED, MCGRAW MUSIC, LLC, SAMUEL TIMOTHY MCGRAW p/k/a TIM MCGRAW, AUDREY FAITH HILL p/k/a FAITH HILL, SONY/ATV SONGS, LLC, ROCKSTONE MUSIC LTD., UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., COOKIE JAR MUSIC LLP, and WB MUSIC CORP. <br><br> *Defendants*. | ECF CASE <br><br> 18-CV-214 <br><br> **ANSWER TO COMPLAINT OF DEFENDANT EDWARD CHRISTOPHER SHEERAN** |

Defendant Edward Christopher Sheeran p/k/a Ed Sheeran ("Sheeran" or "Defendant"),

responds to the Complaint dated January 10, 2018 (the "Complaint") of plaintiffs Sean Carey and

Beau Golden (collectively, the "Plaintiffs") and states as follows:[1]

---

[1] Undefined capitalized terms have the meanings ascribed to them in the Complaint. Defendant hereby denies any and all allegations of infringement; to the extent a specific numbered Paragraph in the Complaint could be interpreted to allege infringement, each such allegation is hereby denied, even if not expressly stated in the corresponding numbered Paragraph of this Answer.

1.      In response to Paragraph 1 of the Complaint, to the extent that Paragraph 1 can be parsed – it consists of multiple sentences each containing separate allegations rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran admits that Plaintiffs purport to be suing for copyright infringement, denies any infringement and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 1 of the Complaint and the legal conclusions therein.

2.      In response to Paragraph 2 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of each and every one of the separate allegations in Paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of each and every one of the separate allegations in Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, to the extent that Paragraph 4 can be parsed – it is a full page in length and consists of multiple sentences, each containing separate allegations involving numerous entities, including parties and non-parties to this lawsuit, rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran admits that he is an individual and co-writer of the original musical composition, *The Rest Of Our Life*, that Sheeran resides in England, that Gingerbread Man Records is a record label affiliated with Atlantic Records, and that Sony/ATV Music Publishing (UK) Limited has a publishing agreement with Sheeran in the United Kingdom.  Beyond the foregoing, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the corporate

status of Atlantic Records ("Atlantic"), Sony/ATV Music Publishing (UK) Limited ("SATV UK")

and Sony/ATV Music Publishing, LLC ("SATV US") and the activities of BMI.  Sheeran denies

all other allegations, including but not limited to, the allegations which claim that Sheeran has

entered into agreements with SATV US, to the extent the Complaint has defined Sony/ATV as

SATV US; the allegations that Sheeran conducts systematic and continuous business in this

judicial district either directly or through SATV US; and that any entities such as Atlantic, SATV

US or BMI act as agents for him and further denies any and all allegations of infringement.

     5.       In response to Paragraph 5 of the Complaint, to the extent that Paragraph 5 can be

parsed – it is a full page in length and consists of multiple sentences, each containing separate

allegations involving numerous entities, including parties and non-parties to this lawsuit, rather

than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure,

thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran

admits that Johnny McDaid ("McDaid") is an individual and a co-writer of the original musical

composition, *The Rest Of Our Life,* and otherwise denies knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and the legal

conclusions therein, except denies any and all allegations of infringement.

     6.       In response to Paragraph 6 of the Complaint, to the extent that Paragraph 6 can be

parsed – it is a half-page in length and consists of multiple sentences, each containing separate

allegations involving numerous entities, including parties and non-parties to this lawsuit, rather

than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure,

thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran

admits that Steven McCutcheon ("Mac") is an individual and a co-writer of the original musical

composition, *The Rest Of Our Life,* and otherwise denies knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and the legal conclusions therein and denies any and all allegations of infringement.

7.      In response to Paragraph 7 of the Complaint, to the extent that Paragraph 7 can be parsed – it is nearly a full page in length and consists of multiple sentences, each containing separate allegations involving numerous entities, including parties and non-parties to this lawsuit, rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran admits that Amy Wadge ("Wadge) is an individual and a co-writer of the original musical composition, *The Rest Of Our Life,* and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

8.      In response to Paragraph 8 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of any of the multiple sentences and allegations in Paragraph 8 of the Complaint and the legal conclusions therein; further denies any and all allegations of infringement.

