# EXHIBIT SEVEN (7)

Donald S. Zakarin
dzakarin@pryorcashman.com
Ilene S. Farkas
ifarkas@pryorcashman.com
Andrew M. Goldsmith
agoldsmith@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN CAREY, and BEAU GOLDEN, <br><br>        *Plaintiffs,* <br><br>    -against- <br><br> EDWARD CHRISTOPHER SHEERAN p/k/a ED SHEERAN, JOHN "JOHNNY" MCDAID, STEVE MCCUTCHEON p/k/a STEVE MAC, AMY VICTORIA WADGE, SONY MUSIC ENTERTAINMENT, KOBALT MUSIC SERVICES AMERICA, INC., BUCKS MUSIC GROUP LIMITED, MCGRAW MUSIC, LLC, SAMUEL TIMOTHY MCGRAW p/k/a TIM MCGRAW, AUDREY FAITH HILL p/k/a FAITH HILL, SONY/ATV SONGS, LLC, ROCKSTONE MUSIC LTD., UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., COOKIE JAR MUSIC LLP, and WB MUSIC CORP. <br><br>        *Defendants.* | ECF CASE <br><br> 18-CV-214 <br><br> **ANSWER TO COMPLAINT OF DEFENDANT EDWARD CHRISTOPHER SHEERAN** |

Defendant Edward Christopher Sheeran p/k/a Ed Sheeran ("Sheeran" or "Defendant"), responds to the Complaint dated January 10, 2018 (the "Complaint") of plaintiffs Sean Carey and Beau Golden (collectively, the "Plaintiffs") and states as follows:[1]

---

[1] Undefined capitalized terms have the meanings ascribed to them in the Complaint. Defendant hereby denies any and all allegations of infringement; to the extent a specific numbered Paragraph in the Complaint could be interpreted to allege infringement, each such allegation is hereby denied, even if not expressly stated in the corresponding numbered Paragraph of this Answer.

1.      In response to Paragraph 1 of the Complaint, to the extent that Paragraph 1 can be parsed – it consists of multiple sentences each containing separate allegations rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran admits that Plaintiffs purport to be suing for copyright infringement, denies any infringement and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 1 of the Complaint and the legal conclusions therein.

2.      In response to Paragraph 2 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of each and every one of the separate allegations in Paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of each and every one of the separate allegations in Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, to the extent that Paragraph 4 can be parsed – it is a full page in length and consists of multiple sentences, each containing separate allegations involving numerous entities, including parties and non-parties to this lawsuit, rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran admits that he is an individual and co-writer of the original musical composition, *The Rest Of Our Life*, that Sheeran resides in England, that Gingerbread Man Records is a record label affiliated with Atlantic Records, and that Sony/ATV Music Publishing (UK) Limited has a publishing agreement with Sheeran in the United Kingdom.  Beyond the foregoing, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the corporate

2

status of Atlantic Records ("Atlantic"), Sony/ATV Music Publishing (UK) Limited ("SATV UK") and Sony/ATV Music Publishing, LLC ("SATV US") and the activities of BMI. Sheeran denies all other allegations, including but not limited to, the allegations which claim that Sheeran has entered into agreements with SATV US, to the extent the Complaint has defined Sony/ATV as SATV US; the allegations that Sheeran conducts systematic and continuous business in this judicial district either directly or through SATV US; and that any entities such as Atlantic, SATV US or BMI act as agents for him and further denies any and all allegations of infringement.

5.     In response to Paragraph 5 of the Complaint, to the extent that Paragraph 5 can be parsed – it is a full page in length and consists of multiple sentences, each containing separate allegations involving numerous entities, including parties and non-parties to this lawsuit, rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran admits that Johnny McDaid ("McDaid") is an individual and a co-writer of the original musical composition, *The Rest Of Our Life,* and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and the legal conclusions therein, except denies any and all allegations of infringement.

6.     In response to Paragraph 6 of the Complaint, to the extent that Paragraph 6 can be parsed – it is a half-page in length and consists of multiple sentences, each containing separate allegations involving numerous entities, including parties and non-parties to this lawsuit, rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran admits that Steven McCutcheon ("Mac") is an individual and a co-writer of the original musical composition, *The Rest Of Our Life,* and otherwise denies knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and the legal conclusions therein and denies any and all allegations of infringement.

