UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
KATHRYN TOWNSEND GRIFFIN, THE
ESTATE OF HELEN McDONALD, and
THE ESTATE CHERRIGALE
TOWNSEND,

       Plaintiffs,      Docket No. 17-CV-5221 (LLS)

  -against-

EDWARD CHRISTOPER SHEERAN, p/k/a ED
SHEERAN, ATLANTIC RECORDING
CORPORATION d/b/a ATLANTIC RECORDS,
SONY/ATV MUSIC PUBLISHING, LLC,

**MEMORANDUM OF LAW
IN SUPPORT OF
PLAINTIFFS' FIRST
MOTION *IN LIMINE*** 

       Defendants.
---------------------------------------- x

**THE ENUMERATED PLAINTIFFS**, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' First Motion *in Limine* which seeks the exclusion of the testimony of Mr. Stuart Camp and, as basis therefore, would state as follows:

## BACKGROUND

1. Discovery in the instant case ended in or about March of 2018.[1]

2. During the course of discovery, on or about October 20, 2017, the Defendants served their "Initial Disclosures" pursuant to the *Federal Rules of Civil Procedure, Rule 26(a)*. Notably, the "Initial Disclosures"[2] made no reference whatsoever to Mr. Stuart Camp.

3. Thereafter, the Defendants served their "Amended Initial Disclosures"[3] on

---

[1] It is worthy of note that the discovery deadline had, at the time, already been previously extended by joint stipulation of the Parties.
[2] Please refer to a true copy of said "Initial Disclosures", as filed contemporaneously herewith and marked as **Exhibit "1"**.
[3] Please refer to a true copy of said "Amended Initial Disclosures", as filed contemporaneously herewith and marked as **Exhibit "2"**.

February 6, 2018. Said "Amended Initial Disclosures" also contained no reference whatsoever to Mr. Stuart Camp.

4. Discovery closed several months thereafter.

5. Approximately **TWENTY-SEVEN MONTHS** after the close of discovery in the instant case, the Defendants served their "Second Amended Initial Disclosures"[4], on or about June 11, 2020.

6. For the first time—**TWENTY-SEVEN MONTHS** after the close of discovery—the Defendants identified Mr. Stuart Camp as a potential witness in the case and indicated that he possesses knowledge "concerning Sheeran's management, career and career trajectory more generally".

## THE *FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(A)*

7. The *Federal Rules of Civil Procedure, Rule 26(a)*, requires parties to provide "without awaiting a discovery request…the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defense".

8. Pursuant to the *Federal Rules of Civil Procedure, Rule 37*, a "party that fails to disclose information pursuant to Rule 26(a) or 26(e)(1) or that fails to amend a previous response pursuant to Rule 26(e)(2) is not permitted to use such information as evidence, unless there is substantial justification provided for the failure and such failure is harmless".

9. As previously indicated, the Defendants had myriad opportunities to disclose Mr. Stuart Camp as a potential witness at the trial of this case via supplementation of their mandatory disclosures. Despite these opportunities, the Defendants failed to identify and/or

---

[4] Please refer to a true copy of said "Second Amended Initial Disclosures", as filed contemporaneously herewith and marked as **Exhibit "3"**.

disclose Mr. Stuart Camp until more than two (2) years after discovery had closed.

10. Notwithstanding the inordinate amount of time that elapsed both during discovery attendant to this case and thereafter, the "eleventh hour" post-discovery disclosure of an intent to have Mr. Camp testify at trial is exponentially more problematic by virtue of the Defendants' oblique and/or ambiguous reference to Mr. Camp purportedly being intended to provide information and/or testimony regarding the Defendant's, Ed Sheeran's, "career trajectory in general"—the explanation is not immediately clear on its face what testimony regarding the Defendant's, Ed Sheeran's, "career trajectory in general" actually means and/or how such testimony would be presented in practical terms at trial.

11. By way of addendum, given the wholesale lack of specificity regarding the nature of Mr. Camp's anticipated testimony, it is not clear at this juncture whether Mr. Camp is intended to serve as a "fact" witness or, alternatively, whether some or all of his testimony is contemplated to come under the aegis of "expert" testimony, or some manner of overlap between the same.

12. The Plaintiffs would, respectfully, contend that the Defendants' failure to name Mr. Camp as a witness prior to the close of discovery, and not until in excess of two (2) years thereafter is neither justified, nor harmless.

13. While it is reasonably anticipated that the Defendants will, responsive hereto, attempt to argue that the uncontroverted failure to timely disclose is harmless because the identity of Mr. Camp was already known to the Plaintiffs by virtue of one (1) or more of the records exchanged during the course of discovery, this jurisdiction has previously held that the mere knowledge of the existence of a potential witness does not satisfy the disclosure

requirements of the *Federal Rules of Civil Procedure, Rule 26(a)(1)(A)*—that obligation is only fulfilled when the party seeking to call said prospective witness specifically identifies the same as a witness the party intends to call at the trial of the case to support said party's claims and/or defenses. See *Downey v. Adloox*, 2018 WL 794592 (S.D.N.Y. Feb. 8, 2018).

14. Consistent with the language in the *Downey* case, the Defendants herein did not disclose Mr. Camp as a prospective witness until years after the close of discovery.

15. The failure to disclose Mr. Camp as a witness is significantly prejudicial to the Plaintiffs herein—"Where, as here, an individual is not identified as a potential witness, or even as an individual with knowledge of the claims and defenses in the action, until after the close of discovery, the offending party subverts the purpose of mandatory disclosures and undoubtedly prejudices their opponent. Indeed, untimely disclosures rob opposing counsel of the opportunity to take discovery of the named witness, build a complete theory of the case, plan appropriate trial strategies, and find other evidence for use at trial. **These harms are not easily remedied in the few weeks before trial—long after discovery has ended** (*Emphasis Supplied*)". *Harris v. Police Officer Shartisia Lewis, et.al.*, No. *16-CV-1214* (PKC) (JQ) (E.D.N.Y. October 30, 2019); see also *D'Amico v. Department of Children & Families*, No. *16-CV_00655* (JAM), 2018 WL 650371 (D. Conn. Jan. 31, 2018).

16. The Plaintiffs have virtually no information as to what Mr. Camp might—of might not—testify to at the trial of this matter other than the patently unhelpful premise that he may discuss "career trajectory"(whatever that may mean within the context of this case) and, due to the close of discovery, the Plaintiffs have absolutely no current remedy but to

request the wholesale exclusion of Mr. Stuart as a witness at the trial of this case.[5]

## CONCLUSION

17. In light of all of the foregoing and/or enclosed, the Plaintiffs would, respectfully, submit that the Plaintiffs' First Motion *in Limine* should be granted in its entirety.

**WHEREFORE**, the Plaintiffs, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' First Motion in *Limine*, as well as providing for any such other relief as this Court should deem equitable and/or just.

Dated: September 26, 2020

Respectfully Submitted:

By: _____
Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 628-4168
Facsimile: (850) 629-4184
Attorney(s) for Plaintiffs

---

[5] To the extent that this Court is disinclined to Grant the Plaintiffs' instant First Motion in LImine, the Plaintiffs would, respectfully, request in the alternative, that the Plaintiffs be afforded the opportunity to immediately depose Mr. Camp. In effecting a remedy for the scenario which presents, this jurisdiction has previously ordered the deposition of a previously undisclosed witness prior to trial. See *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 2006 WL 988143 (S.D.N.Y. April 13, 2006).