# EXHIBIT THREE (3)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,<br><br>*Plaintiffs,*<br><br>-against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>*Defendants.* | ECF CASE<br><br>17-cv-5221 (RJS)<br><br>**SECOND AMENDED INITIAL DISCLOSURES OF DEFENDANTS EDWARD CHRISTOPHER SHEERAN, ATLANTIC RECORDING CORPORATION AND SONY/ATV MUSIC PUBLISHING, LLC** |

Defendants Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corporation d/b/a Atlantic Records ("Atlantic") and Sony/ATV Music Publishing LLC ("SATV," together with Sheeran and Atlantic, the "Defendants"), in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, provide the following amended initial disclosures, subject to the following general qualifications:

## GENERAL QUALIFICATIONS

1. Defendants' initial disclosures are based on information available to Defendants at this point in time and are made without waiver of any statutory, common law or other privilege or protection against disclosure and/or any objection as to admissibility or relevance of such evidence in this proceeding or in any other proceeding.

2. Defendants' identification of individuals herein is made without waiver of the right to object, on any grounds, to the particular testimony of any individual.

3. Defendants' identification of documents herein is based on information available to Defendants at this point in time and is made without waiver of the right to object to the relevance, admissibility or appropriateness of any document and/or the right to object to any document request or other discovery demand on any grounds, including but not limited to over-breadth and/or burden.

4. Defendants expressly reserve the right to revise, supplement and amend the disclosures herein, consistent with the Federal Rules of Civil Procedure.

### Initial Disclosure A(i)

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

### Response To Initial Disclosure A(i)

Defendants identify: (i) each of the Plaintiffs, who presumably possess knowledge of all allegations asserted in the complaint; (ii) Sheeran, Amy Wadge and Jake Gosling who possess knowledge and information regarding the independent creation of the song "Thinking Out Loud"; (iii) a corporate representative or representatives of SATV who possess knowledge concerning its publishing and/or administration of the musical composition "Thinking Out Loud" in the United States, monies generated by exploitation of the musical composition "Thinking Out Loud" in the United States and received in the United States and expenses related thereto; (iv) a corporate representative or representatives of Atlantic who possess knowledge concerning the recording, production, promotion, marketing and exploitation of the recorded version of "Thinking Out Loud" in the United States, monies generated by exploitation of the recorded version of "Thinking Out Loud" in the United States and received in the United States and expenses related thereto; (v) a representative or representatives of Hardwicke & Morris who possess knowledge concerning the

net profits that Sheeran has generated from the exploitation of "Thinking Out Loud" in the United States; and (vi) Stuart Camp who possesses knowledge concerning Sheeran's management, career and career trajectory more generally.

Each of the above persons and entities shall be contacted via counsel, Pryor Cashman LLP.

Defendants reserve the right to supplement these responses and to call upon any individuals or entities identified by Plaintiffs to support their defenses.

**Initial Disclosure A(ii)**

Provide a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**Response To Initial Disclosure A(ii)**

Defendants identify: (i) agreements relating to the creation of the musical composition and recorded version of "Thinking Out Loud;" (ii) documents evidencing the creation of the musical composition and recorded version of "Thinking Out Loud;" (iii) documents evidencing the ownership of the musical composition and recorded version of "Thinking Out Loud," including the copyright registration of "Thinking Out Loud" with the US Copyright Office and relevant US performing rights societies; (iv) documents reflecting prior art and/or independent creation of the musical composition "Thinking Out Loud;" (v) documents relating to the exploitation of the musical composition and recorded version of "Thinking Out Loud" in the United States and expenses incurred in connection therewith; and (vi) documents concerning the apportionment of profits between those profits attributable to the elements of "Thinking Out Loud" that are alleged to be infringing vs. all other profit including documents and information reflecting the apportionment of profit attributable to the recorded performance of Edward Sheeran and the marketing and promotional efforts of Defendants.

Defendants reserve the right to supplement these responses and to rely upon any documents produced by Plaintiffs and any non-parties duly served with subpoenas to support their defenses.

**Initial Disclosure A(iii)**

Provide a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**Response To Initial Disclosure A(iii)**

Not Applicable; although Defendants reserve their right to seek reimbursement of their costs and attorneys' fees in this matter consistent with the Copyright Act.

**Initial Disclosure A(iv)**

Provide for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response To Initial Disclosure A(iv)**

Not Applicable.

Dated: New York, New York
June 11, 2020

                                              PRYOR CASHMAN LLP

                                              By:*/s/ Donald S. Zakarin*
                                                  Donald S. Zakarin
                                                  dzakarin@pryorcashman.com
                                                  Ilene S. Farkas
                                                  ifarkas@pryorcashman.com
                                                  Andrew M. Goldsmith
                                                  agoldsmith@pryorcashman.com
                                            7 Times Square
                                            New York, New York 10036-6569
                                            Telephone: (212) 421-4100

                                            *Attorneys for Defendants*