UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, THE ESTATE OF CHERRIGALE TOWNSEND and THE HELEN CHRISTINE MCDONALD TRUST,<br><br>*Plaintiffs*,<br><br>-against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>*Defendants*. | ECF CASE<br><br>17-cv-5221 (LLS)<br><br>**REPLY DECLARATION OF DONALD S. ZAKARIN IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR BIFURCATION OF TRIAL BETWEEN LIABILITY AND DAMAGES PHASES** |

I, DONALD S. ZAKARIN, declare as follows:

1. I am a member of Pryor Cashman LLP, counsel for defendants Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corporation d/b/a Atlantic Records ("Atlantic") and Sony/ATV Music Publishing LLC ("SATV," together with Sheeran and Atlantic, the "Defendants"). I have personal knowledge of, and am fully familiar with, the facts set forth in this Reply Declaration, which I respectfully submit in further support of Defendants' motion for an Order bifurcating the trial of this action between liability and damages phases pursuant to Fed. R. Civ. 42(b).[1]

2. Specifically, I submit this Reply Declaration to document certain facts referenced in the accompanying Reply Memorandum of Law.

3. In support of their claim that overlapping witnesses exist, a claim that is demonstrably untrue and also irrelevant even if true (because the issue is whether evidence, not

---

[1] Undefined capitalized terms have the meanings given to them in Defendants' moving papers.

witnesses, overlap), Plaintiffs claim, as they did in their pre-motion letter to this Court, that they intend to call Ed Sheeran's management team, Atlantic and SATV regarding the independent creation of TOL. Defendants have identified such witnesses as solely having knowledge with respect to the damages issues in this case.

4.      But Plaintiffs have known, since no later than when they took Ed Sheeran's deposition in 2018 (over two and one-half years ago), that Ed Sheeran and Amy Wadge co-authored TOL on an evening in February 2014 at Mr. Sheeran's home and that no one else was present. Plaintiffs may want to question Ed Sheeran's management team and Atlantic and SATV about the creation of TOL but since they were not present, they would be incompetent to testify on the subject. Excerpts of Ed Sheeran's deposition testimony are annexed as **Exhibit 1**.

5.      Consistent with the fact that they already knew that Ed Sheeran and Amy Wadge were the only people present when TOL was created, the Plaintiffs did not bother to ask a single question of SATV or Atlantic at their depositions (both of which depositions I defended) regarding the creation of TOL. The assertion that Plaintiffs now want to question Atlantic and SATV on a topic about which they have no knowledge and about which Plaintiffs did not bother to ask them any questions at their depositions is purely pretextual.

6.      Also false is Plaintiffs' assertion that the damages phase of trial should supposedly not be complex, founded in part upon their claimed intention (for unidentified reasons) to seek the exclusion of Barry Massarsky, the damages expert witness of Defendants (Plaintiffs did not bother to obtain a damages expert or to depose Defendants' expert). Plaintiffs are certainly free to make such a motion if they wish, although their election to forgo taking his deposition indicates that this gambit too is simply an afterthought. Mr. Massarsky has a long and respected history as an expert

in the music industry, has been qualified as such in multiple cases, and his expert report is well-documented and fully supported by empirical evidence.

Dated: September 29, 2020

                                             DONALD S. ZAKARIN