UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**KATHY TOWNSEND GRIFFIN**, *et.al.*,

**Plaintiffs,**

vs.

**EDWARD CHRISTOPHER SHEERAN**, *et.al.*,

**Defendants.**

**ECF CASE**
**17-CV-5221 (LLS)**

**PLAINTIFFS' OBJECTION TO DEFENDANTS' FIFTH MOTION *IN LIMINE***

_____/

**THE ENUMERATED PLAINTIFFS**, collectively, Object to the Defendants' Fifth Motion *in Limine* and, as basis therefore, would state as follows:

1. The Defendants have filed a Fifth Motion *in Limine* seeking an Order precluding the Plaintiffs from referencing the Defendant's, Ed Sheeran's, general wealth and/or financial success at the trial of the instant case outside of the monies earned domestically in connection with "Thinking Out Loud".

2. The Parties herein have previously consulted regarding the Defendants' Fifth Motion *in Limine* and, specifically, the Plaintiffs have communicated their lack of intent to introduce evidence regarding the Defendant's, Ed Sheeran's, general financial success.

3. However, it has come to the attention of the Plaintiffs that the Defendants intend on arguing at trial that the Defendant's, Ed Sheeran's, overall career success and/or "trajectory" are purportedly attributable to the success of virtually every other song **but** "Thinking Out Loud", the song at issue in the instant litigation.[1]

---

[1] By way of illustration, despite the fact that "Thinking Out Loud" won the Grammy Award for song of the year in 2016, in conjunction with the fact that the Defendant, Ed Sheeran, was previously serving as an opening act and, almost immediately after releasing "Thinking Out Loud" domestically in or about June of 2015, the Defendant, Mr. Ed Sheeran, became a concert headliner and, on his most recent tour, made almost a half-billion dollars, the

4. Thus, to the extent that the Defendants argue and/or attempt to introduce evidence relating to the Defendant's, Ed Sheeran's, other financial and/or musical successes in support of the fictive premise that "Thinking Out Loud" played a nominal (or non-existent) role in the Defendant's, Ed Sheeran's, financial and/or musical success, the Plaintiffs would, respectfully, reserve the right to address those arguments, if proffered, by the Defendants.[2]

**WHEREFORE**, the Plaintiffs, collectively, Object to the Defendants' Fifth Motion *in Limine* and Motion this Court for the entry of an Order Denying said motion, or alternatively, reserving said ruling on the same until the motion might be properly evaluated within the context of Defendants' anticipated arguments as to the impact/effect of "Thinking Out Loud" has had on the Defendant's, Ed Sheeran's, career "trajectory", as well as providing for any such other relief as this Court should deem equitable and just.

**DATED** this 30th day of September, 2020.

**FRANK & RICE, P.A.**

Respectfully Submitted,

*/s/ P. Frank*

Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

Defendants, inexplicably, will contend at trial that "Thinking Out Loud" had merely nominal impact on the Defendant's, Ed Sheeran's, career "trajectory". These arguments are reasonably anticipated based on the opinion pamphlet provided by the Defendants' damages expert, Mr. Barry Mazursky, which, as indicated, is reasonably anticipated to be the subject of a *Daubert* motion momentarily hereafter.

[2] Indeed, if the Defendants were to raise such arguments, it is not immediately clear how said Defendants could avoid being construed as having opened the proverbial "door" to the line of inquiry and/or very evidence it seeks to exclude, no matter how deftly counsel(s) would attempt to thread that needle.

4. Thus, to the extent that the Defendants argue and/or attempt to introduce evidence relating to the Defendant's, Ed Sheeran's, other financial and/or musical successes in support of the fictive premise that "Thinking Out Loud" played a nominal (or non-existent) role in the Defendant's, Ed Sheeran's, financial and/or musical success, the Plaintiffs would, respectfully, reserve the right to address those arguments, if proffered, by the Defendants.[2]

**WHEREFORE**, the Plaintiffs, collectively, Object to the Defendants' Fifth Motion *in Limine* and Motion this Court for the entry of an Order Denying said motion, or alternatively, reserving said ruling on the same until the motion might be properly evaluated within the context of Defendants' anticipated arguments as to the impact/effect of "Thinking Out Loud" has had on the Defendant's, Ed Sheeran's, career "trajectory", as well as providing for any such other relief as this Court should deem equitable and just.

**DATED** this 30th day of September, 2020.

**FRANK & RICE, P.A.**

Respectfully Submitted,

*[signature]*

Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

Defendants, inexplicably, will contend at trial that "Thinking Out Loud" had merely nominal impact on the Defendant's, Ed Sheeran's, career "trajectory". These arguments are reasonably anticipated based on the opinion pamphlet provided by the Defendants' damages expert, Mr. Barry Mazursky, which, as indicated, is reasonably anticipated to be the subject of a *Daubert* motion momentarily hereafter.

[2] Indeed, if the Defendants were to raise such arguments, it is not immediately clear how said Defendants could avoid being construed as having opened the proverbial "door" to the line of inquiry and/or very evidence it seeks to exclude, no matter how deftly counsel(s) would attempt to thread that needle.