UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, THE ESTATE OF CHERRIGALE TOWNSEND and THE HELEN CHRISTINE TOWNSEND MCDONALD TRUST,

*Plaintiffs*,

-against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, and SONY/ATV MUSIC PUBLISHING, LLC,

*Defendants*.

ECF CASE

17-cv-5221 (LLS)

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR THIRD MOTION *IN LIMINE* FOR AN ORDER EXCLUDING ANY ARGUMENT OR EVIDENCE RELATING TO PRIOR ALLEGATIONS OF INFRINGEMENT**

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony/ATV Music Publishing LLC*

*Of Counsel:*
Donald S. Zakarin
Ilene S. Farkas
Andrew M. Goldsmith

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ ii

PRELIMINARY STATEMENT ........................................ 1

ARGUMENT ........................................ 3

I. The Two Arguments Plaintiffs Raise In Opposition Are Utterly Baseless ........................................ 3

A. Plaintiffs Baldly Misrepresent Two Cases To Claim That “Case Law Precedent” Supports The Admission Of Prior Allegations Of Infringement ........................................ 3

B. Plaintiffs’ “Injunction” Argument Is Also Baseless ........................................ 4

II. Plaintiffs Utterly Fail To Rebut A Single Argument Made By Defendants ........................................ 5

CONCLUSION ........................................ 8

**TABLE OF AUTHORITIES**

**CASES** **PAGE(s)**

*Beastie Boys v. Monster Energy Co.*,
983 F. Supp. 2d 369 (S.D.N.Y. 2014)........................................................................ 8

*Bonilla v. H&M Hennes & Mauritz L.P.*,
No. 12-cv-6919 (MHD), 2014 WL 12661621 (S.D.N.Y. Apr. 16, 2014) ............................ 6, 7

*Broadcast Music, Inc. v. McDade & Sons, Inc.*,
928 F. Supp. 2d 1120 (D. Ariz. 2013) ........................................................................ 2, 4, 5

*Buric v. Kelley*,
157 F. App'x 391 (2d Cir. 2005) .................................................................................. 6

*Collister Alley Music, Inc. v. Warner Bros. Records Inc.*,
No. 96-cv-1762 (HBP), 1997 WL 198081 (S.D.N.Y. Apr. 22, 1997)...................................... 6

*ESPN, Inc. v. Office of Commissioner of Baseball*,
76 F. Supp. 2d 383 (S.D.N.Y. 1999)............................................................................ 8

*Flyte Tyme Tunes v. Miszkiewicz*,
715 F. Supp. 919 (E.D. Wis. 1989)........................................................................ 2, 4, 5

*Granite Music Corp. v. United Artists Corp.*,
532 F.2d 718 (9th Cir. 1976) ................................................................................ 2, 3, 4

*Hartman v. Snelders*,
No. 04-cv-1784(CLP), 2010 WL 11626508 (E.D.N.Y. Jan. 28, 2010).................................... 7

*Instinet Inc. v. Ariel (UK) Ltd.*,
No. 08-cv-7141 (JFK), 2012 WL 4195391(S.D.N.Y. Sept. 20, 2012)...................................... 7

*Louissier v. Universal Music Group, Inc.*,
No. 02-cv-2447(KMW), 2005 WL 5644420 (S.D.N.Y. Aug. 30, 2005)................................. 6

*Plymack v. Copley Pharmaceutical, Inc.*,
No. 93-cv-2655(KMW), 1997 WL 122801 (S.D.N.Y. Mar. 17, 1997).................................... 6

*Ricketts v. City of Hartford*,
74 F.3d 1397 (2d Cir. 1996)........................................................................................ 8

*Righthaven LLC v. Wolf*,
813 F. Supp. 2d 1265 (D. Colo. 2011).......................................................................... 6

**TABLE OF AUTHORITIES**

**CASES** **PAGE(s)**

*Rivera v. Metropolitan Transit Authority*,
750 F. Supp. 2d 456 (S.D.N.Y. 2010)........ 7

*Skidmore v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020) ........ 4

*Svege v. Mercedes-Benz Credit Corp.*,
329 F. Supp. 2d 285 (D. Conn. 2004)........ 7

*Three Boys Music Corp. v. Bolton*,
212 F.3d 477 (9th Cir. 2000) ........ 2, 3, 4

*Trebor Sportswear Co. v. The Limited Stores, Inc.*,
865 F.2d 506 (2d Cir.1989)........ 6

*United States v. Bailey*,
696 F.3d 794 (9th Cir. 2012) ........ 6, 7

*Weiss v. Allstate Insurance Co.*.,
512 F. Supp. 2d 463 (E.D. La. 2007)........ 6, 7

*Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.*,
491 F.2d 1239 (5th Cir. 1974) ........ 7

## PRELIMINARY STATEMENT[1]

Because their infringement claim is built on Dr. Stewart's purposeful distortion of the music in issue, his studied failure to conduct the slightest prior art analysis and his comparison of "Thinking Out Loud" ("TOL") with the Marvin Gaye recording of "Let's Get It On" rather than the 1973 deposit copy of "Let's Get It On" ("LGO," the copyrighted work at issue in this case), Plaintiffs' claim of infringement is virtually nonexistent. This Court has already ruled that two of the three elements Plaintiffs claim were copied – a chord progression that was used in dozens (if not hundreds) of songs before Ed Townsend used it in LGO and a harmonic rhythm that has been used in music for hundreds of years – are commonplace musical techniques which are unprotectable. The third element – the vocal melody of TOL – is not remotely similar. Instead, Plaintiffs' expert, Dr. Stewart, simply altered the music in order to fabricate alleged similarities that do not exist.

Because their infringement claim is so thin, Plaintiffs have engaged in a persistent pattern of trying to substitute irrelevant, inadmissible and inflammatory non-evidence for the admissible evidence they lack. Their opposition to this motion confirms, far better even than Defendants' motion, the impropriety of what they are trying to do.

Plaintiffs point to other claims of infringement that have been lodged against Ed Sheeran, as if the assertion of other claims somehow lends weight to the infringement claim in this case. But not only does their argument fly in the face of applicable law, they also misrepresent the facts. With respect to the first claim they reference, regarding Sheeran's song the "The A Team," Plaintiffs carefully omit mentioning that, as Ed Sheeran testified at his deposition, the claimant wrote his allegedly infringed song <u>four years after the "The A Team" was released</u>. (Frank Decl.

---

[1] Undefined capitalized terms have the meanings given to them in Defendants' moving papers.

Ex. 1 at 89:13-23). As to a second supposed claim, relating to "Shape Of You," Plaintiffs ignore that there was an agreement to use an interpolation of an earlier song "No Scrubs." There was never even a lawsuit. And the other two claims were swiftly resolved. There has never been a single finding of infringement ever made against Ed Sheeran, who, despite his young age, has written or collaborated with other writers on dozens of hugely successful songs (some recorded by him and many recorded by other artists).

Plaintiffs point as well to Ed Sheeran's testimony about being inspired by the legendary Irish recording artist, Van Morrison, falsely suggesting that Sheeran "admitted" that TOL was taken from a Van Morrison song. Even if that were true – and it is not true – it has nothing to do with whether TOL infringes LGO (in fact, it suggests the opposite). What Sheeran actually testified to is that TOL was called the "Van Morrison song" because it emulated the "sounds, I guess; piano, guitar, drums, song about love." Being inspired by the music of an earlier and legendary artist and wanting to emulate in some way the "feel" or "sound" of his music is exactly how writers create new music. It is exactly what Ed Townsend did in using chord progressions and harmonic rhythms that had been used countless times by others before he wrote LGO.

Beyond misrepresenting the facts, Plaintiffs' opposition consists of nothing other than also misrepresenting the few cases that they bother to cite. As shown below, they completely misrepresent the holdings of *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000) and *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718 (9th Cir. 1976). They also misrepresent two cases brought by ASCAP and BMI against bars and nightclubs that repeatedly failed to license public performance rights. *See Flyte Tyme Tunes v. Miszkiewicz*, 715 F. Supp. 919 (E.D. Wis. 1989); *Broadcast Music, Inc. v. McDade & Sons, Inc.*, 928 F.Supp.2d 1120 (D. Ariz. 2013).

What Plaintiffs carefully avoid, however, is addressing applicable law and the Rules of

Evidence. They fail to provide any explanation as to how prior claims of infringement can possibly be admissible, relevant evidence with respect to the infringement claim in this case. Plaintiffs' desperation to try to try this case based on anything other than musicological evidence, which confirms that TOL does not infringe LGO, is understandable given the frailty of their infringement claim. However, the fact that Plaintiffs' desperation is understandable does not make the evidence they want to introduce admissible. It is not. Defendants' third motion *in limine* should be granted.

## ARGUMENT

### I. The Two Arguments Plaintiffs Raise In Opposition Are Utterly Baseless

Wholly ignoring – and thus failing to rebut – each and every one of the arguments Defendants made in their moving papers, Plaintiffs instead make two wholly fatuous arguments in effort to justify their attempt to introduce prior claims of infringement in this case.

