UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, THE ESTATE OF CHERRIGALE TOWNSEND and THE HELEN CHRISTINE MCDONALD TRUST,<br><br>*Plaintiffs*,<br><br>-against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>*Defendants*. | ECF CASE<br><br>17-cv-5221 (LLS)<br><br>**DECLARATION OF DONALD S. ZAKARIN IN OPPOSITION TO PLAINTIFFS' FIRST MOTION *IN LIMINE*** |

I, DONALD S. ZAKARIN, declare as follows:

1. I am a member of Pryor Cashman LLP, counsel for defendants Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corporation d/b/a Atlantic Records ("Atlantic") and Sony/ATV Music Publishing LLC ("SATV," together with Sheeran and Atlantic, the "Defendants"). I have personal knowledge of, and am fully familiar with, the facts set forth in this Declaration, which I respectfully submit in opposition to the first motion *in limine* filed by the Plaintiffs.[1]

2. Specifically, I submit this Declaration to document certain facts referenced in the accompanying Memorandum of Law.

3. As Ed Sheeran testified at his deposition, Stuart Camp has been his manager practically since the inception of his career in 2010. Excerpts of Mr. Sheeran's deposition testimony are annexed as **Exhibit 1**.

---

[1] Undefined capitalized terms have the meanings given to them in the accompanying Memorandum of Law.

4. Consistent with that fact, during fact discovery in this case, which closed in the spring of 2018 (some two and one-half years ago), Defendants produced a number of documents to Plaintiffs that relate to, were directed to or emanated from Camp.

5. In addition to the fact that Sheeran testified extensively regarding Camp at his February 2018 deposition, Sheeran's interrogatory responses identify Camp as having helped prepare the responses, and of the emails the Defendants produced in discovery, Camp appeared on almost all of them.

6. Camp's original omission from Defendants' initial disclosures was not purposeful.

7. In addition to the documents we produced, much of the information to which Camp would testify at trial (which is solely related to the apportionment of profits that may arguably be attributable to non-infringing elements, and then only assuming that Plaintiffs could establish liability), already has been disclosed publicly through the Declaration that Camp submitted in the companion case commenced by Structured Asset Sales, LLC. A copy of that Declaration is annexed as **Exhibit 2**.

8. Finally, I would note that Plaintiffs have insisted that they want to call Mr. Camp as a witness on their own case. While they contend that they want to question him about Ed Sheeran's and Amy Wadge's creation of TOL, the undisputed evidence is that no one but Ed Sheeran and Amy Wadge were present when they wrote TOL, and Mr. Camp is not a percipient witness as to its creation. It is somewhat odd for Plaintiffs to seek to exclude Mr. Camp as a witness on a subject as to which he has knowledge at the same time that they demand his appearance at trial as a witness on a subject as to which he has no knowledge.

Dated: October 12, 2020

_____
DONALD S. ZAKARIN