UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, THE ESTATE OF CHERRIGALE TOWNSEND and THE HELEN CHRISTINE MCDONALD TRUST,

*Plaintiffs*,

-against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS

*Defendants*.

ECF CASE

17-cv-5221 (LLS)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR SEVENTH MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS' PROPOSED PERFORMANCE OF THE *LET'S GET IT ON* DEPOSIT COPY**

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony Music Publishing (US) LLC*

*Of Counsel:*
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith
    Brian M. Maida

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ..............................................................................................................................4

    I.    PLAINTIFFS' PROPOSED PERFORMANCE
          OF THE DEPOSIT COPY SHOULD BE BARRED ...............................................4

          A.    Plaintiffs' Proposed Performance Contravenes
                 Rules 401 And 403, And The Court's March 24,
                 2020 Order ........................................................................................................4

          B.    Defendants' Computer Audio Files Faithfully
                 Reflect The Deposit Copy And Eliminate Any
                 Need For Plaintiffs' Proposed Performance Of
                 *Let's Get It On* To The Jury ...........................................................................7

CONCLUSION ..........................................................................................................................9

## **TABLE OF AUTHORITIES**

**PAGE(s)**

**CASES**

*Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*,
    860 F. Supp. 2d 251 (S.D.N.Y. 2012)......................................................................................5

*Fahmy v. Jay Z*,
    No. 07-cv-05715 (CAS), 2015 WL 5680299 (C.D. Cal. Sept. 24, 2015)..................................5

*Hamza v. Saks Fifth Ave., Inc.*,
    No. 07-cv-5974 (FPS), 2011 WL 6187078 (S.D.N.Y. Dec. 5, 2011).......................................4

*Knight v. State Univ. of New York at Stony Brook*,
    No. 13-cv-0481 (JS) (GRB), 2016 WL 7046765 (E.D.N.Y. Dec. 2, 2016) .............................5

*Shatkin v. McDonnell Douglas Corp.*,
    727 F.2d 202 (2d Cir. 1984)......................................................................................................5

Defendants Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corporation ("Atlantic") and Sony/ATV Music Publishing LLC (n/k/a Sony Music Publishing (US) LLC) ("SMP," together with Atlantic and Sheeran, the "Defendants" and each a "Defendant"), respectfully submit this memorandum of law in support of their Seventh Motion *In Limine* for an Order precluding Plaintiffs from introducing at trial their proposed performance of the *Let's Get It On* Deposit Copy as recorded on Audio Exhibit 1 and Audio Exhibit 2, which Audio Exhibits are annexed to the accompanying Declaration of Donald S. Zakarin.

## PRELIMINARY STATEMENT

As this Court has already ruled, Plaintiffs' infringement claim is limited, at most, to the deposit copy ("Deposit Copy") of *Let's Get It On* ("LGO") registered with the Copyright Office. Defendants arranged for the creation of computer-generated audio files of LGO that conform to the Deposit Copy (the "Computer Audio Files"). After receiving the Computer Audio Files from Defendants, Plaintiffs acknowledged that they reflect the Deposit Copy, advising they had no objection to Defendants offering those files as evidence during their case. However, Plaintiffs have refused to limit themselves to the use of those Computer Audio Files. Instead, they have insisted on offering their own purported realization of the Deposit Copy, as reflected in two audio files they provided to Defendants, which contain two different "performances" of the Deposit Copy by a musician and vocalist. The fact that these two recordings differ from each other, in and of itself, undermines the admissibility of this evidence, as there is only one Deposit Copy. More importantly, as discussed below, neither of Plaintiffs' recordings conforms to the Deposit Copy.

But Plaintiffs do not contemplate using either of the two different audio files at trial. Instead, Plaintiffs have advised that they intend to call upon the musician and vocalist who performed on the two audio files to render his purported live performance of the Deposit Copy

1

during trial, supposedly consistent with one or both of those audio files ("Plaintiffs' Proposed Performance").[1]

The fundamental problem with Plaintiffs' Proposed Performance of the Deposit Copy, assuming it would be consistent with either of the two audio files they provided to Defendants' counsel, is that neither of the two audio files is remotely faithful to the Deposit Copy but, instead, intentionally misrepresent it. They include elements nowhere notated in the Deposit Copy and, compounding the distortion, they try to mimic *Thinking Out Loud* ("TOL") in ways not actually expressed in the Deposit Copy. Thus, even if Plaintiffs' Proposed Performance were faithful to the two audio files, it would be in complete violation of this Court's March 24, 2020 Order. (ECF 121). Allowing Plaintiffs' Proposed Performance to be played to the jury would be irremediably prejudicial, constituting grounds for a mistrial because, once LGO is performed for the jury containing elements nowhere found in the Deposit Copy, it cannot be unheard by the jurors.

