UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, THE ESTATE
OF CHERRIGALE TOWNSEND and THE HELEN
CHRISTINE TOWNSEND MCDONALD TRUST

*Plaintiffs*,

-against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED
SHEERAN, ATLANTIC RECORDING
CORPORATION, d/b/a ATLANTIC RECORDS,
SONY/ATV MUSIC PUBLISHING, LLC, and
WARNER MUSIC GROUP CORPORATION, d/b/a
ASYLUM RECORDS

*Defendants*.

ECF CASE

17-cv-5221 (LLS)

**DEFENDANTS' PROPOSED
SPECIAL VERDICT FORM FOR
LIABILITY PHASE OF TRIAL**

In accordance with Paragraph 7 of the Scheduling Order dated October 26, 2022, Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony Music Publishing (US) LLC (f/k/a Sony/ATV Music Publishing LLC) (collectively, "Defendants"), submit the following Proposed Special Verdict Forms for the liability phase of trial.

Because Defendants imminently intend to file an Eighth Motion *In Limine*, which will seek to preclude Plaintiffs from arguing – or offering any testimony or evidence – that the selection and arrangement of unprotectable elements in *Let's Get It On* ("LGO") includes the composition's key signature, Defendants submit two alternative Special Verdict Forms for the liability phase of trial. The first Special Verdict Form, annexed as **Exhibit A**, excludes the key signature from the alleged selection and arrangement; the second Special Verdict Form, annexed as **Exhibit B**, asks the jury to decide whether key signature can be included in the alleged selection and arrangement.

Dated: New York, New York
      March 15, 2023

                                   PRYOR CASHMAN LLP

                                   By:*/s/ Donald S. Zakarin*
                                        Donald S. Zakarin
                                        Ilene S. Farkas
                                        Andrew M. Goldsmith
                                        Brian M. Maida
                                  7 Times Square
                                  New York, New York 10036-6569
                                  Telephone:  (212) 421-4100
                                  Facsimile:  (212) 326-0806

                                  *Attorneys for Defendants*

# EXHIBIT A

## QUESTION 1

The Plaintiffs must also prove, by a preponderance of the evidence, that the combination of the unprotectable, commonplace elements (the chord progression and harmonic rhythm) used in "Let's Get It On" are sufficiently numerous to be entitled to copyright protection as a selection and arrangement of unprotectable musical elements.

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the specific selection and arrangement of the two unprotectable, commonplace elements (the chord progression and the harmonic rhythm, which is the rhythm at which the chord progression is played) in "Let's Get It On" are numerous enough to be entitled to copyright protection as an original selection and arrangement of otherwise unprotectable musical elements?

Yes _____             No _____

If your answer is "No," please skip Questions 2, 3 and 4 and proceed to Question 5.  If your answer is "Yes," please proceed to Question 2.

1

## QUESTION 2

The Plaintiffs are also required to prove, by a preponderance of the evidence, that the specific combination of the commonplace, unprotectable elements of the chord progression and harmonic rhythm used in "Let's Get It On" is unique, meaning new and novel and, therefore, was not used in songs prior to "Let's Get It On."

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the specific selection and arrangement of the unprotectable chord progression and harmonic rhythm, as used in "Let's Get It On," was new and novel and not used in songs prior to "Let's Get It On"?

Yes _____                    No _____

If your answer is "No," please skip Questions 3 and 4 and proceed to Question 5.  If your answer is "Yes," please proceed to Question 3

**QUESTION 3**

If you have answered "Yes" to Questions 1 and 2, the Plaintiffs also have to prove, by a preponderance of the evidence, that in creating "Thinking Out Loud," Ed Sheeran and Amy Wadge, the authors of "Thinking Out Loud," <u>actually</u> copied from "Let's Get It On" and, in particular, that they actually copied from "Let's Get It On" (1) the unprotectable chord progression, (2) the unprotectable harmonic rhythm, and (3) the specific selection and arrangement of those unprotectable elements used in "Let's Get It On." To remind you, in determining actual copying, you are not considering whether the copying was wrongful, which is a separate issue you will need to consider only if you find that Ed Sheeran and Amy Wadge actually copied "Let's Get It On" in creating "Thinking Out Loud."

In this regard, Defendants have claimed that Ed Sheeran and Amy Wadge independently created "Thinking Out Loud" using commonplace and unprotectable musical building blocks such as a chord progression and harmonic rhythm without copying those elements from "Let's Get It On." Defendants have the burden of proving to you by a preponderance of the evidence that Ed Sheeran and Amy Wadge independently created "Thinking Out Loud."

