# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, THE ESTATE OF CHERRIGALE TOWNSEND and THE HELEN CHRISTINE TOWNSEND MCDONALD TRUST<br><br>*Plaintiffs*,<br><br>-against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>*Defendants*. | ECF CASE<br><br>17-cv-5221 (LLS)<br><br>**PRETRIAL CONSENT ORDER [LIABILITY PHASE]** |

**THE PARTIES**, having exchanged proposed findings and counter-findings of fact in accordance with the Pretrial Procedures of United States District Judge Louis L. Stanton, hereby submit the following:

A.  <u>**Agreed Findings of Fact**</u>

1.  In 1973, Edward Benjamin Townsend ("Townsend") authored the musical composition "Let's Get It On."

2.  On or about July 17, 1973, music publishers Stone Diamond Music Corp. ("Stone Diamond") and Cherritown Music Co. ("Cherritown Music"), Ed Townsend's music publishing company, as copyright owners, filed an Application for Registration of a Claim to Copyright with the U.S. Copyright Office for the musical composition "Let's Get It On," depositing with the Copyright Office two complete copies of the best edition of "Let's Get It On" then published, which copies consisted of written sheet music (the "Deposit Copy").

3.  In or around July 1973, the Copyright Office registered "Let's Get It On," as

1

evidenced by the Deposit Copy, for copyright under Registration No. EP 314589.

4.      On March 24, 2020, the Court ruled that the LGO "sheet music deposited with the Copyright Office ("Deposit Copy") defines precisely what was the subject of copyright," that "the scope of the copyright is limited by the deposit copy," and that "the field of protected elements [is not] enlarged on the theory they are consistent, and harmonize with the work as articulated in the Deposit Copy, and are implied by the way the articulated elements are expressed."  (ECF 121 at 1-2; citations, quotations & brackets omitted).

5.      Through a series of agreements, Stone Diamond Music Co. and/or its affiliate Jobete Music Co., Inc., ultimately became the sole owner of Townsend's copyright interest in and to "Let's Get It On"; Townsend retained a beneficial interest in the right to receive songwriter royalties attributable to "Let's Get It On."

6.      The enumerated Plaintiffs, Katherine Townsend Griffin, the Estate of Cherrigale Townsend, and the Helen Christine Townsend McDonald Trust, collectively, own a 22.22% beneficial interest in the right to receive songwriter royalties attributable to "Let's Get It On" based on succeeding to two-thirds of Ed Townsend's two-thirds writer's share of "Let's Get It On."

7.      On or about February 3, 2014, Ed Sheeran ("Sheeran") and Amy Wadge ("Wadge") co-authored the musical composition "Thinking Out Loud" at Sheeran's house in Suffolk, England.

8.      On February 5, 2014, Sheeran recorded what would become the commercially released and copyrighted version of "Thinking Out Loud" at Sticky Studios in Surrey, England.

9.      Prior to authoring "Thinking Out Loud," Sheeran had previously heard and/or, aware of, "Let's Get It On."

10.      "Thinking Out Loud" won a Grammy Award for "Song of the Year" in 2016.

11.      The instant Plaintiffs filed their Complaint commencing this action on July 11, 2017,

alleging that the musical composition "Thinking Out Loud" infringes upon the copyright in the musical composition "Let's Get It On."

12.     The Plaintiffs' pending claims are predicated upon "copyright infringement," "infringement of copyright claim for statutory damages," "demand for accounting," and "preliminary and permanent injunction."

13.     On January 2, 2019, the Court issued an Order in which it ruled that, "[i]n the context of musical compositions, common elements are not entitled to copyright protection because they are no longer original and already in the public domain," and that "[t]hose unprotectable elements include," among other things, "key," "meter," "common song structures," and "common chord progressions."

14.     On August 18, 2020, the Court issued an Order in which it ruled that "there is uncontradicted proof that those elements in this case" – *i.e.*, the "chord progression" and "harmonic rhythm" in "Let's Get It On" – "are common musical techniques."

15.     There are no alleged similarities between the lyrics in "Let's Get It On" and "Thinking Out Loud."

**B.     Plaintiffs' Proposed Findings of Fact**

1.      "Let's Get It On" features a unique selection, coordination and arrangement of elements, specifically (a) I-iii-IV-V harmonic progression; (b) harmonic rhythm of anticipated second and fourth chords; (c) in the key of E flat major.  (Declaration of Dr. Alexander Stewart, at Paragraph 47, Doc. 81).

2.      "Thinking Out Loud" also features (a) I-iii-IV-V harmonic progression; (b) anticipated second and fourth chords; (c) in the key of D major (Declaration of Dr. Alexander Stewart, at Paragraph 47, Doc. 81).

3

3.     In an e-mail communication with his manager, Mr. Stuart Camp, the Defendant, Edward Christopher Sheeran, admits that the drums in "Thinking Out Loud" sound "like Marvin Gaye".  (Declaration of Patrick R. Frank, at Exhibit 13, Doc. 82).

4.     "Thinking Out Loud" has no pitch "D" on the second chord for the first twenty-four (24) seconds of the commercial recording.  (Declaration of Ilene Farkas, at Exhibit 3, Doc. 67).

5.     The combination of notes F# and A and the absence of D (the root note) strongly indicate that this chord should be analyzed as F# minor (as it presents in "Let's Get It On". (Declaration of Dr. Alexander Stewart, at Paragraph Eight, Doc. 81).

6.     The Defendant, Edward Christopher Sheeran, knew the words to the chorus of "Let's Get It On" at a concert in November of 2014 in Zurich, at which the Defendant, Edward Christopher Sheeran, performed the chorus "Let's Get It On" during the interlude of "Thinking Out Loud".  (Declaration of Patrick R. Frank, at Exhibit 12, Doc. 82).

7.     The chorus of "Let's Get It On" contains similar pitch sequences to the verses of "Thinking Out Loud".  (Declaration of Dr. Alexander Stewart, at Paragraph Fifty-Eight (58), Doc. 81).

8.     The overall similarity of the harmony, anticipated second and fourth chords, minimizes any differences in pitch sequences between the pitch sequence of the chorus of "Let's Get It On", as sang by the Defendant, Edward Christopher Sheeran.  (Declaration of Dr. Alexander Stewart, at Paragraphs Fifty-Nine and Sixty, Doc. 81).

9.     The "Let's Get It On" sheet music deposit copy and the "Let's Get It On" single version have the same form/structure.  (Declaration of Ilene Farkas, at Exhibit "3", Doc. 67).

10.     The overall melodies in the "Let's Get It On" deposit copy are substantially the

4

same as the overall vocal melodies in the "Let's Get It On" recording.  (Declaration of Lawrence Ferrara, at Paragraph Twelve, Doc. 68).

