# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN,
HELEN McDONALD, the
Estate of CHERRIGALE TOWNSEND,

Plaintiffs,

vs.   CASE NO:

COMPLAINT FOR
COPYRIGHT
INFRINGEMENT AND
DEMAND FOR JURY
TRIAL

EDWARD CHRISTOPHER SHEERAN, *p/k/a*
ED SHEERAN, ATLANTIC RECORDING
CORPORATION, *d/b/a* ATLANTIC RECORDS,
SONY/ATV MUSIC PUBLISHING, LLC
WARNER MUSIC GROUP CORPORATION,
*d/b/a* ASYLUM RECORDS,

Defendants.
_____/

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**COME NOW,** the Plaintiffs, **KATHRYN TOWNSEND GRIFFIN**, **the Estate of CHERRIGALE TOWNSEND**, and **HELEN McDONALD**, who, by and through their undersigned counsel(s), hereby sue the enumerated Defendants, **EDWARD CHRISTOPHER SHEERAN** (professionally known as "Ed Sheeran") individually, and **ATLANTIC RECORDING CORPORATION**, *d/b/a* **ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC,** and **WARNER MUSIC GROUP** *d/b/a* **ASYLUM RECORDS** and would further allege as follows:

Page 1 of 15

## Nature of the Case

1. This is an action for copyright infringement, in violation of 17 U.S.C. ¶¶ 101, *et seq.*, arising from the Defendants' unauthorized reproduction, distribution and/or public performance of the Plaintiffs' copyrighted musical composition *"Let's Get it On"* (*"Let's"*) using the hit song, *"Thinking Out Loud"* (*"Thinking"*), written by Amy Wadge and Ed Sheeran and, subsequently, recorded by Ed Sheeran.

## Jurisdiction

2. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq.*

3. This Court has personal jurisdiction over the enumerated Defendants because they have directed their activities and marketing of the infringing works to New York residents, and New York residents are able to purchase, download, and stream the infringing compositions and recordings. As such, the Defendants have engaged in continuing business activities in the instant jurisdiction.

4. The instant Defendants are, at a minimum, constructively aware of their continuous and substantial commercial interactions with New York residents.

5. The Defendant, Mr. Ed Sheeran, has performed, and he and the other Defendants have authorized, organized, and promoted performances of the infringing work numerous times in New York.

6. The Defendants have generated touring revenues from the unauthorized and unlawful exploitation of the infringing work, including receiving substantial revenue from such exploitation in New York.

7. Upon information and belief, the Defendants, individually and collectively, have generated substantial revenue from the exploitation of the infringing works in New York.

8. New York has a considerable interest in adjudicating disputes wherein New York residents are the target of the harm resulting from exploitation of the infringing work.

9. The Defendants herein facilitated the infringing acts occurring in the U.S., and actively participated in a scheme aiding, inducing, and contributing to copyright infringement in the U.S.

10. For those Defendant(s) primarily based out of the U.K., given their willful and knowing exploitation of the infringing work in New York, each could reasonably anticipate being sued in a court in the U.S., and New York, specifically.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C 1391 (b), 1391 (c), and 1400(a) , respectively, because Defendants maintain offices in, and are subject to, personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District.

<u>**Parties**</u>

12. The Plaintiffs at issue herein are the heirs of Mr. Ed Townsend, co-writer of the lyrics of *Let's Get It On* and creator of its musical composition, and are engaged, among other things, in conducting the business of music publishing and otherwise commercially availing musical composition copyrights of the music of Mr. Ed Townsend.

13. Upon reasonable information and belief, the Defendant, Edward Sheeran, is a musician, singer, songwriter, and producer living in the United Kingdom who does business in New York, individually, under Ed Sheeran Limited, and under Gingerbread Man Records. In addition, Sheeran was nominated for a Grammy Award for Best Record, Best Performance, and

Song of the Year in 2016 for *Thinking*. Sheeran conducts systematic and continuous business in New York including, but not limited to, public performances, and selling albums and merchandise to the citizens of New York. The Defendant, Edward Sheeran, has reproduced, distributed, and publicly performed the infringing work and sound recording and/or authorized its reproduction, distribution, and public performance.

14. Upon reasonable information and belief, ATLANTIC RECORDING CORPORATION, d/b/a Atlantic Records, ("Atlantic") is a Delaware corporation with its Principal place of business in New York, New York. Upon reasonable information and belief, Atlantic is the manufacturer and distributor of *Thinking* and, in so doing, participated in the exploitation of *Let's*.

