# EXHIBIT C



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/24/20

MEMO ENDORSED

**FRANK & RICE**
A Professional Association
325 West Park Avenue
Tallahassee, Florida 32301
Telephone (850) 629-4168
Facsimile (850)6 29-4184

July 9, 2020

**VIA ECF**

Hon. Louis L. Stanton
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Griffin , et. al. v. Sheeran, et. al.* // Case Number 2017-cv-5221 (LLS)

Dear Judge Stanton:

> Plaintiffs have had, and let pass, many opportunities to seek court enforcement of this long-sought material. Those applications they did make were denied as untimely. Now trial is scheduled for November. Re-opening damages discovery would require preparation of new, different presentations on those matters, with no excuses for not having done it earlier. This application is denied.
> So Ordered.
>
> Louis L. Stanton
> 7/24/20

We represent the Plaintiffs in the above-captioned matter. In accordance with Rule 2.A of Your Practices and Local Civil Rule 37.2, I am writing to request that Your Honor set a pre-motion discovery conference to address certain of the Plaintiffs' requests for the production of documents to which Defendants have previously objected and refused to produce anything. This identical issue was previously adjudicated by this Court in the parallel litigation entitled *Structured Asset Sales, LLC v. Sheeran, et.al.*, Case Number: 1:18-CV-05839, pursuant to the Plaintiff's pre-motion discovery conference request (Doc. 123). The gravamen of that discovery dispute turned on the discoverability of documents relating to indirect profits and revenue associated with the Defendants' revenue deriving from performances of "Thinking Out Loud".

In the instant case, the Plaintiffs requested both revenue discovery associated with merchandising and the performance of "Thinking Out Loud" on or about October 14, 2017. The Defendants responded with virtually the identical objections set forth by the same Defendant in the parallel litigation referenced herein above.

While the Plaintiffs in this case did not, at that time, pursue a motion to compel at that time, in the wake of this Court's ruling in the *Structured Asset Sales, LLC* litigation, wherein this Court ruled that the Plaintiff in that case was, in fact, entitled to the subject discovery, the undersigned counsel(s) reached out to Defendants' counsel(s) and requested that the responsive discovery materials in question be voluntarily turned over.

The Defendants' counsel(s) took the position that because the materials at issue were not sought within the context of motion practice while discovery was still "open", that the instant

Plaintiffs were not entitled to obtain the discovery materials sought. As such, the materials relating to indirect profits and/or concert revenue have not been forthcoming.

The Plaintiffs herein would contend that they are, in fact, entitled to the discovery materials because they were incontrovertibly requested during discovery and not provided. The objections relied upon by the Defendants have, subsequently, been invalidated by virtue of this Court's ruling in the *Structured Asset Sales, LLC* case. The fact that the materials were not forcibly acquired via Court Order earlier does not detract from the reality that the discovery was improperly withheld in the first instance and should not be utilized now to justify a continuing failure to provide the same.

To the extent that the Defendants would oppose the Plaintiffs' request based on some manner of prejudice and/or undue burden, it is worthy of note in this context that the identical Defendants have already provided the materials requested herein in the Structured Asset Sales, LLC, case and, accordingly, it would constitute no burden and/or imposition for the Defendants to do as much in this case.[1]

Thank you very much for your attention and anticipated assistance with the foregoing.

Respectfully Submitted,

Patrick R. Frank, Esq.

cc: Mr. Donald Zakarin, Esq.;
Mr. Andrew Goldsmith, Esq.; &
Ms. Ilene Farkas, Esq.

---

[1] By way of addendum, it should also be noted for the Record that even as recently as June 11, 2020, Defendants' counsel(s) communicated with the undersigned counsel(s) in connection with the provision of amended Rule 26 disclosures (well after the close of discovery) and, similarly, indicated an intention of supplementing other previous financial discovery. Thus, the notion that the close of discovery precludes the exchange of additional materials and/or information—particularly when the procedural/substantive predicate of the same was previously laid within the context of the discovery process—is, and should be, construed as unavailing.