UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,

    *Plaintiffs*,

-against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS

    *Defendants*.

ECF CASE

17-cv-5221 (LLS)

---

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR NINTH MOTION *IN LIMINE* TO PRECLUDE CONCERT REVENUE "EVIDENCE"

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony Music Publishing (US) LLC*

*Of Counsel*:
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith
    Brian M. Maida

Defendants Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corporation ("Atlantic") and Sony/ATV Music Publishing LLC (n/k/a Sony Music Publishing (US) LLC) ("SMP," together with Atlantic and Sheeran, the "Defendants" and each a "Defendant"), respectfully submit this memorandum of law in support of their Ninth Motion *In Limine* for an Order precluding Plaintiffs from offering or attempting to elicit any argument, testimony or "evidence" concerning Sheeran's concert revenues.

As reflected in this Court's October 27, 2022 Scheduling Order (ECF 179), the drafting of the Pretrial Orders in this case began in the fall of 2000 (in contemplation of the pre-Covid anticipated trial date) and resumed in the fall of 2022. The parties exchanged multiple drafts of both a Liability Pretrial Order and Damages Pretrial Order. Most importantly, pursuant to a Stipulation, which is Joint Exhibit 8 in the Damages Pretrial Order, the parties agreed (1) that Joint Exhibits 5 through 7 reflect the United States gross revenues and expenses incurred and taxes paid by Defendants in relation to the United States exploitation of *Thinking Out Loud* ("TOL"); (2) that those Exhibits were admissible for all purposes; and, (3) that Plaintiffs reserved the right to challenge the deductibility of any or all of the expenses and/or taxes reflected in those Exhibits under the Copyright Act or applicable law. (Zakarin Declaration Exhibit B).

As Joint Exhibit 8 and Joint Exhibits 5 through 7 make clear, the only United States gross revenues of TOL are the amounts shown on Joint Exhibits 5 through 7, and there is no dispute about the amount of the gross revenues. (*Id.*; *id.* ¶ 4). However, conspicuously absent from Joint Exhibits 5-7 are any concert revenues or expenses. (*Id.* ¶ 4). And there are good reasons that no concert revenue or expenses are shown on these Joint Exhibits. It is because Plaintiffs never pleaded a claim for concert revenues in their Complaint and therefore never pleaded any "causal nexus" between the alleged infringement and any concert revenue. It is because Plaintiffs never

1

pursued concert revenue or expense discovery until long after the close of discovery. And it is because when Plaintiffs finally sought such discovery in a motion to this Court in July 2020 (two years after discovery closed), the Court issued an Order, on July 24, 2020 – nearly three years ago – barring such discovery. (ECF 134).

Ignoring this Court's Order, ignoring that their Complaint did not plead any claim for concert revenues and ignoring their failure to pursue discovery of any concert revenues, on March 7, 2023, one week before the deadline to file Pretrial Orders with the Court, Plaintiffs, for the very first time, added the following "Proposed Finding Of Fact" to their portion of the Damages Pretrial Order ("Damages PTO"):

> In the event that Plaintiffs successfully prove infringement at the trial of this case, consistent with the previous Order of this Court (Doc. 211) in the companion case of *Structured Asset Sales, LLC v. Ed Sheeran*, *et.al.*; Case Number: *1:17-CV-5221-LLS*, the Plaintiffs herein would contend entitlement to concert ticket sale revenues by virtue of this Court's previous finding that that there is "a link between the infringing concert performance of TOL and profits arising from concert ticket sales". Consistent with the principles of res judicata, concert ticket revenues have been found to be legally-cognizable damages herein. Accordingly, in the interests of consistency and equal protection, these self-same concert revenue damages must be presented to the jury for consideration at the trial of the instant case.

That Proposed "Finding of Fact" – which does not even articulate a purported statement of fact – should be stricken, and Plaintiffs should be precluded from trying to advance any claim for concert revenues during the damages phase of this trial (in the unlikely event that the jury finds for Plaintiffs during the liability phase of this case) for all of the reasons set forth above and enumerated below.

*First*, the belatedly advanced Proposed Finding has been offered in <u>direct violation</u> of the Court's July 24, 2020 Order. (ECF 134). The July 24, 2020 Order – issued in the lead-up to the originally scheduled trial of this action – rejected Plaintiffs' untimely application to reopen discovery to compel production of documents concerning concert revenues and expenses. Having

failed to pursue <u>any</u> discovery demand regarding concert revenues until long after discovery closed and having had their claim for concert revenues already rejected by this Court's July 24, 2020 Order (ECF 134), Plaintiffs have no basis for their eleventh hour attempt to again insinuate into this case, some six weeks before trial, a claim that this Court already barred.

