UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY TOWNSEND GRIFFIN, *et.al.*,

**Plaintiffs,**

vs.

EDWARD CHRISTOPHER SHEERAN, *et.al.*,

**Defendants.**

ECF CASE
17-CV-5221 (LLS)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' SECOND MOTION *IN LIMINE***

_____ /

**THE ENUMERATED PLAINTIFFS**, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' Second Motion *in Limine* which seeks to exclude Defendants' proposed Exhibits 217-234, constituting "mashups" and/or "medleys" from the enumerated Defendant, Edward Christopher Sheeran, purportedly obtained from "YouTube", and, as basis therefore, would state as follows:

## BACKGROUND

1. Discovery in the instant case ended in or about March of 2018.

2. During the course of discovery, on or about October 20, 2017, the Defendants served their "Initial Disclosures" pursuant to the *Federal Rules of Civil Procedure, Rule 26(a)*. Notably, the "Initial Disclosures" made no reference whatsoever to the so-called "mashups" or "medleys" embodied by Exhibits 217-234.

3. Thereafter, the Defendants served their "Amended Initial Disclosures" on or about February 6, 2018. Said disclosures still made no reference whatsoever to the aforementioned "mashups" or "medleys" embodied by Exhibits *217-234*.

4. Now, **FIVE (5) YEARS** after the close of discovery in this matter, the Defendants have expressed their intention of introducing the exhibits in question into evidence at trial, presumably in support of the proposition that the use of "mashups" and/or "medleys" in concert venues is a common place event in the music industry and that the Defendant's, Mr. Sheeran's, availment of the "Thinking Out Loud" and "Let's Get It On" medley which the Defendants have repeatedly sought to conceal from the scrutiny of a jury in this matter has little or no significance for copyright purposes as it relates to the similarities of the respective compositions at issue in the instant litigation.

## THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(A)

5. The *Federal Rules of Civil Procedure, Rule 26(a)*, requires Parties to provide "without awaiting a discovery request..the name and, if known, the address and telephone number of each individual likely to have discovery information—along with the subject of that information—that the disclosing party may use to support its claim or defense".

6. Pursuant to the *Federal Rules of Civil Procedure, Rule 37*, a "party that fails to disclose information pursuant to *Rule 26(e)(2)* is not permitted to use such information as evidence, unless there is substantial justification provided for the failure and such failure is harmless". In this instance, the Defendants' eleventh hour attempt to add seventeen new unvetted musical exhibits is far from harmless.

7. As previously indicated, the Defendants have had myriad opportunities to disclose the "mashups" and/or "medleys" they now contend that they need to refute the Plaintiff's intended use of the "Let's Get It On"/"Thinking Out Loud" medley.

8. Attendant to this litigation, the deposition of the Defendant, Mr. Sheeran, was taken on or about February 1, 2018—at that time, in the presence of Defendants' legal counsel(s), as well as corporate representatives for the other Defendants, the "Let's Get It On"/"Thinking Out

2

Loud" medley was played for the Defendant, Mr. Sheeran, and was entered as an exhibit to said deposition without Objection.

9. Now, in excess of five (5) years after that deposition, as well as other numerous representation and/or disclosures with regard to the Plaintiffs' intention of utilizing the subject medley, the Defendants, for the first time on March 15, 2023, indicate an intention of admitting **SEVENTEEN (17)** discrete audio visual files of unknown origin/provenance into evidence at trial in an effort to refute the significance of the subject medley of "Thinking Out Loud"/"Let's Get It On".

10. The protocol under the *Federal Rules of Civil Procedure* and companion case law regime requires that, given the Defendants' uncontroverted untimely disclosures, the burden is on the Defendants herein to both demonstrate that they have a substantial justification for the failure to provide the exhibits in question during the course of discovery, as well as that such failure to disclose is, in fact, harmless.

11. The Defendants, in this instance, cannot meet their burden *vis a vis* proffering any plausible justification for failing to account for the exhibits they now seek to introduce five (5) years after the close of discovery.[1]

12. In this instance, the wholesale previous omission by the Defendants is not, in fact, harmless, nor can it be reasonably cured as assuming—*arguendo*—that the Defendants were allowed to introduce these exhibits at this late juncture, the Plaintiffs would be required to

---

[1] Notably, in this context, the Defendants failure to abide by the disclose requirements and discovery deadlines in this case were previously addressed in connection with the Plaintiffs' First Motion *in Limine* pertaining to the Defendant's, Mr. Sheeran's, manager—Mr. Stuart Camp—being permitted to testify due to his complete omission in multiple incarnations of the Defendants' *Rule 26* Disclosures. Given that at the time the omission was brought to the Court's attention while the case was being held in abeyance due to Covid-19, the Court permitted the Defendants to cure the error by making Mr. Camp available for deposition (in that instance, the Plaintiffs had actually requested leave to take Mr. Camp's deposition as a remedy to the extent that the Court was disinclined to exclude the same). Defendants in recent filings have repeatedly attempted to paint the Plaintiffs as, somehow, non-compliant with regard to the rulings of this Court. Ironically, however, it is the Defendants, themselves, that have blithely and routinely failed to disclose exhibits and witnesses in a timely fashion, disregarding procedure and/or deadlines in the hope that this Court will continue to afford them opportunities to cure said errs/omissions.

3

engage their musicologist to provide extensive review, transcriptions for each, as well as to provide comparisons of each of the Defendants' seventeen (17) newly-proffered new "medleys" and/or "mashups". This would be taking place at a time when the Plaintiffs would normally be preparing their case-in-chief for trial, instead of evaluating and/or vetting new defensive evidence and/or theories. The time for such extensive analysis required to evaluate this new evidence has come and gone.

13. The failure to disclose the exhibits by the Defendants is significantly prejudicial herein—when evidence and/or witnesses are disclosed after the close of discovery, "the offending party subverts the purpose of mandatory disclosures and undoubtedly prejudices their opponent. Indeed, untimely disclosures rob opposing counsel of the opportunity to take discovery....**These harms are not easily remedied in the few weeks before trial—long after discovery has ended** (*Emphasis Supplied*)". *Harris v. Police Officer Shartisia Lewis, et.al.*, Case Number: *16-CV-1214* (PKC) (JQ) (E.D. N.Y. October 30, 2019); see also *D'Amico v. Department of Children & Families*, No: *16-CV-00655* (JAM), 2018 WL 650371 (D. Conn. Jan. 31, 2018).

## CONCLUSION

14. In light of all of the foregoing and/or enclosed, the Plaintiffs would, respectfully, submit that the Plaintiffs' Second Motion *in Limine* should be granted in its entirety with the proposed exhibits being excluded and any reference to said exhibits and/or previous medleys/mashups performed by the Defendant, Mr. Sheeran, being barred from reference at trial.

**WHEREFORE**, the Plaintiffs, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' Second Motion *in Limine*, as well as providing for any such other relief as this Court should deem equitable and just.

4

**DATED** this 15th day of March, 2023.

              **FRANK & RICE, P.A.**

              Respectfully Submitted,

              /s/ Patrick R. Frank, Esq.
              Patrick R. Frank, Esq.
              Florida Bar Number: 0642770
              Keisha D. Rice, Esq.
              Katherine L. Viker, Esq.
              Frank & Rice, P.A.
              325 West Park Avenue
              Tallahassee, Florida 32301
              Telephone: (850) 629-4168
              Facsimile: (850) 629-4184