UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY TOWNSEND GRIFFIN, *et.al.*,

Plaintiffs,

vs.

EDWARD CHRISTOPHER SHEERAN, *et.al.*,

Defendants.

ECF CASE
17-CV-5221 (LLS)

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' THIRD MOTION *IN LIMINE*

_____/

**THE ENUMERATED PLAINTIFFS**, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' Third Motion *in Limine* which seeks to exclude Defendants' proposed Exhibits *302-303*, constituting e-mail discussions between the attorneys for the enumerated Parties prior to the inception of the instant lawsuit.

## BACKGROUND

1. The Parties engaged in extensive discussions and/or attempts to resolve the subject dispute of the instant litigation prior to the commencement of litigation.

2. Attendant to those discussions and settlement attempts, the Parties had occasion to exchange preliminary expert opinions and/or reports.

3. Now Defendants seek to enter e-mails between counsel(s) during the course and scope of pre-suit settlement discussions into evidence.

## *SECTION 408* OF THE FEDERAL CODE OF EVIDENCE

4. Section 408 of the Federal Code of Evidence generally precludes the introduction of settlement discussions and related materials from evidence at trial.

5. The materials and/or communications in question are, quite clearly, settlement communications proffered in contemplation of attempting to resolve a dispute pre-trial.

6. While Section 408 does, in fact, contemplate the admission of settlement materials into evidence for so-called "other" purposes—in order to evade the clear inadmissibility of the materials, the Defendants purportedly seek admission of the documents/materials under a prospective exception. In this instance, they suggest that the "real purpose" of the materials is to demonstrate the Defendant's, Mr. Sheeran's, supposed state-of-mind when he copies "Let's Get It On" in an effort to demonstrate the infringement in question was not, in fact, willful.

7. Notwithstanding the cognitive dissonance attendant to the Defendants' underlying premise that pre-suit settlement negotiations between legal counsel to the respective parties herein could lend insight into the Defendant's, Mr. Sheeran's, "intent" to infringe, the reality is that the Defendant's, Mr. Sheeran's, intent is only relevant from the standpoint of a claim for statutory damages pursuant to Title 17 of the United States Code, Section *504(c)*.

8. As the Defendants are fully aware, the Plaintiff herein seek actual damages. Therefore, the matter as to whether or not the Defendant, Mr. Sheeran, willfully infringed or not is immaterial to this case—a fact of which the Defendants are fully aware.

9. The Defendants' claim that they seek to introduce the disputed materials for "other" purposes is, in fact, correct. However, the reason proffered by the same is not accurate.

10. The true reason why the Defendants seek to introduce the materials in question is because they include additional, self-serving musicological analysis from a second musicologist—the strategy herein is to use the e-mails as a mechanism to improperly introduce

and/or "boot strap" a second expert opinion for the jury's review while simultaneously evading the disclosure requirements of the *Federal Rules of Civil Procedure, Rule 26*.

11. In short, the notion is that the jury will see that the Defendants have two (2) musicology experts which, of course, must suggest that the Defendants' position is superior.

12. In this manner they would be able to unduly introduce a hearsay opinion of a second musicologist that had never been previously named and/or disclosed within the context of this litigation in derogation of the *Federal Rules of Civil Procedure, Rule 26*.

## CONCLUSION

13. In light of all of the foregoing and/or enclosed, the Plaintiffs would, respectfully, submit that the Plaintiffs' Third Motion *in Limine* should be granted in its entirety with the proposed exhibits being excluded at trial.

**WHEREFORE**, the Plaintiffs, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' Third Motion *in Limine*, as well as providing for any such other relief as this Court should deem equitable and just.

**DATED** this 15th day of March, 2023.

**FRANK & RICE, P.A.**

Respectfully Submitted,

/s/ Patrick R. Frank, Esq.
Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184