UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**KATHY TOWNSEND GRIFFIN**, *et.al.*,

**Plaintiffs,**

vs.

**EDWARD CHRISTOPHER SHEERAN**, *et.al.*,

**Defendants.**

ECF CASE
17-CV-5221 (LLS)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' FOURTH MOTION *IN LIMINE***

_____/

**THE ENUMERATED PLAINTIFFS**, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' Fourth Motion *in Limine* which seeks to exclude Defendants' proposed exhibit *205*, constituting select excerpts from the deposition of Ms. Helen McDonald.

1. Ms. Helen McDonald was the sister of Ed Townsend, the author of "Let's Get It On".

2. Per her depositional testimony attendant to this litigation, Helen McDonald was present the day that Ed Townsend wrote "Let's Get It On", and also when Marvin Gaye, subsequently came to her home to collaborate on the performance of the same.

3. Helen Townsend was previously a party to this litigation but, similar to Cherrigale Townsend, has passed away during the pendency of the same. Thus, the Court substituted the Probate Estate of Helen McDonald for Helen McDonald, personally.

4. While the preponderance Ms. McDonald's deposition was spent by the Defendants asking questions regarding paternity, when the Defendants did deign to inquire as to music, they inquired of Ms. McDonald as to what music Ed Townsend listened to and whether or

not there were any artists he particularly admitted—Defendants specifically cited Bill Fury, Buddy Holly, Curtis Mayfield, and Donovan.

5. Ms. McDonald responded to the inquiry during her deposition that Ed Townsend liked all kinds of music including blues and gospel.

6. The presumed purpose of the utilization of select excerpts of Ms. McDonald's deposition is for the proposition that Ed Townsend was familiar with the chord progression utilized in "Let's Get It On" prior to writing the same based on exposure to other songs utilizing said chord progression in support of the so-called "prior art" component of the Defendants' arguments.

7. The Defendants arguments attempting to rationalize the use of Ms. McDonald's deposition testimony are problematic for several reasons—first and foremost, Ms. McDonald testified that Ed Townsend listened to all kinds of music and/or was a fan of music in general. Second, Ms. McDonald did not have any personal knowledge, nor did she cite to, any specific songs Ed Townsend liked or attempted to emulate in his music or in the writing of "Let's Get It On".

8. Third, Ms. McDonald, as indicated, is deceased. During the course of her deposition, Ms. McDonald, was asked to speculate as to her late brother's song-writing methodologies and/or influences when she clearly did not have direct knowledge and/or information.

9. Now, the Defendants purport to rely on speculative testimony of the Decedent, Ms. McDonald, testifying as to the alleged personal knowledge as to the predilections of her Brother who, at the time of the deposition in question, had also long since been deceased.

10. The Defendants attempts to extrapolate some manner of premise deriving from its prior art argument is strained, at best, and attempts to impermissibly stack hearsay upon unfettered speculation and, candidly, does not accurately reflect the nature of the testimony

actually provided by the subject deponent, Ms. McDonald.

11. Even assuming, *arguendo*, that Ms. McDonald was alive today, she likely would not be permitted to speculate as to her brother's state of mind of methodology with respect to writing music.

## CONCLUSION

12. In light of all of the foregoing and/or enclosed, the Plaintiffs would, respectfully, submit that the Plaintiffs' Fourth Motion *in Limine* should be granted in its entirety with the proposed exhibit being excluded at trial.

**WHEREFORE**, the Plaintiffs, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' Fourth Motion *in Limine*, as well as providing for any such other relief as this Court should deem equitable and just.

**DATED** this 15th day of March, 2023.

**FRANK & RICE, P.A.**

Respectfully Submitted,

/s/ Patrick R. Frank, Esq.
Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184