**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806                                  www.pryorcashman.com

**Donald S. Zakarin**
Partner
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

March 16, 2023

**VIA ECF**

Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   Kathryn Townsend Griffin, et al. v. Edward Christopher Sheeran, et al., No. 17-cv-5221

Dear Judge Stanton:

On behalf of the Defendants, I am writing to Your Honor to file this letter-motion for sanctions against Plaintiffs and their counsel. I have litigated in this Court for over 45 years, and I believe this is the first such application I have ever made. However, in this case, regrettably, it is warranted. As detailed below, Plaintiffs have repeatedly ignored Court Ordered deadlines and, as detailed in Defendants' Eighth and Ninth Motions *in limine* (filed yesterday), Plaintiffs have repeatedly ignored Orders that Your Honor has previously issued, requiring Defendants to file new motions *in limine*, despite already having obtained Orders on the same subjects through prior motions granted by Your Honor.

*First*, for at least the fifth time, Plaintiffs have ignored important Court Ordered deadlines, failing to submit any proposed jury instructions, any proposed special verdict forms and, perhaps most critically, any pretrial declaration from their expert, Dr. Stewart, in accordance with yesterday's deadline. The Court set that deadline in its October 26, 2022 Scheduling Order. Defendants timely submitted all required pretrial filings, enabling Plaintiffs to now try to frame noncompliant jury instructions, special verdict forms and an expert declaration by reference to Defendants' filings. The Court's Order requiring simultaneous pretrial filings has a purpose and should be enforced. Plaintiffs should be barred from belatedly submitting any proposed jury instructions or special verdict form or objecting to any instructions issued by the Court.

Further, with respect to Dr. Stewart, his actual admissible testimony is virtually nonexistent. His Rule 26 Report and summary judgment declaration are almost totally barred by this Court's March 24, 2020 and August 18, 2020 Orders because they improperly compare TOL to elements only in the LGO Recording and not the Deposit Copy. The August 18, 2020 Order also bars him from offering any testimony that LGO or its constituent elements are "'unique,' 'distinctive,' 'unusual,' or the like." Because Plaintiffs have not complied with this Court's Scheduling Order and its Rules, it remains unknown and undisclosed what possible evidence Dr. Stewart can offer that bears on any issue in the case. Plaintiffs have no triable case without Dr. Stewart and given this Court's Orders, they have no case that can properly be submitted to a jury

March 16, 2023
Page 2

with him (which may explain why Plaintiffs failed to file jury instructions, special verdict forms and a declaration from Dr. Stewart). Thus, their failure to timely file this required pretrial expert declaration on what may be Plaintiffs' only witness is particularly troubling.

*Second*, beyond their failure to comply with Court deadlines, Plaintiffs also continue to reference elements solely included in the LGO Recording, in clear violation of this Court's Orders. In their Pretrial Brief, Plaintiffs emphasize similarities between the tempos of the two works (ECF 223 at 7-8), notwithstanding the undisputed and indisputable fact that the Deposit Copy does NOT notate a tempo (and tempo is unprotectable as a matter of law in any event).[1] Despite Plaintiffs removing tempo from their portion of the Liability Pretrial Order (at the insistence of Defendants), tempo is still included in their Pretrial Brief, again in disregard for this Court's March 24, 2020 Order.[2]

*Third*, Plaintiffs have embarked upon an eleventh hour attempt to insinuate concert ticket revenues into this case in direct violation of the Court's July 24, 2020 Order. (ECF 134). On March 7, 2023, Plaintiffs – for the very first time – added a "Proposed Finding" to their portion of the Damages Pretrial Order by which they claim a right to recover Ed Sheeran's "concert ticket revenues." As detailed at length in Defendants' Ninth Motion *In Limine* (ECF 210-212), that "Proposed Finding" has no basis in fact or in law. To avoid repetition, Defendants respectfully refer the Court to their Ninth Motion *In Limine*. Briefly, not only is this Proposed Finding in direct violation of Your Honor's July 24, 2020 Order, it is also in direct violation of a Stipulation entered by the parties (Joint Exhibit 8) pursuant to which Plaintiffs agreed that the Defendants' United States gross revenues for *Thinking Out Loud* were reflected in Joint Exhibits 5, 6 and 7. Those Exhibits reflect zero concert revenues.

As relevant here, "[s]anctions may be authorized by any of a number of rules or statutory provisions, or may be permissible on the basis of the court's inherent powers." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997). It is well-known law that "[a] court has the inherent power … to sanction counsel or a litigant … for disobeying the court's orders." *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002) (citation omitted); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) (courts have "inherent power to punish conduct which abuses the judicial process"). Rule 16(f) also authorizes sanctions for "fail[ure] to obey a scheduling or other pretrial order." Fed. R.

---

[1] Their Pretrial Brief (ECF 223 at 8) also includes a chart of alleged similarities that includes the "Drums," which this Court clearly and unambiguously barred in its March 24, 2020 Order.

[2] Plaintiffs' Pretrial Brief also includes the knowingly false, already rebutted assertion that Defendants supposedly "do not dispute copying" from LGO. (ECF 223 at 8). Of course they do, and they did not copy. Defendants emphatically deny copying in their Answer (ECF 21), their portion of the Liability Pretrial Order unambiguously disputes copying (ECF 194 at Proposed Counter-Findings Nos. 2-3), and Ed Sheeran submitted a Reply Declaration on summary judgment (ECF 87 ¶¶ 2-4) rebutting the same fabricated charge that Plaintiffs now repeat on the eve of trial. The statement in Plaintiffs' Pretrial Brief is frivolous on its face.

March 16, 2023
Page 3

Civ. P. 16(f)(1)(C). In addition, under 28 U.S.C. § 1927, a district court also may award attorney's fees and costs "personally" against an attorney for a party who "multiplies the proceedings in any case unreasonably and vexatiously."[3]

Here, the "Proposed Finding" regarding concert revenues has been offered by Plaintiffs without any basis whatsoever. Ignoring this Court's Order of July 24, 2020, ignoring that their Complaint makes no claim for concert revenues, and ignoring their Stipulation to the United States gross revenues of *Thinking Out Loud* which does not include any concert revenues, Plaintiffs have insisted in retaining this indisputably improper "Proposed Finding."[4]

But for the repeated disregard for this Court's Orders, I would not be making this application. But at this point, I believe that compliance with proper procedure and this Court's Orders, which may protect the integrity of the upcoming trial, warrants sanctions, including the exclusion of Dr. Stewart and barring Plaintiffs from proposing or objecting to any jury instructions and special verdict forms the Court may propose.

Respectfully submitted,

Donald S. Zakarin

---

[3] Owing to the timing requirements of Rule 11(c)(2), Defendants are not seeking sanctions under Rule 11. Nevertheless, Defendants respectfully submit that *sua sponte* sanctions under Rule 11 would be appropriate. In that regard, Rule 11 provides that, by making a submission to a court, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery … ." Fed. R. Civ. P. 11(b). Submissions made in violation of that Rule merit sanctions, and the Court may issue sanctions *sua sponte* under Rule 11(c)(1), provided it affords the offending party "notice and a reasonable opportunity to respond."

[4] I have briefly reviewed Plaintiffs' proposed *voir dire* questions. It is an astonishing submission and presents a window into the completely improper and prejudicial issues Plaintiffs intend to try to interject into this trial. By way of example, it appears Plaintiffs believe that they can influence a jury by offering evidence of how they intend to use the recovery they conceive they may obtain. Plaintiffs clearly understand they have no viable copyright claim and therefore hope to fill this trial with evidence having nothing to do with the very limited issues to be tried.