UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

KATHERINE TOWNSEND
GRIFFIN, *et.al.*,

    **Plaintiffs,**

vs.

EDWARD CHRISTOPHER
SHEERAN, *et.al.*,

    **Defendants.**
_____/

CASE NO: 1:17-CV-05221

PRETRIAL
DECLARATION OF DR.
ALEXANDER STEWART

**I, ALEXANDER STEWART,** declare as follows:

1. I have personal knowledge of, and am fully familiar with, the facts set for in this instant Declaration, which is, respectfully, submitted in accordance with *Rule 4(a)(5)* of the Individual Practices of the Honorable Judge Louis Stanton, to my education, professional experience, and anticipated direct testimony at trial. the following should be construed as a summarization of my anticipated direct testimony and is not intended to represent an exhaustive proffer of said anticipated testimony.

    **I.**    **EDUCATION & PROFESSIONAL EXPERIENCE**

2. I am a Professor of Music at the University of Vermont, and serve in the Capacity of Director of Latin American and Caribbean Studies, as well as the Jazz Studies Coordinator at the University of Vermont. I have contributed to numerous peer-reviewed journals and other publications and I have authored a book published by University of California Press. My work encompasses extensive music transcriptions, musicological analysis, historical research, and other scholarly

2

activities, particularly in popular music. I earned a Ph.D. in Music (Ethnomusicology concentration) from the Graduate Center of the City University of New York (CUNY) and a Master of Music in Jazz and Commercial Music from Manhattan School of Music. During 2006-2007, I was a Fulbright Scholar researching traditional and popular music in Mexico. As an active professional musician, I have performed with leading musicians in jazz and popular music for more than thirty (30) years. I have provided expert opinions and analysis on music copyright matters for over twelve (12) years. A recitation of my education, professional experience, qualifications, and background, please refer to a true copy of my *Curriculum Vitae*, as appended immediately hereto and marked as **Exhibit "1"**.

## II.  SUMMARY OF DIRECT TESTIMONY

3. I will be testifying at trial that I performed a comparative musicological analysis of the musical compositions "Let's Get It On", as composed by Ed Townsend, and the song entitled, "Thinking Out Loud", as composed by the Defendant herein, Ed Sheeran, and various other third parties.

4. In addition to reviewing the audio recording of "Let's Get It On", the audio recording of "Thinking Out Loud", the sheet music for both compositions, the "Deposit Copy" for "Let's Get It On", as filed with the United States Copyright Office in 1973 for copyright registration purposes, I also reviewed a live version of "Thinking Out Loud", in which the Defendant, Ed Sheeran, while performing the same, interpolates said song with "Let's Get It On".

5. Thereafter, I also considered reports and/or opinion materials proffered by the Defendant's, Ed Sheeran's, musicologist, Lawrence Ferrera, including the

3

'prior art' cited by the same.

6. In comparing the two (2) subject compositions,[1] I evaluated the constituent elements of each composition in isolation, as well as taken collectively within the context of a "total concept and feel" analysis.

7. In providing my anticipated testimony, I will be providing a "primer", of sorts, on basic musical terms and concepts that constitute the building blocks of musical compositions so as to provide the jury a baseline understanding of the principles at issue and that are significant for purposes of the comparative analysis.

8. I anticipate identifying the similar elements present in both of the subject compositions, as well as providing information as to the limited areas in which said compositions differ.

9. I will testify that, as it relates to the structure of the two (2) compositions at issue, that there are significant form and structural similarities between the same from an objective musicological perspective.

10. I will also testify that there are significant objective similarities in the respective compositions and that the prior art cited by Dr. Ferrera in his prior opinions is invalid for comparative purposes to "Let's Get It On".

11. I will testify that the harmonic progressions in "Let's Get It On" and "Thinking Out Loud" are objectively similar from a musicological standpoint.

12. By way of addition, I anticipate testifying to the similarities in the vocal

---

[1] **Note:** In my original Report submitted pursuant to the *Federal Rules of Civil Procedure, Rule 26*, I had originally provided analysis as it relates to the drum and bass lines of "Let's Get It On". Based on advisory from counsel(s) as to rulings of this Court limiting the scope of copyright protection to the 'Deposit Copy' Registration of "Let's Get It On", these previously-included elements of my comparative analysis will not be proffered in my testimony at trial as regards the musical compositions.

4

melodies between the two (2) compositions, utilizing transcriptions I submitted in my original report pursuant to Plaintiffs' *Rule 26* Expert Disclosures including but not limited to *Example 3* from my December 2017 report depicting the vocal melody and melodic sequence of the respective songs, "Thinking Out Loud" and "Let's Get It On" as well.

13. Within the context of the harmonic rhythm analysis, I reasonably anticipate providing an explanation as to the nature and significance of the same.

14. I also anticipate testifying as to the similarities in rhythm and meter between the Compositions.

15. An analysis of the combination of harmonic progression and harmonic rhythm will be provided demonstrating that the prior art relied upon by the Defendants is invalid and/or inapplicable. In so doing, I will likely reference Examples 6, 7, 8, and 9 in my original *Rule 26* Report addressing the Defendants' cited prior art including "Georgy Girl", "Hurdy Gurdy Man", "True Love Ways", and "Do It to Me" among others.

16. Analysis will also be provided with respect to the combination of constituent elements including harmonic progression, harmonic rhythm, and key signature.

17. I also intend on providing a brief analysis (consistent with my expert *Rule 26* Report) as to the similarities and differences in lyrics and modal qualities of the two (2) subject compositions.

18. My analysis will include my previous analysis of the Defendant's, Ed Sheeran's, interpolation of "Thinking Out Loud" and "Let's Get It On", in a live

5

performance, and the musicological significance thereof. In so doing, I anticipate reference to *Example 5* from my preliminary expert report containing transcriptions related to the live rendition of "Thinking Out Loud".

19. I anticipate providing testimony as to the profits attributable to infringement *vis a vis* how much of "Thinking Out Loud" is attributable to infringing upon "Let's Get It On".

20. Finally, to the extent permitted[2] by this Court at Trial, and consistent with the previous rulings of the same, I anticipate evaluating both the sound recording of "Let's Get It On", as well as the deposit copy of "Let's Get It On", in comparison to the sound recording of "Thinking Out Loud", within the context of the probative similarity and 'evidence of copying' analysis/inquiry.

21. Notwithstanding the foregoing summary, I would reserve the right to refute and/or respond to any testimony and/or other evidence proffered by the Defendants at trial.

**I DECLARE UNDER PENALTY OF PERJURY** of the United States that the foregoing is true and correct.

Dated:   March 17, 2023

*[signature]*
By: ALEXANDER STEWART, Ph.D

---

[2] Respectfully, it is believed that such proposed testimony is consistent with and will be constrained by the previous evidentiary rulings of this Court—specifically, with the Order of March 24, 2020 (Doc. 121), which bars introduction of the "Let's Get It On" sound recording for purposes of any potential representation that it demonstrates what is protected by copyright.