**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806    www.pryorcashman.com

**Donald S. Zakarin**
Partner
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

March 20, 2023

**VIA ECF**

Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   <u>Kathryn Townsend Griffin, et al. v. Edward Christopher Sheeran, et al.</u>, No. 17-cv-5221

Dear Judge Stanton:

Plaintiffs have submitted an expert declaration ("Stewart Declaration") (ECF 226) that is both untimely (filed two days after the Court-Ordered deadline in the Scheduling Order expired) and filled with assertions barred by this Court's Orders and Plaintiffs' agreements in the Joint Pretrial Order. Defendants now move either to bar Dr. Stewart from testifying entirely or, at a minimum, for the Court to make clear that Plaintiffs and Dr. Stewart will not be permitted to disregard this Court's Orders by attempting to introduce "evidence" that already has been barred.

Defendants filed a letter-motion for sanctions on March 16, 2023 (ECF 224) because Plaintiffs – for at least the fifth time – ignored Court-Ordered deadlines, including failing to file the required pretrial declaration from Dr. Stewart. The Scheduling Order unambiguously required pretrial expert declarations to be filed "[o]n or before March 15, 2023." (ECF 179 ¶ 7). It also unambiguously provided that "[n]o extensions of [any] deadlines will be allowed, except upon a showing of good cause not foreseeable at the date of" the Scheduling Order. (*Id.* ¶ 8). Plaintiffs did not even attempt to show good cause. Indeed, they offered no explanation, instead simply filing the Stewart Declaration on their own schedule and only after Defendants moved for sanctions and timely filed all required pretrial filings, including their expert declarations.[1]

While Defendants submit that Dr. Stewart should, at this point, be barred from testifying, if the Court permits any testimony, Defendants request that Plaintiffs be admonished that Dr. Stewart will not be permitted to testify to anything set forth in the Stewart Declaration that (i) is in violation of Your Honor's March 24, 2020 Order (ECF 121) and/or August 18, 2020 Order (ECF 138); and/or (ii) is inconsistent with the parties' "Agreed Findings of Fact" submitted to the Court in the Liability Pretrial Order (ECF 194).

---

[1] There is a pattern to Dr. Stewart's disregard for court orders. In a recent case in the Central District of California, the Court sustained the defendants' objection to his untimely submission. *See Smith v. Weeknd*, No. 19-cv-2507 (PA), 2020 WL 4932074, at *2 (C.D. Cal. July 22, 2020), *aff'd sub nom. Clover v. Tesfaye*, No. 20-55861, 2021 WL 4705512 (9th Cir. Oct. 8, 2021).

Case 1:17-cv-05221-LLS   Document 228   Filed 03/20/23   Page 2 of 3



March 20, 2023
Page 2

The following chart sets forth the paragraphs that should be stricken and the bases for striking them:

| Paragraph To Be Stricken | Basis For Striking |
|---|---|
| **Paragraph 15**.<br><br>"An analysis of the combination of harmonic progression and harmonic rhythm will be provided demonstrating that the prior art relied upon by the Defendants is invalid and/or inapplicable. In so doing, I will likely reference Examples 6, 7, 8, and 9 in my original *Rule 26* Report addressing the Defendants' cited prior art including 'Georgy Girl', 'Hurdy Gurdy Man', 'True Love Ways', and 'Do It to Me' among others." | **March 24, 2020 Order**<br><br>Examples 6, 7, 8 and 9 in Dr. Stewart's Rule 26 Report each reference and rely upon the bass-lines and drum patterns in the cited prior art examples and argue that none of the cited prior art examples "sound like" the LGO Recording. (ECF 82-14 at 14-15).<br><br>The March 24, 2020 Order held that the Deposit Copy does **not** include a bass-line or drum pattern, and that Plaintiffs **cannot** compare TOL to "elements in the Gaye sound recording" that do not also appear in the Deposit Copy. (ECF 121 at 1-3). Nor can Plaintiffs discuss what the LGO Recording "sounds like" when comparing the elements at issue.[2] |
| **Paragraph 16**.<br><br>"Analysis will also be provided with respect to the combination of constituent elements including harmonic progression, harmonic rhythm, and key signature." (Emphasis added). | **Pending Motion *In Limine***<br><br>Plaintiffs' attempt to include "key signature" in their selection and arrangement claim is improper and has no factual or legal basis, as detailed in Defendants' pending Eighth Motion *In Limine*. (ECF 207-209). |
| **Paragraph 17**.<br><br>"I also intend on providing a brief analysis (consistent with my expert Rule 26 Report) as to the similarities and differences in lyrics and modal qualities of the two (2) subject compositions." | **Pretrial Order**<br><br>Agreed Finding of Fact No. 15: "There are **no** alleged similarities between the lyrics in 'Let's Get It On' and 'Thinking Out Loud.'" (ECF 194 at 3; emphasis added). |

---

[2] An additional, independent basis exists for striking Paragraph 15: as the Court ruled in its August 18, 2020 Order (ECF 138), because Dr. Stewart did not conduct a proper prior art search, he cannot testify that anything in LGO is unique, unusual, distinctive or the like. Dr. Stewart cannot evade this limitation by challenging Defendants' prior art evidence on Plaintiffs' direct case before Defendants have offered any such evidence.

March 20, 2023
Page 3

| Paragraph To Be Stricken | Basis For Striking |
|---|---|
| **Paragraph 18.**<br><br>" … I anticipate reference to *Example 5* from my preliminary expert report containing transcriptions related to the live rendition of 'Thinking Out Loud'." | **March 24, 2020 Order**<br><br>In violation of the March 24, 2020 Order, Dr. Stewart's Example 5 impermissibly includes a transcription of the LGO Recording – not the Deposit Copy.  (ECF 82-14 at 9-12).<br><br>The March 24, 2020 Order provides that "comparisons of elements in Thinking Out Loud which are similar to elements in the Gaye sound recording (but not the Deposit Copy) will not be allowed."  (ECF 121 at 3). |
| **Paragraph 20.**<br><br>"[T]o the extent permitted by this Court at Trial, and consistent with the previous rulings of the same, I anticipate evaluating both the **sound recording of "Let's Get It On"**, as well as the deposit copy of "Let's Get It On", in comparison to the sound recording of "Thinking Out Loud", within the context of the probative similarity and 'evidence of copying' analysis/inquiry."  (Emphasis added). | **March 24, 2020 Order**<br><br>The proposed comparison patently violates the Court's March 24, 2020 Order.<br><br>The March 24, 2020 Order held that the LGO recording "is inadmissible in any way which might confuse the jury into thinking it represents what is protected by copyright," and that "comparisons of elements in Thinking Out Loud which are similar to elements in the Gaye sound recording (but not the Deposit Copy) will **not** be allowed."  (ECF 121 at 2-3; emphasis added). |

     Finally, the Stewart Declaration also should be stricken because it lacks sufficient detail and substance as required by Rule 4(a)(5) of Your Honor's Rules.  A comparison of the Stewart Declaration and the pretrial declaration of Dr. Lawrence Ferrara (ECF 204) underscores the dearth of substance in the Stewart Declaration.  The Stewart Declaration hardly puts Defendants on notice of the content of Dr. Stewart's testimony, which is particularly important because this Court's prior Orders have rendered much, if not all, of his Rule 26 Report inadmissible.

                                          Respectfully submitted,

                                          Donald S. Zakarin