UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND, | |
| *Plaintiffs*, | |
| -against- | ECF CASE |
| EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS | 17-cv-5221 (LLS) |
| *Defendants*. | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' SECOND, THIRD AND FOURTH MOTIONS *IN LIMINE***

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony Music Publishing (US) LLC*

*Of Counsel*:
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith
    Brian M. Maida

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................. ii

ARGUMENT ..................................................................................................................1

    I.      Plaintiffs' Second Motion *In Limine* Should Be Denied
           Because Rule 26(a) Does Not Require Disclosure Of
           Publicly Available YouTube Videos ................................................................1

    II.     Plaintiffs' Third Motion *In Limine* Should Be Denied
           Because The Pre-Suit Reports Of Dr. Ferrara And Mr.
           Ricigliano That Defendants Relied On In Good Faith
           Do Not Contravene Rule 408 ..........................................................................4

    III.    Plaintiffs' Fourth Motion *In Limine* Should Be Denied
           Because The Excerpts Of Ms. McDonald's Deposition
           Are Admissible ................................................................................................7

CONCLUSION................................................................................................................9

i

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE(s)</u>

<u>CASES</u>

*Chavez v. Finney*,
  No. 19-cv-4109 (RA), 2022 WL 874716 (S.D.N.Y. Mar. 23, 2022)..........................4

*Clones Inv., LLC v. People's Ins. Co. of China & Cas. Co. Ltd.*,
  No. 15-cv-8649 (AT), 2019 WL 10817175 (S.D.N.Y. Jan. 31, 2019), *aff'd sub*
  *nom. Clones Inv., LLC v. People's Ins. Co. of China Prop. & Cas. Co. Ltd.*,
  792 F. App'x 126 (2d Cir. 2020) ............................................................................2

*EMI Music Mktg. v. Avatar Recs., Inc.*,
  334 F. Supp. 2d 442 (S.D.N.Y. 2004)......................................................................4

*Evans v. MassMutual Fin. Grp.*,
  No. 09-cv-6028 (DGL), 2013 WL 12234679 (W.D.N.Y. Sept. 13, 2013) ...............6

*In Design v. K-Mart Apparel Corp.*,
  13 F.3d 559 (2d Cir. 1994)......................................................................................5

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*,
  327 F. Supp. 3d 606 (S.D.N.Y. 2018)......................................................................6

*Microban Prods. Co. v. API Indus., Inc.*,
  No. 14-cv-41 (KPF), 2014 WL 1856471 (S.D.N.Y. May 8, 2014) ..........................6

*N.A.S. Imp., Corp. v. Chenson Enters., Inc.*,
  968 F.2d 250 (2d Cir. 1992)....................................................................................5

*Twelve Sixty LLC v. Extreme Music Libr. Ltd.*,
  No. 17-cv-1479 (PAC), 2020 WL 2749708 (S.D.N.Y. May 26, 2020).....................2

*Woodward v. Afify*,
  No. 14-cv-00856 (RJA) (MJR), 2017 WL 279555 (W.D.N.Y. Jan. 23, 2017) .........2

**Statutes**

17 U.S.C. § 504(b) .........................................................................................................5

**Other Authorities**

Fed. R. Civ. P. Rule 26 ...........................................................................................1, 2, 3, 4

Fed. R. Civ. P. Rule 32(d)..............................................................................................4

Fed. R. Evid. Rule 408....................................................................................................4, 6

Defendants Edward Christopher Sheeran ("Sheeran"), Atlantic Recording Corporation ("Atlantic") and Sony/ATV Music Publishing LLC (n/k/a Sony Music Publishing (US) LLC) ("SMP," together with Atlantic and Sheeran, the "Defendants" and each a "Defendant"), respectfully submit this memorandum of law in opposition to Plaintiffs' second, third and fourth motions *in limine*.

## ARGUMENT

### I.      Plaintiffs' Second Motion *In Limine* Should Be Denied Because Rule 26(a) Does Not Require Disclosure Of Publicly Available YouTube Videos

Plaintiffs' second motion *in limine* seeks to exclude Defendants' Exhibits Nos. 217-234: publicly available YouTube videos of Sheeran performing live mash-ups or medleys of his songs with other songs he has written and/or with songs others have written.  There is no legal basis for Plaintiffs' motion (and they do not cite any case law or Federal Rule that supports their motion). The videos Plaintiffs seek to exclude are not in the possession, custody or control of Defendants but, instead, are publicly posted videos that are and always have been equally available to Plaintiffs as they are to Defendants.

