# EXHIBIT ONE (1)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**KATHERINE TOWNSEND
GRIFFIN**, *et.al.*,

    **Plaintiffs,**

**vs.**                                    **CASE NO: 1:17-CV-05221**

**EDWARD CHRISTOPHER
SHEERAN**, *et.al.*,

    **Defendants.**

_____/

### PLAINTIFFS' FIRST REQUEST TO PRODUCE TO
### THE DEFENDANT, EDWARD CHRISTOPHER SHEERAN

**COMES NOW**, the Plaintiffs, **collectively**, who, by and through their undersigned counsel(s), and pursuant to the *Federal Rules of Civil Procedure, Rule 35*, hereby serve their First Request to Produce to the Defendant, Edward Christopher Sheeran, and request that the documentation/materials responsive thereto be produced within the time frame set forth in the pertinent *Federal Rules of Civil Procedure*.

### ITEMS TO BE PRODUCED

1. A true copy of any notes, production notes, correspondence (electronic or tangible), reports, memoranda, pictures, sketches, videographic recordings, audio recordings, and/or sheet music generated in connection with writing the song entitled, "Thinking Out Loud".[1]

2. A true copy of any and all documents, reports, correspondence (electronic or tangible), reports, memoranda, and/or computations generated between June of 2014 until the Present relating to, chronicling, and/or documenting any and **ALL** of the revenue/income generated from the song entitled, "Thinking Out Loud".

3. A true copy of each and every royalty and/or revenue report/memorandum

---

[1] The instant production request, necessarily, includes any previously-recorded but unreleased tracks/versions of "Thinking Out Loud" which pre-date the version which was, ultimately, released for public consumption.

1

received by the Defendant and/or Defendant's agents from Sony/ATV Music Publishing, LLC (or any of its corporate brethren or subsidiaries) reflecting revenue and/or royalties generated from the song entitled, "Thinking Out Loud" from June of 2014 until the Present.

4. A true copy of any and all documentation, materials, reports, and/or tax returns chronicling the Defendant's, Edward Christopher Sheeran's, total income in the two (2) years preceding the release of the song entitled, "Thinking Out Loud".[2]

5. A true copy of any and all documentation, materials, reports, and/or tax returns chronicling the Defendant's, Edward Christoher Sheeran's, total income in the two (2) years following/subsequent to the release of the song entitled, "Thinking Out Loud".[3]

6. A true copy of the publishing contract between the Defendant, Edward Christopher Sheeran, and the Defendant, Sony/ATV Music Publishing, LLC.

7. A true copy of any and all documents, reports, memoranda, correspondence (electronic or tangible), reflecting any and all income/revenue generated from the Defendant's, Edward Christopher Sheeran's, touring activities between June of 2014 and the Present.

8. A true copy of any and all documents, reports, memoranda, correspondence (electronic or tangible), reflecting any all income/reneveue generated from the Defendant's, Edward Christopher Sheeran's, touring activities in the two (2) years preceding the release of "Thinking Out Loud".

9. A true copy of any and all documents, reports, memoranda, correspondence (electronic or tangible), reflecting any and all income/revenue generated from the Defendant's, Edward Christopher Sheeran's, sale of merchandise including T-Shirts, photographs, videos, etc., from June of 2014 until the Present.

10. A true copy of any and all documents, reports, memoranda, correspondence (electronic or tangible), reflecting any and all income/revenue generated from the Defendant's, Edward Chrisotpher Sheeran's, sale of merchandise including, T-Shirts, photographs, videos, etc., in the two (2) years preceding the release of "Thinking Out Loud".

---

[2] The instant production request, necessarily, contemplates income and/or revenue conveyed to or realized by any corporate entity or alter-ego in which the Defendant, Edward Christopher Sheeran, possesses **any** ownership interest.

[3] The instant production request, necessarily, contemplates income and/or revenue conveyed to or realized by any corporate entity or alter-ego in which the Defendant, Edward Christopher Sheeran, possesses **any** ownership interest.

11. A true copy of any and all documents, reports, memoranda, correspondence (electronic or tangible), reflecting any and all income/revenue generated from any endorsement contract entered into by the Defendant, Edward Christopher Sheeran, from June of 2014 until the Present.

12. A true copy of any and all endorsement contracts related to the Defendant's documentary response to the Plaintiffs' First Request to Produce, Item Number Eleven (11), *infra*.

13. A true copy of any sound recording, sheet music, deposit copies, and/or lead sheets pertaining to the song entitled, "Thinking Out Loud", which have been utilized by the Defendant, Edward Christopher Sheeran, for copyright registration purposes.

14. To the extent that use of the song entitled "Thinking Out Loud", has been licensed for use to any third party entity and/or individual, a true copy of any and all contractual materials related to such licensure as well as any documentation reflecting income and/or revenue generated with respect to said licensure.

15. A true copy of the contract for the use and/or "streaming" of the Defendant's, Edward Christopher Sheeran's, music on the streaming service identified as "Spotify".

16. A true copy of any and all documents/materials reflecting any and all revenue/income generated in connection with the "streaming" of the Defendant's music on Spotify from June of 2014 until the Present.

17. A true copy of any and all documents/materials reflecting any and all awards the Defendant, Edward Christopher Sheeran, has received for breaking any streaming and/or download records on the streaming service previously-identified as Spotify.

