UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**KATHY TOWNSEND GRIFFIN**, *et.al.*,

**Plaintiffs,**

**vs.**

**EDWARD CHRISTOPHER SHEERAN**, *et.al.*,

**Defendants.**

ECF CASE
17-CV-5221 (LLS)

**PLAINTIFFS' OBJECTION TO DEFENDANTS' EIGHTH MOTION *IN LIMINE***

_____/

**THE ENUMERATED PLAINTIFFS**, collectively, Object to the Defendants' Eighth Motion *in Limine* and, as basis therefore, would state as follows:

1. The Defendants' Eighth Motion *in Limine* seeks to exclude

    (i) Testimony at trial from Plaintiffs pertaining to the key signature of "Let's Get It On"—specifically, the key signature of E flat major;

    (ii) Testimony or evidence comparing the "Let's Get It On" sound recording to the "Let's Get It On" deposit copy;

    (iii) Testimony relating to the bass line and/or drum parts of "Thinking Out Loud"; &

    (iv) The Plaintiff's proposed Exhibits 103, 108, and 128.

    **MEMORANDUM OF LAW IN OPPOSITION
    TO EIGHTH MOTION *IN LIMINE***

    **A. TESTIMONY REGARDING KEY SIGNATURE**

2. At first blush, the Defendants' motion as it relates to the key signature seems to suggest that the Plaintiffs should be precluded from offering any evidence related to or even so much as identifying the key signature of "Let's Get It On"—specifically, "that the selection and arrangement of unprotectable elements in *Let's Get It On* ("LGO"), includes the composition's

key signature of E flat major".

3. Notwithstanding that it is not immediately clear what manner of relief the Defendants are requesting herein, assuming—*arguendo*—that they are attempting to state that the Plaintiffs should be precluded from asserting that the key signature, in and of itself, of "Let's Get It On" is not subject to copyright protection, the Plaintiffs would agree.

4. Plaintiffs do not contend that the key signature of "Let's Get It On", in and of itself, is a protectable component of the song—however, the Plaintiffs would assert that the operative key signature, taken in conjunction and/or combination with other elements of the composition are, in fact, protectable expressive from a copyright perspective.

5. This jurisdiction has long adhered to the premise that elements in combination of compositions may be construed as probative of copying. See *Old Music Group, Inc., v. Gottwald*, 122 F.Supp.3d 78 (S.D.N.Y. 2015); see also *Adams v. Warner Bros Pictures Network*, No. *05-CV-5211* (SLT), 2007 WL 1959022, at *3 (E.D. N.Y. June 29, 2007) ("In the context of deciding whether the defendant copied at all…similarity relates to the entire work…)".

6. The key signature at issue, in conjunction and/or combination with other elements of "Let's Get It On", is a component of the composition's protectable expression. Accordingly, the Defendants' arguments on this issue are without merit and in derogation of long-established case law precedent herein.

### B. TESTIMONY REGARDING SIMILARITIES IN DEPOSIT COPY OF "LET'S GET IT ON" AND SOUND RECORDING OF "LET'S GET IT ON"

7. Pursuant to the Court's previous Order, the Plaintiffs are precluded from playing the sound recording of "Let's Get It On" and/or, otherwise, representing to the jury that unprotected elements of the sound recording are, in fact, protected. This Court otherwise reserved ruling on the playing of "Let's Get It On" for potential other purposes.

8. Now the Defendants seek to preclude the proffer of any testimony and/or evidence

as to similarity between the "Let's Get It On" sound recording and the "Let's Get It On" deposit copy.

9. Upon reasonable information and belief this Court has not previously made a ruling as to the issue of precluding the sound recording of "Let's Get It On" to the extent that the elements sought to be played embody actual protected elements of the "Let's Get It On" sound deposit copy.

10. The Defendants' attempt to preclude reference to common elements between the sound recording and deposit copy of "Let's Get It On", particularly when such reference pertain to elements of the composition embodied in both is, respectfully, nonsensical and not consistent with the rulings of this Court as they pertain to the preclusion of the sound recording of 'Let's Get It On" at trial.

