# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,<br><br>*Plaintiffs*,<br><br>-against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>*Defendants*. | ECF CASE<br><br>17-cv-5221 (RJS)<br><br>**DEFENDANT EDWARD CHRISTOPHER SHEERAN'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rules 26.2 through 26.4 of the Local Civil Rules of the United States District Court for the Southern District of New York ("Local Civil Rules"), defendant Edward Christopher Sheeran ("Sheeran" or "Defendant") hereby responds and objects to plaintiffs Kathryn Townsend Griffin, Helen McDonald and The Estate of Cherrigale Townsend's ("Plaintiffs") First Request To Produce Documents dated October 14, 2017 (the "Requests") as follows:

## GENERAL OBJECTIONS

1.  Defendant objects to the Requests, including the definitions and instructions set forth therein, to the extent they attempt to impose upon Defendant obligations that are greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, and applicable law.

2.  Defendant objects to the Requests to the extent they call for the disclosure of information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, statute, regulation or rule. The inadvertent disclosure of any such information shall not be deemed to be a waiver of any such privilege or immunity.

3.  Defendant objects to the Requests to the extent they seek documents or other

materials that are not relevant to any party's claim or defense and not proportional to the needs of this case.

4. To the extent the Requests seek the disclosure of information or the production of documents containing trade secrets or other confidential, business or proprietary information, Defendant will provide such information or produce documents containing such information only in accordance with an appropriate confidentiality order.

5. Defendant objects to the Requests to the extent they are vague, ambiguous or unintelligible.

6. Defendant objects to the Requests to the extent they are overbroad, oppressive, harassing, unduly burdensome, palpably improper and to the extent there exist more practical methods of obtaining the information Plaintiffs seek.

7. Defendant objects to the Requests to the extent they request the disclosure of documents not within his possession, custody or control.  Defendant will make a reasonably diligent inquiry concerning the subject matter of non-objectionable Requests.

8. Defendant objects to the Requests to the extent they call for the disclosure of information for an undefined period of time.

9. Defendant objects to the Requests to the extent they seek information or documents that are publicly available, equally available to Plaintiffs and/or already in the possession of Plaintiffs.

10. Defendant objects to the Requests to the extent they are duplicative and cumulative.

11. Defendant objects to the Requests to the extent they are not properly addressed to Defendant and should instead be addressed to other defendants in this action or to non-parties.

12. Defendant objects to the Requests to the extent they contain erroneous or inaccurate assumptions or purported statements of fact.

13. Defendant objects to the Requests to the extent they seek information and/or documents concerning exploitation of Thinking Out Loud outside the United States or otherwise seek information and/or documents which are beyond the permissible, relevant scope

2

of discoverable information consistent with the U.S. Copyright Act.

14. Defendant objects to the Requests to the extent they seek documents in which Defendant and/or third parties have a legitimate expectation and/or right of privacy pursuant to federal and state constitutions, statutes or case law.

15. In responding to the Requests and producing documents and information in response to non-objectionable Requests, Defendant neither waives nor intends to waive, but expressly reserves, any and all objections to the relevance, competence, susceptibility to discovery, materiality or admissibility of any information provided.

16. To the extent the Requests seek ESI, and to the extent responsive, non-objectionable ESI exists, such ESI shall be produced as load files compatible with Relativity or in another reasonably usable format.

17. Defendant makes these responses based upon his knowledge as of the date of these responses. Defendant will supplement these responses only to the extent required by applicable law, regulation, rule, or court order. Defendant hereby reserves the right to introduce into evidence at trial, hearing or other proceedings in this action information discovered subsequent to the date of these responses.

18. By agreeing to comply with a particular Request, Defendant represents only that he will conduct a reasonably diligent search as indicated above and, subject to all objections and an appropriate confidentiality order, will begin producing, on or before December 15, 2017 (provided a confidentially order is in place), non-objectionable, non-privileged documents responsive to the Requests.

