# FRANK & RICE

A Professional Association
325 West Park Avenue
Tallahassee, Florida 32301
Telephone (850) 629-4168
Facsimile (850)6 29-4184

April 5, 2023

**VIA ECF**

Hon. Louis L. Stanton
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>*Griffin , et. al. v. Sheeran, et. al.* // **Case Number 2017-cv-5221 (LLS)**</u>

Dear Judge Stanton:

    We represent the Plaintiffs in the above-captioned matter. As you will recall, at the Pre-Trial Conference held last Friday, March 31, 2023, the Plaintiffs had made an *ore tenus* Request that the Court invoke the Rule of Sequestration as it relates to any and all testifying witnesses in the instant litigation.

    As the Court is aware, *Rule 615* of the *Federal Rules of Evidence*, "codified a well-established common law tradition of sequestering witnesses as a means of discouraging and exposing fabrication, inaccuracy, and collusion". *United States v. Jackson*, 60 F.3d 128, 133 (2d Cir. 1995) (quoting the Federal Rules of Evidence, Rule 615, advisory committee's note).

    The sequestration rule has previously been found to serve two (2) purposes—first, it exercises restraint on witnesses as it relates to the tailing of testimony responsive to earlier witnesses; and, second, it aids in detecting testimony that is less than candid. See *Geders v. United States*, 425 U.S. 80, 87 (1976).

    When the intent to invoke the rule of sequestration was discussed on Friday, March 31, 2023, the Court indicated its belief that it was mandatory if invoked. Although previous case law precedent has found that there is a clear inclination favoring sequestration, the Court does have some measure of discretion as it relates to prospective witnesses that fall within one (1) of several exemptions set forth in *Rule 615* including the prospective witness serving in the capacity as a party to the subject litigation or, alternatively, the prospective witness serving in the capacity of a corporate designee of a party to said litigation. See *Bruneau v. South Kortright Central School*, 962 F.Supp. 301 (N.D. N.Y. 1997).

      To be clear, in this context, the Plaintiffs do not seek the sequestration of any witnesses who are parties to this litigation, nor corporate designees for Parties to this litigation.

      Specifically, Plaintiffs invoke the sequestration rule as it relates to the following proposed witnesses for the Defendants—Ms. Amy Wadge, Mr. Jake Gosling, Mr. Stuart Camp, Dr. Lawrence Ferrera, and Mr. Barry Massarsky.

      In addition to the above-referenced individuals being sequestered until such time as they have completed their testimony in its entirety and have been discharged as witnesses, the Plaintiffs request that all Parties and their respective counsel be directed from broadcasting to, sharing, disseminating, or chronicling any other witness testimony (or any other evidence previously presented) with said witnesses from the commencement of trial until the witnesses in question have completed their testimony and have been fully discharged.

      Further, the Plaintiffs, respectfully, request that the above-referenced witnesses be directed to refrain from communicating with one (1) another as to the testimony and/or evidence each respective witness may have proffered at trial with any other witness(es) who have yet to testify.

      The Plaintiffs fully understand that the sequestration rule is reciprocal and anticipate advising all of their non-party witnesses accordingly in comport with the same.

      Thank you for your attention and anticipated assistance with the foregoing. Should you have any questions and/or concerns, please do not hesitate to so advise.

Respectfully Submitted,

/s/ *(signature)*

Patrick R. Frank, Esq.
Counsel(s) for the Plaintiffs