**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806    www.pryorcashman.com

**Donald S. Zakarin**
**Partner**
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

April 6, 2023

**VIA ECF**

Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   <u>Kathryn Townsend Griffin, et al. v. Edward Christopher Sheeran, et al., No. 17-cv-5221</u>

Dear Judge Stanton:

We write in response to Plaintiffs' application (ECF 244) pursuant to Rule 615 of the Federal Rules of Evidence to sequester (a) nonparty witnesses Amy Wadge, Jake Gosling and Stuart Camp, (b) Defendants' expert musicologist, Dr. Lawrence Ferrara, and (c) Defendants' damages expert, Barry Massarsky.  Plaintiffs also seek (a) to bar Defendants <u>and their counsel</u> from even discussing any trial testimony or evidence with their witnesses (counsel represents Ms. Wadge, Mr. Gosling and Mr. Camp, and counsel has engaged each expert to assist in defending this action),[1] and (b) to bar the aforementioned witnesses from discussing with each other any trial testimony or evidence.

Defendants do not oppose "exclud[ing]" Ms. Wadge and Mr. Gosling during the liability portion of trial or Mr. Camp during the potential damages phase of trial from "hear[ing] other witnesses' testimony" (Mr. Camp only will testify during the damages phase of trial, if necessary). But Defendants oppose Plaintiffs' application beyond such exclusion.  In particular, Defendants oppose the sequestration of Dr. Ferrara during the testimony of any witnesses (especially the testimony of Dr. Stewart); they oppose the sequestration of Mr. Massarsky during the testimony of any of the damages phase witnesses; and they oppose Plaintiffs' attempt to use Rule 615 to bar counsel from discussing any trial testimony or evidence with their clients and experts.

**A.    <u>Plaintiffs Cannot Invoke Rule 615 To Sequester Dr. Ferrara Or Mr. Massarsky</u>**

Rule 615 permits any "person whose presence a party shows to be essential to presenting the party's claim or defense" to attend trial and observe the testimony of other witnesses.  Fed. R. Evid. 615(c).  The Advisory Committee Notes to Rule 615 explain that subsection (c) "contemplates … an expert needed to advise counsel in the management of the litigation."  As such, courts have consistently interpreted the exception set forth in subsection (c) to apply to testifying experts.  *See, e.g.*, *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 53-54 (2d Cir. 1993) (reversing

---

[1] Ms. Wadge and Mr. Gosling are named defendants in the SAS case.

PRYOR CASHMAN LLP

April 6, 2023
Page 2

verdict due to improper sequestration of expert witness); *Trans World Metals, Inc. v. Southwire Co.*, 769 F.2d 902, 910-11 (2d Cir. 1985) (no error in permitting expert witness to observe testimony of other witnesses); *see also* 29 Fed. Prac. & Proc. Evid. (Wright & Miller) § 6245 Exceptions to Required Exclusion (2d ed.) ("The inclusion of experts in [Rule 615(c)] is consistent with Rule 703, which permits expert witnesses to base opinion on the testimony of other witnesses. Accordingly, the cases commonly approve the designation of experts as essential under Rule 615(c)"). Moreover, "the trial court is bound to accept any reasonable, substantiated representation … by counsel" that its testifying expert "is in fact required for the management of the case." *Malek*, 994 F.2d at 54 (citation & quotation omitted).

Here, Dr. Ferrara's presence during trial – and especially during Dr. Stewart's testimony – is necessary (a) to enable Dr. Ferrara to "base [his] opinion on the testimony of other witnesses," (b) to respond to Dr. Stewart's testimony and (c) to assist Defendants' "management of the case," including the cross-examination of Dr. Stewart, Plaintiffs' only potential witness of relevance.

*First*, as testifying experts, Dr. Ferrara and Mr. Massarsky are <u>entitled</u> "to base [their] opinion[s] on the testimony of other witnesses." Wright & Miller § 6245 (citing Rule 703).

