UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**KATHY TOWNSEND GRIFFIN**, *et.al.*,

**Plaintiffs,**

**vs.**

**EDWARD CHRISTOPHER SHEERAN**, *et.al.*,

**Defendants.**

**ECF CASE**
**17-CV-5221 (LLS)**

**PLAINTIFFS' NOTICE OF**
**FILING OBJECTIONS TO**
**DEFENDANTS' PROPOSED**
**JURY CHARGES FOR THE**
**LIABILITY PHASE OF**
**TRIAL AND PROPOSED**
**ALTERNATE CHARGES[1]**

_____/

      **COME NOW**, the Plaintiffs, collectively, who provide Notice of Filing their Objections

to Defendants' Proposed Jury Charges for the Liability Phase of Trial and Proposed Alternate

Charges.

Dated this 15th day of April, 2023

                         **FRANK & RICE, P.A.**

                         Respectfully Submitted,

                         /s/ Patrick R. Frank, Esq.
                         Patrick R. Frank, Esq.
                         Florida Bar Number:  0642770
                         Keisha D. Rice, Esq.
                         Katherine L. Viker, Esq.
                         Frank & Rice, P.A.
                         325 West Park Avenue
                         Tallahassee, Florida 32301
                         Telephone:  (850) 629-4168
                         Facsimile:  (850) 629-4184

---

[1] Plaintiffs have retained the respective pages to which the Plaintiffs have not objected and have proffered amended charges for those deemed objectionable.

# TABLE OF CONTENTS

I.   GENERAL INSTRUCTIONS                                    1

    Introduction                                             1

    Function of the Court                                    2

    Function of the Jury                                     3

    Sympathy or Prejudice                                    5

    Burden of Proof                                          6

    Direct and Circumstantial Evidence                      8

    Inferences                                               9

    Witness Credibility                                     10

    Impeachment                                             12

    Preparation of Witnesses                                13

    Jury Note Taking                                        14

    Stipulations                                            15

    Depositions                                             16

    Redacted Exhibits                                       17

    Publicity During Trial                                  18

II.  COPYRIGHT INFRINGEMENT

    Definition and Nature of Copyrights                     19

    Musical Composition and Sound Recordings                20

        Deposit Copy                                        20

Sound Recordings                                           20

The Parties and Their Claims                               22

Beneficial Interest                                        24

Actual Copying                                             25

Scope of Protection                                        26

Wrongful Copying                                           27

Melody                                                     29

Copyright Protection for a Selection and
Arrangement Claim                                          31

Expert Testimony of Musicologists                          33

## I.     <u>GENERAL INSTRUCTIONS</u>

### <u>Introduction</u>

Members of the jury, we have reached the final stage in these proceedings before your deliberations begin and the case is put in your hands. This stage is called the Court's charge – or instructions – to the jury.

A jury charge does three basic things. First, it explains certain rules and procedures generally applicable to a jury trial. Second, it explains the applicable rules of law. Third, it explains the procedures by which you should conduct your deliberations.

Before I turn to the charge itself, I want to thank you for your patience and attentiveness during the trial. Having paid careful attention to the evidence as it was presented to you, you are now fully prepared to decide whether the Plaintiffs, who have the burden of persuading you, by what is known as a preponderance of the evidence, have proved their claim that the Defendants' song, *Thinking Out Loud* infringes protectable elements contained in the song *Let's Get It On*. I want to reiterate to you, right at the outset of these instructions, that the recording of *Let's Get It On* is not involved in this case. I will explain, in the course of these instructions, the difference between a copyright in a composition and a recording because it is only the composition *Let's Get It On*, as written on the sheet music registered with the United States Copyright Office, that is at issue in this case.

In the course of this charge, I will explain to you what is meant by a burden of proof by a preponderance of the evidence, what is meant by protectable elements and what is necessary for the Plaintiffs to prove a claim of infringement. You will decide this case based on all of the facts that have been presented to you that I have allowed into evidence consistent with the law that I will explain to you in this charge.

## Function of the Court

You have heard all the evidence in the case as well as the final arguments of the lawyers.

The Court, in a jury trial, is not the trier of fact. That is your role. But the role of the Court is to explain the law under which you must evaluate the evidence that has been introduced at trial and presented to you. It is your duty to accept these instructions of law and to apply them to the facts admitted into evidence as you determine the facts to be.

