**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806   www.pryorcashman.com

**Donald S. Zakarin**
Partner
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

April 17, 2023

**VIA ECF**

Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Kathryn Townsend Griffin, et al. v. Edward Christopher Sheeran, et al., No. 17-cv-5221

Dear Judge Stanton:

We write in response to Plaintiffs' letter application, filed on Saturday night, April 15, 2023, to "bifurcate" their closing between the "recitation/summary of the evidence" to be delivered by Keisha Rice and "closing remarks" to be delivered by Ben Crump.[1]

Plaintiffs' request for "bifurcation," standing alone, is extraordinary, but it is also intentionally uninformative. Plaintiffs offer no explanation about what Mr. Crump's "closing remarks" could possibly be given that Ms. Rice supposedly will address the evidence, which is precisely what a closing is supposed to address. This omission is no accident.

Since aligning themselves with Mr. Crump, Plaintiffs have held at least two press events, the most recent immediately after the Court Conference on March 31, 2023 (outside the Courthouse), in which they have made accusations of racism in the music industry and cultural appropriation, assertions that could potentially taint the jury pool in violation of New York Rules of Professional Responsibility. There can be no serious doubt that this is intended to be the topic of Mr. Crump's contemplated "closing remarks."

As Your Honor knows, this case presents an individual copyright claim involving, as Your Honor already has ruled, a commonplace and unprotectable chord progression and the rhythmic technique of anticipation, both of which have been used in songs created before and after the allegedly infringed song. We believe the weakness of the claim accounts for the Plaintiffs' effort

---

[1] Plaintiffs' letter application accompanied their unilateral submission, on their own timeline, of proposed jury instructions, objections to Defendants proposed jury instructions and a proposed special verdict form, filings that were made 31 days after the Court-Ordered deadline expired. Defendants timely submitted their proposed instructions and special verdict forms on March 15, 2023 in accordance with Your Honor's Scheduling Order. (ECF 179 ¶ 7). We will address separately, should Your Honor deem it necessary or helpful, Plaintiffs' highly improper and untimely filing of jury instructions and a proposed verdict form.

PRYOR CASHMAN LLP

April 17, 2023
Page 2

to taint the jury by insinuating emotionally charged, untrue and completely irrelevant accusations into this case, not as evidence, but as argument and attempted character assassination. We respect Mr. Crump's right to raise institutional concerns he may believe exist, but not in this case and not in this forum. Similar accusations of cultural appropriation and racism were made in a recent trial between MGA Entertainment and Clifford "T.I" Harris (2:20-CV-11548) in the Central District of California. Those accusations resulted in the Judge declaring a mistrial. We do not want a do-over. We want to try this straightforward infringement case that Plaintiffs filed based on the evidence, not based on efforts to taint and prejudice a jury.

      We respectfully request not only that Plaintiffs' request be denied but that Plaintiffs be advised that any attempt to taint the jury with arguments, accusations or assertions that are unrelated to the copyright infringement claim being tried will be subject to sanction.

                                                  Respectfully submitted,

                                                  Donald S. Zakarin