**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

**Donald S. Zakarin**
Partner
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

April 18, 2023

**VIA ECF**

Hon. Louis L. Stanton
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   **Griffin, et al. v. Sheeran, et al., No. 17-cv-5221**

Dear Judge Stanton:

In Pre-Trial Order No. 6, issued on April 5, 2023, Your Honor explicitly Ordered:

"The Court's prior Orders, including the March 24, 2020 Order and the August 18, 2020 Order, limit the testimony of Dr. Stewart and are expected to be strictly followed. **They forbid testimony of the similarity of TOL to the LGO sound recording, bassline, or drum patterns**, which might confuse the jury about what is protected by copyright."  (Emphasis added).

Your Honor's March 24, 2020 Order was equally explicit:

"**[C]omparisons of elements in Thinking Out Loud which are similar to elements in the Gaye sound recording (but not the Deposit Copy) will not be allowed**."  (Emphasis added).

I now write to request, on an urgent basis, an immediate conference with Your Honor to address the Plaintiffs' documented, purposeful and contumacious decision to disregard the foregoing Orders and Your Honor's August 18, 2020 Order, specifically reaffirmed on the record at the March 31, 2023 Conference and in Pre-Trial Order No. 6.

Late last night, we received Plaintiffs' proposed musicological demonstratives for trial. While there are many problematic issues raised by Plaintiffs' demonstratives, for the present, we are limiting our focus to the repeated references in the demonstratives to the bass line and drum patterns in the LGO sound recording – elements which Your Honor already has held appear only in the LGO sound recording and not the Deposit Copy.  The demonstratives repeatedly compare such nonexistent bass line and drum patterns to TOL.  (*See* Slides 10, 19, 26, 48, 55, 59, 86, 97, annexed as **Exhibit A**).

These demonstratives directly violate Your Honor's prior Orders.  If Plaintiffs are permitted to place any of these demonstratives before the jury, there is no way to undo the damage

April 18, 2023
Page 2

caused by the purposeful violation of Your Honor's very direct and explicit Orders. Your Honor's Orders, as recently reaffirmed, were issued nearly three years ago and are law of the case. Defendants have prepared to try this case in accordance with the Court's March 2020 Order and August 18, 2020 Order, which bar the very evidence that Plaintiffs make clear they intend to place before the jury.[1]

These demonstratives clearly establish what Plaintiffs intend to do at trial. Plaintiffs no doubt intend to use these demonstratives – and/or raise the substance of this barred content – in their opening, and they should be barred from doing so to prevent irreparable prejudice. What is more, these demonstratives confirm that Dr. Stewart fully intends to testify regarding supposed "**similarity of TOL to the LGO sound recording, bassline, [and] drum patterns**," matters that Your Honor has already barred and warned Plaintiffs and Dr. Stewart they cannot present.[2]

Defendants do not lightly raise these objections and have no wish to burden Your Honor. Your Honor's preference to reserve decision on such issues until trial is well-understood by Defendants. But Plaintiffs have made clear that they will not adhere to Your Honor's Orders unless forced to do so and here, there is no context in which these slides, testimony or argument would be permissible. We are trying to preserve the integrity of the trial and protect our clients' rights to a fair trial on the issues and evidence that Your Honor has ruled are admissible.

We are prepared to attend an immediate conference with Your Honor to address these critical issues at Your Honor's convenience.

                Respectfully submitted,

                Donald S. Zakarin

Enclosures

---

[1] The demonstratives also include slides which dispute the Court's legal ruling on the Deposit Copy. For instance, in slides 38 and 45 (annexed as **Exhibit B**), Dr. Stewart purports to analyze the history of lead sheets, deposit copies and recordings. These slides offer false legal conclusions – which this Court's August 18 2020 Order already held are "outside" Dr. Stewart's area of expertise – that *Skidmore's* (and this Court's) Deposit Copy rulings supposedly effected a change in the law. There was no change in the law, as the Copyright Office's filings made clear. Dr. Stewart's incompetent analysis of Copyright Law and his references to what is contained in the LGO sound recording is simply a further improper attempt to place the LGO recording before the jury in direct violation of this Court's Orders.

[2] Plaintiffs also have submitted additional musicological demonstratives that rely upon never-before disclosed and manipulated audio files, transcriptions and theories. These slides do not conform to the Deposit Copy and are meaningfully different than all of Dr. Stewart's existing transcriptions in this case.