UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY TOWNSEND GRIFFIN, *et.al.*,

**Plaintiffs,**

vs.

EDWARD CHRISTOPHER SHEERAN, *et.al.*,

**Defendants.**

ECF CASE
17-CV-5221 (LLS)

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' FIFTH MOTION *IN LIMINE*

_____/

**THE ENUMERATED PLAINTIFFS**, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' Fifth Motion *in Limine* which seeks to exclude Defendants' Musicologist's proposed Slides 13-16, 19-21, 22, 40, 48-50, and 51, constituting purported "Prior Art" the Defendants' musicologist apparently intends to play, disseminate, and/or reference at trial and, as basis therefore, would state as follows:

1. The Parties herein engaged in pre-suit exchanges as early as 2017 as it relates to the opinions of their musicologists.

2. In addition to engaging in pre-suit exchanges of musicological opinions, in or about December of 2018, the Plaintiffs provided the report of their musicologist pursuant to the *Federal Rules of Civil Procedure, Rule 26*.

3. Thereafter, the Defendants' musicologist, Lawrence Ferrara, provided his musicology report pursuant to the *Federal Rules of Civil Procedure, Rule 26*, in or about January of 2018.

4. Following the exchange of preliminary reports within the context of this litigation, the Defendants' musicologist, Lawrence Ferrara, had myriad opportunities to provide supplementary

and/or rebuttal opinions including the filing of innumerable declarations in support of the Defendants' erstwhile motion for summary judgment, as well as the various motions in limine proffered subsequent thereto.

5. On or about April 17, 2023, two (2) days prior to the filing of this instant Motion, the Parties herein exchanged visual/audio exhibits and/or demonstratives from their musicologists.

6. Included in the Defendants' musicologists' proffer are thirteen (13) separate slides (as identified herein above, *infra*), which purport to introduce additional so-called 'prior art' that has neither been disclosed, nor referenced **EVER** by said musicologist, Lawrence Ferrera, over the past **SIX (6) YEARS**.[1]

7. The Defendants' attempts to insert—what can only be construed as—new opinions not embodied in any of Lawrence Ferrera's previous reports and/or multiple declarations given in this case, is both inexplicable and unacceptable a mere seven (7) days prior to trial.

8. Defendants have not deigned to explain the new opinions, nor the justification for their inclusion in these proceedings having been provided—quite literally—years after the close of discovery.

9. Notwithstanding the incontrovertible fact that the slides in question reference materials, information, and/or "evidence" of new opinions never previously disclosed in stark derogation of the *Federal Rules of Civil Procedure, Rule 26*, the proffered "evidence" has, in essence, zero probative value given that the vast majority of the new songs that the Defendants' musicologist intends to pass off a alleged 'prior art' were, in fact, written after "Let's Get It On".

---

[1] Said slides relate to the songs, "You Lost the Sweetest Boy", "I've Got Love on My Mind", "Have I Told You Lately", "Tore Down a la Rimbaud", "Why Must I Always Explain", "Francesco Pollini", "Do You Love Me", and "Six Pack Summer". (Please refer to true copies of said slides, as appended immediately hereto).

10. Defendants' attempts to insert new musicology opinions into these proceedings at this time constitutes a clear violation of the discovery rules and the probative value, if any, is eclipsed by the prejudice to be visited upon the Plaintiffs if the evidence is permitted to be utilized by the Defendants.[2] Accordingly, per the *Federal Rules of Evidence, Rule 403*, the materials should be excluded.

## CONCLUSION

11. In light of all of the foregoing and/or enclosed, the Plaintiffs would, respectfully, submit that the Plaintiffs' Fifth Motion *in Limine* should be granted in its entirety with the proposed exhibits/slides being excluded at trial.

**WHEREFORE**, the Plaintiffs, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' Fifth Motion *in Limine*, as well as providing for any such other relief as this Court should deem equitable and just.

**DATED** this 19th day of April, 2023.

**FRANK & RICE, P.A.**

Respectfully Submitted,

/s/ Patrick R. Frank, Esq.
Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

[2] Presumably, the Defendants had a minimum of six (6) years to find and disclose the new songs they would like to introduce.