UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,<br><br>        *Plaintiffs*,<br><br>-against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>        *Defendants*. | ECF CASE<br><br>17-cv-5221 (LLS) |


**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' FIFTH MOTION *IN LIMINE***


PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward
Christopher Sheeran, Atlantic Recording
Corporation and Sony Music Publishing
(US) LLC*

*Of Counsel*:
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith
    Brian M. Maida

**PRELIMINARY STATEMENT**

Plaintiffs' fifth motion in *limine* seeks to exclude two distinct types of prior art evidence to be offered by Defendants' expert Dr. Lawrence Ferrara: (1) prior art demonstrating that the chord progressions and/or harmonic rhythm at issue in this case have appeared time and again in prior songs (Slides 13-16, 19-22, 40 and 51) ("Chord Progression Prior Art"); and (2) prior art that rebuts Dr. Stewart's opinions regarding the so-called "hook" melody in LGO (Slides 48-50) ("Melody Prior Art"). Plaintiffs predicate their motion entirely on the representation that they were only advised of certain prior art on April 17, 2023. That statement is **false**, and the motion should be denied.

First, with respect to the additional exemplars of the Chord Progression Prior Art, Defendants advised Plaintiffs of some of this prior art in **October 2020** and identified the further exemplars six weeks ago. (Zakarin Decl. ¶¶ 4-9 & Exhibit A-E). Indeed, each of the six "Combination"[1] songs identified in Slide 51 were disclosed as having the "Combination" in the Pretrial Order filed on March 15 (ECF 194 at Proposed Counter-Finding No. 18) and made known to Plaintiffs as such beforehand – half were disclosed as having the "Combination" by October 2020 (if not earlier), and the rest were disclosed at least 6-7 weeks before trial. (Zakarin Decl. ¶ 5). Slides 13-16 and 19-21 merely demonstrate Defendants' Proposed Finding of Fact No. 18: that these songs include the "Combination" of elements.[2] *None* of these songs were disclosed "for the

---

[1] The "Combination" in the Slides refers to the chord progression and harmonic rhythm at issue.

[2] Defendants sent a draft of the Liability Pretrial Order to Plaintiffs on October 12, 2020 – which included Proposed Findings of Fact identifying (a) "at least forty-two songs" that use the basic LGO chord progression, and (b) "at least ten songs" that use the basic TOL chord progression. (Zakarin Decl. ¶ 6 & Exhibit A ¶¶ 5, 8). Plaintiffs never objected or inquired as to the identity of any of those songs. (Zakarin Decl. ¶ 6). Defendants also specifically identified "Six Pack Summer" – one of the songs Plaintiffs now complain about – as having the "Combination" in those Proposed Findings of Fact. (Exhibit A ¶ 16). (That draft also identified two other "Combination" songs that

1

first time" on April 17, 2023.

Moreover, at the same time that Defendants publicly filed the Liability Pretrial Order on March 15 specifically identifying all of the "Combination" songs, they also filed Dr. Ferrara's Pretrial Declaration *which annexed the content included in Slides 13-14 and 19 as Exhibits*. (ECF 204-4 at 2 of 7 & 5 of 7). Over one month later – only after Defendants documented, through Dr. Stewart's own demonstratives, his purposeful violation of this Court's Orders – did Plaintiffs file this motion.

Because Plaintiffs fully understand that the Chord Progression Prior Art establishes, beyond peradventure, that their claim of a "selection and arrangement" of unprotectable musical elements fails, they have advanced a motion based on a false premise in a desperate effort to suppress such damaging evidence.

Beyond their desperation to suppress additional, publicly available evidence that dooms their claim, Plaintiffs seek to draw some false equivalence between the Court's requirement that Dr. Stewart provide his direct examination outside the presence of the jury – because of his unremitting refusal to comply with this Court's Orders – and Defendants' entirely proper provision of further "evidentiary details" for the expert opinions already set forth in Dr. Ferrara's Rule 26 Report. *Lidle ex rel. Lidle v. Cirrus Design Corp.*, No. 08-cv-1253 (BSJ), 2010 WL 2674584, at *7 n.4 (S.D.N.Y. July 6, 2010).

