UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, THE ESTATE OF CHERRIGALE TOWNSEND and THE HELEN CHRISTINE TOWNSEND MCDONALD TRUST<br><br>*Plaintiffs*,<br><br>-against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>*Defendants*. | ECF CASE<br><br>17-cv-5221 (LLS)<br><br>**DECLARATION OF DONALD S. ZAKARIN IN OPPOSITION TO PLAINTIFFS' FIFTH MOTION *IN LIMINE*** |

I, DONALD S. ZAKARIN, declare as follows:

1. I have personal knowledge of, and am fully familiar with, the facts set forth in this Declaration, which I respectfully submit on behalf of Defendants in opposition to the fifth motion *in limine* filed by Plaintiffs, which seeks to exclude two distinct types of prior art evidence to be offered by Defendants' expert musicologist Dr. Lawrence Ferrara: (1) prior art demonstrating that the chord progressions and/or harmonic rhythm at issue in this case have appeared time and again in prior songs (Slides 13-16, 19-22, 40 and 51) ("Chord Progression Prior Art"); and (2) prior art that rebuts Dr. Stewart's opinions regarding the so-called "hook" melody in LGO (Slides 48-50) ("Melody Prior Art").

2. Plaintiffs predicate their motion entirely on the claim that they were only advised of certain prior art on April 17, 2023. As detailed in this Declaration, that claim is **false**.

3. Not only is that claim false, but Dr. Ferrara does not intend to offer "undisclosed" "new" opinions as Plaintiffs claim; rather, he will be offering further evidentiary details for the

1

very same opinions he disclosed in his January 2018 Rule 26 Report. As explained in the accompanying memorandum of law, that is entirely proper and permissible.

### PLAINTIFFS' ASSERTION THAT DEFENDANTS PROVIDED THE PRIOR ART EVIDENCE ONLY TWO DAYS AGO IS COMPLETELY FALSE

4. With respect to the additional exemplars of the Chord Progression Prior Art, Defendants advised Plaintiffs of some of this prior art in **October 2020** and identified the further exemplars six weeks ago.

5. Indeed, as detailed below and shown in the accompanying Exhibits, each of the six "Combination" songs identified in Slide 51 were disclosed as having the "Combination" in the Pretrial Order filed on March 15 (ECF 194 at Proposed Counter-Finding No. 18) and made known to Plaintiffs as having the "Combination" beforehand – half were disclosed as having the "Combination" by October 2020 (if not earlier), and the rest were disclosed at least 6-7 weeks before trial. Slides 13-16 and 19-21 merely demonstrate Defendants' Proposed Findings of Fact No. 18: that these songs include the "Combination" of elements.

6. By email dated October 12, 2020, Defendants sent a draft of the Liability Pretrial Order to Plaintiffs that included Proposed Findings of Fact identifying (a) "at least forty-two songs" that use the basic LGO chord progression, and (b) "at least ten songs" that use the basic TOL chord progression. Defendants also specifically identified "Six Pack Summer" – one of the songs Plaintiffs now complain about – as having the "Combination" in those Proposed Findings of Fact. That draft also identified two other "Combination" songs, neither of which Plaintiffs complain about on this motion. Annexed as **Exhibit A** is a copy of that email together with highlighted excerpts of the draft Liability Pretrial Order that was attached to that email. Plaintiffs never objected or inquired as to the identity of any of the prior art songs alluded to in this document.

7. Subsequently, by email dated March 9, 2023, Defendants sent Plaintiffs their

proposed trial exhibits – which included an Exhibit listing all but two of the Chord Progression Prior Art songs that Plaintiffs seek to exclude – as well as a revised draft of the Liability Pretrial Order. In their cover email, Defendants underscored that they made additional revisions to Proposed Counter-Finding of Fact No. 18 in the Pretrial Order and provided a screenshot highlighting the specific changes showing the inclusion of two of the Chord Progression Prior Art songs that Plaintiffs now seek to exclude: I've Got Love On My Mind and Do You Love Me. Annexed as **Exhibit B** is a copy of the March 9, 2023 email, together with highlighted excerpts of the aforementioned Exhibit and screenshot.

8. Mere days later, on March 13, 2023, Defendants emailed Plaintiffs a further revised version of the Liability Pretrial Order and a revised version of the aforementioned Trial Exhibit. To make sure Plaintiffs saw the revisions they had made to the Pretrial Order, Defendants once again provided a redline that clearly illustrated their changes: the inclusion of one of the other Chord Progression Prior Art songs that Plaintiffs now seek to exclude, You Lost The Sweetest Boy. That song also was included in the revised Trial Exhibit. Annexed as **Exhibit C** is a copy of the March 13, 2023 email, together with highlighted excerpts of the aforementioned Trial Exhibit and redline.

9. One day later, on March 14, 2023, Defendants emailed Plaintiffs a further revised draft of the Liability Pretrial Order to include as Trial Exhibits sound recordings and sheet music of certain Van Morrison songs – most of which already had been disclosed – including the final song that Plaintiffs now seek to exclude, "Why Must I Always Explain." In their cover email, Defendants highlighted the inclusion of these new Trial Exhibits (Exhibits 213-A, 213-B and 213-C). Annexed as **Exhibit D** is a highlighted copy of the March 14, 2023 email together with highlighted excerpts of the revised draft of the Liability Pretrial Order attached to that email. The

following day, Defendants emailed Plaintiffs copies of the aforementioned Van Morrison sound recordings and sheet music.  *See* **Exhibit E**.

10. Finally, I would note that Dr. Ferrara annexed the content included in Slides 13-14 and 19 as Exhibits to his Pretrial Declaration, publicly filed on March 15, 2023.  (ECF 204-4 at 2 of 7 & 5 of 7).

11. In sum, Plaintiffs' claim that Defendants never previously disclosed the Chord Progression Prior Art has simply been made up.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 20, 2023

_____
DONALD S. ZAKARIN