UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY TOWNSEND GRIFFIN, *et.al.*,

Plaintiffs,

vs.

EDWARD CHRISTOPHER SHEERAN, *et.al.*,

Defendants.

ECF CASE
17-CV-5221 (LLS)

PLAINTIFFS' RESPONSE TO
DEFENDANTS' OPPOSITION
TO PLAINTIFFS' FIFTH
MOTION *IN LIMINE*

_____/

**THE ENUMERATED PLAINTIFFS**, collectively, Respond to the Defendants' Opposition to the Plaintiffs' Fifth Motion *in Limine* which seeks to exclude Defendants' Musicologist's proposed Slides 13-16, 19-21, 22, 40, 48-50, and 51, constituting purported "Prior Art" the Defendants' musicologist apparently intends to play, disseminate, and/or reference at trial and, as basis therefore, would state as follows:

1. As a preliminary matter, the Plaintiffs apologize for the additional filing embodied herein and do not wish to unduly burden the Court.

2. However, responsive to the Plaintiffs' Fifth Motion *in Limine*, which, in pertinent part, seeks to exclude certain anticipated testimony from being proffered by the Defendants' musicologist, Lawrence Ferrera, the Defendants' have filed a memorandum and supporting papers which, respectfully, it is believed are somewhat misleading in its scope and breadth.

3. By way of addition, the Defendants have repeatedly accused the Plaintiffs of impermissibly attempting to avail themselves of inadmissible evidence and/or running afoul of prior evidentiary rulings of this Court while simultaneously (and not without

some measure of irony, albeit apparently unacknowledged by the same) furtively insinuate their own improper and inadmissible evidence under the proverbial "radar"—the Defendants' oppositional papers constitute a continuation of this practice.

4. To be clear, the Plaintiffs, collectively, are seeking an Order from this Court precluding the Defendants' musicologist, Lawrence Ferrera, from testifying as to new songs that were not previously disclosed in the course of discovery attendant to this case as constituting so-called 'prior art' and—not insignicantly—omitted from any of Lawrence Ferrara's expert reports.

5. While the Defendants contend that the basis of the Fifth Motion *in Limine* is supposedly "made up", what they conspicuously do not say (because they cannot) is that Lawrence Ferrara disclosed the prior art at issue in any of his previous opinions and/or reports during discovery in this case.[1]

6. The Defendants oppositional response is a study in obfuscation, going to great lengths referencing one (1) e-mail exchange from the Fall of 2020 and recent e-mails from the last several months, as well as the pretrial stipulation of the enumerated Parties filed several weeks ago on March 15, 2023, in support of some manner of elusive premise that the prior art only now relied upon by the Defendants was properly disclosed.

7. By way of addition, said response contains the typical, rote characterizations that have become part-and-parcel in the Defendants' pleading practice of late repeatedly attempting to preemptively diminish the strength of the Plaintiffs' case before the Court and, erroneously, suggesting that the Plaintiffs' Fifth Motion *in Limine* is borne of purported 'desperation'.

8. In reality, the Plaintiffs, collectively, are far from concerned or intimidated by the prospective testimony of the Defendants' witness, Lawrence Ferrera, who is, in fact, an

---

[1] Upon reasonable information and belief, it would seem that the **ONLY SONG** previously referenced in Lawrence Ferrara's reports was "Six Pack Summer".

eminently impeachable witness whose musicological theories are neither sound, nor reasonably tethered to any manner of generally-accepted musicological principles or methodology.

9. In point of fact, the Plaintiffs look forward to the opportunity to vigorously cross-examine the same especially given the fact that, prior to recent days, the cornerstone of the Defendants' defensive arguments with respect to so-called 'prior art' seems to have been predicated upon a Spanish-language version of The Seekers song, "Georgy Girl", that—to all appearances—was limited to airplay in Mexico and seems to have only been heard by Lawrence Ferrera, himself.

10. Within the context of the Defendants' gratuitous statements attempting to disparage the Plaintiffs' expert, Dr. Alexander Stewart, it is abundantly worthwhile to note that the Defendants have filed no less than a half-dozen motions[2] attempting to curtail his testimony—one might reasonably glean that those efforts are borne out of genuine concern as to the anticipated compelling nature of his testimony.

11. What is a point of concern for the Plaintiffs, however, is an equal playing field—the irony of the Defendants' oppositional response herein is that the Defendants previously presented precisely the same issue *vis a vis* an earlier motion *in limine* from the Defendants, themselves, decrying purported unfair surprise and/or prejudice attendant to the Defendants' claim that the Plaintiffs' expert should be constrained from testifying as to prior art to the extent that it was not embodied in his *Rule 26* Report.[3]

12. This Court granted the Defendants' motion *in limine* with respect to the prior art issue. Accordingly, it is no less than astonishing that the Defendants could attempt to plausibly

---

[2] The only other apparent item on the agenda apart from repeatedly attempting to silence Dr. Stewart was borne of the Defendants' concerns as to the admission of evidence at trial as to the Defendant's, Ed Sheeran's, repeated and pernicious history of infringement within the music industry. Plaintiffs, respectfully, believe that this robust history of infringement is abidingly relevant for purposes of establishing "willfulness" within the context of the damages portion of the proceedings. As such, Plaintiffs, respectfully, reserve the right to revisit this ruling with the Court within the context of the forthcoming proceedings.

[3] Notably Defendants' filed the motion *in limine* in the former portion of 2020.

3

assert that the Plaintiffs are not entitled to the same relief.

13. The Plaintiffs' Fifth Motion *in Limine* is very simple—<u>if Lawrence Ferrera did not identify specific prior art in any of his reports during discovery, then he should be precluded from testifying regarding the same</u>. That is to say, if his reports did not include citations to specific songs in his reports, then he should not be able to testify as to those heretofore undisclosed songs. This was the relief sought and obtained by the Defendants attendant to their previous motion *in limine* regarding the Plaintiffs' expert testimony pertaining to prior art. Plaintiffs merely seek a reciprocal ruling. It really is just that simple, notwithstanding the Defendants attempts to misdirect the issue.

## CONCLUSION

14. To the extent that the Plaintiffs are, in fact, incorrect in their understanding that the songs embodied in the controverted slides (other than "Six Pack Summer") were previously disclosed by Lawrence Ferrera in his reports, the Defendants are cordially invited to correct the record as to that misapprehension and to point out the precise time, manner, and place where that opinion was disclosed. If the Defendants cannot demonstrate to the Court that the songs at issue were a part of Lawrence Ferrara's proffered opinions during discovery, then they should be summarily excluded by this Court consistent with the prior evidentiary rulings of this Court in favor of the Defendants with respect to the same issue.

**WHEREFORE**, the Plaintiffs, collectively, Motion this Court for the entry of an Order Granting the Plaintiffs' Fifth Motion *in Limine*, as well as providing for any such other relief as this Court should deem equitable and just.

**DATED** this 20th day of April, 2023.

**FRANK & RICE, P.A.**

Respectfully Submitted,

/s/ Patrick R. Frank, Esq.
Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

5