UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY TOWNSEND GRIFFIN, *et.al.*,

Plaintiffs,

vs.

EDWARD CHRISTOPHER SHEERAN, *et.al.*,

Defendants.

ECF CASE
17-CV-5221 (LLS)

PLAINTIFFS' NOTICE OF OBJECTION TO QUESTION ONE (1) OF DEFENDANTS' PROPOSED VERDICT FORM FOR DAMAGES PHASE OF TRIAL (DOC. 201)

_____/

  **THE ENUMERATED PLAINTIFFS**, collectively, hereby provide Notice of Objection to Question One (1) of Defendants' Proposed Verdict Form for the Damages Phase of Trial (Doc. 201), which inquires as follows—"Question 1. <u>Have the Plaintiffs proved to you, by a preponderance of the evidence, that there is a causal relationship between the Defendants' gross revenue from "Thinking Out Loud" and the infringement of "Let's Get It On" by "Thinking Out Loud"?</u>, and, as basis therefore, would state as follows—

  1. A copyright owner is entitled to recover, "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages". Title 17 of the United States Code, Section 504.

  2. "In establishing the infringer's profits, the copyright owner is required to present proof **only of the infringer's revenue**, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work (*Emphasis Supplied*)". *Id.*

3. "In cases of direct profits, the burden to satisfy the nexus requirements minimal and may be obvious". *Structured Asset Sales, LLC v. Sheeran*, Case No.: *18-Civ-5839* (S.D. N.Y., September 29, 2022) (quoting *Lowry's Representatives, Inc. v. Legg Mason, Inc.*, 271 F.Supp. 2d 737, 751 (D. Md. 2003).

4. "In the case of 'direct profits', such as result from the sale or performance of copyrighted materials, **the nexus is obvious** (*Emphasis Supplied*)". *Structured Asset Sales, LLC v. Sheeran*, Case No: *18-Civ-5839* (S.D.N.Y., September 29, 2022) (quoting *Data Generation Corporation v. Grunman Systems Support Corporation*, 36 F.3d 1147, 1173 (1st Cir. 1994)).

5. The infringing damages to which the Parties herein have stipulated deal exclusively with monies accrued from the "sale or performance of copyrighted materials". Which are, indisputably, direct profits. This is not a premise that is subject to dispute herein.

6. Question 1 on the Damages Verdict Form (Doc. 201), as proposed, is, respectfully, misleading in that it suggests the existence of some manner of mercurial legal analysis as a precondition attendant to a determination as to a causal nexus existing between infringement and profits for purposes of the determination of damages where no such analysis, in fact, exists pursuant to the circumstances which present.

7. Given the Parties' damages stipulation of March 15, 2023, assuming—*arguendo*— that the Plaintiffs successfully demonstrate liability, there is a "rebuttable presumption" that the Defendants' revenues to which a stipulation has occurred are "entirely attributable to the infringement". *Id.*

8. Therefore, Question 1 is superfluous and potentially confusing to a prospective jury in light of the case law precedent and damages stipulation of the Parties.

**DATED** this 20th day of April, 2023.

**FRANK & RICE, P.A.**

Respectfully Submitted,

/s/ Patrick R. Frank, Esq.
Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Keisha D. Rice, Esq.
Katherine L. Viker, Esq.
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184