UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, THE ESTATE OF CHERRIGALE TOWNSEND and THE HELEN CHRISTINE TOWNSEND MCDONALD TRUST<br><br>*Plaintiffs*,<br><br>-against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>*Defendants*. | ECF CASE<br><br>17-cv-5221 (LLS)<br><br>**DEFENDANTS' AMENDED PROPOSED SPECIAL VERDICT FORM FOR LIABILITY PHASE OF TRIAL** |

**PLEASE TAKE NOTICE THAT**, because Plaintiffs substantially changed their theory of liability only after the trial of this action started, Defendants are hereby submitting the following Amended Proposed Special Verdict Form for the liability phase of trial, annexed as Exhibit A.

To facilitate the Court's review of this Amended Proposed Special Verdict Form, Defendants provide the following brief explanation:

A threshold issue in this case is whether Plaintiffs have compared actual melodies in *Let's Get It On* to actual melodies in *Thinking Out Loud* or, whether, Plaintiffs instead merely have compared pitch sequences in the two works. As admitted by Plaintiffs' expert during his trial testimony, a mere sequence of pitches is not a melody. Rather, to qualify as a melody, a sequence of pitches – musical tones without duration – must be organized in a coherent fashion with specific rhythmic durations and metric placements in a given sequence in order to form a melody, *i.e.*, a sequence of notes. Accordingly, Question 1 asks whether Plaintiffs compared actual melodies in the two works or, instead, compared only pitch sequences.

1

If the jury finds that the Plaintiffs compared actual melodies, then they should proceed to Question 2 (and not answer Questions 8-11); if, on other hand, the jury finds that Plaintiffs merely compared pitch sequences, the jury should skip Questions 2-7 and proceed to Question 8.

Dated: New York, New York
May 2, 2023

          PRYOR CASHMAN LLP

          By: */s/ Donald S. Zakarin*
              Donald S. Zakarin
              Ilene S. Farkas
              Andrew M. Goldsmith
              Brian M. Maida
          7 Times Square
          New York, New York 10036-6569
          Telephone:  (212) 421-4100
          Facsimile:   (212) 326-0806

          *Attorneys for Defendants*

# EXHIBIT A

**QUESTION 1**

The Plaintiffs have based their copyright infringement claim on three purported "melodies" in *Let's Get It On*. It is undisputed, and Plaintiffs' expert has admitted, that a sequence of pitches alone is <u>not</u> a melody. Instead, to qualify as a melody, a sequence of pitches – musical tones without duration – must be organized in a coherent fashion with specific rhythmic durations and metric placements in a given sequence in order to form a melody, *i.e.*, a sequence of notes. A sequence of pitches, even if identical between two songs – and, here, as you have heard, Plaintiffs' expert has admitted that the sequence of pitches in the two songs is, in fact, different – is not copyrightable as a melody. In contrast, a sequence of notes – *meaning* a sequence of pitches with specific rhythmic durations and metric placements – may be copyrightable.

Have the Plaintiffs proved to you, by a preponderance of the evidence, that they have compared actual melodies – *i.e.*, sequences of notes with rhythmic durations and metric placement – in *Let's Get It On* and *Thinking Out Loud*, or have they only compared uncopyrightable pitch sequences that are different from each other, without also accounting for the specific rhythmic durations and metric placements of the pitches in the sequences at issue?

Please place a check mark below next to your answer to the above question:


Plaintiffs compared only uncopyrightable pitch sequences: _____


Plaintiffs proved that they compared melodies : _____

4

Please skip to Question 8 if you answered "Plaintiffs compared only uncopyrightable pitch sequences." If you answered "Plaintiffs proved that they compared melodies," proceed to Question 2.

**QUESTION 2**

**(Skip Questions 2 through 7 and proceed to Question 8 if you answered "Plaintiffs compared only uncopyrightable pitch sequences" in response to Question 1)**

The Plaintiffs have asserted a "selection and arrangement" claim as explained to you by the Judge in his instructions. Among other things, to satisfy the requirements for a "selection and arrangement" claim, the Plaintiffs must prove, by a preponderance of the evidence, that in creating *Thinking Out Loud*, Ed Sheeran and Amy Wadge, the authors of *Thinking Out Loud*, <u>actually</u> copied from *Let's Get It On* and, in particular, that they actually copied all of the following from *Let's Get It On* (1) the unprotectable chord progression, (2) the unprotectable harmonic rhythm, (3) the melodies at issue, and (4) the specific selection and arrangement of those elements in *Let's Get It On*.

