UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, THE ESTATE OF CHERRIGALE TOWNSEND and THE HELEN CHRISTINE TOWNSEND MCDONALD TRUST<br><br>*Plaintiffs*,<br><br>-against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>*Defendants*. | ECF CASE<br><br>17-cv-5221 (LLS)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM** |

**PLEASE TAKE NOTICE THAT** defendants Edward Christopher Sheeran, Atlantic Recording Corporation and Sony Music Publishing (US) LLC (f/k/a Sony/ATV Music Publishing LLC) (collectively, "Defendants") hereby object to Plaintiffs' Proposed Special Verdict Form for the liability phase of trial.

## GENERAL OBJECTION

Defendants object to Plaintiffs' Proposed Special Verdict Form because it is untimely, having been filed on April 15, 2023, 31 days after the March 15, 2023 deadline set forth in the October 26, 2022 Scheduling Order expired.

## SPECIFIC OBJECTIONS

**QUESTION 1**

Defendants object to Question 1 because it is vague and misleading and, critically, omits any mention of the numerous requirement for selection and arrangement claims.

Defendants' proposed Questions on numerosity – Question No. 3 or Question No. 9

depending on whether the jury finds that the Plaintiffs have compared actual melodies in the two works – should be accepted in lieu of Plaintiffs' proposed Question No. 1.

**QUESTION 2**

Defendants object to Question 2 because it misstates the law and, critically, makes no mention of the new and novel requirement for selection and arrangement claims.

Defendants' proposed Question addressing the new and novel requirement – Question No. 4 or Question No. 10 depending on whether the jury finds that Plaintiffs have compared actual melodies in the two works – should be accepted in lieu of Plaintiffs' proposed Question No. 2.

**QUESTION 3**

Defendants object to Question 3 because the final sentence of the question is vague and confusing.

Defendants' proposed Questions on actual copying – Question No. 2 or Question No. 8 depending on whether the jury finds that the Plaintiffs have compared actual melodies in the two works – should be accepted in lieu of Plaintiffs' proposed Question No. 3.

**QUESTION 4**

Defendants object to Question 4 because the question misstates the law. Specifically, with respect to wrongful copying, the proper inquiry for selection and arrangement claims is <u>not</u> whether substantial similarity exists between protected elements; rather, the question is whether the combination of elements in the defendant's work is <u>identical or virtually identical</u> to the combination of elements in the plaintiff's work.

Defendants' proposed Questions on wrongful copying of the alleged selection and arrangement – Question No. 5 or Question No. 11 depending on whether the jury finds that the Plaintiffs have compared actual melodies in the two works – should be accepted in lieu of Plaintiffs'

proposed Question No. 4.

**QUESTION 5**

Defendants object to Question 5 because it is vague and confusing and omits the language "actual" included in Defendants' proposed Question addressing actual copying with respect to the purported melodies at issue. Defendants' proposed question on actual copying with respect to the melodies – Question No. 6 – should be accepted in lieu of Plaintiffs' proposed Question No. 5.

**QUESTION 6**

Defendants objection to Question 6 because the question is vague and confusing. Defendants' proposed question on wrongful copying with respect to the melodies – Question No. 7 – should be accepted in lieu of Plaintiffs' proposed Question No. 6.

Dated: New York, New York
       May 2, 2023

PRYOR CASHMAN LLP

By: */s/ Donald S. Zakarin*
    Donald S. Zakarin
    Ilene S. Farkas
    Andrew M. Goldsmith
    Brian M. Maida
7 Times Square
New York, New York 10036-6569
Telephone:  (212) 421-4100
Facsimile:  (212) 326-0806

*Attorneys for Defendants*