N54HGri1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

KATHRYN TOWNSEND GRIFFIN, et
al.,

                Plaintiffs,

        v.                          17 Civ. 5221 (LLS)

EDWARD CHRISTOPHER SHEERAN,
personally known as Ed
Sheeran, et al.,

                Defendants.

------------------------------x
                                    New York, N.Y.
                                    May 4, 2023
                                    12:15 p.m.



Before:

                HON. LOUIS L. STANTON,

                                    District Judge
                                    – and a Jury –

                        APPEARANCES

FRANK & ASSOCIATES PC
BY:  PATRICK RYAN FRANK
     KEISHA RICE
     KATHERINE VIKER
     – and –
BEN CRUMP LAW
BY:  BEN CRUMP
     Attorneys for Plaintiffs

PRYOR CASHMAN LLP
     Attorneys for Defendants
BY:  ILENE SUSAN FARKAS
     DONALD S. ZAKARIN
     ANDREW MARK GOLDSMITH
     BRIAN MAIDA
```

N54HGri1

1          (In the robing room; jury not present)

2          THE COURT:  As you know, we've gotten a question from

3    the jury:  "Are we required to answer question No. 1, or may we

4    skip to question 2?"

5          An understandable question, and I'm told that your

6    votes are respectively no and yes, and that's why we're here.

7    I'd like to hear your thoughts.

8          MR. ZAKARIN:  Yeah.

9          MS. FARKAS:  Your Honor, just given that number —— I

10   mean, presumably your Honor put them in an order for a reason,

11   and so given that question No. 1 would —— if it's answered in

12   the —— if it's answered in a certain way could potentially

13   streamline things, then it seems to make sense.

14         I'm also wondering —— but I'm wondering a lot of

15   things right now.  There's a lot of thoughts going through my

16   brain trying to read tea leaves, and I'm wondering if the jury

17   may need a little clarification.  If a little clarification, if

18   it was mutually acceptable on question No. 1, might facilitate

19   them getting an answer, if I can make ——

20         THE COURT:  Tell them what?

21         MS. FARKAS:  So glasses on because I can't see.

22         THE COURT:  OK.

23         MS. FARKAS:  I'm just throwing it out there.  The way

24   that it reads now is:  Did defendant Sheeran establish by a

25   preponderance of the evidence that he independently created

1    "Thinking Out Loud" and thus did not infringe the copyright of

2    "Let's Get it On"?

3                THE COURT:  Yes.

4                MS. FARKAS:  I'm wondering if we add a few words, that

5    we say:  Did defendant establish by a preponderance of the

6    evidence that he independently created "Thinking Out Loud,"

7    i.e., independent from "Let's Get it On," and thus did not

8    infringe the copyright of "Let's Get it On"?

9                MR. ZAKARIN:  The thought of that, your Honor, is

10    there was a lot of talk about the influence of Van Morrison on

11    Mr. Sheeran.  And it dawned on us, maybe the jury, in thinking

12    about independent creation, is thinking, well, if he did

13    something that was intended to emulate Van Morrison, is that

14    independent creation?  So maybe that clarification helps the

15    jury to understand that it's only independent of "Let's Get it

16    On."

17                MS. FARKAS:  Not everything else.

18                MR. ZAKARIN:  Maybe it doesn't, but maybe it does.  If

19    it does, then that may solve the jury's problem, if they have

20    one.  Other than that, if —— our view is if the jury is perhaps

21    stuck on 1, maybe some of them believe he independently

22    created; maybe some of them are unsure and want to go on to

23    further questions to think about it and to answer them.  If

24    they are prevented from going forward unless they answer 1 and

25    they remain sort of deadlocked, undecided, that doesn't help

N54HGri1

1    anybody.

2              So we can see going past 1 —— skipping 1 and coming

3    back to it, but we thought maybe in the first instance

4    clarifying 1 a little bit.  If that helps the jury, maybe

5    that's useful.

6              MS. RICE:  Oh, your Honor, with respect to the

7    recommendation about language, we don't know the reason that

8    they're stuck.  All we know is that the question that they've

9    asked.  So from that perspective, we believe that if the

10   question is simply whether or not they need to provide an

11   answer to 1 before going to 2 ——

12             THE COURT:  That's the question.

13             MS. RICE:  —— then we believe that that should be ——

14   in order to go to No. 2, they don't have to provide any answers

15   to look at and evaluate any of the questions.  However, once

16   they do provide an answer to No. 1, then that will dictate

17   their path through the rest of the verdict form.  So they can

18   think about or discuss No. 2, but once they decide and put an

19   answer on No. 1, that dictates the path through the rest of the

20   form.

21             MR. FRANK:  And if I could supplement what Ms. Rice ——