9.      In response to Paragraph 9 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 9 of the Complaint and the legal conclusions therein, except admits that McGraw is an individual and a performer on a recorded version of *The Rest Of Our Life*; further denies any and all allegations of infringement.

10.     In response to Paragraph 10 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the

Complaint and the legal conclusions therein, except admits that Hill is an individual and a performer on a recorded version of *The Rest Of Our Life*; further denies any and all allegations of infringement.

11.       In response to Paragraph 11 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

12.       In response to Paragraph 12 of the Complaint, to the extent that Paragraph 12 can be parsed – it is a half-page in length and consists of multiple sentences, each containing separate allegations involving numerous entities, including parties and non-parties to this lawsuit, rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

13.       In response to Paragraph 13 of the Complaint, to the extent that Paragraph 13 can be parsed – it is nearly a full page in length and consists of multiple sentences, each containing separate allegations involving numerous entities, including parties and non-parties to this lawsuit, rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

14.     In response to Paragraph 14 of the Complaint, Sheeran asserts, on information and belief, that Bucks Music Group Limited has been dropped from this case.  To the extent otherwise, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

15.     In response to Paragraph 15 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

16.     In response to Paragraph 16 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

17.     In response to Paragraph 17 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

18.     In response to Paragraph 18 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

19.     In response to Paragraph 19 of the Complaint, Sheeran neither admits nor denies its allegations as it states a legal conclusion that Plaintiffs purport to base the jurisdiction of this Court on the stated sections of the law and denies that there is any viable claim of infringement.

20.     In response to Paragraph 20 of the Complaint, insofar as it alleges that Sheeran is subject to the "general personal jurisdiction" of this court, Sheeran denies such allegations; to the extent it alleges other individual and corporate defendants are subject to the general personal jurisdiction of this court, Sheeran denies knowledge or information sufficient to form a belief as to the truth of such allegations in Paragraph 20 of the Complaint and the legal conclusions therein.

21.     In response to Paragraph 21 of the Complaint, insofar as it alleges that Sheeran is subject to "specific personal jurisdiction" of this court, Sheeran denies such allegations; to the extent it alleges other individual and corporate defendants are subject to the specific personal jurisdiction of this court, Sheeran denies knowledge or information sufficient to respond to the allegations in Paragraph 21 of the Complaint and the legal conclusions therein and he further denies any and all allegations of infringement.

22.     In response to Paragraph 22 of the Complaint, Sheeran denies each and every allegation of infringement and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint regarding an alleged copyright owned by Plaintiffs.

23.     In response to Paragraph 23 of the Complaint, Sheeran denies the allegations to the extent that the general reference to "Defendants" is intended to refer to him individually and denies that the original musical composition *The Rest Of Our Life* is infringing.

24.     In response to Paragraph 24 of the Complaint, Sheeran denies the allegations to the extent that the general reference to "Defendants" is intended to refer to him individually and denies that the original musical composition *The Rest Of Our Life* is infringing.

25.     In response to Paragraph 25 of the Complaint, Sheeran denies the allegations to the extent that the general reference to "Defendants" is intended to refer to him individually and denies that the original musical composition *The Rest Of Our Life* is infringing.

26.     In response to Paragraph 26 of the Complaint, Sheeran denies the allegations to the extent that the general reference to "Defendants" is intended to refer to him individually and denies that the original musical composition *The Rest Of Our Life* is infringing.

27.     In response to Paragraph 27 of the Complaint, Sheeran denies that the original musical composition *The Rest Of Our Life* is infringing and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding New York residents.

28.     In response to Paragraph 28 and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 28 of the Complaint to the extent they pertain to him.

29.     In response to Paragraph 29 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 29 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is infringing.

30.     In response to Paragraph 30 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 30 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* and the sound recording thereof is infringing.

31.     In response to Paragraph 31 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 31 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is infringing.

32.     In response to Paragraph 32 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 32 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is infringing.

33.     In response to Paragraph 33 of the Complaint, Sheeran denies that the original musical composition *The Rest Of Our Life* is infringing and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 33 of the Complaint.