7.      In response to Paragraph 7 of the Complaint, to the extent that Paragraph 7 can be parsed – it is nearly a full page in length and consists of multiple sentences, each containing separate allegations involving numerous entities, including parties and non-parties to this lawsuit, rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran admits that Amy Wadge ("Wadge) is an individual and a co-writer of the original musical composition, *The Rest Of Our Life,* and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

8.      In response to Paragraph 8 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of any of the multiple sentences and allegations in Paragraph 8 of the Complaint and the legal conclusions therein; further denies any and all allegations of infringement.

9.      In response to Paragraph 9 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 9 of the Complaint and the legal conclusions therein, except admits that McGraw is an individual and a performer on a recorded version of *The Rest Of Our Life*; further denies any and all allegations of infringement.

10.      In response to Paragraph 10 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the

Complaint and the legal conclusions therein, except admits that Hill is an individual and a performer on a recorded version of *The Rest Of Our Life*; further denies any and all allegations of infringement.

11.     In response to Paragraph 11 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

12.     In response to Paragraph 12 of the Complaint, to the extent that Paragraph 12 can be parsed – it is a half-page in length and consists of multiple sentences, each containing separate allegations involving numerous entities, including parties and non-parties to this lawsuit, rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

13.     In response to Paragraph 13 of the Complaint, to the extent that Paragraph 13 can be parsed – it is nearly a full page in length and consists of multiple sentences, each containing separate allegations involving numerous entities, including parties and non-parties to this lawsuit, rather than a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure, thereby making compliance with Rule 8(b) and in particular 8(b)(4) virtually impossible – Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

14.     In response to Paragraph 14 of the Complaint, Sheeran asserts, on information and belief, that Bucks Music Group Limited has been dropped from this case.  To the extent otherwise, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

15.     In response to Paragraph 15 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

16.     In response to Paragraph 16 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

17.     In response to Paragraph 17 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

18.     In response to Paragraph 18 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and the legal conclusions therein and further denies any and all allegations of infringement.

19.     In response to Paragraph 19 of the Complaint, Sheeran neither admits nor denies its allegations as it states a legal conclusion that Plaintiffs purport to base the jurisdiction of this Court on the stated sections of the law and denies that there is any viable claim of infringement.

20.     In response to Paragraph 20 of the Complaint, insofar as it alleges that Sheeran is subject to the "general personal jurisdiction" of this court, Sheeran denies such allegations; to the extent it alleges other individual and corporate defendants are subject to the general personal jurisdiction of this court, Sheeran denies knowledge or information sufficient to form a belief as to the truth of such allegations in Paragraph 20 of the Complaint and the legal conclusions therein.

21.     In response to Paragraph 21 of the Complaint, insofar as it alleges that Sheeran is subject to "specific personal jurisdiction" of this court, Sheeran denies such allegations; to the extent it alleges other individual and corporate defendants are subject to the specific personal jurisdiction of this court, Sheeran denies knowledge or information sufficient to respond to the allegations in Paragraph 21 of the Complaint and the legal conclusions therein and he further denies any and all allegations of infringement.

22.     In response to Paragraph 22 of the Complaint, Sheeran denies each and every allegation of infringement and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint regarding an alleged copyright owned by Plaintiffs.

23.     In response to Paragraph 23 of the Complaint, Sheeran denies the allegations to the extent that the general reference to "Defendants" is intended to refer to him individually and denies that the original musical composition *The Rest Of Our Life* is infringing.

24. In response to Paragraph 24 of the Complaint, Sheeran denies the allegations to the extent that the general reference to "Defendants" is intended to refer to him individually and denies that the original musical composition *The Rest Of Our Life* is infringing.

25. In response to Paragraph 25 of the Complaint, Sheeran denies the allegations to the extent that the general reference to "Defendants" is intended to refer to him individually and denies that the original musical composition *The Rest Of Our Life* is infringing.

26. In response to Paragraph 26 of the Complaint, Sheeran denies the allegations to the extent that the general reference to "Defendants" is intended to refer to him individually and denies that the original musical composition *The Rest Of Our Life* is infringing.

27. In response to Paragraph 27 of the Complaint, Sheeran denies that the original musical composition *The Rest Of Our Life* is infringing and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding New York residents.

28. In response to Paragraph 28 and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 28 of the Complaint to the extent they pertain to him.

29. In response to Paragraph 29 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 29 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is infringing.