#### A. Plaintiffs Baldly Misrepresent Two Cases To Claim That "Case Law Precedent" Supports The Admission Of Prior Allegations Of Infringement

Plaintiffs claim, based on a purposeful misrepresentation of the only two cases they cite, that "case law precedent" supposedly supports the admission of prior claims of infringement where "a copyright Defendant pleads independent creation as an affirmative defense" because it supposedly "has the operative legal effect of making prior copyright infringement litigation and allegations relevant." Opp. Mem. ¶ 16 (citing *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000); *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 721 (9th Cir. 1976)).

To begin with, virtually every infringement defense includes a claim of independent creation, which is effectively a denial of infringement. Thus, were Plaintiffs' assertion correct, virtually every copyright infringement case, not merely the two that Plaintiffs mistakenly put forth, would involve evidence of prior claims of infringement. But they do not. And in fact, in neither

of the two cases relied on by Plaintiffs did the Courts rule – much less address – whether prior allegations of infringement could be admitted into evidence.

*Three Boys* has nothing whatsoever to do with whether prior claims of infringement are admissible when a defense of independent creation is invoked. Rather, the issue addressed by the Court was whether sufficient evidence existed for the jury's rejection of the defendants' independent creation defense. In upholding the rejection of the defense, the Ninth Circuit did not even remotely address any prior claims of infringement and the testimony of the defendant-authors regarding prior songs they had written did not somehow make any prior claims of infringement somehow relevant. *Three Boys* does not remotely support the proposition that a defense of independent creation entitles Plaintiffs to introduce prior claims of infringement.[2]

In *Granite Music*, the plaintiff appealed from a verdict of noninfringement, arguing the trial court improperly admitted evidence showing that the elements the defendants allegedly copied from its composition also appeared in prior works. The Ninth Circuit found that it was proper to admit evidence of prior works containing the same or similar elements to those found in the plaintiff's and defendant's works precisely because such evidence supported the inference that the elements were commonplace and thus not copied by the defendants (which is also true in this case). *Granite Music*, too, has nothing to do with admitting evidence of prior infringement claims.

**B. <u>Plaintiffs' "Injunction" Argument Is Also Baseless</u>**

Plaintiffs also seek to bootstrap their claim for a permanent injunction into a basis on which this Court "may look to a copyright Defendant's prior conduct." Opp. Mem. ¶ 21 (citing *Flyte Tyme Tunes v. Miszkiewicz*, 715 F. Supp. 919, 921 (E.D. Wis. 1989); *Broadcast Music, Inc. v.*

---

[2] Subsequently, the Ninth Circuit reversed *Three Boys* to the extent *Three Boys* follows the inverse-ratio rule (a rule that never has been followed in the Second Circuit). *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1066 (9th Cir. 2020).

*McDade & Sons, Inc.*, 928 F.Supp.2d 1120 (D. Ariz. 2013)). To say that the laws of evidence can be manipulated to admit inadmissible evidence because Plaintiffs seek a permanent injunction (which the Copyright Act provides as a remedy in Section 502) is both novel in the extreme and baseless. There is, in fact, no law to support this assertion.

In *Flyte Tyme Tunes*, the plaintiffs (effectively on behalf of ASCAP), sued defendant nightclub owners for the unauthorized public performance of musical compositions after they expressly refused to procure blanket licenses from ASCAP. 715 F. Supp. at 920. The defendants were repeat offenders (having previously refused to procure a public performance license). As such, the Court found that such evidence supported the need for an injunction. *Id.* at 921.

Similarly, in *McDade & Sons*, the plaintiffs (effectively on behalf of BMI), sued defendant bar owners for the unauthorized public performance of musical compositions. 928 F. Supp. 2d at 1124-25. As in *Flyte Tyme Tunes*, the defendants were repeat offenders and the Court granted injunctive relief. *Id.* at 1136.

Here, unlike these cases where it was undisputed that the establishments had repeatedly failed to obtain public performance rights licenses, Ed Sheeran has never been found liable for infringement. Being accused of infringement and being found to be a repeat infringer are two very different things.

## II. Plaintiffs Utterly Fail To Rebut A Single Argument Made By Defendants

Apart from their two purposefully distorted arguments, Plaintiffs completely ignore the arguments and legal authority that Defendants cited in their moving papers, all of which unequivocally demonstrate that prior allegations of infringement should be excluded.

*First*, Defendants demonstrated that prior unrelated allegations of infringement are not relevant because they do not make it any more or less likely that a defendant has copied from or

infringed the plaintiff's work. Defendants cited numerous cases supporting this commonsense proposition. *E.g.*, *Louissier v. Universal Music Grp., Inc.*, No. 02-cv-2447 (KMW), 2005 WL 5644420, at *2 (S.D.N.Y. Aug. 30, 2005); *Bonilla v. H&M Hennes & Mauritz L.P.*, No. 12-cv-6919 (LAK) (MHD), 2014 WL 12661621, at *16 (S.D.N.Y. Apr. 16, 2014); *see also United States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012); *Weiss v. Allstate Ins. Co.*., 512 F. Supp. 2d 463, 472 (E.D. La. 2007). Unable to contest these cases, Plaintiffs ignore them. Ignoring them does not, however, make them disappear.