On March 24, 2020, the Court granted Defendants' First, Second and Third Motions *In Limine* and "limit[ed] Plaintiffs to comparing [TOL] with the musical composition [LGO] as reflected in the deposit copy filed with the Copyright Office for that work." (ECF 121 at 2). The Court further ruled that the Marvin Gaye sound recording of *Let's Get It On* (the "LGO Recording") "contains many elements: percussion/drums, bass-guitar, guitars, Gaye's vocal performances, horns, flutes, etc.," that "are not protected by copyright, because they are not in the Deposit Copy." (*Id.* at 2). Rejecting Plaintiffs' argument that certain elements could be "implied" into the Deposit Copy, the Court also expressly ruled that "the field of protected elements" is <u>not</u> "enlarged on the theory they are consistent, and harmonize with the work as articulated in the Deposit Copy, and

---

[1] Plaintiffs never disclosed their musician and vocalist as a Rule 26 expert, nor did their expert musicologist opine on either audio file. One audio file is recorded in the key of D, and one is recorded in the key of E Flat.

are implied by the way the articulated elements are expressed. If what is implied is not in the Deposit Copy, it does not have the protection of copyright." (*Id.*). The Court further ruled that the LGO Recording "is inadmissible in any way which might confuse the jury into thinking it represents what is protected by copyright." (*Id.* at 3).

This Court's March 24, 2020 Order is law of the case, and Plaintiffs have known that their evidence is limited in accordance with this Order for nearly three years. Plaintiffs' Proposed Performance directly seeks to evade the restrictions imposed by that Order and, in so doing, will cause substantial, irreparable prejudice and jury confusion and deprive Defendants of their right to a trial on the merits of properly admissible evidence.

In contrast to Plaintiffs' Proposed Performance, Defendants engaged Paul Geluso, a professional music recording engineer and the Director of the Music Technology Program at NYU's Steinhardt School, to create an accurate realization of the Deposit Copy. Mr. Geluso created the Computer Audio Files alluded to above by inputting the information contained in the Deposit Copy into a computer program, which program then generated sounds without any subjective human performance elements or embellishments. Thus, the Computer Audio Files indisputably represent exactly what is reflected in the Deposit Copy.[2]

As noted above, Plaintiffs have advised that they have <u>no objection</u> to the admission of the Computer Audio Files at trial, nor could they legitimately object to their admission because the Computer Audio Files, in fact, accurately represent the Deposit Copy. That being the case, there is no need for Plaintiffs' Proposed Performance to be presented to the jury to begin with and it

---

[2] The Computer Audio Files that Defendants furnished to Plaintiffs are annexed as Audio Exhibits 3-5 to the Zakarin Declaration. These Computer Audio Files update a prior set provided to Plaintiffs (which prior set Plaintiffs acknowledged accurately realized the Deposit Copy), improve the audio quality and correct inconsequential discrepancies (mostly in a few words of the lyrics, which are not at issue in this case).

should not be presented to the jury because it is anything but an accurate representation of the Deposit Copy. Given that the two proposed audio files provided by Plaintiffs contradict not only the Deposit Copy but also each other, there is no telling what Plaintiffs' Proposed Performance could be at trial, but, even if faithful to either of the two audio files, it would not be faithful to the Deposit Copy. There is thus no reason to wait until trial to address Plaintiffs' Proposed Performance because it is already indisputable that it is inconsistent with the Deposit Copy, and the trial risk is too great to defer this issue to trial.

Because Plaintiffs' Proposed Performance contravenes Rule 401, Rule 403 and the Court's March 24, 2020 Order and because it is undisputed and indisputable that the Computer Audio Files represent an empirically accurate representation of the Deposit Copy, the Court should bar Plaintiffs from offering their Proposed Performance at trial.

## ARGUMENT

### I. PLAINTIFFS' PROPOSED PERFORMANCE OF THE DEPOSIT COPY SHOULD BE BARRED

#### A. Plaintiffs' Proposed Performance Contravenes Rules 401 And 403, And The Court's March 24, 2020 Order

Plaintiffs' Proposed Performance of the Deposit Copy should be excluded because it violates Rules 401 and 403, and the Court's March 24, 2020 Order (ECF 121) which, consistent with the law, clearly and unambiguously limited the copyright of LGO to the Deposit Copy.[3] *See, e.g., Hamza v. Saks Fifth Ave., Inc.*, No. 07-cv-5974 (FPS), 2011 WL 6187078, at *7 (S.D.N.Y.