If you find that Ed Sheeran and Amy Wadge independently created "Thinking Out Loud" or that they came up with their own specific selection and arrangement of commonplace and unprotectable musical elements that have been used by many songwriters in many songs in creating "Thinking Out Loud" and did not copy from "Let's Get It On," then the Plaintiffs have failed to prove to you that Ed Sheeran and Amy Wadge actually copied from "Let's Get It On" and your answer to the below Question will be "No."

On the other hand, if you find that the Plaintiffs proved to you, by a preponderance of the evidence, that in creating "Thinking Out Loud," Ed Sheeran and Amy Wadge actually copied the

chord progression and the harmonic rhythm from "Let's Get It On," and actually copied the specific selection and arrangement of those unprotectable elements in "Let's Get It On," then your answer to the below Question will be "Yes."

In authoring "Thinking Out Loud," did Ed Sheeran and Amy Wadge actually copy from "Let's Get It On" and, in particular, did they actually copy from "Let's Get It On" (1) the unprotectable chord progression, (2) the unprotectable harmonic rhythm, and (3) the specific selection and arrangement of those unprotectable elements used in "Let's Get It On."

Yes _____          No _____

If your answer is "No," please skip Question 4 and proceed to Question 5.  If your answer is "Yes," please proceed to Question 4.

**QUESTION 4**

If you have answered "Yes" to Questions 1, 2 and 3, the Plaintiffs also must prove to you, by a preponderance of the evidence, that <u>all</u> of the following – the chord progression, the harmonic rhythm <u>and</u> the specific selection and arrangement of those elements – are identical or virtually identical in both "Thinking Out Loud" and "Let's Get It On."

Have the Plaintiffs proved to you, by a preponderance of the evidence, all of the following: (1) that the chord progressions in each song are identical or virtually identical; (2) that the harmonic rhythm in each song is identical or virtually identical; and (3) that the specific selection and arrangement of those elements in "Thinking Out Loud" is <u>identical</u> or <u>virtually identical</u> to the specific selection and arrangement of those elements in "Let's Get It On"?

Yes _____          No _____

Regardless of whether you answered "Yes" or "No" to Question 4, please proceed to Question 5.

**QUESTION 5**

The Plaintiffs also claim that Ed Sheeran and Amy Wadge, in creating "Thinking Out Loud," copied certain melodies from "Let's Get It On" and that those melodies in "Let's Get It On" and "Thinking Out Loud" are substantially similar.  Ed Sheeran and Amy Wadge dispute that they copied any of the melodies from "Let's Get It On" and also dispute that the melodies are substantially similar.

In order to find that the melodies in "Thinking Out Loud" infringe upon the melodies in "Let's Get It On," the Plaintiffs first must prove to you, by a preponderance of the evidence, that in creating "Thinking Out Loud," Ed Sheeran and Amy Wadge actually copied the melodies from "Let's Get It On."

Have the Plaintiffs proved to you, by a preponderance of the evidence, that in creating "Thinking Out Loud," Ed Sheeran and Amy Wadge actually copied the melodies at issue from "Let's Get It On" and did not, instead, independently create the melodies in "Thinking Out Loud"?

Yes _____             No _____

If you have answered "No" to any of Questions 1 through 4 and have answered "No" to Question 5, then stop here and sign and date the last page, and return this verdict form.

If you have answered "Yes" to Question 5, then please proceed to Question 6.

6

**QUESTION 6**

If you have answered "Yes" to Question 5, then in order to find infringement with respect to the melodies, the Plaintiffs also must prove to you, by a preponderance of the evidence, that, in creating "Thinking Out Loud," Ed Sheeran and Amy Wadge wrongfully copied the melodies at issue from "Let's Get It On" – that is, that the melodies at issue in "Thinking Out Loud" are substantially similar to the melodies at issue in "Let's Get It On."

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the melodies at issue in "Thinking Out Loud" are substantially similar to the melodies at issue in "Let's Get It On"?

Yes _____                    No _____

You may proceed to the final page and sign and date this verdict form.