11.     Melody "B" and Melody "C" are virtually identical in the "Let's Get It On" deposit copy and the "Let's Get It On" recording, and Melody "A" contains insignificant variances. (Declaration of Lawrence Ferrara, at Paragraph Twelve, Doc. 68).

12.     The Defendants only have identified one (1) song with the same I-iii-IV-V chord progression and anticipated second and fourth chords—"Georgy Girl", that pre-dates "Let's Get It On".  (Declaration of Dr. Alexander Stewart, at Paragraph Ninety-One, Doc. 81).

13.     The bass line for the first twenty-four (24) seconds of "Thinking Out Loud" is performed on the guitar.  (Declaration of Dr. Alexander Stewart, at Paragraphs Twenty-Four (24) and Twenty-Five (25), Doc. 81).

14.     The Defendant, Edward Christopher Sheeran, acknowledged in his deposition that the bass line for "Thinking Out Loud" is based on the root notes of the song's chords.  (Deposition of the Defendant, Edward Christopher Sheeran).

**C.     Defendants' Objections To Plaintiffs' Proposed
         Findings Of Fact & Proposed Counter-Findings Of Fact**

*Objections To Plaintiffs' Proposed Findings Of Fact*

1.     **Plaintiffs' Proposed Findings of Fact Nos. 1 and 2**.  Defendants object to Plaintiffs' Proposed Findings of Fact Nos. 1-2 because they are offered in violation of Rules 401 and 403 and this Court's Order dated August 18, 2020, which directed that "Dr. Stewart shall not characterize Let's Get It On or a constituent element of it … as being 'unique,' 'distinctive,' 'unusual' or the like."  (ECF 138 at 1-2; emphasis added).  Thus, Plaintiffs' Proposed Finding of Fact No. 1, referring to the chord progression, harmonic rhythm and key as "unique," based on Dr. Stewart's Declaration, is in direct violation of this Court's Order dated August 18, 2020.

5

Defendants further object to Plaintiffs' Proposed Findings of Fact Nos. 1-2 because this Court's Order dated August 18, 2020 found that "there is uncontradicted proof" that the chord progression and the harmonic rhythm at issue are "common musical techniques" and, hence, unprotectable (ECF 138 at 1-2), and because this Court's Order dated January 2, 2019, consistent with applicable law (*Tisi v. Patrick*, 97 F. Supp. 2d 539 (SDNY 2000), ruled that "key" and "common chord progressions" – among other elements – "are not entitled to copyright protection because they are no longer original and already in the public domain."  (ECF 93 at 9).

Defendants further object to Plaintiffs' Proposed Findings of Fact Nos. 1-2 to the extent they rely on alleged similarities between the key signature of each work (the key in both works is, in fact, different) because: (a) the Complaint in this case does not identify the "key" as an alleged similarity; (b) Dr. Stewart expressly conceded at his deposition that he did <u>not</u> consider key "when comparing" the two works; (c) it is undisputed (and Dr. Stewart has expressly conceded) that, when comparing two compositions, it is "standard musicological procedure" to transpose them into the same key (and if comparison between songs involves transposing the key of the songs, the key cannot at the same time also be an element of a selection and arrangement claim); and (d) when two songs, such as those at issue here, are both written in a major key, similarities or differences in key have zero significance when assessing copying and, as such, any purported similarities in key cannot be part of any alleged selection and arrangement as a matter of law.

Defendants further dispute Plaintiffs' Proposed Finding of Fact No. 1 because, as detailed below in Defendants' Proposed Counter-Findings of Fact No. 18, not only do Plaintiffs not have any evidence to prove on their direct case that there is anything unique, unusual or the like about the combination of the chord progression, harmonic rhythm and key (because their expert has been barred from offering any such testimony), but the purported selection and arrangement at issue in

"Let's Get It On" is <u>not</u> "unique," as it appears in songs authored prior to "Let's Get It On."

2.      **Plaintiffs' Proposed Findings of Fact Nos. 3, 13 and 14**.  Defendants object to Plaintiffs' Proposed Finding of Fact Nos. 3, 13 and 14 – which reference elements not at issue in this case, *i.e.*, the bass line and drum patterns – because they are offered in violation of Rules 401 and 403 and this Court's Order dated March 24, 2020, which is law of the case.  The March 24, 2020 Order limited Plaintiffs' infringement claim to elements contained in the 1973 Deposit Copy of "Let's Get It On," which does not include a bass-line or drum pattern, and, as this Court has ruled, those elements cannot be "implied" into the Deposit Copy.  (ECF 121 at 1-3).

Defendants further dispute Plaintiffs' Proposed Findings of Fact Nos. 13-14 because the "Thinking Out Loud" bass line is played by a bass-guitar, and the presence of a bass line in "Thinking Out Loud" has nothing to do with "Let's Get It On," as it is undisputed that the Deposit Copy does not notate a bass line.

3.      **Plaintiffs' Proposed Findings of Fact Nos. 4 and 5**.  Defendants object to Plaintiffs' Proposed Finding of Fact Nos. 4 and 5 because they are predicated on objectively erroneous, false evidence; the second chord at issue in "Thinking Out Loud" (both during the first 24 seconds of the song and through the remainder of the song) is <u>not</u> an F# minor chord but a D/F# chord, which is a distinct chord, and there are two "D" pitches in each D/F# chord during the first 24 seconds of TOL, all as detailed in Defendants' Proposed Counter-Finding of Fact No. 8.

4.      **Plaintiffs' Proposed Finding of Fact No. 6**.  Defendants object to Plaintiffs' Proposed Finding of Fact No. 6 under Rules 401 and 403 because the cited medley video is offered to prove only that Sheeran knew some words of "Let's Get It On," which addresses solely the issue of access, which is not a disputed issue of fact in this case.  As such, Plaintiffs' Proposed Finding of Fact No. 6 has no probative value and is not "evidence" that addresses any disputed issue of

fact; instead, it will only result in jury confusion and undue prejudice.

Defendants further dispute that Ed Sheeran "knew the words to the chorus of 'Let's Get It On.'" In fact, the evidence will establish that Sheeran does not know the vast majority of the lyrics to "Let's Get It On," other than the title lyrics and the lyric that begins with the line "we're all sensitive people," as illustrated in Plaintiffs' Proposed Exhibit No. 124.

5.    **Plaintiffs' Proposed Findings of Fact Nos. 7 and 8**.    Defendants object to Plaintiffs' Proposed Findings of Fact Nos. 7-8 because they are predicated on objectively erroneous, false evidence; as detailed in Defendants' Proposed Counter-Findings of Fact Nos. 19-20, the vocal melodies at issue are not remotely similar, and Dr. Stewart has altered and otherwise changed the pitch sequences at issue in an effort to manufacture similarities that do not exist.