15. Upon reasonable information and belief, SONY/ATV MUSIC PUBLISHING, LLC, ("SONY/ATV") is a Delaware company with its principal place of business in New York, New York. Upon reasonable information and belief, Sony/ATV is the music publisher for *Thinking* and *Let's* and is in a unique position to have known about and/or participated in the exploitation of either or both works.

16. Upon reasonable information and belief, WARNER MUSIC GROUP CORPORATION, *d/b/a* Asylum Records, is a Delaware corporation with its principal place of business in New York. The Defendant, Asylum, is responsible for the manufacturing, distribution, marketing and promotion of *Thinking* and has benefitted extensively from the sale of *Thinking*.

### *Ownership of Let's Get it On*

17. The musical composition, *Let's Get It On*, was written by Marvin Gaye ('Gaye") and Ed Townsend ("Townsend") and recorded by Gaye, in 1973.

18. It is undisputed by all parties that the Townsend Heirs have an ownership interest in the copyright for *Let's Get it On*.

### **The Heart of *Let's Get It On***

19. The harmonic, melodic, and rhythmic elements of composition in *Let's Get It On* have made this song one (1) of the most famous songs in R&B and soul music history. *Let's* has been anthologized by celebrated music producers and ranked as the 20th greatest breakbeat of all time.

20. *Let's*, begins with an iconic melody, bass line, harmony and rhythm that are recognized around the world. The prominence of the bass line and drum composition throughout *Let's* make these compositional elements qualitatively important to the musical work as a whole. The combination of these elements constitute the driving force of this composition.

### ***Thinking Out Loud***

21. The enumerated Defendants released *Thinking* by the artist, Ed Sheeran on or about September 24, 2014, including without limitation, on the album, *X*.

22. Upon reasonable information and belief, *Thinking* has hit the number one (1) position on the national charts in eleven (11) countries since 2014, and has been certified platinum multiple times by the Recording Industry Association of America, indicating sales in excess of one million (1,000,000) copies sold in the United States, as well as substantial sales internationally.

23. According to the Official Charts Company, the recording of *Thinking* is one (1) of the best-selling singles of all time in the U.K., having sold over 2 million (2,000,000) copies.

24. Upon reasonable information and belief, the Defendants have authorized the use of *Thinking* in compilation albums, television commercials and music videos.

25. Specifically, the music video for *Thinking* is one (1) of the most popular sponsored music videos on YouTube. Prior to the viewing of *Thinking* on YouTube, an advertisement appears for which the Defendants are entitled to and receive a royalty or other revenue. As of April 2016, *Thinking* has been played over **one billion** (1,000,000,000) **times** on YouTube.

### Ed Sheeran

26. The instant Defendant, Mr. Edward Sheeran, professionally known as "Ed Sheeran", is a musical artist. The Defendant, Mr. Edward Sheeran, experienced a sharp and sudden rise as an international music star in less than eighteen (18) months as a direct result of the commercial success of *Thinking*, the lead single in the United States from Sheeran's debut album, "*X*".

### Defendants Infringed *Let's Get It On*

27. The harmonic progressions, melodic and rhythmic elements, as observed in *Let's*, have made *Let's* one of the most well-known and instantly recognizable songs in R&B history.

28. These elements of *Let's* composition are the "heart" or qualitatively, the most important elements, of the song. Indeed, in the wake of the release of Thinking, there have been multiple instances in which third parties have independently highlighted the striking similarities and overt common elements of the two (2) works at issue—to wit, a case in point came when the popular R&B group known as Boyz II Men recently performed a medley of the two (2) songs together in Las Vegas on July 24, 2015, seguing seamlessly between the two (2) works, and then remarking that both the singers in Boyz II Men and, in fact, Ed Sheeran, himself—by singing Thinking—they were actually both singing "a Marvin Gaye" song.[1]

29. Indeed, even Ed Sheeran, himself, has acknowledged the musical import of *Let's* as a forebear and/or musical foundation for *Thinking* and, purportedly, affirming to his audience his proverbial R&B "bona fides" by performing a medley of both songs/works in which he, too,

---

[1] **Said video footage of the pertinent event is currently available on YouTube.**

**Page 6 of 15**

transitions seamlessly between *Thinking* and *Let's*.[2]

30. The Defendants copied the "heart" of *Let's* and repeated it continuously throughout *Thinking*—this incontrovertible musical similarity has been observed by music industry professionals previously, as embodied by various social media and articles about the matter and, notably, directly addressed in a featured article in the music industry publication, *Spin Magazine*.[3]

31. As such, there can be no legitimate question that the melodic, harmonic, and rhythmic compositions in *Thinking* are not the product of independent creation.