*Second*, Plaintiffs never asserted any claim in their Complaint for concert revenues and never provided any causal nexus in their pleading between their claim of infringement and any concert revenues. (ECF 1).

*Third*, Plaintiffs already have stipulated to the gross revenues and expenses shown on Joint Exhibits 5, 6 and 7. They stipulated that those Exhibits are accurate and admissible for all purposes, reserving only the right to challenge the deductibility of the expenses under the Copyright Act and applicable law. They did not reserve any right to challenge or supplement the revenues shown on those Joint Exhibits. And Joint Exhibits 5, 6 and 7 do not reflect any concert revenues or expenses.

*Fourth*, permitting Plaintiffs to assert a claim for concert revenues some six weeks before trial would cause extreme, incurable prejudice to Defendants. In particular, given Plaintiffs' failure to seek concert revenues during the discovery period of this case and this Court's July 24, 2020 Order barring any discovery of the concert revenues and expenses, Defendants never engaged an expert witness to address any issues (including apportionment) relating to concert ticket revenues. There is no possibility of an appropriate evidentiary record being made in this case.

*Fifth*, Plaintiffs' purported reliance on *Structured Asset Sales, LLC v. Edward Christopher Sheeran, et al.*, Case No. 18-cv-5839 (LLS) (the "SAS Case") (Plaintiffs cited the incorrect case number for the SAS Case) is legally and factually meaningless and only reinforces that Plaintiffs' eleventh hour attempt to insinuate concert ticket revenues into this case is patently improper. In the SAS Case, in motion practice directed to discovery sought and pursued within the discovery

3

period, the Court found that SAS, in its complaint, had sufficiently pleaded a causal nexus between the alleged infringement and concert revenues and granted SAS's motion to compel discovery of concert revenues and expenses (which discovery was produced by the defendants in the SAS Case as confidential information, subject to a Confidentiality Order, in accordance with the timelines of that case). The parties in the SAS Case thereafter exchanged expert disclosures regarding concert revenues and expenses and further engaged in motion practice relating to whether profits from such concerts were shown, in that case, to have a causal nexus to the alleged infringement.[1]

Here, in contrast, <u>none</u> of those things have occurred because Plaintiffs never pleaded a claim for concert revenues, they never moved to compel discovery regarding concert revenues during the discovery period, the Court barred Plaintiffs from pursuing and obtaining such discovery, and the parties never conducted discovery or expert analysis regarding concert revenues. Moreover, the SAS Case covers different time periods and therefore has different financial information.

*Sixth*, Plaintiffs' citation to the doctrines of res judicata and "equal protection" are frivolous, make no legal or logical sense and are, in short, incomprehensible.

Ultimately, Plaintiffs' eleventh hour attempt to pursue concert revenues only confirms what Defendants have understood from the outset: this case was brought because of TOL's financial success and Plaintiffs' desire to grab a share, not because there is anything protectable in LGO that was copied by Ed Sheeran and Amy Wadge. Plaintiffs' Proposed Finding regarding concert revenues has absolutely no basis in fact or in law, and it is barred by this Court's Order.

---

[1] Defendants in the SAS case have a pending motion before this Court to rehear and reconsider aspects of its decision, including its decision respecting concert revenues.

Finally, as reflected in separate motions that Defendants have been compelled to make, Plaintiffs have repeatedly ignored this Court's Orders, treating them as if they were a nullity. Having already devoted time, effort and expense to obtaining, through motion practice, Orders from this Court that have limited the issues to be tried in this case, Defendants (and this Court) should not be required to revisit these already-determined issues through further motions directed to Plaintiffs' attempts to introduce Exhibits and Proposed Findings that are in complete violation of this Court's Orders.  At this point, the imposition of *sua sponte* Rule 11 sanctions against Plaintiffs and their counsel, who are appearing in this Court *pro hac vice*, is, respectfully, appropriate.  Further, unless Plaintiffs are directed to conform themselves to this Court's Orders and there is an appropriate sanction for their refusal to do so, Defendants are concerned that the trial of this case could be jeopardized, wasting jury time and judicial resources.

Dated: New York, New York
March 15, 2023

    PRYOR CASHMAN LLP

    By: */s/ Donald S. Zakarin*
        Donald S. Zakarin
        Ilene S. Farkas
        Andrew M. Goldsmith
    7 Times Square
    New York, NY 10036
    (212) 421-4100

    *Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony Music Publishing (US) LLC*