It is also critical to place these video Exhibits in context.  As Defendants make clear in footnote 6 of the Liability Pretrial Order (ECF 194), they "only intend to introduce Exhibits 217-234 in the event the Court admits Plaintiffs' Proposed Exhibit No. 124," *i.e.*, the mash-up/medley video of Sheeran singing a few lyrics from LGO over the chords of TOL during one of his concerts. This Court denied Defendants' motion to exclude Plaintiffs' Proposed Exhibit 124 without prejudice to renewal at trial (and Defendants do intend to renew their motion to exclude such evidence for the reasons set forth in Defendants' motion).  Thus, Plaintiffs want to introduce their mash-up in isolation, excluding other mash-ups performed by Sheeran which will make clear just how commonplace it is for Sheeran (and other artists) to perform mash-ups in concert and that

1

segueing between songs does not constitute any evidence of copying.

Plaintiffs' sole argument for excluding Defendant's Exhibits Nos. 217-234 is that Rule 26(a) supposedly required Defendants to disclose the publicly available YouTube videos of Sheeran performing other mash-ups during various of his concerts.  To begin with, Plaintiffs quote the wrong subsection of Rule 26(a) – they quote the subsection that addresses the identification and disclosure of <u>witnesses</u>, not documentation or other tangible things.  Moreover, Rule 26(a)(1)(A)(ii) (which Plaintiffs presumably intended to quote) only requires identification of "tangible things that the disclosing party has in its <u>possession, custody, or control</u> and may use to support its claims or defenses … ."  (Emphasis added).  Defendants' counsel obtained these videos by searching publicly available YouTube videos; they were not in Defendants' possession, custody or control.  Plaintiffs have, and always have had, equal access to them.  *See, e.g.*, *Twelve Sixty LLC v. Extreme Music Libr. Ltd.*, No. 17-cv-1479 (PAC), 2020 WL 2749708, at *5 (S.D.N.Y. May 26, 2020) (Judge Crotty rejected as "nonsensical" an argument that Rule 26(a) "imposed a duty" on adverse party to disclose "publicly available documents"); *Clones Inv., LLC v. People's Ins. Co. of China & Cas. Co. Ltd.*, No. 15-cv-8649 (AT), 2019 WL 10817175, at *2 (S.D.N.Y. Jan. 31, 2019), *aff'd sub nom. Clones Inv., LLC v. People's Ins. Co. of China Prop. & Cas. Co. Ltd.*, 792 F. App'x 126 (2d Cir. 2020) ("A party is not in control of documents when the requesting party has an equal ability to obtain them from public sources") (citations & quotations omitted); *Woodward v. Afify*, No. 14-cv-00856 (RJA) (MJR), 2017 WL 279555, at *3 (W.D.N.Y. Jan. 23, 2017) (denying motion to compel and ruling that "publically [sic] filed" documents were "not in

the possession, custody or control of defendants").[1]

The reason Plaintiffs try to invoke Rule 26(a) – which is wholly inapplicable for the reasons detailed above – is because they never served any discovery requests addressed to any such YouTube videos (and, had they done so, the appropriate response would have been that they are equally available to Plaintiffs from public sources).

Nor can Plaintiffs feign surprise by the inclusion of the other mash-up evidence in the Liability Pretrial Order.  More than <u>four years ago</u>, after Plaintiffs opposed Defendants' summary judgment motion by citing what is now Plaintiffs' Proposed Exhibit No. 124, Sheeran submitted a Declaration in which he swore, among other things, that he "often spontaneously 'mash[es]-up' songs that [he] ha[s] written with other popular songs that feature the same or similar chords," and that during his 2014 European tour he "mashed up many of [his] songs – not only *Thinking Out Loud* – with other popular songs."  (ECF 87 ¶ 6).[2]  Sheeran then proceeded to cite several of the same examples included in Defendants' Exhibits Nos. 217-234 and included a link to one such mash-up (which link corresponds to Defendants' Exhibit No. 217).  (*Id.*).