18. A true copy of any contracts with the Defendant, Atlantic Recording Corporation, *d/b/a* Atlantic Records, for the manufacture and/or distribution of the Defendant's, Edward Christopher Sheeran's, music.

19. A true copy of any contracts and/or agreements providing for the payment of monies, royalties, authorship, and/or any other manner of consideration to Amy Wadge for her role/contribution to the creation of the song entitled, "Thinking Out Loud".

20. A true copy of any documentation/materials reflecting any manner of payment and/or monies conveyed to Amy Wadge, or any corporate entity in which she might have any financial interest, for her role in the creation of the song entitled, "Thinking Out Loud".

3

21. A true copy of any contracts and/or agreement providing for the payment of monies, royalties, authorship, or any other manner of consideration to Jake Gosling for his role/contribution to the creation of the song entitled, "Thinking Out Loud".

22. A true copy of any documentation/materials reflecting any manner of payment and/or monies conveyed to Jake Gosling, or any corporate entity in which he might have any financial interest, for his role in the creation of the song entitled, "Thinking Out Loud".

23. A true copy of any and all communications and/or materials exchanged between the Defendant, Edward Christopher Sheeran, and/or Defendant's agents/representatives and Mr. Anthony Ricigliano with respect to analyzing and/or comparing the respective compositions at issue in the instant litigation.

24. A true copy of any and all communications and/or materials exchanged between the Defendant, Edward Christopher Sheeran, and/or Defendant's agents/representatives and Mr. Lawrence Ferrera with respect to analyzing and/or comparing the respective compositions at issue in the instant litigation.

25. To the extent that any other individuals/entities have been engaged or consulted with by the enumerated Defendant, Edward Christopher Sheeran, and/or his agents/representatives as it relates to the analysis of the two (2) compositions at issue in the instant litigation, a true copy of any and all communications and/or materials exchanged without those third party individuals.

26. A true copy of any and all documentation reflecting the settlement agreement between the Defendant, Edward Christopher Sheeran, and the Plaintiffs, Thomas Leonard and Martin Harrington, in the erstwhile litigation involving the Defendant's song entitled, "Photograph".

27. Notwithstanding the instant litigation, as well as the litigation related to the song entitled, "Photograph", to the extent that the Defendant, Edward Christopher Sheeran, has ever been accused of copyright infringement and/or plagiarism in connection with <u>any other song</u> he may have written, a true copy of any and all documentation, reports, memoranda, non-privileged correspondence (electronic and/or tangible), demands, and/or settlement materials generated in connection with the same.

28. A true copy of any and all videographic or audio materials in which the Defendant, Edward Christopher Sheeran, has played both the song entitled, "Thinking Out Loud", and the song entitled, "Let's Get It On" in a medley.

29. A true copy of any and/or materials, correspondence, invoices, and/or any

4

other evidence reflecting payment by or on behalf of the Defendant, Edward Christopher Sheeran, for the licensing and/or use of the song, "Let's Get It On", when the Defendant, Edward Christopher Sheeran, utilized the same in a medley, as chronicled in the Plaintiff's First Request to Product, Item Number Twenty-Eight (28), *infra*.

30. A true copy of any and all videographic or audio materials in which the Defendant, Edward Christopher Sheeran, has played the song entitled, "Thinking Out Loud", in a medley with any other song.

31. A true copy of the Defendant's, Edward Christopher Sheeran's, Twitter posts pertaining to Michael Buble's previously utilization of the two (2) compositions at issue in the instant litigation in a medley.

32. To the extent that the Defendant, Edward Christopher Sheeran, is aware of and in possession of any videographic or audio material of other instances in which any other musician and/or artist has utilized the two (2) songs at issue in the instant litigation in a medley, a true copy of said materials.

33. A true copy of any correspondence (electronic and/or tangible) predating the the release of "Thinking Out Loud", between the Defendant, Edward Christopher Sheeran, and any third party/individual in which Marvin Gaye, "Let's Get It On", Motown, or the goal/aim of writing a song in a related style to Marvin Gaye, "Let's Get It On", and/or Motown is referenced or discussed.

34. A true copy of any non-privileged correspondence (electronic and/or tangible) and/or communications between the Defendant, Edward Christopher Sheeran, and any third party, in which any discussions pertaining to the alleged similarities and/or differences between the two (2) compositions at issue in the instant litigation is discussed.

35. To the extent that any settlement agreements, statute-of-limitations tolling agreements, and/or any other contracts have been entered into by the Defendant, Edward Christopher Sheeran, and/or Defendant's agents/ representatives, with any other parties with any manner of ownership interest in the song entitled, "Let's Get It On", who are not named in the instant litigation, a true copy of any such agreements.

36. A true copy of any and all documentation and/or materials which the Defendant, Edward Christopher Sheeran, contends provide evidentiary support to the Defendant's Affirmative Defenses asserted responsive to the operative Complaint to this action.

Respectfully Submitted:

/s/ Patrick R. Frank, Esq.
Patrick R. Frank (FBN: 0642770)
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue,
Tallahassee, Florida  32301
Telephone:  (850) 629-4168
Facsimile:  (850) 629-4184
Attorney(s) for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was conveyed via Electronic Mail, to Mr. Andrew Goldsmith, Esq., Mr. Donald Zakarin, Esq., and Ms. Ilene Farkas, Esq., on this 14th day of October, 2017.

/s/ Patrick R. Frank, Esq.
Patrick R. Frank, Esq.