### C. TESTIMONY/EVIDENCE OF THE BASS AND DRUM LINES OF "THINKING OUT LOUD"

11. In addition to expending considerable efforts to exclude a.) the sound recording of "Let's Get It On"; b.) evidence of common elements between the deposit copy and sound recording of "Let's Get It On", the Defendants now also seek to have entire elements of their own infringing song—"Thinking Out Loud"—from being discussed and/or analyzed for the benefit of the jury at trial.

12. As a preliminary matter, the bass and drum lines of "Thinking Out Loud" are indispensable component parts of the infringing work and now the Defendants wish for both the Plaintiffs herein, as well as the jury, to ignore them.

13. As discussed at length by the Plaintiffs' expert, Dr. Alexander Stewart, bass lines in popular music are oft-times derivative of the so-called 'root note' of the pertinent chords played and bass lines may be played on other instruments such as the piano or even the guitar, itself. (See Stewart Report, Pages Four (4) through Twelve (12)).

14. The Defendant, Ed Sheeran, himself, clearly understands this principle having testified to as much during his deposition attendant to this litigation—

> "Q. Okay. And bass?
>
> A. I never learned bass from a teacher. It's—**when you play guitar chords, all the bass is the same note of the chord, so it's not that hard to learn if you play guitar**".

(See Sheeran Deposition, Page Fifteen (15)).

15. In this instance the bass line at issue mimics the guitar chords of "Thinking Out Loud" and, as such, it is not immediately clear how consideration of the bass line could be disregarded herein.

16. Moreover, the Plaintiffs have contended that the drums and/or rhythmic pattern of "Thinking Out Loud" mimics the protected musical expression embodied in the deposit copy of "Let's Get It On".

17. In attempting to exclude the drums and bass of its own sound recording, the Defendants are improperly attempting to conflate, unduly extend, and/or obfuscate the previous ruling of this Court as it relates to the sound recording of "Let's Get It On"—said attempt should be summarily denied.

### D. PLAINTIFFS' PROPOSED EXHIBITS 103, 108, AND 128

18. Plaintiffs' proposed Exhibit 103 is an email between the Defendant, Ed Sheeran, and his manager, Mr. Stuart Camp, acknowledging similarities between the compositions at issue in this litigation. Said email is probative of copying and admissible.

19. Plaintiffs' proposed Exhibit 108 is the sheet music of "Thinking Out Loud" with notations by the Plaintiffs' expert, Dr. Stewart, relating to the song's bass line. For the reasons set forth herein above, the Plaintiffs would, respectfully, contend that the relief sought here should be denied and Exhibit 108 should be included in evidence.

4

20. Plaintiffs proposed Exhibit 128 is a series of essay relied upon by the Plaintiffs' expert, Dr. Stewart, in preparing his testimony and report attendant to this litigation. The Defendants object to the Exhibit to the extent that it is proffered as evidence of the creation of "Let's Get It On". Defendants also object to the Exhibit to the extent that it is relied upon to suggest and/or assert that the "Let's Get It On" deposit copy is based on the sound recording of the same.

21. It is not immediately why the Defendants would object to testimony and/or evidence regarding the origins of the creation of "Let's Get It On"—however, to the extent that the Plaintiffs would rely on Exhibit 128 at trial, it would be generally for the purpose of Marvin Gaye's vocal composition style and how such style is reflected in the deposit copy, particularly in the vocal melody which is, of course, one (1) of the elements intrinsic to "Let's Get It On" that is probative of the Defendant's, Ed Sheeran's, copying of the same and a undisputed, admissible aspect of Dr. Stewart's anticipated testimony at trial.

## **CONCLUSION**

22. For all of the foregoing reasons, the Plaintiffs would, respectfully, contend that the Defendants' Eighth Motion *in Limine* should be denied in its entirety.

**WHEREFORE**, the Plaintiffs, collectively, Object to the Defendants' Eighth Motion *in Limine* and Motion this Court for the entry of an Order Denying said motion, as well as providing for any such other relief as this Court should deem equitable and just.

**DATED** this 29th day of March, 2023.

**FRANK & RICE, P.A.**

Respectfully Submitted,

_____
Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184