19. Each of the foregoing General Objections is incorporated by reference into each specific response below, even if not expressly stated therein.

## SPECIFIC RESPONSES & OBJECTIONS

**DOCUMENT REQUEST NO. 1:**

A true copy of any notes, production notes, correspondence (electronic or tangible), reports, memoranda, pictures, sketches, videographic recordings, audio recordings, and/or sheet music generated in connection with writing the song entitled, "Thinking Out Loud".

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to this Request as overbroad, vague and ambiguous. Defendant further objects to this Request to the extent it seeks documents not proportional to the needs of this case and to the extent it seeks publicly available information. To the extent Defendant understands this Request, and subject to and without waiver of the foregoing General and Specific Objections, Defendant responds that he will produce non-privileged (a) audio files containing any version of the musical composition ultimately entitled Thinking Out Loud which evidence the creation of this musical composition; (b) lyric sheets, draft lyric sheets, lead sheets and/or charts, if any, authored in conjunction with the independent creation of Thinking Out Loud; (c) notes and correspondence concerning the independent creation of Thinking Out Loud; and (d) Copyright Registrations and registrations with Sound Exchange and U.S. performing rights societies, which are in his possession, custody or control and revealed by a reasonable and diligent search.

**DOCUMENT REQUEST NO. 2:**

A true copy of any and all documents, reports, correspondence (electronic or tangible), reports, memoranda, and/or computations generated between June of 2014 until the Present relating to, chronicling, and/or documenting any and all of the revenue/income generated from the song entitled, "Thinking Out Loud".

### RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome and because it seeks documents and information that are not relevant to any party's claim or defense and not proportional to the needs of this case. Subject to, and without waiver of, the foregoing General and Specific Objections and subject to an appropriate confidentiality order,

Defendant responds that he will produce non-privileged documents in his possession, custody or control that are revealed by a reasonable and diligent search, which are sufficient to identify his revenues/income, if any, derived from domestic exploitation of the musical composition and recorded version of "Thinking Out Loud" and his expenses, if any, related thereto.

**DOCUMENT REQUEST NO. 3:**

A true copy of each and every royalty and/or revenue report/memorandum received by the Defendant and/or Defendant's agents from Sony/ATV Music Publishing, LLC (or any of its corporate brethren or subsidiaries) reflecting revenue and/or royalties generated from the song entitled, "Thinking Out Loud" from June of 2014 until the Present.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

See Response No. 2.

**DOCUMENT REQUEST NO. 4:**

A true copy of any and all documentation, materials, reports, and/or tax returns chronicling the Defendant's, Edward Christopher Sheeran's, total income in the two (2) years preceding the release of the song entitled, "Thinking Out Loud".

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this Request because it is overbroad, harassing, unduly burdensome and because it seeks confidential information that is not relevant to any party's claim or defense and not proportional to the needs of this case. Defendant will not produce any documents responsive to this Request consistent with the above-stated objections.

**DOCUMENT REQUEST NO. 5:**

A true copy of any and all documentation, materials, reports, and/or tax returns chronicling the Defendant's, Edward Christopher Sheeran's, total income in the two (2) years following/subsequent to the release of the song entitled, "Thinking Out Loud".

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

See Response No. 4.

**DOCUMENT REQUEST NO. 6:**

A true copy of the publishing contract between the Defendant, Edward Christopher Sheeran, and the Defendant, Sony/ATV Music Publishing, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Subject to the foregoing General Objections, Defendant responds that he has not entered into a "publishing contract" with defendant Sony/ATV Music Publishing LLC that relates in any way to Thinking Out Loud. Rather, Ed Sheeran Limited (a United Kingdom company) entered into an agreement with Sony/ATV Music Publishing (UK) Limited (a United Kingdom company). Subject to an appropriate confidentiality order, Sheeran responds that he will produce a redacted copy of that agreement.