*Second*, in order to respond properly and to assist Defendants' cross-examination of Dr. Stewart, Dr. Ferrara must be permitted to witness his testimony. Dr. Stewart's testimony will necessarily differ from his Rule 26 Report served in 2017 – this Court's prior Orders have largely made the totality of his Rule 26 Report inadmissible – and, as Defendants have noted in prior filings, Dr. Stewart's (untimely) Pretrial Declaration lacks the detail and substance required by this Court's Rules (for example, he does not even identify the musical elements of each song on which he will be testifying). Defendants and Dr. Ferrara, thus, lack sufficient information regarding the substance and detail of Dr. Stewart's trial testimony. While Dr Stewart should not be permitted to offer entirely new opinions, Defendants nonetheless anticipate that Dr. Stewart will attempt to offer numerous opinions that have not been disclosed previously.

*Third*, Dr. Stewart apparently intends to perform demonstrations on the piano during his testimony. Notwithstanding the Court's very explicit instruction to Plaintiffs and Dr. Stewart to strictly limit their evidence in accordance with the Court's prior Orders, Defendants justifiably anticipate that Dr. Stewart may deviate from the Deposit Copy (or TOL) during his piano demonstrations. It is, thus, critically important that Dr. Ferrara be permitted to attend trial, so that he can listen to those demonstrations and then testify whether, and the extent to which, Dr. Stewart's demonstrations do not accurately reflect the Deposit Copy and TOL.

**B.     Rule 615 Cannot Be Invoked To Bar *Counsel* From Conferring With Their Clients And Experts Regarding Trial Testimony And Evidence**

The plain language of Rule 615 only requires the Court to "order witnesses excluded so that they cannot hear other witnesses' testimony." Indeed, "while the common law supported sequestration beyond the courtroom," "Rule 615 contemplates a smaller reserve; by its terms,



April 6, 2023
Page 3

courts must 'order witnesses excluded' only from the courtroom proper." *United States v. Sepulveda*, 15 F.3d 1161, 1175-76 (1st Cir. 1993) (citation omitted)); *accord United States v. Feola*, 651 F. Supp. 1068, 1130 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989). Rule 615 does not authorize, or even contemplate, the relief that Plaintiffs seek – preventing counsel from even discussing trial testimony and evidence with their clients and experts – which would not only run afoul of the First Amendment and Due Process but undermine counsel's essential function.

As one District Court has recognized, it is "common practice and an essential part of trying a case for the trial attorney to confer with his experts and other prospective witnesses." *United States v. Scharstein*, 531 F. Supp. 460, 463 (E.D. Ky. 1982). Thus, "[i]t has been held that to deprive a party … of the right to consult with counsel as the trial proceeds is to infringe its right to due process of law." *Id.* at 463-64. In light of the foregoing, the Court in *Scharstein* ruled that a party has "the right" "to have his counsel free to discuss with prospective witnesses developments in the case, including the testimony of other witnesses." *Id.* at 464; *see also United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) ("the relevant authorities interpreting Rule 615, including court decisions and the leading commentators, agree that sequestration orders prohibiting discussions between witnesses should, and do, permit witnesses to discuss the case with counsel for either party") (citations omitted); 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 615.06 (2d ed. 1998) ("[Sequestration] instructions … usually permit the witnesses to discuss their own or other witnesses' testimony with counsel … .").

Moreover, because it often can be "unrealistic" and "impractical" for the Court (and its staff) to enforce orders that prevent parties and witnesses from interacting outside the courtroom, courts frequently reject such sweeping requests. *Scharstein*, 531 F. Supp. at 464; *United States v. Fletcher*, No. 15-cv-10393 (RGS), 2018 WL 5778251, at *3 n.6 (D. Mass. Nov. 2, 2018), *aff'd*, 56 F.4th 179 (1st Cir. 2022) ("[B]lanket orders barring out-of-court communications among witnesses are difficult to enforce, can impose significant hardships … and are of questionable efficacy."); *see also Weinstein's Federal Evidence* § 615.06 ("An order not to converse about the case with other witnesses can create difficult enforcement problems").

### C. Mr. Camp Should Be Permitted To Attend The Liability Phase Of Trial Because He Is Not A Liability Witness

Mr. Camp, Ed Sheeran's longtime manager and an essential advisor, should be permitted to attend the liability phase of trial because he is not a liability witness. Defendants only intend to call Mr. Camp during the damages phase of trial, should one be necessary, and they do not oppose sequestering Mr. Camp during the damages phase.

Respectfully submitted,

Donald S. Zakarin