The law that will frame your deliberations is as I state it to be in this charge. If any attorney has stated legal principles different from any that I state to you in my instructions, it is my instructions you must follow, as that is the law. You should not single out any one instruction as stating the law; rather you should consider my instructions as a whole while you deliberate. Regardless of whether or not you agree with the law, or any opinion that you may have as to what the law may be – or should be – it would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

**<u>Function of the Jury</u>**

Your duty is to decide this case in accordance with the law as I explain it to you based on the evidence that has been presented to you during this trial and which I have admitted into the record in this case. You are the sole and exclusive judges of the facts, and what you consider important and what you do not consider important. You and you alone will decide the weight you wish to give to any of the evidence presented. You will decide on the credibility of witnesses, who you believe has told you the truth about what they know, saw or heard and who you do not believe has told you the truth about what they know, saw or heard. As in any case, there has been conflicting evidence and testimony provided to you. You alone will resolve any conflicts that you find may exist, whether between the perceptions of different witnesses or even in the case of conflicts in the evidence provided by a single witness. And you have the right to draw reasonable inferences from the evidence, based on your common sense and experience.

The evidence before you consists of certain agreed upon facts, to which the parties have stipulated, the answers given by witnesses and the exhibits that were received in evidence. Exhibits marked for identification but not accepted into evidence may not be considered as evidence. Anything you may have seen or heard about this case outside the courtroom is not evidence and must be disregarded entirely.

In determining the facts, you must rely upon your own recollection of the evidence, although you can request the right to have any of the evidence, including any testimony, brought into the jury room for you to see or hear again. What the lawyers said in their opening statements is not evidence, nor is anything they have said in their closing arguments. During the course of this trial, the lawyers have made arguments and objections regarding evidence. Their arguments and their objections are not evidence. Also, the questions asked by the lawyers

3

are not evidence.  Only the answers of a witness, unless objected to and stricken from the record by me, are evidence that you may consider.

In that regard, any answer that I directed you to disregard or that I struck from the record is not evidence and should not be considered by you.  Nothing that I have said during trial and nothing in these instructions is evidence nor should you consider any rulings I have made as indicating any view on my part as to which of the parties, the Plaintiffs or the Defendants, has the better of this case.  You and you alone will make that determination in accordance with the law as I will give it to you and in accordance with your evaluation of the evidence that has been admitted.

### Sympathy or Prejudice

Under your oath as jurors, you are not to be swayed by sympathy.  Nor are you to be swayed by any prejudice of any kind.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Have the Plaintiffs proven their case against the Defendants by a preponderance of the evidence?  In my instructions that will follow, I will explain to you what the Plaintiffs have to prove to you to prevail on their claim of copyright infringement.

It is for you to decide whether or not the Plaintiffs have met this burden of proof on the basis of the evidence or lack of evidence and subject to the law as I charge you.  The Defendants do not have to prove to you that they did not copy *Let's Get It On*.  Rather, it is the Plaintiffs who must prove to you that Ed Sheeran and Amy Wadge, who is not a defendant in this case – there is no claim of infringement against her – copied from *Let's Get It On* in creating *Thinking Out Loud* and that such copying is what is known as "wrongful" under the law, which is a term I will explain to you shortly.  Sympathy for one side or the other is not part of the decision making process.  Only the law and the evidence presented to you should form your decision.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

Shortly, I will provide detailed instructions regarding what the Plaintiffs must prove to succeed on their claim of copyright infringement. But first, I want you to understand what is meant by burden of proof and preponderance of the evidence.

As I have said and as you know from having heard and seen all of the evidence, the Plaintiffs claim that the song *Thinking Out Loud*, written by Ed Sheeran and Amy Wadge, wrongfully copies certain elements in the song *Let's Get It On*, what was written by Ed Townsend and Marvin Gaye, who are both deceased. The Plaintiffs in this case are the heirs of Ed Townsend.

As is typical in non-criminal cases, which are called civil cases, such as this is, the Plaintiffs have the burden of providing their claims, and the Defendants do not have any burden of disproving the Plaintiffs' claims. The Plaintiffs must prove every element of their claims to you by a preponderance of the evidence, and I will explain what that means shortly.

Two of the elements that the Plaintiffs must ordinarily prove in infringement actions are not disputed by the Defendants in this case. First, the Defendants do not dispute that the song *Let's Get It On* is protected by a valid copyright. However, the fact that the song *Let's Get It On* is protected by a copyright does not mean that all of the elements of that composition are protected by copyright. That is a very important point in this case, and I will explain it in more detail in a few minutes. Second, the Defendants do not dispute that Ed Sheeran and Amy Wadge were aware of Let's Get It On, which is known as access.

The Plaintiffs must prove to you by a preponderance of the evidence all of the other elements for a claim of infringement, as they are in dispute in this case, and I will explain what those elements are. Unless the Plaintiffs prove all of those elements by a preponderance of the evidence, then the Plaintiffs will have failed to establish their claim and you should therefore return a verdict in favor of the Defendants.