There is no such equivalence between Defendants permissibly providing further evidentiary detail for Dr. Ferrara's previously disclosed opinions and Dr. Stewart's purposeful disregard for this Court's Orders. Indeed, because virtually all of Dr. Stewart's Rule 26 Report in

---

Plaintiffs do not take issue with.) The remaining two songs at issue were disclosed to Plaintiffs between March 9 and March 14, 2023. (Zakarin Decl. ¶¶ 7-9 & Exhibits B, C, D and E).

2

this case has been stricken, nearly all of his musicological demonstratives (*i.e.*, slides), comparisons and theories and, hence, the evidence he apparently contemplates offering, are completely new. This is a "tit for tat" motion that should be denied.[3]

## I. PLAINTIFFS' TIMELINESS OBJECTION SHOULD BE REJECTED

### A. The Chord Progression Prior Art

Plaintiffs' timeliness objection under Rule 26 fails. More than <u>five years ago</u>, Dr. Ferrara opined in his Rule 26 Report that the basic chord progressions at issue were "in common use" in prior art, and he identified numerous examples. (ECF 67-3 ¶ 19).[4] Dr. Ferrara's testimony regarding the Chord Progression Prior Art that Plaintiffs now seek to exclude is entirely consistent with his Rule 26 Report and merely provides further evidentiary details for his existing opinions. As such, even if some of the Chord Progression Prior Art had not long ago been disclosed – and it was – the Chord Progression Prior Art evidence would still be squarely admissible. *See, e.g.*, *Lidle*, 2010 WL 2674584, at *7 n.4 (S.D.N.Y. July 6, 2010) ("evidentiary details for an opinion expressed in [an] expert report … can be considered"); *Commercial Data Servers, Inc. v. Int'l Bus. Machines Corp.*, 262 F. Supp. 2d 50, 61 (S.D.N.Y. 2003); *accord Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011) ("evidentiary details" for "conclusions originally espoused" in Rule 26 report may be considered).

---

[3] Beyond Dr. Stewart's improper reference to the bass line and drum patterns in his slides – elements that only appear in the Marvin Gaye recording (in direct violation of this Court's Orders) – his proposed demonstratives include dozens of never-disclosed, newly-manipulated "transcriptions" of "melodies" and recorded "performances" of those manipulated "melodies" that are not remotely faithful to the Deposit Copy. They are not only inadmissible, but they directly violate this Court's Orders. (*E.g.*, ECF 192 at 2). As this Court will see and hear, Dr. Stewart's transcriptions and accompanying audio files of manipulated "melodies" are nothing more than completely dishonest attempts to fabricate similarities to TOL that do not exist. Compounding matters, none of these intentionally altered "melodies" were disclosed before this week.

[4] Dr. Ferrara also opined that "additional searches would yield even more prior art." (*Id.* ¶ 125).

3

Moreover, while Defendants had no obligation to "disclose" further evidentiary details for the opinions already expressed in Dr. Ferrara's Rule 26 Report, any alleged delay in disclosing this prior art would be harmless under Rule 37(c)(1).  *First*, Plaintiffs have long been on notice of Defendants' intention to introduce prior art evidence regarding the commonplace nature of the chord progressions at issue in LGO and TOL.  *Second*, Plaintiffs received notice of all the Chord Progression Prior Art evidence (including the "Combination" songs) that they now complain about, not on April 17, 2023, but some of it in October 2020 and the rest 6-7 weeks before trial.  They had more than "sufficient time" under prevailing law to review it.  *Third*, all of the Chord Progression Prior Art is publicly available (indeed, many of the prior art songs are well-known and were authored or performed by well-known artists such as Van Morrison and Mary Wells).

Accordingly, any alleged delay in disclosing the Chord Progression Prior Art, which is factually untrue to begin with, would be harmless under Rule 37.  *See, e.g.*, *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, Case No. 05-cv-5155 (AKT), 2010 WL 741971, at *9 (E.D.N.Y. Feb. 23, 2010) (finding alleged failure to disclose evidence "harmless" because objecting party "ha[d] long been on notice" of adversary's intent to use the evidence); *EMI Music Mktg. v. Avatar Recs., Inc.*, 334 F. Supp. 2d 442, 445 (S.D.N.Y. 2004) (failure to disclose found harmless where, as here, allegedly undisclosed documents were disclosed in pretrial order); *Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*, Case No. 03-cv-969 (CSH), 2006 WL 2381817, at *2 (S.D.N.Y. Aug. 16, 2006) (denying timeliness objection due to lack of prejudice where objecting party received undisclosed evidence with "sufficient time" to prepare for trial); *Chavez v. Finney*, No. 19-cv-4109 (RA), 2022 WL 874716, at *4 (S.D.N.Y. Mar. 23, 2022) (finding "harmless" alleged failure to disclose documents of public record).