The Defendants have claimed that Ed Sheeran and Amy Wadge independently created *Thinking Out Loud* using a chord progression and harmonic rhythm, which are commonplace and unprotectable musical building blocks, that the melodies they created are different from *Let's Get It On*, and that they did not copy any of those elements from *Let's Get It On*.

Did the Plaintiffs prove that, in authoring *Thinking Out Loud*, Ed Sheeran and Amy Wadge actually copied from *Let's Get It On* and, in particular, actually copied all of the following from *Let's Get It On*: (1) the unprotectable chord progression, (2) the unprotectable harmonic rhythm, (3) the melodies at issue, and (4) the specific selection and arrangement of those elements used in *Let's Get It On*, <u>OR</u> did Ed Sheeran and Amy Wadge independently create *Thinking Out Loud*? Please place a check mark next to your answer on the following page.

[*Please proceed to following page*]

Ed Sheeran and Amy Wadge independently created *Thinking Out Loud* _____

The Plaintiffs Proved that Ed Sheeran and Amy Wadge actually copied all of the four identified elements in *Let's Get It On* _____

If your answer is "Ed Sheeran and Amy Wadge independently created *Thinking Out Loud*," please skip Questions 3, 4, 5 and proceed to Question 6.

If your answer is "Plaintiffs proved that Ed Sheeran and Amy Wadge actually copied all of the four identified elements in *Let's Get It O*n," please proceed to Question 3.

## QUESTION 3

**(Skip Question 3 and proceed to Question 6 if you answered "Ed Sheeran and Amy Wadge independently created *Thinking Out Loud*" in response to Question 2.**

**If, in response to Question 1, you answered "Plaintiffs compared only uncopyrightable pitch sequences," you should have proceeded to Question 8. Do not answer Questions 3 through 7)**

To prevail upon their infringement claim for a "selection and arrangement" that includes commonplace and unprotectable elements, the Plaintiffs must prove several requirements by a preponderance of the evidence. The first requirement is that the elements in the "selection and arrangement" must be sufficiently numerous to qualify for protection. Here, the question is whether the combination of (1) the unprotectable, commonplace chord progression and (2) the unprotectable, commonplace harmonic rhythm known as anticipation used in *Let's Get It On*, together with (3) certain melodies in *Let's Get It On*, is sufficiently numerous to be entitled to copyright protection as an original selection and arrangement of musical elements.

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the specific selection and arrangement of (1) the unprotectable, commonplace chord progression and (2) harmonic rhythm in *Let's Get It On*, together with (3) certain melodies in *Let's Get It On*, is numerous enough to satisfy the first requirement of numerosity for an original selection and arrangement of musical elements?

No, Plaintiffs did not prove that the "selection and arrangement" of three elements is numerous enough _____

Yes, Plaintiffs proved that the "selection and arrangement" of three elements is numerous enough _____

If your answer is "No," please skip Questions 4 and 5 and proceed to Question 6. If your answer is "Yes," please proceed to Question 4.

**QUESTION 4**

**(Skip Question 4 and proceed to Question 6 if you answered "Ed Sheeran and Amy Wadge independently created *Thinking Out Loud*" in response to Question 2 or "No" in response to Question 3.**

**If, in response to Question 1, you answered "Plaintiffs compared only uncopyrightable pitch sequences," you should have proceeded to Question 8. Do not answer Question 4 through 7)**

To satisfy the requirements for a "selection and arrangement" claim, the Plaintiffs are also required to prove, by a preponderance of the evidence, that the specific combination of the commonplace, unprotectable chord progression and harmonic rhythm used in *Let's Get It On*, together with the melodies at issue in *Let's Get It On*, is unique, meaning new and novel and, therefore, was never used in songs prior to *Let's Get It On*.

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the specific selection and arrangement of the unprotectable chord progression and harmonic rhythm used in *Let's Get It On*, together with the melodies at issue in *Let's Get It On*, was new and novel and never used in songs prior to *Let's Get It On*?