22             THE COURT:  Oh, yes, we only take double arguments

23   from ——

24             MR. FRANK:  OK.  I'm sorry.  I won't say ——

25             MR. ZAKARIN:  I thought that was only in closings.

N54HGri1

1          THE COURT:  —— from the Townsend side.

2          MR. FRANK:  I apologize, your Honor.

3          THE COURT:  No, no.

4          MR. FRANK:  I was just going to respectfully and

5     simply suggest, and Don may be —— Mr. Zakarin might be right

6     about them being stuck.  We don't know.  But it occurred to me,

7     when we were evaluating this, that in order to do a fully

8     realized evaluation of independent creation, because obviously

9     copying ——

10          THE COURT:  What's your point?

11          MR. FRANK:  Copying as set forth in the analysis below

12     in 2 through 7, if there's evidence of copying, that would

13     abrogate an independent creation defense.  So I think it's fair

14     for them to evaluate whether there's been copying, if that's

15     what they want to do, because that would inform their decision

16     on independent creation.

17          THE COURT:  Well, it's reciprocal.  If there's

18     independent creation, you don't get to the others.  You sign

19     the verdict and come in.

20          MR. FRANK:  Absolutely.

21          MS. FARKAS:  Actually, that's consistent with my

22     proposed clarification, because if it's independent from "Let's

23     Get it On," that, obviously, is synonymous with they're not

24     copying.

25          MR. ZAKARIN:  It may not solve the problem, but it

N54HGri1

1      might.

2              MS. FARKAS:  I just thought it was not inconsistent

3      and might give a fine-tuning that maybe would solve the problem

4      or just maintain the problem.

5              MR. ZAKARIN:  We prefer not ——

6              THE COURT:  A lot of jury questions invite a lot of

7      speculation.

8              MS. FARKAS:  Sure.

9              THE COURT:  That's human nature.  But I remember when

10     I was practicing and we had some similar situation come up,

11     that a wise, very much respected lawyer from San Francisco said

12     that it's an old rule of law that if the man playing the piano

13     hits the wrong key, he gets the wrong music.  And in dealing

14     with questions from the jury, the best path is to be entirely

15     literal and answer that question.  They're always able to ask

16     another, and that's the way the situation evolves.

17             My thinking is to answer no, meaning that question

18     doesn't have to be answered, is to deprive Townsend or/and you

19     of a jury trial.  This goes right to the heart of the case, and

20     you're entitled to a jury verdict on it.  I think the answer to

21     their question is no, we want a jury determination.  Then we'll

22     see what happens.

23             MR. ZAKARIN:  See what the next question is.

24             THE COURT:  Exactly.

25             MR. ZAKARIN:  OK.  We'll see.  You're right, your

N54HGri1

1    Honor.  This was just a suggestion in case it's clarity that

2    they want, but if they want clarification ——

3              THE COURT:  I understand that.

4              MR. ZAKARIN:  —— they'll tell us.

5              THE COURT:  But this is —— and I take it he agrees.

6    Do you agree with the answer?

7              MR. FRANK:  That, no, they don't have to answer the

8    first question?

9              MR. ZAKARIN:  No, they have to.

10              THE COURT:  The question is, are we required to

11    answer?  The answer is yes, you are required to answer.  And I

12    think I might add to it, the parties are entitled to a jury

13    trial.

14              MR. FRANK:  So, yes, they're required to answer that

15    first?

16              THE COURT:  Excuse me?

17              MR. FRANK:  I'm sorry.

18              MS. RICE:  It's not about first.

19              THE COURT:  "Skip" means not answer.

20              MR. FRANK:  OK.  I'm sorry.  Yes, your Honor.

21              THE COURT:  This may be a tough question for them.

22              MR. FRANK:  Yeah.

23              MR. ZAKARIN:  The answer is yes, they have to answer

24    the question.  I think that's right.

25              THE COURT:  I think I'll just say, "You're required to

N54HGri1

1    answer question No. 1," pick up their language.

2         I'm thinking of adding a sentence.  I've got you're

3    required to answer question 1.  That's the fundamental thing.

4    But in view of some of your thoughts, we might add a sentence

5    saying:  "The order in which you decide on your answers in your

6    deliberations is up to you."

7         MS. RICE:  Yes, your Honor.

8         MR. FRANK:  Yes, your Honor.

9         MS. RICE:  Yes, your Honor.

10        THE COURT:  It's not a dance.

11        MS. RICE:  Yeah, yeah.

12        THE COURT:  Because it is a little fuzzy about that,

13   answer this before you go to this.

14        MS. RICE:  Yes, your Honor.

15        THE COURT:  I can't believe they aren't talking about

16   the other questions as we were.

17        MR. ZAKARIN:  I'm sure they are.