34.     In response to Paragraph 34 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 34 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is infringing.

35.     In response to Paragraph 35 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 35 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* or the sound recording thereof is infringing.

36.     In response to Paragraph 36 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 36 of the Complaint to the extent they pertain to him and denies that the original musical composition *The*

*Rest Of Our Life* or the sound recording thereof is infringing and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the licensing activities of any defendants.

37.     In response to Paragraph 37 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 37 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is or the sound recording thereof is infringing.

38.     In response to Paragraph 38 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 38 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is infringing and otherwise neither admits nor denies the statements in Paragraph 38 to the extent that they are statements of legal  conclusions to which no response is necessary.

39.     In response to Paragraph 39 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and avers that if Plaintiffs admit they lack sufficient knowledge to justify jurisdiction in this Court absent discovery, then their prior allegations, which are not made on information and belief, cannot be true.

40.     In response to Paragraph 40 of the Complaint, Sheeran neither admits nor denies its allegations as it states a legal conclusion that Plaintiffs purport that venue is proper in this Judicial District on the stated sections of the law and denies that there is any viable claim of infringement.

41.     In response to Paragraph 41 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42.     In  response to Paragraph 42 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and avers that the number of streams and views claimed are absolutely and relatively minimal.

43.     In response to Paragraph 43 of the Complaint, Sheeran denies that the original musical composition, *The Rest Of Our Life,* was written in 2017; otherwise denies knowledge or information sufficient to form a belief as to the balance of the allegations in Paragraph 43 of the Complaint except deny that the original musical composition and sound recording of *The Rest Of Our Life* is infringing.

44.     In response to Paragraph 44 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint; further denies that the allegation that the two songs at issue supposedly "sound[] similar" has any meaning as the songs are of a similar and common genre and there was neither access to nor any copying of Plaintiffs' song and there is no infringement.

45.     In response to Paragraph 45 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint except denies that there are any actionable similarities between the songs or that the songs are a "note for note" copy of each other.

46.     In response to Paragraph 46 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the

Complaint, which are in any event self-serving and irrelevant to any issue in the case and further denies that the two songs at issue have "obvious similarities" or any actionable similarities.

47.    In response to Paragraph 47 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint; further denies that there are "striking similarities" or any actionable similarities between the two songs at issue and avers that he does not know of nor has he ever heard of Tim Holland.

48.    In response to Paragraph 48 of the Complaint, Sheeran denies the allegations of any "theft" of Plaintiffs' work and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 48 of the Complaint, which are irrelevant and hyperbolic in any event.

49.    In response to Paragraph 49 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, all of which are irrelevant and hyperbolic in any event.

50.    In response to Paragraph 50 of the Complaint, Sheeran denies all allegations respecting any alleged similarities of the songs and Mr. Holland's supposed competence to evaluate any such alleged similarities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51.    In response to Paragraph 51 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to all allegations respecting the Plaintiffs' alleged suspicions and conspiracy theories, all of which are purely advanced in an attempt to manufacture a claim of access because Plaintiffs have knowingly brought this case without any basis for showing any access to their supposed "work" and denies every allegation respecting that the work

allegedly authored by Plaintiffs "was [] made available" to him "by others affiliated with Sony Music," which never happened and could not have happened.

52.     In response to Paragraph 52 of the Complaint, Sheeran denies that he toured "extensively" in Australia in 2016; denies knowledge or information sufficient to form a belief as to what "substantial connections" to Australia even means; admits that he has written and recorded numerous songs that have been worldwide successes, including in Australia – and his recordings have been streamed billions of times on Spotify and other streaming services, as compared to the alleged 150,000 streams of Plaintiffs' song – and has performed publicly around the world, including, at times, in Australia, a fact having no relevance to Plaintiffs' alternative manufactured basis for non-existent access, denies knowledge or information sufficient to form a belief as to what "substantial time" means, and otherwise denies the allegations and legal conclusions in Paragraph 52 of the Complaint as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations respecting the status of Plaintiffs' song at any time that Sheeran was in Australia.