30. In response to Paragraph 30 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 30 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* and the sound recording thereof is infringing.

31.     In response to Paragraph 31 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 31 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is infringing.

32.     In response to Paragraph 32 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 32 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is infringing.

33.     In response to Paragraph 33 of the Complaint, Sheeran denies that the original musical composition *The Rest Of Our Life* is infringing and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in Paragraph 33 of the Complaint.

34.     In response to Paragraph 34 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 34 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is infringing.

35.     In response to Paragraph 35 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 35 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* or the sound recording thereof is infringing.

36.     In response to Paragraph 36 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 36 of the Complaint to the extent they pertain to him and denies that the original musical composition *The*

*Rest Of Our Life* or the sound recording thereof is infringing and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the licensing activities of any defendants.

37.     In response to Paragraph 37 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 37 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is or the sound recording thereof is infringing.

38.     In response to Paragraph 38 of the Complaint and its generalized reference to "Defendants," Sheeran denies the allegations and legal conclusions in Paragraph 38 of the Complaint to the extent they pertain to him and denies that the original musical composition *The Rest Of Our Life* is infringing and otherwise neither admits nor denies the statements in Paragraph 38 to the extent that they are statements of legal  conclusions to which no response is necessary.

39.     In response to Paragraph 39 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and avers that if Plaintiffs admit they lack sufficient knowledge to justify jurisdiction in this Court absent discovery, then their prior allegations, which are not made on information and belief, cannot be true.

40.     In response to Paragraph 40 of the Complaint, Sheeran neither admits nor denies its allegations as it states a legal conclusion that Plaintiffs purport that venue is proper in this Judicial District on the stated sections of the law and denies that there is any viable claim of infringement.

41.     In response to Paragraph 41 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42.     In  response to Paragraph 42 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and avers that the number of streams and views claimed are absolutely and relatively minimal.

43.     In response to Paragraph 43 of the Complaint, Sheeran denies that the original musical composition, *The Rest Of Our Life,* was written in 2017; otherwise denies knowledge or information sufficient to form a belief as to the balance of the allegations in Paragraph 43 of the Complaint except deny that the original musical composition and sound recording of *The Rest Of Our Life* is infringing.

44.     In response to Paragraph 44 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint; further denies that the allegation that the two songs at issue supposedly "sound[] similar" has any meaning as the songs are of a similar and common genre and there was neither access to nor any copying of Plaintiffs' song and there is no infringement.

45.     In response to Paragraph 45 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint except denies that there are any actionable similarities between the songs or that the songs are a "note for note" copy of each other.

46.     In response to Paragraph 46 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the

Complaint, which are in any event self-serving and irrelevant to any issue in the case and further denies that the two songs at issue have "obvious similarities" or any actionable similarities.

47.     In response to Paragraph 47 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint; further denies that there are "striking similarities" or any actionable similarities between the two songs at issue and avers that he does not know of nor has he ever heard of Tim Holland.

48.     In response to Paragraph 48 of the Complaint, Sheeran denies the allegations of any "theft" of Plaintiffs' work and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 48 of the Complaint, which are irrelevant and hyperbolic in any event.

49.     In response to Paragraph 49 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, all of which are irrelevant and hyperbolic in any event.

50.     In response to Paragraph 50 of the Complaint, Sheeran denies all allegations respecting any alleged similarities of the songs and Mr. Holland's supposed competence to evaluate any such alleged similarities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51.     In response to Paragraph 51 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to all allegations respecting the Plaintiffs' alleged suspicions and conspiracy theories, all of which are purely advanced in an attempt to manufacture a claim of access because Plaintiffs have knowingly brought this case without any basis for showing any access to their supposed "work" and denies every allegation respecting that the work

allegedly authored by Plaintiffs "was [] made available" to him "by others affiliated with Sony Music," which never happened and could not have happened.

52. In response to Paragraph 52 of the Complaint, Sheeran denies that he toured "extensively" in Australia in 2016; denies knowledge or information sufficient to form a belief as to what "substantial connections" to Australia even means; admits that he has written and recorded numerous songs that have been worldwide successes, including in Australia – and his recordings have been streamed billions of times on Spotify and other streaming services, as compared to the alleged 150,000 streams of Plaintiffs' song – and has performed publicly around the world, including, at times, in Australia, a fact having no relevance to Plaintiffs' alternative manufactured basis for non-existent access, denies knowledge or information sufficient to form a belief as to what "substantial time" means, and otherwise denies the allegations and legal conclusions in Paragraph 52 of the Complaint as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations respecting the status of Plaintiffs' song at any time that Sheeran was in Australia.