*Second*, Defendants demonstrated that the settlement of prior infringement claims is not evidence that such prior allegations had any merit. Defendants settle disputes for a multitude of reasons having nothing to do with the merits. Defendants cited numerous cases supporting this well-settled proposition. *E.g.*, *See Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265, 1271 n.2 (D. Colo. 2011); *Buric v. Kelley*, 157 F. App'x 391, 393 (2d Cir. 2005). Again, incapable of rebutting the law, Plaintiffs simply pretend it does not exist.

*Third*, Defendants demonstrated that the Federal Rules of Evidence specifically bar evidence of prior settlements to prove the validity of settled claims, and that permitting the admission of prior settlements would undermine public policy favoring the settlement of disputes. Defendants cited numerous authorities supporting this proposition. *E.g.*, *Collister Alley Music, Inc. v. Warner Bros. Records Inc.*, No. 96-cv-1762 (LMM) (HBP), 1997 WL 198081, at *1 (S.D.N.Y. Apr. 22, 1997); *Plymack v. Copley Pharm., Inc.*, No. 93-cv-2655 (KMW), 1997 WL 122801, at *3 (S.D.N.Y. Mar. 17, 1997); *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 510-11 (2d Cir.1989); *Bailey*, 696 F.3d at 800. And again, unable to dispute these

authorities, Plaintiffs simply ignore them.[3]

*Fourth*, Defendants demonstrated that prior allegations of copying or infringement – even those contained in pleadings – embrace inadmissible hearsay. Once again, Defendants cited numerous authorities for this proposition. *E.g.*, *Rivera v. Metropolitan Transit Auth.*, 750 F. Supp. 2d 456, 461 (S.D.N.Y. 2010); *Bonilla*, 2014 WL 12661621, at *16; *Instinet Inc. v. Ariel (UK) Ltd.*, No. 08-cv-7141 (JFK), 2012 WL 4195391, at *6 (S.D.N.Y. Sept. 20, 2012). And again, Plaintiffs have no response other than to pretend these authorities do not exist.

*Finally*, Defendants demonstrated that Rule 403 squarely bars the admission of prior allegations of infringement because their probative value is substantially outweighed by unfair prejudice, undue delay and time-wasting regarding collateral issues. In particular, the admission, or even mention, of such evidence would create a substantial risk that the jury will "succumb to the simplistic reasoning that if the defendant was accused of the conduct, it probably or actually occurred," which is precisely why Plaintiffs here seek to admit such evidence. *Bailey*, 696 F.3d at 801. To avoid undue prejudice and to ensure the jury decides this case on the merits of the specific infringement alleged by Plaintiffs, such evidence must be excluded. *E.g., Hartman v. Snelders*, No. 04-cv-1784 (CLP), 2010 WL 11626508, at *25 (E.D.N.Y. Jan. 28, 2010); *Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.*, 491 F.2d 1239, 1243 (5th Cir. 1974); *Weiss*, 512 F. Supp. 2d at 472; *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 285, 289 (D. Conn. 2004).

Consistent only with their pattern of ignoring that which they cannot rebut, Plaintiffs' opposition consists essentially of denying it would be prejudicial, a denial that blinks reality. Further, while Plaintiffs "respectfully disagree" – without elaboration – that the admission of such

---

[3] Defendants also demonstrated that the Federal Rules of Evidence proscribe Plaintiffs from attempting to use prior allegations of infringement to show Sheeran possesses a certain "character trait" and that he "acted in accordance" with such "trait" in authoring TOL. Again, Plaintiffs offer no response.

evidence would require the parties to engage in several mini-trials within a trial regarding the merits of those other unproven claims, that is precisely what would be necessary if such evidence were admitted or even permitted to be referenced. This, too, represents yet another reason why the evidence should be excluded. *E.g.*, *Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996); *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 369, 375 (S.D.N.Y. 2014); *ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F. Supp. 2d 383, 407 (S.D.N.Y. 1999).

This case is about whether TOL infringes LGO. It is not about any other claims of infringement.

**CONCLUSION**

It is respectfully submitted that Defendants' Third Motion *In Limine* should be granted in its entirety.

Dated: New York, New York
October 1, 2020

PRYOR CASHMAN LLP

By: */s/ Donald S. Zakarin*
Donald S. Zakarin
Ilene S. Farkas
Andrew M. Goldsmith
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony/ATV Music Publishing LLC*