---

[3] Not only does this Court's March 24, 2020 Order make clear that anything not expressed in the LGO Deposit Copy is not within the LGO copyright, Plaintiffs are also fully aware of this Court's September 9, 2021 Order in the parallel case brought by Structured Asset Sales, LLC (an entity with which Plaintiffs have closely collaborated). That Order reiterated the March 24, 2020 Order in this case and specifically held that "[t]here is no genuine question that there is no notation or specification of a bass line in the Deposit Copy," which "is apparent from a visual inspection, and is beyond dispute." (*See* 18-cv-5839 (LLS), ECF 197).

4

Dec. 5, 2011) (precluding evidence under Rule 401 "not probative of any disputed issue in this case"); *Knight v. State Univ. of New York at Stony Brook*, No. 13-cv-0481 (JS) (GRB), 2016 WL 7046765, at *1 (E.D.N.Y. Dec. 2, 2016) (excluding evidence under Rule 401 that "has no bearing on [plaintiff's] claim"); *Fahmy v. Jay Z*, No. 07-cv-05715 (CAS), 2015 WL 5680299, at *14 (C.D. Cal. Sept. 24, 2015) (excluding sound recordings because they "carr[y] a significant risk of confusing and misleading the jury" since they are not "a representation of [plaintiff's] copyright in the written composition" at issue); *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202, 208 (2d Cir. 1984) (excluding evidence under Rule 403 that would result in an "apples and oranges comparison"); *Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 256 (S.D.N.Y. 2012) (excluding evidence under Rule 403 that would result in a "misleading comparison").

Plaintiffs' two audio files establish that Plaintiffs' Proposed Performance should not be allowed, as these files represent two different, purposefully and materially inaccurate subjective "renditions" of the Deposit Copy. The fact that the two audio files differ *from each other* underscores the impropriety of what Plaintiffs intend to present at trial, as there is only one Deposit Copy, and yet Plaintiffs apparently intend to show the various ways the Deposit Copy can be "performed" or "implied," in direct contravention of this Court's prior Orders.[4]

Playing Plaintiffs Proposed Performance to the jury (and one is left only to guess what exactly that will be) would result in substantial prejudice to Defendants in violation of Rule 403 because it attempts to channel the already-barred LGO Recording while also mimicking TOL in a transparent attempt to manufacture similarities between the two compositions that do not exist in

---

[4] To be clear, the differences between the two audio files exist even when compared in the same key signature.

the Deposit Copy. And that prejudice is not remediable because no matter what curative instructions may be given, the jurors cannot unhear Plaintiffs' Proposed Performance after it has been played for them.

As detailed in the accompanying Declaration of Defendants' expert musicologist, Dr. Lawrence Ferrara, Plaintiffs' Proposed Performance does not remotely reflect an accurate realization of the Deposit Copy. For example, many of the guitar chords are played with the incorrect note as the lowest note of the chord, which Plaintiffs have done in clear effort to imply a low "bass" note into the Deposit Copy, where no bass line is notated in the Deposit Copy. This is in violation of the March 24, 2020 Order, which makes clear that what is not in the Deposit Copy cannot be "implied" and in willful disregard of this Court's holding in the parallel Structured Asset Sales case that it is "beyond dispute" that there is no bass line in the Deposit Copy. It is also an improper and inadmissible attempt to pretend that the Deposit Copy "contains" a bass line similar to the actual bass line in TOL.[5] As further detailed in the Ferrara Declaration, Plaintiffs' Proposed Performance also features guitar strumming rhythmic patterns that are <u>not</u> notated in the Deposit Copy.

Not content to misrepresent the Deposit Copy in the ways already noted above, Plaintiffs' Proposed Performance also intentionally misrepresents the vocal melody. As detailed in the Ferrara Declaration, the vocal melody is sung off-key with omitted notes, incorrect pitches and incorrect rhythmic durations. This alteration of the vocal melody is plainly no accident; this is at least the second time Plaintiffs have altered the vocal melody. Simply put, Plaintiffs' audio files

---

[5] Despite this Court's Orders that what is not expressed in the Deposit Copy cannot be implied into it and that it is "beyond dispute" that the Deposit Copy does not express any bass line, Plaintiffs' Proposed Performance attempts to "imply" a bass line into the Deposit Copy that does not exist, in plain violation of this Courts' unambiguous Orders.

6

have intentionally altered the vocal melody, just as Dr. Stewart intentionally altered the vocal melodies, in an attempt to manufacture claimed similarities that do not exist, a falsification of the Deposit Copy that Dr. Ferrara already has documented and will demonstrate at trial.