**<u>Sign and Date This Verdict Form Here:</u>**


**<u>Foreperson's signature:                                    </u>**

**<u>Print name:                                               </u>**

**<u>Date:                   </u>**

# EXHIBIT B

**QUESTION 1**

The Court has instructed you that the key, the chord progressions and the harmonic rhythm of the chords, known as "anticipation," in both "Let's Get it On" and "Thinking Out Loud" are commonplace and unprotectable musical building blocks freely available to all songwriters to use.

The Plaintiffs have asserted what I have explained to you in my instructions is a selection and arrangement copyright infringement claim. The first thing that the Plaintiffs have to prove, by a preponderance of the evidence, is what are the musical elements of their selection and arrangement claim. Plaintiffs have argued to you that their claim consists of a specific combination of the commonplace, unprotectable key, chord progression and harmonic rhythm used in "Let's Get It On" (called a "selection and arrangement"). Defendants have argued that Plaintiffs have never asserted that key is one of the elements of their selection and arrangement claim, and that only the unprotectable chord progression and the unprotectable harmonic rhythm can be considered as part of Plaintiffs' selection and arrangement claim. Defendants have further argued that because both expert musicologists transposed the two songs from different keys into the same key to compare them to each other, key cannot be considered part of Plaintiffs' selection and arrangement claim.

Have Plaintiffs proved to you, by a preponderance of the evidence, that the key is one of the elements of their selection and arrangement claim?

Yes _____              No _____

Please proceed to Question 2.

**QUESTION 2**

The Plaintiffs also must also prove, by a preponderance of the evidence, that the combination of the unprotectable, commonplace elements (the chord progression, harmonic rhythm and key, if you have so found the key to be part of Plaintiffs' selection and arrangement) used in "Let's Get It On" are sufficiently numerous to be entitled to copyright protection as a selection and arrangement of unprotectable musical elements.

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the specific selection and arrangement of the unprotectable, commonplace elements, whether two elements (the chord progression and the harmonic rhythm, which is the rhythm at which the chord progression is played) – or three elements (the chord progression, harmonic rhythm and the key, if you have so found the key to be part of Plaintiffs' selection and arrangement) – in "Let's Get It On" are numerous enough to be entitled to copyright protection as an original selection and arrangement of otherwise unprotectable musical elements?

Yes _____                 No _____

If your answer is "No," please skip Questions 3, 4 and 5 and proceed to Question 6.  If your answer is "Yes," please proceed to Question 3.

2

**<u>QUESTION 3</u>**

The Plaintiffs are also required to prove, by a preponderance of the evidence, that the specific combination of the commonplace, unprotectable elements of the chord progression, harmonic rhythm and key (if you have so found the key to be part of Plaintiffs' selection and arrangement) used in "Let's Get It On" is unique, meaning new and novel and, therefore, was not used in songs <u>prior</u> to "Let's Get It On."

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the specific selection and arrangement of the unprotectable chord progression, harmonic rhythm and key (if you have so found the key to be part of Plaintiffs' selection and arrangement), as used in "Let's Get It On," was new and novel and not used in songs prior to "Let's Get It On"?

Yes _____                    No _____

If your answer is "No," please skip Questions 4 and 5 and proceed to Question 6.  If your answer is "Yes," please proceed to Question 4

3

**QUESTION 4**

If you have answered "Yes" to Questions 2 and 3, the Plaintiffs also have to prove, by a preponderance of the evidence, that in creating "Thinking Out Loud," Ed Sheeran and Amy Wadge, the authors of "Thinking Out Loud," <u>actually</u> copied from "Let's Get It On" and, in particular, that they actually copied from "Let's Get It On" (1) the unprotectable chord progression, (2) the unprotectable harmonic rhythm, (3), the unprotectable key (if you have so found the key to be part of Plaintiffs' selection and arrangement), and (4) the specific selection and arrangement of those unprotectable elements used in "Let's Get It On."  To remind you, in determining actual copying, you are not considering whether the copying was wrongful, which is a separate issue you will need to consider only if you find that Ed Sheeran and Amy Wadge actually copied *"Let's Get It On" in creating "Thinking Out Loud."

In this regard, Defendants have claimed that Ed Sheeran and Amy Wadge independently created "Thinking Out Loud" using commonplace and unprotectable musical building blocks such as a chord progression, harmonic rhythm and, key (if you have found key to be part of Plaintiffs' selection and arrangement) without copying those elements from "Let's Get It On."  Defendants have the burden of proving to you by a preponderance of the evidence that Ed Sheeran and Amy Wadge independently created "Thinking Out Loud."