6.    **Plaintiffs' Proposed Findings of Fact Nos. 9, 10 and 11**.    Defendants object to Plaintiffs' Proposed Findings of Fact Nos. 9, 10 and 11 – which compare the "Let's Get It On" Deposit Copy to the Marvin Gaye sound recording of "Let's Get It On" – because they are offered in violation of Rules 401 and 403 and this Court's March 24, 2020 Order, which barred reference to the Marvin Gaye sound recording of "Let's Get It On" "in any way which might confuse the jury into thinking it represents what is protected by copyright" since it contains elements not found in the Deposit Copy. (ECF 121 at 2-3). Thus, any comparison of the "Let's Get It On" Deposit Copy to "Let's Get It On" sound recording is entirely irrelevant, unnecessary and prejudicial and has been barred by this Court.

7.    **Plaintiffs' Proposed Findings of Fact No. 12**.    Defendants object to Plaintiffs' Proposed Finding of Fact No. 12 because it misstates and misrepresents evidence as set forth below in Defendants' Proposed Counter-Finding of Fact No. 18. Defendants further object to Plaintiffs' Proposed Finding of Fact No. 12 because it improperly relies on the alleged limitations on the

quantum of prior art evidence identified by Defendants.  In this regard, Plaintiffs cannot satisfy their own burden of proof to establish a *prima facie* claim of infringement by citing the alleged limited quantum of prior art evidence that may be presented during Defendants' case-in-chief; indeed, Defendants have no burden at all, unless and until Plaintiffs, on their own case, make a *prima facie* showing, which, as noted above, Plaintiffs cannot do.

8.       **Global Objection to the Stewart Declaration**.  Defendants object to Plaintiffs' Proposed Findings of Fact Nos. 1, 2, 5, 7, 8, 12 and 13 to the extent they impermissibly rely upon the Stewart Declaration.  Defendants object to the admission into evidence of the Stewart Declaration, as Dr. Stewart is available to testify, and the Stewart Declaration is not admissible evidence.  In addition, the Stewart Declaration is filled with references to and relies upon not the Deposit Copy but the Marvin Gaye sound recording of "Let's Get It On," and its repeated reference to the sound recording violates this Court's March 24, 2020 Order, which barred reference to the Marvin Gaye sound recording of "Let's Get It On" "in any way which might confuse the jury into thinking it represents what is protected by copyright" since it contains elements not found in the Deposit Copy.  (ECF 121 at 2-3).

### *Defendants' Proposed Liability Counter-Findings Of Fact*

1.       The musical elements notated in the Deposit Copy include only the following: key, meter, harmony (*i.e.*, the chord progression), rhythm, melody, lyrics and song structure.  (Trial Testimony of Dr. Lawrence Ferrara).

2.       In authoring "Thinking Out Loud," Sheeran and Wadge did <u>not</u> copy from "Let's Get It On."  (Trial Testimony of Sheeran, Wadge, Jake Gosling and Dr. Lawrence Ferrara; Deposition of Ed Sheeran at 59:22-24, 62:12-67:10, 73:14-77:10, 78:23-79:8, 80:24-82:4, 82:20-83:7).

3.      Sheeran and Wadge independently created "Thinking Out Loud." (Trial Testimony of Ed Sheeran, Amy Wadge, Jake Gosling and Dr. Lawrence Ferrara; Deposition of Ed Sheeran at 59:22-24, 62:12-67:10, 73:14-77:10, 78:23-79:8, 80:24-82:4, 82:20-83:7).

4.      After Sheeran and Wadge co-authored "Thinking Out Loud" at his home in England on acoustic guitar, Sheeran recorded what would become the commercially released version of "Thinking Out Loud" at Sticky Studios in England along with several credited session musicians and Jake Gosling, who also produced the recording.  (Trial Testimony of Ed Sheeran and Jake Gosling).

5.      The chord progression featured in "Let's Get It On" – I-iii-IV-V – is a commonplace musical building block that was in common use prior to "Let's Get It On" and after "Let's Get It On" (but before the release of "Thinking Out Loud").  (Trial Testimony of Dr. Lawrence Ferrara; Order dated August 18, 2020 (ECF No. 138)).

6.      Dozens of songs were created both before and after the 1973 release of "Let's Get It On" (and before the 2014 release of "Thinking Out Loud") that embody the basic I-iii-IV-V chord progression in "Let's Get It On."  (Trial Testimony of Dr. Lawrence Ferrara; Defendants' Exhibit 210).

7.      The chord progressions used in "Thinking Out Loud" are different from the chord progressions used in "Let's Get It On."  (Trial Testimony of Dr. Lawrence Ferrara; Joint Exhibits 2, 3 and 4).

8.      The principal chord progression used in "Thinking Out Loud" is I-I/3-IV-V; the second chord – both during the first 24 seconds of the song and throughout the song's duration – is a "I/3" chord (*i.e.*, D major with F# as the lowest note, written as D/F#), and not a "iii" chord (*i.e.*, an F# minor chord); there are two "D" pitches in each D/F# chord during the first 24 seconds

10

of TOL.  (Trial Testimony of Dr. Lawrence Ferrara).

9.      Many songs were created both before and after the 1973 release of "Let's Get It On" (and before the 2014 release of "Thinking Out Loud") that embody the basic I-I/3-IV-V chord progression in "Thinking Out Loud."  (Trial Testimony of Dr. Lawrence Ferrara; Defendants' Exhibit 210).

10.     The commonplace and unprotectable I iii IV V chord progression in "Let's Get It On" appears in rudimentary guitar method books.  (Trial Testimony of Dr. Lawrence Ferrara; Defendants' Exhibits 201-203).

11.     The anticipation of chord changes is a centuries-old commonplace musical building block and technique that was in common use prior to "Let's Get It On" and after "Let's Get It On" (but before the release of "Thinking Out Loud").  (Trial Testimony of Dr. Lawrence Ferrara; Order dated August 18, 2020 (ECF No. 138)).

12.     The harmonic rhythm of "Thinking Out Loud" is objectively different from the harmonic rhythm notated in "Let's Get It On" in several ways.  (Trial Testimony of Dr. Lawrence Ferrara).

13.     Ed Sheeran frequently uses the commonplace and unprotectable technique of anticipation in his songs, having used a similar anticipation technique in at least twenty songs that he wrote or co-wrote prior to writing "Thinking Out Loud."  (Trial Testimony of Dr. Lawrence Ferrara and Ed Sheeran).

14.     Amy Wadge used a similar anticipation technique prior to co-authoring "Thinking Out Loud" in a song she co-authored that also features a chord progression similar to the one used in "Thinking Out Loud."  (Trial Testimony of Dr. Lawrence Ferrara and Amy Wadge).