32. The melodic, harmonic, and rhythmic compositions of *Thinking* are substantially and/or strikingly similar to the drum composition from *Let's*.

33. The instant Defendants copied, reproduced, distributed, and/or publicly performed copyrightable elements of *Let's*, specifically, the melodic, harmonic, and rhythmic compositions of *Let's*, without authorization.

34. To date, each of the enumerated Defendants reproduced, distributed, publicly performed, and/or authorized the reproduction, distribution, and public performance of the infringing composition and sound recording *Thinking* and each of the Defendants continues to infringe *Let's*.

35. Upon reasonable information and belief, no one ever licensed the *Let's* melodic, harmonic, and rhythmic compositions to the Defendants, or any other aspect of the copyrighted/ copyrightable aspects of *Let's*.

---

[2] Said video footage of the performance is also publicly available on YouTube.
[3] In the wake of the much-publicized "Blurred Lines" verdict, the March 11, 2015 article by Mr. Andrew Unterberger takes the position that Mr. Sheeran's composition, as it related specifically to *Let's Get it On*, constituted an even greater infringement upon Marvin Gaye's revered body of work than that which was at issue in the aforementioned litigation.

### The Infringement by the Defendants is Willful

36. The Defendants were notified of the infringement on or about April 15, 2015 by electronic mail or telephone (the "Notice").

37. Despite receiving the Notice the Defendants continued to exploit *Thinking* without permission to use the melodic, harmonic, and rhythmic compositions copied from *Let's*, the infringed work.

38. Despite the Notice, all of the Defendants have continued to infringe Plaintiffs' copyrighted work.

39. The infringement by the Defendants is willful, as evidenced by their continuing to infringe *Let's* after the Notice was provided to them.

40. The Defendants knowingly and intentionally infringed upon Plaintiffs' rights. The Defendants' collective knowledge and intent are established by, among other things, the fact that Defendants to this day have neither sought, nor obtained, a license from the Plaintiffs. All conditions precedent to the maintenance and/or establishment of the instant action have been satisfied and/or, otherwise, waived by the Defendants.

### FIRST CAUSE OF ACTION
**(Copyright Infringement - 17 U.S.C. § 101, *et.seq.*)**

41. The Plaintiffs repeat and reallege Paragraphs One (1) through Forty (40), as though fully set forth herein.

42. The Defendants' reproduction, distribution, and public performances of the infringing work, *Thinking*, continue to this day, and Defendants have not deigned to compensate Plaintiffs for the use of the copyrighted work in *Let's* to be used for *Thinking*, despite the fact that they have received money and other substantial benefits from Plaintiffs' composition.

43. The Defendants' reproduction, distribution, public performance of *Thinking*, and authorizing others to do the same, infringes Plaintiffs' exclusive rights under the Copyright Act.

44. The conduct of the Defendants is knowing and willful.

45. As a direct and/or proximate result of the Defendants' wrongful conduct, the Plaintiffs have been irreparably harmed, suffered damage, and Defendants have profited in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Infringement of Copyright Claim for Statutory Damages)

46. The Plaintiffs reallege and incorporate Paragraphs One (1) through Forty (40), and Forty-Two (42) through Forty-Five (45), as though fully set forth herein.

47. The Defendants infringed Plaintiffs' exclusive copyright in "*Let's*" when they copied substantial parts of it. Such copying was wholly unauthorized, as it was without any manner of license, consent, or authority from the Plaintiffs, the copyright owners. By virtue of this unauthorized copying, the Defendants have realized illegal revenues.

48. The Defendants infringed on Plaintiffs' exclusive copyright in "*Let's*" when the Defendants mechanically reproduced and released sound recordings, including compact discs and other phono-records embodying "*Thinking*". Such reproduction and release was wholly unauthorized, as it was without any license or consent of authority from the Plaintiffs. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

49. The Defendant, Warner Music Group Corporation, *d/b/a* Asylum Records, infringed on Plaintiffs' exclusive copyright in "*Let's*" when Defendants distributed and sold sound recordings, including compact discs, phono-records and video recordings, embodying "*Thinking*". Such reproduction and release was wholly unauthorized, as it was without any

Page 9 of 15

license or consent of authority from the Plaintiffs. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

50. The Defendants infringed Plaintiffs' exclusive copyright in "*Let's*" when they issued and/or authorized others to issue licenses to third parties for the use, publication, and exploitation of "*Thinking*". Said licenses were issued without any consent or authority from Plaintiffs, the copyright owners of "*Let's*," from which "*Thinking*" was substantially copied. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

51. As a direct and/or proximate result of the Defendants' infringement on Plaintiffs' exclusive copyright in *Let's*, Plaintiffs have suffered damages. Said injuries are continuing and will not abate in the future.