Further, <u>five years</u> ago, at his February 2018 deposition, Sheeran testified at length regarding his practice of mashing up songs during his live performances, and he, again, cited several specific examples (some of which are included in Defendants' Exhibits Nos. 117-134).  (Zakarin Decl. Exhibit 2 at 20:14-21:10, 110:21-111:12). And, then, more than <u>two years</u> ago, on

---

[1] Plaintiffs' objection to the "unknown origin/provenance" of the YouTube videos is fatuous.  Just as Sheeran "confirmed" at his deposition that it was, in fact, him performing in Plaintiffs' Proposed Exhibit No. 124, he likewise can "confirm" that it was, in fact, him performing the mash-ups in Defendants' Exhibits Nos. 217-221 and 223-234 (Defendants' Exhibit No. 222 is a mash-up performed by an artist known as *Narmi*, and there can be no dispute that *Narmi* is mashing up TOL with another song called "Kiss Me" in the YouTube video in question).

[2] A copy of Sheeran's Declaration is also annexed as Exhibit 1 to the Declaration of Donald S. Zakarin dated March 23, 2023.

October 12, 2020, Defendants emailed a draft of the Liability Pretrial Order to Plaintiffs that listed every single one of the YouTube videos at issue (and included links to each).  (Zakarin Decl. ¶ 4).

Accordingly, Plaintiffs' second motion *in limine* lacks any legal or factual basis.  Rule 26 does not require disclosure of publicly available information or tangible evidence, and Plaintiffs have known of this trove of publicly available evidence for years and that Defendants intended to rely on it if the Court admitted Plaintiffs' proposed mash-up video.  *See, e.g.*, *Chavez v. Finney*, No. 19-cv-4109 (RA), 2022 WL 874716, at *4 (S.D.N.Y. Mar. 23, 2022) (holding that failure to disclose documents of public record was "harmless" because plaintiff was aware of documents and information "such that he cannot have been unfairly surprised by them"); *EMI Music Mktg. v. Avatar Recs., Inc.*, 334 F. Supp. 2d 442, 445 (S.D.N.Y. 2004) (defendant was not "a victim of unfair surprise" where harmlessly undisclosed documents "were attached to the [plaintiff's earlier] summary judgment motion" and disclosed in pretrial order two months before trial).[3]  Plaintiffs' second motion *in limine* should be denied.

## II. Plaintiffs' Third Motion *In Limine* Should Be Denied Because The Pre-Suit Reports Of Dr. Ferrara And Mr. Ricigliano That Defendants Relied On In Good Faith Do Not Contravene Rule 408

Plaintiffs' third motion *in limine* misperceives the sole purpose for which Defendants seek to introduce Defendants' Exhibits Nos.302 and 303, which are 2015 pre-litigation emails exchanged between Defendants (and/or their counsel) and Plaintiffs' counsel in which Defendants attached preliminary musicological analysis from Dr. Ferrara and Anthony Ricigliano opining that

---

[3] Although irrelevant to this motion, one final point merits brief discussion.  At paragraph 8 of their motion, Plaintiffs appear to suggest that Defendants waived any objection to the LGO-TOL mash-up video Plaintiffs seek to introduce because it "was entered as an exhibit" during Sheeran's deposition "without objection."  Of course, exhibits are not "entered" "into evidence" during depositions, and a party need not make evidentiary objections during a deposition as they are reserved for trial.  *See* Fed. R. Civ. P. 32(d).

TOL does not copy from LGO.[4]

Contrary to the supposed basis for Plaintiffs' motion, Defendants' Exhibits Nos. 302 and 303 do not address any pre-litigation settlement discussions.  They are also not offered to prove the truth of the contents of the preliminary analyses of Dr. Ferrara and Mr. Ricigliano.  Rather, the Exhibits solely would be offered during the damages phase of this case (should a damages phase be reached) to show Defendants' state of mind and to rebut any claim by Plaintiffs that any alleged infringement was willful.  The emails and attachments reflect that Defendants received expert advice from Dr. Ferrara and Mr. Ricigliano in 2015 that TOL did not infringe LGO; Defendants relied on that advice in good faith.

In the Damages Pretrial Order (ECF 195), Plaintiffs challenged the deductibility of Defendants' income taxes.  Such a challenge can only succeed if the alleged infringement was willful.  *See In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 566 (2d Cir. 1994).  Plaintiffs' assertion (ECF 220 ¶ 7) that willfulness "is only relevant" in the context of statutory damages is erroneous.[5]  Importantly, an infringement is <u>not</u> willful "when a party, despite warnings to the contrary, reasonably and in good faith believes that its conduct is innocent."  *N.A.S. Imp., Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (citations & quotations omitted).  Defendants' Exhibits Nos. 302 and 303 bear directly on the issue of willfulness and clearly and

---

[4] The third motion *in limine* is also procedurally defective insofar as Plaintiffs failed to attach copies of the Exhibits in question to their motion papers.  For reference, Defendants' Exhibits Nos. 302 and 303 are annexed, respectively, as Exhibits 3 and 4 to the Zakarin Declaration.