**DOCUMENT REQUEST NO. 7:**

A true copy of any and all documents, reports, memoranda, correspondence (electronic or tangible), reflecting any and all income/revenue generated from the Defendant's, Edward Christopher Sheeran's, touring activities between June of 2014 and the Present.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this Request as overbroad and because it seeks information that is not relevant to any party's claim or defense, not proportional to the needs of this case, has no causal nexus to the claim of infringement and any revenue or income allegedly attributable to any alleged infringement, and to the extent that it seeks publicly available (and yet irrelevant) information. Defendant further objects to this Request as it seeks worldwide information beyond the permissible scope of the U.S. Copyright Act. Defendant will not produce any documents responsive to this Request consistent with the above-stated objections.

**DOCUMENT REQUEST NO. 8:**

A true copy of any and all documents, reports, memoranda, correspondence (electronic or tangible), reflecting any all income/revenue generated from the Defendant's, Edward Christopher Sheeran's, touring activities in the two (2) years preceding the release of "Thinking Out Loud".

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

See Response No. 7.

**DOCUMENT REQUEST NO. 9:**

A true copy of any and all documents, reports, memoranda, correspondence (electronic or tangible), reflecting any and all income/revenue generated from the Defendant's, Edward Christopher Sheeran's, sale of merchandise including T-Shirts, photographs, videos, etc., from June of 2014 until the Present.

> **RESPONSE TO DOCUMENT REQUEST NO. 9:**
>
> See Response Nos. 4 and 7.

**DOCUMENT REQUEST NO. 10:**

A true copy of any and all documents, reports, memoranda, correspondence (electronic or tangible), reflecting any and all income/revenue generated from the Defendant's, Edward Christopher Sheeran's, sale of merchandise including, T-Shirts, photographs, videos, etc., in the two (2) years preceding the release of "Thinking Out Loud".

> **RESPONSE TO DOCUMENT REQUEST NO. 10:**
>
> See Response Nos. 4, 5 and 7.

**DOCUMENT REQUEST NO. 11:**

A true copy of any and all documents, reports, memoranda, correspondence (electronic or tangible), reflecting any and all income/revenue generated from any endorsement contract entered into by the Defendant, Edward Christopher Sheeran, from June of 2014 until the Present.

> **RESPONSE TO DOCUMENT REQUEST NO.11:**
>
> See Response No. 7.  Defendant further objects to this Request as lacking even a remote causal nexus to the alleged infringement in this action.  Defendant further objects to this Request to the extent "endorsement contract" is vague and ambiguous and has no connection to "Thinking Out Loud."

**DOCUMENT REQUEST NO. 12:**

A true copy of any and all endorsement contracts related to the Defendant's documentary response to the Plaintiffs' First Request to Produce, Item Number Eleven (11), *infra.*

> **RESPONSE TO DOCUMENT REQUEST NO. 12:**
>
> See Response No. 11.

7

**DOCUMENT REQUEST NO. 13:**

A true copy of any sound recording, sheet music, deposit copies, and/or lead sheets pertaining to the song entitled, "Thinking Out Loud", which have been utilized by the Defendant, Edward Christopher Sheeran, for copyright registration purposes.

    **RESPONSE TO DOCUMENT REQUEST NO. 13:**

    See Response No. 1.

**DOCUMENT REQUEST NO. 14:**

To the extent that use of the song entitled "Thinking Out Loud", has been licensed for use to any third party entity and/or individual, a true copy of any and all contractual materials related to such licensure as well as any documentation reflecting income and/or revenue generated with respect to said licensure.

    **RESPONSE TO DOCUMENT REQUEST NO. 14:**

    See Response No. 2. Defendant further responds that to the extent he has possession of any licenses issued in and for the United States for "Thinking Out Loud," he will produce non-privileged documents in his possession, custody or control that are revealed by a reasonable and diligent search.

**DOCUMENT REQUEST NO. 15:**

A true copy of the contract for the use and/or "streaming" of the Defendant's, Edward Christopher Sheeran's, music on the streaming service identified as "Spotify".