Now, what do I mean by a preponderance of the evidence? To establish a fact by a preponderance of the evidence means to prove that a fact is more likely true than not true. It refers to the quality of the evidence and substantiality of the evidence, not to the number of witnesses or documents. The common image is of

the scale of justice, with two sides equally balanced.  For the Plaintiffs to satisfy their burden of proof by a preponderance of the evidence, the scale must be tipped in their direction by the weight of credible evidence.

If you find that it is equally probable that one side is right as it is that the other side is right, then the party having the burden of proof, here the Plaintiffs, have not carried their burden of proof and your decision would be in favor of the other party, the Defendants.  The party with the burden of proof must satisfy you that t$^1$he evidence presented tilts the balance of the scale in its favor.

### Direct and Circumstantial Evidence

There are two types of evidence that you may consider in reaching your verdict – direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard or did, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Then, assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So, you have no direct evidence of that fact, but, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining outside.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or nonexistence of some other fact, bearing in mind again that the Plaintiffs have the burden of proving their claims to you by a preponderance of the evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that before finding a fact for or against any of the parties, the jury must be satisfied that the specific fact has been proved by the Plaintiffs by a preponderance of the evidence from all of the evidence of the case.

### **Inferences**

During the trial you may have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence or nonexistence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that you can draw from a fact or facts that you know to be true, or which have been proven to you to be true, in order to conclude that a disputed fact is also true. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiffs may ask you to draw one set of inferences, while the Defendants may ask you to draw a different set of inferences. It is for you, and you alone, to decide whether the evidence presented to you is sufficient for you to draw any inferences from that evidence and what those inferences reasonably are.

An inference is a deduction or conclusion which you, the jury, are permitted – but not required – to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

9

### Witness Credibility

You have had the opportunity to observe all the witnesses. How do you evaluate the credibility or believability of those witnesses? There is no magic formula for evaluating testimony. You bring to this courtroom all of the experience and background of your lives in your everyday affairs. You determine for yourselves every day, and in a multitude of settings and circumstances, the reliability of statements which are made to you by others. The methods that you use in your everyday lives are the same methods that you must use in your deliberations.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Did the witness seem to be candid, frank and forthright? Did the witness offer testimony about things that you do not believe he or she really knew, or did he or she personally know or experience the things that he or she testified about to you? Did the witness appear evasive, as if he or she was trying to hide something? How did the way in which the witness testified on direct examination compare with the way in which he or she testified on cross-examination? Was the witness's testimony consistent or contradictory?

How much you choose to believe a witness, if at all, may be influenced by the witness's bias. Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or does the witness have some bias, prejudice or hostility that may have caused the witness – consciously or not – to give you something other than a completely accurate account of the facts? A witness who has a personal stake, financial or otherwise, in the outcome of the case is not necessarily unworthy of belief, but the personal interest of a witness is a factor or possible motive that you may consider in determining the weight and credibility to be given to his or her testimony, if any. Again, I emphasize that, just because a witness has an interest in the outcome of this litigation, does not render him or her unworthy of your belief. As you do in your daily lives, the personal interest of a witness in the outcome of this case is one factor, among other

10

factors, that you may consider in determining what weight and credibility to attach to his or her testimony.

You are not required to accept testimony even though the testimony is uncontradicted, and the witness's testimony is not challenged. You may decide, because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons, that the testimony is not worthy of belief.

If you find that a witness willfully testified falsely as to any topic, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely or inaccurately about one matter, you may reject as false or inaccurate that portion of his or her testimony and accept as true any other portion of his or her testimony. It is for you to determine how much of the witness's testimony, if any, you wish to believe.

In essence, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

## Impeachment

During the course of this trial, you may have heard evidence that at some earlier time, a witness has said or done something, or failed to say or do something, which an attorney argues is inconsistent with the witness's trial testimony. We call such evidence "impeachment evidence."

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining the facts. Evidence of a prior inconsistent statement, impeachment evidence, has a more limited use. It is offered for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who one side or the other claims has contradicted himself or herself with prior statements or actions. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether you believe that there really is a difference in the witness's testimony, whether the witness may have simply forgotten something from the past and made an innocent mistake or whether the witness purposely made a false statement. If you find that there is any inconsistency in a witness's testimony, you may also consider whether the inconsistency concerns an important fact, or whether it had to do with a small detail, whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether what is claimed to be a prior inconsistent statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

12

### Preparation of Witnesses

You may have heard evidence during the trial that a witness discussed the facts of the case and his or her testimony with his or her lawyers before the witness appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with his or her lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness from their side without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion, but it is important for you to know that there is nothing unusual or improper about a witness meeting with the attorneys in this case.