These songs exist.  Clearly, if Dr. Stewart was able to create 100 slides, rewriting LGO's

Deposit Copy and recording his altered Deposit Copy – again in direct violation of this Court's Orders – and offering all manner of new analysis, he had ample time over the past 6-7 weeks (or three years) to analyze the Chord Progression Prior Art. He still does.[5]

### B. The Melody Prior Art

While feigning outrage at Defendants' provision of further evidentiary details for Dr. Ferrara's (unchanged) opinions regarding the commonplace nature of the chord progressions and harmonic rhythm at issue, Plaintiffs also complain about the Melody Prior Art which addresses – and rebuts – an opinion that Dr. Stewart himself never included in his largely excluded Rule 26 Report. Specifically, the Melody Prior Art rebuts Dr. Stewart's opinions regarding the so-called "hook" melody in LGO (as it shows that the pitch sequence that Dr. Stewart has placed at issue long preexisted LGO and TOL, having appeared in a classical work from the 18 century – in fact, the pitch sequence appears in multiple classical works from more than 100 years ago). As noted, Dr. Stewart's Rule 26 Report (ECF 67-6) says nothing of the so-called "hook" melody in LGO. Dr. Stewart first articulated his "hook" melody opinion in his summary judgment declaration, long after the close of expert discovery. Accordingly, Dr. Ferrara cannot be precluded from rebutting an opinion that Dr. Stewart himself never timely disclosed in his Rule 26 Report.

## II.   THE PRIOR ART EVIDENCE IS HIGHLY RELEVANT

Plaintiffs' Rule 401 and 403 objections are baseless. The prior art evidence is plainly relevant and highly probative because, among other reasons, it shows the commonplace nature of

---

[5] To appreciate the irony – and hypocrisy – of Plaintiffs' motion, one need only consult the 100 pages of "demonstratives" provided to Defendants by Dr. Stewart for the first time on April 17, 2023, including Dr. Stewart's newly-minted, never-disclosed theories, opinions, analyses and manipulated, inadmissible recordings of "melodies" that are based on transcriptions that purposely alter the LGO Deposit Copy. In stark contrast, Defendants' publicly-available disclosures regarding the chord progressions were made either three years ago or six weeks ago and merely provide further detail for Dr. Ferrara's unwavering opinions contained in his Rule 26 Report.

5

the musical elements at issue and reinforces the independent creation of TOL by Ed Sheeran and Amy Wadge and that they authored TOL, not by copying LGO, but by using basic musical building blocks that have long been freely available to all songwriters.  Courts routinely rely on such prior art evidence in music infringement cases.  *See, e.g., Velez v. Sony Discos*, No. 05-cv-0615 (PKC), 2007 WL 120686, at *10 (S.D.N.Y. Jan. 16, 2007) (use of popular musical device in allegedly infringing song "is so commonplace that it is not unlikely to arise [in] independently created works"); *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 720 (9th Cir. 1976) ("Evidence of similar musical phrases appearing in prior works … demonstrates that the musical language was of such ordinary and common occurrence that the probability of independent, coincidental production was great"); *accord Procter & Gamble Co. v. Colgate-Palmolive Co.*, 199 F.3d 74, 78 (2d Cir. 1999); *Nicholls v. Tufenkian Imp./Exp. Ventures, Inc.*, 367 F. Supp. 2d 514, 522 (S.D.N.Y. 2005); *Siskind v. Newton-John*, No. 84-cv-2634 (TPG), 1987 WL 11701, at *5 (S.D.N.Y. May 22, 1987).  Nor have Plaintiffs articulated any basis to invoke Rule 403.  There is no prejudice or confusion of any kind that could arise from admitting the prior art evidence.

Dated: New York, New York
April 20, 2023

PRYOR CASHMAN LLP

By: */s/ Donald S. Zakarin*
  Donald S. Zakarin
  Ilene S. Farkas
  Andrew M. Goldsmith
  Brian M. Maida
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys for Defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony Music Publishing (US) LLC*