No, Plaintiffs did not prove that the specific selection and arrangement of elements used in *Let's Get It On* were new and novel and never used in prior songs _____


Yes, Plaintiffs proved that that the specific selection and arrangement of all elements used in *Let's Get It On* were new and novel and never used in prior songs _____


If your answer is "No," please skip Question 5 and proceed to Question 6. If your answer is "Yes," please proceed to Question 5.

9

**QUESTION 5**

**(Skip Question 5 and proceed to Question 6 if you answered "Ed Sheeran and Amy Wadge independently created *Thinking Out Loud*" in response to Question 2 or answered "No" in response to Questions 3 or 4.**

**If, in response to Question 1, you answered "Plaintiffs compared only uncopyrightable pitch sequences," you should have proceeded to Question 8.  Do not answer Question 5)**

If you have answered "Ed Sheeran and Amy Wadge actually copied *Let's Get It On*" in response to Question 2 and answered "Yes" in response to Questions 3 and 4, then the Plaintiffs also must prove to you, by a preponderance of the evidence, that <u>all</u> of the following – the chord progression, the harmonic rhythm, the melodies at issue <u>and</u> the specific selection and arrangement of those elements – as they occur in the Deposit Copy of *Let's Get It On* and without alteration – are <u>identical</u> or <u>virtually identical</u> in both *Thinking Out Loud* and *Let's Get It On*.  If any one or more of the above elements are in fact different, then they are not identical or virtually identical.

Have the Plaintiffs proved to you, by a preponderance of the evidence, all of the following: (1) that the chord progressions in each song are identical or virtually identical; (2) that the harmonic rhythms in each song are identical or virtually identical; (3) that the melodies at issue in each song are identical or virtually identical; and (4) that the specific selection and arrangement of those elements in *Thinking Out Loud* is <u>identical</u> or <u>virtually identical</u> to the specific selection and arrangement of those elements in *Let's Get It On*?

[*Please proceed to following page*]

No, Plaintiffs did not prove that all of the above identified 4 elements in *Thinking Out Loud* are all identical or virtually identical to the 4 elements in *Let's Get It On* _____

Yes, Plaintiffs proved that all of the above identified 4 elements in *Thinking Out Loud* are all identical or virtually identical to the 4 elements in *Let's Get It On* _____

Whether you answered "Yes" or "No" to Question 5, please proceed to Question 6.

**QUESTION 6**

**(If, in response to Question 1, you answered "Plaintiffs compared only uncopyrightable pitch sequences," you already should have proceeded to Question 8.  Do not answer Questions 6 or 7**)

The Plaintiffs also claim that Ed Sheeran and Amy Wadge, in creating *Thinking Out Loud*, copied certain melodies from *Let's Get It On* and that those melodies in *Let's Get It On* and *Thinking Out Loud* are substantially similar.  Ed Sheeran and Amy Wadge dispute that they copied any of the melodies from *Let's Get It On* and also dispute that the melodies are substantially similar.

In order to find that the melodies in *Thinking Out Loud* infringe upon the melodies *in Let's Get It On*, the Plaintiffs first must prove to you, by a preponderance of the evidence, that in creating *Thinking Out Loud*, Ed Sheeran and Amy Wadge actually copied the melodies from *Let's Get It On* and did not independently create them.

Have the Plaintiffs proved to you, by a preponderance of the evidence, that in creating *Thinking Out Loud*, Ed Sheeran and Amy Wadge actually copied the melodies at issue from *Let's Get It On* – as they occur unaltered in the Deposit Copy of *Let's Get It On* – OR did Ed Sheeran and Amy Wadge independently create the melodies at issue in *Thinking Out Loud*?

Please place a check mark next to your answer:

Ed Sheeran and Amy Wadge independently created the melodies at issue in *Thinking Out Loud*   _____

Plaintiffs proved that Ed Sheeran and Amy Wadge actually copied the melodies at issue from *Let's Get It On* _____

If you have answered "No" to any of Questions 3, 4 and 5 and have answered "Ed Sheeran and Amy Wadge independently created the melodies at issue in *Thinking Out Loud*" in response to Question 6, please stop here, proceed to the final page, and sign and date this Verdict Form.

If you have answered "Plaintiffs proved that Ed Sheeran and Amy Wadge actually copied the melodies at issue from "*Let's Get It On*," please proceed to Question 7.