18        THE COURT:  "You're required to answer the question

19   No. 1.  The order in which you consider the questions in your

20   deliberations is up to you."

21        MS. RICE:  Yes, your Honor.

22        THE COURT:  Anybody want to inspect it, they're

23   welcome to.

24        MR. ZAKARIN:  I trust you.  You've got neater

25   handwriting than I do.

N54HGri1

1          MS. RICE:  You do.

2          THE COURT:  It's legible.  May be wrong, but it's

3     legible.

4          MR. ZAKARIN:  It's a start.

5          THE COURT:  Thank you.

6          (Recess pending verdict)

7          (At 1:00 p.m., verdict)

8          (Jury present)

9          THE DEPUTY CLERK:  Members of the jury, please state

10    your attendance when I call out your name.

11          Juror 1.

12          JUROR NO. 1:  Here.

13          THE DEPUTY CLERK:  Juror 2?

14          JUROR NO. 2:  Here.

15          THE DEPUTY CLERK:  Juror 3?

16          JUROR NO. 3:  Here.

17          THE DEPUTY CLERK:  Juror 4?

18          JUROR NO. 4:  Here.

19          THE DEPUTY CLERK:  Juror 5?

20          JUROR NO. 5:  Here.

21          THE DEPUTY CLERK:  Juror 6?

22          JUROR NO. 6:  Here.

23          THE DEPUTY CLERK:  Juror 7?

24          JUROR NO. 7:  Here.

25          THE DEPUTY CLERK:  Thank you.

N54HGri1

1          Jury foreperson, can you please stand.  Have you

2   reached a verdict?

3          THE FOREPERSON:  Yes.

4          THE COURT:  Thank you.

5          THE DEPUTY CLERK:  Members of the jury, please listen

6   to your verdict as it stands recorded.

7          Special verdict form:  Did defendant Sheeran establish

8   by a preponderance of the evidence that he independently

9   created "Thinking Out Loud" and thus did not infringe the

10   copyright of "Let's Get it On"?

11          Answer:  Yes.

12          THE COURT:  Members of the jury, you have been — this

13   completes your jury service on this notice, and you're free to

14   go home.

15          You have been an attentive and responsible jury, I

16   must say, on time and here and listened.  And on behalf of

17   everybody, everybody connected with the trial, I want to thank

18   you for being attentive and participating by the attention that

19   you gave to what was going on.  It's very hard to articulate,

20   but there's no question that it makes a difference to the

21   experience of the trial if the jury is following it closely and

22   attentively.  It holds the whole thing together, and it makes

23   it a much more enjoyable process for everybody related to it.

24          Now, the case — I think it is the eighth day.  It

25   took time out of your life, time and why?  Well, it was

N54HGri1

1    important to the plaintiff.  They lost, but it was important to

2    have the trial.  It was important to the defendants, and it's

3    important that everybody feels that the result was fair.  It's

4    a lawsuit.  Somebody wins, somebody loses, but the loser knows

5    that the case was considered carefully and decided fairly by

6    persons that they chose to do that, people who are neutral, who

7    have nothing in favor of them or against them, and people who

8    don't even know them and who listen to all the evidence and the

9    arguments in the case and reached a fair decision.

10        The right to a fair hearing is basic to all of our

11    other rights, and you've taken your time giving them, the

12    parties, that fair hearing.  You're entitled to take

13    satisfaction in performing that service.  I hope you found it

14    interesting.  And when your friends ask you how to avoid jury

15    service, tell them that it's a worthwhile thing to do.

16        You get not only our thanks, but I think your checks

17    will be sent to you in the mail.  So — oh, one thing.  You now

18    can discuss anything you want about the trial with anybody you

19    choose.  You're restored to your full rights as citizens.  In

20    doing that, nobody will pursue you or pressure you to talk

21    about it.  If you prefer not to talk about it, just say, "I

22    don't want to talk about it," and they'll honor that.

23        As I say, if you choose to talk to them, you are free

24    to say whatever you want.  In doing that, there's one area that

25    — and it's entirely up to you; nobody controls — but you

N54HGri1

might consider that in the area of what anybody, any one of

you, said in the deliberations is to be regarded as under seal

of confidence.  It has decency in its favor, but it also allows

jurors in other cases to feel that they can speak freely and

change their mind, make arguments, abandon them, whatever, in

the give and take of a negotiation without thinking that

they're going to be quoted publicly afterwards.

          I would recommend that you take that position with

respect to your deliberations, but it's up to you.  We trust

you in that, as in so many other different ways.

          So thank you very much, and you're excused with the

thanks of the court and the public.

          JUROR:  Thank you, Judge.

          (Adjourned)