53.     In response to Paragraph 53 of the Complaint, all of which is irrelevant to this case but appears instead to be an attempt to fabricate, in advance, a means of discrediting witnesses who are not known by Sheeran but who have rejected Plaintiffs' claims even before they were made and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54.     In response to Paragraph 54 of the Complaint, which again is purely an attempt by Plaintiffs to discredit witnesses in advance and is an exercise in illogical leaps, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

54 of the Complaint except denies that there was any access to Plaintiffs' song or that there was any copying of Plaintiffs' song.

55.   In response to Paragraph 55 of the Complaint, which again is irrelevant and is also an attempt by Plaintiffs to discredit adverse witnesses in advance and to promote their own supposed bravery – as opposed to avarice and self-promotion – in pursuing a baseless claim, Sheeran denies every allegation that alleges any infringement, access or copying and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint except as to the allegations of supposed legal principles and as to those, Sheeran has no obligation to respond.

56.   In response to Paragraph 56 of the Complaint, Sheeran denies all allegations of infringement as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 56 of the Complaint regarding the decisions and actions of Sony Music Entertainment.

57.   In response to Paragraph 57 of the Complaint, Sheeran denies all allegations of infringement and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint.

58.   In response to Paragraph 58 of the Complaint, Sheeran denies all allegations of infringement and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59.   In response to Paragraph 59 of the Complaint, Sheeran denies all allegations of infringement and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     In response to Paragraph 60 of the Complaint, Sheeran denies all allegations of infringement and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61.     In response to Paragraph 61 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and avers that, in any event, any performances by McGraw and Hill outside of the United States would be and are completely irrelevant to any claim in this action.

62.     In response to Paragraph 62 of the Complaint, Sheeran denies the generalized allegations as to the "Defendants'" alleged profits and otherwise denies knowledge or information sufficient to form a belief as to the allegations respecting profits in Paragraph 62 of the Complaint.

63.     In response to Paragraph 63 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

64.     In response to Paragraph 64 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

65.     In response to Paragraph 65 of the complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

66.     In response to Paragraph 66 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

67.    In response to Paragraph 67 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

68.    In response to Paragraph 68 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

69.    In response to Paragraph 69 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

70.    In response to Paragraph 70 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

71.    In response to Paragraph 71 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

72.    In response to Paragraph 72 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

73.    In response to Paragraph 73 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

74.     In response to Paragraph 74 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

75.     In response to Paragraph 75 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

76.     In response to Paragraph 76 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

77.     In response to Paragraph 77 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

78.     In response to Paragraph 78 of the Complaint, Sheeran admits that *The Rest Of Our Life* presently is being exploited in the United States, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to all the ways in which *The Rest Of Our Life* is being exploited and admits that Plaintiffs, who had nothing to do with the creation of recording of *The Rest Of Our Life,* are not being paid as they have no entitlement to any payment.

79.     In response to Paragraph 79 of the Complaint, Sheeran admits that he co-authored *The Rest Of Our Life* but otherwise denies the generalized and non-specific allegations and legal conclusions in Paragraph 79 of the Complaint.

80.     In response to Paragraph 80 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 80 of the Complaint.

81.     In response to Paragraph 81 of the Complaint, Sheeran repeats and realleges his responses set forth above in Paragraphs 1 through 80 as if fully set forth herein.

82.     In response to Paragraph 82 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 82 of the Complaint and respectfully refers the Court to the copyright registration referenced in Paragraph 82 of the Complaint for its true and complete contents.

83.     In response to Paragraph 83 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 83 of the Complaint and avers that the state of any copyright in Australia is irrelevant to any claim of infringement in the United States, which depends on the US copyright, unless any agreements pertaining to the Australian copyright limit Plaintiffs' rights in their song.

84.     In response to Paragraph 84 of the Complaint, Sheeran denies all of the generalized allegations and legal conclusions in Paragraph 84 of the Complaint as they pertain to him and deny all allegations of access, similarity and copying.

85.     In response to Paragraph 85 of the Complaint, Sheeran denies all of the generalized allegations and legal conclusions in Paragraph 85 of the Complaint as they pertain to him and denies all allegations of infringement.