53. In response to Paragraph 53 of the Complaint, all of which is irrelevant to this case but appears instead to be an attempt to fabricate, in advance, a means of discrediting witnesses who are not known by Sheeran but who have rejected Plaintiffs' claims even before they were made and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of the Complaint, which again is purely an attempt by Plaintiffs to discredit witnesses in advance and is an exercise in illogical leaps, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

54 of the Complaint except denies that there was any access to Plaintiffs' song or that there was any copying of Plaintiffs' song.

55.     In response to Paragraph 55 of the Complaint, which again is irrelevant and is also an attempt by Plaintiffs to discredit adverse witnesses in advance and to promote their own supposed bravery – as opposed to avarice and self-promotion – in pursuing a baseless claim, Sheeran denies every allegation that alleges any infringement, access or copying and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint except as to the allegations of supposed legal principles and as to those, Sheeran has no obligation to respond.

56.     In response to Paragraph 56 of the Complaint, Sheeran denies all allegations of infringement as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 56 of the Complaint regarding the decisions and actions of Sony Music Entertainment.

57.     In response to Paragraph 57 of the Complaint, Sheeran denies all allegations of infringement and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint.

58.     In response to Paragraph 58 of the Complaint, Sheeran denies all allegations of infringement and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59.     In response to Paragraph 59 of the Complaint, Sheeran denies all allegations of infringement and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     In response to Paragraph 60 of the Complaint, Sheeran denies all allegations of infringement and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61.     In response to Paragraph 61 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and avers that, in any event, any performances by McGraw and Hill outside of the United States would be and are completely irrelevant to any claim in this action.

62.     In response to Paragraph 62 of the Complaint, Sheeran denies the generalized allegations as to the "Defendants'" alleged profits and otherwise denies knowledge or information sufficient to form a belief as to the allegations respecting profits in Paragraph 62 of the Complaint.

63.     In response to Paragraph 63 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

64.     In response to Paragraph 64 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

65.     In response to Paragraph 65 of the complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

66.     In response to Paragraph 66 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

67.     In response to Paragraph 67 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

68.     In response to Paragraph 68 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

69.     In response to Paragraph 69 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

70.     In response to Paragraph 70 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

71.     In response to Paragraph 71 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

72.     In response to Paragraph 72 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

73.     In response to Paragraph 73 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

74.      In response to Paragraph 74 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

75.      In response to Paragraph 75 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

76.      In response to Paragraph 76 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

77.      In response to Paragraph 77 of the Complaint, Sheeran denies any and all allegations of infringement and respectfully refers the Court to the two songs at issue, as well as applicable prior art.

78.      In response to Paragraph 78 of the Complaint, Sheeran admits that *The Rest Of Our Life* presently is being exploited in the United States, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to all the ways in which *The Rest Of Our Life* is being exploited and admits that Plaintiffs, who had nothing to do with the creation of recording of *The Rest Of Our Life,* are not being paid as they have no entitlement to any payment.

79.      In response to Paragraph 79 of the Complaint, Sheeran admits that he co-authored *The Rest Of Our Life* but otherwise denies the generalized and non-specific allegations and legal conclusions in Paragraph 79 of the Complaint.

80.      In response to Paragraph 80 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 80 of the Complaint.

17

81.     In response to Paragraph 81 of the Complaint, Sheeran repeats and realleges his responses set forth above in Paragraphs 1 through 80 as if fully set forth herein.

82.     In response to Paragraph 82 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 82 of the Complaint and respectfully refers the Court to the copyright registration referenced in Paragraph 82 of the Complaint for its true and complete contents.

83.     In response to Paragraph 83 of the Complaint, Sheeran denies knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 83 of the Complaint and avers that the state of any copyright in Australia is irrelevant to any claim of infringement in the United States, which depends on the US copyright, unless any agreements pertaining to the Australian copyright limit Plaintiffs' rights in their song.

84.     In response to Paragraph 84 of the Complaint, Sheeran denies all of the generalized allegations and legal conclusions in Paragraph 84 of the Complaint as they pertain to him and deny all allegations of access, similarity and copying.