Compounding the distortion further, as further detailed in the Ferrara Declaration, the two proposed performances that Plaintiffs seek to offer present two <u>different</u> interpretations of the vocal melody, and <u>neither</u> interpretation is accurate.  That Plaintiffs seemingly contend that there is more than one version of the very singular Deposit Copy of LGO bespeaks that their goal is to confuse and mislead the jury.  In short, Plaintiffs' Proposed Performance is, from first to last, a transparent alteration of evidence to fabricate similarities between the two works that do not exist and are based on elements that nowhere appear in the Deposit Copy.  Not only does Plaintiffs' Proposed Performance have zero probative value – because it does not present an accurate realization of the Deposit Copy – but admitting such evidence would cause substantial, irreparable prejudice and deprive Defendants their right to a fair and impartial trial.

      **B.**      **Defendants' Computer Audio Files Faithfully Reflect  
             The Deposit Copy And Eliminate Any Need For Plaintiffs'  
             Proposed Performance Of *Let's Get It On* To The Jury**

Defendants engaged a record producer, sound engineer and the Director of the Music Technology Program at NYU's Steinhardt School who used a computer software program to create audio files that accurately represent the Deposit Copy.  These audio files have been computer-generated and are objective reproductions of the Deposit Copy without embellishment.  It is indisputable that the Computer Audio Files represent an empirically accurate realization of the

Deposit Copy.[6]  Indeed, Plaintiffs have advised they have <u>no objection</u> to the Computer Audio Files being played during trial, necessarily admitting that they represent an accurate performance of the Deposit Copy.[7]

Accordingly, given that the Computer Audio Files represent an accurate realization of the Deposit Copy, Plaintiffs' Proposed Performance – even were it an accurate realization of the Deposit Copy, and it undoubtedly will be anything but – is wholly unnecessary.  Plaintiffs should not be allowed to obtain a tainted verdict by misleading and confusing the jury by offering evidence that this Court already has excluded, evidence that purposefully deviates from the Deposit Copy in misleading, prejudicial ways.

Plaintiffs have repeatedly demonstrated that they will not comply with this Court's Orders that barred Plaintiffs from offering musical elements that do not appear in the Deposit Copy.  By way of example, in the lengthy back and forth in drafting the Liability Pretrial Order, as late as February 17, 2023, Plaintiffs insisted on (a) claiming, in their own proposed findings of fact, an alleged similarity that is based on an "implied bass line" that this Court has repeatedly ruled nowhere exists in the Deposit Copy and (b) referring to the Marvin Gaye recording, which this

---

[6] Because the Deposit Copy does not notate a tempo and because a tempo must be utilized for any composition to be performed, the Computer Audio Files that Defendants have shared with Plaintiffs utilize a tempo that make the Deposit Copy appear more similar to TOL than it actually is; however, for the sake of comparison, Defendants also intend to offer Computer Audio Files played at faster and slower tempos.

[7] Although Plaintiffs' concession that they have no objection to the use of the Computer Audio Files should be sufficient to confirm they are consistent with the Deposit Copy, Defendants have no objection to the Court having an independent musicologist confirm that they reflect what is expressed in the Deposit Copy.

Court also has made clear has been excluded.[8] Plaintiffs' Proposed Performance, too, reflects their refusal to limit their proposed evidence to what this Court has Ordered. Given their continuing refusal to comply with this Court's Orders, it is clear that no instruction to Plaintiffs' proposed performer to restrict his performance to elements actually notated in the Deposit Copy can possibly assure compliance.

The consequent risk to the integrity of this trial caused by Plaintiffs' persistent disregard for this Court's Orders is so great that Plaintiffs should not be permitted to pursue their clearly intended strategy of filling the evidentiary holes in their case with falsified versions of LGO. Plaintiffs' Proposed Performance should be barred in its entirety.

## CONCLUSION

It is respectfully submitted that Defendants' Seventh Motion *In Limine* should be granted in its entirety.

Dated: New York, New York
February 24, 2023

          PRYOR CASHMAN LLP

          By: */s/ Donald S. Zakarin*
              Donald S. Zakarin
              Ilene S. Farkas
              Andrew M. Goldsmith
              Brian M. Maida
          7 Times Square
          New York, NY 10036
          (212) 421-4100

          *Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony Music Publishing (US) LLC*

---

[8] Unless Plaintiffs withdraw all references to musical elements this Court already has excluded from the Liability Pretrial Order, Defendants will address such improper references by separate motion.