If you find that Ed Sheeran and Amy Wadge independently created "Thinking Out Loud" or that they came up with their own specific selection and arrangement of commonplace and unprotectable musical elements that have been used by many songwriters in many songs in creating "Thinking Out Loud" and did not copy from "Let's Get It On," then the Plaintiffs have failed to prove to you that Ed Sheeran and Amy Wadge actually copied from "Let's Get It On" and your answer to the below Question will be "No."

On the other hand, if you find that the Plaintiffs proved to you, by a preponderance of the evidence, that in creating "Thinking Out Loud," Ed Sheeran and Amy Wadge actually copied the chord progression, the harmonic rhythm,  the key (if you have found the key to be part of Plaintiffs' selection and arrangement) from "Let's Get It On," and actually copied the specific selection and arrangement of those unprotectable elements in "Let's Get It On," then your answer to the below Question will be "Yes."

In authoring "Thinking Out Loud," did Ed Sheeran and Amy Wadge actually copy from "Let's Get It On" and, in particular, did they actually copy from "Let's Get It On" (1) the unprotectable chord progression, (2) the unprotectable harmonic rhythm, (3) the unprotectable key (if you have so found the key to be part of Plaintiffs' selection and arrangement), and (4) the specific selection and arrangement of those unprotectable elements used in "Let's Get It On."

Yes _____            No _____

If your answer is "No," please skip Question 5 and proceed to Question 6.  If your answer is "Yes," please proceed to Question 5.

**QUESTION 5**

If you have answered "Yes" to Questions 2, 3 and 4, the Plaintiffs also must prove to you, by a preponderance of the evidence, that <u>all</u> of the following – the chord progression, the harmonic rhythm and the key, if you so have found the key to be part of Plaintiffs' selection and arrangement claim, <u>and</u> the specific selection and arrangement of those elements – are identical or virtually identical in both "Thinking Out Loud" and "Let's Get It On."

Have the Plaintiffs proved to you, by a preponderance of the evidence, all of the following: (1) that the chord progressions in each song are identical or virtually identical; (2) that the harmonic rhythm in each song is identical or virtually identical; (3) that the key of each song (if included in the selection and arrangement) is identical or virtually identical; and (4) that the specific selection and arrangement of those elements in "Thinking Out Loud" is <u>identical</u> or <u>virtually identical</u> to the specific selection and arrangement of those elements in "Let's Get It On"?

Yes _____                    No _____

Regardless of whether you answered "Yes" or "No" to Question 5, please proceed to Question 6.

**QUESTION 6**

The Plaintiffs also claim that Ed Sheeran and Amy Wadge, in creating "Thinking Out Loud," copied certain melodies from "Let's Get It On" and that those melodies in "Let's Get It On" and "Thinking Out Loud" are substantially similar.  Ed Sheeran and Amy Wadge dispute that they copied any of the melodies from "Let's Get It On" and also dispute that the melodies are substantially similar.

In order to find that the melodies in "Thinking Out Loud" infringe upon the melodies in "Let's Get It On," the Plaintiffs first must prove to you, by a preponderance of the evidence, that in creating "Thinking Out Loud," Ed Sheeran and Amy Wadge actually copied the melodies from "Let's Get It On."

Have the Plaintiffs proved to you, by a preponderance of the evidence, that in creating "Thinking Out Loud," Ed Sheeran and Amy Wadge actually copied the melodies at issue from "Let's Get It On" and did not, instead, independently create the melodies in "Thinking Out Loud"?

Yes _____                No _____

If you have answered "No" to any of Questions 2 through 5 and have answered "No" to Question 6, then stop here and sign and date the last page, and return this verdict form.

If you have answered "Yes" to Question 6, then please proceed to Question 7.

**QUESTION 7**

If you have answered "Yes" to Question 6, then in order to find infringement with respect to the melodies, the Plaintiffs also must prove to you, by a preponderance of the evidence, that, in creating "Thinking Out Loud," Ed Sheeran and Amy Wadge wrongfully copied the melodies at issue from "Let's Get It On" – that is, that the melodies at issue in "Thinking Out Loud" are substantially similar to the melodies at issue in "Let's Get It On."

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the melodies at issue in "Thinking Out Loud" are substantially similar to the melodies at issue in "Let's Get It On"?

Yes _____            No _____

You may proceed to the final page and sign and date this verdict form.

**Sign and Date This Verdict Form Here:**

**Foreperson's signature:** _____

**Print name:** _____

**Date:** _____