15.     "Thinking Out Loud" bears similarities in style and in musical building blocks to

the works of Van Morrison, and Sheeran referred to it as the "Van Morrison" song; Van Morrison

is one of Sheeran's biggest musical influences.  (Trial Testimony of Ed Sheeran, Amy Wadge and

Dr. Lawrence Ferrara).

16.     The selection and arrangement of the chord progression, harmonic rhythm and key

in "Let's Get It On," which are commonplace musical building blocks and unprotectable elements,

are not sufficiently numerous to qualify for copyright protection (and key is not an element that

Plaintiffs have ever alleged to be part of their infringement claim, and their expert, Dr. Stewart,

expressly admitted at his deposition that he did not "consider" key as an element in comparing the

two works).[1]

17.     The selection and arrangement of the chord progression, harmonic rhythm and key

of "Thinking Out Loud" is not identical or virtually identical to the combination of the chord

progression, harmonic rhythm and key of "Let's Get It On."  (Trial Testimony of Dr. Lawrence

Ferrara).[2]

---

[1] As set forth in detail in Defendants' objection to Plaintiffs' Proposed Findings of Fact Nos. 1-2, the key signature of "Let's Get It On" cannot be considered as part of any alleged selection and arrangement, and it has been insinuated into this case at the eleventh hour by Plaintiffs despite never having been an alleged element of similarity.  Nevertheless, assuming, *arguendo*, that the key of "Let's Get It On" could be considered part of the alleged selection and arrangement, the selection and arrangement <u>still</u> would not be sufficiently numerous to qualify for copyright protection.

Defendants further submit that Proposed Counter-Finding of Fact No. 16 presents a question of law to be decided by the Court; however, in the event the Court views this matter as an issue to be determined by the trier of fact, Defendants include this Proposed Counter-Finding herein.

[2] Again, as set forth in detail in Defendants' objection to Plaintiffs' Proposed Findings of Fact Nos. 1-2, the key signature of "Let's Get It On" cannot be considered as part of any alleged selection and arrangement, and it has been insinuated into this case at the eleventh hour by Plaintiffs despite never having been an alleged element of similarity.  Nevertheless, assuming, *arguendo*, that the key of "Let's Get It On" could be considered part of the alleged selection and arrangement, the

18.     The chord progression and the harmonic rhythm – and their specific selection and arrangement in "Let's Get It On" – were not new or novel to "Let's Get It On," and their specific selection and arrangement was used in at least three successful songs that predate "Let's Get It On" – "You Lost The Sweetest Boy" (1963, by Brian Holland, Lamont Dozier and Edward Holland Jr. and recorded by Mary Wells), "Georgy Girl" (1967) and "Since I Lost My Baby" (1966, as recorded by Ray French) – and in at least two songs that postdate "Let's Get It On" but predate "Thinking Out Loud" – "I've Got Love On My Mind" (1977, by Natalie Cole) and "Six Pack Summer" (2000 by Phil Vassar); in addition, at least one successful song that predates "Let's Get It On" uses the same selection and arrangement of the chord progression and the harmonic rhythm used in "Thinking Out Loud," namely, "Do You Love Me?" (1962, by The Contours).  (Trial Testimony of Dr. Lawrence Ferrara).[3]

19.     There are no objectively significant similarities between the melodies in "Let's Get It On" and "Thinking Out Loud."  (Trial Testimony of Dr. Lawrence Ferrara).

---

selection and arrangement still would not be identical or virtually identical to "Thinking Out Loud." (Trial Testimony of Dr. Lawrence Ferrara).

[3] Again, as set forth in detail in Defendants' objection to Plaintiffs' Proposed Findings of Fact Nos. 1-2, the key signature of "Let's Get It On" cannot be considered as part of any alleged selection and arrangement, and it has been insinuated into this case at the eleventh hour by Plaintiffs despite never having been an alleged element of similarity.  Nevertheless, assuming, *arguendo*, that the key of "Let's Get It On" could be considered part of the alleged selection and arrangement, the selection and arrangement still would not be new or novel to "Let's Get It On" because (i) the 1968 version of "Georgy Girl" by The Boston Pops and "You Lost The Sweetest Boy" (1963, as recorded by Mary Wells) are both recorded in E Flat major (the same key as "Let's Get It On") and also feature the same chord progression and harmonic rhythm at issue in "Let's Get It On," and (ii)"Since I Lost My Baby" (1966, as recorded by Ray French) is written in the key of E major, which is equally "close" in key to "Let's Get It On" as "Thinking Out Loud" ("Let's Get It On" is in the key of E flat major, and "Thinking Out Loud" is in the key of D major; thus, the key of both "Since I Lost My Baby" and "Thinking Out Loud" are one half-step away from the key of "Let's Get It On").  (Trial Testimony of Dr. Lawrence Ferrara).  Further, one cannot both transpose songs into the same key for purposes of comparing them and at the same time allege that their key, which is different here, somehow is an element of a selection and arrangement claim.

20.     Dr. Stewart has altered and otherwise changed the pitch sequences of the melodies that he has placed in issue.  (Trial Testimony of Dr. Lawrence Ferrara).

21.     [Intentionally omitted].

22.     [Intentionally omitted].

23.     "Thinking Out Loud" does not contain elements, in isolation or in the aggregate, that are substantially similar to protectable elements in "Let's Get It On."  (Trial Testimony of Dr. Lawrence Ferrara).[4]

24.     Plaintiffs' expert, Dr. Alexander Stewart, has admitted that there is no dispute that the two works, as a whole, are not "identical" or "virtually identical" to one another.  (Deposition of Dr. Alexander Stewart at 275:17-25)

25.     The bass-line, drum-pattern and tempo in "Thinking Out Loud" are not at issue in this case, as the Court already has concluded that these elements do not exist in the copyrighted Deposit Copy of "Let's Get It On" and may not be "implied" into "Let's Get It On."  (Orders dated March 24, 2020 (ECF 121) and August 18, 2020 (ECF 138)).

26.     There are no objectively significant similarities between the song structures and "Thinking Out Loud."  (Trial Testimony of Dr. Lawrence Ferrara).

27.     Ed Sheeran frequently "mashes up" his songs with his own songs and other popular songs during his live performances.  (Trial Testimony of Ed Sheeran; Deposition of Ed Sheeran at

---

[4] Consistent with applicable law, Dr. Ferrara will not directly opine on whether "Thinking Out Loud" is substantially similar to "Let's Get It On," or what elements in "Let's Get It On" are "protectable" under the law.  However, his testimony on the absence of similarities will aid the trier of fact in reaching its conclusion.