52. Pursuant to 17 U.S.C. § 504 (c), the Plaintiffs are entitled to statutory damages.

53. The above-chronicled actions of enumerated Defendants were committed willfully, and by reason thereof, in the event that Plaintiffs elect to recover statutory damages, they are entitled to an increase of the award to a sum of up to $150,000 pursuant to 17 U.S.C. § 504 (c)(2).

### THIRD CAUSE OF ACTION
### (False Designation of Origin Under the Lanham Act §43 (a), 15 U.S.C. §1125 (a)-Against all Defendants)

54. The Plaintiffs reallege and incorporate Paragraphs One (1) through Forty (40), Forty-Two (42) through Forty-Five (45), and Forty-Seven (47) through Fifty-Three (53), as though fully set forth herein.

55. By distributing, marketing, and otherwise exploiting the Infringing Song in interstate commerce while giving themselves credit for the Plaintiffs' work, the Defendants have falsely

Case 1:17-cv-05221-LLS Document 211-1 Filed 07/31/23 Page 12 of 16

represented to the public that Defendants have independently created, and are authors of, *Thinking*.

56. As a result, members of the public have been deceived and/or confused into believing that *Thinking* is the independent creation of the Defendants. The Plaintiffs are seriously injured by such deception, in that it negatively impacts their ability to distribute, market, and otherwise exploit *Let's*. This deception also has a negative impact on the Plaintiffs because they are not receiving the credit due for the success experienced by *Thinking*.

57. By engaging in the wrongful conduct described herein and above, Defendants have violated Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a) for False Designation of Origin. Because the Defendants have engaged in the conduct described herein with fraudulent intent, and with the actual knowledge of the harm being caused to the Plaintiffs by such wrongful conduct/acts, this is an exceptional case which merits an award of treble damages and attorney's fees against said Defendants.

58. The Defendants' acts and conduct have caused, and will continue to cause, Plaintiffs great and irreparable injury that cannot be adequately compensated or measured in damages. Plaintiffs have no adequate remedy at law and will suffer immediate and irreparable loss, damage, and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

### FOURTH CAUSE OF ACTION
("Reverse Passing Off" Under the Lanham Act §43(a), 15 U.S.C. §1125 (a)- Against All Defendants)

59. The Plaintiffs reallege and incorporate paragraphs One (1) through Forty (40), Forty-Two (42) through Forty-Five (45), Forty-Seven (47) through Fifty-Three (53) and Fifty-Five (55) through Fifty-Eight (58), as though fully set forth herein.

60. The Defendants have appropriated and copied the original expression of *Let's*, without consent, credit, or compensation, by writing, performing, and recording *Thinking*.

61. As a result, members of the public have been deceived and/or confused into believing that *Thinking* is the independent creation of the Defendants. The Plaintiffs are seriously injured by such deception and misattribution, in that it negatively impacts their ability to distribute, market, and otherwise avail themselves of *Let's*.

62. By engaging in the wrongful conduct described herein and above, Defendants have violated section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a) for Reverse Passing Off. Because the Defendants have engaged in the conduct described herein with fraudulent intent, and with the actual knowledge of the harm being caused to the Plaintiffs by such wrongful conduct/acts, this is an exceptional case which merits and award of treble damages and attorney's fees against the Defendants.

63. The Defendants' aggregate acts and conduct have caused, and will continue to cause, the Plaintiffs great and irreparable injury that cannot be adequately compensated or measured in damages. The Plaintiffs have no adequate remedy at law and will suffer immediate and irreparable loss, damage, and injury unless the Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

**FIFTH CAUSE OF ACTION**
**(Unjust Enrichment-Against All Defendants)**

64. Plaintiffs reallege and incorporate Paragraphs One (1) through Forty (40), Forty-Two (42) through Forty-Five (45), Forty-Seven (47) through Fifty-Three (53), Fifty-Five (55) through Fifty-Eight (58) and Sixty (60) through Sixty-Three (63), as though fully set forth herein.