[5] If Plaintiffs wish to withdraw their challenge to the deduction of income taxes, then Defendants' Nos. Exhibits 302 and 303 are not necessary.  Furthermore, Plaintiffs' statement (ECF 220 ¶ 8) that they are seeking "actual damages" is erroneous.  Plaintiffs provided neither a scrap of paper nor any testimony in discovery showing a penny of actual damages suffered.  Because they have <u>no evidence</u> to support a claim for actual damages, Plaintiffs only can seek to recover either statutory damages or Defendants' <u>profits</u> attributable to the infringement under 17 U.S.C. § 504(b) (both of which are distinct from a claim for "actual damages").

unequivocally refute any such claim (they also show that Plaintiffs were aware there was no good faith basis for their claim of willful infringement two years before they brought this case).

Plaintiffs' contention (ECF 220 ¶ 5) that Defendants' Exhibits Nos. 302 and 303 contravene Rule 408 because they represent "settlement communications" is baseless.  First, neither Exhibit 302 nor Exhibit 303 contains any actual offers of compromise, but merely mention potential settlement discussions.  *See Evans v. MassMutual Fin. Grp.*, No. 09-cv-6028 (DGL), 2013 WL 12234679, at *5 (W.D.N.Y. Sept. 13, 2013) (denying motion *in limine* under Rule 408 because email in question did not contain actual "offers of compromise," but rather the parties "simply stated their respective positions").

Second, Defendants intend to offer the cover emails of the Exhibits simply to show that Plaintiffs received notice long before commencing this lawsuit that Defendants obtained advice from two highly respected musicologists that Plaintiffs' infringement claim had no basis.  Even were Rule 408 applicable – and it is not – Defendants permissibly seek to offer these Exhibits "for another purpose" under Rule 408(b), *i.e.*, Defendants do not seek to introduce them "to prove or disprove the validity or amount of a disputed claim," but to prove that Defendants received and relied in good faith upon musicological advice in continuing to sell and exploit TOL (and so advised Plaintiffs).  That is entirely permissible.  *See, e.g.*, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 628 (S.D.N.Y. 2018) (admitting agreement over Rule 408 objection because it "is relevant in determining willfulness" of infringement); *Microban Prods. Co. v. API Indus., Inc.*, No. 14-cv-41 (KPF), 2014 WL 1856471, at *3 n.10 (S.D.N.Y. May 8, 2014) (denying Rule 408 objection and admitting email on motion for summary judgment because "it is introduced, as discussed *infra,* as evidence of Aluf's willful infringement; and it is clearly

admissible for that purpose").[6]

Defendants are certainly entitled to testify at trial that they relied in good faith on the advice of Dr. Ferrara and Mr. Ricigliano in continuing to sell and exploit TOL.   Contemporaneous documentary evidence confirming that they received such advice is compelling and excluding it would be prejudicial and unwarranted.  There is no legal reason to exclude from trial the underlying documentary evidence itself – the advice of Dr. Ferrara and Mr. Ricigliano – which, as noted, was provided to Plaintiffs at the time.

Finally, Plaintiffs' contention (ECF 220 ¶¶ 10-11) that the "true reason" Defendants seek to introduce these Exhibits is to "boot strap" additional "expert" evidence to "suggest" their "position is superior" is completely baseless and nonsensical.  The Exhibits are not being offered at the liability trial, only at the potential damages trial and, hence, do not "boot strap" anything having to do with liability.  Defendants are not even offering Exhibits Nos. 302 and 303 for the truth of anything asserted by Dr. Ferrara or Mr. Ricigliano but only for the fact that Defendants received their opinions and relied on them in good faith.  If this case should reach the damages phase, Defendants should be permitted to offer such evidence to establish the absence of willfulness and, thus, their right to deduct income taxes from their profits.

Accordingly, Plaintiffs' third motion *in limine* should be denied.