    **RESPONSE TO DOCUMENT REQUEST NO. 15:**

    Defendant objects to this Request as vague, ambiguous, unintelligible, overbroad, because it seeks material that is not relevant to any party's claim or defense and not proportional to the needs of this case, and to the extent it is not properly addressed to him. Subject to, and without waiver of, the foregoing General and Specific Objections, Defendant responds that he does not have possession of any contract with Spotify for the streaming of "Thinking Out Loud."

**DOCUMENT REQUEST NO. 16:**

A true copy of any and all documents/materials reflecting any and all revenue/ income generated in connection with the "streaming" of the Defendant's music on Spotify from June of 2014 until the Present.

    **RESPONSE TO DOCUMENT REQUEST NO. 16:**

    See Response No. 2.

**DOCUMENT REQUEST NO. 17:**

A true copy of any and all documents/materials reflecting any and all awards the Defendant, Edward Christopher Sheeran, has received for breaking any streaming and/or download records on the streaming service previously-identified as Spotify.

    **RESPONSE TO DOCUMENT REQUEST NO. 17:**

    Defendant objects to this Request as overbroad and because it seeks information that is not relevant to any party's claim or defense, not proportional to the needs of this case and to the extent that it seeks publicly available (and yet irrelevant) information. Defendant will not produce any documents responsive to this Request consistent with the above-stated objections.

**DOCUMENT REQUEST NO. 18:**

A true copy of any contracts with the Defendant, Atlantic Recording Corporation, *d/b/a* Atlantic Records, for the manufacture and/or distribution of the Defendant's, Edward Christopher Sheeran's, music.

    **RESPONSE TO DOCUMENT REQUEST NO. 18:**

    Defendant objects to this Request as overbroad and because it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of this case. Subject to and without waiver of the foregoing General and Specific Objections, Defendant responds that he has not entered into any contracts with Atlantic Recording Corporation that relates in any way to "Thinking Out Loud."

9

**DOCUMENT REQUEST NO. 19:**

A true copy of any contracts and/or agreements providing for the payment of monies, royalties, authorship, and/or any other manner of consideration to Amy Wadge for her role/contribution to the creation of the song entitled, "Thinking Out Loud".

**RESPONSE TO DOCUMENT REQUEST NO.19:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome and because it seeks documents and information that are not relevant to any party's claim or defense and not proportional to the needs of this case. Subject to, and without waiver of, the foregoing General and Specific Objections, Defendant responds that he will produce non-privileged documents in his possession, custody or control that are revealed by a reasonable and diligent search, which are sufficient to identify any agreement he has, if any exist in writing, with Amy Wadge concerning "Thinking Out Loud."

**DOCUMENT REQUEST NO. 20:**

A true copy of any documentation/materials reflecting any manner of payment and/or monies conveyed to Amy Wadge, or any corporate entity in which she might have any financial interest, for her role in the creation of the song entitled, "Thinking Out Loud".

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

See Response No. 19.

**DOCUMENT REQUEST NO. 21:**

A true copy of any contracts and/or agreement providing for the payment of monies, royalties, authorship, or any other manner of consideration to Jake Gosling for his role/contribution to the creation of the song entitled, "Thinking Out Loud".

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

See Response No. 19 with the name Jake Gosling being substituted for Amy Wadge.

**DOCUMENT REQUEST NO. 22:**

A true copy of any documentation/materials reflecting any manner of payment and/or monies conveyed to Jake Gosling, or any corporate entity in which he might have any financial interest, for his role in the creation of the song entitled, "Thinking Out Loud".

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

See Response No. 19 with the name Jake Gosling being substituted for Amy Wadge.

**DOCUMENT REQUEST NO. 23:**

A true copy of any and all communications and/or materials exchanged between the Defendant, Edward Christopher Sheeran, and/or Defendant's agents/representatives and Mr. Anthony Ricigliano with respect to analyzing and/or comparing the respective compositions at issue in the instant litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to this Request because it impermissibly seeks privileged material, work-product, and materials otherwise immune from disclosure under Fed. R. Civ. P. 26(b)(3) and Fed. R. Civ. P. 26(b)(4). At the appropriate time, Defendant shall make all required disclosures under Fed. R. Civ. P. 26(a)(2).