### Jury Note Taking

During the trial, I permitted the taking of notes by those of you who wished to do so.  At that time, I pointed out that, while I permitted the taking of notes, the court reporter takes down everything that is said in the courtroom and will read back to you during your deliberations any portion of the transcript that you may request.  I also advised you to be careful, because taking notes presents the further problem that doing so may divert your attention from some very important testimony given while you are taking the notes.

As to those jurors who did take notes during the trial, I point out to you and your fellow jurors that notes are simply an aid to memory for the particular juror who takes the notes. Therefore, I instruct you that your notes are only a tool to aid your individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  The trial transcript taken down by the court reporter is the only accurate record of what was testified to by any of the witnesses.  If you have any questions about any testimony, you can ask for it to be provided to you.

Further, those jurors who did not take notes should rely on their independent recollection of the evidence, unless you request that a portion of the transcript be re-read to you, and you should not consider the notes of another juror or be influenced by the fact that another juror has taken notes.  The notes taken by any juror are not evidence, and are by no means a complete record of the proceedings, the testimony of any witness or a list of the highlights of the trial.

### Stipulations

In this case you have heard evidence either in the form of stipulations or that has been stipulated to by the parties.  There are several types of stipulations that are applicable.  One stipulation is an agreement among the parties that, if called, a witness would have given certain testimony and that testimony is admitted into evidence.  A second stipulation can provide for the admission into evidence of a documentary exhibit, and then the information contained in that document becomes part of the evidence for you to consider.  A third stipulation is a fact that is agreed to be true.

Stipulations are helpful because they simplify the trial process by allowing evidence to be introduced by agreement of the parties.  Stipulated evidence is as important as any other evidence.  All that the stipulation means is that the parties agree that the witness would have testified as the parties have stipulated, or that the parties agree that the documentary evidence stipulated to is truthful and accurate.  As with all evidence, it remains up to you to give the stipulated testimony and the stipulated documentary exhibit whatever weight you think it should have.  With respect to stipulations of fact, you must accept the facts as true.  The significance of a stipulated fact or the lack of significance will be determined solely by you.

### **Depositions**

The lawyers have read portions of deposition testimony to you.  Depositions are testimony taken under oath before trial.  Deposition testimony can be used in several ways.  One way is where a witness is no longer available, either because of illness or death or because they simply are not available.  Subject to any objections made by counsel that I have sustained, such sworn deposition testimony may be considered by you as if it were given in this Courtroom in front of you. Deposition testimony can also be used for impeachment, which as I have discussed before, is to show that a witness's testimony at a prior time is different than his or her testimony here at trial. A witness's testimony at his or her deposition can be used to compare it to their testimony to you in this courtroom.  To the extent that you believe that such deposition testimony is inconsistent with the witness's testimony in this courtroom, it is up to you how you evaluate the credibility of the witness.

### Redacted Exhibits

Some exhibits are redacted.   "Redacted" simply means that part of the document was removed, blacked out or whited out.   The parties have many reasons for redacting information from an exhibit, and it is entirely proper for information to be redacted.   You need not be concerned with why an exhibit has been redacted and should instead only focus on the portion of the exhibit that is provided to you and which has been admitted into evidence.

### **Publicity During Trial**

As you know, this trial has involved well-known people and there has been some press attention paid to this trial.  You must ignore anything that has been written or broadcast about this case.  You should not read, watch or listen to any news media account or commentary about the case or anything to do with it.  You, not the press or media, have heard and seen all of the evidence in this case, and you, not the press or media, are in the position to determine this case based solely and exclusively on the evidence admitted in this case and my instructions as to the law.  Anything that may be said in the press, on the Internet, on social media, on television or otherwise outside the courtroom about this case is not evidence and should not be considered at all by you.

## II.   **COPYRIGHT INFRINGEMENT**

### **Definition and Nature of Copyrights**

A copyright is a type of protection provided by the law to authors or creators of certain original works, including musical compositions.  You are probably accustomed to hearing the word "author" used for writers.  But under copyright law, any creator of any original work is referred to as an author, including composers or songwriters who write musical compositions an lyricists who write lyrics—the words—for musical compositions.

As I will explain, a copyright does not protect all musical compositions. More importantly for this case, the fact that a composition as a whole may be copyrighted does not mean that every musical element included in the composition is itself individually protected under the law.  That is because musical compositions are very often built on, and therefore, contain, commonplace musical building blocks as elements of the full composition.  These commonplace musical elements cannot be exclusively owned by anyone, but are instead freely available to all authors to use and build upon, which means they are not protectable under the law.  So some musical elements in two songs which may cause the two songs to sound similar may be due to both songs using the same or similar unprotectable musical building blocks.