**QUESTION 7**

**(If you answered "Ed Sheeran and Amy Wadge independently created the melodies at issue in *Thinking Out Loud*" in response to Question 6 and "No" to Questions 3, 4 or 5, you should not answer Question 7 and should, instead, proceed to the final page and sign and date this Verdict Form**

**If, in response to Question 1, you answered "Plaintiffs compared only uncopyrightable pitch sequences," you should have proceeded to Question 8. Do not answer this Question 7**

If you have answered "Ed Sheeran and Amy Wadge actually copied the melodies at issue from *Let's Get It On*" in response to Question 6, then in order to find infringement with respect to the melodies, the Plaintiffs also must prove to you, by a preponderance of the evidence, that, in creating *Thinking Out Loud*, Ed Sheeran and Amy Wadge wrongfully copied the melodies at issue from *Let's Get It On* – that is, that the melodies at issue in *Thinking Out Loud* are substantially similar to the melodies at issue in *Let's Get It On*, unaltered, and, as they appear in the Deposit Copy.

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the melodies at issue in *Thinking Out Loud* are substantially similar to the unaltered melodies at issue as they appear in the Deposit Copy of *Let's Get It On*?

No, Plaintiffs did not prove that the unaltered melodies are substantially similar_____

Yes, Plaintiffs proved that the unaltered melodies are substantially similar _____

Please proceed to the final page and sign and date this Verdict Form.

## QUESTION 8

**(To be answered if you answered "Plaintiffs compared only uncopyrightable pitch sequences" in response to Question 1 and have skipped Questions 2 through 7)**

To satisfy the requirements of a "selection and arrangement" claim, the Plaintiffs must prove, by a preponderance of the evidence, that in creating *Thinking Out Loud*, Ed Sheeran and Amy Wadge, the authors of *Thinking Out Loud*, <u>actually</u> copied from *Let's Get It On* and, in particular, that they actually copied all of the following from *Let's Get It On*: (1) the unprotectable chord progression, (2) the unprotectable harmonic rhythm, and (3) the specific selection and arrangement of those two elements in *Let's Get It On*.

The Defendants have claimed that Ed Sheeran and Amy Wadge independently created *Thinking Out Loud* using a chord progression and harmonic rhythm which are commonplace and unprotectable musical building blocks, and that they did not copy those elements from *Let's Get It On*.

If you find that Ed Sheeran and Amy Wadge independently created *Thinking Out Loud* or that, in creating *Thinking Out Loud*, they came up with their own specific selection and arrangement of these two commonplace and unprotectable musical elements that have been used by songwriters in many prior songs and did not copy from *Let's Get It On*, then the Plaintiffs have failed to prove to you that Ed Sheeran and Amy Wadge actually copied from *Let's Get It On*.

In authoring *Thinking Out Loud*, did Plaintiffs prove that Ed Sheeran and Amy Wadge actually copied from *Let's Get It On* and, in particular, did Plaintiffs prove that they actually copied all of the following from *Let's Get It On*: (1) the unprotectable chord progression, (2) the unprotectable harmonic rhythm, and (3) the specific selection and arrangement of those elements in *Let's Get It On*, <u>OR</u> did Ed Sheeran and Amy Wadge independently create *Thinking Out Loud*?

[*Please proceed to following page*]

Please place a check mark next to your answer:

Ed Sheeran and Amy Wadge independently created *Thinking Out Loud* _____

Plaintiffs Proved that Ed Sheeran and Amy Wadge actually copied the chord progression and harmonic rhythm and their specific selection and arrangement from *Let's Get It On* _____

If your answer is "Ed Sheeran and Amy Wadge independently created *Thinking Out Loud*," please skip Questions 9, 10 and 11, proceed to the final page, and sign and date this Verdict Form.