86.     In response to Paragraph 86 of the Complaint, Sheeran admits that no "permission" from the Plaintiffs in relation to *The Rest Of Our Life* was sought or obtained because no such permission was required as *The Rest Of Our Life* is an originally and independently created musical composition.

87.     In response to Paragraph 87 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 87 of the Complaint.

88.      In response to Paragraph 88 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 88 of the Complaint.

89.      In response to Paragraph 89 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 89 of the Complaint.

90.      In response to Paragraph 90 of the Complaint, Sheeran denies the generalized allegations and legal conclusions asserted against all "Defendants' and denies all allegations of infringement as pertains to him in Paragraph 90 of the Complaint.

91.      In response to Paragraph 91 of the Complaint, Sheeran admits that Plaintiffs have received neither a copyright interest nor a share of revenues from the original and independently created musical composition *The Rest Of Our Life* as they had nothing to do with its creation.

92.      In response to Paragraph 92 of the Complaint, Sheeran denies the generalized allegations in Paragraph 92 of the Complaint as they pertain to him; further denies any and all allegations of infringement.

93.      In response to Paragraph 93 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 93 of the Complaint.

94.      In response to Paragraph 94 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 94 of the Complaint.

95.      In response to Paragraph 95 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 95 of the Complaint except admits that the original and independently created musical composition *The Rest Of Our Life* continues to be exploited.

96.      In response to Paragraph 96 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 96 of the Complaint.

97.     In response to Paragraph 97 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 97 of the Complaint.

98.     In response to Paragraph 98 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 98 of the Complaint.

99.     In response to Paragraph 99 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 99 of the Complaint.

100.    In response to Paragraph 100 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 100 of the Complaint and avers, upon information and belief, that there is no such thing as a "running royalty" under the Copyright Act.

101.    In response to Paragraph 101 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 101 of the Complaint.

102.    In response to Paragraph 102 of the Complaint, in addition to being contrary to the claim set forth in Paragraph 100, Sheeran denies the allegations and legal conclusions in Paragraph 102 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations set forth in the Complaint and without admitting or suggesting that Defendant bears the burden of proof on any of the following defenses, as separate and independent affirmative defenses, Defendant states as follows:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103.    The Complaint, and each claim set forth therein, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

104.    Plaintiffs' claims are barred, in whole or in part, by documentary evidence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

105.    On information and belief, the Complaint is barred because Plaintiffs lack standing.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

106.    The Complaint is barred because the elements of *When I Found You* that *The Rest Of Our Life* allegedly infringes are neither original to Plaintiffs nor protectable.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

107.    The request for injunctive relief must be rejected because Plaintiffs have an adequate remedy at law, they cannot establish irreparable harm, and they cannot establish that the equities balance in their favor.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

108.    The Complaint is barred because the two works at issue are not substantially similar.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

109.    The Complaint is barred because Defendants did not have access to and/or did not copy *When I Found You*.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

110.    Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages, if any.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

111.    Plaintiff have failed to join and/or serve necessary and/or indispensable parties.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

112.    The Complaint is barred, in whole or in part, because the alleged use, which is not admitted, was a fair use under 17 U.S.C. § 107.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

113.    The Complaint is barred because *The Rest Of Our Life* was created independently.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

114.    The Complaint is barred because the alleged use, which is not admitted, is *de minimis*.

### RESERVATION

115.    Defendant reserves the right to assert additional affirmative defense in the event that a further investigation or discovery in this action reveals them to be proper.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed in its entirety and that Defendant be awarded such other and further relief as the Court deems just and proper, including attorneys' fees and costs.

Dated: New York, New York
    April 2, 2018

PRYOR CASHMAN LLP


By:*/s/ Donald S. Zakarin*
    Donald S. Zakarin
    dzakarin@pryorcashman.com
    Ilene S. Farkas
    ifarkas@pryorcashman.com
    Andrew M. Goldsmith
    agoldsmith@pryorcashman.com
7 Times Square
New York, New York 10036-6569
Telephone:  (212) 421-4100
Facsimile:  (212) 326-0806

*Attorneys for Defendant*
*Edward Christopher Sheeran*