85.     In response to Paragraph 85 of the Complaint, Sheeran denies all of the generalized allegations and legal conclusions in Paragraph 85 of the Complaint as they pertain to him and denies all allegations of infringement.

86.     In response to Paragraph 86 of the Complaint, Sheeran admits that no "permission" from the Plaintiffs in relation to *The Rest Of Our Life* was sought or obtained because no such permission was required as *The Rest Of Our Life* is an originally and independently created musical composition.

87.     In response to Paragraph 87 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 87 of the Complaint.

18

88.     In response to Paragraph 88 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 88 of the Complaint.

89.     In response to Paragraph 89 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 89 of the Complaint.

90.     In response to Paragraph 90 of the Complaint, Sheeran denies the generalized allegations and legal conclusions asserted against all "Defendants' and denies all allegations of infringement as pertains to him in Paragraph 90 of the Complaint.

91.     In response to Paragraph 91 of the Complaint, Sheeran admits that Plaintiffs have received neither a copyright interest nor a share of revenues from the original and independently created musical composition *The Rest Of Our Life* as they had nothing to do with its creation.

92.     In response to Paragraph 92 of the Complaint, Sheeran denies the generalized allegations in Paragraph 92 of the Complaint as they pertain to him; further denies any and all allegations of infringement.

93.     In response to Paragraph 93 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 93 of the Complaint.

94.     In response to Paragraph 94 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 94 of the Complaint.

95.     In response to Paragraph 95 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 95 of the Complaint except admits that the original and independently created musical composition *The Rest Of Our Life* continues to be exploited.

96.     In response to Paragraph 96 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 96 of the Complaint.

97.     In response to Paragraph 97 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 97 of the Complaint.

98.     In response to Paragraph 98 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 98 of the Complaint.

99.     In response to Paragraph 99 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 99 of the Complaint.

100.    In response to Paragraph 100 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 100 of the Complaint and avers, upon information and belief, that there is no such thing as a "running royalty" under the Copyright Act.

101.    In response to Paragraph 101 of the Complaint, Sheeran denies the allegations and legal conclusions in Paragraph 101 of the Complaint.

102.    In response to Paragraph 102 of the Complaint, in addition to being contrary to the claim set forth in Paragraph 100, Sheeran denies the allegations and legal conclusions in Paragraph 102 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations set forth in the Complaint and without admitting or suggesting that Defendant bears the burden of proof on any of the following defenses, as separate and independent affirmative defenses, Defendant states as follows:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103.    The Complaint, and each claim set forth therein, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

104.    Plaintiffs' claims are barred, in whole or in part, by documentary evidence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

105.     On information and belief, the Complaint is barred because Plaintiffs lack standing.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

106.     The Complaint is barred because the elements of *When I Found You* that *The Rest Of Our Life* allegedly infringes are neither original to Plaintiffs nor protectable.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

107.     The request for injunctive relief must be rejected because Plaintiffs have an adequate remedy at law, they cannot establish irreparable harm, and they cannot establish that the equities balance in their favor.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

108.     The Complaint is barred because the two works at issue are not substantially similar.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

109.     The Complaint is barred because Defendants did not have access to and/or did not copy *When I Found You.*

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

110.     Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages, if any.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

111.     Plaintiff have failed to join and/or serve necessary and/or indispensable parties.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

112.     The Complaint is barred, in whole or in part, because the alleged use, which is not admitted, was a fair use under 17 U.S.C. § 107.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

113.   The Complaint is barred because *The Rest Of Our Life* was created independently.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

114.   The Complaint is barred because the alleged use, which is not admitted, is *de minimis*.

## RESERVATION

115.   Defendant reserves the right to assert additional affirmative defense in the event that a further investigation or discovery in this action reveals them to be proper.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed in its entirety and that Defendant be awarded such other and further relief as the Court deems just and proper, including attorneys' fees and costs.

Dated: New York, New York
     April 2, 2018

PRYOR CASHMAN LLP

By:*/s/ Donald S. Zakarin*
     Donald S. Zakarin
     dzakarin@pryorcashman.com
     Ilene S. Farkas
     ifarkas@pryorcashman.com
     Andrew M. Goldsmith
     agoldsmith@pryorcashman.com
7 Times Square
New York, New York 10036-6569
Telephone:  (212) 421-4100
Facsimile:   (212) 326-0806

*Attorneys for Defendant
Edward Christopher Sheeran*