110:25-111:12; Defendants' Exhibits 217-221 and 223-234).[5]

28.     Mash-ups are common in popular music.  (Trial Testimony of Dr. Lawrence Ferrara and Ed Sheeran).

29.     Ed Sheeran does not know the vast majority of the lyrics to the chorus of "Let's Get It On," apart from the lyrical refrain, "Let's Get It On" and the lyric beginning with "we're all sensitive people."  (Trial Testimony of Ed Sheeran).

30.     Ed Sheeran and Amy Wadge's influences include Van Morrison, Damien Rice, Bob Dylan and Tracy Chapman.  Neither Sheeran nor Wadge consider Marvin Gaye (or Ed Townsend) as one of their musical influences.  (Trial Testimony of Ed Sheeran and Amy Wadge).

### _Plaintiffs' Objection to Defendants' Proposed Counter-Findings of Fact_

1.     With respect to Defendants' Second Proposed Counter-Finding of Fact, Plaintiffs object to the propriety of characterizing the central issue of whether or not Sheeran and Wadge copied "Let's Get It On" as a proposed "Finding of Fact" given that the copying of "Let's Get It On" is an issue uniquely within the province of a jury to determine.  By way of addendum, Dr. Lawrence Ferrara cannot testify as to the respective relative/intentions of Wadge and Sheeran in writing "Thinking Out Loud".  To the extent that the instant proposed finding of Fact is predicated on anticipated testimony of individuals such as Wadge, Gosling, and Ferrara which has not, as yet, actually occurred (_i.e._, Trial Testimony), the Plaintiff would object as well.

2.     With respect to Defendants' Third Proposed Counter-Finding of Fact, Plaintiffs object to the propriety of characterizing the theory of "independent creation" as a proposed "Finding of Fact" given that the matter of whether or not "Thinking Out Loud" was independently

---

[5] Defendants only intend to introduce the evidence cited in Proposed Counter-Findings Nos. 27-29 in the event the Court overrules their objection to the admission of Plaintiffs' Proposed Exhibit No. 124 (the "medley" video of "Let's Get It On" and "Thinking Out Loud").

created is uniquely within the factual determination of a jury.  Additionally, Dr. Lawrence Ferrara does not have personal knowledge and was not present at the writing of "Thinking Out Loud" and, as such, has no personal knowledge as to whether or not said composition was supposedly independently created.  To the extent that the instant proposed finding of fact is predicated on heretofore non-existent, unproffered testimony, the Plaintiffs would object as well.

3.    With respect to Defendants' Fifth Proposed Counter-Finding of Fact, Plaintiffs object to the same in that it relies on alleged future Ferrara testimony at trial.

4.    With respect to Defendants' Sixth Proposed Counter-Finding of Fact, Plaintiffs object to the same in that it relies on alleged future Ferrara testimony at trial.

5.    With respect to the Defendants' Seventh Proposed Counter-Finding of Fact, Plaintiffs object to the same in that is relies on alleged future Ferrara testimony at trial.

6.    With respect to the Defendants' Eighth Proposed Counter-Finding of Fact, Plaintiffs object to the same in that it relies on alleged future Ferrara testimony at trial.

7.    With respect to the Defendants' Ninth Proposed Counter-Finding of Fact, Plaintiffs object to the same in that it relies on alleged future Ferrara testimony at trial.

8.    With respect to the Defendants' Tenth Proposed Counter-Finding of Fact, Plaintiffs object to the same in that it relies on alleged future Ferrara testimony at trial.  Further, it is inadmissible hearsay and proffered in derogation of the best evidence rule.

9.    With respect to the Defendants' Eleventh Proposed Counter-Finding of Fact, Plaintiffs object to the same in that it relies on alleged future Ferrara testimony at trial.

10.    With respect to the Defendants' Twelfth Proposed Counter-Finding of Fact, Plaintiffs object to the same in that it relies on alleged future Ferrara testimony at trial.

11.    With respect to the Defendants' Thirteenth Proposed Counter-Finding of Fact,

Plaintiffs object to the same in that it relies on alleged future Ferrara and Sheeran testimony at trial.

12.     With respect to Defendants' Fourteenth Proposed Counter-Finding of Fact, Plaintiffs object to the same in that it relies on alleged future Ferrara and Wadge testimony.

13.     With respect to Defendants' Sixteenth Proposed Counter-Finding of Fact, Plaintiffs contend that the question of originality and attendant copyright protection is uniquely within the province of a jury determination.  (Doc. 93, Order Denying Motion for Summary Judgment).

14.     With respect to Defendants' Seventeenth Proposed Counter-Finding of Fact, Plaintiffs  object to the same in that it relies on alleged future Ferrara testimony.

15.     With respect to Defendants' Eighteenth Proposed Counter-Finding of Fact, Plaintiffs object to the same in that it relies on alleged future Ferrara testimony.

16.     With respect to the Defendants' Nineteenth Proposed Counter-Finding of Fact, Plaintiffs object to the same in that Plaintiffs would contend there are objectively similar melodic elements in the respective compositions at issue herein.  (Dr. Stewart Trial Testimony).

17.     With respect to Defendants' Twentieth Proposed Counter-Finding of Fact, Plaintiffs object to the same in that it relies on alleged future Ferrara testimony.  Further, Dr. Stewart has previously testified and will testify at trial that the methodology he utilized in evaluating the songs at issue herein is widely utilized in the musicology community.  (Dr. Stewart Discovery Deposition).

18.     With respect to Defendants' Twenty-First Proposed Counter-Finding of Fact, Plaintiffs contend that the sufficiency and original nature of the chord progressions, harmonic rhythm, and the vocal melody in "Let's Get It On" so as to establish copyright protection are issues uniquely within the determination/province of a jury.  (Doc. 93, Order Denying Motion for Summary Judgment).

19.     With respect to Defendants' Twenty-Second Proposed Counter-Finding of Fact, Plaintiffs object to the same in that Plaintiffs would contend that there are similarities in the chord progression, harmonic rhythm, and melodies of the respective compositions at issue herein.  (Dr. Stewart Trial Testimony).

20.     With respect to Defendants' Twenty-Third Proposed Counter-Finding of Fact, Plaintiffs object to the same in that Plaintiffs would contend that the elements of "Thinking Out Loud", in isolation and in the aggregate, are substantially similar to protectable elements in "Let's Get It On".  (Dr. Stewart Trial Testimony).