65. By reason of the foregoing facts, the Defendants, and each of them, have become unjustly enriched at the expense of Plaintiffs by failing to license the right use *Let's* and by realizing monetary gain from their unauthorized use of *Let's*.

66. The Defendants, and each of them, have been unjustly enriched in an amount which cannot be precisely ascertained at this time, but will be ascertained according to proof at trial.

## SIXTH CAUSE OF ACTION
### (Demand for Accounting-Against All Defendants)

67. The Plaintiffs reallege and incorporate Paragraphs One (1) through Forty (40), Forty-Two (42) through Forty-Five (45), Forty-Seven (47) through Fifty-Three (53), Fifty-Five (55) through Fifty-Eight (58), Sixty (60) through Sixty-Three (63), Sixty-Five (65) and Sixty-Six (66), as though fully set forth herein.

68. As explicated herein above, the Plaintiffs have an interest in all of the money that is generated from the distribution and any other exploitation of *Thinking* in that they are the copyright owners of *Let's*. Moreover, Plaintiffs have an interest in any future exploitation of *Thinking* and any royalties which result from any such future exploitation.

69. The Plaintiffs are informed and believe that Defendants have generated an undetermined—yet substantial—amount of money, due to the commercial success of *Thinking* and the *X* album through sales, distribution, promotion, circulation, and other exploitation of *Thinking*.

70. The amount of money/proceeds due from the Defendants is unknown to Plaintiffs and cannot be ascertained without an accounting of all of the Defendants' financial records related to *Thinking*.

71. As a result of the Defendants' actions, Plaintiffs have been damaged in an amount to be proven after an accounting has been conducted. Accordingly, Plaintiffs hereby request that the

Court order an accounting of all of Defendants' financial records related to *Thinking* in order to determine the sums rightfully due to Plaintiffs and that those sums be paid to them.

### SEVENTH CAUSE OF ACTION
**(Preliminary and Permanent Injunction)**

72. The Plaintiffs repeat and reallege Paragraphs One (1) through Forty (40), Forty-Two (42) through Forty-Five (45), Forty-Seven (47) through Fifty-Three (53), Fifty-Five (55) through Fifty-Eight (58), Sixty (60) through Sixty-Three (63), Sixty-Five (65) and Sixty-Six (66) and Sixty-Eight(68) through Seventy-One (71), as though fully set forth herein.

73. The Plaintiffs have a likelihood of eventual success in this litigation.

74. The Plaintiffs will suffer irreparable harm if injunctive relief is not granted by this Court.

75. The Defendants' unauthorized distributions of Plaintiffs' intellectual property are causing irreparable harm to the instant Plaintiffs.

### DEMAND FOR JURY TRIAL

76. The Plaintiffs, respectfully, request a trial by jury on all claims asserted in this Complaint.

**WHEREFORE**, the Plaintiffs, collectively, respectfully request that judgment be entered against the enumerated Defendants, as follows:

A. For judgment that Defendants have violated the Copyright Act and that all such violations have been willful; and

B. For judgment entering a preliminary and permanent injunction (and waiver of bond) enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from infringing Plaintiffs exclusive rights under the Copyright Act by reproducing, distributing and publicly performing *Thinking*, and authorizing others to the same; and

C. For judgment assessing Defendants for the damages suffered by Plaintiffs, including an award of actual damages and Defendants' profits attributable to the infringement, or statutory damages (at Plaintiffs' election) under the Copyright Act, as well as costs and

attorney's fees to the full extent provided for by Sections 501, 504 and 505 of the Copyright Act, 17 U.S.C. §§ 501, 504 and 505; and

D. For a judgment directing that Defendants deliver up for destruction to Plaintiffs all copies of *Thinking* in their possession or under their control, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503; and

E. For judgment granting such other, further, and different relief as to the Court may seem just and proper, including Plaintiffs' costs and reasonable attorneys' fees.

**DATED:** June 24th, 2017

                **FRANK & RICE, P.A.**
                **Attorneys for Plaintiffs**

By: _____
     Patrick R. Frank, Esq.
     Florida Bar Number: 0642770
     Keisha D. Rice, Esq.
     Katherine L. Viker, Esq.
     Frank & Rice, P.A.
     325 West Park Avenue
     Tallahassee, Florida 32301
     Telephone: (850) 629-4168
     Facsimile: (850) 629-4184
     Attorney(s) for Plaintiffs