### III.   Plaintiffs' Fourth Motion *In Limine* Should Be Denied Because The Excerpts Of Ms. McDonald's Deposition Are Admissible

Plaintiffs' fourth motion *in limine* is confusing at best.  In the Liability Pretrial Order (ECF 194), Plaintiffs propose to offer the entirety of Helen McDonald's deposition as Plaintiffs'

---

[6] While it is difficult to understand any basis for Plaintiffs' objection to the emails transmitting the advice of Dr. Ferrara and Mr. Ricigliano, at a minimum, the attachments to the emails should be admissible because they do not remotely resemble "settlement communications."

Proposed Exhibit No. 121 (Ms. McDonald passed away in 2019).  Defendants have objected to the entire transcript (including colloquy) being offered in evidence rather than Plaintiffs properly designating only portions of the testimony (to which Defendants could provide counter-designations).  Plaintiffs' fourth motion *in limine* seeks to exclude Defendants' Exhibit No. 205, which offers specific excerpts of Ms. McDonald's deposition.[7]

The limited excerpts of Ms. McDonald's deposition that Defendants seek to introduce establish the following:

- Ms. McDonald is the sister of Ed Townsend, who co-wrote LGO in Ms. McDonald's home while sitting at the piano.  (Tr. 16:21-24, 23:4-13, 23:19-24:18);

- To Ms. McDonald's knowledge, Ed Townsend knew how to play the piano but no other instruments.  (Tr. 17:5-9);

- Ed Townsend liked to listen to "[a]ll kinds" of music, including "gospel," "rhythm and blues," "classical music," and "country western."  (Tr. 19:2-11); and

- Ed Townsend listened to the music of Curtis Mayfield, Buddy Holly, Elton John, The Bee Gees, The Rolling Stones and The Beach Boys (this is relevant because Defendants otherwise will establish at trial that LGO bears similarities to prior art released by these artists).  (Tr. 19:22-20:21, 21:2-9, 21:21-25, 22:9-14).

All of this testimony is included among the totality of Ms. McDonald's deposition testimony within Plaintiffs' Proposed Exhibit 121, making their motion to exclude this subset of

---

[7] Plaintiffs failed to attach Defendants' Exhibit No. 205 to their motion, rendering their motion procedurally defective.  Defendants' Exhibit No. 205 is annexed as Exhibit 5 to the Zakarin Declaration.  Although Defendants originally indicated in their portion of the Liability Pretrial Order that they intended to designate pages 1-3, 16-24, 79-81, 87-91 and 112 of Ms. McDonald's deposition, they will agree only to designate pages 1-3 and 16-24.  As such, the version of Defendants' Exhibit No. 205 annexed to the Zakarin Declaration includes only those pages.

her testimony absurd.[8]

Moreover, even were Plaintiffs themselves not seeking to include this testimony in their Exhibit No. 121 (which, again, is overbroad and includes testimony that has no evidentiary basis), there is no evidence to support Plaintiffs' suggestion that Ms. McDonald lacked firsthand knowledge regarding Ed Townsend's taste in music or whether he listened to the above-mentioned artists.  Further, she specifically qualified her testimony regarding whether her brother played any instruments other than the piano.  It is up to the jury to accord whatever weight they wish to this testimony and to draw whatever inferences they wish to draw from it.  Nor are Defendants seeking to introduce Ms. McDonald's testimony to "speculate" as to Ed Townsend's songwriting "methodologies."

The Court should permit admission of these limited excerpts from Ms. McDonald's deposition.  Plaintiffs could have, and should have, designated other portions of Ms. McDonald's testimony, not the totality of it.  Plaintiffs' fourth motion *in limine* should be denied.

## **CONCLUSION**

It is respectfully submitted that Plaintiffs' second, third and fourth motions *in limine* should be denied.

---

[8] It is difficult to reconcile Plaintiffs' insistence that the totality of Ms. McDonald's testimony should be admitted into evidence in their Exhibit 121 with their assertion that some portions of the testimony they propose to offer are supposedly incompetent.  Plaintiffs cannot have it both ways.

Dated: New York, New York
      March 23, 2023

                     PRYOR CASHMAN LLP

                     By: */s/ Donald S. Zakarin*
                        Donald S. Zakarin
                        Ilene S. Farkas
                        Andrew M. Goldsmith
                     7 Times Square
                     New York, NY 10036
                     (212) 421-4100

                     *Attorneys for Defendants Edward*
                     *Christopher Sheeran, Atlantic Recording*
                     *Corporation and Sony Music Publishing*
                     *(US) LLC*