**DOCUMENT REQUEST NO. 24:**

A true copy of any and all communications and/or materials exchanged between the Defendant, Edward Christopher Sheeran, and/or Defendant's agents/representatives and Mr. Lawrence Ferrara with respect to analyzing and/or comparing the respective compositions at issue in the instant litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

See Response No. 23.

**DOCUMENT REQUEST NO. 25:**

To the extent that any other individuals/entities have been engaged or consulted with by the enumerated Defendant, Edward Christopher Sheeran, and/or his agents/representatives as it relates to the analysis of the two (2) compositions at issue in the instant litigation, a true copy of any and all communications and/or materials exchanged without those third party individuals.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

See Response No. 23 and specifically notes that such Request is in direct violation of Rule 26(b).

**DOCUMENT REQUEST NO. 26:**

A true copy of any and all documentation reflecting the settlement agreement between the Defendant, Edward Christopher Sheeran, and the Plaintiffs, Thomas Leonard and Martin Harrington, in the erstwhile litigation involving the Defendant's song entitled, "Photograph".

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to this Request as overbroad and because it seeks confidential information that is not relevant to any party's claim or defense and not proportional to the needs of this case. Defendant will not produce any documents responsive to this Request consistent with the above-stated objections.

**DOCUMENT REQUEST NO. 27:**

Notwithstanding the instant litigation, as well as the litigation related to the song entitled, "Photograph", to the extent that the Defendant, Edward Christopher Sheeran, has ever been accused of copyright infringement and/or plagiarism in connection with any other song he may have written, a true copy of any and all documentation, reports, memoranda, non-privileged correspondence (electronic and/or tangible), demands, and/or settlement materials generated in connection with the same.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

See Response No. 26.

**DOCUMENT REQUEST NO. 28:**

A true copy of any and all videographic or audio materials in which the Defendant, Edward Christopher Sheeran, has played both the song entitled, "Thinking Out Loud", and the song entitled, "Let's Get It On" in a medley.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request as overbroad, because it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of this case, because it seeks documentation not within Defendant's possession, custody or control, and because there exist more practical methods of obtaining the information that Plaintiffs seeks. To the extent that Plaintiffs are aware of any such recordings, they have access to them on their own from public sources. Defendant will not produce any documents responsive to this Request consistent with the above-stated objections.

**DOCUMENT REQUEST NO. 29:**

A true copy of any and/or materials, correspondence, invoices, and/or any other evidence reflecting payment by or on behalf of the Defendant, Edward Christopher Sheeran, for the licensing and/or use of the song, "Let's Get It On", when the Defendant, Edward Christopher Sheeran, utilized the same in a medley, as chronicled in the Plaintiff's First Request to Product, Item Number Twenty-Eight (28), *infra.*

> **RESPONSE TO DOCUMENT REQUEST NO. 29:**
>
> See Response No. 2.  In addition, to the extent that Defendant ever performed the song "Let's Get It On" at any venue, the venue would have been responsible for obtaining a public performance license from the relevant PRO's for which Plaintiffs would have been compensated by their PRO.  Subject to, and without waiver of, the foregoing General and Specific Objections, Defendant responds that he has no documents in his possession, custody or control responsive to this Request.

**DOCUMENT REQUEST NO. 30:**

A true copy of any and all videographic or audio materials in which the Defendant, Edward Christopher Sheeran, has played the song entitled, "Thinking Out Loud", in a medley with <u>any other</u> song.

> **RESPONSE TO DOCUMENT REQUEST NO. 30:**
>
> See Response No. 28.