As I will explain, commonplace musical building blocks include things like the key of a song, its tempo, chord progressions and rhythmic techniquest such as syncopation or anticipation.

Copyright law protects only against wrongful, unauthorized copying of an author's original and protectable expression in a musical composition.

19

## Musical Compositions and Sound Recordings

As I mentioned to you at the very beginning of these instructions, there is a difference between a copyright in a song and a recording of that song. There are separate copyrights in a musical composition and in the various sound recordings that are made of the composition. A musical composition is the underlying song that consists of music—melody, rhythm, harmony and structure expressed in a system of musical notation—and usually with accompanying words or lyrics. A musical composition is not a recording of the composition. A recording is someone's recorded performance of a musical composition. In this case, there is not claim of infringement of any of the commercial recordings of *Let's Get It On*. I will not explain the difference between the copyright in a musical composition and recordings of that composition.

## Deposit Copy

The musical composition *Let's Get It On* was registered for copyright protection in 1973. At the time, the 1909 Copyright Act was in place and it required that sheet music be filed to obtain a copyright. And the copyright was limited to what is actually written in the sheet music registered or deposited with the United States Copyright Office. This sheet music is known as the "Deposit Copy", of the composition, and it defines the outside limits of copyright protection for the composition.

I say the outside limits because, as I already said to you, many elements, such as chord progressions or key or syncopation, that may be written down in the Deposit Copy, are not individually protectable because they are the basic building blocks of music that can be freely used by anyone.

While the copyright in the sheet music registered with the Copyright Office under the 1909 Copyright Act is limited to, at most, what is written in the Deposit Copy, a musician can take musical composition and then, on a recording, perform that composition in a number of ways that add or subtract musical elements from what is literally written down in the Deposit Copy. For instance, a musician may add drums or a bass that do not appear in the Deposit Copy. Any of those elements or embellishments in the recordings that are not written down in the Deposit Copy are not part of the copyright in the musical composition.

What you have heard during trial are recordings which depict only what is actually contained in the *Let's Get It On* Deposit Copy.

20

A copyright is a type of protection provided by the law to authors or creators of certain original works, including musical compositions. You are probably accustomed to hearing the word "author" used for writers. But under copyright law, any creator of any original work is referred to as an author, including composers or songwriters who write musical compositions an lyricists who write lyrics—the words—for musical compositions.

As I will explain, a copyright does not protect all musical compositions. More importantly for this case, the fact that a composition as a whole may be copyrighted does not mean that every musical element included in the composition is itself individually protected under the law. That is because musical compositions are very often built on, and therefore, contain, commonplace musical building blocks as elements of the full composition. These commonplace musical elements cannot be exclusively owned by anyone, but are instead freely available to all authors to use and build upon, which means they are not protectable under the law. So some musical elements in two songs which may cause the two songs to sound similar may be due to both songs using the same or similar unprotectable musical building blocks.

As I will explain, commonplace musical building blocks include things like the key of a song, its tempo, chord progressions and rhythmic techniquest such as syncopation or anticipation.

Copyright law protects only against wrongful, unauthorized copying of an author's original and protectable expression in a musical composition.

## The Parties and Their Claims

The Plaintiffs have sued the Defendants for copyright infringement, alleging that the musical composition *Thinking Out Loud* infringes rights the Plaintiffs claim are protected by the copyright in the musical composition *Let's Get It On*.

To prevail on their claim of copyright infringement, the Plaintiffs must prove, by a preponderance of the evidence, four distinct elements. The four elements that the Plaintiffs must prove are as follows:

First, Plaintiffs would normally have to prove that they have what is known as a beneficial interest in the copyright in the musical composition *Let's Get It On*. A beneficial interest means simply that the Plaintiffs are entitled to a share of the income earned by *Let's Get It On*. Defendants have stipulated that Plaintiffs, who are paid a share of the royalties earned by *Let's Get It On*, have a beneficial interest, so in this case, you do not need to determine that issue.

Second, Plaintiffs must also prove that there exists a valid copyright in the musical composition *Let's Get It On*. In this case, the Defendants have also stipulated that there is a valid copyright in the *Let's Get It On* musical composition. Again, as I have instructed you, and as I will explain in more detail, even though *Let's Get It On*, as a whole, has a valid copyright, that does not mean that every musical element of *Let's Get It On* is protected by copyright.

Third, the Plaintiffs must prove by a preponderance of the evidence that Ed Sheeran and Amy Wadge, in authoring *Thinking Out Loud*, actually copied from *Let's Get it On*. Actual copying means what it sounds like—it means that, in creating his or her work, the Defendants, Ed Sheeran and Amy Wadge, actually copied from the Plaintiffs' work. Actually copying is not the same thing as wrongful copying, which is a further element that the Plaintiffs must prove and which I will explain to you shortly.