If your answer is "Ed Sheeran and Amy Wadge actually copied the chord progression and harmonic rhythm and their specific selection and arrangement from *Let's Get It On*," please proceed to Question 9

**QUESTION 9**

**(To be answered if you answered "Plaintiffs compared only uncopyrightable pitch sequences" in response to Question 1, have skipped Questions 2 through 7, and only if you answered "Ed Sheeran and Amy Wadge Actually Copied" in response to Question 8)**

In order to satisfy the requirements for a "selection and arrangement" claim, the Plaintiffs must prove several elements by a preponderance of the evidence. The first requirement is that the combination of the <u>two</u> <u>unprotectable</u>, <u>commonplace</u> elements (the chord progression and harmonic rhythm) used in *Let's Get It On* must be sufficiently <u>numerous</u> to be entitled to copyright protection as an original selection and arrangement of unprotectable musical elements.

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the specific selection and arrangement of the <u>two</u> <u>unprotectable</u>, <u>commonplace</u> elements (the chord progression and the harmonic rhythm) in *Let's Get It On* is <u>numerous</u> enough to be entitled to copyright protection as an original selection and arrangement of unprotectable musical elements?

No, Plaintiffs did not prove that two unprotectable commonplace elements are numerous enough _____

Yes, Plaintiffs proved that two unprotectable commonplace elements are numerous enough _____

If your answer is "No," please skip Questions 10 and 11 and proceed to the final page and sign and date this Verdict Form.

If your answer is "Yes," please proceed to Question 10.

17

**QUESTION 10**

**(To be answered if you answered "Plaintiffs compared only uncopyrightable pitch sequences" in response to Question 1, have skipped Questions 2 through 7, and only if you answered "Ed Sheeran and Amy Wadge Actually Copied" in response to Question 8 and also answered "Yes" to Question 9)**

To satisfy the requirements of a "selection and arrangement" claim, the Plaintiffs are also required to prove, by a preponderance of the evidence, that the specific combination of the commonplace, unprotectable chord progression and harmonic rhythm used in *Let's Get It On* is unique – meaning new and novel – and, therefore that the combination was never used in songs prior to *Let's Get It On*.

Have the Plaintiffs proved to you, by a preponderance of the evidence, that the specific selection and arrangement of the unprotectable and commonplace chord progression and harmonic rhythm, as used in *Let's Get It On*, was new and novel and never used in songs prior to *Let's Get It On*?

No, the Plaintiffs did not prove that the specific selection and arrangement of the unprotectable and commonplace chord progression and harmonic rhythm was new and novel and never used in songs before *Let's Get It On* _____

Yes, the Plaintiffs proved that the specific selection and arrangement of the unprotectable and commonplace chord progression and harmonic rhythm was new and novel and never used in songs before *Let's Get It On* _____

If your answer is "No," please skip Question 11 and proceed to the final page and sign and date this Verdict Form. If your answer is "Yes," please proceed to Question 11.

**QUESTION 11**

**(To be answered if you answered "Plaintiffs compared only uncopyrightable pitch sequences" in response to Question 1, have skipped Questions 2 through 7, and only if you answered "Ed Sheeran and Amy Wadge Actually Copied" in response to Question 8 and also answered "Yes" to Questions 9 and 10)**

If you have answered "Plaintiffs proved that Ed Sheeran and Amy Wadge actually copied" *Let's Get It On* in response to Question 8 and answered "Yes" to Questions 9 and 10, the Plaintiffs also must prove to you, by a preponderance of the evidence, that <u>all</u> <u>of the following</u> – the chord progression, the harmonic rhythm <u>and</u> the specific selection and arrangement of those elements – are <u>identical or virtually identical</u> in both *Thinking Out Loud* and the Deposit Copy of *Let's Get It On*. If these elements and their selection and arrangement in the two songs is different, then they are not identical or virtually identical

Have the Plaintiffs proved to you, by a preponderance of the evidence, all of the following: (1) that the chord progressions in each song are identical or virtually identical; (2) that the harmonic rhythms in each song are identical or virtually identical; and (3) that the specific selection and arrangement of those elements in *Thinking Out Loud* is <u>identical</u> or <u>virtually identical</u> to the specific selection and arrangement of those elements in *Let's Get It On*?

No, Plaintiffs did not prove that all three of the above identified elements are all identical or virtually identical \_\_\_\_\_

Yes, Plaintiffs proved that all three of the above identified elements are all identical or virtually identical _____

Whether you answered "Yes" or "No" to Question 11, please proceed to the final page and sign and date this Verdict Form.

19

**Sign and Date This Verdict Form Here:**

**Foreperson's signature: _____**

**Print name:_____**

**Date: _____**