**D.     Expert Witnesses**

The Plaintiffs intend to call upon the following expert witness to testify:

1.     Dr. Alexander Stewart

The Defendants intend to call upon the following expert witnesses to testify:

1.     Dr. Lawrence Ferrara.

**E.     Premarked Joint Trial Exhibits**

**THE PARTIES** hereby stipulate and agree that the following Exhibits may be received, with the Court's approval, in evidence at trial as Premarked Joint Trial Exhibits:

| Exhibit No. | Description |
| --- | --- |
| 1 | U.S. Copyright Registration for "Let's Get It On" Registration No. EP 314589 |
| 2 | Deposit Copy of "Let's Get It On" |
| 3 | Audio Recording of "Thinking Out Loud" |
| 4 | Published Sheet Music for "Thinking Out Loud" (Ferrara Report Exhibit C) |

**F.**     <u>**Premarked Disputed Exhibits**</u>

<u>***Plaintiffs' Disputed Exhibits***</u>

The Plaintiffs will offer the following exhibits to be received in evidence, to which

Defendants object:

| Exhibit No. | Description | Objection(s) |
|---|---|---|
| 101 | *Let's Get It On* sound recording released by Marvin Gaye | Rule 401; Rule 403. <br><br> In its March 24, 2020 Order, the Court ruled that "the Gaye sound recording is inadmissible in any way which might confuse the jury into thinking it represents what is protected by copyright."  Although the Court "deferred until trial" whether the sound recording "may be played … at trial" for another purpose, it ruled that "it seems" any use of the recording "would be barred by Fed. R. Evid. 403." Plaintiffs have not articulated and cannot articulate any proper basis for admission of the sound recording. |

| Exhibit No. | Description | Objection(s) |
|---|---|---|
| 102 | Report of Dr. Alexander Stewart w/ Exhibits, dated June 9, 2015 | Rule 401; Rule 403; Fed. R. Civ. P. 26<br><br>The Draft Report improperly compares *Thinking Out Loud* to the Marvin Gaye recording of *Let's Get It On*, and this Court already has ruled that the Deposit Copy delimits the scope of copyright protection and that Dr. Stewart cannot compare *Thinking Out Loud* to the Marvin Gaye recording of *Let's Get It On.*  In addition, this is not a Rule 26 expert report and is not compliant with Rule 26.  *See also* Order dated August 18, 2020 (ECF 138). |
| 103 | Sheeran/Camp e-mail (Bates Stamp: 1155-1157) | Rule 401; Rule 403<br><br>The email correspondence pertains to alleged similarities in the drum patterns in *Thinking Out Loud* and the Marvin Gaye recording of *Let's Get It On* that are not at issue in this case, having been excluded by this Court's March 24, 2020 Order and August 18, 2020 Order.<br><br>Defendants intend to file a motion *in limine* (their Eighth Motion *In Limine*) to exclude this evidence. |
| 104 | [INTENTIONALLY OMITTED] | |
| 105 | [INTENTIONALLY OMITTED] | |

| 106 | Boyz II Men Youtube concert medley of "Thinking Out Loud" and "Let's Get It On" | Rule 401; Rule 403<br><br>This evidence was the subject of Defendants' Sixth Motion *In Limine*, which the Court denied without prejudice to renew at trial. |
|---|---|---|
| 107 | [INTENTIONALLY OMITTED] | |
| 108 | Published Sheet Music for "Thinking Out Loud" with Notations by Dr. Stewart regarding Bass Parts | Rule 401; Rule 403.<br><br>The notations by Dr. Stewart address the "bass parts" in "Thinking Out Loud," which is not in issue, having been excluded by this Court's March 24, 2020 Order and August 18, 2020 Order.<br><br>Defendants intend to file a motion *in limine* (their Eighth Motion *In Limine*) to exclude this evidence. |
| 109 | [INTENTIONALLY OMITTED] | |
| 110 | [INTENTIONALLY OMITTED] | |
| 111 | [INTENTIONALLY OMITTED] | |
| 112 | Report of Dr. Alexander Stewart with exhibits, dated December 8, 2017 | Rule 401; Rule 403<br><br>The Court already has ruled that virtually all of the Stewart Report is inadmissible in its August 18, 2020 Order.  Plaintiffs cannot offer into evidence a document based almost entirely on and filled with excluded evidence. |
| 113 | [INTENTIONALLY OMITTED] | |

21

| 114 | Complaint (Doc. 1) | Rule 401; Rule 403; Rule 802 |
| | | The Complaint contains irrelevant, highly prejudicial allegations and also includes inadmissible hearsay.  It is not evidence. |
| 115 | Answer and Affirmative Defenses (Atlantic Recording Company) (Doc. 21) | Rule 401; Rule 403; Rule 802 |
| | | The Answer responds to the Complaint, which contains irrelevant, highly prejudicial allegations that also contain inadmissible hearsay.  It is not evidence. |
| 116 | Answer and Affirmative Defenses (Sony/ATV Publishing, LLC) (Doc. 22); | Rule 401; Rule 403; Rule 802 |
| | | The Answer responds to the Complaint, which contains irrelevant, highly prejudicial allegations that also contain inadmissible hearsay. It is not evidence. |
| 117 | Answer and Affirmative Defenses (Edward Christopher Sheeran) (Doc. 23) | Rule 401; Rule 403; Rule 802 |
| | | The Answer responds to the Complaint, which contains irrelevant, highly prejudicial allegations that also contain inadmissible hearsay.  It is not evidence. |

| 118 | Edward Christopher Sheeran Deposition w/ Exhibits | Fed. R. Civ. P. 32. |
|---|---|---|
| | | As Sheeran will be available to testify at trial, his deposition testimony is inadmissible except for purposes of impeachment. |
| | | In addition, Defendants object to Deposition Exhibit 1 under Rule 401 and Rule 802; Deposition Exhibit 2 corresponds to Exhibit 124 and is objectionable as set forth below; Defendants object to Deposition Exhibit 3 under Rule 401 and 802; Deposition Exhibit 4 corresponds to Exhibit 112 and is objectionable as set forth above |

| 119 | Dr. Alexander Stewart Deposition w/ Exhibits | Rule 401; Rule 403; Fed. R. Civ. P. 32 |
| --- | --- | --- |
| | | As Dr. Stewart is the Plaintiffs' witness and will be available to testify at trial, his deposition testimony is inadmissible except for impeachment. |
| | | In addition, large portions of Dr. Stewart's deposition testimony is irrelevant and in violation of Rule 403 because Dr. Stewart improperly compares "Thinking Out Loud" to the Marvin Gaye recording of "Let's Get It On." |
| | | In addition, Defendants object to Deposition Exhibit 1 under Rule 401, Rule 403 and Rule 802. Deposition Exhibit 1 alludes to other highly objectionable Exhibits (Exhibit 105 and Exhibit 124), which are inadmissible for the reasons stated herein. |
| | | In regard to the remainder of the Deposition Exhibits, they correspond to other Exhibits that Plaintiffs improperly seek to admit and are objectionable for the reasons stated herein. |