**DOCUMENT REQUEST NO. 31:**

A true copy of the Defendant's, Edward Christopher Sheeran's, Twitter posts pertaining to Michael Buble's previously utilization of the two (2) compositions at issue in the instant litigation in a medley.

> **RESPONSE TO DOCUMENT REQUEST NO. 31:**
>
> To the extent Defendant actually made such Twitter posts, Defendant responds that such posts are publicly available on the Internet.  Defendant will not produce any documents responsive to this Request consistent with the above-stated objection.

**DOCUMENT REQUEST NO. 32:**

To the extent that the Defendant, Edward Christopher Sheeran, is aware of and in possession of any videographic or audio material of other instances in which any other musician and/or

artist has utilized the two (2) songs at issue in the instant litigation in a medley, a true copy of said materials.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

See Response No. 28. Defendant further responds that he has no documents in his possession, custody or control that are responsive to this Request.

**DOCUMENT REQUEST NO. 33:**

A true copy of any correspondence (electronic and/or tangible) predating the release of "Thinking Out Loud", between the Defendant, Edward Christopher Sheeran, and any third party/individual in which Marvin Gaye, "Let's Get It On", Motown, or the goal/aim of writing a song in a related style to Marvin Gaye, "Let's Get It On", and/or Motown is referenced or discussed.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

See Response No. 1. Defendant further responds that, prior to the independent creation of Thinking Out Loud, he never communicated with anyone about "writing a song in a related style to Marvin Gaye … and/or Motown" because he did not write and was not writing a song in the "style" of Marvin Gaye or Motown, whatever Plaintiffs may mean by that notion.

**DOCUMENT REQUEST NO. 34:**

A true copy of any non-privileged correspondence (electronic and/or tangible) and/or communications between the Defendant, Edward Christopher Sheeran, and any third party, in which any discussions pertaining to the alleged similarities and/or differences between the two (2) compositions at issue in the instant litigation is discussed.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Subject to and without waiver of the foregoing General Objections, Defendant responds that he will produce non-privileged documents responsive to this Request, if any, that are in his possession, custody or control that are revealed by a reasonable and diligent search.

**DOCUMENT REQUEST NO. 35:**

To the extent that any settlement agreements, statute-of-limitations tolling agreements, and/or any other contracts have been entered into by the Defendant, Edward Christopher Sheeran, and/or Defendant's agents/ representatives, with any other parties with any manner of ownership interest in the song entitled, "Let's Get It On", who are not named in the instant litigation, a true copy of any such agreements.

14

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to this Request as vague, ambiguous and overbroad and because it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of this case.  The Request is unintelligible but, to the extent Defendant understands this Request, he further responds that no such documents exist.

**DOCUMENT REQUEST NO. 36:**

A true copy of any and all documentation and/or materials which the Defendant, Edward Christopher Sheeran, contends provide evidentiary support to the Defendant's Affirmative Defenses asserted responsive to the operative Complaint to this action.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant object to this Request as premature and to the extent it impermissibly requests Defendant to form a legal conclusion and is a generalized request that cannot be responded to meaningfully.  Subject to and without waiver of the foregoing General and Specific Objections, Defendant responds that, if and when he concludes that documents exist, whether located from other defendants or from third parties, that are reasonably responsive to this request, to the extent that Plaintiffs themselves have not already been provided such documents, and Defendant has no obligation to provide Plaintiffs with a roadmap that explains which documents they already have relate to which defense, he will produce all such non-privileged documents consistent with his obligations under the applicable Rules.

Dated: New York, New York
November 13, 2017

        PRYOR CASHMAN LLP

        By: */s/ Donald S. Zakarin*
            Donald S. Zakarin
            dzakarin@pryorcashman.com
            Ilene S. Farkas
            ifarkas@pryorcashman.com
            Andrew M. Goldsmith
            agoldsmith@pryorcashman.com
        7 Times Square
        New York, New York 10036-6569
        Telephone: (212) 421-4100

        *Attorneys for Defendant Edward Christopher Sheeran p/k/a Ed Sheeran*