Because the distinction between actual copying and wrongful copying is important, and I do not want to confuse the two difference concepts, I want to emphasize the difference between them. Simply put, one may actually copy another work, but if they are not copying anything that is protectable, then no infringement claim can exist because any such copying is not wrongful. And even if the Defendants actually copied the earlier song, unless the second song is substantially similar to protectable elements of the earlier song, unless the second song is substantially similar to protectable elements of the earlier song, actual

copying is not wrongful copying.  I will explain these concepts in more detail shortly.

Fourth, if you find that Ed Sheeran and Amy Wadge actually copied *Let's Get It On*, that does not satisfy Plaintiffs' burden of proving their claim of infringement to you.  That is because, as I have said, actual copying is not wrongful copying, and the Plaintiffs have to prove not only that Ed Sheeran and Amy Wadge actually copied *Let's Get It On*, but they must also prove that such copying is wrongful under the law.

To prove wrongful copying, the Plaintiffs must prove, by a preponderance of the evidence that Thinking Out Loud is substantially similar to legally protectable elements, or the combination, selection, and/or arrangement of compositional elements in *Let's Get It On*.  I will explain what I mean by substantial similarly shortly.

## Beneficial Interest

As I have said, the Defendants have stipulated that the Plaintiffs have a beneficial interest in *Let's Get It On*.  That means that they have the right to receive the royalties generated by the commercial use of *Let's Get It On*. Therefore, it is undisputed that the Plaintiffs have the right to sue for infringement.

## **Actual Copying**

Now, I will explain to you what is meant by actual copying—for these types of cases, "Actual copying must first be show, either by direct evidence or by indirect evidence".[1]  Indirect evidence "includ[es] access to the copyrighted work, similarities that are probative of copying between the works, and expert testimony".[2]  Access means that an alleged infringer had a 'reasonable possibility'—not simply a 'bare possibility'—of hearing the prior work, in this instance, the prior work being *Let's Get It On*.[3]

Plaintiffs have the burden of proving infringement by a preponderance of the evidence.  Plaintiffs must prove that Ed Sheeran and Amy Wadge, in authoring the composition *Thinking Out Loud*, actually copied from the composition *Let's Get It On*.

Under the law, no matter how similar two compositions may be or may sound to you, unless the Plaintiffs have proved to your satisfaction, by a preponderance of the evidence, that Ed Sheeran and Amy Wadge actually, directly or indirectly, copied *Thinking Out Loud* from *Let's Get It On*, there can be no infringement absent actually copying.[4]

Access is not in dispute, because Ed Sheeran and Amy Wadge admit they had heard and were aware of *Let's Get It On* prior to writing *Thinking Out* Loud.

---

[1] *Laureyssens v. Idea Group, Inc.*, 964 Fo.2d 131, 139 (2nd Cir. 1992).
[2] *Id.*
[3] *Jorgenson v. Epic/Sony Records*, 351 F.3d 46 (2nd Cir. 2003).
[4] *Repp & K& R Music, Inc. v. Webber*, 132 F.3d 882 (2nd Cir. 1997).

## Scope of Protection

As I have mentioned, copyright law only provides protection to protectable elements, and/or arrangements, selection, and/or combination of compositional elements, in a Plaintiffs' work and not to commonplace basic musical building blocks that can be found in many songs.  Copyright law protects only specific expression, not musical themes, or ideas or "vibes" or a type or genre of music.  Copyright law also does not protect any subject matter which is in the public domain.  For example, all of the music written by Mozart, Bach, and Beethoven, their melodies, chord progressions, and rhythms, having been authored hundreds of years ago, is in the public domain.  That means that any songwriter today can freely use any and all of the musical elements contained in the music written by these great masters because it is freely available to all of us.  Also, as I previously explained, copyright protection is further limited to no more than what is expressly contained in the Deposit Copy of the work.

Copyright protection also does not extend to musical styles, musical methods, or musical techniques.  By style, I mean the type of music and manner of performance.  For example, the sound of particular musical instruments. You are probably family with many other common styles of music such as jazz, county, "pop" music, soul music, hip hop, rock n' roll and rhythm and blues.  Every songwriter has the right to compose and arrange a composition in any of these styles, and every performer has the right to perform in any of these styles.  As I have said, a style or genre of music cannot be owned by any author but is freely available to all.

By methods and techniques, I mean methods or techniques used to play an instrument or to sing or to otherwise produce a musical sound.  For example, you may be familiar with the technique of "finger-picking" a guitar, or "slapping" a bass-guitar; you may be familiar with a singing technique called "scatting" where the vocalist imitates the sound of an instrument or "rapping".  All of these methods or musical techniques are unprotectable and are freely available to all to use.