| 120 | Kathy Griffin Townsend Deposition w/ Exhibits | Rule 401; Rule 403; Fed. R. Civ. P. 32 |
|---|---|---|
| | | As Ms. Townsend is one of the Plaintiffs and will be available to testify at trial, her deposition testimony is inadmissible except for impeachment. |
| | | In addition, Defendants object to Deposition Exhibit 1 under Rule 401.  In regard to the remainder of the Deposition Exhibits, they correspond to other Exhibits that Plaintiffs improperly seek to admit and are objectionable for the reasons stated herein. |
| 121 | Helen McDonald Deposition w/ Exhibits | Rule 401; Rule 403; Rule 802 |
| | | Defendants cannot stipulate to the wholesale admission of Ms. McDonald's deposition testimony; to the extent Plaintiffs designate specific pages they seek to admit into evidence, Defendants can respond accordingly. |
| | | In addition, Defendants object to Deposition Exhibits 2 and 3 under Rule 401. |
| 122 | Sony/ATV Corporate Representative Deposition w/ Exhibits | Rule 401; Rule 403; Rule 802 |
| | | Defendants cannot stipulate to the wholesale admission of Sony/ATV's deposition testimony; to the extent Plaintiffs designate specific pages they seek to admit into evidence, Defendants can respond accordingly. |
| | | In addition, Defendants object to Deposition Exhibit 1 under Rule 401. |

| 123 | Atlantic Recording Company Deposition w/ Exhibits | Rule 401; Rule 403; Rule 802

Defendants cannot stipulate to the wholesale admission of Atlantic's deposition testimony; to the extent Plaintiffs designate specific pages they seek to admit into evidence, Defendants can respond accordingly.

In addition, Defendants object to Deposition Exhibit 1 under Rule 401. |
|---|---|---|
| 124 | Sheeran "Let's Get It On"/"Thinking Out Loud" live medley | Rule 401, Rule 403

This evidence was the subject of Defendants' Sixth Motion *In Limine*, which the Court denied without prejudice to renew at trial. |
| 125 | Sheeran "Kitchen Demo" of "Thinking Out Loud" | Rule 401

The "Kitchen Demo" is not the copyrighted work and, therefore, is not relevant. |
| 126 | Plaintiffs' Interrogatories Propounded to the Defendant, Edward Christopher Sheeran; | Rule 401; Rule 403

Plaintiffs' interrogatories are not evidence.  Answers to interrogatories may be admissible depending on the particular response and purpose for which they are sought to be admitted. |
| 127 | The Defendant's, Edward Christopher Sheeran's, Answers to the Plaintiffs' Interrogatories Propounded to the Defendant, Edward Christopher Sheeran | Rule 401; Rule 403

Defendants cannot stipulate to the wholesale admission of the Interrogatory Answers, as many contain irrelevant, highly prejudicial matter; to the extent Plaintiffs designate specific Interrogatory Answers they seek to admit into evidence, Defendants can respond accordingly. |

| 128 | "Sounding Out Pop, Analytical Essays in Popular Music, Marvin Gaye As Vocal Composer" by Andrew Flory | Rule 401; Rule 403; Rule 802. To the extent Plaintiffs rely on this article to introduce evidence regarding the creation of "Let's Get It On," it represents inadmissible hearsay. To the extent Plaintiffs seek to use this Exhibit to support an argument that the "Let's Get It On" Deposit Copy is based on, or derives from, the Marvin Gaye Recording, such matters are irrelevant and prejudicial to Defendants and offered in violation of this Court's March 24, 2020 Order and August 18, 2020 Order. Defendants intend to file a motion *in limine* (their Eighth Motion *In Limine*) to exclude this evidence. |
|---|---|---|

**_Defendants' Disputed Exhibits_**

The Defendants will offer the following exhibits to be received in evidence, to which Plaintiffs object:[6]

---

[6] Defendants only intend to introduce Exhibits 217-234 in the event the Court overrules their objection to the admission of Plaintiffs' Proposed Exhibit No. 124 (the "Medley" video of "Let's Get It On" and "Thinking Out Loud").

| Exhibit No. | Description | Objection(s) |
|---|---|---|
| 200 | The "Let's Get It On" Deposit Copy with Dr. Ferrara's handwritten notations, together with Dr. Ferrara's reproduction of the Deposit Copy in more legible format with added markings and Dr. Ferrara's transposed transcription of the Deposit Copy into the key of D major with added markings | Rule 403.  Defendants' expert's anticipated alterations of an original document presuppose prejudice and substantial risk of confusion. |
| 201 | Excerpts from the book "Money Chords" by Richard J. Scott | Rule 401; Rule 403, Rule 802. The excerpts in question constitute inadmissible hearsay. |
| 202 | Excerpts from the book "Guitar For Advanced Beginners" by Dan Emery | Rule 401; Rule 403; Rule 802. The excerpts in question constitute inadmissible hearsay. |
| 203 | Excerpts from the book "How To Play Rock 'N' Roll Piano" by Palmer Hughes | Rule 401; Rule 403; Rule 802. |
| 204 | Excerpts from the book "Chord Progressions for Guitar" by Tom Kolb | Rule 401; Rule 403; Rule 802. |
| 205 | Excerpts of the Deposition of Helen McDonald – specifically, pages 1-3, 16-24, 79-81, 87-91 and 112 | Rule 403. |
| 206 | Dr. Stewart's "Score" of "Thinking Out Loud" (Farkas Summary Judgment Decl. Ex. 8) | Rule 401; Rule 403; Rule 802. |
| 207 | Audio Exhibit of "Melody A" as played by Dr. Lawrence Ferrara on piano | Rule 401; Rule 403; Rule 802. |
| 208 | Audio Exhibit of "Melody B" as played by Dr. Lawrence Ferrara on piano | Rule 401; Rule 403; Rule 802. |
| 209 | Audio Exhibit of "Melody C" as played by Dr. Lawrence Ferrara on piano | Rule 401; Rule 403; Rule 802. |
| 210 | List of Songs that embody the basic I-iii-IV-V chord progression used in "Let's Get It On" or the basic I-I/3-IV-V chord progression used in "Thinking Out Loud" | Rule 401; Rule 403; Rule 802. |