## Wrongful Copying

For the Plaintiffs to prove that copying was wrongful, the Plaintiffs must prove to you, by a preponderance of the evidence, that the claimed similarities between the songs are of compositional elements, or a combination, selection, and/or arrangement of compositional elements, and, in addition, that the similarities are substantial.

The appearance of similar musical elements in *Thinking Out Loud*—or if the two songs sound somewhat alike to you—does not, in itself, mean that there was any wrongful copying and is not, in itself, sufficient to support a claim of copyright infringement.  To find wrongful copying, the Plaintiffs must prove more than that there are similarities between the two songs.  Wrongful copying requires that you focus your attention on what the claimed similarities are and whether they are substantial relative to the totality of the songs.

To determine whether two works are substantially similar—and thus whether any copying is wrongful—we usually apply what is known as the "ordinary observer" test or the "total concept and feel" test.  First, the ordinary observer test asks whether an "average lay observer would recognize the alleged copy of having been appropriated from the copyrighted work, then the two works are substantially similar".[1]  In other words, whether an ordinary observer would recognize the Defendants' work as having been taken from the Plaintiffs' work.

Within the context of the "ordinary observer" test, "we also must recognize that *dissimilarity* between some aspects of the works will not automatically relieve the infringer of liability, for 'no copier may defend the act of plagiarism by pointing out how much of the copy he has not pirated'".[2]  It is only when the similarities between the protected elements of plaintiff's work are of 'small import quantitatively and qualitatively' that the defendant will be found innocent of infringement".[3]

"Even a small amount of the original, if it is qualitatively significant, may be sufficient to be an infringement".[4]

---

[1] *Hamil America, Inc. v. GFI*, 193 F.3d 92, 100 (2nd Cir. 1999).
[2] *Williams v. Crichton*, 84 F.3d 581, 588 (2nd Cir. 1996) (quoting *Rogers v. Koons*, 960 F.2d 301, 308 (2nd Cir. 1992).
[3] *Id.* at 588.  See also 3 Nimmer on Copyrights, Section 13.03[B][1][a].
[4] *Horgan v. McMillan, Inc.*, 789 F.2d 157, 162 (2nd Cir. 1986).

In this jurisdiction, the "use of four notes from a musical composition containing one-hundred measures was held sufficient to infringe the copyrighted original".[5]

Second, under the "total concept and feel" test, the question for you to answer is whether the Plaintiffs have identified any musical elements and/or combination or arrangement of musical elements that they claim are similar and if they have, whether they have proved, by a preponderance of the evidence, that these other musical elements, or combinations and/or arrangements thereof, are protectable in *Let's Get It On* and whether these other elements are substantially similar to elements in *Thinking Out Loud* sufficient for you to find that the two works, as a whole, are substantially similar.  To determine substantial similarity, "the task is to compare holistically the works 'total concept and overall feel' as instructed by…our common sense'".[6]

It is the Plaintiffs' burden to prove to you, by a preponderance of the evidence, that what they claim has been copied is both protectable and substantially similar.

---

[5] *Elmsmere Music, Inc. v. National Broadcasting Company*, 482 F.Supp. 741, 744 (S.D.N.Y. 1980).
[6] *Peter F. Gaito Architecture, LLC v. Simone Development Corporation*, 602 F.3d 57, 66 (2nd Cir. 2010).

**Melody**

As I have said, the Plaintiffs have asserted a "selection and arrangement" claim relating to the elements of the composition at issue. I will instruct you in a few minutes on how you must go about determining the Plaintiffs' selection and arrangement claim. But, in addition to their selection and arrangement claim, the Plaintiffs also claim that the melodies in *Thinking Out Loud* infringe on several melodies in *Let's Get It On*.

You have to separately consider whether each of the Plaintiffs' individual melody claims satisfy the requirements I have already explained to you for actual copying and wrongful copying.

As the expert musicologists have explained to you, melody refers to a sequence of pitches, which are musical notes, organized in a coherent fashion and the rhythmic durations of those pitches in a given sequence. A melody does not simply consist of a sequence of pitches. Instead, to qualify as a melody, the sequence of pitches must also be rhythmically organized so as to form an aesthetic whole. A sequence of pitches, without a rhythmic organization, is not copyrightable as a melody.

I already have explained what is meant by actual copying and wrongful copying. In assessing the question of actual copying with respect to melody, the first question for you to determine is whether what the Plaintiffs have claimed has been copied are, in fact, protectable melodies or, instead, simply a sequence of pitches. In other words, you must first decide whether the Plaintiffs have proved, by a preponderance of the evidence, that there are pitch sequences that are rhythmically organized in a coherent fashion in *Let's Get It On* that have been copied in *Thinking Out Loud*. If you find that the similarities that the Plaintiffs have identified are only pitch sequences and do not also include the rhythmic durations and organizations of the pitch sequences, then the Plaintiffs will not have satisfied their burden of proof because pitch sequences that are not rhythmically organized are not copyrightable and do not qualify for protection as "melodies".