| 211 | Published Sheet music for "Get Off My Cloud" (1965 by The Rolling Stones) | Federal Rules of Civil Procedure, Rule 26, not previously disclosed; Rule 401 and 403 |
|---|---|---|
| 212 | Published Sheet music for: (1) "People Get Ready" (1964 by Curtis Mayfield and The Impressions); (2) "Lo and Behold" (1970 by James Taylor); (3) "Billie Jean" (1983 by Michael Jackson); (4) "Learning To Fly" (1991 by Tom Petty); and (5) "Should've Been A Cowboy" (1993 by Toby Keith) | Federal Rules of Civil Procedure, Rule 26, not previously disclosed; Rule 401 and 403 |
| 213-A | Published Sheet music for the following works of Van Morrison: (1) "Crazy Love" (1970); (2) "Tupelo Honey" (1971); (3) "Checkin' It Out" (1978); (4) "Bright Side of the Road" (1979); (5) "Tore Down A La Rimbaud" (1984); and (6) "Have I Told You Lately" (1989) | Federal Rules of Civil Procedure, Rule 26, not previously disclosed; Rule 401 and 403 |
| 213-B | Dr. Ferrara's transcription of portions of "Why Must I Always Explain" by Van Morrison (1991) | Federal Rules of Civil Procedure, Rule 26, not previously disclosed; Rule 401 and 403 |
| 213-C | Commercial sound recordings of the following Van Morrison works: (1) "Crazy Love," (2) "Tupelo Honey," (3) "Tore Down a La Rimbaud," and (4) "Why Must I Always Explain." | Federal Rules of Civil Procedure, Rule 26, not previously disclosed; Rule 401 and 403 |
| 214 | List of Prior Ed Sheeran Songs That Use The "Anticipation" Technique | Federal Rules of Civil Procedure, Rule 26, not previously disclosed; Rule 401 and 403 |

| 215 | Excerpts of Dr. Stewart's Deposition (page 275) | |
|---|---|---|
| 216 | Computer Audio "MIDI" Files of the LGO Deposit Copy | |
| 217 | Ed Sheeran Live Performance of Don't/Loyal/No Diggity/The Next Episode/Nina dated July 30, 2014 (Available at: (https://www.youtube.com/watch?v=ZpiNUKpGI88) | Federal Rule of Civil Procedure, Rule 26— Defendants failed to disclose this evidence or provide a copy of the same prior to the close of discovery.  Plaintiffs anticipate the filing of a motion in limine on this matter. |
| 218 | Ed Sheeran Live Performance of Don't/Loyal/No Diggity/Nina dated March 20, 2015 (Available at https://www.youtube.com/watch?v=f4DtfiKeXsY) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 219 | Ed Sheeran Live Performance of Don't/No Diggity/Nina dated November 27, 2014 (Available at: https://www.youtube.com/watch?v=zn0uEIZ6Jiw) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 220 | Ed Sheeran Live Performance of Kiss Me/Thinking Out Loud dated December 2, 2015 (Available at https://www.youtube.com/watch?v=uV6osGMdf6Q) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 221 | Ed Sheeran Live Performance of Kiss Me/Thinking Out Loud dated September 17, 2015 (Available at https://www.youtube.com/watch?v=d4l2LzTODUU) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 222 | Performance of Thinking Out Loud and Kiss Me by Narmi (Available at https://www.youtube.com/watch?v=LpiLrAnBk1I) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 223 | Ed Sheeran Live Performance of Take It Back/Superstition/Ain't No Sunshine dated June 4, 2015 (Available at https://www.youtube.com/watch?v=s8jN3h51Ql0) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |

| 224 | Ed Sheeran Live Performance of Take It Back/Superstition/Ain't No Sunshine dated June 23, 2015 (Available at https://www.youtube.com/watch?v=Xttiu dloZr8) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
|---|---|---|
| 225 | Ed Sheeran Live Performance of One/Photograph dated January 2015 (Available at https://www.youtube.com/watch?v=R2nr 6N0ueaA) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 226 | Ed Sheeran Live Performance of One/Photograph dated December 2, 2015 (Available at https://www.youtube.com/watch?v=OpJy 5gvca5A) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 227 | Ed Sheeran Live Performance of Runaway/Everybody dated August 28, 2014 (Available at https://www.youtube.com/watch?v=Fztzc Fom9dg) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 228 | Ed Sheeran Live Performance of Runaway/Everybody dated August 30, 2014 (Available at https://www.youtube.com/watch?v=mLV cj-FtpWM) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 229 | Ed Sheeran Live Performance of Can't Help Falling In Love/Thinking Out Loud dated January 28, 2015 (Available at https://www.youtube.com/watch?v=rl7dji yVxmE) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 230 | Ed Sheeran Live Performance of Can't Help Falling In Love/Thinking Out Loud dated January 26, 2015 (Available at https://www.youtube.com/watch?v=3Ku DcwI0otY) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 231 | Ed Sheeran Live Performance of In Da Club/Know Yourself, including guitar riff from Layla, dated September 10, 2015 (Available at https://www.youtube.com/watch?v=F3Rz 2VdcjRQ) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |

| 232 | Ed Sheeran Live Performance of In Da Club/Know Yourself, including guitar riff from Layla, dated September 8, 2015 (Available at https://www.youtube.com/watch?v=RFb379mymHI) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
|---|---|---|
| 233 | Ed Sheeran Live Performance of Feeling Good/I See Fire from 2015 (Available at https://www.youtube.com/watch?v=OGPnWp3f0w0) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 234 | Ed Sheeran Live Performance of Feeling Good/I See Fire dated March 20, 2015 (Available at https://www.youtube.com/watch?v=cLIxTdYSJhs) | Federal Rule of Civil Procedure, Rule 26. Rule 401 and 403 |
| 235 | Expert Report of Dr. Lawrence Ferrara[7] | Plaintiffs only object to admission of Dr. Ferrara report, if Dr. Stewart's report is excluded. |
| 236 | Official Music Video for Thinking Out Loud (Available at: https://www.youtube.com/watch?v=lp-EO5I60KA&ab_channel=EdSheeran) | |

## G.   Type of Trial and Estimated Length

1. The Plaintiffs have made a demand for a trial-by-jury.

2. The Plaintiffs estimate that it will take one (1) day to present their liability case.

3. The Defendants estimate that it will take 2-3 days to present their liability case.

[*Signature Page Follows*]

---

[7] Defendants only intend to introduce this Exhibit in the event the Court admits into evidence any portion of the Expert Report of Dr. Alexander Stewart and, to the extent that only a redacted version of Dr. Stewart's report is admitted, excluding all portions that are based on the Marvin Gaye Recording, then only those portions of Dr. Ferrara's Report that similarly exclude reference to the Marvin Gaye Recording would be introduced.

Dated this 15th day of March, 2023.

FRANK & RICE, P.A.

By:_____
    Patrick R. Frank, Esq.
    Keisha D. Rice, Esq.
    Katherine Viker, Esq.
    325 West Park Avenue
    Tallahassee, Florida  32301
    Telephone: (850) 629-4168
    Facsimile:  (850) 629-4184
    *Attorneys for Plaintiffs*

PRYOR CASHMAN LLP

By:_____
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith
    Brian M. Maida
    7 Times Square
    New York, New York 10036
    (212) 421-4100
    *Attorneys for Defendants*

**SO ORDERED.**

Dated this _____ day of March, 2023.


_____
The Honorable Louis L. Stanton
United District Court Judge

33