If you find that the Plaintiffs have satisfied their burden of proving that the pitch sequences are rhythmically organized such that they satisfy the definition of a protectable melody, then you must further consider first, whether the melodies of the two songs are at all similar and second, whether Ed Sheeran and Amy Wadge, in authoring *Thinking Out Loud*, actually copied melodies from *Let's Get It On*.

Only if you find that one or more of the melodies are similar and that Ed Sheeran and Amy Wadge copied one or more of the melodies from *Let's Get It On* do you need to further consider whether the melodies are substantially similar, which is what I have explained is required to find wrongful copying.

For the Plaintiffs to prove wrongful copying of the melodies, they must prove to you, by a preponderance of the evidence, that there are substantial similarities between protected melodic elements in *Let's Get It On* and melodic elements of *Thinking Out Loud*.

In sum, it is up to you to determine:  First, whether the Plaintiffs have proved to you, by preponderance of the evidence, that what they claim are protectable melodies in *Let's Get It On* are, in fact, protectable melodies or whether they are merely an unprotectable sequence of pitches; Second, whether Ed Sheeran and Amy Wadge actually copied melodies from *Let's Get It On*; and Third, whether any of the melodies in *Thinking Out Loud* are similar to protected melodies in *Let's* Get *It On* and, if any of them are, whether the similarity of one or more melodies is sufficient to satisfy the substantial similarity requirement.

## Copyright Protection For a Selection and Arrangement
## of Compositional Elements

I now want to explain the "selection and arrangement" exception that I mentioned regarding the protectability of combinations and/or arrangements of musical elements in a composition.

Where a Plaintiff claim compositional elements have been combined in a new or unique or unusual way, that combination of elements, not the elements themselves, may be protectable under a selection and arrangement claim.

The first requirement for a selection and arrangement of commonplace compositional musical elements is that the Plaintiffs must prove to you, by a preponderance of the evidence, that the combination contains two or more compositional elements to warrant protection as a selection and arrangement.[1]

"The Court must therefore check for substantial similarity apparent only when "aesthetic decisions embodied in plaintiff's work...are considered in relation to one another".[2]

Here, the Plaintiffs have argued to you that their selection and arrangement claim consists of several elements—to wit, the key signature, chord progressions, the harmonic rhythm, the element of anticipation, the melodic contour, the melody, and the harmony.

You must decide whether these particular composition elements are sufficient to support a selection and arrangement claim.

If you find that the Plaintiffs' claim consists of two or more compositional elements, you must determine whether the selection and arrangement of those particular elements in *Let's Get It On* are original.[3]  If you find that the selection

---

[1] See *Griffin v. Sheeran*, 2017-CV-5221 (LLS).

[2] McDonald v. West, 138 F.Supp. 448 (S.D. N.Y. 2015) (quoting *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 134 (2nd Cir. 2003)).

[3] "Original, as the term is used in copyright, means only that that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity". *Feist Publications, Inc. v. Rural Telephone Service Company, Inc.*, 499 U.S. 340,j346 (1991) (quoting I M. Nimmer & D. Nimmer, Copyright Sections 2.01[A][B] (1990)).

and arrangement in *Let's Get It On* original, then you must continue to consider the third requirement for a selection and arrangement claim of infringement.

The third requirement for a selection and arrangement claim is that the Plaintiffs must prove to you by a preponderance of the evidence, that the combination of compositional elements in *Thinking Out Loud* is substantially similar to the combination of compositional elements in *Let's Get It On*.  I have already explained what is meant by substantial similarity.

## Expert Testimony of Musicologists

During the trial, you heard expert testimony of musicologists from both the Plaintiffs and the Defendants.  To the extent you find this testimony credible and helpful, you may consider this testimony in conjunction with deciding questions of actual copying—that is, whether the Defendants in authoring *Thinking Out Loud* actually copied from *Let's Get It On*.  Their testimony also may be helpful to you in determining whether wrongful copying has been proved.

However, expert musicologists cannot opine directly that copying is either "wrongful" or not "wrongful" under the law.  The question of wrongful copying is for you the jury to decide.  To be clear, while the testimony of the expert musicologists may aid you in reaching your conclusion as to actual copying, "wrongful" copying and substantial similarity and while the expert musicologists can opine on whether or not the two songs are similar, they cannot testify about any alleged copying is wrongful.  That must be decided by you.